UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17-CR-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S
MOTION TO APPOINT LEARNED COUNSEL**

COMES NOW the United States of America, by Patrick D. Hansen, Acting United States Attorney for the Central District of Illinois, and Assistant United States Attorney Bryan D. Freres, and hereby files its response to the Defendant's Motion to Appoint Learned Counsel. (R. 23)

1. In the Defendant's Motion to Appoint Learned Counsel (R. 23), the defendant correctly states that, "the government notified the Court of its intention to seek a superseding indictment charging an offense or offenses with death as an authorized sentence.

2. The defendant incorrectly states, however, that, "the government informed the Court it would seek authorization from the Attorney General of the United States to seek the death penalty." The defendant's claim reflects a misunderstanding of the capital case review process. Pursuant to Department of Justice policy, the United States Attorney's Office must submit any capital-eligible offense to

the Attorney General for review, regardless of whether it recommends authorization to seek the death penalty. Moreover, any recommendation of the United States Attorney's Office is confidential and may not be disclosed outside of the Department of Justice. The Attorney General will make the decision whether to seek the death penalty. Thus, the United States Attorney's Office has not, and will not, disclose any internal recommendation on this matter.

3. With that important factual correction, the United States does not object to the appointment of learned counsel with experience in defending capital cases while the Attorney General deliberates whether to seek the death penalty. The appointment, however, should be with the understanding that it will terminate if the Attorney General does not direct or authorize the United States to seek the death penalty. There is little need for additional taxpayer resources to be spent on an outside attorney in any case where the death penalty is not authorized, as the defendant has multiple able court-appointed attorneys already.

Respectfully submitted,

PATRICK D. HANSEN
ACTING UNITED STATES ATTORNEY

/s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
U.S. Attorney's Office
201 S. Vine Street, Suite 226
Urbana, IL 61802
Telephone: 217/373-5875
bryan.freres@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                      */s/ Bryan D. Freres*
                                      Bryan D. Freres
                                      Assistant United States Attorney
                                      U.S. Attorney's Office
                                      201 S. Vine Street, Suite 226
                                      Urbana, IL 61802
                                      Telephone: 217/373-5875
                                      bryan.freres@usdoj.gov