UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 17-CR-20037 |
| BRENDT A. CHRISTENSEN, | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S
MOTION TO CONTINUE FINAL PRE-TRIAL AND TRIAL DATES**

NOW COMES the United States of America, by Patrick D. Hansen, Acting United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, pursuant to this Court's order of October 24, 2017, and hereby responds to the defendant's motion to continue the current trial date of February 27, 2018, to October of 2018 if the United States does not seek a sentence of death, and even later if the United States does seek a sentence of death. (R.29)

**POSITION OF THE UNITED STATES**

For the reasons set forth herein, the United States objects to the dates set forth in the defendant's motion to continue and proposed schedule. First, the Court has scheduled the jury trial of this matter to begin on February 27, 2018. Therefore, the United States will be ready to proceed to trial on that date, if the Court denies the defendant's motion to continue. Second, if the United States does not seek a sentence of

death, the defendant has articulated no justifiable reasons to continue the trial date to October of 2018, approximately 15 months after the defendant's original indictment. Third, the defendant has no enforceable legal right to a specific timeline to provide information to the Department of Justice under DOJ's internal policy. Fourth and finally, if the United States does seek a sentence of death in this case, it has no objection to the Court continuing the February 27, 2018, trial date to provide the defendant with a reasonable opportunity to prepare a defense.

## FACTUAL AND PROCEDURAL HISTORY

The superseding indictment alleges that the defendant kidnapped and caused the death of the victim on June 9, 2017. The defendant was arrested and charged by criminal complaint with kidnapping on June 30, 2017; the criminal complaint stated that law enforcement did not believe the victim was still alive. On July 3, 2017, the defendant made an initial appearance before the Court with prior retained counsel; after the hearing, the United States informed counsel the case may implicate the death penalty. Following a July 12 indictment by the grand jury, the Court scheduled the trial of this matter for September 12, 2017.

On August 23, 2017, the defendant filed his first motion to continue the trial date. On August 28, 2017, the United States joined in this motion and informed the Court that it intended to seek a superseding indictment that would implicate the death penalty. Therefore, the Court continued the final pretrial conference to February 12, 2018, and the jury trial to February 27, 2018. In its docket entry, the Court stated, "The Court sets these dates as firm." On September 8, 2017, the Court permitted prior retained counsel

to withdraw and appointed the Federal Public Defender's Office to represent the defendant. At the conclusion of that hearing, the Court stated that the previously set final pretrial conference and trial dates remained as scheduled.

On October 3, 2017, as anticipated by all parties, a federal grand jury returned a superseding indictment that alleged that the kidnapping resulted in the death of the victim. That same date, the prosecutors met in person with defense counsel, and pursuant to its internal capital review process, requested any mitigating information defense counsel could provide. On October 24, 2017, the defendant filed a motion to continue the final pre-trial and trial dates to allow it to conduct a mitigation investigation.

## RELEVANT LAW

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), generally requires that a criminal trial commence within 70 days from the filing date of the indictment. The purpose of the Act is to protect both "the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). This is a purpose that the Seventh Circuit takes seriously. *See United States v. Ramirez*, 788 F.3d 732, 736 (7th Cir. 2015) (vacating conviction, with prejudice to government, for six-month trial delay). Additionally, the Crime Victims' Rights Act, Title 18, United States Code, Section 3771(a)(7), confers on crime victims (which include family members of a deceased victim) "[t]he right to proceedings free from unreasonable delay." Like the Seventh Circuit, this Court has taken the defendant's, the public's, and victims' interest

in a speedy trial seriously. In its general practice, this Court typically limits each party in a criminal case to one continuance.

For these reasons, the Seventh Circuit has cautioned that "a trial date once set must be adhered to unless there are compelling reasons for granting a continuance." *United States v. Farr*, 297 F.3d 651, 655 (7th Cir. 2002) (quoting *United States v. Reynolds*, 189 F.3d 521, 527 (7th Cir.1999)); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983) (trial judge's burden of coordinating a trial date "counsels against continuances except for compelling reasons."); *United States v. Hanhardt*, 155 F. Supp. 2d 861, 867 (N.D. Ill. 2001) ("This basic tenet cannot be overstated. Respect for the judiciary demands that the court sets its schedule pursuant to the salient circumstances, and that that decision not be disturbed absent compelling reasons to do so.").

