UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>       )<br>           Plaintiff,   )<br>      )<br>  v.     )<br>      )<br>BRENDT A. CHRISTENSEN,    )<br>      )<br>           Defendant.    ) | Case No. 17-CR-20037 |

### ORDER

Defendant, Brendt A. Christensen, filed a Motion to Continue Pre-Trial and Trial Dates (#29) on October 24, 2017. The Government filed its Response (#30) on November 2, 2017, to which Defendant filed a Reply (#33) on November 7, 2017. For the following reasons, Defendant's motion (#29) is DENIED.

PROCEDURAL HISTORY

On June 30, 2017, a criminal complaint was filed against Defendant alleging that he committed the kidnapping of Yingying Zhang. Defendant was detained. On July 3, 2017, private counsel entered their appearance on Defendant's behalf. On July 5, 2017, following a hearing, Defendant was ordered detained pending trial. On July 12, 2017, Defendant was indicted on one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). Defendant entered a plea of not guilty and a jury trial was set for September 12, 2017.

On August 28, 2017, a pretrial conference was held. Defendant previously filed a Motion to Continue (#18) the trial date, which the Government joined. During the hearing, the court granted the motion, vacating the final pretrial and jury trial dates. The court set a new final pretrial date of February 12, 2018, and a set a firm jury trial date of February 27, 2018.

On September 8, 2017, twelve days after the previous hearing, the court granted private counsel's Motion to Withdraw (#20) as attorney and appointed the Federal Defender's Office to represent Defendant. The court ordered that, adhering to a previously entered protective order, the Government would provide the Federal Defender's Office discovery by the end of the next week. The court also noted that private counsel was authorized to turn over to the Federal Defender everything in their possession.

Due to the possibility of this matter becoming a death penalty case, Defendant moved for the appointment of death penalty certified Learned Counsel. On September 14, 2017, this court appointed Robert L. Tucker as Learned Counsel in this case. On October 3, 2017, a superseding indictment was filed alleging Defendant committed a kidnapping that resulted in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of providing false statements in violation of 18 U.S.C. § 1001(a)(2). Defendant was arraigned on the superseding indictment on October 11, 2017.

Defendant has filed this motion seeking to have the February trial date vacated and moved to October 2018. Defendant also asks the court to order the Government to provide Defendant with all discovery required by Rule 16 of the Federal Rules of Criminal Procedure no later than January 1, 2018. Defendant also asks the court to require the Government to file any Notice of Intent (NOI) to seek the death penalty no later than July 1, 2018.

Defendant makes multiple arguments in support of his motion for a continuance: the ends of justice require a substantial continuance; in order to provide Defendant with effective assistance of counsel, counsel must have sufficient time to investigate and prepare; the Government has delayed production of Rule 16 discovery; defense counsel must treat the case as capital at this point, because professional standards require that "once a client is detained under circumstances in which the death penalty is legally possible, counsel should proceed as if it will be sought ... [and] must continue to treat the case as capital until the imposition of the death penalty is no longer a legal possibility." Defendant argues that these considerations, when analyzed under the Seventh Circuit's seven non-exhaustive factors for determining whether to grant a continuance motions, require the granting of his motion to continue.

ANALYSIS

The Seventh Circuit has provided guidance in considering whether to grant a motion to continue a criminal trial:

> District courts should consider the following non-exhaustive list of factors when ruling on a motion to continue:
>
> 1) the amount of time available for preparation; 2) the likelihood of prejudice from denial of the continuance; 3) the defendant's role in shortening the effective preparation time; 4) the degree of complexity of the case; 5) the availability of discovery from the prosecution; 6) the likelihood a continuance would have satisfied the movant's needs; and 7) the inconvenience and burden to the district court and its pending case load.

*United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003).

> The district court is best able to judge the relative weight of these factors, and we will not reverse the denial of a continuance absent an abuse of discretion and a showing of actual prejudice to the defendant. *Id.; United States v. Farr*, 297 F.3d 651, 655 (7th Cir. 2002). As for defendant's Sixth Amendment challenge, "[o]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964)).

