UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 17-CR-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) | |
| Defendant. | ) | |

MOTION TO BAR INTRODUCTION OF EXPERT TESTIMONY PURSUANT
TO FED.R.CRIM.P. 16(d)(2)(C)

Defendant Brendt A. Christensen, by and through his attorneys, hereby moves to bar the introduction of any expert testimony by the government at trial pursuant to Fed.R.Crim.P. 16(d)(2)(C). In support of this motion Mr. Christensen states as follows:

**Procedural History**

1. On June 30, 2017, a Criminal Complaint was filed against the Defendant in the Central District of Illinois alleging that he committed the kidnapping of Yingying Zhang. (R. 1) He was subsequently detained pending further proceedings. (R. 11)

2. The initial Indictment was returned on July 12, 2017, charging the Defendant with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13) A plea of not guilty was entered, and the case was set for trial on September 12, 2017. (R. 16)

3. On August 23, 2017, then-defense counsel filed a Motion to Continue Trial

1

based on incomplete discovery and the Government's representation that a superseding indictment would be sought. A continuance was granted, and the trial was continued to February 27, 2018. (Docket Entry 8/28/2017)

4.	On September 1, 2017, then-defense counsel filed a Motion to Withdraw, citing a lack of funds and an inability to pay for a potential capital defense. (R. 18) At a hearing on September 8, 2017, the Court allowed the Motion to Withdraw, and appointed the Federal Defender's Office for the Central District of Illinois as counsel. (Docket Entry 9/8/2017) Robert Tucker was subsequently appointed as learned counsel on September 14, 2017. (Docket Entry 9/14/2017)

5.	The anticipated Superseding Indictment was returned on October 3, 2017, charging Defendant with one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1), and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). (R. 26) On this date, for the first time, Mr. Christensen faced charges which carry a potential sentence of death.

6.	Based on the possibility of capital punishment and the need to adequately prepare for trial, counsel filed a Motion to Continue the trial date of February 27, 2018. (R. 29) That Motion was denied by this Court on November 15, 2017. (R. 34) In the Court's Order, it was noted that this case was not yet a death penalty case in its current posture, and that five and a half months was a sufficient amount of time for trial preparation even in cases involving the possibility of life imprisonment. (R. 34, pp. 5-6) Importantly, the Court noted that it had "concerns" as to the availability of discovery

from the government. Although the forensic evidence was collected in June and July of 2017, by November the defense still had no access to those results. (R. 34, pg. 7) The Court then ordered the government "to provide all forensic evidence analysis as well as written summaries of expert testimony pursuant to Fed.R.Crim.P. 16(a)(1)(G) no later than December 15, 2017." (R. 34, pg. 8)

## Standard of Law

7.  Federal Rule of Criminal Procedure 16(a)(1)(G) provides that "[A]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial…The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Mr. Christensen requested FRE 702 disclosures via letter on September 8, 2017, thereby triggering the government's disclosure obligations. Specifically, counsel requested the disclosure of a "written summary of testimony the government intends to use under Rules 702, 703, or 705, Fed.R.Evid., during its case in chief at trial, including a description of the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications."

8.  If a party fails to comply with Rule 16, the court may prohibit that party from introducing the undisclosed evidence at trial. Fed.R.Crim.P. 16(d)(2)(C). There are also other remedies, such as ordering disclosure at a later time or granting the aggrieved party a continuance. Fed.R.Crim.P. 16(d)(2)(A) and (B). A district court's

3

decision to grant or deny a Rule 16(d)(2) motion is a matter of discretion. *United States v. Jackson,* 51 F.3d 646, 652 (7th Cir. 1995); *United States v. Mackin,* 793 F.3d 703, 709 (7th Cir. 2015). A district court's ruling on a motion for Rule 16 sanctions will not be disturbed absent a showing of prejudice. *United States v. De La Rosa,* 196 F.3d 712, 715-16 (7th Cir. 1999) It is firmly established that a defendant is prejudiced under Rule 16 when he is "unduly surprised and lacks an adequate opportunity to prepare a defense." *Mackin,* 793 F.3d at 709, citing *De La Rosa,* 196 F.3d at 716.

## Argument

9. Prior to this Court's deadline of December 15, 2017, the government produced no summaries that satisfy the requirements of Rule 16(a)(1)(G) and produced only one set of test results that satisfies the requirements of Rule 16(a)(1)(F), which originated from the FBI Laboratory in Quantico, Virginia. The expert witness who would testify to those results is forensic examiner Amanda Bakker, whose curriculum vita was disclosed without the testimonial summary required by Rule 16(a)(1)(G). In a letter to counsel dated December 14, 2017, the government indicated that it would be calling at least ten additional "experts" at trial to discuss topics ranging from fingerprint analysis, audio/visual analysis, electronic forensics, Chinese culture, canine cadaver searches, and cellular telephone data analysis. Although several curriculum vitae have been produced, not a single summary has been provided which describes these alleged expert's opinions.

10. The purpose of this Court's Order of November 15, 2017, and the deadline

4

of December 15, 2017, for the production of all Rule 16(a)(1)(G) summaries and analyses was to allow the defense to "have a meaningful opportunity to understand this evidence and perhaps engage his own experts…" (R. 34, pp. 7-8) The government strenuously objected to Mr. Christensen's Motion to Continue and married itself to the February 27, 2018, trial date, voluntarily and with the apparent intent to prejudice the defense's ability to prepare. This Court accepted the government's position on the condition that Mr. Christensen be given a sufficient opportunity to prepare for trial.

11.     As this Court recognized in its Order setting the December 15th deadline, it takes time and effort for the defense to secure experts to examine and review the work of properly disclosed government experts and determine whether or not there are appropriate challenges to be made; hence the imposition of the strict deadline. Based on this Court's Order, all pretrial motions are due by January 15, 2018, yet the defense has been prevented from pursuing or even evaluating the possibility of a *Daubert* challenge based on the government's noncompliance.

12.     The Court's order of November 15, was clear on its face. Nothing in that Order suggested that the government could comply with its provisions by simply announcing to the defense that it would be calling ten additional experts without providing the Rule 16 material directed by the Court. And nothing in Rule 16 suggests that the requirements of subsections (a)(1)(F) and (a)(1)(G) are satisfied by simply stating the number of experts the government intends to call and generically identifying their alleged subject of expertise or by providing such material on a schedule of the

5

government's own choosing. Inasmuch as the government elected not seek leave of Court to extend the December 15 deadline, the unfortunate conclusion is that it has chosen to ignore the Order. While a more charitable approach to this deliberate brushing aside of the Court's order might be appropriate in another case, not so here. The government chose to press for an unrealistic trial date in February, despite knowledge of the complexity of this case, the concerns described in the Defendant's Motion to Continue, *see* R. 29, knowledge that this would likely prejudice the defense's ability to adequately prepare, and the fact that Mr. Christensen faces a penalty of life without parole upon conviction. As it must have been aware, the government's decision to unilaterally repudiate the Court's order puts the defense in an even more untenable position than that described in the Motion to Continue. Given the February 27, 2018, trial date, the failure to abide the Court's Order has irreparably prejudiced the defense, as it is impossible for Mr. Christensen to adequately prepare to respond to any as yet to be disclosed expert opinions. As such, the other potential remedies prescribed by Fed.R.Crim.P. 16(d)(2) are useless. Having chosen to press for an untenable trial date, the government cannot now be heard to complain that their failure to comply with the Court's discovery order will result in harm to their case-in-chief.

13.     The very definition of prejudice under Rule 16(d)(2) occurs when the defendant is unduly surprised and lacks an adequate opportunity to prepare a defense. *Mackin*, 793 F.3d at 709. This Court has recognized that prejudice and attempted to forestall it by ordering a December 15th deadline for the production of these reports.

Any analyses of forensic evidence or written summaries of expert testimony that were not disclosed before that deadline should be inadmissible at this trial.

WHEREFORE, Defendant Brendt A. Christensen respectfully requests that this Court enter an Order pursuant to Fed.R.Crim.P. 16(d)(2)(C) barring the government from introducing testimony or evidence from experts which violated this Court's disclosure deadline of December 15, 2017, and for any other relief the Court deems appropriate.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/ Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
Fax:    217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Public Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org