UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRENDT A. CHRISTENSEN, )<br>)<br>Defendant. ) | Crim. No. 17-20037 |

MOTION TO PERMIT COUNSEL TO ACCESS DOCKET ENTRY # 32

Counsel moves the Court to enter an Order directing the Clerk of the Court to allow the parties to inspect Docket Entry # 32, which was sealed by the Court on November 7, 2017. The docket entry suggests that the sealed document is likely correspondence of some type, as the envelope in which the document presumably arrived at the Court is filed as an attachment.

After receiving the Notice of Electronic Filing on November 7, counsel for Mr. Christensen, Elisabeth Pollock, immediately sought to examine the contents of Docket Entry # 32 and was told access was denied. Recently, Ms. Pollock inquired again at the Clerk's Office and was again told that "Chambers" had instructed that neither party should be permitted access to the contents of Docket Entry # 32.

Counsel for Mr. Christensen respectfully submits that Docket Entry # 32 is a judicial record that counsel is entitled to examine. Only after such examination can a determination be made whether the document is properly sealed or the potential, if any, that the document could have on the Court's deliberations and rulings in this case.

1

Public access to judicial documents is protected by a common law right of access and is "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). The Supreme Court has consistently recognized this right of public access. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (internal citation omitted)(it is "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Smith v. United States District Court for the Southern District of Illinois*, 956 F.2d 647, 649-50 (7th Cir. 1992) ("The federal common law right of access to judicial records and documents is well recognized.").

This "[a]ccess to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *United States v. Hubbard,* 650 F.2d 293, 314-15 (D.C. Cir. 1981), and permits the public to monitor the actions of both the court and the government, especially in matters of public interest. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *Lugasch v. Pyramid Co.*, 435 F.3d at 119; *Smith v. District Court*, 956 F.2d at 650 ((common law right of access enables "the citizenry to appraise the judicial branch.").

The values protected by the common law right of access to judicial records are similar to those underlying provisions of both the First and Sixth Amendments. *See Met Life, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)("Like the First Amendment, then, the right of inspection serves to produce an 'informed and enlightened public opinion'"), *quoting United States v. Mitchell*, 551 F.2d 1253, 1258 (D.C. Cir. 1976)(internal citation omitted), *rev'd on other grounds sub nom. Nixon v. Warner,* 435

U.S. 589 (1978); *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991)( Absent compelling reasons otherwise, "[t]he First Amendment guarantees the press and the public a general right of access to court proceedings."). "And, like the public trial guarantee of the Sixth Amendment, the common law right of access serves to 'safeguard against any attempt to employ our courts as instruments of persecution,' to promote the search for truth, and to assure 'confidence in ... judicial remedies.' *Metlife, Inc.*, 865 F.3d at 665, *quoting United States v. Mitchell*, supra.

The right of access applies to pretrial proceedings, *Smith v. District Court*, 956 F.2d at 650, and defendants, "like any other member of the public," have a "federal common law right of access to judicial records." *United States v Curry*, 641 Fed.Appx. 607, 609 (7th Cir. 2016).[1] Although, countervailing interests may prevail in limited circumstances, there is a "strong presumption in favor of public access to judicial proceedings." *Hubbard*, 650 F.2d at 317; *Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016); *see also United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989).

> "This presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

*Press-Enterprise Co. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984); *see also Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606–07

---

[1] As noted below, a defendant in a criminal case has an interest in access to documents filed on the record that transcend that of the general public.

(1982)("Where ... the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."); *Lugosch v. Pyramid*, 435 F.3d at 120 ("[d]ocuments may be sealed if specific on-the-record findings are made, demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."), *quoting In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991)("compelling reasons" required to overcome the right of access to judicial documents."); *see also* Local Rules Central District of Illinois, Criminal Rule: 5.10(A)(2)(disapproving as a general matter of filing documents under seal and requiring an explanation of why proposed sealed documents meets legal standards for closure).[2]

Before sealing a document the court should weigh various factors, *see United States v. Hubbard*, 650 F.2d at 317-200 (listing factors to weigh in balance the respective interests),[3] and a seal may be maintained only "if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts,

---

[2] Local Rules 5.10(B) and (C) suggest that the same standards apply to ex parte documents and documents submitted for in camera review.

[3] "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

concludes that justice so requires." *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (internal quotation marks and citations omitted); "Broad and general findings by the trial court, however, are insufficient to justify closure." *Id.*

In addition to the required findings, before sealing a document the Court should provide the parties notice and an opportunity to be heard. *See Washington Post*, 935 F.2d at 289; *Smith*, 956 F.2d at 651 (remanded for hearing on applicability of common law right of access because trial court did not conduct hearing or otherwise consider the arguments of the parties).

The question remains as to whether the content of Docket #32 is a judicial record. While "[n]ot all documents filed with courts are judicial records," *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013), it is presumed that judicial records include "everything in the record" and are "not limited to items in evidence." *Smith*, 956 F.2d at 650. "Whether something is a judicial record depends on 'the role it plays in the adjudicatory process.' *Met Life v. Financial Stability*, 865 F.3d at 666, *quoting United States v. El-Sayegh*, 131 F.3d 158, 16 (D.C. Cir. 1997). But, the mere fact that the court does not cite a record or it does not play a significant part in the adjudicatory process does not mean it is not a judicial record, *id.*, as documents filed as part of the record have the potential to influence later decisions of the court. *Met Life*, at 667-68. "Once filed with the court," documents that may affect disposition of the litigation are "presumptively open to public view." *City of Greenville v. Syngenta Crop Protection,* 764 F.3d 695, 697 (7th Cir. 2014). As a practical matter, however, "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and

5

why)." *Id*. Thus, carried to its logical conclusion, the filing of documents under seal without access to the parties "greatly diminish[es] the common-law right of access." *Id*. 668-669.

In light of the above counsel must be permitted to examine the contents of Docket Entry #32, both to determine whether the document is properly sealed and, more important, the potential impact the document may have on issues previously presented or likely to be presented in the future in this case. Having been filed on the docket, the document is presumptively a judicial record to which the common law of access attaches. To counsel's knowledge there has been no on-the-record finding as to why the document is sealed and the Court did not solicit the interests and views of the parties before sealing the document.  At this point, counsel does not suggest that the document was improperly sealed. See *Corbitt*, 879 F.2d at 228 (common law right of access does not apply to documents properly sealed). Rather, counsel only submits that they are entitled to examine the contents of Docket #32 to determine whether the sealing was proper under the governing standards and how the sealing may or may not affect the interests of Mr. Christensen.

Similarly, counsel is entitled to examine the content of Docket #32 to determine its potential for influencing adjudicatory issues presented to the Court. Regardless of whether the Court references its contents orally or in a written decision, any information brought to the Court's attention has the potential to influence later decisions. Counsel obviously cannot make a determination in this regard without first examining the document.  In the course of denying the press access to a presentence

report, the Seventh Court in *United States v. Corbitt*, 879 F.2d at 235, 237, referenced the successive changes over the years to F.R.Cr.P. 32, culminating in broad access for defendants to such reports "based on compelling considerations of fairness to the person most directly affected [the defendant]." Similarly, while the public may or may not have a common law right of access to the contents of Docket #32, depending upon whether it is properly sealed, the defendant does have a right of access to examine the docket both to render whatever input is appropriate from his perspective on this issue and to access the potential impact of the document on issues that have arisen or may arise in this case.

For the above reasons, counsel moves the Court to enter an Order directing the Clerk to permit counsel to examine the contents of document referenced in Docket Entry #32.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/ Elisabeth R. Pollock  /s/ George Taseff
  Assistant Federal Defender  Assistant Federal Defender
  300 West Main Street  401 Main Street, Suite 1500
  Urbana, IL 61801  Peoria, IL 61602
  Phone: 217-373-0666  Phone: 309-671-7891
  FAX:   217-373-0667  Fax:   309-671-7898
  Email: Elisabeth_Pollock@fd.org  Email: George_Taseff@fd.org

  /s/ Robert Tucker
  Robert L. Tucker, Esq.
  7114 Washington Ave
  St. Louis, MO 63130
  Phone: 703-527-1622
  Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org