UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

MOTION FOR A BILL OF PARTICULARS

Count One of the Superseding Indictment charges that the defendant, Brent Christensen, used a Motorola cellular phone to commit the substantive offense of kidnapping. No other detail is given. Through undersigned counsel, Mr. Christensen moves the Court for an Order directing the Government to file a bill of particulars, identifying the time, date and method of usage (phone call, text message, instant messaging, internet) of defendant's Motorola phone that is referenced in Count One.

The government confiscated multiple electronic devices pursuant to search warrants in this case, including three cell phones belonging to Brendt Christensen. All of the electronic data, which includes cell phone extractions and mirror images of computer hard drives, adds up to approximately 3 terabytes. Each cell phone extraction was performed using the Cellebrite mobile forensics system. As counsel understands the process, the physical extraction of the data involves a bit-by-bit copy of the entire flash memory of each mobile device. This extraction method not only enables the acquisition of intact data, but also data that is hidden or has been deleted. When

1

viewing a full extraction report, the viewer can see a timeline of the phone's entire existence from activation to extraction, including call logs, contacts, SMS messages, MMS messages, chats, emails, photographs, and more. Each of the phones contain a significant amount of data.

As set out in defendant's *Motion to Dismiss Count One*, at pp. 9-10, filed this date, defendant is unaware of any evidence that Mr. Christensen used this phone in commission of the substantive offense charged in Count One. Counsel has seen no evidence in discovery suggesting that Mr. Christensen had any contact with the victim, Yingying Zhang, at any time either by phone or internet, that he used the Motorola phone to make any ransom, reward or other demand for financial benefit or that he conferred with any confederate by means of the phone.

F.R.Cr.P. 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Prior to 1966, a showing of cause was required but this requirement was eliminated "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." *Id.* Advisory Committee Notes, 1966 Amendments. A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), *quoting United States v Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

All these purposes will be served here. The government has alleged that Mr. Christensen used his cellphone to commit the charged offense in the vaguest and most non-specific manner possible. There is no specification when or how Mr. Christiansen used this cellphone to commit this offense. This complete absence of specification deprives Mr. Christensen of a meaningful opportunity to prepare a defense at trial or for this Court to rule on his *Motion to Dismiss Count One*. There is simply no way for counsel to know which of presumptively hundreds, if not thousands, of data points that are embedded in the phone, including phone, text messages, chats, e-mails or other possible usage of the phone that Count One is referencing.

Courts have reversed convictions for the failure to order a bill of particulars where the government has couched its charges in such generalities. In *United States v. Bortnovsky*, 820 F.2d 527 (2d Cir. 1987), the government alleged that the defendant filed false insurance claims for burglaries and fires which had not occurred but the indictment did not specify the dates of the staged burglaries or identify which of the numerous document were falsified. After the trial court denied the defendant's request for a bill of particulars, the Second Circuit reversed, holding that the defendants had been "hindered in preparing their defense" by the trial court's failure to require the government to disclose this information. The appellate court noted that "[i]n effect, the burden of proof impermissibly was shifted to the defendants to show which allegations were false. *See also United States v. Cefalu*, 234 F.2d 522, 524 (10th Cir. 1956) (noting the indictment must "sufficiently apprise[] [the defendant] of the nature of the specific charge to enable him adequately to prepare his defense," the court reverses defendant's

conviction for failing to order a bill of particulars where the indictment charged jury tampering but failed to specify which of the approximately 100 jurors were tampered with); *United States v. Davidoff,* 845 F.2d 1151 (2d Cir. 1988) (reversing RICO conviction because of failure to provide bill of particulars).

Here, the indictment alleges Mr. Christensen used his cellphone to commit the offense but there is no way for the defense to adequately prepare a defense to this allegation without specification of precisely when and how he allegedly used his phone to commit the charged offense. To cure this defect and allow the defense to adequately prepare, Mr. Christensen requests that the Court order the government to file a bill of particulars, identifying the particular uses of the Motorola telephone that form the basis of the allegation in Count One.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/Elisabeth R. Pollock  /s/ George Taseff
Assistant Federal Public Defender   Assistant Federal Public Defender
300 West Main Street    401 Main Street, Suite 1500
Urbana, IL 61801    Peoria, IL 61602
Phone: 217-373-0666   Phone: 309-671-7891
FAX:  217-373-0667    Fax:   309-671-7898
Email: Elisabeth_Pollock@fd.org   Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

>/s/Elisabeth R. Pollock
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, IL 61801
>Phone: 217-373-0666
>FAX:   217-373-0667
>Email: Elisabeth_Pollock@fd.org