UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRENDT A. CHRISTENSEN, )<br>)<br>Defendant. ) | Crim. No. 17-20037 |

## MOTION FOR ORDER REQUIRING THE GOVERNMENT TO COMPLY WITH RULE 12(b)(4)(B), FED.R.CRIM.P.

Defendant BRENDT A. CHRISTENSEN, by and through his attorneys, moves this Court, pursuant to the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution, and Rules 12(b)(4)(B) and 16, Fed.R.Crim.P., for an order requiring the Government to disclose to the defense notice of any and all evidence or information, including all information subject to disclosure under Rule 16 in the possession, custody, or control of the government, or the existence of which is known, or by the exercise of due diligence could become known to the government, which evidence or information the government presently or at any time contemplates or considers using in its case-in-chief at guilt or penalty trial, and which evidence may be the subject of a motion to suppress evidence pursuant to Rule 12(b)(3)(C), Fed.R.Crim.P.

Such notice should include, but not be limited to:

(a)     Evidence that was obtained through any warrantless search or seizure, or that relates to or was derived from any such search or seizure regarding the defendant or any cooperating witness;

(b)     Evidence that was obtained through the execution of any warrant, or that relates to or was derived from any such warrant regarding the defendant or any cooperating witness;

(c)     Evidence that was obtained through any electronic, visual, or mechanical surveillance, or that relates to or was derived from any such surveillance regarding the defendant or any cooperating witness, including but not limited to, any type of interception of any phone communication, conversation with another person, or physical activity;

(d)     Evidence that was obtained through any use of a beeper, GPS, cell site location, or other tracking device, or that relates or was derived from any such beeper or other tracking device regarding the defendant or any cooperating witness;

(e)     Evidence that was obtained through any use of a mail cover, or that relates to or was derived from any such mail cover regarding the defendant or any cooperating witness;

(f)     Any evidence relating to any identification procedure regarding the defendant or any cooperating witness including but not limited to the exhibition or display of the defendant's or any or any cooperating witness' photograph, likeness, image, or voice recording to anyone regarding defendant or any cooperating witness; any lineup that included the defendant or any cooperating witness; and any production of a composite regarding defendant or any cooperating witness;

(g)     Any written, recorded, or oral statements of the defendant or any cooperating witness, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant or any cooperating witness.

As grounds therefore, Defendant states as follows:

1.      On October 3, 2017, a grand jury sitting in the Central District of Illinois returned a superseding indictment charging the Defendant with one count of kidnapping resulting in death in violation of Title 18 U.S.C. §1201(a)(1), and two counts of making false statements in violation of Title 18 U.S.C. §1001(a)(2). (R., #26).  If convicted of the offense alleged in Count 1, the Defendant could face a potential sentence of the death penalty.  Trial is scheduled to commence on February 27, 2018, with a final pretrial conference and hearing on all pending pretrial motions scheduled for February 12, 2018, at 10:30 a.m.  As of this date, the defense has received well over 5000 pages of discovery materials and dozens of compact discs containing audio and video recordings.

2.      Rule 12(b)(4)(B), Fed.R.Crim.P.,  provides that "At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."

3.      " The rule provides a mechanism to insure that the defendant knows of the government's intention to use evidence to which the defendant may want to object." *United States v. Lujan*, 530 F.Supp.2d 1224, 1244 (D.N.M. 2008).  As stated in advisory committee notes to the 1974 amendment to Rule 12, "[a]lthough the defendant is already entitled to discovery of such evidence prior to trial under Rule 16, Rule 12

makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use." Although few circuit courts of appeal have addressed the notice requirements of Rule 12(b)(4)(B), at least one circuit court, and a host of district courts, have held that the government's "open file" policy relating to pretrial discovery is not sufficient to comply with the Rule's notice requirement. *United States v. de la Cruz–Paulino*, 61 F.3d 986, 993 (1st Cir.1995).

4. In *Cruz–Paulino*, the government designated that it intended to introduce certain evidence in its case-in-chief at trial, and stated that any other evidence it intended to introduce would be noticed before trial. *Id*. at 992. The government, however, failed to notify the defendants that it intended to introduce two specific pieces of evidence. In holding that the government violated then Rule 12(d)(2), the First Circuit reasoned:

> To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy Rule 12(d)(2) because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial. *Id*., at 993 (internal quotations and citations omitted).

5. Numerous district courts have followed the reasoning of the First Circuit in *Cruz-Paulino* and have ordered the government to give the defense pretrial notice of its intent to introduce all evidence in its case-in-chief at trial that arguably may be

subject to a motion to suppress under Rule 12(b)(3)(C). *See United States v. Cheatham*, 500 F.Supp.2d 528, 534–35 (W.D.Pa.2007) ("[W]hen the Government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B) 'because it does not specify which evidence the government intends to use at trial.' ") (quoting *Cruz–Paulino*, 61 F.3d at 993); *United States v. Anderson*, 416 F.Supp.2d 110, 112 n. 1 (D.D.C.2006) (rejecting government's argument that it satisfied Rule 12(b)(4)(B) by providing open-file discovery and giving notice that it intended to use all of materials provided to defendant pursuant to that policy, and stating that the notice must consist of "the evidence that will appear on the government's exhibit list for trial."); *United States v. De Rong Shang*, 2012 WL 194418 * 6 (D.Nev.2012)("With regard to the intent-to-use evidence, the government is ordered to provide the defendant with notice of any evidence it intends to use in its 'evidence-in-chief'...."); *United States v. Anh The Duong*, 2010 WL 532513 (N.D.Cal.,2010)(in a federal death penalty case, granting discovery of the actual evidence that the government intended to use in its case-in-chief).

6.      The notice requested in this motion has not been provided by the Government.  Defendant urges this Court to follow the First Circuit's reasoning in *Cruz–Paulino*, and the district court cases which have adhered to it, because those cases are consistent with, and are mandated by, the plain language of the rule, i.e., ("...notice of the government's intent to use (in its evidence-in-chief at trial) any evidence...).

WHEREFORE, Defendant requests that the Court order the Government to disclose to the defense notice of the evidence it intends to use in its case-in-chief at guilt and penalty trial as specified herein.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

| | | |
|---|---|---|
| By: | /s/Elisabeth R. Pollock | /s/ George Taseff |
| | Assistant Federal Public Defender | Assistant Federal Public Defender |
| | 300 West Main Street | 401 Main Street, Suite 1500 |
| | Urbana, IL 61801 | Peoria, IL 61602 |
| | Phone: 217-373-0666 | Phone: 309-671-7891 |
| | FAX: 217-373-0667 | Fax: 309-671-7898 |
| | Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org