UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

MOTION FOR DISCOVERY OF INFORMATION CONCERNING THE GRAND AND PETIT JURY VENIRE

Pursuant to 18 U.S.C. § 1867(f), the Jury Selection Plan for the Central District of Illinois and the Sixth and Fourteenth Amendments to the U.S. Constitution, undersigned counsel for the defendant, Brendt A. Christensen, moves the Court for an Order permitting access to jury selection records and materials.

The Jury Selection and Service Act ("JSSA") was enacted to grant litigants the "right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." *See* 28 U.S.C. § 1861 *et seq*. The Act provides that a defendant may move to dismiss an indictment and to stay any further proceedings against him if there has been a "substantial failure to comply" with its provisions in selecting the grand jury or stay the proceedings for a substantial failure to comply with its provisions in the selection of the petit jury. 28 U.S.C §§ 1867(a) and (d) (2015). Among other provisions, the JSSA requires district courts to adopt written plans for the random selection of jurors in order to achieve the Act's objective

that jurors not be excluded from the opportunity to serve on grand and petit jurors because of "race, color, religion, sex, national origin, or economic status," § 1862;[1] details minimum requirements for source lists for selecting putative jurors, § 1863(b)(2); prescribes narrow grounds for exclusion of jurors from service, §§ 1863(b)(5)(A), 1866(c), 1869(j); defines grounds and procedures for disqualification or exemption, § 1865; and establishes minimum standards for the selection and summoning of jury panels. §1866.

Because this is a potential capital case,[2] counsel has a duty to investigate and address the impact of any potential disenfranchisement or violation of the JSSA through careful and exhaustive discovery. *Cf.* American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Revised edition 2003), *reprinted* at 31 Hofstra Law Review 914 (2003), https://www.americanbar.org/content/dam/aba/migrated/2011_build/death_penalty_representation/2003guidelines.authcheckdam.pdf ; Guidelines 10.1, Commentary (Counsel must treat case as capital until it is "no longer a legal possibility"); 10.10.2,

---

[1] *See* Jury Selection Plan, Central District of Illinois, at 11-12 (Effective June 1, 2015).

[2] While the JSSA applies in all criminal and civil cases, the confection and creation of the venire, and the selection of the jury, is an essential component of the fairness required in a death penalty case. As Justice Stevens explained, concurring in *Baze v. Rees*: "Of special concern to me are rules that deprive the defendant of a trial by jurors representing a fair cross section of the community. Litigation involving both challenges for cause and peremptory challenges has persuaded me that the process of obtaining a "death qualified jury" is really a procedure that has the purpose and effect of obtaining a jury that is biased in favor of conviction. The prosecutorial concern that death verdicts would rarely be returned by 12 randomly selected jurors should be viewed as objective evidence supporting the conclusion that the penalty is excessive." *Baze v. Rees,* 553 U.S. 35, 84 (2008) (Stevens, J., concurring).

Commentary (duty to" investigate whether minorities and women are underrepresented on jury lists from which grand and petit jurys are drawn"),

The JSSA, this Court's Plan and the Supreme Court separately recognize that counsel must have access to certain jury records, materials and data to carry out their responsibilities in this regard. Section 1867(f) of the JSSA provides, in relevant part:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion [challenging compliance with selection procedures] under . . . this section . . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion . . .

28 U.S.C. § 1867(f) (2015) (Emphasis added).

This Court's Plan also provides that certain records are to be maintained by the Clerk and disclosed upon an "order of the court finding that disclosure is necessary in preparation of a motion challenging the selection of a jury." Jury Selection Plan, Central District of Illinois, at 11-12 (Effective June 1, 2015).[3]

Similarly, the Supreme Court has held that a defendant has an unqualified right to review materials reflecting the confection of the grand and petit jury venire. In *Test v. United States,* the Supreme Court observed:

---

[3] The Plan provides for disclosure of the Plan itself, which is published on the Clerk's website, along with the AO-12 Report(s) on Operation of the Jury Selection Plan; Orders regarding refilling of the master jury wheel, petit juries, and grand juries; Written instructions to the State Board of Elections to provide list of registered voters; Affidavit from State Board of Elections that instructions to provide list of registered voters were followed; Voter data files; Qualification questionnaires; and Individual petit jury and grand jury panel information. *Id.*

> In its brief and oral argument before this Court, the United States has agreed that petitioner was erroneously denied access to the lists and urges us to remand the case. We also agree with petitioner. . . . [A] litigant has essentially an unqualified right to inspect jury lists. [The Statute] grants access in order to aid parties in the "preparation" of motions challenging jury selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge. Thus, an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring "grand and petit juries selected at random from a fair cross section of the community."

*Test v. United States*, 420 U.S. 28, 29-30 (1975). *citing* 28 U.S.C. § 1861.

Both § 1867(f) and this Court's Plan premise access to and discovery of relevant jury information to the need to prepare and present a motion alleging a violation of the JSSA. Counsel is in the process of investigating and preparing a Motion to Quash the Grand and Petit Jury Venire based both on the Jury Service and Selection Act and constitutional requirements for selection of these panels. Counsel for Mr. Christensen needs the information requested below to prepare such a motion. *See United States v. Royal,* 100 F.3d 1019, 1025 (1st Cir. 1996)("a litigant need only allege that he is preparing a motion to challenge the jury selection process" in order to gain a right of access to jury selection records.).

Based on the above, counsel request that the Court enter an Order giving counsel the right to inspect and copy the following:

1.  An electronic copy of the "voter registration lists" provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury Wheel from which the grand jurors were drawn and the petit jurors will be drawn, and all

attendant/attached information including but not limited to racial, ethnic, age, voting status provided to the Clerk of Court by the State Board of Elections.

2. An electronic copy of the Master Jury Wheel data including names and addresses, racial, ethnic, gender and age information, and other data in any way associated with the individuals in the jury pool from which the grand jury that issued Mr. Christensen's indictment was selected and the pool from which the petit jurors will be selected.

3. An electronic copy of the Qualified Jury Wheel data including names and addresses, racial, ethnic, gender and age information, and other data associated with the individuals in the jury pool, as well as information on when the name was added to the Qualified Jury Wheel for the pool from which the grand jury that issued Mr. Christensen's indictment was selected.

4. All surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically compiled on Forms AO-12 and formerly JS-12) for the preceding ten years and any other periodic reports of statistical sampling compiled in the proceeding ten years.

5. The completed juror qualification forms of all persons qualified for service as described on pages 8 and 9 of Plan for the selection of grand jurors for the pool from which the grand jury that issued Mr. Christensen's indictment was selected.

6. The completed juror qualification forms of, or an electronic database detailing, all persons disqualified, excused, or exempted from service, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions, and disqualifications)

7. All documents, materials and information concerning the delegation of responsibility for determining whether persons are qualified, exempt or excused from jury service and standards

8. The date that the Master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case was filled, when the Master Jury Wheel and Qualified Jury Wheel is scheduled to be emptied and refilled, and information regarding whether the Master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case will be the same wheels used in selection of the petit jury selection process.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/Elisabeth R. Pollock          /s/ George Taseff
    Assistant Federal Public Defender   Assistant Federal PublicDefender
    300 West Main Street               401 Main Street, Suite 1500
    Urbana, IL 61801                   Peoria, IL 61602
    Phone: 217-373-0666                Phone: 309-671-7891
    FAX:   217-373-0667                Fax:    309-671-7898
    Email: Elisabeth_Pollock@fd.org    Email: George_Taseff@fd.org

    /s/ Robert Tucker
    Robert L. Tucker, Esq.
    7114 Washington Ave
    St. Louis, MO 63130
    Phone: 703-527-1622
    Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org