UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CONFIDENTIAL MARITAL COMMUNICATIONS

I.   **Introduction**

The defendant, Brendt Christensen, through counsel moves the Court for an Order excluding any testimony or other evidence from Michelle Christensen concerning confidential communications between Michelle Christensen and Brendt Christensen during their marriage. Federal Rule of Evidence (FRE) 501 governs the applicability of evidentiary privileges and recites that, unless otherwise provided by the Constitution, federal statute, or rules prescribed by the Supreme Court, claims of privilege are governed by common law, as interpreted by the courts of the United States. The so-called "marital privilege" has "ancient roots" in the common law and is a privilege recognized by Rule 501. *Trammel v. United* States, 445 U.S. 43-44 (1980).

At a time when the common law treated women as chattels and property of their husbands, a wife was categorically disqualified to testify either for or against her husband. *Id.* 52. These outmoded ideas have long been discarded and one spouse is no

1

longer automatically disqualified as a witness. Nonetheless, more limited formulations of the marital privilege survive as an adjunct to society's interest both in protecting the sanctity of existing marriages and encouraging confidentiality between marital partners. In furtherance of these goals, modern courts analyze spousal privilege claims under two separate regimens: (1) the confidential marital communications privilege; and (2) the spousal testimonial privilege. *Id*. The two privileges are distinct, not only in their justifications but also in terms of what they protect and who may invoke them. *United States v. Brock*, 724 F.3d 817, 820 (7th Cir. 2013).

## II.    The Confidential Marital Communications Privilege

The confidential marital communications privilege does not enjoin all testimony of a spouse. Properly invoked and otherwise applicable, it only bars testimony concerning "[i]nformation privately disclosed between [spouses] in the confidence of the marital relationship." *United States v. Brock*, 724 F.3d 817, 820 (2013); *Blau v. United States*, 340 U.S. 332, 333, n. 5 (1951) ("confidential communications between husband and wife" are privileged). In this regard, *all* communications between spouses are *presumed* to be confidential and privileged. *Wolfle v. United States*, 291 U.S. 7, 14 (1934). The confidential communications privilege does not, however, prevent a spouse from testifying as to matters she *observed* during the marriage or concerning spousal communications made in the presence of third parties. *Brock*, 724 F.3d at 821. Thus, for example, the spouse can be required to testify as to actions he or she saw the defendant-spouse engage in.

Unlike the testimonial privilege, *infra*, the communications privilege independently belongs to both spouses and thus can be invoked by either. *Brock*, 721 F.3d at 820. Also, unlike the testimonial privilege, *infra*, the confidential communication privilege survives dissolution of the marriage, as its purpose is to protect the confidentiality of communications during the marriage and not the marriage itself. *Id*. at 821; *United States v. Byrd*. 750 F.2d 585, 590 (7th Cir. 1985). The confidential communications privilege, however, does not apply to communications made when the parties were permanently separated. *United States v. Fulk*, 816 F.2d 1202, 1205 (7th Cir. 1987).

Counsel has been provided statements in discovery that Michelle Christensen gave to the FBI wherein she disclosed conversations between herself and Mr. Christensen that are at the heart of confidential spousal privilege. In part, these statements recite statements to Michelle Christensen wherein her husband described disturbing dreams and otherwise revealed his most private thoughts. As such, upon appropriate objection which Mr. Christensen herein raises, Michelle Christensen cannot testify concerning these matters or any other presumptively confidential communications between herself and Mr. Christensen during their marriage. And, because either party to confidential marital communications may invoke the privilege, Michelle Christensen's revelation of these statements to the FBI does not constitute a waiver by Mr. Christensen. *United States v*. Wood, 924 F.2d 399, 401-02 (1st Cir. 1991)(distinguishing the spousal testimonial privilege which can be waived, court holds wife could not waive husband's privilege against disclosure of confidential marital

communications and thus incriminating letter he sent her from jail was inadmissible); *United States v. Neal*, 532 F. Supp. 942, 947 (D. Colo. 1982), aff'd 743 F.2d 1441 (10th Cir. 1984) (privilege not lost where one spouse let police eavesdrop on conversation with spouse).

In light of the above principles, counsel seeks an order barring any testimony from or questioning of Michelle Christensen concerning any conversation with or communication from her husband, Brendt Christensen during their marriage, or any reference thereto during the trial of this case, absent a prior determination of admissibility by the Court.

## III.     The Spousal Testimonial Privilege

Properly invoked, the spousal testimonial privilege bars spousal testimony on *any adverse fact*, no matter how it becomes known to the spouse. Thus, this privilege bars testimony from a spouse not only concerning privileged communications but also conduct observed by the spouse. *Brock*, 724 F.3d at 822.

Unlike the confidential communications privilege which belongs to both spouses, the testimonial privilege can only be invoked by the witness-spouse, *Trammel v. United States*, 445 U.S. 40, 53 (1980) (overruling rule of *Hawkins v. United States* (citation omitted) that the defendant could invoke the testimonial privilege to bar his wife from testifying against him), and only applies to adverse testimony in a criminal case. *Brock*, 724 F.3d at 822. As its rationale is grounded in protection of the marriage, the testimonial privilege does not survive dissolution of the marriage. *Id*. In *United States v. Byrd*, 750 F.2d 585, 592-94 (7th Cir. 1985), the Seventh Circuit held that the testimonial

privilege also does not apply when the marriage is "in fact, moribund, though legally still valid," while also noting that marital deterioration alone does not destroy the privilege because this would impose a "heavy fact-finding burden" on the court); *see also United States v. Clark*, 712 F.2d 299, 303 (7th Cir. 1983) (court should avoid making "subjective determinations" whether testimony "would in fact be disruptive of marital harmony.").

The Seventh Circuit has directed that the witness-spouse should be informed about the possible existence of a privilege not to testify adversely to the other spouse in a criminal case. "Nothing should stop counsel for the defendant-spouse from raising an objection to the witness-spouse's testimony to ensure that she knows she cannot be required to testify against the defendant-spouse." *Brock*, 724 F.2d at 823. The Court further observed that the trial judge should also take steps to ensure that the witness-spouse is aware of the testimonial privilege and that the witness-spouse may invoke the privilege if it is otherwise applicable and he or she elects to do so. *Id*. Accordingly, counsel for Mr. Christensen requests that this Court specifically inform Michelle Christensen of the possible existence of a testimonial privilege not to testify against her husband and, if she nonetheless elects to testify, conduct an appropriate inquiry to determine that her decision is knowingly and voluntarily made.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/ Elisabeth R. Pollock             /s/ George Taseff
    Assistant Federal Public Defender    Assistant Federal Public Defender
    300 West Main Street                 401 Main Street, Suite 1500
    Urbana, IL 61801                     Peoria, IL 61602
    Phone: 217-373-0666                  Phone: 309-671-7891
    FAX:   217-373-0667                  Fax:   309-671-7898
    Email: Elisabeth_Pollock@fd.org      Email: George_Taseff@fd.org

    /s/ Robert Tucker
    Robert L. Tucker, Esq.
    7114 Washington Ave
    St. Louis, MO 63130
    Phone: 703-527-1622
    Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org