UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Crim. No. 17-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) | |
| Defendant. | ) | |

MOTION TO SUPPRESS STATEMENTS

Now comes the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and pursuant to Rule 12(b)(3)(C), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to officers and agents of the Federal Bureau of Investigation, the University of Illinois Police Department, and to an individual identified in discovery as an FBI "Confidential Human Source" and referred to herein as "TLB," on or about June 14-15, 2017, June 17, 2017, June 23, 2017, and June 29, 2017, and in support thereof states as follows:

**Factual Background**

1.  On June 14, 2017, at approximately 11:45 p.m., multiple agents of the Federal Bureau of Investigation proceeded to the Defendant's residence located at 2503 Springfield Avenue, Apartment B2 in Champaign, Illinois, to execute a federal search warrant for a 2008 Saturn Astra automobile that was registered to the Defendant and

the Defendant's wife. Once at the Defendant's residence, the agents presented the Defendant with a copy of the warrant and asked if he would be willing to answer some questions at the FBI office, to which Defendant stated, "I should probably ask for a lawyer in situations like this." The agents then took the Defendant into custody and transported him to the Champaign Resident Agency Office located at 2117 West Park Court in Champaign, Illinois, for questioning.

2. Upon arriving at the Champaign Resident Agency Office shortly after 12:00 a.m. on June 15, 2017, FBI Special Agent Anthony Manganaro and University of Illinois Police Department Detective Eric Stiverson took Defendant to a small, closed, and windowless interrogation room where they advised the Defendant of his rights and questioned the Defendant at length concerning the disappearance of an Asian female graduate student at the University of Illinois at Champaign-Urbana that was reported to law enforcement authorities on June 9, 2017. As a result of the agents' interrogation of the Defendant, the Defendant is alleged to have made various statements which the Government will seek to use as evidence against him.

3. During the course of the custodial interrogation session, at approximately 1:26 a.m., however, Defendant again specifically and unequivocally invoked his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), by advising Agent Manganaro and Detective Stiverson that "I really don't want to talk no more without a lawyer."

4. In response thereto, Agent Manganaro and Detective Stiverson terminated their interrogation of the Defendant at approximately 1:30 a.m., and left Defendant

alone in the room. Agent Manganaro telephoned an Assistant United States Attorney to report the results of the interrogation, and the Assistant United States Attorney advised Agent Manganaro to hold Defendant in custody for review of violations of Title 18 U.S.C. §1001, and to transport the Defendant to the Ford County Detention Facility in Paxton, Illinois, pending that review.

5. While Defendant was waiting in the interrogation room at the FBI Office to be transported to the Ford County Detention Facility, FBI Special Agent Harvey Pettry entered the interview room "to keep [the defendant] company" while the transport was being arranged. At the time he entered the interrogation room, Agent Pettry knew that the Defendant previously had invoked his *Miranda* rights during his interrogation by Agent Manganaro and Detective Stiverson. Notwithstanding that fact, Agent Pettry initiated a second round of interrogating the Defendant without counsel present, and as a result thereof, the Defendant is alleged to have made various oral statements to Agent Pettry which the Government will seek to use as evidence against him.

6. On June 15, 2017, at 2:36 a.m., the Defendant departed the FBI Resident Agency Office in Champaign in the custody of three law enforcement officers and arrived at the Ford County Detention Facility in Paxton, Illinois, at 3:04 a.m., where the Defendant was booked into the jail.

7. On June 16, 2017, at or shortly after midnight, the Defendant was released from custody at the Ford County Detention Facility in Paxton, Illinois, and was driven

directly to the Super 8 Hotel in Rantoul, Illinois, by two or more federal agents, where he arrived at approximately 1:00 a.m. on June 16, 2017, and checked into the hotel for the night.

8. Later, on June 16, 2017, FBI Special Agents Andrew Huckstadt and Brian Schenkelberg met with a female associate of the Defendant (who is hereinafter referred to "TLB") at the FBI Champaign Resident Agency. As a result of that meeting, "TLB" agreed to serve as a documented "confidential human source" for the FBI and executed a Form FD-472 wherein she agreed to wear or utilize a body recorder, microphone, transmitter, or other recording device "for the purpose of monitoring, viewing, listening to, and/or recording any activity I may have with Brendt A. Christensen....which I may have on or about 6/16/2017 and continuing thereafter until such time as either I revoke my permission or the FBI terminates the investigation."

9. On June 17, 2017, at 1:52 p.m., FBI Special Agents Michael Carter and Brian Schenkelberg initiated contact with the Defendant for an interview at the FBI Resident Agency Office in Champaign, Illinois, notwithstanding the fact that said agents knew, or should have known, that Defendant previously had twice invoked his *Miranda* rights when confronted by the agents at his residence on June 14, 2017, and during his interrogation by Agent Manganaro and Detective Stiverson on June 15, 2017. As a result of that interview, the Defendant was questioned at length by Agents Carter and Schenkelberg without counsel present and is alleged to have various statements which the Government will seek to use as evidence against him.

10. On June 23, 2017, pursuant to her role as an FBI Confidential Human Source, and acting under the supervision, direction and control of the FBI agents, "TLB" initiated a series of telephone text messages with the Defendant and deliberately engaged in surreptitious questioning of the Defendant for the purpose of eliciting incriminating statements from him. Again, "TLB" was directed and authorized to engage in such investigative conduct by the very same FBI agents who knew, or should have known, that Defendant had twice invoked his *Miranda* rights when confronted by the agents at his residence on June 14, 2017, and during his interrogation by Agent Manganaro and Detective Stiverson on June 15, 2017. As a result of "TLB's" text messages with the Defendant on June 23, 2017, the Defendant is alleged to have made various written statements which the Government will seek to use as evidence against him.

11. On June 29, 2017, from approximately 6:30 p.m. to 8:45 p.m., "TLB," pursuant to her role as an FBI Confidential Human Source, and wearing a recording device, and acting under the supervision, direction and control of the FBI agents, initiated a number of conversations and communications with the Defendant, and thereby deliberately engaged in surreptitious questioning and recording of the Defendant for the purpose of eliciting incriminating statements from him. Again, "TLB" was directed and authorized to engage in such investigative conduct by the very same FBI agents who knew, or should have known, that Defendant had twice previously invoked his *Miranda* rights during when confronted by the agents at his residence on

5

June 14, 2017, and during his interrogation by Agent Manganaro and Detective Stiverson on June 15, 2017. As a result of "TLB's" conversations and communications with the Defendant on June 29, 2017, the Defendant is alleged to have made various statements which the Government will seek to use as evidence against him.

## Argument

12.    All of the Defendant's statements which are alleged to have been made by the Defendant to officers and agents of the Federal Bureau of Investigation, the University of Illinois Police Department, and to "TLB," the FBI's Confidential Human Source, on June 14-15, 2017, June 17, 2017, June 23, 2017, and June 29, 2017, were involuntary and were obtained in violation of the Defendant's rights secured under the Fourth, Fifth, and Sixth Amendment to the United States Constitution. *Miranda v. Arizona*, 384 U.S. 436 (1966); *United States v. Dickerson*, 520 U.S. 428 (2000).

13.    In *Miranda v. Arizona*, 384 U.S. 436, 469-73, 86 S.Ct. 1602, 1625-27, 16 L.Ed.2d 694 (1966), the Supreme Court held that before the police can interrogate a suspect who is in police custody, the officers must first advise the suspect of his right to consult with an attorney and to have counsel present during the interrogation. Under *Miranda* and its progeny, if the suspect invokes his right to have counsel present with him during the interrogation, the suspect is not subject to further interrogation until counsel is present or until the suspect himself initiates further discussions. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378  (1981); *Arizona v. Roberson*, 486 U.S. 675, 682, 108 S.Ct. 2093, 2098, 100 L.Ed.2d 704  (1988); *McNeil v.*

6

*Wisconsin*, 501 U.S. 171, 176-77, 111 S.Ct. 2204, 2207-09, 115 L.Ed.2d 158(1991); *United States v. McKinley*, 84 F.3d 904, 908 (7th Cir. 1996)("If a suspect invokes his right to counsel as to one offense, he may not be reapproached and interrogated about that or a separate offense unless counsel is present").

14. In *Edwards v. Arizona, supra*, the Supreme Court established a presumption that once a suspect invokes his right to counsel during a custodial interrogation, any subsequent *Miranda* waiver is involuntary until counsel is present or the suspect himself initiates communication, exchanges, or conversation. *Arizona v. Roberson*, 486 U.S. 675, 680–81, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). The *Edwards* presumption "is not offense specific." *McNeil v. Wisconsin*, 501 U.S. 171, 177, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991) (citing *Roberson*, 486 U.S. at 682–83, 108 S.Ct. 2093). Accordingly, "[o]nce a suspect invokes the *Miranda* right to counsel for interrogation regarding one offense, he may not be reapproached regarding any offense unless counsel is present." *Id.*

15. Even if the suspect is alleged to have reinitiated a conversation with the police, the burden "remains upon the prosecution to show that subsequent events indicated a waiver of the Fifth Amendment right to have counsel present during the interrogation." *United States v. Huerta*, 239 F.3d 865, 873 (7th Cir. 2001); citing *Oregon v. Bradshaw*, 462 U.S. 1039, 1044, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983). To establish a valid waiver, the government must show that the waiver was knowing, intelligent, and voluntary under the "high standar[d] of proof for the waiver of constitutional rights [set

forth in] *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1602.

16. In *Maryland v. Shatzer*, 559 U.S. 98, 130 S.Ct. 1213, 175 L.Ed.2d 1045 (2010), the Court delimited the scope of the *Edwards* presumption by holding that its protections to the suspect cannot extend into perpetuity. In *Shatzer*, the Court considered whether, and under what circumstances, a break in custody terminates *Edwards'* protections. The Court held that, when a suspect invokes the right to counsel during custodial interrogation, but is subsequently released from *Miranda* custody for a period of 14 days or more, the *Edwards* presumption dissolves, and the police may reinitiate question so long as the suspect gives a valid waiver of his Fifth Amendment rights. *Shatzer*, 559 U.S. at 109–10, 130 S.Ct. at 1213.

17. In this case, Defendant clearly and unequivocally invoked his right to counsel under *Miranda* two times: first, on June 14, 2017, at 11:45 p.m., when confronted by the FBI agents at this residence with the warrant to search his vehicle, by stating, "I should probably ask for a lawyer in situations like this;" and second, on June 15, 2015, approximately 1:26 a.m., at the Champaign Resident Agency Office by advising Agent Manganaro and Detective Stiverson that, "I really don't want to talk no more without a lawyer."

18. Notwithstanding his invocation of his *Miranda* rights, Defendant was subject to police-initiated interrogation in the absence of counsel on June 14-15, 2017, and June 17, 2017, and police-initiated, surreptitious interrogation in the absence of

8

counsel by FBI confidential human source "TLB" on June 23, 2017, and June 29, 2017, within the 14 day window of his release from *Miranda* custody from the Ford County Jail on June 16, 2017. Under *Edwards v. Arizona, supra*, and its progeny, all of the statements which the Defendant is alleged to have made on those four occasions should be suppressed as having been obtained by government agents in violation of the Defendant's rights secured under the Fifth and Sixth Amendments to the United States Constitution.

     WHEREFORE, Defendant requests the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to officers and agents of the Federal Bureau of Investigation, the University of Illinois Police Department, and to an individual identified in discovery as an FBI "Confidential Human Source" and referred to herein as "TLB," on or about June 14-15, 2017, June 17, 2017, June 23, 2017, and June 29, 2017.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

| | | |
|---|---|---|
| By: | /s/Elisabeth R. Pollock | /s/ George Taseff |
| | Assistant Federal Public Defender | Assistant Federal Public Defender |
| | 300 West Main Street | 401 Main Street, Suite 1500 |
| | Urbana, IL 61801 | Peoria, IL 61602 |
| | Phone: 217-373-0666 | Phone: 309-671-7891 |
| | FAX:   217-373-0667 | Fax:    309-671-7898 |
| | Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org