UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

MOTION TO SUPPRESS STATEMENTS ALLEGEDLY
MADE TO CELLHOUSE INFORMANT

Defendant Brendt A. Christensen, by and through his attorneys, and pursuant to Rule 12(b)(3)(C), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to an individual identified herein as "the Confidential Source," an inmate who was confined with the Defendant in the protective custody unit at the Macon County Jail in Decatur, Illinois, and in support thereof states as follows:

**Factual Background**

On June 30, 2017, the Defendant was arrested by officers and agents of the Federal Bureau of Investigation on a criminal complaint charging him with the offense of kidnapping in violation of Title 18 U.S.C. § 1201. (R. 1) On July 3, 2017, Attorney Evan Bruno of Urbana, Illinois, filed his appearance as Defendant's privately retained defense

counsel. (R. 4) On that same date, Defendant appeared with his counsel for an initial appearance before United States Magistrate Judge Eric I. Long at which Defendant was advised of the charges, a preliminary hearing was set for July 14, 2017, and a detention hearing was set for July 5, 2017. Defendant was ordered detained pending further hearings. (Docket Entry 07/03/2017) On July 5, 2017, following a detention hearing and arguments of counsel, Magistrate Judge Long ordered the Defendant detained pending further proceedings. (R. 11)

On July 12, 2017, the grand jury returned an indictment against the Defendant charging him with the offense of kidnapping in violation of Title 18 U.S.C. § 1201. (R. 13) The Defendant appeared before Magistrate Judge Long for arraignment on July 20, 2017, at which time Defendant entered a plea of not guilty, and trial was scheduled for September 12, 2017. (R. 16)

From approximately July 3, 2017, through September 6, 2017, and for some time thereafter, the Defendant was confined in the protective custody unit of the Macon County Jail in Decatur, Illinois. During a portion of this time period, believed to be during July and August of 2017, Defendant was confined in a one man cell adjacent to a cell occupied by another inmate referred to herein as the Confidential Source (CS), who was facing serious felony criminal charges in Macon County Circuit Court. As protective custody detainees, both Defendant and the CS were given one hour per day outside their cells during which time they would converse with one another, and the CS

would deliberately ask Defendant about his pending federal case and elicit statements from the Defendant about it.

Upon information and belief, the CS was no stranger to the criminal justice system in Macon County. His adult criminal history included seven prior felony drug convictions from Macon County and two other jurisdictions, one prior residential burglary conviction in Macon County for which he received a twelve year term of imprisonment in the Illinois Department of Corrections, and two prior felony theft convictions in Macon County. All ten of his prior felony convictions resulted in terms of imprisonment being imposed.

Upon information and belief, at the time that the CS and Defendant were confined in adjoining cells at the Macon County Jail, the CS was, and still is, a documented confidential source working under the supervision, direction and control of the Decatur Police Department, the Macon County Sheriff's Department, the Illinois State Police, and/or the Federal Bureau of Investigation. Further, upon information and belief, the CS was assigned to and placed in the cell unit adjoining the Defendants' cell by federal and/or state and/or local law enforcement officers and agents for the purpose of his engaging Defendant in conversations concerning Defendant's pending federal case, and for reporting any information obtained from the Defendant to said law enforcement officers and agents for use as evidence against the Defendant.[1]

---

[1] Defense counsel has served discovery requests to Government counsel pursuant to Brady v. Md., 373 U.S. 83 (1963) and Giglio v. U.S., 405 U.S. 150 (1972) for all documents, reports, notes, and memoranda concerning the CS and his role as a government confidential source/informant

3

As a result of the many conversations that the CS actively engaged in with the Defendant while both were confined in the protective custody unit of the Macon County Jail, the Defendant is alleged to have made various statements to the CS which he then reported to FBI/TFOs Barbara Robbins and Trevor Stalets, and FBI Special Agent Anthony Manganaro, and which the Government will seek to use as evidence against him. This is improper because the statements which Defendant allegedly made to the CS while confined in the protective custody unit at the Macon County Jail were obtained in violation of the Defendant's rights secured under the Fifth and Sixth Amendments to the United States Constitution.

## Argument

**Any statement made to the CS by the Defendant after he invoked his right to counsel violates the Defendant's Fifth and Sixth Amendment rights and should be suppressed.**

In *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the United States Supreme Court held that post- indictment questioning of a defendant by government agents in the absence of the defendant's counsel constitutes a violation of the defendant's right to counsel as guaranteed by the Sixth Amendment to the United States Constitution and mandates suppression of any incriminating statement that the defendant allegedly made.

In *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), the Supreme Court held that the defendant's Sixth Amendment right to counsel was

---

in this case. As of the date of the filing of this motion, answers to those requests remain outstanding.

violated by the admission at trial of incriminating statements made by the defendant to his cellmate, an undisclosed government informant, after indictment and while in custody. In *Henry*, after the defendant was indicted and confined in jail, a government agent asked a paid informant, who was confined in the same cellblock, to "be alert" to any statements made by the defendant. The informant was also told not to initiate any conversation with or question the defendant. At trial, the informant testified as to certain incriminating statements made to him in the jail by the defendant.

The Supreme Court held that the defendant's statements made to the cellhouse informant were obtained in violation of the defendant's right to counsel, and were barred under *Massiah v. United States, supra*, where the Court previously ruled that the Sixth Amendment prohibits law enforcement officers from deliberately eliciting post-indictment statements from an accused in the absence of counsel. In holding that the government agent/cellhouse informant "deliberately elicited" statements from the defendant, the Supreme Court found three factors to be important: 1) the informant was acting under instructions as a paid informant for the government; 2) the informant was ostensibly no more than a fellow inmate of the defendant; and 3) the defendant was in custody and under indictment at the time he made the statements. 447 U.S. at 270, 100 S.Ct. at 2186.

Significantly, in the Court's view, the fact that the informant was told not to initiate any conversation with the defendant was not critical. As the Court stated:

5

> Even if the agent's statement is accepted that he did not intend that the informer would take affirmative steps to secure incriminating information, he must have known that such propinquity likely would lead to that result …. By intentionally creating a situation likely to induce the defendant to make incriminating statements without the assistance of counsel, the government violated the defendant's Sixth Amendment right to counsel. This is not a case where...the constable blundered ... rather, it is one where the constable planned an impermissible interference with the right to the assistance of counsel.

447 U.S. at 271, 275 100 S.Ct. at 2187, 2189.

Finally, with respect to the issue of waiver, the Court held that the defendant could not and did not waive his right to counsel under such circumstances. "The concept of a knowing and voluntary waiver of Sixth Amendment rights does not apply in the context of communications with an undisclosed undercover informant acting for the government." *Id.*, 447 U.S. at 273, 100 S.Ct. at 2188.

Moreover, in other cellhouse informant cases, reviewing courts have found Sixth Amendment violations under similar circumstances. *United States v. O'Dell*, 73 F.3d 364, 1995 WL 765231 (7th Cir. 1995)(6th Amendment violation where defendant's fellow inmate at county jail was confidential source working for the Illinois State Police and deliberately elicited information from defendant about defendant's federal case); *United States v. Bender*, 221 F.3d 265, 268-69 (1st Cir. 2000) (6th Amendment violation when undercover government agent initiated conversation with defendant about different, unrelated crimes because state must have known its agent was likely to obtain incriminating statements from accused); *United States v. Lentz*, 524 F.3d 501, 521 (4th Cir.

2008) (6th Amendment violation when government advised informant to obtain specific information); *Ayers v. Hudson,* 623 F.3d 301, 315-17 (6th Cir. 2010) (6th Amendment violation when state returned jailhouse informant to defendant's jail pod to deliberately elicit incriminating statements from him); *Manning v. Bowersox,* 310 F.3d 571, 576 (8th Cir. 2002) (6th Amendment violation when government planted informants in jail cell to elicit incriminating information from charged defendant because government "deliberately created a circumstance ripe for its agents to elicit incriminating statements from [defendant]"); *Randolph v. California*, 380 F.3d 1133, 1146-47 (9th Cir. 2004) (6th Amendment violation when police placed paid informant in defendant's jail cell for purpose of obtaining statements).

    In this case, Defendant's Sixth Amendment right to counsel attached at or after the initiation of adversary criminal proceedings against him by the Government's filing of the criminal complaint on June 30, 2017, (R. 1), and the Defendant's initial appearance with his privately retained counsel before the Magistrate Judge on July 3, 2017. (R. 4, 07/03/2017). *Kirby v. Illinois*, 406 U.S. 682, 689-90 (1972)(right to counsel attaches at the initiation of judicial criminal proceedings); *Thompkins v. Pfister*, 698 F.3d 976, 984 (7th Cir. 2012)(right to counsel attached at bond hearing the day after defendant's arrest). From that point on, Defendant was "off limits" under the Sixth Amendment to all attempts by government agents to deliberately elicit incriminating information from him outside the presence of his counsel. *Massiah v. United States, supra.*

Further, it was no coincidence that such an opportunistic career criminal as the CS was assigned to a cell adjacent to Defendant in the protective custody unit at the Macon County Jail during July, 2017, and that he would take up such a strong interest in the Defendant's pending federal case. Upon information and belief, the CS was and still is a documented confidential source working under the supervision, direction, and control of his law enforcement principals, and that he was strategically placed in the cell adjacent to Defendant's to deliberately elicit incriminating information from the Defendant and report it to the authorities in exchange for a lenient disposition of his own serious criminal charges and whatever other consideration he and lawyer have bargained for.

Based upon the controlling legal authorities cited herein, and the evidence to be adduced at the hearing on this motion, this Court should find that all the statements which Defendant allegedly made to the CS while confined in the protective custody unit at the Macon County Jail were obtained in violation of the Defendant's rights secured under the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's ruling in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

WHEREFORE, Defendant requests the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to an individual identified herein as the Confidential Source.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/Elisabeth R. Pollock  /s/ George Taseff
Assistant Federal Public Defender  Assistant Federal Public Defender
300 West Main Street  401 Main Street, Suite 1500
Urbana, IL 61801  Peoria, IL 61602
Phone: 217-373-0666  Phone: 309-671-7891
FAX:   217-373-0667  Fax:    309-671-7898
Email: Elisabeth_Pollock@fd.org  Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Bryan David Freres and Mr. Eugene Miller, Assistant United States Attorneys, 201 South Vine Street, Urbana, IL 61801. A copy was also mailed to the Defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org