UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant, Brendt A. Christensen, filed a Motion to Bar Introduction of Expert Testimony Pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C) (#35) on December 31, 2017. The government filed its Response (#36) on January 9, 2018.   For the following reasons, Defendant's Motion (#35) is DENIED.

On November 15, 2017, this court entered an Order (#34) requiring the government to provide "all analysis of forensic evidence pursuant to Fed. R. Crim. P. 16 and written summaries of expert testimony it   intends to use under Federal Rule of Evidence 702, 703, or 705 to Defendant no later than December 15, 2017."   Defendant claims the government has not provided the required disclosures under Rule 16, and instead merely dumped a list of ten expert witness names on Defendant at the last minute on December 14, 2017.

Defendant's Motion seeks to bar the government from presenting, at trial, expert testimony on topics "ranging from fingerprint analysis, audio/visual analysis, electronic forensics, Chinese culture, canine cadaver searches, and cellular telephone

data analysis."

The government rejects Defendant's claim, arguing that not only has it made the necessary disclosures under Rule 16, but also that it has gone above and beyond in many instances in providing more than is required under the rules and law.   The government further argues that some of the disclosed witnesses are rebuttal witnesses, and thus it is not necessary to disclose them before trial.   The government also argues that barring the expert testimony is too drastic a remedy for the discovery issues complained of in Defendant's Motion and that, if the court finds the government has failed in its obligations under Rule 16, the court should fashion a less draconian solution.

## ANALYSIS

First, the court will focus on the experts it believes the government intends to call in its case in chief based upon the pleadings.   Those experts are covered by Rule 16's disclosure requirements.   Rule 16(a)(1)(G) states:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed.R.Crim.P. 16(a)(1)(G).

The summary should also cover not only written and oral reports, tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703. *United States v. Vallone*, 2008 WL 516715, at *2 (N.D. Ill. Feb. 21, 2008), citing Fed.R.Crim.P. 16 advisory committee's note, 1993 Amendment.

The purpose of the disclosures is to "'to minimize the surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Cuellar*, 478 F.3d 282, 294 (5th Cir. 2007), quoting Fed.R.Crim.P. 16, advisory committee's note, 1993 Amendment.

The government has stated that it intends to call, in its case in chief, expert witnesses on the following subjects: DNA and serological evidence; electronic evidence; fingerprints; video and audio enhancement; canines; and cell phone records.

*DNA and Serological Expert Amanda Bakker*

Defendant claims that, prior to the December 15, 2017 deadline, the government produced no summaries that satisfied Rule 16(a)(1)(G), and produced only one set of test results that satisfied Rule 16(a)(1)(F), which were the DNA and serological lab analysis from the FBI lab in Quantico, Virginia, compiled by Amanda Bakker. Defendant claims Bakker's curriculum vitae (CV) was disclosed without the testimonial summary required by Rule 16(a)(1)(G). The government responds that on November

3

20, 2017, Bakker, an FBI biologist, authored an 11-page report summarizing the DNA and serological analysis, which is the basis of her expected testimony in this case. The government claims it received a copy of the report on Friday, November 24, 2017, and that it met in person with defense counsel the following Monday and handed them a copy of Bakker's report. The next day the government provided defense counsel with a bates-stamped copy of the report. The government provided yet another copy of the report on December 5, 2017.

On December 14, 2017, the government provided Defendant with the underlying reports, bench notes, computer printouts, and other specific information regarding the FBI's Short Tandem Repeat (STR) DNA analysis and serological testing, and Bakker's curriculum vitae, specifically setting forth her qualifications. The government also provided a letter to defense counsel specifically identifying Bakker as an expert witness it intended to call during its case in chief, and stated that her qualifications, a summary of her testimony, including her opinions and the bases and reasons for those opinions, were contained in the discovery already provided.

The court agrees with the government that, absent specific argument or evidence cited to by Defendant to the contrary, the government has more than lived up to its obligation under Rule 16 regarding the expert disclosure of Amanda Bakker. The government has provided all of the information it has regarding Bakker's serological and DNA findings, the reasons for her opinions, and her qualifications. The court agrees with the government that there is nothing more it could provide regarding

Bakker, short of Bakker's direct examination and anticipated answers to those questions, to which, obviously, Defendant is not entitled.[1]  See *United States v. Lindsey*, 2013 WL 5275777, at *2 (C.D. Ill. Sept. 18, 2013).   Defendant's Motion is denied with respect to Bakker.

*Electronic Evidence Experts William O'Sullivan and Connie Gummadi*

Defendant does not state with any specificity whatsoever, how the government has been deficient in complying with its Rule 16 obligations in regard to electronic evidence experts William O'Sullivan and Connie Gummadi, outside of a claim, regarding all the disclosed experts, that "no summary has been provided which describes these alleged expert's opinions."

The government states that its experts have examined various items, such as phones and computers, that were seized during the investigation and the experts have downloaded electronic evidence from those devices.   The government states that on November 21, 2017, the examiners drafted reports of examinations regarding the items.   On November 28, 2017, the government provided defense counsel copies of those reports and a hard disk drive containing the vast amounts of raw electronic evidence downloaded from the identified devices.   The government states it also discussed with

---

[1]According to the government as to all of the contested witnesses, Defendant was provided with the witness' qualifications, their reports (the functional equivalent of a written summary of the analysis and the witness' anticipated testimony) and the raw data underlying the reports.   Indeed, the court is at a loss as to the additional discovery the government *could* provide Defendant.   Further, Defendant has failed to identify for the court the missing discovery with any specificity, providing instead only vague generalities.

counsel specific evidence located in the downloads that the government identified as relevant to its case.   On December 5, 2017, the government provided defense counsel with O'Sullivan's work product, which included a detailed timeline of Defendant's computer-related and online activities.   On December 14, 2017, the government provided the defense with a letter specifically identifying O'Sullivan and Gummadi as expert witnesses, and asked defense counsel to contact the government if they requested any further information.   The government states defense counsel never contacted it requesting such further information about O'Sullivan or Gummadi.

The government states that it has turned over to Defendant all the raw electronic data from the seized devices and the reports prepared by its experts based on that data.   The court finds that the content turned over by the government more than satisfies the requirements of Rule 16 at this stage.   Defendant cannot claim surprise and that he was not put on notice as to the content of the experts' testimony, their opinions, and the bases for those opinions.   Defendant has not informed the court what it is missing regarding the electronic evidence experts, or what is inadequate about the discovery turned over to him by the government.   The court does note that the government has not stated whether it has provided Defendant with the qualifications for Gummadi and O'Sullivan.   If it has not done so, it should do so immediately upon receipt of their qualifications.

*Fingerprint Expert Andrew Z. Sites*

Again, there is no specific complaint from Defendant with regard to fingerprint

expert Sites, aside from no summary describing Sites' opinion being produced. The government states that Sites did not complete the fingerprint analysis until around December 19, 2017. Anticipating the late completion, the government states that it informed Defendant in a December 14, 2017 letter that it intended to call Fingerprint Analyst Andrew Z. Sites as an expert witness, and that it provided a copy of Sites' CV and further stated it would provide a summary of his opinion upon its receipt. After receiving Sites' reports, the government provided a copy to defense counsel on December 27, 2017, two weeks late. The government provided a copy of a compact disc containing all the reports, bench notes, computer printouts, fingerprint image copies, and other specific information regarding this case. The court finds that, without any specific objection or reasoning from Defendant to the contrary, such information satisfies the requirements of Rule 16(a)(1)(G). Although the discovery was provided twelve days after the December 15, 2017 deadline, it appears it was promptly provided upon receipt by the government, and, in any event, there were still sixty days to go until trial, and Defendant has not stated how receiving the reports twelve days after the deadline, but with sixty days remaining until trial, prejudiced him. As noted by the government, the Seventh Circuit has found no Rule 16 violation when the government promptly turned over an expert report to the defendant even though there were only ten days remaining before trial. *United States v. Stevens*, 380 F.3d 1021, 1025-26 (7th Cir. 2004).

    *Video and Audio Enhancement Experts Alysha Jeans Hiller and Christopher W. Iber*

Again, there is no specific complaint from Defendant with regard to video and audio enhancement experts Hiller and Iber, aside from no summary describing their opinions being produced. The government states that, to make portions of the audio and video recordings in this case clearer, FBI Forensic Audio/Video/Image Analysis Unit Electronics Engineer Hiller enhanced audio recordings and the unit's Photographic Technologist Iber enhanced the video. The government claims it discussed these efforts with defense counsel, and on December 14, 2017, disclosed Hiller and Iber as potential expert witnesses at the upcoming trial and provided copies of their CVs. The government states that it is unlikely either expert will be called to testify at trial, as, if a witness with knowledge testifies that the enhanced recordings and videos are fair and accurate representations of what they purport to depict, no additional authentication would be required. The government further notes that, although they have not yet authored any reports, the summary of their testimony need not come from the experts themselves, and that the December 14, 2017 disclosure has adequately put Defendant on notice of their potential testimony.

The expert witnesses themselves would not, apparently, be providing any actual "expert opinions" about any substantive matter in this case. As noted by the government, the enhanced audio and video recordings could be authenticated by investigator witnesses with knowledge of the events depicted on the recordings, not the experts. *See* Fed.R.Evid. 901(b)(1). The experts, in this case, *could* testify as to the processes they used to enhance the recordings. The disclosures of the experts, their

field of knowledge, the work they performed, and their CVs are sufficient to put Defendant on notice under Rule 16.

*Canine Experts Jeremy Bruketta and Dwight Arrowood*

Again, there is no specific complaint from Defendant with regard to canine experts Bruketta and Arrowood, aside from no summary describing their opinions being produced. The government states that these experts were enlisted during the investigation by the FBI to conduct canine searches, and that these searches were documented in law enforcement reports and provided to defense counsel. On December 14, 2017, the government notified defense counsel that Bruketta and Arrowood were potential expert witnesses regarding their use of the canines to conduct the searches referenced in the discovery. The government contends that the December 14, 2017 disclosure adequately put Defendant on notice of their potential testimony.

The court does not have access to the reports turned over to defense counsel regarding Bruketta and Arrowood, and Defendant has not indicated in what manner the reports are deficient in placing him on notice and preparing for trial regarding the experts' potential testimony. Therefore, the Motion is denied on this ground at this time. The government did not indicate if it turned over the experts' qualifications to Defendant. If that has not been done, it should be done as soon as possible.

*Cellular Phone Records Expert Greg Catey*

Again, there is no specific complaint from Defendant with regard to cell phone expert Catey, aside from no summary describing his opinions being produced. The

government states that, as part of the investigation in this case, FBI Cellular Analysis Survey Team Special Agent Catey obtained cellular telephone data and records, which were disclosed to the defense on October 18, 2017. The government states it will call Catey as a witness at trial to explain to the jury the information contained in the data and the records he obtained. On December 14, 2017, the government identified Catey as a potential expert witness regarding his analysis of the data and records and provided Defendant with a copy of his CV.

As noted by the government, the use of cell phone location records to determine the general location of a cell phone has been widely accepted by numerous federal courts. *United States v. Jones*, 918 F.Supp.2d 1, 5 (D.D.C. 2013). Such testimony is generally accepted in the Seventh Circuit. *United States v. Dean*, 2012 WL 6568229, at *5 (N.D. Ill. Dec. 14, 2012). Further, members of the FBI's Cellular Analysis and Survey Team have been accepted by the courts as experts in their field. See *Jones*, 918 F.Supp.2d at 4. The type of testimony to be offered by Catey, analysis of cellular phone data and locating a cellular phone based on that data, is quite common in the federal courts, and that knowledge, the standard methodology used by the expert in analyzing the records and data, the records and data themselves which have been turned over to Defendant, and Catey's CV, put Defendant on notice as to the content and nature of Catey's testimony, and satisfy the requirements of Rule 16

*Rebuttal Experts*

The government states that it only intends to call FBI Linguist Mora Golden and

a University of Illinois professor of Chinese culture in rebuttal, if needed, and thus those experts are not covered by the requirements of Rule 16.   By its terms, Rule 16(a)(1)(G) does not cover rebuttal experts, as they are not presented in the government's case in chief.

*Local Rule 16.1*

Defendant's Motion argues not just that the government has been deficient in meeting its obligations under Federal Rule of Criminal Procedure 16, but that the government has completely ignored its obligations and this court's order.   Outside of a few CVs, Defendant claims that he has received no relevant discovery from the government related to any expert opinion that satisfies Rule 16's requirements.

The government's Response demonstrates that this is simply not true.   In the days since the government filed its Response, Defendant has not contested the government's statements.   Rather than appearing to be stonewalling Defendant and being uncooperative, the government's Response reveals that the government has been forthcoming with the disclosures, quick to respond to any inquiry from Defendant, and quick to keep Defendant apprised of incoming reports, information, evidence, etc. The lack of a motion to file a reply on Defendant's part confirms for the court the veracity of the government's Response.

Criminal Local Rule 16.1(C) of the Central District of Illinois states that if additional discovery is sought, defense counsel should confer with the appropriate government attorney with a view towards satisfying those requests in a cooperative

atmosphere without recourse to the court.   It appears that, once the December 15 deadline passed, no such conference was requested by Defendant.   Instead, Defendant filed this Motion with inaccurate claims as to the government's Rule 16 disclosures, requesting the court impose the most drastic and punishing remedy available under Rule 16(d)(2): complete barring of the experts from testifying at trial.   Defendant requested such a sanction, despite not stating, with specificity, what was received and what was deficient about the disclosures with regard to each disclosed expert, and why exactly Defendant was prejudiced.

The court understands that a case such as this one creates a lot of pressure, both on the counsel (for both sides) and Defendant.   Defendant is facing life in prison (and, possibly the death penalty).   This is not however, the first trial by counsel on either side in which a defendant faces a life sentence if convicted. The court gently reminds everyone that neither the attorneys involved, Defendant himself, the court, nor the public benefit when a party files a motion filled with hyperbole and inflated claims. Rather, everyone involved is better served during the pretrial process when a collegial and cooperative atmosphere is fostered, and the parties conduct themselves in a professional manner to accomplish the task of being fully and fairly prepared for trial.

If, in the coming weeks, Defendant is unable to meet with the government and obtain what he claims is missing from the Rule 16 disclosures, the court can revisit the issue raised in Defendant's motion.   However, based on the government's Response, the government is complying with the local and federal rules, meeting with defense

counsel on a regular basis, and replying to Defendant's inquiries and requests in a timely manner.   If there has been any sort of violation of Rule 16(a)(1)(G), it certainly does not rise to the level necessary to bar the expert from testifying.

IT IS THEREFORE ORDERED:

Defendant's Motion to Bar Introduction of Expert Testimony Pursuant to Federal Rule of Criminal Procedure 16(d)(2)(C) (#35) is DENIED.

ENTERED this 17th day of January, 2018.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE