IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF INTENT TO SEEK A SENTENCE OF DEATH

COMES NOW the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and pursuant to the requirements of Title 18, United States Code, Section 3593(a), hereby gives notice to the Court and Defendant Brendt A. Christensen that it believes the circumstances of the offense charged in Count One of the Superseding Indictment (kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1)) are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 to 3599) of Title 18 of the United States Code, and that the United States will seek a sentence of death for that offense.

The United States proposes to prove the following factors as justifying a sentence of death with regard to Count One of the Superseding Indictment:

I.   **INTENT FACTORS**

1. The defendant intentionally killed Y.Z. (Title 18, United States Code, Section 3591(a)(2)(A));

2. The defendant intentionally inflicted serious bodily injury that resulted in the death of Y.Z. (Title 18, United States Code, Section 3591(a)(2)(B));

3. The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Y.Z. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(C));

4. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Y.Z. died as a direct result of the act. (Title 18, United States Code, Section 3591(a)(2)(D)).

## II. STATUTORY AGGRAVATING FACTORS

1. *Death during commission of another crime.* The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (kidnapping). (Title 18, United States Code, Section 3592(c)(1));

2. *Heinous, cruel, or depraved manner of committing the offense*. The defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Y.Z. (Title 18, United States Code, Section 3592(c)(6));

3. *Substantial planning and premeditation.* The defendant committed the offense after substantial planning and premeditation to cause the death of a person. (Title 18, United States Code, Section 3592(c)(9)).

### III. NON-STATUTORY AGGRAVATING FACTORS

1. *Victim impact evidence.* The defendant caused injury, harm, and loss to Y.Z. and loss to her family, friends, and co-workers. The injury, harm, and loss caused by the defendant is evidenced by Y.Z.'s personal characteristics and by the impact of her death upon her family, friends, and co-workers.

2. *Future dangerousness of the defendant.* The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, his demonstrated lack of remorse for his acts of violence; his other serious acts of violence; his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detection.

3. *Lack of remorse.* The defendant has demonstrated, by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Y.Z.

4. *Other serious acts of violence.* The defendant has committed other serious acts of violence including, at least, the following: in or about 2013, the defendant choked and sexually assaulted M.D., in the Central District of Illinois.

5. *Vulnerability of victim.* The victim, Y.Z., was particularly vulnerable due to her small stature and limited ability to communicate in English.

6. *Obstruction.* The defendant attempted to obstruct the investigation of this offense by, at least, making false statements to investigators; destroying or concealing the victim's remains; and sanitizing the crime scene.

Dated:  January 19, 2018.

    Respectfully submitted,

    JOHN E. CHILDRESS
    UNITED STATES ATTORNEY

    s/ Eugene L. Miller
    Eugene L. Miller, Bar No. IL 6209521
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone:  217-373-5875
    Fax:  217-373-5891
    eugene.miller@usdoj.gov

    s/ Bryan D. Freres
    Bryan D. Freres, Bar No. IL 6294791
    Assistant United States Attorney
    201 S. Vine Street, Suite 226
    Urbana, IL 61802
    Telephone: 217-373-5875
    Fax: 217-373-5891
    bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on January 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants, including Robert Tucker, George Taseff, and Elisabeth Pollock.

                                                            s/ Bryan D. Freres
                                                  Bryan D. Freres, Bar No. IL 6294791
                                                  Assistant United States Attorney
                                                  201 S. Vine Street, Ste. 226
                                                  Urbana, IL 61802
                                                  Telephone: 217-373-5875
                                                  Fax: 217-373-5891
                                                  bryan.freres@usdoj.gov