IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 17-CR-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) | |
| Defendant | ) | |

**THE UNITED STATES OF AMERICA'S
PROPOSED START DATE FOR THE TRIAL**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, pursuant to this Court's order of February 1, 2018, and hereby proposes a start date for the jury trial of this matter on or around October 16, 2018, estimating that the guilt phase of the trial may take two weeks and the penalty phase, if necessary, may take three weeks. In light of their disagreement regarding the start date of the trial, the parties were unable to agree to a joint scheduling order by today's date.

**FACTUAL AND PROCEDURAL HISTORY**

The superseding indictment alleges that the defendant kidnapped and caused the death of the victim on June 9, 2017. The defendant was arrested and charged by criminal complaint with kidnapping on June 30, 2017. A grand jury indicted the defendant for kidnapping on July 12, 2017. Pursuant to the defendant's motion to

continue, the Court scheduled the final pretrial conference on February 12, 2018, and the jury trial on February 27, 2018.

On October 3, 2017, a federal grand jury returned a superseding indictment that alleged that the kidnapping resulted in the death of the victim. On January 19, 2018, the United States filed its notice of intent to seek the death penalty. (R.54) On February 1, 2018, pursuant to the motion to continue of the defendant and the response of the United States, the Court converted the final pretrial conference scheduled for February 12, 2018, into a status conference to discuss scheduling.

## PROPOSED START DATE

Competing interests are at stake in setting the start date of the trial. On the one hand, crime victims and their families, the public, and the defendant all have an interest in the speedy resolution of justice. *See* 18 U.S.C. § 3161(c)(1) (Speedy Trial Act); 18 U.S.C. § 3771(a)(7) (Crime Victims' Rights Act); *see also United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). Based on those concerns, the United States would like the trial to start as soon as is reasonably possible. On the other hand, the defendant must be given sufficient time to prepare his defense, including to prepare for the penalty phase of the trial, should the defendant be convicted. *See United States v. Williams*, No. 08-50348, 2009 WL 613046, *2 (9th Cir. 2009) ("The obvious intent of section 3593(a) is to ensure that both parties, especially the defendant, have adequate time to prepare for a capital trial.")

The Court should consider the totality of the circumstances in determining what is a reasonable time to proceed to trial after a notice is filed under 18 U.S.C. § 3593(a), including, but not limited to: (1) what transpired in the case before the formal notice was filed; (2) the period of time between the notice and trial; (3) the status of discovery and motions in the proceedings; (4) the nature of the charges in the indictment; (5) the nature of the aggravating factors claimed to support the death penalty; and (6) the anticipated nature of the defense, if known.  *See United States v. Wilk*, 452 F.3d 1208, 1221 (11th Cir. 2006).

In this case, the first factor favors less delay until trial. Although the formal notice was filed on January 19, 2018, the defense has been treating this as a potential capital case since their appointment almost five months ago on September 8, 2017, including seeking and receiving the appointment of learned capital counsel on September 14, 2017. The third factor also favors less delay. The United States has already provided substantial discovery to the defendant and the parties have already filed numerous non-capital pretrial motions (although the United States understands the defendant should have the opportunity to amend and/or supplement those motions in light of the notice).

The fourth factor also favors less delay because the capital charge – kidnapping resulting in death – is a straightforward charge occurring over a discrete period of time. The fifth factor also favors less delay. The October of 2017 indictment listed the same statutory aggravating factors as did the notice. Further, the aggravating factors merely tracked the language of the statute. While the notice added some non-statutory

aggravating factors, these are relatively straightforward. The United States cannot analyze the sixth factor, as it is unaware of the nature of the defense. Nonetheless, the United States would note that the mental capacity defenses that are raised in other cases, *see, e.g., Atkins v. Virginia*, 536 U.S. 304, 321, (2002) (holding Eighth Amendment prohibits "the execution of mentally retarded criminals"); *Ford v. Wainwright*, 477 U.S. 399, 410, (1986) (holding Eighth Amendment prohibits "the penalty of death upon a prisoner who is insane"), do not appear readily viable in this case.

This brings us to the second factor, which begs the question: what is a reasonable time between the notice and trial based on the foregoing factors? The Eleventh Circuit held, based on the circumstances of that case, that six months was a reasonable time between the notice and trial. *Wilk*, 452 F.3d at 1222 (finding that six months between the notice and trial "was clearly adequate to prepare a death defense in this case"). The Fourth Circuit held that seven months provided reasonable time to prepare for trial. *United States v. Breeden*, 366 F.3d 369, 375 (4th Cir. 2004). The Ninth Circuit found that ten months between notice and trial provided the defendant in that case adequate time to prepare for a capital trial. *Williams,* 2009 WL 613046, at *2.

Various district courts have likewise held that four to five months between notice and trial provides a defendant in a capital case with reasonable time to prepare. *See, e.g., Johnson v. United States*, 860 F. Supp. 2d 663, 792 (N.D. Iowa 2012) (" Johnson cannot assert a viable claim that the death notice was too late by the end of January 2002 for a trial set May 6, 2002"); *United States v. Ponder*, 347 F. Supp.2d 256, 270 (E.D. Va. 2004) (four months' notice before trial was reasonable); *United States v. Le*, 311 F.Supp.2d 527,

534-35 (E.D.Va. 2004) (113 days' notice is reasonable). District courts have found that lesser periods of time between notice and trial, however, were unreasonable. *See, e.g., United States v. McGriff*, 427 F. Supp. 2d 253, 269 (E.D.N.Y. 2006) ("The Court has no difficulty concluding that 12 days is not an objectively reasonable amount of time to prepare for a capital case"); *United States v. Hatten*, 276 F. Supp. 2d 574, 579 (S.D. W.Va. 2003) (36 days' notice unreasonable).

In preparation for filing this motion, the United States consulted with the Department of Justice Capital Case Section and other prosecutors who have been involved in capital cases. Based on those consultations and after considering the totality of the circumstances, the United States submits that a trial date starting on or around October 16, 2018 -- approximately nine months after the Section 3593(a) notice was filed – would balance the concerns of the victim's family and the public in the speedy resolution of justice and the defendant's need for adequate time to prepare for trial.

To explain how it arrived at this proposed start date, the United States includes herein a possible scheduling order setting deadlines to ensure the parties are ready to proceed to trial in October of 2018. The United States understands that, at this point, the proposed schedule is likely over-inclusive (*i.e.,* the parties may not elect to file the listed motions) and under-inclusive (*i.e.,* there may be additional motions the parties would elect to file), especially since it is unaware of any defense. Nonetheless, the United States believes this provides a good framework for discussions between the Court and the parties at the status hearing scheduled on February 12, 2018.

Additionally, the United States would note that a main reason for the nine-month delay is to address any potential mental health defenses. If the defendant should choose not to raise such a defense, the schedule arguably could be condensed.

| | |
|---|---|
| March 16, 2018 | • Government disclosure to defendant of expected evidence in support of aggravating factors.<br><br>• Government supplemental disclosure to defendant of expert witnesses in case-in-chief. |
| April 13, 2018 | • Defendant disclosure to government of non-Rule 12.2 expert witnesses, including rebuttal experts.<br><br>• New and amended pretrial motions due (other than motions in limine)<br>  • Discovery motions.<br>  • Constitutional challenges to Federal Death Penalty Act.<br>  • Challenges to Indictment or Notice of Intent.<br>  • Legal challenges to validity of aggravating factors.<br>  • Challenges to grand jury venire.<br>  • Motions attacking institution of prosecution.<br>  • Factual challenges to validity of aggravating factors.<br>  • Bill of particulars.<br>  • Motions to suppress evidence.<br>  • Change of venue.<br>  • Challenges, including *Daubert* challenges, to government expert witnesses |
| May 4, 2018 | • Defendant's deadline to give notice of intent to offer *Atkins* defense or Rule 12.2 evidence during the guilt and/or penalty phase. |
| May 11, 2018 | • Government's motion to examine defendant pursuant to defendant's notice of intent to offer *Atkins* defense or Rule 12.2 evidence during the guilt and/or penalty phase. |
| May 25, 2018 | • Responses to pretrial motions.<br><br>• Government disclosure of rebuttal experts, challenge to defense expert witnesses, and response to defendant's challenge to government experts |

| | |
|---|---|
| | • Court to provide proposed Juror Questionnaire to parties, as well as jury selection procedures and voir dire process. |
| June 1, 2018 | • Parties' objections to Court's proposed Juror Questionnaire. |
| June 15, 2018 | • Parties' response to objections to Court's proposed Juror Questionnaire.<br><br>• Defendant's challenges to government rebuttal witnesses and response to government's challenge to defense experts<br><br>• Parties' replies to responses to pretrial motions, with prior leave of Court. |
| June 22, 2018 | • Hearing on pretrial motions and Court's proposed Juror Questionnaire. |
| June 29, 2018 | • Parties to submit proposed jury instructions and objections to Court's jury selection procedures and voir dire process. |
| July 6, 2018 | • Juror Questionnaires to be mailed out. |
| July 13, 2018 | • Parties to submit objections to proposed jury instructions and responses to objections to jury selection procedures and voir dire process.<br><br>• Deadline for completion of government testing based on defendant's notice of intent to offer *Atkins* defense or introduce Rule 12.2 evidence during the trial and/or penalty phase. |
| July 27, 2018 | • Status conference on jury instructions, jury selection procedures, and voir dire process. |
| August 3, 2018 | • Motions in limine due.<br><br>• Completed Juror Questionnaires to be provided to parties. |
| August 31, 2018 | • Responses to motions in limine due. |
| September 14, 2018 | • Replies to responses to motions in limine due, with prior leave of Court.<br><br>• Trial memoranda and/or statements of case due. |
| September 21, 2018 | • Parties' motions to strike potential jurors for cause based on their answers to the Juror Questionnaire due. |
| September 24, 2018 | • Pretrial conference<br>   • Hearing on motions in limine.<br>   • Hearing on parties' motions to strike potential jurors for cause.<br><br>• Jury instruction conference. |

|  | - Parties' witness and exhibit lists due. |
|---|---|
|  | - Government's Jencks Act materials due (under seal). |
| October 5, 2018 | - Final pretrial conference, if necessary. |
| October 9, 2018 | - Jury orientation. |
| October 10, 2018 | - Jury selection begins. |
| October 16, 2018 | - Trial begins. |

## ANTICIPATED LENGTH OF THE TRIAL

Without knowing the defense, if any, the United States can only estimate how long it believes it will take to put on its case-in-chief for the guilt phase of the trial. The United States believes it can present its evidence in its case-in-chief in approximately two weeks. In discussing the penalty phase with prosecutors who have experience in capital cases, the United States anticipates that the penalty phase, if necessary, may take approximately three weeks.

WHEREFORE the United States of America respectfully requests that the Court schedule the start of the jury trial of this matter in October of 2018.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
eugene.miller@usdoj.gov


s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

              s/ Eugene L. Miller
              Eugene L. Miller, Bar No. IL 6209521
              Assistant United States Attorney
              201 S. Vine St., Suite 226
              Urbana, IL 61802
              Phone:  217/373-5875
              Fax:  217-373-5891
              eugene.miller@usdoj.gov