UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

MOTION TO UNSEAL DOCKET ENTRY # 32

Counsel moves the Court to enter an Order unsealing Docket Entry # 32, which was sealed by the Court on November 7, 2017. On January 15, 2018, Mr. Christensen filed a motion to allow counsel access to Docket Entry # 32 "both to determine whether the document is properly sealed and, more important, the potential impact the document may have on issues previously presented or likely to be presented in the future in this case." (R. 37 at 6) On January 18, 2018, the Court granted Mr. Christensen's motion for counsel to have access to the sealed document filed at Docket Entry # 32. Based on counsel's review of the document, he requests the Court unseal Docket Entry # 32 as it affects the disposition of matters in this litigation and is therefore presumptively open to the public.

The document impacts both issues presented to the Court at the time it was filed and sealed, and issues pending now. Mr. Christensen is simultaneously filing a motion to recuse the Court based on the appearance of partiality that has arisen from the

contents of the document and the Court's action in preventing counsel from viewing the document earlier.

Public access to judicial documents is protected by a common law right of access and is "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). The Supreme Court has consistently recognized this right of public access. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (internal citation omitted)(it is "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Smith v. United States District Court for the Southern District of Illinois*, 956 F.2d 647, 649-50 (7th Cir. 1992) ("The federal common law right of access to judicial records and documents is well recognized.").

This "[a]ccess to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *United States v. Hubbard,* 650 F.2d 293, 314-15 (D.C. Cir. 1981), and permits the public to monitor the actions of both the court and the government, especially in matters of public interest. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *Lugasch v. Pyramid Co.*, 435 F.3d at 119; *Smith v. District Court*, 956 F.2d at 650 ((common law right of access enables "the citizenry to appraise the judicial branch.")**.**

The values protected by the common law right of access to judicial records are similar to those underlying provisions of both the First and Sixth Amendments. *See Met Life, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)("Like the First Amendment, then, the right of inspection serves to produce an 'informed and

enlightened public opinion'"), *quoting United States v. Mitchell*, 551 F.2d 1253, 1258 (D.C. Cir. 1976)(internal citation omitted), *rev'd on other grounds sub nom. Nixon v. Warner*, 435 U.S. 589 (1978); *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991)(Absent compelling reasons otherwise, "[t]he First Amendment guarantees the press and the public a general right of access to court proceedings."). "And, like the public trial guarantee of the Sixth Amendment, the common law right of access serves to 'safeguard against any attempt to employ our courts as instruments of persecution,' to promote the search for truth, and to assure 'confidence in ... judicial remedies.' *Metlife, Inc.*, 865 F.3d at 665, *quoting United States v. Mitchell, supra*.

The right of access applies to pretrial proceedings, *Smith v. District Court*, 956 F.2d at 650. Although countervailing interests may prevail in limited circumstances, there is a "strong presumption in favor of public access to judicial proceedings." *Hubbard*, 650 F.2d at 317; *Hardaway v. D.C. Housing Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016); *see also United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989).

> "This presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

*Press-Enterprise Co. Superior Court of California, Riverside County*, 464 U.S. 501, 510 (1984); *see also Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606–07 (1982)("Where ... the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a

3

compelling governmental interest, and is narrowly tailored to serve that interest."); *Lugosch v. Pyramid*, 435 F.3d at 120 ("[d]ocuments may be sealed if specific on-the-record findings are made, demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."), *quoting In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991)("compelling reasons" required to overcome the right of access to judicial documents."); *see also* Local Rules Central District of Illinois, Criminal Rule: 49.9(A)(2) (disapproving as a general matter of filing documents under seal and requiring an explanation of why proposed sealed documents meets legal standards for closure).[1]

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). "This transparency 'enable[s] interested members of the public . . . to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties.'" *City of Greenville, Ill. V. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (quoting *Goesel v. Boley International (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (chambers opinion)).

The Court viewed the document before making the decision to file it under seal, without access to the parties. The document related to matters pending before the Court

---

[1] Local Rules 49.9(B) and (C) suggest that the same standards apply to ex parte documents and documents submitted for in camera review.

at the time it was filed. Additionally, the document affects the disposition of Mr. Christensen's motion to recuse the Court. The document, and the Court's handling of the document, forms the basis of the motion. The public cannot understand the motion to recuse without access to the document that forms the basis of the motion. Indeed, the motion to recuse itself must be filed under seal as it by necessity discusses the sealed document contained in Docket Entry # 32.[2] Because the document affects the litigation in this case, it is presumptively open to the public. Mr. Christensen is aware of no statute, rule or privilege that justifies keeping the document filed at Docket Entry # 32 sealed. As the Court has made no specific finds justifying sealing the document (it does not appear that anyone asked that the document be kept secret), it must be unsealed.

     For the above reasons, counsel moves the Court to enter an Order unsealing Docket Entry #32.

---

[2] Should the Court grant the motion to unseal Docket Entry # 32, it should also unseal the motion to recuse.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/Elisabeth R. Pollock  /s/ George Taseff
Assistant Federal Defender  Assistant Federal Defender
300 West Main Street  401 Main Street, Suite 1500
Urbana, IL 61801  Peoria, IL 61602
Phone: 217-373-0666  Phone: 309-671-7891
FAX:   217-373-0667  Fax:     309-671-7898
Email: Elisabeth_Pollock@fd.org  Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org