E-FILED
Friday, 09 February, 2018  11:39:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | Case No. 17-20037 |

RESPONSE TO THE GOVERNMENT'S PROPOSED START DATE FOR TRIAL

Counsel for Defendant Brendt Christensen respectfully submits the following Response to the Government's Proposed Start Date for the Trial (R. 58) in this cause:

1.      On February 1, 2018, this Court ordered the parties to file a document containing a proposed start date for trial and an estimate of the trial's length. (Text Order 02/01/2018) Both the government and Mr. Christensen complied with that Order on February 7, 2018, albeit with much different proposals. (R. 58, 59) The government suggests a trial date of October 16, 2018, almost exactly 12 months from the filing of the death-eligible indictment and approximately nine months after the Notice of Intent (NOI) was filed. (R. 58, pg. 5) The defendant suggests a trial date of June 18, 2019, approximately 20 months from the filing of the death-eligible indictment and approximately 17 months after the NOI was filed. (R. 59, Exh. A)

2.      The government's analysis utilized a totality of the circumstances approach in determining what a reasonable time is to proceed to trial after a notice is filed under 18 U.S.C. § 3593(a), citing to six factors elucidated in *United States v. Wilk*, 452 F.3d 1208, 1221

1

(11th Cir. 2006), including: (1) what transpired in the case before the formal notice was filed; (2) the period of time between the notice and trial; (3) the status of discovery and motions in the proceedings; (4) the nature of the charges in the indictment; (5) the nature of the aggravating factors claimed to support the death penalty; and (6) the anticipated nature of the defense, if known.

3.      Mr. Christensen's Memorandum (R. 59) evaluated each of the aforementioned factors in significant detail, with the exception of number 6, the anticipated nature of the defense. As expressed in our Addendum to the Memorandum, that information simply cannot be identified at this time since counsel has not had the opportunity to develop a strategy given the time constraints described therein. Prior to reviewing the government's Proposal, counsel had not intended to barrage the Court with additional pleadings prior to the February 12th pretrial, however, one portion of the government's pleading requires a reply.

4.      A significant portion of the government's argument was spent evaluating the second factor in the *Wilk* analysis, i.e. the appropriate length of time between NOI and trial. In the context of evaluating that factor, the government cited to several cases which appear to approve of anything from four to ten months as wholly reasonable time frames in which to prepare a capital defense. (R. 58 pp. 4-5) However, the referenced case citations omit important facts, do not provide a full and complete picture for the Court, and require elaboration as explained below:

A.      *United States v. Breeden,* 366 F.3d 369 (4th Cir. 2004)

The government cites *Breeden* for the proposition that seven months is a reasonable time to prepare for a capital trial. *Id.* at 375. The underlying district court case occurred in

2

the Western District of Virginia (Case Number 03-CR-13). In *Breeden*, the death-eligible indictment was filed on February 5, 2003. (See Exhibit A – Docket Sheet from 03-CR-13, R. 10) The NOI was filed 5½ months later, on July 15, 2003. (Exh. A, R. 68) The defendant challenged the NOI and failed, both in the district court and on appeal, although litigation did not stop while the appeal was pending. (Exh. A, pp. 9-19) Jury selection began on September 27, 2004, 14½ months after the NOI was filed. (Exh. A, R. 515) So although the Fourth Circuit affirmed the denial of the defendant's motion to strike the NOI, the reality of litigating a capital trial meant that even in light of the court's approval of a seven-month time frame, twice that amount of time was required when all was said and done.

B.     *United States v. Williams*, 2009 WL 613046 *1 (9th Cir. 2009)

In *Williams,* the Ninth Circuit similarly rejected the defendant's motion to dismiss the NOI as untimely. *Id.* at *2. The government cites to this case to show that a ten-month delay between a NOI and a trial date is reasonable under the statute. (R. 58, pg. 4) Again, the language in the appellate decision is wholly inconsistent with what actually happened in the case before the trial court. In this case, which took place in the Central District of California (Case Number 05-CR-920), the death eligible indictment was filed on September 21, 2005. (See Exhibit B – Docket Sheet from 05-CR-920, R. 15) The NOI was filed over 2½ *years* later, on May 29, 2008. (Exh. B, R. 419) The defendant moved to dismiss the NOI as untimely and failed, both in the district court and on appeal; here, as in *Breedon,* the litigation did not stop while the appeal was pending. (Exh. B, pp. 23-47) The jury trial began on February 9, 2010, approximately 4½ years after indictment and 21 months after the NOI was filed. (Exh. B, R. 1405)

C.      *Johnson v. United States*, 860 F. Supp. 2d 663, 792 (N.D. Iowa 2012)

The government posits that four to five months between NOI and trial provides the defense a reasonable time to prepare for a capital case. (R. 58, pg. 4) In support, it cites to *Johnson,* a ruling on a 2255 Motion that spans hundreds of pages and raised over 60 claims of error, for the proposition that the defendant "cannot assert a viable claim that the death notice was too late by the end of January 2002 for a trial set May 6, 2002." *Id.* Without examining the entirety of that decision, and the myriad other appellate decisions concerning this defendant, it is necessary, if not ironic, to point out that the Johnson's conviction was reversed in part because trial counsel failed to adequately investigate, prepare, and present expert mental health testimony in the mitigation phase. *Johnson,* 860 F. Supp. 2d at 884. This is precisely the problem identified by undersigned counsel should this case proceed to trial prematurely, before an adequate mitigation investigation can be conducted. Additionally, the time frames referenced by the government are again misleading. In the underlying litigation (Northern District of Iowa, Case Number 01-CR-3046), the death eligible indictment was filed on August 30, 2001. (See Exhibit C – Docket Sheet from 01-CR-3046, R. 1) The NOI was filed on April 25, 2002, approximately 8 months later. (Exh. C, R. 49) The jury trial ultimately commenced on May 5, 2005, three *years* after the NOI was filed. (Exh. C, R. 467)

D.      *United States v. Ponder*, 347 F. Supp.2d 256, 270 (E.D. Va. 2004)

According to the government, four months is sufficient notice between a NOI and trial in a capital case based on *Ponder*. (R. 58, pg. 4) In *Ponder,* Case Number 04-CR-103 out of the Eastern District of Virginia, the defendant was indicted on July 21, 2004. (See Exhibit D – Docket Sheet from 04-CR-103, R. 10) A Superseding Indictment was filed on

November 4, 2004, and the NOI was filed on November 18th. (Exh. D, R. 20, 21) After the

NOI was filed, the defendant attempted to strike it as untimely. (Exh. D, R. 21) He failed,

as noted in the decision cited above. However, the NOI was withdrawn by the

prosecution soon after, and a plea was entered on January 3, 2005. (Exh. D, R. 35, 37)

Because the case never proceeded to a capital trial, it is impossible to know how much

time would actually have elapsed between the NOI and the trial date.

E.      *United States v. Le*, 311 F.Supp.2d 527, 534-35 (E.D.Va. 2004)

Citing to another case from the Eastern District of Virginia (Case Number 03-CR-

48), the government asserts an additional short timeline as appropriate, that being 113

days between the filing of the NOI and the scheduled trial date. (R. 58, pp. 4-5) But similar

to the defendant in *Ponder,* the defendant in this case never went to trial. In *Le,* the

defendant was initially indicted on January 30, 2003. (See Exhibit E – Docket Sheet from

03-CR-48, R. 1) A Superseding Indictment was filed on September 25, 2003, and a Second

Superseding Indictment was filed on December 4, 2003. (Exh. E, R. 16, 83) The first NOI

was filed on February 27, 2004. (Exh. E, R. 266) After several rounds of additional

superseding indictments (5 in total), amended NOIs, and multiple attempts to strike the

NOIs, the defendant pled guilty on October 8, 2004, 3½ months after the approved trial

date with 113 days' notice was scheduled (June 22, 2004). *Le,* 311 F. Supp. 2d at 533; Exh.

E, R. 524.

5.      What is clear from these cases is that although a district court or an appellate

court may not agree to strike a NOI based on four to ten months' notice prior to trial, that

in no way means that a capital case will necessarily proceed in that time frame. The cases

cited by the government make clear that an October 2018 trial date in this case is not

reasonable. Of the five cases cited by the government three went to trial: *Breeden, Williams*, and *Johnson*. The average period of time between the filing of the death-eligible indictment and the commencement of trial in those cases is approximately 38 months. Far from supporting an October trial date, these cases establish the reasonableness of the defense's request for a trial date of June 18, 2019.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By:    /s/Elisabeth R. Pollock                   /s/ George Taseff
       Assistant Federal Public Defender         Assistant Federal Public Defender
       300 West Main Street                       401 Main Street, Suite 1500
       Urbana, IL 61801                           Peoria, IL 61602
       Phone: 217-373-0666                        Phone: 309-671-7891
       FAX:   217-373-0667                        Fax:    309-671-7898
       Email: Elisabeth_Pollock@fd.org            Email: George_Taseff@fd.org

       /s/ Robert Tucker
       Robert L. Tucker, Esq.
       7114 Washington Ave
       St. Louis, MO 63130
       Phone: 703-527-1622
       Email: roberttuckerlaw@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also

mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org