UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION FOR RECUSAL UNDER 28 U.S.C. § 455(a)

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, pursuant to this Court's order of February 8, 2018, and hereby responds to the defendant's motion for recusal under 28 U.S.C. § 455(a). (R.63) For the reasons stated herein, the United States requests that this Court deny the defendant's request that the Court recuse itself.

### FACTUAL AND PROCEDURAL HISTORY

The original indictment alleged that the defendant kidnapped the victim on June 9, 2017, in Champaign County, which is located in the Urbana Division of the Central District of Illinois. (R.13) The superseding indictment alleged that this kidnapping resulted in the death of the victim. (R.26) Therefore, the indictments were filed in the Urbana Division of the Central District of Illinois and assigned to this Court.

On October 24, 2017, the defendant moved to continue the scheduled February 2018 trial date of this matter. (R.29) On November 2, 2017, the United States filed a response opposing the defendant's motion to continue. (R.30) On November 7, 2017, this Court received an unsolicited, signed letter from an address in the Urbana Division asking the Court to hold firm to the February 2018 trial date. (R.32) The Court filed the letter under seal to protect the privacy of the author of the letter. (R.52) On November 15, 2017, without considering the unsolicited letter, the Court denied the defendant's motion to continue, inviting the parties to file a new motion to continue if the United States later elected to seek a sentence of death. (R.34,52)

On January 15, 2018, the defendant filed a motion seeking access to the sealed letter (R.37), which the Court granted on January 18, 2018. (R.52) On January 19, 2018, the United States filed its notice of intent to seek a sentence of death. (R.54) On January 23, 2018, the defendant filed a second motion to continue the February 2018 trial (R.55), which the Court granted on February 12, 2018. On February 7, 2018, the defendant requested a June 2019 trial date and filed a contemporaneous motion requesting that this Court recuse itself under 28 U.S.C. § 455(a). (R.63) The recusal motion alleges that this Court's prior rulings resulted in "the appearance of partiality." (R.63)[1] More specifically, the defendant claims that (1) the Court improperly filed the

---

[1] The defendant filed its motion under seal because the unsolicited letter was still under seal. Therefore, the United States has filed its response under seal. Nonetheless, the United States does not object to the defendant's motion to unseal the unsolicited letter, if redacted. (R.62) If the motion to unseal is granted, the United States would expect that both the defendant's motion for recusal and the government's response would be unsealed, as well.

"ex parte" letter under seal; (2) the Court improperly denied the defendant's motion to continue based on the public's right to a speedy trial; and (3) "[t]his series of events would lead any reasonable, well-informed observer to question the Court's partiality." (Def.Mot.17) The defendant's motion to recuse is based on faulty premises, and therefore, without merit. Thus, it must be denied.

## APPLICABLE LAW

According to the applicable recusal statute, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.§ 455(a). In plain language, a party seeking a judge's removal from a case must demonstrate that the judge appears to be biased. *In re Bergeron*, 636 F.3d 882, 883 (7th Cir. 2011). A defendant bears the burden of presenting "compelling evidence" of the appearance of bias so that a reasonable person would be convinced the judge is biased. *United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015); *see also United States v. Dehghani,* 550 F.3d 716, 721 (8th Cir. 2008) ("Because a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'"); *U.S. ex rel. Jones v. Chrans*, 187 F. Supp. 2d 993, 1011 (N.D. Ill.), *aff'd sub nom. Jones v. Briley*, 49 F. App'x 623 (7th Cir. 2002) ("Judges, however, are presumed to be impartial, and this presumption can only be rebutted with specific facts demonstrating judicial prejudice or bias.").

As used in Section 455(a), "partiality" does not refer to all favoritism, but only to wrongful or inappropriate favoritism. *Liteky v. United States*, 510 U.S. 540, 552 (1994). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality

motion." *Id.* at 555. Additionally, opinions formed by a judge on the basis of facts introduced or events occurring in the course of the proceedings are not a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.*

"To deter unhappy litigants from abusing the recusal statute and to promote faith in the judicial system, courts have emphasized that a judge has as much an obligation not to recuse himself where there is no reason to do so as he does to recuse himself when proper." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citing *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994)). *See also United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). As stated more fully below, the defendant has presented no evidence of the appearance of bias, let alone presented "compelling evidence" of bias. Thus, this Court has an obligation not to recuse itself.

## ARGUMENT

I. **The Court's Filing And Sealing Of The Letter Does Not Establish Any Bias.**

    A.     The letter was not an "ex parte communication."

The lynchpin of the defendant's argument is that the Court should not have filed under seal an unsolicited letter, which the defendant refers to as an "ex parte communication," that the Court received from a non-party. (Def.Mot.12-14). Such a claim is not well-grounded in law or fact because, as an initial matter, the letter was not an ex parte communication.

An ex parte communication is defined as a "communication between counsel and the court when opposing counsel is not present." *Jordan v. U.S. Dep't of Labor*, 273 F.

4

Supp. 3d 214 n.19 (D.D.C. 2017) (quoting Black's Law Dictionary (10th ed. 2014)); *see also United States v. Freeman*, No. 10–20635, 2011 WL 2669664, * 8 (E.D. Mich. July 8, 2011) (quoting Black's Law Dictionary (9th ed. 2009)). Similarly, the term "ex parte" itself means "[o]n one side only; by or for one party; done for, in behalf of, or on the application of, one party only." *United States v. Forbes*, 150 F. Supp. 2d 672, 677 (D.N.J. 2001) (quoting Black's Law Dictionary (6th ed. 1990)); *see also Slevin v. Bd. of Commissioners for the Cty. of Dona Ana*, No. 08-CV-1185 MV/DJS, 2012 WL 13005331, at *3 (D.N.M. Mar. 7, 2012) (slip opinion) (rejecting defendant's motion to recuse under Section 455(a) and finding alleged ex parte discussions were not actually ex parte).

The letter was not a communication between counsel and the Court when opposing counsel was not present; it was an unsolicited letter to the Court from a member of the community. As such, it was not an ex parte communication: it was a non-party communication. The United States is not aware of any rule requiring the Court to disclose all non-party communications to counsel.[2] In fact, if the law required federal judges to notify counsel every time they opened a piece of unsolicited mail, their dockets would be clogged with irrelevant, non-party filings.

A district court denied a similar request for recusal after the Court received an unsolicited letter that it did not disclose to the parties for a period of time:

> The record shows that throughout this proceeding, even the most innocuous and insignificant events takes on sinister meaning to defendant and that such insignificant events find their way into a motion to recuse.

---

[2] It is not clear that the Court was required to file the unsolicited, non-party letter in the criminal case. Its decision to do so immediately upon receipt of the letter contradicts, rather than reinforces, the defendant's claim that this action made the Court appear biased.

> Thus, in December 2007, defendant filed his Second Writ of Mandamus in which he found evidence of conspiracy and judicial bias in the way this Court "sat on" an immaterial, unsolicited letter mailed to it by one Gerald Schiller. The Court disclosed said letter to all counsel 16 days later . . . . As this Court stated at that time, the Schiller letter had no bearing on the Cour'"s ruling with regard to the innominate jury selection, as defendant contended, but defendant nevertheless perceived some plot at work, and made this "failure to disclose the letter" incident into the leading accusation of his Second Writ of Mandamus in the Court of Appeals.

*United States v. Wecht*, No. CRIM. 06-0026, 2008 WL 2048350, at *17–18 (W.D. Pa. May 8, 2008) (citations omitted) (noting Court of Appeals rejected defendant's recusal argument). In the instant case, the Court's innocuous receipt and filing under seal of an unsolicited letter from a non-party that had no effect on any ruling does not create the appearance of impropriety.

    B.    The Code of Judicial Conduct does not require recusal.

After mischaracterizing the letter as an ex parte communication, the defendant compounds his error by alleging that the Court violated Canon 3(A)(4) of The Code of Judicial Conduct by failing to immediately disclose the letter to the defendant. (Def.Mot.12-13) This argument is without merit because Canon 3(A)(4) only applies to ex parte communications. The defendant's error is demonstrated by the very case it cites as a "textbook example" of handling an ex parte communication. *In re S.D. Benner III, L.L.C.,* No. DG 11-08112, 2014 WL 4536645, at *1 (Bankr. W.D. Mich. Sept. 9, 2014). In *Benner,* the unsolicited e-mails at issue in the bankruptcy proceeding came directly from the debtor, Benner, who undoubtedly was a party to the proceeding. *Id.* ("the emails put the court and all parties, including Mr. Benner, in a difficult position"). Thus, the

bankruptcy court correctly characterized the e-mails as ex parte communications. This is not the case here because the letter was not authored by a party to the proceeding.

Moreover, even if Canon 3(A)(4) applied, the Court did not violate it. The Canon states, in relevant part:

> Except as set out below, a judge should not initiate, permit, or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized *ex parte* communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

Code of Conduct, at Canon 3(A)(4). As it expressly noted, the Court did not consider the letter in making any ruling. Moreover, the parties had every opportunity to address the scheduled trial date referenced in the letter. The defendant filed an exhaustive motion to continue the trial, which laid out the defense arguments. (R.29) After the government objected to the defendant's requested continuance based on the public's right to a speedy trial, the Court granted the defendant's request to file a reply further addressing that issue, even though replies are generally disfavored. (R.33) Furthermore, the Court later remedied any alleged violation of Canon 3(A)(4) by making the unsolicited letter available to the parties. (R.52) Thus, the defendant was not denied any opportunity to address the substance of its motion to continue, nor did the Court violate the Code of Judicial Conduct.

Even if the defendant could demonstrate a violation of the Code of Judicial Conduct, recusal would still be inappropriate. Violation of the Code does not constitute automatic grounds for recusal or other discipline. *See, e.g., In re Complaint of Judicial*

7

*Misconduct*, 575 F.3d 279, 292 (3d Cir. 2009); *In re Charge of Judicial Misconduct*, 91 F.3d 1416, 1418 (10th Cir. 1996) (violating a Canon does not constitute judicial misconduct). Given that (1) no ex parte communication occurred; (2) the Court did not solicit the non-party letter or consider it in making any ruling; and (3) the Court filed the letter and later made it available to the parties, no reasonable outside observer could possibly conclude that the Court's handling of the letter gave the appearance that the Court was biased.

II.    **The Court's Denial Of The Defendant's Motion To Continue Is Not Grounds For Recusal.**

The defendant next contends that the Court must recuse itself because it denied the defendant's second motion to continue, and in doing so, ignored the official policy of the Judicial Conference of the United States. (Def.Mot.14-17) The defendant overstates the merits of his second motion to continue. He argues that his motion to continue should have been granted, and since it was not, this is evidence that the Court is biased against him. This self-serving argument is directly contrary to controlling authority.

As the Supreme Court has held, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that, the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be." *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989); *see also Spangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1332–33

(S.D. Ind. 1991) ("[I]t is axiomatic that a motion to recuse because of the appearance of partiality may not be based merely upon unfavorable judicial rulings regardless of the correctness of those rulings."); *United States v. Phillips*, 664 F.2d 971, 1003 (5th Cir. 1981) ("a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case"), *cert. denied*, 457 U.S. 1136, (1982); *United States v. Intern. Bus. Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980) ("under section 455(a) the bias to be established must be extrajudicial and not based upon in-court rulings").

"Judges have discretion in running their cases, and '[a] judge's ordinary efforts at courtroom administration . . . remain immune' from charges of partiality, even if the judge exhibits 'impatience, dissatisfaction, annoyance, and even anger.'" *In re City of Milwaukee*, 788 F.3d 717, 723 (7th Cir. 2015) (quoting *Liteky*, 510 U.S. at 555–56). "Attorneys and parties who disagree with a judge's assessment of their positions have many remedies and protections, but recusal is not one of them except in extreme cases . . . ." *Id.*; *see also Spangler*, 759 F. Supp. at 33 ("Any legal, logical or factual errors this court has made may be corrected on appeal and do not create the appearance of partiality.").

This is not an extreme case warranting recusal. The Court is charged with balancing competing interests when weighing a motion to continue – including weighing the public's and the defendant's right to a speedy trial with defense counsel's request for a lengthy delay of the trial. (R.30) It is the Court, not counsel, who is charged with determining the trial calendar. *See* 18 U.S.C. § 3161. As did his second motion to continue, the defendant's recusal request downplays the clear interest the public and

9

the victim's family have in the speedy administration of justice. *See* 18 U.S.C. § 3161(c)(1) (Speedy Trial Act); 18 U.S.C. § 3771(a)(7) (Crime Victims' Rights Act); *see also United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005). § 3161(c)(7)(A). No reasonable outside observer could possibly conclude that the Court's denial of the defendant's second motion to delay the trial (especially in light of the Court granting the defendant's first and third motions to continue) gave the appearance that the Court was biased against the defendant. If this were true, then the Court's granting of the defendant's third motion to continue, including scheduling a 2019 trial date over the objection of the United States, would give the appearance that the Court is biased against the government. Simply to state the proposition is to demonstrate the weakness of the defendant's argument.

Unfortunately, the recusal motion appears to be consistent with a stated defense strategy[3] of filing multiple motions to obtain the defendant's requested trial schedule rather than based on any merit under Section 455(a). In fact, the defendant filed his motion to recuse contemporaneously with his request for a June of 2019 trial date, implying that the Court would be demonstrating further "bias" if it failed to grant him his requested relief. A district court in Puerto Rico rejected a recusal motion filed under similar circumstances:

---

[3] During meetings between the parties to attempt to agree to a joint proposed scheduling order, upon information and belief, defense counsel told the United States that if the defendant did not receive his requested continuance he would simply raise "a ruckus" and inject error into the record until he did.

> [DeCastro's] statement that he "just wants to stir the pot" appears to indicate a desire on his part to manipulate the proceedings, rather than objective knowledge of an actual bias by the undersigned, or objective knowledge that his impartiality might reasonably be questioned.
>
> The Court interprets this evidence of defendant De Castro's early intention to raise an allegation of bias as additional evidence suggesting that defendant De Castro filed the motion for improper strategic and pretextual reasons, both because he "want[ed] to stir the pot" and because he did not file the motion until after the denial of his motion for a continuance.
>
> Though case law would support a finding that the recusal motion was not timely filed, defendant De Castro's motion for recusal, even if found to be timely, appears to have been pretextual, motivated primarily by a desire to delay the trial case, given his awareness of the bases cited in the motion even prior to the indictment in this case. *See In re United States*, 441 F.3d at 65 ("courts will reject what appear to be strategic motions to recuse a judge whose rulings have gone against the party.") The recusal motion is nothing more than a pretext.

*United States v. De Castro-Font*, 587 F. Supp. 2d 353, 359 (D.P.R. 2008).

## CONCLUSION

The defendant's recusal motion, filed contemporaneously with his motion for a 2019 trial date, is without merit. The unsolicited letter the Court received, filed, and ultimately made available to the parties was not an ex parte communication, nor did the Court violate Canon 3(a)(4) of the Code of Judicial Conduct, as alleged by the defendant. Regardless, the Court's handling of the letter did not create the appearance of bias. Moreover, the Court's prior, justified denial of the defendant's second motion to continue also did not create any appearance of bias under Section 455(a). The defendant's motion is without merit and must be denied.

11

WHEREFORE the United States of America respectfully requests that the Court deny the defendant's motion for recusal under 28 U.S.C. § 455(a).

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
eugene.miller@usdoj.gov

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
bryan.freres@usdoj.gov

s/James B. Nelson
James B. Nelson, Bar No. NV 9134
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone:  202/598-2872
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                            s/ Eugene L. Miller  
                                            Eugene L. Miller, Bar No. IL 6209521  
                                            Assistant United States Attorney  
                                            201 S. Vine St., Suite 226  
                                            Urbana, IL 61802  
                                            Phone:  217/373-5875  
                                            Fax:  217-373-5891  
                                            eugene.miller@usdoj.gov