## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

### THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION TO UNSEAL DOCKET ENTRY #32 AND MOTION TO STRIKE DOCKET ENTRY #60

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Trial Attorney with the Department of Justice, pursuant to this Court's order of February 8, 2018, and hereby states that it has no objection to the defendant's motion to unseal docket entry #32. (R.61) Moreover, for many of the same reasons, the United States hereby requests that the Court unseal docket entries #52 and #63 and the government's response to the defendant's motion for recusal, and also strike Docket Entry #60, which was filed by the defendant under seal, or in the alternative, unseal it and allow the United States to file a response.

**RELEVANT FACTS**

On November 7, 2017, this Court filed a document under seal to protect the privacy of the author of the document. (R.32,52) The document did not have any impact on any ruling of this Court. (R.52) On January 15, 2018, the defendant filed a motion seeking access to the sealed document (R.37), which this Court granted on January 18, 2018. (R.52)

On February 7, 2018, the defendant filed a motion to unseal docket entry #32. (R.61) On that same date, the defendant filed a contemporaneous motion requesting that this Court recuse itself (R.63) and requesting a trial date in June of 2019 (R.59). The defendant's trial scheduling request was supported by a document filed under seal by the defendant. (R.60) The Court ordered the United States to respond to the defendant's motion to unseal and motion for recusal by February 15, 2018. The United States has responded to the defendant's motion for recusal in a separately filed response.[1] It hereby states that it is has no objection to the defendant's motion to unseal docket entry #32.

**RESPONSE**

In his motion to unseal, the defendant correctly notes that the public has a general right of access to judicial records. The United States disagrees, however, with

---

[1] The defendant filed its recusal motion under seal because docket entry # 32 was still under seal. (R.62) Therefore, the United States is required to file its response to the sealed recusal motion under seal. Nonetheless, because the United States does not object to the defendant's motion to unseal docket entry # 32, if appropriately redacted, the United States requests that both the defendant's motion for recusal and the government's response be unsealed as well.

the defendant's claim that the sealed document impacted issues presented to this Court at the time it was filed. (Def.Mot.1) This claim directly contradicts this Court's previous finding that the document did not have any impact on any ruling. (R.52) The defendant was well-aware that this Court had stated that the document did not impact any ruling at the time the defendant made his contrary claim. Regardless, the United States has no objection to the defendant's motion to unseal docket entry #32, provided that, pursuant to Rule 49.1(a) of the Federal Rules of Criminal Procedure and Local Rule 49.12(A), appropriate redactions are made from the document to address privacy concerns, including redacting any signatures and any home address or e-mail address of an individual other than the city and state.

Ironically, on the same date the defendant requested this Court to unseal docket entry #32 and requested permission to file its recusal motion under seal, the defendant also filed docket entry #60 under seal. The defendant does not appear to have requested or received permission under Local Rule 49.9(A) to file docket entry #60 under seal, nor did he assert a legal basis for filing docket entry #60 under seal.

In fact, the United States submits that docket entry #60 should not have been filed with the Court because it contains discussions that fall under Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 prohibits judicial involvement in plea discussions. Fed. R. Crim. P. 11(c); *see also United States v. Davila*, 569 U.S. 597, 605 (2013). The defendant's statements in docket entry #60 violate Rule 11's prohibition against involving the Court in plea discussions. Therefore, the United States requests that the Court strike docket entry #60 from the record and not consider it.

Moreover, typically a defendant is offered protections against any use of plea discussions and related statements under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Arguably, the defendant has waived those protections by submitting docket entry #60. The United States submits, however, that not all of the factual representations and characterizations set forth in docket entry #60 are correct and further submits that the filing is misleading due to various omissions. Such a situation is addressed in Rule 410(b)(1) of the Federal Rules of Evidence: "The Court may admit a statement described in Rule 410(a)(3) or (4) in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together." In fairness, if docket entry #60 is not stricken, then it should be unsealed and the United States should be permitted to file a response thereto, setting forth relevant and omitted statements made during the same plea discussions.[2]

---

[2] The United States would note that it did not file a response to the defendant's proposed scheduling order (R.59) because the Court did not request one or grant the parties permission to file responses. Nonetheless, the defendant filed a response to the scheduling order of the United States. (R.65) Thus, if docket entry #60, which was filed in support of the defendant's proposed scheduling order, remains on the docket, the United States believes fairness dictates that it be permitted to file a response to supplement the record.

WHEREFORE, the United States of America respectfully states that it has no objection to the defendant's request to unseal docket entry #32, or to unseal docket entries #52 and #63 and the government's response to the defendant's motion for recusal, and further requests that the Court strike docket entry #60, or in the alternative, unseal it and permit the United States to file a response.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
eugene.miller@usdoj.gov

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217/373-5891
bryan.freres@usdoj.gov

s/James B. Nelson
James B. Nelson, Bar No. NV 9134
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone:  202/598-2872
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on February 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                      s/ Eugene L. Miller
                                      Eugene L. Miller, Bar No. IL 6209521
                                      Assistant United States Attorney
                                      201 S. Vine St., Suite 226
                                      Urbana, IL 61802
                                      Phone:  217/373-5875
                                      Fax:  217-373-5891
                                      eugene.miller@usdoj.gov