IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant | ) | |

**THE UNITED STATES OF AMERICA'S MOTION TO COMPEL
THE DEFENDANT TO PRODUCE PALM PRINT EXEMPLARS**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully moves this Court to compel the defendant to produce an exemplar of his palm prints.

**FACTUAL SUMMARY**

The United States anticipates that its evidence at trial will include physical evidence that was collected pursuant to search warrants. The physical evidence includes certain palm prints that were gathered by means of forensic examination. In preparation for trial, the United States must conduct additional analysis to determine the source of the palm prints. This analysis requires an exemplar of the defendant's palm prints. The United States is aware of its obligations pursuant to Rule 16 of the

Federal Rules of Criminal Procedure and will provide discovery of the palm print analysis to the defendant as soon as it is available.

## ARGUMENT

I.  **Compelling The Defendant To Provide Palm Print Exemplars Does Not Implicate The Fourth Amendment**

The Fourth Amendment prohibits unreasonable searches and seizures absent the issuance of a search warrant. U.S. Const. Amend. 4. Compelling a person to provide fingerprints or palm prints does not violate the Fourth Amendment. *See, e.g., United States v. Sechrist*, 640 F.2d 81, 86 (7th Cir. 1981).

As the Seventh Circuit noted in *Sechrist*, "'What the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures.'" *Id.* (quoting *Elkins v. United States*, 364 U.S. 206, 222 (1960)). *Sechrist* went on to hold that "taking a person's fingerprints simply does not entail a significant invasion of one's privacy[,]" because the act of taking fingerprints "involves only passive participation by the individual and very little inconvenience" and does not include "'probing into an individual's private life and thoughts[.]'" *Id.* (quoting *Davis v. Mississippi*, 394 U.S. 721, 727 (1969)).

The defendant's current detention at the Livingston County Jail further reduces the Fourth Amendment implication. *Id.* (noting that the infringement on Sechrist's privacy was especially minor because he was incarcerated); *see also Hudson v. Palmer*, 468 U.S. 517, 528 (1984) (noting that "'Loss of freedom of choice and privacy are inherent incidents of confinement'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)); *Smith v. United States*, 324 F.2d 879, 882 (D.C. Cir. 1963) (holding that a detained

defendant could be forced to provide palm prints because "it is elementary" that a person in custody can be compelled to provide identifying information).

The defendant has been detained since his arrest and, as such, has no reasonable expectation of privacy in his person or possessions. Even if that weren't true, however, he would not have any basis to object to the taking of his palm prints because that act does not constitute an unreasonable search and seizure. Accordingly, the Court may compel the defendant to provide an exemplar of his palm prints without implicating the Fourth Amendment.

II. **Compelling The Defendant To Submit Palm Print Exemplars Does Not Implicate The Fifth Amendment**

The Fifth Amendment provides that "no person shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. Amend. 5. The Supreme Court has interpreted the Fifth Amendment to preclude the United States from compelling someone to provide any testamentary evidence. *See, e.g., United States v. Hubbell*, 530 U.S. 27, 34-35 (2000).

The Supreme Court has also long held, however, that evidence such as palm prints are neither testamentary nor protected by the Fifth Amendment. For example, a defendant can be compelled to put on a shirt to see whether it fits. *Holt v. United States*, 218 U.S. 245, 252–53 (1910). A defendant can be compelled to provide a blood sample to test for alcohol content. *Schmerber v. California*, 384 U.S. 757, 763–65 (1966). A defendant can be compelled to submit to the taking of fingerprints or photographs. *Id.* at 764; *United States v. Wade*, 388 U.S. 218, 223 (1967). A defendant can be compelled to provide

3

a voice exemplar so that witnesses can provide voice identification. *Id*. at 222–23. A defendant can also be compelled to provide a handwriting exemplar for comparison with handwriting already in evidence. *Gilbert v. California*, 388 U.S. 263, 266–67 (1967).

These compellable acts have a common denominator – they reveal physical characteristics about a person that can be provided without the person "giving testimony." The Supreme Court has long distinguished between compelling a person to *communicate* something – a clear Fifth Amendment violation – and compelling a person to *do* something. The latter does not violate the Fifth Amendment, even if the doing of that thing displays a physical characteristic that is, itself, incriminating to the defendant. *Hubbell*, 530 U.S. at 35.

Here, the United States is not going to ask the defendant if the palm prints are his. Rather, Special Agents of the Federal Bureau of Investigation will travel to the Livingston County Jail and collect an exemplar of the defendant's palm prints for comparison with the palm prints already in evidence. Compelling the defendant to submit to the taking of his palm prints does not require him to testify against himself; thus, there is no Fifth Amendment violation.

## CONCLUSION

The United States has a good-faith, evidentiary need to collect an exemplar of the defendant's palm prints. Compelling the defendant to provide a palm print exemplar does not implicate the Fourth Amendment because the defendant has no reasonable expectation of privacy in his palm print. Compelling the defendant to provide a palm

print exemplar does not violate the Fifth Amendment because a palm print is not testimonial.

WHEREFORE, the United States of America respectfully requests that this Court compel the defendant to provide a palm print exemplar to Special Agents of the FBI or their designees.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

s/James B. Nelson
James B. Nelson, Bar No. NV 9134
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    s/James B. Nelson
    James B. Nelson, Bar No. NV 9134
    Trial Attorney
    Capital Case Section
    United States Department of Justice
    1331 F. Street NW, Room 625
    Washington, DC  20004
    Tel: (202) 598-2872
    james.nelson@usdoj.gov