E-FILED
Friday, 27 July, 2018  04:21:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO THE
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court deny the defendant's motion to compel discovery (R.82) in its entirety.

## BACKGROUND

The defendant, Brendt A. Christensen, is charged with kidnapping Yingying Zhang, resulting in her death, and lying to agents of the Federal Bureau of Investigation. The United States has filed a Notice of Intent to Seek a Sentence of Death on the kidnapping charge. The jury trial of this matter is scheduled to begin on April 3, 2019. The United States has provided the defendant with extensive discovery well in excess of its constitutional and legal obligations. On July 13, 2018, the defendant filed a motion requesting this Court to compel the United States to (1) seek out and disclose any

communications between the Chinese and United States governments allegedly related to the Attorney General's decision to seek a sentence of death in this case; and (2) create and disclose a detailed roadmap of how it intends to use, during the penalty phase of the trial, the aggravating evidence it has already disclosed to the defendant. The defendant is not entitled to the information he seeks, and therefore, his motion to compel should be denied in its entirety.

## RESPONSE

Rule 16 of the Federal Rules of Criminal Procedure sets forth various disclosure obligations of the prosecution and the defendant in a criminal case. The prosecution's obligations are also informed by case law (*e.g., Brady v. Maryland,* 373 U.S. 83 (1963)) and Local Rule 16.1 regarding pretrial discovery and inspection. The pretrial disclosures required by Rule 16 are limited, and do not include witness statements. *See* 18 U.S.C. § 3500. Nonetheless, in many cases – including this case – the United States provides the defendant with discovery in excess of its legal obligations, including witness statements.

Under the local rule, if a defendant seeks discovery or inspection in addition to the information provided by the United States, his attorneys should confer with the appropriate Assistant United States Attorney "with a view to satisfying those requests in a cooperative atmosphere without recourse to the court." Local Rule 16.1(C). In this case, the United States has responded to every request from defense counsel and believes it has done so in a cooperative manner. Moreover, the Assistant United States Attorneys assigned to the case have met with defense counsel on each and every occasion they have requested a meeting.

I.    **THE DEFENDANT IS NOT ENTITLED TO DISCLOSURE OF ANY ALLEGED COMMUNICATIONS BETWEEN THE UNITED STATES AND CHINESE GOVERNMENTS.**

On December 28, 2017, the defendant requested that the United States provide:

> all documents and information reflecting contacts and discussions with representatives of the Chinese government concerning this case, including not only contacts and communications with Chinese officials and the Department of Justice, but also contacts between Chinese officials and the Department of State and any information that this case was the subject of discussion between President Trump and Chinese officials in meetings in China in November 2017.

Although it was not required to do so, the United States provided the defendant with documents and information in its possession reflecting contact between representatives of the Chinese government and the prosecution team. The defendant acknowledged receipt of these documents in a letter dated June 14, 2018. In the same letter, the defendant expanded his request:

> We are unaware whether the above [referenced documents] represent the universe of documents reflecting contact between representatives of the Chinese government and agencies of the U.S. government. In particular, we have received no response to our request for information concerning whether this case was the subject of any discussions between President Trump and Chinese officials in November 2017. We hereby expand this request to seek information concerning any contacts or discussions with the Chinese government concerning this case at any time, not only by President Trump, but also any member of the White House staff.

On June 19, 2018, the prosecution team met with defense counsel regarding, *inter alia,* this request. The prosecution team discussed its contact with Chinese officials and informed the defense that it was unaware of the existence of any additional information, but also informed the defense it did not intend to search for additional information outside of the prosecution team because the defense was not entitled to the requested

information. On July 3, 2018, the defense wrote another letter to the prosecution team,

which stated, "Asserting privilege, you denied this request." The United States clarified

its position in a letter dated July 11, 2018:

> The United States has provided the defense with some documents
> referencing contact with Chinese government representatives and discussed
> those contacts at our June 19 meeting. Nonetheless, the United States
> continues to assert that the defense is not entitled to the disclosure of any
> such documents referenced in its overly broad discovery request. As
> explicitly stated in Rule 16(a)(2) of the Federal Rules of Criminal Procedure,
> Rule 16 does not authorize the discovery or inspection of internal
> government documents made by an attorney for the government or other
> government agent in connection with investigating or prosecuting the case
> (*i.e.,* work-product). Additionally, Rule 16(a)(1)(E)(i) requires the requested
> documents to be material to preparing the defense and does not permit a
> defendant to inspect documents for the purpose of attacking the prosecution
> itself. *See United States v. Armstrong*, 517 U.S. 456, 462-63 (1996) (holding that
> a criminal prosecution is presumed to be proper). The defense has not
> provided the United States with any authority to the contrary.
>
> We do not agree with the statement in your letter of July 3, 2018, that we
> denied your request by "[a]sserting privilege." Although some of the
> information you seek may be protected from disclosure based on the
> separation of powers doctrine, executive privilege, and the presidential
> communications privilege, *see, e.g., Cheney v. U.S. Dist. Court for D.C.*, 542 U.S.
> 367 (2004); *Ye v. Zemin*, 383 F.3d 620, 625-26 (7th Cir. 2004); *United States v.
> Poindexter*, 732 F. Supp. 135, 140-41 (D.D.C. 1990), we do not believe an
> assertion of privilege is necessary at this time because the defense has cited
> no authority that would authorize disclosure of the requested information in
> the absence of privilege.

On July 13, 2018, the defendant filed a motion to compel that requested, *inter alia,*

"any discussions between President Trump or White House officials and President Xi or

Chinese officials" regarding the defendant's case that were "communicated with the

Attorney General or any other senior member of the Department of Justice." The

defendant speculates that there is a "likelihood" the requested conversations took place,

argues "this would raise significant constitutional and statutory issues," and seeks a motion to compel the United States to seek out this information and disclose it to the defendant. The defendant's motion to compel should be denied because it is a mere fishing expedition (*i.e.,* the defendant has failed to meet his burden of presenting clear evidence that any improper discussions occurred) seeking internal, deliberative, work-product of the Executive Branch that the defendant is not otherwise entitled to receive.

As would be expected in a capital case, the defendant is pursuing all possible avenues to challenge and attack his prosecution. One claim typically raised by defendants in a capital case is that the government's decision to seek the death penalty was arbitrary and capricious in violation of the Eighth Amendment. *See, e.g., United States v. Montgomery*, No. 2:11-CR-20044, 2014 WL 1453527, at *14 (W.D. Tenn. Apr. 14, 2014) (rejecting such a claim); *United States v. Sablan*, No. 00-CR-00531, 2007 WL 4116117, at *7 (D. Colo. Nov. 16, 2007) (refusing to strike notice of intent based on such a claim). The defendant's motion to compel seeks discovery to support such a claim.

The decision whether to seek a sentence of death under 18 U.S.C. § 3593(a) is ultimately made by the Attorney General of the United States. *See United States v. Lee*, 274 F.3d 485, 489 (8th Cir. 2001); *United States v. Caro*, 102 F. Supp. 3d 813, 831 (W.D. Va. 2015), *aff'd*, No. 16-1, 2018 WL 2113285 (4th Cir. May 8, 2018). The Attorney General has broad discretion in enforcing federal law and a presumption of regularity supports his prosecutorial decisions. *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *accord United States v. Miller*, 458 F.3d 603, 604-05 (7th Cir. 2006). Moreover, for additional reasons

identified by the Supreme Court, this exercise of prosecutorial discretion is not ordinarily

subject to judicial review:

> In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

*Wayte v. United States*, 470 U.S. 598, 607–08 (1985) (citations omitted). The Seventh Circuit

has applied *Wayte* in holding that prosecutorial discretion is shielded from judicial

review: "Reflecting this framework, our case law embodies the long-settled principle that

we safeguard prosecutorial discretion by shielding it from judicial review that either

forces the prosecutor to act in a prescribed manner or penalizes the prosecutor for acting

in his preferred manner." *United States v. Scott*, 631 F.3d 401, 406–07 (7th Cir. 2011), *as

amended* (Jan. 28, 2011); *see also United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015)

("we are mindful that government prosecutors must necessarily have wide discretion

over whether, how, and when to bring a case").

Like other capital defendants before him, the defendant seeks to pierce the judicial shield protecting prosecutorial discretion from judicial review by alleging that the Attorney General may have exercised his discretion in a constitutionally impermissible way. More specifically, in his motion, the defendant surmises that the Attorney General's direction and authorization to seek the death penalty in this case may be based on "arbitrary" or "impermissible" factors. This self-serving allegation is not based on fact or evidence, but on a series of speculative leaps: it is possible that the United States President and the Chinese President *may* have discussed the Christensen case (although there is no evidence to suggest they did); the President *may* have communicated the unknown substance of those discussions to the Attorney General (although there is no evidence to suggest he did); the Attorney General *may* have considered those discussions in exercising his discretion in deciding whether to seek a sentence of death (although there is no evidence to suggest he did); and further, the Attorney General *may* have given these unknown and unspecified discussions "impermissible"[1] weight in making his

---

[1] Furthermore, the defendant fails to establish that it would have been "impermissible" for the Attorney General to have discussed the matter with the President and/or considered the views of the Chinese government. *See Ribota*, 792 F.3d at 840 ("because the imposition of punishment is the purpose of a criminal proceeding, the mere existence of a punitive motivation is not an adequate basis of distinguishing proper governmental conduct from impermissible actions"). The defendant speculates (but by no means establishes) that these hypothetical discussions may have violated the United States Attorneys' Manual; by its own terms, the USAM "provides only internal Department of Justice guidance. It is not intended to, and does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM § 1-1.100. The defendant also speculates that the Attorney General's consideration of such hypothetical discussions may have violated the Eighth Amendment's prohibition against arbitrary and capricious action. As this Court previously held in this case, however, a defendant has no enforceable rights under DOJ's internal capital review process. *See, e.g., United States v. Lopez-Matias*, 522 F.3d 150, 156 (1st Cir. 2008) (reversing district court order striking notice of intent to seek sentence of death based on

decision, rather than relying on the permissible, specific aggravating factors set forth in the notice of intent to seek a sentence of death (although there is no evidence to suggest he did).

To attempt to prove his far-flung theory, the defendant seeks to require the United States to engage in a fishing expedition to search for information to which the defendant is not entitled – he wants to know the specifics of any discussions between the President and foreign government officials and/or the Attorney General, and consequently, the internal, deliberative process by which the Attorney General exercised his discretion in determining that the United States would seek a sentence of death in this case. The defendant, however, has cited no authority that would entitle him to receive the information he has requested. For example, he does not cite any provision of Rule 16 of the Federal Rules of Criminal Procedure that would justify the Court compelling the United States to seek out and disclose the requested information. To the contrary, Rule 16(a)(2) specifically excludes the discovery or inspection of internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

---

alleged violation of its own capital review process); *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001) ("We agree with those courts which have concluded that the death penalty protocol is unenforceable by individuals."). *See also United States v. Gillespie*, 974 F.2d 796, 801 (7th Cir. 1992) (DOJ's internal policy did not justify exercise of court's supervisory powers); *Nichols v. Reno*, 124 F.3d 1376, 1376 (10th Cir. 1997) (rejecting the plaintiff's premise that the USAM provided him a protectable interest); *United States v. Myers*, 123 F.3d 350, 355–56 (6th Cir. 1997) (finding that a violation by the government of the USAM no basis for a remedy); *United States v. Busher*, 817 F.2d 1409, 1411–12 (9th Cir. 1987) (citing the USAM waiver and concluding that the plaintiff "therefore is not entitled to rely on it").

Not only do federal rules fail to authorize the sought-after discovery, federal courts have previously refused to compel it. The Seventh Circuit has held that the United States has no obligation to provide the defendant with memoranda and discussions within the Executive Branch leading up to the formulation of an official position. *See United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004) (describing a "deliberative process" privilege); *see also In re U.S.*, 398 F.3d 615, 618 (7th Cir. 2005) ("How the United States reaches its litigating positions, who said what to whom within the prosecutor's office, and so on, are for the Attorney General and the President to evaluate. The Judicial Branch is limited to assessing counsel's public deeds.").

The purpose of shielding this information from disclosure is to protect "frank discussion of legal and policy matters [that are] essential to the decisionmaking process of a government agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). Therefore, a capital defendant is not entitled to the documents or information used by the Attorney General in exercising his discretion in a capital case. *United States v. Fernandez*, 231 F.3d 1240, 1248 (9th Cir. 2000) (finding documents protected by the deliberative process and work product privileges).

Simply put, the request for these documents and information impermissibly intrudes into the DOJ's capital review process. *See United States v. Slone*, 969 F. Supp. 2d 830, 837–38 (E.D. Ky. 2013) ("The DOJ's decision to pursue a death sentence is . . . within its unreviewable discretion.") (citation omitted); *see also United States v. Tsarnaev*, Case No. 13-10200, 2013 WL 5701582, at *2 (D. Mass. Oct. 18, 2013) (unpublished order) (denying defense motion intruding in DOJ's capital review process because "well

9

beyond the scope of any inherent authority to manage judicial business"). Thus, even if there was any credible evidence that these alleged conversations took place, the defendant is not entitled to them because the decision to pursue a sentence of death is within the Attorney General's unreviewable discretion.

The requested information is also not discoverable under Rule 16(a)(1)(E)(i). That provision requires the requested documents to be material to preparing the defense to the charged offenses. Here, the requested information has nothing to do with any legitimate defense by the defendant to the charges against him or the government's case-in-chief. The information does not tend to prove that the defendant did not lie to FBI agents, did not kidnap the victim, and did not cause her death. Rather than defending the charges against him, the defendant seeks to attack the Attorney General's exercise of his discretion. The Supreme Court has held that such an attack on the government is not material to preparing the defense and that Rule 16(a)(1)(E)(i) does not permit a defendant to request discovery based merely on speculation that prosecutorial discretion may have been exercised "impermissibly." *See Armstrong*, 517 U.S. at 462-63.

In *Armstrong,* the defendant sought discovery to attempt to prove a claim of selective prosecution. The Supreme Court held that Rule 16 did not authorize a defendant to examine government documents that were material to such a claim. *Id.* at 463. The Court's ruling was based on its finding that "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *Id.* Likewise here, the defendant's Eighth Amendment claim is not a defense to the criminal

10

charges themselves, but an independent assertion of a constitutional violation. To dispel the presumption that a prosecutor has acted in accordance with the Constitution and to justify discovery on the issue, a criminal defendant must present "clear evidence" in support of his theory. *Id.*

Applying *Armstrong,* the Supreme Court summarily reversed the Sixth Circuit when it permitted such discovery even though the defendant failed to show sufficient evidence of a constitutional violation. *United States v. Bass*, 536 U.S. 862, 863 (2002); *see also Bond v. Atkinson*, 728 F.3d 690, 694 (7th Cir. 2013) (noting that *Armstrong* sets a high evidentiary standard before a court may order discovery into law-enforcement practices); *United States v. Johnson*, 900 F. Supp. 2d 949, 972 (N.D. Iowa 2012) (denying discovery related to government's exercise of discretion in death penalty case where defendant failed to provide any evidence of impermissible government action); *cf. United States v. Taylor*, No. 1:04-CR-160, 2008 WL 217115, at *4 (E.D. Tenn. Jan. 24, 2008) (citing *Armstrong* for the proposition that the government has broad discretion in enforcing federal law and rejecting claim that decision to seek death penalty was arbitrary and capricious).

In this case, the defendant has not shown any evidence, let alone clear evidence, of capricious or arbitrary action by the Attorney General. Therefore, under *Armstrong,* the defendant's motion to compel the United States to disclose its internal documents and

discussions, including alleged discussions involving the President, foreign government officials, and/or the Attorney General, must be denied.[2]

## II.    THE DEFENDANT IS NOT ENTITLED TO A PREVIEW OF THE UNITED STATES' EVIDENTIARY PRESENTATION OR TRIAL STRATEGY.

The defendant also contends that the "Notice of Anticipated Evidence in Support of Aggravating Factors" provided by the United States on May 18, 2018, is legally insufficient. (R.67) The defendant's argument is without merit. As noted in detail below, the notice of the United States is more generous than the prevailing law on this issue requires. Further, granting the defendant's request would be unduly burdensome on counsel for the United States.

### A.  The United States' May 18, 2018, notice of aggravating evidence satisfies the Court's order and exceeds both the letter and spirit of 18 U.S.C. § 3593.

The Federal Death Penalty Act (FDPA) provides that the United States shall, in a capital case, provide the Court and the defendant with notice that the United States intends to seek the death penalty and set "forth the aggravating factor, or factors, that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a). In this case, the United States complied with that requirement

---

[2] Because the defendant is not entitled to any of the information he seeks based on *Armstrong* (applying Rule 16 and principles of unreviewable prosecutorial discretion, work product, and deliberative process), the United States does not separately address that some of the requested information may also be protected from disclosure by the separation of powers doctrine, attorney-client privilege, executive privilege, and the presidential communications privilege. *See, e.g., Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004); *Zingsheim*, 384 F.3d at 871-72; *Ye v. Zemin*, 383 F.3d 620, 625-26 (7th Cir. 2004); *United States v. Poindexter*, 732 F. Supp. 135, 140-41 (D.D.C. 1990).

on January 19, 2018, when it filed its Notice of Intent to Seek the Death Penalty (NOI).

(R.54)

The NOI is the *only* notice to which defendant is entitled regarding aggravating

factors, as every United States Court of Appeals to have considered the issue has held.

*United States v. Lecroy*, 441 F.3d 914, 930 (11th Cir. 2006) (holding the NOI provided

sufficient notice though it did not list specific acts that would be used to prove future

dangerousness); *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) ("[T]he FDPA and

the Constitution require that the defendant receive adequate notice of the aggravating

factor . . . *not notice of the specific evidence that will be used to support it*") (emphasis added);

*United States v. Lee*, 274 F.3d 485, 495-96 (8th Cir. 2001) (holding that the defendant had

"no right to advance notice of the specific evidence the government would use to prove

[the aggravating] factors"); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999),

*cert. denied* 529 U.S. 1022 (2000) ("The Government is not required to provide specific

evidence in its Notice of Intent").

Predictably, the overwhelming majority of district courts to have decided the

issue have followed the circuit courts' lead.  *See*, *e.g.*, *United States v. Montgomery*, 10 F.

Supp. 3d 801, 823 (W.D. Tenn. 2014) (noting that the law does not compel the court to

"order the prosecutor to disclose [his] evidence" before trial); *United States v. Savage*, 2013

WL 1934531, at ** 5, 11-19 (E.D. Pa. 2013) (noting that, although the Government must

plead the aggravating factors it intends to prove during the penalty phase, no additional

notice of the facts is required); *United States v. Solomon*, 513 F. Supp. 2d 520, 539 (W.D. Pa.

2007) (finding that the NOI was sufficient to advise defendant of the allegations he had

13

to defend against, and holding that no further notice was required); *United States v. Gooch*, 2006 WL 3780781, at \*21 (D.D.C. 2006) (denying motion to require government to provide factual basis for aggravating factors); *United States v. Taylor*, 316 F. Supp. 2d 730, 738 (N.D. Ind. 2004) (noting that defendant's attempt to challenge the factual sufficiency of aggravating factors prior to trial was premature, because the matter required "factual development at trial"); *United States v. Nguyen*, 928 F. Supp. 1525, 1549-50 (D. Kan. 1996) (holding that neither the Constitution nor the FDPA require pre-trial discovery of a detailed recitation of aggravating factors evidence); *see also United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976), *reversed on other grounds by United States v. Bagley*, 473 U.S. 667 (1985) (noting that "the notice component of due process refers to the charge rather than the evidentiary support for the charge"), *quoted in United States v. Lujan*, 530 F. Supp. 2d. 1224, 1268 (D.N.M. 2008).

The defendant neither cites nor mentions these cases in his motion. Rather, he relies on a handful of non-binding cases that required the United States to provide "informational outlines" in spite of the plain language of the FDPA and the prevailing view of the courts. Def.Mot.15-18. Notwithstanding the defendant's claim to the contrary, the United States has already elaborated on its NOI and provided an outline detailing the specific categories of evidence that it will introduce to support the alleged aggravators. Def.Mot.28-33 (referred to by the defendant as "Exhibit C"). When he filed his motion, the defendant possessed the notice required by law and a roadmap identifying the categories of evidence the United States will present. In other words, the defendant has everything he needs to challenge the aggravating evidence.

Although he has already received more than the law requires, the defendant complains that the United States has not identified "the exact evidence that the Government intends to use[,]" Def.Mot.18, thereby asserting a supposed right the Courts of Appeal have unanimously rejected. *Lecroy*, 441 F.3d at 930; *Higgs*, 353 F.3d at 325; *Battle*, 173 F.3d at 1347. As the Seventh Circuit has recognized, the United States has "no duty to . . . conduct the defense's investigation for it." *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011).

Moreover, this case is distinguishable from those cited by the defendant. In those cases, the courts ordered the disclosure of additional information after finding the NOIs, by themselves, did not permit the defense to prepare for trial. Here, the defendant is not working with the NOI alone – he has discovery and an outline in hand. Moreover, the cited cases involved incomplete notice of uncharged conduct and victim-witness information.[3] *See United States v. Taylor*, 316 F. Supp. 2d 730, 741 (N.D. Ind. 2004) (noting that § 3593(a) provides the only applicable notice requirement, but requiring elaboration for unadjudicated conduct); *United States v. Williams*, 2013 WL 1335599 * 35 (M.D. Pa. Mar. 29, 2013) (requiring elaboration only for unadjudicated conduct); *Lujan*, 530 F. Supp. 2d at 1270-72 (noting no additional discovery was required where "the indictment and discovery . . . sufficiently apprise[d defendant] of what he must defend," and requiring

---

[3] One case cited by the defendant does not fit this description – *United States v. Con-Ui*, No. 3:13-cr-00123-ARC (M.D. Pa.). That case involved the murder of a prison guard by an inmate who had participated in dozens of prior violent altercations, charged and uncharged. Whatever remedy the court deemed necessary in that plainly-distinguishable instance is inapplicable here.

15

the prosecution to describe the "general nature of the evidence it plans to use"); *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 473-74 (E.D. Pa. 2001) (requiring elaboration for grave risk of death to additional persons, future dangerousness based on unadjudicated conduct, and victim impact). Notably, *Llera Plaza* relied on a district court opinion that further undermines the defendant's arguments concerning the United States' obligations. *Id*. at 474 (citing *United States v. Bin Laden*, 126 F. Supp. 2d 290, 304 (S.D.N.Y. 2001)). The *Bin Laden* court made clear that the United States need not provide "a revelation of evidentiary detail or the Government's theory of its case" to comply with its order. 126 F. Supp. 2d at 304-05.

Unlike the defendants in the cases he cites, the defendant here is not left to guess at the United States' use of unadjudicated conduct or its victim-impact evidence. The United States has given notice that it may rely on "unadjudicated conduct," and full discovery thereof has been provided.[4] Though the United States continues to investigate the possibility that there are additional, uncharged crimes in the defendant's past, it has informed the defense that it has not yet discovered any and, if it does, discovery thereof will be provided pursuant to Rule 16(c).[5] Def.Mot.29. The United States has also advised the defendant as to the nature of victim-impact evidence he can expect. Def.Mot.30-31.

---

[4] Indeed, upon information and belief, defense investigators have interviewed the alleged victim of that conduct.

[5] Conversely, the defendant has yet to produce a single page of discovery pursuant to his obligation under Rule 16(b). Fairness and reciprocity would suggest that if the defendant's motion to compel is granted, the defendant should be required to provide the United States at the same time with a detailed roadmap of the mitigating evidence, if any, the defendant intends to offer during the penalty phase.

Indeed, the United States went so far as to cite a case on which its victim impact evidence

will be based. Def.Mot.30-31. Thus, even if the Court were to adopt the holdings of the

cases cited by the defendant, he already possesses everything those cases would require

the United States to provide.

      The defendant's motion relies heavily on *United States v. Glover*. Def.Mot.17.[6]

*Glover,* however, was rejected as a jurisprudential outlier:

> The *Glover* court was "of the view that the defendant is entitled to know the
> underlying factual basis for each of the gateway factors." *Id*. at 1233. But the
> [Glover] court did not explain its reasoning, which reduces its ability to
> persuade. Other authority is to the contrary. *See United States v. Battle*, 173
> F.3d 1343, 1347 (11th Cir. 1999) ("The Government is not required to provide
> specific evidence in its notice of intent."); *Nguyen*, 928 F. Supp. at 1545-46
> (finding notice adequate when it listed only aggravating circumstances and
> provided no evidentiary detail).
>
> This Court respectfully disagrees with *Glover*. Mr. Gooch has already
> received full discovery from the Government, as contemplated and required
> by Rule 16 of the Federal Rules of Criminal Procedure; that discovery yielded
> well over 100 compact discs' worth of information. *Mr. Gooch is not really
> asking for the underlying factual basis for each gateway factor-he already
> has all the facts-but, instead, for how the Government plans to use the
> evidence it has amassed. The Government has no obligation to give him a
> preview of its evidentiary presentation.*

*United States v. Gooch*, No. 04-128-23(RMC), 2006 WL 3780781, *21 (D.C. Dist. Dec. 20,

2006).[7]

---

[6] The defendant contends he needs a detailed outline so the Court can "assess whether or
not certain evidence is proper." Def.Mot.17. Courts regularly assess evidence without receiving
detailed descriptions of it over eight months before trial.

[7] The *Gooch* court required disclosure of additional information about victim-impact
evidence, but noted the United States did not need to provide "'a revelation of evidentiary
detail or the . . . theory of its case.'" *Id*. at *23 (quoting *Bin Laden*, 126 F. Supp. at 304-05).

The defendant, like Gooch and Glover before him, has received full discovery of the factual basis for the aggravating factors; that information is contained in the Notice of Intent, the outline, and the comprehensive discovery he has already received. Thus, his motion to compel actually seeks to learn in detail "how the Government plans to use the evidence it has amassed." As the courts have repeatedly made clear, the United States has no obligation to either preview its evidentiary presentation or investigate on behalf of the defendant, and this Court should deny the defendant's request that it do so in this case.

### B. Complying with the defendant's request would be unduly burdensome to the United States.

In addition to being contrary to the prevailing law, the defendant's request is unduly burdensome. Jury selection is over eight months away, and the penalty phase is further still. The United States has not yet identified its penalty phase exhibits. If the Court orders the United States to identify and detail the evidence it will use next spring, the United States will have to truncate its ongoing investigation and pre-trial preparation and litigation to prepare a complete order of proof for the penalty phase trial. To do anything less would invite a defense motion to bar the United States from introducing any evidence it fails to specifically detail and identify, including any evidence that is developed between now and the trial. Thus, granting the defendant's motion to compel would unfairly disadvantage the United States by requiring it to provide the defense with unjustified and unnecessary notice of the specific evidence it intends to use during the penalty phase over eight months before the trial is scheduled to begin.

### C.  Conclusion.

Neither the Constitution nor the FDPA require the United States to preview its evidentiary presentation for a capital defendant. Based on the forgoing reasoning and authority, the United States respectfully urges this Court to join the overwhelming majority of courts that have rejected similar requests and to deny the defendant's motion to compel the United States to provide a roadmap of the evidence it intends to introduce during the penalty phase of this case.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's motion to compel discovery in its entirety.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney, Department of Justice
1331 F St. NW # 625
Washington, DC 20004
Phone:  202/598-2872
james.nelson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of the filing

to all CM/ECF participants.

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov