E-FILED
Friday, 27 July, 2018  06:43:38 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION FOR AN ORDER REQUIRING THE UNITED STATES TO COMPLY WITH RULE 12(b)(4)(B)

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court deny the defendant's motion for an order requiring the United States to comply with Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure. (R.81) For the reasons stated herein, and in particular because the United States has already complied with Rule 12(b)(4)(B) and will continue to do so, the defendant's motion should be denied.

## BACKGROUND

The defendant, Brendt A. Christensen, is charged with kidnapping Yingying Zhang, resulting in her death, and lying to agents of the Federal Bureau of Investigation. (R.26) The United States has filed a Notice of Intent to Seek a Sentence of Death on the kidnapping charge. (R.54) The jury trial of this matter is scheduled to begin on April 3,

2019. (R.67) The deadline for the parties to file witness and exhibit lists is March 11, 2019.

(R.67) The United States has provided the defendant with extensive discovery well in

excess of its constitutional and legal obligations. On July 13, 2018, the defendant filed a

motion requesting this Court to order the United States to comply with Rule 12(b)(4)(B)

of the Federal Rules of Criminal Procedure. (R.81) The United States has already

complied with Rule 12(b)(4)(B); therefore, the defendant's motions should be denied.

## STATUS OF DISCOVERY

Rule 16 of the Federal Rules of Criminal Procedure sets forth various disclosure

obligations of the prosecution and the defendant in a criminal case. The prosecution's

obligations are also informed by case law (*e.g., Brady v. Maryland,* 373 U.S. 83 (1963)) and

Local Rule 16.1 regarding pretrial discovery and inspection. The pretrial disclosures

required by Rule 16 are limited, and do not include witness statements. *See* 18 U.S.C.

§ 3500. Nonetheless, in many cases – including this case – the United States provides the

defendant with discovery in excess of its legal obligations, including witness statements.

In fact, in this case, not only has the United States disclosed all Rule 16 discovery, it has

disclosed almost all information in its possession, including a substantial number of

witness statements. Furthermore, to assist the defendant in trial preparation, the United

States prepared and tendered a discovery log that outlines all of the discovery provided.

Under the local rule, if a defendant seeks discovery or inspection in addition to

the information provided by the United States, his attorneys should confer with the

appropriate Assistant United States Attorney "with a view to satisfying those requests in

a cooperative atmosphere without recourse to the court." Local Rule 16.1(C). In this case,

the United States has responded to every request from defense counsel and believes it

has done so in a cooperative manner. Moreover, the Assistant United States Attorneys

assigned to the case have met with defense counsel on each and every occasion they have

requested a meeting.

On June 14, 2018, the defendant sent a letter containing 39 additional discovery

requests, including some with multiple subparts. At issue in this motion is defendant's

request number nine:

> [P]lease provide specific notice of the government's intent to use in its
> evidence-in-chief at trial any evidence that comes within the discovery
> provision of Rule 16. See FRCrP 12(4)(B). [sic] . . . we also request this
> information as it pertains to the government's case-in-chief at any penalty
> phase.

On June 19, 2018, the prosecution team met with defense counsel regarding, *inter alia*,

this request[1] and its timing, given the court-imposed deadline for filing witness and

exhibit lists on March 11, 2019. During this meeting, and in a response letter dated June

14, 2018, the United States advised the defendant that it may use any of the Rule 16

evidence, but would be happy to discuss any specific evidence the defendant believed

should be suppressed:

> As we stated during our discussion, at this point, the United States intends
> to use the materials and recordings it has provided to the defense pursuant
> to Rule 16 during the trial. The purpose of Rule 12(b)(4)(B) is to prevent the
> defendant from having to move to suppress evidence that the United States
> has no intention of using; the rule is not to be used as a strategic tool by
> which a defendant may be able to ascertain the government's trial strategy.
> As we discussed at the meeting, if you notify us of specific evidence that you
> intend to move to suppress, we are more than happy to reconsider whether

---

[1] Most of the 39 plus requests were resolved after the parties conferred. The defendant's
instant motion relates to one of only a handful of unresolved discovery issues.

we intend to use that specific evidence at trial so you are not required to file
an unnecessary motion to suppress.

To date, the defendant has not notified the United States of any specific evidence that he

intends to move to suppress.[2] Instead, he has filed the instant motion pursuant to Rule

12(b)(4)(B) requesting the United States to reveal its trial strategy and preview its case.

**RESPONSE**

The defendant argues that Federal Rule of Criminal Procedure 12(b)(4)(B)

obligates the United States "to disclose to the defense notice of the evidence it intends to

use in its case-in-chief at guilt and penalty phases of trial[.]" The United States has

provided the defendant with all Rule 16 discovery, as well as additional discovery well

beyond its obligations. In these circumstances, courts have held that Rule 12(b)(4)(B)

does not additionally require the United States to provide the defendant with a roadmap

of the evidence it intends to introduce during its case-in-chief, let alone during the

penalty phase of a capital trial. Therefore, the defendant's motion should be denied.

**I.    THE PURPOSE OF FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(4)(B)
       IS TO PREVENT A DEFENDANT FROM PREPARING NEEDLESS MOTIONS
       TO SUPPRESS, NOT FOR THE UNITED STATES TO PREVIEW ITS CASE.**

Federal Rule of Criminal Procedure 12(b)(4)(B) states as follows:

> At the arraignment or as soon afterward as practicable, the defendant may,
> in order to have an opportunity to move to suppress evidence under Rule
> 12(b)(3)(C), request notice of the government's intent to use (in its evidence-
> in-chief at trial) any evidence that the defendant may be entitled to discover
> under Rule 16.

---

[2] Before the trial was reset to April of 2019, the defendant filed five suppression motions.
(R.44-48) The Court denied those motions as moot after the United States filed its Notice of
Intent to Seek a Sentence of Death, but granted permission to refile.

 "Rule 12(b)(4)(B) is a procedural device intended to facilitate efficient pre-trial motion practice." *United States v. Conyers*, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016) (*citing United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995) (addressing predecessor Rule[3]) *and* Fed. R. Crim. P. 12 advisory committee note, 1974 Amendment)). The purpose of Rule 12(b)(4)(B) is to allow a defendant to avoid the necessity of moving to suppress specifically identified evidence that the United States does not intend to use. *United States v. El-Silimy*, 228 F.R.D. 52, 57 (D. Me. 2005); *United States v. Ishak*, 277 F.R.D. 156, 158-59 (E.D. Va. 2011). "[T]he government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendant[] to make informed decisions whether to file one or more motions to suppress." *Id.* at 158.

Courts have repeatedly held that Rule 12(b)(4)(B) is not designed to "aid the defendant in ascertaining the government's trial strategy[.]" *de la Cruz-Paulino*, 61 F.3d at 994; *see also Ishak*, 277 F.R.D. at 158-59; *El-Silimy*, 228 F.R.D. at 57; *Conyers*, 2016 WL 7189850, at *10. Moreover, Rule 12(b)(4)(B) does not expand the United States' discovery obligations, nor does it "impose an obligation on the Government to identify for the defense potentially 'suppressible' evidence," or "require the Government to 'preview' its case." *Conyers*, 2016 WL 7189850, at *10; *Ishak*, 277 F.R.D. at 160. Finally, "[i]t is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any

---

[3] The substance of Rule 12(b)(4)(B) was contained in Rule 12(d)(2) prior to the 2002 amendments to the Rule.

that it does not so designate as a matter of trial tactics." *El-Silimy*, 228 F.R.D. at 57; *see also*

*Ishak*, 277 F.R.D. at 158-59.

In sum, Rule 12(b)(4)(B) "does not exist to help defendants 'prepare a proper and

effective defense,'" it merely facilitates the timely filing of suppression motions. *Ishak*,

277 F.R.D. at 160. To that end, it is incumbent on the defendant to identify, with

specificity, any Rule 16 evidence he may wish to seek to suppress before Rule

12(b)(4)(B)'s notice requirement is triggered. *Id.*; *United States v. Li*, No. 3:16-CR-194, 2017

WL 590275, at *5 (M.D. Pa. Feb. 14, 2017); *Conyers*, 2016 WL 7189850, at *10. "In other

words, the defendant must decide for himself whether a particular piece of discoverable

evidence is 'arguably subject to suppression,' and then he may request notice from the

Government regarding whether it intends to use that evidence in its case-in-chief at

trial." *United States v. Bunch*, No. 3:09-CR-127, 2009 WL 4784637, at *1 (E.D. Tenn. Dec. 8,

2009) (internal citation omitted). Only then is any obligation triggered under Rule

12(b)(4)(B) for the United States. *Id*; *Ishak*, 277 F.R.D. at 160.

## II.     THE UNITED STATES HAS ALREADY COMPLIED WITH RULE 12(b)(4)(B).

In light of the purpose of Rule 12(b)(4)(B) and its interpretation by the courts, the

United States has already complied with the Rule by providing the defendant with all

Rule 16 discovery and offering to inform the defendant if the United States intends to use

in its case-in-chief any specific evidence that the defendant wants suppressed. This

approach, endorsed by numerous district courts, allows the defendant to consider

whether to file any motions to suppress and also to avoid filing unnecessary motions.

Thus, the defendant's assertion that the United States has refused to comply with Rule 12(b)(4)(B) is incorrect; it already has.

Numerous district courts have found that thorough disclosure of Rule 16 materials itself satisfies Rule 12(b)(4)(B). *E.g., United States v. Mote,* No. 3:07CR144, 2010 WL 2404360, at *5 (M.D. Pa. June 10, 2010) ("By giving defendant an opportunity to review [any Rule 16 evidence which may be used against him at trial], the government has effectively provided notice to defendant of evidence that may be subject to a motion to suppress."); *see also United States v. Atkinson*, No. 13-CR-84A, 2014 WL 5529446, at *1 (W.D.N.Y. Nov. 3, 2014); *United States v. Baker*, No. 2:10-CR-129, 2011 WL 2183415, at *6-7 (W.D. Penn. June 6, 2011); *United States v. Fann*, No. 09-CR-344S(Sr), 2010 WL 11507367, at *1 (E.D. Tenn. Oct. 4, 2010); *United States v. Stevens*, No. CR 309-004, 2009 WL 10675118, at *1 (S.D. Ga. July 27, 2009); *United States v. Evans*, No. CR 107-108, 2008 WL 4057108, at *1 (S.D. Ga. Aug. 29, 2008); *United States v. Dyer*, No. 3:07-CR-39, 2007 WL 2326899, at *2 (E.D. Tenn. Aug. 10, 2007); *United States v. Adams*, No. 305-024, 2007 WL 9628244, at *3-4 (S.D. Ga. July 17, 2007); *United States v. Cushmeer*, No. 1:07-CR-00046, 2007 WL 1858269, at *1 (N.D. Ohio June 26, 2007); *United States v. Jordan*, No. 3:06-CR-102, 2007 WL 1849985, at *3 (E.D. Tenn. June 25, 2007); *United States v. Kimble*, No. CR 106-156, 2007 WL 1430303, at *1-2 (S.D. Ga. May 10, 2007); *United States v. Castillo-Rodriguez*, No. 95-CR-46, 1999 WL 528565, at *8 (N.D.N.Y. July 20, 1999).

In addition to providing open and thorough discovery, the United States has also advised the defendant that it is considering using all of the Rule 16 evidence in its case-in-chief at this time. This puts the defendant on notice that he should consider filing any

appropriate suppression motions related to the Rule 16 material. *See United States v. Brock*, 863 F. Supp. 851, 868 n.33 (E.D. Wis. 1994) ("Obviously, the government might not end up using all of the discoverable information in its files. . . . The government's notice in this case simply alerts the defendants to the fact that they should look at all of the discoverable material in the open file in considering any motion to suppress."). In fact, the defendant has already filed five suppression motions (R.44-48) without requesting any additional information from the United States. *See United States v. Mathis*, No. 3:08-CR-90, 2009 WL 890029, at *2 (E.D. Tenn. Mar. 26, 2009) (finding that defendant who sought Rule 12(b)(4)(B) notice after already filing two suppression motions was misusing the Rule).

The approach used by the United States in this case, coupled with the willingness of the United States to inform the defendant whether it intends to use any specific evidence prior to the defendant filing a motion to suppress, fully satisfies any required Rule 12(b)(4)(B) notice.[4] *E.g., El-Silimy*, 228 F.R.D. at 57 (finding government response that it will use "some or all" of Rule 16 discovery at trial is sufficient notice for Rule 12(b)(4)(B), and that a defendant requesting more specific information was bringing an identical "motion only for a strategic purpose."); *see also Brock,* 863 F. Supp. at 868; *United States v. Alvarez-Gonzalez*, No. 12-CR-00242, 2013 WL 4883054, at *2-3 (D. Colo. Sept. 12,

---

[4] Any other approach would require the United States to provide a roadmap of the evidence it intends to introduce at trial, which is not the purpose of Rule 12(b)(4)(B). *See, e.g., El-Silimy*, 228 F.R.D. at 57 (noting the Rule "is not intended to allow a defendant to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics. It is not intended as a strategic tool for defendants[.]"); *see also United States v. Mathis*, No. 3:08-CR-90, 2009 WL 890029, at *2 (E.D. Tenn. Mar. 26, 2009).

2013); *United States v. Tettleton*, No. 09-00015, 2009 WL 1174358, at *1 (W.D. La. Apr. 29, 2009); *United States v. Wood*, No. 3:08-CR-26, 2008 WL 5094888, at *7 (E.D. Tenn. Nov. 25, 2008); *United States v. Holmes*, No. 07-CR-104, 2007 WL 2900438, at *2 (E.D. Wis. Oct. 3, 2007); *United States v. Imadu*, No. 3:06-CR-150-J-32MCR, 2006 WL 2265437, at *2 (M.D. Fla. Aug. 2006).

This common sense and textually based approach was outlined in detail in *Ishak*, 277 F.R.D. 158-60, and has been followed by many other district courts faced with this issue. *E.g.*, *United States v. Ferguson*, No. 2:16-CR-00103-JRG, 2018 WL 636710, at *2-5 (E.D. Tenn. Jan. 30, 2018); *United States v. Shapat Ahdawan Nabaya*, No. 3:17-CR-3, 2017 WL 1424802, at *13 (E.D. Va. Apr. 19, 2017); *United States v. Li*, No. 3:16-CR-194, 2017 WL 590275, at *5 (M.D. Pa. Feb. 14, 2017); *Conyers*, 2016 WL 7189850, at *10; *United States v. Bozeman*, No. 3:11-CR-129, 2012 WL 1071207, at *9-10 (E.D. Tenn. Mar. 29, 2012); *United States v. Bunch*, No. 3:09-CR-127, 2009 WL 4784637, at *1-2 (E.D. Tenn. Dec. 8, 2009); *see also Alvarez-Gonzalez*, 2013 WL 4883054, at *3 (finding that United States' response that it "reserves the right to introduce in its case-in-chief all [Rule 16 evidence]" was sufficient notice, but encouraging defendant to identify specific evidence and confer with the United States before working on any suppression motions).

Nonetheless, the defendant cites five cases in support of his motion. Four of the five cases cited by the defendant in support of his Rule 12(b)(4)(B) motion are distinguishable.[5] The fifth, *United States v. Anderson*, 416 F. Supp. 2d 110, 112 (D.D.C.

---

[5] Those distinguishable cases are *de la Cruz-Paulino*, 61 F.3d at 993-94; *United States v. De Rong Shong*, No. 2:11-CR-00110-RLH-VCF-1, 2012 WL 194418, at *6 (D. Nev. Jan. 23, 2012);

2006), is an outlier. The Court should consider it "unpersuasive" because it "ignores the Rule's text, purpose, and proper relationship to Rule 16[.]" *Ishak*, 277 F.R.D. at 159 n.2; *see also United States v. Lujan*, 530 F. Supp. 2d 1224, 1244-46 (D.N.M. 2008) (identifying *Anderson* as an unpersuasive outlier); *Alvarez-Gonzalez*, 2013 WL 4883054, at *2-3 n.1 (acknowledging *Anderson sua sponte*, but declining to follow its reasoning and instead holding that similar notice to that provided here was sufficient). By obligating the United States to provide a roadmap of its trial strategy whenever a defendant makes a non-specific, blanket demand under Rule 12(b)(4)(B), *Anderson* improperly allows Rule 12(b)(4)(B) to be used as a strategic tool. *E.g., de la Cruz-Paulino*, 61 F.3d at 994; *see also Ishak*, 277 F.R.D. at 158-59 (noting Rule 12(b)(4)(B) is designed specifically *not* to do what the *Anderson* holding does); *El-Silimy*, 228 F.R.D. at 57 (same); *Lujan*, 530 F. Supp. 2d at 1246; *Conyers*, 2016 WL 7189850, at *10. This Court should not follow *Anderson*.

The United States has provided all Rule 16 discovery and put the defendant on notice that, at this point, it may use any of that Rule 16 discovery during its case-in-chief at trial. Moreover, if the defendant identifies specific evidence he intends to suppress, the

---

*United States v. Anh the Duong*, No. CR-01-20154 JF (PVT), 2010 WL 532513, at * (N.D. Cal. Feb. 9, 2010); and *United States v. Cheatham,* 500 F. Supp. 2d 528, 534-35 (W.D. Pa. 2007). For example, a district court in the First Circuit bound by *de la Cruz-Paulino* held that notice provided by the United States that "some or all" Rule 16 evidence would be used at trial – notice similar to the instant case -- was sufficient under Rule 12(b)(4)(B). *See El-Silimy*, 228 F.R.D at 57. In *De Rong Shong*, the Court ordered the United States to provide more detailed notice at a time substantially contemporaneous with filing its exhibit list, not over eight months prior to trial. 2012 WL 194418, at *2, *6 (requiring the United States notify the defendant of its evidence-in-chief on January 20, 2012, and file exhibit lists on February 1, 2012, before a February 6, 2012 trial). In *Anh the Duong,* it appears that, unlike here, the defendant identified specific evidence in conjunction with his Rule 12(b)(4)(B) request. 2010 WL 532513, at *8-11. Finally, while *Cheatham* found that the Rule requires more notice than Rule 16, it did not specify how much. 500 F. Supp. 2d at 534-35.

United States is willing to confirm with the defendant whether that specified Rule 16 evidence will be used in its case-in-chief to prevent the defendant from preparing and filing unnecessary suppression motions. This approach complies with Rule 12(b)(4)(B). Providing the defendant with his requested relief would improperly require the United States to preview its case.

III.    **RULE 12(b)(4)(B) ONLY APPLIES TO RULE 16 DISCOVERY THAT MAY BE USED IN THE UNITED STATES' CASE-IN-CHIEF AT THE GUILT PHASE OF TRIAL.**

Even if the United States had not already complied with Rule 12(b)(4)(B), the defendant's request is overly broad. The plain language of Rule 12(b)(4)(B) limits its application to Rule 16 discovery that the United States intends to introduce during its case-in-chief. *See United States v. Mathis*, No. 3:08-CR-90, 2009 WL 890029, at *2 (E.D. Tenn. Mar. 26, 2009); *United States v. Lanier*, 578 F.2d 1246, 1254 (8th Cir. 1978) (addressing predecessor Rule). In other words, it does not cover *Jencks Act* or other non-Rule 16 materials that the United States had tendered early in a gesture of good faith. *E.g., Cheatham*, 500 F. Supp. 2d at 534 ("[E]vidence that is not subject to Rule 16 disclosure, is not subject to the notice requirement of Rule 12(b)(4)(B)."). Nor does it cover, as the defendant requests, information that could be used in the penalty phase, or in cross-examination or rebuttal at either the guilt or penalty phases. *See Lanier*, 578 F.2d at 1254 (noting predecessor to Rule 12(b)(4)(B) did not apply to potential cross-examination material); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1246-47 (D.N.M. 2008) (declining to expand Rule 12(b)(4)(B) to rebuttal evidence); *United States v. McCluskey*,

No. 10-2734 JCH, 2012 WL 13076959, at *2-3 (D.N.M. July 9, 2012) (refusing to extend Rule 12(b)(4)(B) to penalty phase).

The defendant seeks to stretch the Rule beyond its bounds by requesting notice related to both penalty phase evidence and *Jencks Act* material.[6] Thus, even if the United States had not already complied with Rule 12(b)(4)(B), the Court should deny the defendant's motion to the extent it seeks notice of evidence that is not subject to Rule 16 disclosure or not intended to be introduced during the prosecution's case-in-chief.

---

[6] The defense motion requests that the Court "order the Government to disclose to the defense notice of the evidence it intends to use in its case-in-chief at guilt *and penalty phases* of trial as specified herein." Def.Mot.8. (emphasis added). (R.81) The motion also requests notice of intent to use "written, recorded, or oral statements of the defendant *or any cooperating witness*, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant *or any cooperative witness*." Def.Mot.2 (emphasis added). The latter request includes *Jencks Act* material, which the defendant is not entitled to receive until after the witness testifies at trial. *See* 18 U.S.C. § 3500(b).

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's motion for an order requiring the United States to comply with Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney, Department of Justice
1331 F St. NW # 625
Washington, DC 20004
Phone:  202/598-2872
james.nelson@usdoj.gov

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of the filing

to all CM/ECF participants.


s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov