UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FOR ORDER REQUIRING THE GOVERNMENT
TO COMPLY WITH RULE 12(b)(4)(B), FED.R.CRIM.P.

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and replies to the Government's response to the motion for order requiring the Government to comply with Rule 12(b)(4)(B), Fed.R.Crim., as follows:

1.      In its response, the Government boldly proclaims that it "…has already complied with Rule 12(b)(4)(B)…" by providing defense counsel "…with all Rule 16 discovery…," and by putting defense counsel on notice "…that it is considering using **all** of the Rule 16 evidence in its case in chief at this time." (Govt. Resp., pp. 6-7)(emphasis added). The Government further asserts that "if the defendant identifies specific evidence he intends to suppress, the United States is willing to confirm with the defendant whether that specified Rule 16 evidence will be used in its case-in-chief to prevent the defendant from preparing and filing unnecessary suppression motions."

1

(Govt. Resp., p. 10-11). The Government's position does not, and cannot, survive serious judicial scrutiny.

2. It bears repeating that it as of this date, the defense has received approximately 11,500 pages of written discovery, fifty-six disks containing audio and video recordings, photographs, computer and telephone forensics, telephone records, and hundreds (if not thousands) of jail calls and text messages involving the defendant and at least one cooperating government witness, Charles Hill. At present, and as detailed in defense counsel's motion to compel Rule 16 discovery filed July 13, 2018, the Government has resisted defense counsels' earlier written and oral requests for notice of the Government's intent to offer specific items of evidence and jail calls and text messages, deferring instead to its "open file" policy in this case and the thousands of items of evidence it has previously produced in discovery, and its expressed intent to use "all of the Rule 16" discovery and tape recordings at trial. Indeed, the Government's response to defendant's Rule 12(b)(4)(B) motion fails to even acknowledge any of those previous written and oral requests by defense counsel for notice of which specific tape-recorded phone calls it intends to use as evidence at trial, and fails to address the specific requests contained in the motion itself, *i.e:*

> (g) Any written, recorded, or oral statements of the defendant or any cooperating witness, or any other written, recorded, or oral statements by others intended to be offered as a statement of the defendant or any cooperating witness. This request shall include, but is not limited to, notice of all tape recorded telephone conversations involving the defendant while confined at both the Macon County Jail and Livingston County Jail which the Government will seek to use in its case-in-chief at guilt or penalty trial. This request shall also

include, but is not limited to, notice of all tape recorded telephone conversations involving cooperating witness Charles Hill and the defendant while both were confined at the Macon County Jail which the Government will seek to use in its case-in-chief at guilt or penalty trial, and which evidence may be the subject of a motion to suppress evidence pursuant to Rule 12(b)(3)(C), Fed.R.Crim.P.

(R.# 82, p.3).

3. Instead, as support for its position that it has already complied with Rule 12(b)(4)(B), the Government cites twelve district court rulings for the proposition that "numerous district courts have found that thorough disclosure of Rule 16 materials itself satisfies Rule 12(b)(4)(B)." (See Govt. Resp., p. 7). None of those cases cited by the Government, however, are federal death penalty cases. Nor do any of the cases relied upon appear to involve voluminous discovery or unusually complex legal and/or factual issues. Indeed, in four of the twelve rulings cited, all issued by the Hon. W. Leon Barfield, District Judge of the Southern District of Georgia, the sole, stock rationale for denying the defendant's motion in each case was, "[T]o require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The government's response indicates that it is providing 'open file' discovery including documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise." See *United States v. Stevens*, No. CR 309-004, 2009 WL 10675118, at *1 (S.D. Ga. July 27, 2009); *United States v. Evans*, No. CR 107-108, 2008 WL 4057108, at *1 (S.D. Ga. Aug. 29, 2008); *United States v. Adams*, No. 305-024, 2007 WL 9628244, at *3-4 (S.D. Ga. July 17, 2007); *United States v. Kimble*, No. CR 106-156, 2007 WL

1430303, at *1-2 (S.D. Ga. May 10, 2007). And the other eight rulings cited by the Government are equally bereft of any analysis of the purpose of Rule 12(b)(4)(B), or the necessity in certain cases such as this, for the Government to provide notice of its intent to use certain evidence in its case in chief so as to allow defense counsel to file timely, meaningful, and fact-specific motions to suppress. *United States v. Mote*, No. 3:07CR144, 2010 WL 2404360, at *5 (M.D. Pa. June 10, 2010); *United States v. Atkinson*, No. 13-CR-84A, 2014 WL 5529446, at *1 (W.D.N.Y. Nov. 3, 2014); *United States v. Baker*, No. 2:10-CR-129, 2011 WL 2183415, at *6-7 (W.D. Penn. June 6, 2011); *United States v. Fann*, No. 09-CR-344S(Sr), 2010 WL 11507367, at *1 (E.D. Tenn. Oct. 4, 2010); *United States v. Dyer*, No. 3:07-CR-39, 2007 WL 2326899, at *2 (E.D. Tenn. Aug. 10, 2007); *United States v. Cushmeer*, No. 1:07-CR-00046, 2007 WL 1858269, at *1 (N.D. Ohio June 26, 2007); *United States v. Jordan*, No. 3:06-CR-102, 2007 WL 1849985, at *3 (E.D. Tenn. June 25, 2007); *United States v. Castillo-Rodriguez*, No. 95-CR-46, 1999 WL 528565, at *8 (N.D.N.Y. July 20, 1999). Hence, the Government's legal authority for the unusual and unreasonable position that it is taking, i.e., that it intends to use all of the Rule 16 discovery in its case-in-chief at trial, is hardly a representative sample of the current state of the law regarding Rule 12(b)(4)(B) requests in complex federal death penalty cases.

    4.     Rule 12(b)(4)(B), Fed.R.Crim.P., provides that "[A]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's

4

intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16."

5.      In *United States v. Lujan*, 530 F.Supp.2d 1224. 1244 (D.N.M., 2008), a federal death penalty case, the Court observed, "The rule [12(b)(4)(B)] provides a mechanism to insure that the defendant knows of the government's intention to use evidence to which the defendant may want to object." Though a defendant is already entitled to discover the same evidence under Rule 16, Rule 12 provides an otherwise unavailable means by which he can distill that evidence down when determining what he will move to suppress, sparing him the futile exercise of moving to suppress evidence the government will not introduce. See Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment; *United States v. Moya*, 2016 WL 9777212 (D.N.M., 2016).

6.      Importantly, the District of New Mexico has addressed this very issue in two federal death penalty cases in *United States v. Lujan, supra*, and *United States v. McCluskey*, Cr. No. 10-2734-JCH, Memorandum Opinion and Order, Doc. 446 at 29-30 (D.N.M. May 11, 2012) (unpublished slip op.). In both of those cases, the court granted the defendants' requests, in part, and required the Government to notify defense counsel of any Rule 16 evidence it did **not** intend to introduce during its case-in-chief at trial, including but not limited to any information from a warrantless search or seizure; search or seizure based on a warrant; surveillance; interview; tracking device; mail cover; or display of any photograph, likeness, image, or voice recording. *See United States v. Moya*, 2016 WL 9777212 (D.N.M., 2016).

5

7.	And in one of the few circuit court cases to address the subject, *United States v. de la Cruz–Paulino*, 61 F.3d 986, 993 (1st Cir.1995), the Court held that the existence of the government's "open file" policy relating to pretrial discovery is not sufficient to comply with the Rule's notice requirement. In that case, the government designated that it intended to introduce certain evidence in its case-in-chief at trial, and stated that any other evidence it intended to introduce would be noticed before trial. *Id*. at 992. The government, however, failed to notify the defendants that it intended to introduce two specific pieces of evidence. In holding that the government violated then Rule 12(d)(2), the First Circuit stated:

> To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial. Providing open-file discovery does not satisfy Rule 12(d)(2) because the defendant is still left in the dark as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial. *Id*., at 993.

8.	For the same reasons, this Court should reject the Government's unreasonable contentions that it has already complied with Rule 12(b)(4)(B) by advising defense counsel that it intends to use all of the Rule 16 discovery previously disclosed, including the hundreds of tape-recorded phone calls and text messages, in its case in chief at trial. Such an assertion by the Government should give this Court serious concerns about the time it has allotted for the trial of this case based on the Government's previous representation during the scheduling conference that it expected to take three weeks to present its case-in-chief at trial.

8.     Moreover, contrary to the Government's assertions, the notice requested by the defense has not been provided by the Government, despite defense counsel's numerous written and oral requests. Defendant urges this Court to follow the First Circuit's reasoning in *Cruz–Paulino*, and the district court cases which have adhered to it, because those cases are consistent with, and are mandated by, the plain language of the rule ("…notice of the government's intent to use (in its evidence-in-chief at trial) any evidence…").

9.     And finally, the Government's refusal to provide notice under Rule 12(b)(4)(B) unfairly forces defense counsel to defend against the entirety of the enormous volume of Government discovery in this case, and to unnecessarily expend substantial amounts and resources searching for and/or anticipating what "needles in the Government's haystack" of discovery and evidence it intends to offer in its case-in-chief at the guilty and penalty phases of trial, that may be subject to a motion to suppress and that must be filed, per this Court's scheduling order, by August 24, 2018. Therefore, such notice as ordered by this Court will meet the purpose of the rule to reduce the needless filing of suppression motions that are not at issue, and which will conserve valuable court resources by avoiding litigation on irrelevant searches or interviews.

WHEREFORE, Defendant requests that the Court order the Government to disclose to the defense notice of the evidence it intends to use in its case-in-chief at guilt and penalty trial as specified herein.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org