IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant | ) | |

THE UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S MOTION FOR DISCOVERY OF INFORMATION
REGARDING THE GRAND AND PETIT JURY VENIRE

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court grant in part, and deny in part, the defendant's motion for discovery of information concerning the grand and petit jury venire. (R. 83).

On June 30, 2017, federal agents arrested defendant Brendt A. Christensen pursuant to a criminal complaint which charged him with kidnapping Y.Z. in violation of Title 18, United States Code, Section 1201(a)(1). (R.1) A federal grand jury later indicted the defendant on the same kidnapping charge outlined in the complaint. (R.13)

On October 3, 2017, the grand jury returned a superseding indictment charging the defendant with kidnapping resulting in death, and two counts charging that he made false statements to FBI agents investigating the victim's kidnapping. (R.26) On

January 19, 2018, the United States filed its notice of intent to seek the death penalty. (R.54) Trial is set for April 2, 2019. (R.67)

## INTRODUCTION

Pursuant to the Jury Service Selection Act of 1968 (the "JSSA"), 28 U.S.C. § 1861 et seq., defendant has moved for access to certain Court materials regarding the Court's selection process of grand and petit jury venires. The defendant seeks the records in preparation for filing a motion alleging that this Court and the Court's Clerk have "excluded jurors from the opportunity to serve on grand and petit jurors (*sic*) because of 'race, color, religion, sex, national origin, or economic status.'" Def.Mot.2. The materials sought by the defendant are maintained by the Court. Whether this Court as an institution should disclose its records to defendant is an issue for the Court to determine. Nonetheless, the United States herein submits the applicable law and legal analysis of the records sought to the extent that it might assist the Court in resolving the issues before the Court.

As with nearly all pleadings filed by the defendant in this case, the defendant begins by reciting the proposition that because this is a capital case, that the Court should analyze the pleading in a different manner than a non-capital case. Def.Mot2, n2. That simply is not true. The JSSA applies to all federal cases – civil and criminal, capital and non-capital. Thus, this Court should not interpret the law any differently simply because this is a capital case.

DISCUSSION

A. **The Jury Selection and Service Act of 1968 and The Plan for the Random Selection of Grand and Petit Jurors in the United States District Court for the Central District of Illinois**

The defendant has moved this Court to direct the Clerk of Court to provide certain records related to the selection of the grand jurors and potential petit jurors in the defendant's case. (R. 83). The defendant's request is predicated on the Jury Selection and Service Act of 1968 (hereafter "the JSSA"), 28 U.S.C., § 1861 et seq. Specifically, Title 28 U.S.C., § 1867(f) provides;

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863 (b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

According to the JSSA, 28 U.S.C. § 1868, all records and papers compiled and maintained shall be preserved for four years or for such longer period as ordered by the court and such records shall be available for public inspection.

The current Jury Selection Plan of the United States District Court for the Central District of Illinois for the Random Selection of Grand and Petit Jurors (hereafter "the Plan") is dated June 1, 2015. A copy of the Plan is attached to this pleading as Exhibit 1.

The Plan was in effect at the time of the defendant's indictment. The defendant's trial is scheduled to begin in April 2019.

### B. Applicable Case Authority

With respect to 28 U.S.C. § 1867(f), the United States Supreme Court has interpreted this section as granting litigants "essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30, 95 S. Ct. 749, 42 L.Ed.2d 786 (1975) (footnotes omitted) (granting permission for defendant to inspect and copy jury lists pertaining to the grand and petit juries in his indictment).

However, despite recognizing a defendant's near-absolute right to inspect jury lists under *Test*, federal courts have uniformly refused to allow a defendant unfettered access to all jury-related documents and records. *See, e.g.*, *United States v. Savage*, 2012 WL 4616099, * 5 (E.D. Pa. 2012) (noting that the defendant making a request under the Act was "not entitled to unencumbered access to juror information") *United States v. Rice*, 489 F. Supp. 2d 1312, 1316-17 (S.D. Ala. 2007) (court stated that "if certain records or papers are not reasonably necessary for preparation of a motion under the Act, then the Act does not authorize access to those records or papers."); *United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006) (court stated that "[t]he right to discovery by the Act and Test is not limitless."); *United States v. Carlock*, 606 F. Supp. 491, 493 (E.D.La.1985) ("the right of access involved here is not without limitations"); *United States v. Gotti*, 2004 WL 2274712, *6 (S.D.N.Y. Oct.7, 2004) ("Gotti II") (defendant making § 1867(f) request "is not entitled to unencumbered access to juror information"); *United States v. Causey*, 2004 WL 1243912, *9, *18 (S.D. Tex. May 25, 2004) (collecting cases for

4

proposition that while a criminal defendant has an essentially unqualified right to inspect the master list from which members of his grand and/or petit jury were selected, access to other jury records can be restricted); *United States v. Gotti,* 2004 WL 32858, *11 (S.D.N.Y. Jan. 6, 2004) ("*Gotti I*") ("Moving defendants do not have an absolute right of access to all materials relating to the grand jury selection....").

The JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court. The Seventh Circuit has addressed this issue clearly and does not allow unfettered access to the Court's jury-related records, holding that a defendant did not have the right to inspect and copy all records concerning selection of prospective jurors, including completed juror qualification questionnaires, particularly given that the questionnaires defendant sought contained personal information about prospective jurors. *United States v. Davenport,* 824 F.2d at 1511, 1515 (7th Cir. 1987) ("[i]f these completed judicial jury forms were released to defendants generally there would exist the possibility of substantial abuse of the information the forms contain, which could have serious consequences for individual jurors and the system."); *United States v. Buckner*, 830 F.2d 102, 103 (7th Cir. 1987) (defendant not entitled to more than the data necessary to assess the composition of master panel from which grand jury specific to his case were drawn).

### C. Defendant's Requests

Against this backdrop of case authority, the United States will analyze each of the defendant's requests in the instant case. The United States agrees that the defendant is entitled to limited, basic information from the Master Jury Wheel (as that term is

5

defined in the Court's Plan) for the selection of grand and petit juries for the Urbana Division associated with his specific case.[1]

> **1. An electronic copy of the "voter registration lists" provided to the Clerk of Court that ultimately resulted in the creation of the Master Jury Wheel from which the grand jurors were drawn and petit jurors will be drawn, and all attendant/attached information including but not limited to racial, ethnic, age, voting status provided to the Clerk of Court by the State Board of Elections.**

The voter registration list requested by the defendant is called a source list. This list contains the names of every individual registered to vote in the Central District of Illinois.[2] The defendant does not require, and is not entitled to, information about every single registered voter in the Central District of Illinois in order to determine whether the Court is properly implementing its Plan.

---

[1] Counsel for the defendant also represented James Nathaniel Watts, who was charged with the death-eligible crime of Attempted Armed Bank Robbery Resulting in Death in the Southern District of Illinois. *United States v. Watts*, Case No. 14-CR-40063-JPG (S.D. Ill. 2014). In that case, counsel for the defendant filed a motion for discovery of grand and petit jury information that is substantively identical to the instant motion. (Doc. 131). The United States filed a response requesting that the Court grant in part, and deny in part, that motion. (Doc. 193). Judge Gilbert granted Watts' motion in part, and denied it in part, though the Court did not agree with the entirety of the United States' reasoning. (Doc. 226).

[2] It is not clear whether this voter registration list contains such personal information as addresses, dates of birth, social security numbers, etc., for every individual in the Central District of Illinois. If such information is contained in the lists, then the defendant will be given access to very personal information on every citizen in Central Illinois, including all public figures, all judges, all law enforcement officers, and every other person in Central Illinois. This is far more information than the defendant needs to make any challenge under 28 U.S.C. §1867(f).

Courts have held that defendants are not entitled to source lists under the JSSA. *See Rice*, 489 F. Supp. at 1318 (the raw data in the original source list of 518,476 names is not reasonably necessary to any fair cross-section challenge Rice might raise); *Diaz,* 236 F.R.D. at 483 (finding that access to raw data from original source lists is not authorized by the Act, as such lists are not necessary to preparation of fair cross-section challenge when defendants have otherwise been furnished with demographic data relating to pertinent jury wheels).

This Court's Plan provides the following:

> The selection of names for the master jury wheel shall be accomplished by a purely randomized process through a properly programmed electronic data processing system. A properly programmed electronic data processing system for pure randomized selection shall also be used to select names from the master jury wheel for the purpose of determining qualification for jury service, and from the qualified wheel for summoning persons to serve as grand or petit jurors. In each instance, the randomized process ensures that the mathematical odds of any single name being picked are substantially equal.
>
> The chief judge and the court's other presiding judges have authorized use of the Jury Management System ("JMS"), an electronic data processing system, to select names from the master jury wheel to fill the qualified wheel; to select names from the qualified wheel for persons to be summoned to serve as grand or petit jurors; and for the recording of names and other information on any papers and records needed by the court to administer the selection and payment of jurors.
>
> Pursuant to 28 U.S.C. § 1861, all litigants "have the right to grand and petit jurors selected at random from a fair cross section of the community." The court uses a two-step process to select jurors. First a master jury wheel is created by selecting names at random from the registered voter lists in each gubernatorial general election. Then names are randomly drawn periodically from the master wheel to complete juror qualification questionnaires. Individuals' answers to these questionnaires determine whether they are legally qualified to serve. If so, the names of those persons are put in a second wheel, a qualified jury wheel. As

prospective jurors are needed for a specific trial or grand jury, juror summonses are sent to persons randomly selected from the qualified wheel. All of those selections are carried out through a properly programmed electronic data processing system for pure randomized selection. The pure randomized process ensures that the mathematical odds of any single name being picked are substantially equal.

\* \* \*

The judges of the court find that the source from which the names of the grand and petit jurors shall be selected at random shall be from the registered voter lists of each gubernatorial general election as maintained in the books or lists of (1) the office of the County Clerk in each county, (2) the office of the City Clerk in those cities which have separate registration lists or (3) the office of the State Board of Elections of the State of Illinois within the Central District of Illinois. The judges do further find that such lists represent a fair cross section of the communities in the district.

The clerk shall issue written instructions during the States Board of Elections to provide a list of all registered voters in the district of electronic format ("voter data files"). The clerk shall also require the State Board of Elections to provide an affidavit stating that the voter data files contain a list of all registered voters in the district.

The judges of this court find that electronic data processing methods can be advantageously used for selecting and copying names from the voters lists furnished by counties or the State Board of Elections which are submitted in machine readable forms such as magnetic tapes or magnetic discs. Therefore, a properly programmed electronic data processing system shall be used to select master wheel names from voter lists of any or all counties in the district provided that the required proportions of names for each county are maintained as above described and the purely randomized selection process is used.

Similarly, the judges of the court find that the Jury Management System (JMS) shall be sued to select names from the master wheel of persons to complete qualification questionnaires, form the qualified wheel of persons to be summoned to serve as grand or petit jurors, and for the recording of names of prospective jurors and records needed by the court to administer the selection and payment of jurors.

The clerk shall, either all at one time or at period intervals, utilize JMS to randomly draw a sufficient number of names from the master jury

wheel to maintain an adequate number of names in the qualified jury wheel to meet the needs of the court. The clerk shall post a general notice for public review in the clerk's office and on the court's website explaining the process by which names are periodically and randomly drawn. The notices may be posted on a yearly basis and give actual or approximate times of regular master and/or qualified wheel drawings.

The number of names to be drawn from the master jury wheel shall be determined by the clerk based upon anticipated juror demands of the court, plus a margin of extra names sufficient to compensate for those individuals who will be ineligible or unavailable.

The lists of the names drawn shall not be exhibited to any person except as provided in the Act or this Plan. Lists of names so drawn are generated by JMS and are maintained in the clerk's office.

The clerk shall prepare, by means of JMS, and mail to every person whose name is so drawn, a juror qualification letter, instructing prospective jurors to complete their qualification questionnaires online at the e-Juror link on the court's website within 10 days. Prospective jurors who fail to do so will be mailed a paper qualification questionnaire to complete. At the option of the clerk, these mailings may be handled by the clerk's office or by a commercial mailing service. If any person fails to complete a qualification questionnaire online or on paper as instructed, the court may thereupon pursue the matter in accordance with 28 U.S.C. § 1864(a).

Ex. 1, pg. 3-7.

Based upon the Court's Plan, a Master Jury Wheel of 20,000 individuals is created for the Urbana Division which mirrors the percentage of the population in the counties which comprise the Urbana Division. *Id*. at 4-5. According to the Plan:

The master jury wheel shall be refilled every four years using the names and addresses of all persons randomly selected from the lists of voters at the last gubernatorial general election. No later than June 1, the clerk shall begin selecting names for filling the qualified jury wheels from the newly filled master jury wheel and will cease selecting names from the prior master jury wheel.

9

*Id*. 5. Thus, a Master Jury Wheel for the Urbana Division was filled in 2015 when the Plan became effective. The clerk will begin refilling the Master Jury Wheel not later than June 1, 2019. Given the pending trial date, it is possible that the petit jury will be selected from the same Master Jury Wheel from which the grand jury that returned the indictment was selected.

The Court's AO-12 form provides basic demographic information about the Master Jury Wheel. So long as the defendant is provided basic demographic information about the individuals who are included in the Master Jury Wheel, the defendant would be in a position to determine whether a fair cross-section of the population from the Urbana Division has been included in the Master Jury Wheel. With that demographic information, the defendant will be in a position to determine whether he wishes to proceed with the allegation that the Court is illegally engaging in systemic race discrimination by "allegedly" excluding certain populations from the Master Jury Wheel from which a grand or petit jury is selected.

Accordingly, the defendant does not need the entire source list of all individuals in the Central District of Illinois who are registered to vote.

> **2. An electronic copy of the Master Jury Wheel data including names and addresses, racial, ethnic, gender and age information, and other data in any way associated with or recorded with the individuals in/for the jury pool from which the grand jury that issued the defendant's indictment was selected and the pool from which the petit jurors will be selected.**

To the extent that the Court maintains such information, the United States does not object to the defendant's counsel receiving information from the Master Jury Wheel databases for the Urbana Division. The United States does not understand why

individual names are necessary as that would provide no demographic information as to the individual (absent stereotyping individuals based on name). To the extent that the database contains information about addresses, the United States submits that the specific street addresses are not necessary; rather, the town and/or county information can be provided and that information would be sufficient for the defendant's purposes of determining whether the Court is properly implementing its Plan. There is no need for the defendant to have the specific street addresses for thousands of individuals in Central Illinois, including individuals who have previously served as grand or petit jurors, are currently serving as grand or petit jurors, or individuals who may in the future serve as jurors.

> **3. An electronic copy of the Qualified Jury Wheel data including names and addresses, racial, ethnic, gender and age information, and other data in any way associated with or recorded with the individuals in the jury pool, as well as information on when the name was added to the Qualified Jury Wheel for the pool from which the grand jury that issued the defendant's indictment was selected.**

To the extent that the Court maintains such information, the United States does not object to the defendant's counsel receiving the Qualified Jury Wheel database for the Urbana Division for the specific timeframe in which the defendant was indicted with the same restrictions as noted above with regard to the defendant's request # 2.

/// /// ///
/// /// ///
/// /// ///
/// /// ///

4. **All surveys or reports regarding the composition of the Master or Qualified Jury Wheel (typically compiled on Forms A0-12 and formerly JS-12) for the preceding ten years and any other periodic reports of statistical sampling compiled in the proceeding 10 years.**

To the extent that the Court prepares and maintains a Form AO-12, which is a report on the jury selection process for the Court, the United States does not object to providing the defendant AO-12 forms for the Master Jury Wheel for the Urbana Division. It is not clear from his motion what the basis is for the defendant requesting information from the preceding 10 years – especially considering that the Plan is only three years old. Likewise, it is not clear what the defendant's basis is for requesting periodic reports of statistical sampling compiled in the *proceeding* 10 years, as the Court's implementation of its plan in the future has no relevance to defenses that the defendant might raise regarding the grand and petit juries in his case.

5. **The completed juror qualification forms of all persons qualified for service as described on pages 8 and 9 of the Plan for the selection of grand jurors for the pool from which the grand jury that issued the defendant's indictment was selected.**

The "juror qualification form" is in reality a jury questionnaire. The Seventh Circuit has held that the defendant is not entitled to juror questionnaires under the JSSA. In *Davenport*, the court stated:

> Defendant is making a claim that appears to us to lack any bona fide basis, a frivolous exploration. *What defendant really desires, and what he particularly asked for in his motion, were the juror questionnaires completed and returned to the clerk*. Those questionnaires contain prospective jurors' home addresses and other personal information. *To give the defendant an absolute right of routine access to all materials would be an amendment of the [JSSA]. . . .* If these completed judicial jury forms were released to defendants generally there would exist the possibility of substantial abuse of the information the forms contain,

12

which could have serious consequences for individual jurors and the system.

824 F.2d at 1515 (emphasis added). Other courts are in accord. *See Savage*, 2012 WL 4616099, *5 (Defendant's request to access the completed jury questionnaires will be denied); *Rice*, 489 F. Supp. 2d at 1320 ("defendant's request for all juror qualification questionnaires for master jury wheel are denied as being outside the scope of materials accessible under 28 U.S.C. §1867(f)); *Nichols*, 248 F.Supp.2d at 1034-35 (court denies defendants' request for jury questionnaires of the jurors placed in the qualified and mater jury wheels); *Diaz*, 236 F.R.D. at 483 (defendant's request for juror questionnaires is denied).

> 6. **The completed juror qualification forms of, or an electronic database detailing, all persons disqualified, excused, or exempted, and any other materials or information concerning these determinations (including requests for excusal and exemption and orders or notations concerning excusals, exemptions, and disqualifications).[3]**

As stated above, the defendant is not entitled to the jury questionnaires. This remains true regardless whether the person was qualified or not for jury service. This is true whether the questionnaires exist in paper form or in an electronic form. This also applies to juror questionnaires for all persons who were disqualified, excused, or exempted. *Savage*, 2012 WL 4616099, *5 (Defendant's request to access the completed jury questionnaires and any other information of all persons disqualified, excused, or

---

[3] The United States notes that the defendant has not placed a date range on this request, or in any way linked the request to the grand jury empaneled in his case. As noted in the substantive discussion of this request, the defendant is not entitled to this information in any event. However, even if he were, the vast overbreadth of his request would create a separate ground for denial.

13

exempted was denied); *Rice*, 489 F. Supp. 2d at 1320 ("defendant's request for information concerning individuals who were not placed in the qualified wheel for whatever reason – recusal, disqualification, failed to return questionnaire -- was denied); *Diaz*, 236 F.R.D. at 483 (defendant's request for completed jury questionnaires and list of all disqualified or excused persons was denied).

As the court stated in *Diaz*:

> With regard to the request for completed jury questionnaires of those persons not qualifying for service, defendants have not shown that this district's jury-selection plan provides for disqualification, exclusion, excusal or exemption inconsistently with the [JSSA]. Clerks may make determinations in the jury-questionnaire screening process that are neither "subjective" nor "extrastatutory." The Clerk of this Court makes his qualification determinations in accordance with the Northern District's selection plan, consistent with the Jury Selection. Discretionary determinations are made by the chief judge. Disclosure of jury questionnaires and jurors' personal and private information cannot therefore assist in the preparation of defendants' motion, and is not necessary.

236 F.R.D. at 482-83 (citations omitted).

> **7. All documents, materials and information concerning the delegation of responsibility for determining whether persons are qualified, exempt or excused from jury service and standards.**

The Plan also provides who may be exempted from jury service pursuant to federal law, and who may be excused from service consistent with federal law. Ex. 1, at 7-9. The Plan also provides:

> The presiding district judge or judges in each division, on their own initiative or upon recommendation of the clerk, shall determine solely on the basis of the information provided on the juror qualification questionnaire and other competent evidence whether a person is qualified, exempt, or to be excused from jury service. Such determination

14

>shall be entered in the space provided on the juror qualification questionnaire or shall appear on the appropriate database listing.
>
>The clerk of court under the supervision of the court may determine whether persons are qualified, exempt or excused from jury service, with the exceptions of: (1) determining whether a person will be excused because his or her services are essential to the operation of a business, commercial or agricultural enterprise; (2) determining whether a person is disqualified because he or she is incapable by reason of mental or physical infirmity of rendering satisfactory jury service; and (3) any other determinations requiring the exercise of discretion. All matters of discretion are reserved for determination by the presiding judge unless the presiding judge specifically authorizes the clerk to make such determinations.

*Id.*, at 9.

Without any showing that the presiding Judge or Clerk of Court are not following the Court's Plan, the defendant wants to invade the Court's internal workings and appears to want internal Court documents, materials, and information concerning how the presiding Judge and Clerk of Court exercise their duties under the Plan. The defendant has not shown how any of these documents or records is required by the JSSA. The defendant has not cited any statute or case law which establishes that the Court must turn over internal documents to a defendant.

8. **The date that the Master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case was filled, when the Master Jury Wheel and Qualified Jury Wheel is scheduled to be emptied and refilled, and information regarding whether the Master Jury Wheel and Qualified Jury Wheel for the grand jury that issued the indictment in this case will be the same wheels used in selection of the petit jury selection process.**

The Plan provides that "the master jury wheel shall be refilled every four years" and that the clerk should begin the process of selecting names for a new qualified jury

wheel "[n]o later than June 1. . . ." *Id*. at 5.  If this request is simply for two dates and no further information, the Court can determine whether the two dates fall under material under the JSSA.  To the extent the defendant is seeking any substantive information other than the two dates, the United States would object as the information is probably available in the Court's Plan.

### III. Considerations Regarding the Means of Production

#### A.  Redaction of Personally Identifiable Information

Material responsive to some categories of requested information may contain a large trove of personally identifiable information, including names, addresses, and dates of birth.  The entity producing this material on behalf of the Court should be ordered to redact or otherwise withhold, in the manner most practicable for the producing entity, all personally identifiable information.  Such an order would permit defendant access to the material he requires to investigate and prepare a motion to quash the jury venire, but would protect sensitive personal information belonging to the citizens of this district.  *See, e.g., Savage*, 2012 WL 4616099, * 6 (citing the need to consider "the risks and burdens associated with disclosure," the court ordered that defendant be provided not with original records but instead with spreadsheets containing only the statistical data that he sought).

The Court's AO-12 form provides most, if not all, the demographic information necessary for the defendant to determine whether he wants to challenge the Court's jury selection process.

16

### B. Form of Production

With respect to any information provided to the defendant, the United States requests that the Court prohibit the defendant from disclosing personal information that they may receive from these records. However, the United States agrees that the defense may disclose this information to counsel for the case, office staff and their investigators. The United States requests that the Court order defense counsel not to use these jury lists for any purpose other than the stated purpose of analyzing them to determine the viability of any contemplated challenge under the Jury Service and Selection Act in the instant litigation, and to undertake all reasonable measures to safeguard the confidentiality of this information both during and after the conclusion of this litigation.

The United States also requests that the Court order the defense counsel not to contact any individuals on the list as such contact is not necessary to determine the viability of any contemplated challenge under the Jury Service and Selection Act. The issue is whether the Court's process for jury selection is fair, not whether individual persons answered the jury questionnaire, returned the jury questionnaire, requested an excuse from jury service, or were exempted from jury service. Allowing defense counsel to interview individuals may lead to defense counsel investigating past, present, or future jurors, determining the names and locations of the grand jurors who indicted the defendant in this case, and asking the grand jurors about their deliberations in this and any other case in violation of Federal Rule of Criminal Procedure 6(e).

Finally, should this Court grant the defendant's motion in any part, the United States requests that the Attorneys for the United States also be granted access to the same materials with the same prohibition regarding disclosure of the material and contact with individuals.

### IV. Conclusion

The United States respectfully submits that the Court grant in part and deny in part defendant's requests for the reasons stated above. The defendant has the right to certain limited information about the Master Jury Wheel. However, the defendant does not have the right to most of the remaining records he seeks. *Savage*, 2012 WL 4616099 at *5 (The [JSSA] is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court").

In order to assess whether to make a claim regarding a defect with grand jury or petit jury process, the defendant needs only certain basic information from the Master Jury Wheel. "It is not the actual selection of the grand jury which would constitute the violation, but rather whether the jury was selected 'at random from a fair cross-section of the community.'" *Nichols*, 248 F. Supp. 2d at 35 (quoting *Test*, 420 U.S. at 30); *Buckner*, 830 F.2d at 103 (defendant had a statutory right to data sufficient to assess the composition of the panel).

WHEREFORE, the United States respectfully requests that the Court grant in limited part, and deny in part the Defendant's "Motion for Discovery of Information Concerning the Confection of the Grand and Petit Jury Venire."

    Respectfully submitted,

    JOHN E. CHILDRESS
    UNITED STATES ATTORNEY

    s/Eugene L. Miller
    Eugene L. Miller, Bar No. IL 6209521
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217/373-5891
    eugene.miller@usdoj.gov

    s/Bryan D. Freres
    Bryan D. Freres, Bar No. IL 6294791
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217/373-5891
    bryan.freres@usdoj.gov

    /s/ James B. Nelson
    James B. Nelson, Bar No. NV 9134
    Trial Attorney
    Capital Case Section
    United States Department of Justice
    1331 F. Street NW, Room 625
    Washington, DC  20004
    Tel: (202) 598-2872
    james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson, Bar No. NV 9134
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov