E-FILED
Thursday, 16 August, 2018  11:30:26 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 17-CR-20037** |
| | ) | |
| **BRENDT A. CHRISTENSEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant, Brendt A. Christensen, filed a Motion for Order Requiring the Government to Comply With Rule 12(b)(4)(B) (#81) on July 13, 2018. The government filed its Response (#85) on July 27, 2018, to which Defendant filed a Reply (#88) on August 3, 2018. For the following reasons, Defendant's motion (#81) is DENIED.

The essence of the issue is which party is obligated to identify evidence potentially subject to a suppression motion. Stating the issue in more practical terms, once the government provides discovery to Defendant under Federal Rule of Criminal Procedure 16, is the government then required to specifically identify each piece of evidence it intends to introduce at trial so that Defendant can craft targeted motions to suppress, or may the government simply indicate it intends to use all of the evidence, but must indicate if it intends to use specific pieces of evidence upon inquiry by Defendant.

Defendant, in his motion, requests the court issue an order requiring the government to disclose notice of any and all evidence or information, including all

information subject to disclosure under Rule 16, in the possession, custody, or control of

the government, or the existence of which is known, or by the exercise of due diligence

could become known to the government, which evidence or information the

government presently or at any time contemplates or considers using in its case-in-chief

at the guilt or penalty phase,[1] and which evidence may by the subject of a motion to

suppress evidence pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).

Defendant then identifies seven specific areas of evidence he is requesting the

government provide information on relating to use at trial.

     Defendant argues that, in order to satisfy Rule 12(b)(4)(B), the government must

provide specific evidence it intends to introduce, and cannot simply rely on *all* the

evidence it turned over under Rule 16 and expect Defendant to be able to comb through

that evidence and determine what motions to suppress need to be filed.  Defendant

refers to the government's policy as "open-file," which federal courts have rejected in

the context of Rule 12(b)(4).  By refusing to provide specific notice under Rule

12(b)(4)(B), Defendant argues, the government is unfairly forcing defense counsel to

defend against the entirety of the "enormous volume of government discovery in this

case, and to unnecessarily expend time and labor searching for and/or anticipating

needles in the government's haystack" of discovery.

---

[1]Rule 12(b)(4)(B) applies only to evidence the government intends to use during its case-in-chief at trial.  It does not extend to evidence the government intends to use at the penalty phase (*United States v. McCluskey*, 2012 WL 13076959, at *2 (D.N.M. July 9, 2012); *United States v. Nguyen*, 928 F.Supp. 1525, 1550 (D. Kan. 1996)) or rebuttal.  *United States v. Lujan*, 530 F.Supp.2d 1224, 1246-47 (D.N.M. 2008).

The government responds that Rule 12(b)(4)(B) does not require the kind of specific evidence identification Defendant seeks, and that Defendant is attempting to get a sneak preview of the government's trial strategy, which is improper.  Further, the government argues that it has already complied with Rule 12(b)(4)(B) by providing Defendant with all Rule 16 discovery and offering to inform him if the government intends to use in its case-in-chief any specific evidence that Defendant wants suppressed.

Federal Rule of Criminal Procedure 12(b)(4)(B) states:

> At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed.R.Crim.P. 12(b)(4)(B).[2]

The one published circuit court decision to squarely address this issue comes from the First Circuit, *United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995).  In *de la Cruz-Paulino*[3], the defendant, prior to trial, requested pursuant to the rule that the government designate the evidence it intended to introduce at trial.  In response, the government designated certain evidence, but never notified the defendant that it

---

[2]The court does not consider the volume of discovery provided by the government under Rule 16 to be relevant. Whether the discovery be five pages or five million pages, the rule does not contemplate different applications based upon the amount of discovery in question.

[3]Prior to the amendments in 2002, the substance of Rule 12(b)(4)(B) was contained in Rule 12(d)(2).

3

intended to introduce a telephone and cardboard seized from the defendant's car. Nonetheless, the government referred to both pieces of evidence during opening statements.  Defendant immediately moved to exclude the telephone and cardboard because they had not been disclosed under the rule.  In response, the government argued that it had provided the defendant with full discovery, and did not admit that it had failed to specifically designate either piece of evidence.  The trial court denied the defendant's motion.

The First Circuit began its analysis by holding that the government's "open-file" discovery policy violated the rule, citing with approval to the district court decision in *United States v. Brock*, 863 F.Supp. 851 (E.D. Wisc. 1994), stating "'[t]o the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial.'" *de la Cruz-Paulino*, 61 F.3d at 993, quoting *Brock*, 863 F.Supp. at 868.  The court found the trial court erred because the defendant was still left in the dark as to exactly what evidence, discoverable under Rule 16, upon which the government intended to rely in its case-in-chief, and thus the government's failure to designate either the telephone or cardboard as evidence was a violation of the rule.  *de la Cruz-Paulino*, 61 F.3d at 993.

The court went on to discuss the purpose behind the rule, stating that it is a matter of procedure rather than a rule designed to ensure fairness at trial, and that it

4

provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object, so that the defendant may avoid the necessity of moving to suppress evidence which the government does not intend to use. *de la Cruz-Paulino*, 61 F.3d at 993-94, citing Fed.R.Crim.P. 12 advisory committee's note. The court was careful to note that the rule "was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *de la Cruz-Paulino*, 61 F.3d at 994.

Multiple district courts have weighed in on what obligations Rule 12(b)(4)(B) places on the parties. The government cites to several cases in support of its position that it has already complied with the requirements of Rule 12(b)(4)(B) and need do no more. In *United States v. El-Silimy*, 228 F.R.D. 52 (D. Me. 2005), arising from a district court within the First Circuit, the defendants moved for an order compelling the government to give notice pursuant to Rule 12(b)(4)(B) of the evidence it intended to use in its case-in-chief at trial. The government responded that it had already provided the notice required in an earlier letter, when it responded that it "intend[ed] to offer some or all of the items made available to you in discovery as evidence in its case-in-chief at the trial of defendants." *El-Silimy*, 228 F.R.D. at 57. The defendants argued that the use of the phrase "some or all" rather than "all" rendered the response inadequate.

After citing to the rule and the *de la Cruz-Paulino* decision, the court found that the defendants were only bringing the motion for a "strategic purpose," and that the

defendants' "insistence that the use of the words 'some or all' as opposed to merely 'all'
makes the government's response inadequate is without support in the authority they
cite and unreasonably expands the scope of that authority." *El-Silimy*, 228 F.R.D. at 58.
The court cited to *Brock*, where the district court held that, while the open-file discovery
process was not the equivalent of notice under Rule 12(b)(4)(B), a statement that the
government intended to use all of the discoverable material as evidence *was* sufficient,
"even though '[o]bviously, the government might not end up using all of the
discoverable information in its files.'" *El-Silimy*, 228 F.R.D. at 58, quoting *Brock*, 863
F.Supp. at 868 & n.33.  The court in *El-Silimy* distinguished the situation in its case and
*Brock* from cases cited by the defendant, where the government chose to rely solely on
the open-file policy or where the government attempted to use at trial evidence of
which it had not provided notice to the defendant.  *El-Silimy*, 228 F.R.D. at 58.

Another case of note cited by the government is *United States v. Ishak*, 277 F.R.D.
156 (E.D. Va. 2011).  In *Ishak*, the defendants argued that the rule required the
government to specifically identify all evidence pertinent to those defendants that the
government intended to offer in its case-in-chief, which the court interpreted,
essentially, as a claim that the rule required the government to disclose its trial exhibit
and witness lists when a defendant filed a request.

The court noted that the advisory committee note accompanying the rule made
clear that, consistent with the text, the rule's core purpose was to ensure that a
defendant can make his motion to suppress prior to trial by requesting the government

6

give notice of its intent to use specified evidence which the defendant is entitled to discover under Rule 16.  *Ishak*, 277 F.R.D. at 158.  The court found that the rule entitled defendants to notice of evidence that the government intended to use only insofar as that notice would provide the defendant with sufficient information to file the necessary suppression motions.  *Ishak*, 277 F.R.D. at 158.  Thus, the court continued, "the government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendants to make informed decisions whether to file one or more motions to suppress" because the rule "'was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3).'"  *Ishak*, 277 F.R.D. at 158, quoting *de la Cruz-Paulino*, 61 F.3d at 994.  Defendants cannot invoke Rule 12(b)(4)(B) to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics.  *Ishak*, 277 F.R.D. at 158-59.

The court in *Ishak* held that what the rule *did* require was that "the government respond to a defendant's request for notice whether the government intends to offer specific evidence that the request identifies."  *Ishak*, 277 F.R.D. at 159.  The court wrote:

> In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity.  Rule 16 requires that the government disclose certain evidence to a defendant. The task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant.  Of course, once the defendant has flagged potentially suppressible evidence among the Rule 16 disclosures, filing a motion to suppress this evidence

would waste time and resources if the government does not intend to
offer it.  To avoid needless expense and trial disruption, Rule 12(b)(4)(B)
allows a defendant to require that the government disclose whether the
government intends to offer the "specified evidence" during its
case-in-chief. The Rule thereby "streamlines the suppression process
because the defendant can avoid moving to suppress evidence the
Government does not intend to use." [citations omitted]

*Ishak*, 277 F.R.D. at 159-60.

These limitations, the court found, make clear that the rule is not a discovery rule

defining what material the government must produce (which is the function of Rule 16),

but rather that the rule "is a procedural and timing rule that allows a defendant who is

aware that the government is in possession of certain specific evidence—probably by

virtue of Rule 16—to require that the government disclose whether it intends to present

that evidence in its case-in-chief."  *Ishak*, 277 F.R.D. at 160.  The court concluded that:

It is also clear in light of the two limitations described above that
defendants' instant motions for Rule 12 disclosures do not satisfy the Rule
and therefore do not trigger the government's notice obligation
thereunder.  First, defendants appear to invoke Rule 12(b)(4)(B) for an
improper purpose.  The Rule does not exist to help defendants "prepare a
proper and effective defense" in so broad a sense.  Its purpose is far
narrower, namely, to facilitate the timely filing of focused suppression
motions and to avoid the needless filing of motions to suppress evidence
that the government has no intention of presenting.  Second, to the extent
that defendants seek "to know what evidence the United States intends to
use at trial in order to file additional motions pretrial (such as motions in
limine)," defendants' requests that the government designate "its
evidence" and any "calls," "transcripts," and "physical evidence"
pertaining to the defendants are insufficiently specific.  Any request under
Rule 12(b)(4)(B) must identify evidence with sufficient specificity that the
government can readily ascertain the particular evidence referenced.
Only then can the government effectively provide notice whether it
intends to offer that particular evidence in its case-in-chief.  The motions
therefore fail for want of proper purpose and sufficient specificity under

Rule 12(b)(4)(B).

*Ishak*, 277 F.R.D. at 160.

A similar result was reached in the district court case *United States v. Conyers*, 2016 WL 7189850 (S.D.N.Y. Dec. 9, 2016). In *Conyers*, the defendant argued that the rule required early identification of all the evidence the government intended to introduce at trial because it would be unfair, unreasonable, and "extraordinarily time consuming" for the defense to be required to "speculate" as to what evidence the government would ultimately use. The court rejected this argument, noting that the rule did "not impose an obligation on the government to identify for the defense potentially 'suppressible' evidence, nor [did] it require the government to 'preview' its case." *Conyers*, 2016 WL 7189850, at *10. The court stated that the rule was not intended to expand the government's discovery obligations under Rule 16. *Conyers*, 2016 WL 7189850, at *10. While the rule does not specify what information must be included in defense counsel's notice to trigger the government's obligation, in order to adhere to Rule 12(b)(4)(B) without also unfairly expanding the government's discovery obligations, courts have interpreted it to require the defense to identify specific discoverable material which it believes may be subject to a future suppression motion. *Conyers*, 2016 WL 7189850, at *10. This approach furthers the rule's underlying purpose of avoiding unnecessary motion practice without forcing the government to reveal its trial strategy in advance. *Conyers*, 2016 WL 7189850, at *10. The court concluded that the defendant's request for a complete accounting of "any and all" evidence the government may use at trial went

"far beyond what would be necessary to facilitate efficient motion practice[,]" and that
"[n]otice from the government that it intends to rely on some or all of the evidence
gleaned from a search warrant would adequately inform the defense that a motion is
worth making—identification of specific evidence is unneeded." *Conyers*, 2016 WL
7189850, at *10.  See also *United States v. Alvarez-Gonzalez*, 2013 WL 4883054, at *3 (D.
Colo. Sept. 12, 2013).

Defendant cites to several district court cases that hold a more expansive view of
the government's obligations under Rule 12(b)(4)(B).  In *United States v. Anderson*, 416
F.Supp.2d 110 (D.D.C. 2006), the defendant moved under Rule 12(b)(4)(B) to compel the
government to provide a notice of intent to use specified evidence in its case-in-chief at
trial.  The court found that requiring the government to specify which of the material
already discoverable under Rule 16 that it intended to use in its case-in-chief allowed
the defendant to avoid the necessity of moving to suppress evidence which the
government did not intend to use.  *Anderson*, 416 F.Supp.2d at 112.  The court
continued:

> The amendments proposed by the Supreme Court and permitted by
> Congress to take effect in 1975 show that compliance with such a defense
> request is mandatory: "the government, either on its own or in response to
> a request by the defendant, *must* notify the defendant of its intent to use
> certain evidence in order to give the defendant an opportunity before trial
> to move to suppress that evidence." Fed. R. Crim. P. 12, Notes of the
> Committee on the Judiciary to 1975 Enactment, Amendments Proposed by
> the Supreme Court, H.R.Rep. No. 94-247 (emphasis added); see also
> Advisory Committee Note to 2002 Amendment (in explaining
> renumbering and reorganization of subparts of the Rule, stating that
> "[t]he Committee believed that [old Rule 12(d)], which addresses the

10

government's *requirement* to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).") (emphasis added); *United States v. Norman*, 2005 WL 2739082, at *2 (S.D. Ill. 2005) ("the government is obligated to comply with both Rule 16 and Rule 12(b)(4)(B).").

*Anderson*, 416 F.Supp.2d at 112.

The court ordered the government to notify the defendant of the evidence that it intended to use in its case-in-chief, *i.e.* "the evidence that will appear on the government's exhibit list for trial[,]" and held that this did *not* include evidence that the government's witnesses may have reviewed or relied on, but that the government does not plan to offer into evidence at trial.  *Anderson*, 416 F.Supp.2d at 112.

In *United States v. Lujan*, 530 F.Supp.2d 1224 (D.N.M. 2008), the defendant moved under Rule 12(b)(4)(B) for the disclosure of all evidence that the government contemplated using at trial in its case-in-chief and in rebuttal, requesting disclosure of evidence that was arguably subject to suppression, and to have the evidence specifically identified separate and apart from the other items of discovery produced under Rule 16. The government responded that Rule 12(b)(4)(B) did not require it to identify with specificity what, if any, of the Rule 16 discovery was "arguably" subject to suppression.

After discussing *de la Cruz-Paulino*, the *Lujan* court noted that the district courts appear to be split on what the government's notice obligations entail under Rule 12(b)(4)(B), with some courts following the First Circuit's reasoning that an open-file policy is not sufficient, and one court, *Anderson*, going so far as to hold that the notice

11

must consist of "the evidence that will appear on the government's exhibit list for trial." *Lujan*, 530 F.Supp.2d at 1245.  The court then acknowledged that other courts have concluded that the government satisfies Rule 12(b)(4)(B) where it provides notice that it intends to offer some or all of the items made available in discovery as evidence in its case-in-chief at trial.  *Lujan*, 530 F.Supp.2d at 1245.

Finding that the government was construing Rule 12(b)(4)(B) too narrowly, and that the defendant was construing it too broadly, the court then crafted what it called a "middle ground more in keeping with the purpose of the rule."  *Lujan*, 530 F.Supp.2d at 1245-46.  The court found that merely relying on an open-file policy was not sufficient, as the rule was designed to make it possible for the defense to avoid the necessity of moving to suppress evidence that the government did not intend to use, but, on the other hand, interpreting the rule as requiring the government to file an exhibit list, as essentially requested by the defendants, expanded the rule too far. *Lujan*, 530 F.Supp.2d at 1246.  Had the rule contemplated a detailed exhibit list, it could have expressly stated so, and the purpose of the rule was not to reveal the government's trial strategy, but merely to provide the defendant with sufficient information to file the necessary suppression motions.  *Lujan*, 530 F.Supp.2d at 1246.

Thus, the court concluded, if the government knew that it did not intend to introduce any evidence from a particular warrantless search or seizure, etc., then it had to notify the defendants of this fact immediately, with a continuing obligation to supplement, in order to avoid the necessity of the defendants moving to suppress

evidence that would not be introduced in the government's case-in-chief at trial. *Lujan*, 530 F.Supp.2d at 1246. Such notice would "meet the purpose of the rule to reduce the needless filing of suppression motions that are not at issue, which will conserve court resources by avoiding litigation on irrelevant searches or interviews, without requiring the United States to disclose its trial strategy by forcing it to specify particular pieces of evidence it intends to present." *Lujan*, 530 F.Supp.2d at 1246. At least one other court has similarly followed *Lujan*'s "middle ground." See *United States v. McCluskey*, 2012 WL 13076959, at *2 (D.N.M. July 9, 2012).

Having examined the case law, the court finds that the cases cited by the government, particularly *Ishak* and *El-Silimy*, are better reasoned and more in line with the purpose behind Rule 12(b)(4)(B). The rule was meant to allow for defendants to prepare their motions to suppress before trial, and not waste the parties' and court's time with suppression motions made during trial, or to force defendant to file motions to suppress on evidence the government had no intention of using. *de la Cruz-Paulino*, 61 F.3d at 994.

Therefore, it makes sense for the government to be required, under Rule 12(b)(4)(B), to give notice of the use of a specific piece of evidence upon specific inquiry from the defendant about that piece of evidence. *Conyers*, 2016 WL 7189850, at *10; *Ishak*, 277 F.R.D. at 160. The rule was not designed, however, to aid the defendant in ascertaining the government's trial strategy. *de la Cruz-Paulino*, 61 F.3d at 994. This court would be doing just that if it adopted the *Anderson* court's approach, which would

13

essentially require the government to turn its exhibit list over to the defendant.  See *Anderson*, 416 F.Supp.2d at 116.

The court also agrees with the court in *Ishak* that the holding in *Anderson* is unpersuasive, as it ignores the text, purpose, and proper relationship of Rule 12(b)(4)(B) to Rule 16.  *Ishak*, 277 F.R.D. at 159 n.2.  There is no language in Rule 12(b)(4)(B) to support the *Anderson* holding.  The court finds that adopting such an expansive view of Rule 12(b)(4)(B) would essentially force the government to divulge its trial strategy to the defendant ahead of trial, in violation of the purpose of the rule.  It would also make Rule 16 obsolete, because it would turn Rule 12(b)(4)(B) into a discovery rule, defining what material the government must produce to defendant.  See *Ishak*, 277 F.R.D. at 160.  If the drafters of the rule intended to subsume Rule 16 within Rule 12(b)(4)(B) they could have clearly done so, but they did not.

The court likewise does not find persuasive the "middle ground" approach found in *Lujan*.  The court agrees with *Ishak* that this "middle ground" approach still improperly places the obligation on the government to "notify continually what evidence disclosed under Rule 16 the government does not intend to use in its case in chief," and that "[t]his understanding fails to consider that, for purposes of Rule 12(b)(4)(B), a defendant needs to know that the government does not intend to offer particular evidence only if the defendant contemplates moving to suppress that evidence."  *Ishak*, 277 F.R.D. at 159 n.3.

Here, the government states that it has informed Defendant that, at this point, it

14

intends to use all of the evidence at trial.  This was the same situation facing the district

courts in *Brock* and *El-Silimy*.  In *Brock*, the government stated that it intended "to use all

the material discoverable under Rule 16, access to which has been or will be provided to

[the defendant] under its open-file policy, as evidence in chief at trial."  *Brock*, 863

F.Supp. at 868.  The district court, while noting that the open-file policy does not, in and

of itself, satisfy this notice requirement because it does not specify which evidence the

government intends to use at trial,[4] held that the defendants' motion was moot because

"the government [] provided notice of its intent to use *all* of the evidence in its open file

that [was] subject to Rule 16."  *Brock*, 863 F.Supp. at 868 (emphasis in original); see also

*El-Silimy*, 228 F.R.D. at 57. The court, in a footnote, wrote:

> Obviously, the government might not end up using all of the discoverable
> information in its files. At this time, however, the court has no reason to
> doubt the sincerity of the government's statement. Moreover, it is
> important to remember that the purpose of Rule 12(d)(2) is to give the
> defendants an opportunity to move to suppress evidence. The
> government's notice in this case simply alerts the defendants to the fact
> that they should look at all of the discoverable material in the open file in
> considering any motion to suppress.

*Brock*, 863 F.Supp. at 868 n.33.

Further, the court finds that circumstances of the instant case are distinguishable

from those facing the First Circuit in *de la Cruz-Paulino*.  Here, the government has

provided all of its evidence discoverable under Rule 16 to Defendant, and has stated

that it intends to use all of the evidence at trial and, at this time, the court has no reason

---

[4] It should be noted that *Brock* was cited with approval by the First Circuit in *de la Cruz-Paulino* on this basis.  See *de la Cruz-Paulino*, 61 F.3d at 993.

to doubt the sincerity of the government's statement, thus putting Defendant on notice to the fact that he should look at all of the discoverable material provided in considering any motion to suppress.  See *Brock*, 863 F.Supp. at 868 n.33.  By contrast, in *de la Cruz-Paulino*, the government specified certain evidence, but *omitted* two particular pieces of evidence. *de la Cruz-Paulino* at 992.  Thus, in that case, the error was in the government being under-inclusive rather than over-inclusive in its notice.  See *Lujan*, 530 F.Supp.2d at 1246 n.3.

The government has provided notice pursuant to Rule 12(b)(4)(B) that it intends to use all of the evidence it provided in Rule 16 discovery during its case-in-chief at trial.  If Defendant identifies specific evidence he desires to suppress, he may notify the government, and the government is required to confirm with Defendant whether that evidence will be used during its case-in-chief at trial pursuant to Rule 12(b)(4)(B). Defendant's motion (#81) is DENIED.

IT IS THEREFORE ORDERED:

Defendant's Motion for Order Requiring the Government to Comply With Rule 12(b)(4)(B) (#81) is DENIED.

ENTERED this 16th  day of August, 2018.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE


16