UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | <u>Hearing Requested</u> |
| | ) | |
| Defendant. | ) | |

<u>MOTION TO SUPPRESS STATEMENTS ALLEGEDLY
MADE TO CELLHOUSE INFORMANT</u>

Defendant Brendt A. Christensen, by and through his attorneys, and pursuant to Fed. R. Crim. P. 12(b)(3)(C), moves this Court for the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by Mr. Christensen to an individual identified herein as "the Confidential Source," an inmate who was allegedly confined with Mr. Christensen in the Macon County Jail in Decatur, Illinois, and in support thereof states as follows:

**Factual Background**

On June 30, 2017, Mr. Christensen was arrested by officers and agents of the Federal Bureau of Investigation on a criminal complaint charging him with the offense of kidnapping in violation of 18 U.S.C. § 1201. (R. 1) On July 3, 2017, Attorney Evan Bruno of Urbana, Illinois, filed his appearance as Mr. Christensen's privately retained defense counsel. (R. 4) On that same date, Mr. Christensen appeared with his counsel

1

for an initial appearance before United States Magistrate Judge Eric I. Long at which time Mr. Christensen was advised of the charges, a preliminary hearing was set for July 14, 2017, and a detention hearing was set for July 5, 2017. Mr. Christensen was ordered detained pending further hearings. (Docket Entry 07/03/2017). On July 5, 2017, following a detention hearing and arguments of counsel, Magistrate Judge Long ordered Mr. Christensen detained pending further proceedings. (R. 11).

On July 12, 2017, the grand jury returned an indictment against Mr. Christensen charging him with the offense of kidnapping in violation of 18 U.S.C. § 1201. (R. 13). Mr. Christensen appeared before Magistrate Judge Long for arraignment on July 20, 2017, at which time Defendant entered a plea of not guilty, and trial was scheduled for September 12, 2017. (R. 16).

From approximately July 3, 2017, through September 6, 2017, and for some time thereafter, Mr. Christensen was confined in the Macon County Jail in Decatur, Illinois. During this time another inmate, referred to herein as the "Confidential Source" or "CS," who was facing serious felony criminal charges in Macon County Circuit Court, was confined in the same institution.

Upon information and belief, the "CS" was no stranger to the criminal justice system in Macon County. His adult criminal history included seven prior felony drug convictions from Macon County and two other jurisdictions, one prior residential burglary conviction in Macon County for which he received a twelve year term of imprisonment in the Illinois Department of Corrections, and two prior felony theft

convictions in Macon County. All ten of his prior felony convictions resulted in terms of imprisonment being imposed.

Upon information and belief, at the time that the "CS" and Defendant were confined in the Macon County Jail, the "CS" was, and still is, a documented confidential source working under the supervision, direction and control of the Decatur Police Department, the Macon County Sheriff's Departmen and/or, the Illinois State Police.[1] Further, upon information and belief, the "CS" was assigned to and placed in the cell unit adjoining Mr. Christensen's cell by state and/or local law enforcement officers and agents of one or more of the aforementioned agencies for the purpose of his engaging Mr. Christensen in conversations concerning Mr. Christensen's pending federal case, and for reporting any information obtained from Mr. Christensen to said law enforcement officers and agents for use as evidence against Mr. Christensen.

As a result of the conversations that the "CS" allegedly actively engaged in with Mr. Christensen while both were confined in the Macon County Jail, Mr. Christensen is alleged to have made various statements to the "CS" which were then reported by state and/or local law enforcement agents to FBI/TFOs Barbara Robbins and Trevor Stalets,

---

[1] On June 14, 2018, and July 3, 2018, Defense counsel served written discovery requests to Government counsel pursuant to *Brady v. Maryland.*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) for, *inter alia*, all documents, reports, notes, and memoranda concerning the "CS" and his role as a government confidential source/informant in this case. Defense counsel also requested "all documents and information concerning the circumstances of the government's initial and subsequent contacts and meetings with ["CS"], and/or his attorney(s), including but not limited to all confidential source agreements or paperwork entered into with any law enforcement agency. In its response dated July 11, 2018, Government counsel stated, in part, "[n]either the U.S. Attorney's Office for the Central District of Illinois nor the Federal Bureau of Investigation have entered into any confidential source agreements with ["CS"]."

3

and FBI Special Agent Anthony Manganaro, and which the government will seek to use as evidence against him. This is improper, because the statements which Mr. Christensen allegedly made to the "CS" while confined in the protective custody unit at the Macon County Jail were obtained in violation of Mr. Christensen's rights secured under the Fifth and Sixth Amendments to the United States Constitution.

## Argument

**Any statement allegedly made to the "CS" by Mr. Christensen after he invoked his right to counsel violates Mr. Christensen's Fifth and Sixth Amendment rights and should be suppressed.**

In *Massiah v. United States*, 377 U.S. 201 (1964), the United States Supreme Court held that post- indictment questioning of a defendant by government agents in the absence of the defendant's counsel constitutes a violation of the defendant's right to counsel as guaranteed by the Sixth Amendment to the United States Constitution and mandates suppression of any incriminating statement that the defendant allegedly made.

In *United States v. Henry*, 447 U.S. 264 (1980), the Supreme Court held that the defendant's Sixth Amendment right to counsel was violated by the admission at trial of incriminating statements made by the defendant to his cellmate, an undisclosed government informant, after indictment and while in custody. In *Henry*, after the defendant was indicted and confined in jail, a government agent asked a paid informant, who was confined in the same cellblock, to "be alert" to any statements made by the defendant. The informant was also told not to initiate any conversation with or

question the defendant. At trial, the informant testified as to certain incriminating statements made to him in the jail by the defendant.

The Supreme Court held that the defendant's statements made to the cellhouse informant were obtained in violation of the defendant's right to counsel, and were barred under *Massiah, supra*, where the Court previously ruled that the Sixth Amendment prohibits law enforcement officers from deliberately eliciting post-indictment statements from an accused in the absence of counsel. In holding that the government agent/cellhouse informant "deliberately elicited" statements from the defendant, the Supreme Court found three factors to be important: 1) the informant was acting under instructions as a paid informant for the government; 2) the informant was ostensibly no more than a fellow inmate of the defendant; and 3) the defendant was in custody and under indictment at the time he made the statements. 447 U.S. at 270.

Significantly, the Court noted that the fact that the informant was told not to initiate any conversation with the defendant was not critical to the inquiry. As the Court stated:

> Even if the agent's statement is accepted that he did not intend that the informer would take affirmative steps to secure incriminating information, he must have known that such propinquity likely would lead to that result . . . By intentionally creating a situation likely to induce the defendant to make incriminating statements without the assistance of counsel, the government violated the defendant's Sixth Amendment right to counsel. This is not a case where...the constable blundered ... rather, it is one where the constable planned an impermissible interference with the right to the assistance of counsel.

5

447 U.S. at 271.

Finally, the Court held that the defendant could not and did not waive his right to counsel under such circumstances. "The concept of a knowing and voluntary waiver of Sixth Amendment rights does not apply in the context of communications with an undisclosed undercover informant acting for the government." *Id.* at 273.

Moreover, in other cellhouse informant cases, reviewing courts have found Sixth Amendment violations under similar circumstances. *United States v. O'Dell*, 73 F.3d 364 (7th Cir.1995) (Sixth Amendment violation where defendant's fellow inmate at county jail was confidential source working for the Illinois State Police and deliberately elicited information from defendant about defendant's federal case); *United States v. Bender*, 221 F.3d 265, 268-69 (1st Cir. 2000) (Sixth Amendment violation when undercover government agent initiated conversation with defendant about different, unrelated crimes because state must have known its agent was likely to obtain incriminating statements from accused); *United States v. Lentz*, 524 F.3d 501, 521 (4th Cir. 2008) (Sixth Amendment violation when government advised informant to obtain specific information); *Ayers v. Hudson,* 623 F.3d 301, 315-17 (6th Cir. 2010) (Sixth Amendment violation when state returned jailhouse informant to defendant's jail pod to deliberately elicit incriminating statements from him); *Manning v. Bowersox,* 310 F.3d 571, 576 (8th Cir. 2002) (Sixth Amendment violation when government planted informants in jail cell to elicit incriminating information from charged defendant because government

"deliberately created a circumstance ripe for its agents to elicit incriminating statements from [defendant]"); *Randolph v. California*, 380 F.3d 1133, 1146-47 (9th Cir. 2004) (Sixth Amendment violation when police placed paid informant in defendant's jail cell for purpose of obtaining statements).

In this case, Mr. Christensen's Sixth Amendment right to counsel attached at the initiation of adversary criminal proceedings against him by the government's filing of the criminal complaint on June 30, 2017 (R. 1), and Mr. Christensen's initial appearance with his privately retained counsel before the Magistrate Judge on July 3, 2017. (R. 4) *Kirby v. Illinois*, 406 U.S. 682, 689-90 (1972) (right to counsel attaches at the initiation of judicial criminal proceedings); *Thompkins v. Pfister*, 698 F.3d 976, 984 (7th Cir. 2012) (right to counsel attached at bond hearing the day after defendant's arrest). From that point on, Defendant was "off limits" under the Sixth Amendment to all attempts by government agents to deliberately elicit incriminating information from him outside the presence of his counsel. *Massiah, supra*.

Further, it cannot be coincidence that such an opportunistic career criminal as the "CS" was assigned to a cell adjacent to Defendant in the protective custody unit at the Macon County Jail during July, 2017,. Upon information and belief, the "CS" was a documented confidential source working under the supervision, direction, and control of his law enforcement principals, and he was strategically placed in the cell adjacent to Mr. Christensen's to deliberately elicit incriminating information from Mr. Christensen and report it to the authorities in exchange for a lenient disposition of his own serious

criminal charges and whatever other consideration he and his lawyer may have bargained for. In point of fact, on March 8, 2018, the "CS" pleaded guilty to a single count of aggravated battery-great bodily harm pursuant to a plea agreement with the Macon County States's Attorney's Office for an agreed sentence of 42 months imprisonment in the Illinois Department of Corrections--a term of imprisonment which was but a fraction of what he was facing at the time of his arrest for multiple counts of forcible felonies in Macon County, Illinois.

    Based upon the controlling legal authorities cited herein, and the evidence to be adduced at the hearing on this motion, this Court should find that all the statements which Defendant allegedly made to the "CS" while confined in the protective custody unit at the Macon County Jail were obtained in violation of Mr. Christensen's rights secured under the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's ruling in *Massiah*, 377 U.S. at 201.

    WHEREFORE, Mr. Christensen requests the entry of an Order suppressing all statements, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by Mr. Christensen to an individual identified herein as the Confidential Source.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By:  /s/Elisabeth R. Pollock          /s/ George Taseff
     Assistant Federal Public Defender    Assistant Federal Public Defender
     300 West Main Street             401 Main Street, Suite 1500
     Urbana, IL 61801                 Peoria, IL 61602
     Phone: 217-373-0666              Phone: 309-671-7891
     FAX:   217-373-0667              Fax:   309-671-7898
     Email: Elisabeth_Pollock@fd.org  Email: George_Taseff@fd.org


     /s/ Robert Tucker                /s/ Julie Brain
     Robert L. Tucker, Esq.           Julie Brain, Esq.
     7114 Washington Ave              916 South 2nd Street
     St. Louis, MO 63130              Philadelphia, PA 19147
     Phone: 703-527-1622              Phone: 267-639-0417
     Email: roberttuckerlaw@gmail.com Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Eugene Miller and Bryan David Freres, Assistant United States Attorneys, 201 South Vine Street, Urbana, IL 61801, and Mr. James B. Nelson, Trial Attorney, Capital Case Section, 1351 F Street NW, Room 625, Washington, D.C. 20004. A copy was also mailed to Mr. Christensen.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org