The decision whether to grant or deny a motion to continue is committed to the broad discretion of the trial court. *See Morris*, 461 U.S. at 11; *United States v. Isaacs*, 593 F.3d 517, 525 (7th Cir. 2010). In exercising that discretion, a trial court should weigh seven non-exhaustive factors: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood a continuance would satisfy the

movant's needs; and (7) the inconvenience and burden to the court and its pending case load.¹ *Id.*; *Farr*, 297 F.3d at 655; *United States v. Avery*, 208 F.3d 597, 602 (7th Cir. 2000).

One factor a trial court should *not* consider in determining whether to grant or deny a continuance is a defendant's desire for additional time to participate in the Department of Justice's internal capital review process set forth in its United States Attorneys' Manual. By its own terms, the USAM "provides only internal Department of Justice guidance. It is not intended to, and does not, an may not be relied upon to create any rights, substantive of procedural, enforceable at law by any party in any matter civil or criminal." USAM § 1-1.100.

Moreover, citing separation of powers concerns, every circuit court to consider the issue has held that a defendant has no enforceable rights under DOJ's internal capital review process.² *See, e.g., United States v. Lopez-Matias*, 522 F.3d 150, 156 (1st Cir. 2008) (reversing district court order striking notice of intent to seek sentence of death based on alleged violation of its own capital review process); *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001) ("We agree with those courts which have concluded that the death penalty protocol is unenforceable by individuals."). *See also United States v.*

---

¹ Nonetheless, a court's congested calendar cannot be the sole basis for continuing a criminal case. *See* Ramirez, 788 F.3d at 736. Error (citing 18 U.S.C. § 3161(h)(7)(C) ("No continuance . . . shall be granted because of general congestion of the court's calendar.")).

² Even though the defendant is not entitled under the law to provide information regarding the executive's exercise of its prosecutorial discretion, DOJ's internal capital review process offers the defendant a reasonable opportunity to present information for DOJ's consideration. USAM § 9-10.080. To be certain, in this matter, the United States has requested and will continue to request such information from the defendant and will consider it upon receipt.

5

*Gillespie,* 974 F.2d 796, 801 (7th Cir. 1992) (DOJ's internal policy did not justify exercise of court's supervisory powers); *Nichols v. Reno*, 124 F.3d 1376, 1376 (10th Cir. 1997) (rejecting the plaintiff's premise that the USAM provided him a protectable interest); *United States v. Myers*, 123 F.3d 350, 355–56 (6th Cir. 1997) (finding that a violation by the government of the USAM no basis for a remedy); *United States v. Busher,* 817 F.2d 1409, 1411–12 (9th Cir. 1987) (citing the USAM waiver and concluding that the plaintiff "therefore is not entitled to rely on it").

Applying these principles, a district court refused to consider the amount of time that the defendant alleged he needed to participate in the DOJ's capital review process:

> The DOJ's decision to pursue a death sentence is . . . within its unreviewable discretion. Ordering the Justice Department to consider [the defendant's] presentation of mitigating evidence on a particular timeline would obliterate that discretion by imposing judicially-mandated procedures for deciding whether to seek death. Court intervention would interfere with prosecutors' "position in our constitutional structure." The Court must therefore stay its hand.

*United States v. Slone*, 969 F. Supp. 2d 830, 837–38 (E.D. Ky. 2013) (citation omitted); *see also United States v. Tsarnaev*, Case No. 13-10200, 2013 WL 5701582, at *2 (D. Mass. Oct. 18, 2013) (unpublished order) (denying defense motion seeking time to present information to DOJ because "well beyond the scope of any inherent authority to manage judicial business").

The district court in *Slone* further held, however, that a trial court had the authority to establish a deadline for the United States to file its notice of intent to seek a sentence of death. *Id.* at 838. In fact, in the instant case, this Court previously set forth in its docket order of August 28, 2017, that if a superseding indictment was filed, the

6

United States should "file [a] motion asking the Court to set a deadline for [the] decision of the Attorney General's Office regarding [the death] penalty."

## DISCUSSION

In full recognition that the death penalty is at issue in this case, the Court granted the defendant's first request for a continuance and continued the original trial date by five months to allow the defendant to prepare for trial. The trial is currently scheduled for February 27, 2018, which is approximately eight months after the defendant's arrest. The United States anticipates being ready to proceed to trial on that date, if the Court does not grant the defendant's motion to continue.

The defendant's motion to continue and proposed schedule is premised on his request that the Court permit him until April 1, 2018, to provide information to DOJ pursuant to its internal capital review process. As discussed, *supra,* the defendant has no enforceable rights based on internal DOJ policies and procedures, and a trial court has no authority based on separation of powers principles to grant the defendant's request for six months to present information to DOJ. Therefore, this request should be denied and not considered in determining whether to grant the defendant's motion to continue.

Instead, the Court should consider the seven non-exhaustive factors set forth by the Seventh Circuit. The difficulty with applying these factors at this time, however, is that their application changes dramatically if the United States seeks a sentence of death; in fact, both parties concede that in such a situation the additional complexities

of a death penalty trial would make it unreasonable to expect the defense to be ready to present a death penalty defense by the February 27, 2018, trial date.

On the other hand, if the United States does not seek a sentence of death, a February 27, 2018, trial date may well be appropriate, and an October 2018 trial date may constitute an unreasonable delay. In fact, every reason to continue the trial that is set forth in the defendant's motion relates to the death penalty. The defendant has articulated no "compelling reasons" to continue the date of the trial if the defendant does not face a potential sentence of death. Therefore, the United States requests that the Court deny the defendant's motion to continue at this time, pending the United States filing its notice as to whether it intends to seek a sentence of death.

The United States suggests a date of February 1, 2018, for the government to file its notice of whether it intends to seek a sentence of death,[3] with the understanding that the Court will continue the February 27, 2018, trial date if the United States seeks a sentence of death so as to provide the defendant with a reasonable opportunity to prepare his death penalty defense. The United States proposes this date because it expects such a date will give the defendant sufficient time to bring any information it would like to the attention of the United States Attorney's Office and the Attorney General prior to the notice being filed. If the Court is not inclined to continue the trial

---

[3] The United States is aware the Court previously requested the government to file a motion asking the Court to set a deadline for it to file its notice of intent to seek a sentence of death. The United States is including its proposed date in this response. If the Court would like the United States also to file a motion separate and apart from this response, however, it will gladly do so.

date even if the government seeks a sentence of death, the United States would suggest the Court set an earlier date for the government to file its notice to seek a sentence of death so as to provide the defendant with notice a reasonable time before trial. *See* 18 U.S.C. § 3593(a) (government's notice that it is seeking a sentence of death shall be filed "a reasonable time before trial"); *cf. United States v. Ferebe*, 332 F.3d 722, 737 (4th Cir. 2003) (addressing whether notice that the government is seeking a sentence of death should be dismissed if it is not filed a reasonable time before the trial date).

WHEREFORE the United States of America respectfully requests that, at this time, the Court deny the defendant' motion to continue the pre-trial and trial dates and permit the United States until February 1, 2018, to file notice of whether the government will seek a sentence of death.

    Respectfully submitted,

    PATRICK D. HANSEN
    ACTING UNITED STATES ATTORNEY

    s/Eugene L. Miller
    Eugene L. Miller, Bar No. IL 6209521
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone:  217/373-5875
    Fax:  217/373-5891
    eugene.miller@usdoj.gov

    s/Bryan D. Freres
    Bryan D. Freres, Bar No. IL 6294791
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone:  217/373-5875
    Fax:  217/373-5891
    bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2017, I electronically filed the foregoing Response to the Defendant's Motion to Continue Final Pre-Trial and Trial Dates with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                          s/ Eugene L. Miller
                                          Eugene L. Miller, Bar No. IL 6209521
                                          Assistant United States Attorney
                                          201 S. Vine St., Suite 226
                                          Urbana, IL 61802
                                          Phone:  217/373-5875
                                          Fax:  217-373-5891
                                          eugene.miller@usdoj.gov