*United States v. Vincent*, 416 F.3d 593, 598-99 (7th Cir. 2005).

Considering the *Miller* factors and the current posture of the case, the court finds that granting a continuance of the extreme length requested by Defendant (a trial date over a year after the Federal Defender's Office was appointed) is unwarranted. In fact, such a continuance would be an abuse of discretion.

Current defense counsel was appointed on September 8, 2017, and Learned Counsel, in anticipation by all parties of a superseding indictment, was added six days later on September 14, 2017. On October 3, 2017, Defendant was charged by superseding indictment with kidnapping that resulted in the death of the victim. Importantly, this case is *not* a death penalty case in its current posture. The authorization to seek the death penalty has not been received by the prosecution from the Department of Justice. This authorization may never be received. The court emphasizes this point for several reasons.

In the Government's Response and Defendant's Reply, both sides offer extensive argument about the procedures and obligations in a prosecution involving the death penalty. These arguments are not persuasive at this time. The court is aware that there are suggested courses of action in a potential death penalty case (such as this case) which the parties should, perhaps, endeavor to undertake. The court, however, finds that the five and a half months (172 days) between the appointment of counsel on September 8, 2017, and the February 27, 2018, trial date is sufficient time for Defendant to prepare for trial, even subscribing to the suggested courses of action in a potential death penalty case cited in Defendant's Reply.

There is nothing to suggest, and the court finds, that Defendant took any action which shortened the time for his preparation for trial. However, the court additionally finds Defendant will not be prejudiced from the denial of his motion to continue as the case currently stands. Almost half a year to prepare for trial (if counting merely from

the appointment of his current counsel and not from his initial indictment several months earlier) is a sufficient amount of time for trial preparation, even in a case where a sentence upon conviction would be life imprisonment. Indeed, while one portion of Defendant's argument appears to suggest that a trial with a potential life sentence upon conviction is unusual in this court, that is not the case. A brief review of sentences by this court in the last twenty-four months shows four defendants[1] receiving sentences of life imprisonment after jury trials.[2]

Furthermore, whether the potential penalty is life imprisonment or six months in jail, the burden upon the Government of proof beyond a reasonable doubt on all of the elements of the offense, and the obligation for zealous advocacy on behalf of Defendant by his counsel, remain the same. The preparation and advocacy provided to Defendant should be equally vigorous regardless of the potential penalty. Counsel in this case, on both sides, are highly competent and experienced professionals, with extensive trial experience in cases that went to trial in shorter time frames than the time frame at issue here. Therefore, the court is confident that five and a half months is a sufficient time for trial preparation and does not prejudice Defendant in any manner.

---

[1] *United States v. Gmoser*, 14-20048; *United States v. Shannon*, 15-20014; *United States v. Snyder*, 15-20045; *United States v Lopez*, 16-20004.

[2] In *United States v. Shannon*, 15-20014, the approximately forty-five year old Defendant was sentenced to sixty years in prison. The court considers this effectively a life sentence because Shannon would be roughly 96 years old when first eligible for release.

The court considers the next *Miller* factor, the complexity of the case, based upon the pleadings and the descriptions of the evidence within those pleadings. While some forensic evidence may be involved, the introduction of various types of forensic evidence is not unusual, and could even be said to be common, in trials involving physical evidence nowadays. Additionally, this is not a case involving extensive, highly technical computer forensics, nor is this a fraud-related case involving thousands upon thousands of pages of documentary evidence. In either of those circumstances, as examples, the court would be inclined to find that this case was so complex that more time was needed by the defense to prepare, or perhaps even to assimilate the prosecution's evidence. Here, the questions are straightforward: did Defendant commit a kidnapping of Yingying Zhang that resulted in her death and did Defendant provide false statements during the investigation. Based upon the issues and descriptions of the evidence involved in this case, the court finds that this is not a complex case requiring more than the five and a half months for Defendant to prepare.

The court does, however, have concerns as to the availability of discovery from the prosecution. While it appears to the court that most of the discovery under Federal Rule of Criminal Procedure 16 was provided to Defendant, the court notes that forensic analysis from evidence seized in June and July 2017 is yet to be provided to Defendant.[3] In order for Defendant to have a meaningful opportunity to understand this evidence

---

[3] Presumably, written summaries of expert testimony the Government intends to use under Federal Rule of Evidence 702, 703, or 705 was also not provided pursuant to Fed.R.Crim.P. 16(a)(1)(G).

and perhaps engage his own experts, the court orders the Government to provide all forensic evidence analysis as well as written summaries of expert testimony pursuant to Fed.R.Crim.P. 16(a)(1)(G) to Defendant no later than December 15, 2017.[4]

Considering the next two *Miller* factors, the court finds that a continuance of more than a year would assuredly have satisfied Defendant's needs. However, a continuance of the trial date of this case with its current posture, particularly after granting a previous continuance of the trial date from September 2017 to February 2018, would be a significant inconvenience to the court. The court has already indulged both parties with an unusually long continuance which disrupted other cases set for trial.[5] Based upon the court's current volume of cases, a continuance of the length requested by Defendant would also place an unnecessary burden upon the court and its effort to provide many other parties with their "day in court", both criminal and civil.

Moreover, in addition to the *Miller* factors, the court must also consider the spirit and purpose of the Speedy Trial Act, 18 U.S.C. § 3161, when ruling on a motion to continue a criminal trial. One of the purposes of the Speedy Trial Act is to recognize, protect, and ensure the public's interest in the resolution of any criminal case.[6]  Here,

---

[4] The court finds it reasonable to presume that five months after evidence was seized and submitted for forensic analysis, such analysis will be completed and appropriate reports available.

[5] The court gives criminal trials with in-custody defendants, such as the instant case, priority when scheduling or moving trial dates.

[6] "It should be noted that, while the purpose of the Speedy Trial Act is to protect the defendant from excessive pre-trial delay and incarceration by the government, it is

Defendant was arrested in late June 2017 and indicted in July, 2017. A trial in February 2018, roughly seven and a half months after Defendant was arrested and originally indicted will recognize the public's interest in a resolution of this case while also protecting Defendant's rights.

In addition to the above deadlines, any pre-trial motions shall be filed by January 15, 2018. Any responses to those motions shall be filed by January 29, 2018. (If any motion requires a hearing, such hearing will be held on February 5, 2018). All final pre-trial documents shall be filed by February 9, 2018.

Both parties should be aware that underlying the court's ruling on Defendant's motion to continue is the premise that the prosecution is not seeking the death penalty. Should the Government receive authorization and elect to pursue the death penalty, the court would welcome a renewed motion to continue the trial from Defendant (or the Government) in order for appropriate dates to be established under those circumstances. The Government is therefore ordered to provide any notice of intent to seek a sentence of death no later than February 1, 2018.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Continue (#29) is DENIED.

(2) The Government shall provide all analysis of forensic evidence pursuant to Fed. R. Crim. P. 16 and written summaries of expert testimony pursuant to written it

---

also to protect the public's interest in the speedy resolution of justice." *United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005).

intends to use under Federal Rule of Evidence 702, 703, or 705 to Defendant no later than December 15, 2017.

(3) Any pre-trial motions shall be filed no later than January 15, 2018. Any responses to those motions shall be filed no later than January 29, 2018.

(4) The Government shall provide any notice of intent to seek a sentence of death no later than February 1, 2018.

(5) All final pre-trial documents shall be filed no later than February 9, 2018.

(6) This case remains set for final pretrial on February 12, 2018, and jury trial on February 27, 2018.

ENTERED this 15th day November, 2017.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE