UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTOR OF
"OBSTRUCTION OF INVESTIGATION"

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and moves this Court pursuant to the Scheduling Order entered on February 14, 2018 (R. 67), to strike the non-statutory aggravating factor of Obstruction of Investigation included in the government's Notice of Intent to Seek the Death Penalty. (R. 54), and in support of the Motion states as follows:

I.      **Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13) A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18 U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c):

1

that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1)); that the defendant committed the offense in an especially heinous, cruel or depraved manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26)

Count 1 of the Superseding Indictment was a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment and added six non-statutory aggravating factors: victim impact evidence, future dangerousness, lack of remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R. 54) As to the sixth of these factors, the government stated:

> 6.   **Obstruction.** The defendant attempted to obstruct the investigation of this offense by, at least, making false statements to investigators; destroying or concealing the victim's remains; and sanitizing the crime scene.

(R. 54 at 4)

It is our understanding that, in support of this circumstance, the government intends to rely upon evidence presented at the guilt phase as part of the *res gestae* of the crime rather than introducing additional evidence at the penalty phase. There is, of course, no restriction on the government's ability to argue the properly admitted facts and circumstances of the crime to the jury at the penalty phase in support of its argument that the jury should impose a sentence of death. *See, e.g., Tuilaepa v. California*,

512 U.S. 967, 9760 (1994) ("our capital jurisprudence has established that the sentencer should consider the circumstances of the crime in deciding whether to impose the death penalty"). However, by designating certain of those facts as a non-statutory aggravating circumstance, the government is essentially seeking an unwarranted judicial imprimatur on the force and legitimacy of its argument. This request should be denied.

**II.     The Law Governing Non-Statutory Aggravating Circumstances**

The constitutional and statutory requirements for the proper designation of non-statutory aggravating factors are set forth in detail in the opinion of District Judge Payne in *United States v. Friend*, 92 F. Supp. 2d 534, (E.D. VA 2000). "'To pass constitutional muster, a capital sentencing scheme must genuinely narrow the class or persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.'" *Id.* at 540 (quoting *Lowenfeld v. Phelps*, 484 U.S. 231, 244 (1988) (emphasis omitted). The jury's "'discretion . . . [must] be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 188-89 (1976)).

One way in which the Federal Death Penalty Act attempts to accomplish the constitutionally required narrowing is by prescribing that both statutory and non-statutory aggravating factors may be submitted to the jury to guide their sentencing determination. *Id.* at 541. "[N]onstatutory aggravating factors assume great significance in the selection decision because, along with the statutory aggravating factors, they are

3

weighed against the mitigating factors in order to make the decision whether to impose the death penalty." *Id.*

There are three requirements that a proposed aggravating factor must meet in order to be constitutionally valid. First, it must not be overbroad, i.e., it must not apply to all or nearly all murders. *Id.* at 541-42 (quoting *Tuilaepa*, 512 U.S. at 972). If a purported aggravating factor is present in the vast majority of all murder cases, it provides no principled basis upon which to distinguish between those which are deserving of the death penalty and those that are not. *Id. See also United States v. Sampson*, 335 F. Supp. 2d 166, 215-16 (D. Mass. 2004) (same) Second, an aggravating factor may not be unconstitutionally vague. *Friend*, 92 F. Supp. 2d at 541 (citing *Tuilaepa*, 512 U.S. at 972). Rather, it must have "'a common-sense core of meaning that criminal juries should be capable of understanding' in order to provide constitutionally acceptable guidance." *Id.* (quoting *Tuilaepa*, 512 U.S. at 973).

Third, an aggravating factor must be "focused on circumstances that are considered by civilized society to be 'particularly relevant to the sentencing decision.'" *Id.* (quoting *Gregg*, 428 U.S. at 192). It must raise "an issue which (a) is of sufficient seriousness in the scale of societal values to be weighed in selecting who is to live or die; and (b) is imbued with a sufficient degree of logical and legal probity to permit the weighing process to produce a reliable outcome." *Id.* at 543. Whether a proposed aggravator meets these criteria must be assessed in accordance with the heightened reliability that is required when deciding issues that bear on the determination of whether to sentence a person to death. *Id.* at 542.

A useful comparison may be made of a proposed non-statutory aggravator to the statutory aggravating factors that Congress deemed "'substantial enough to sustain the death penalty for a particular offender.'" *Id.* at 544 (quoting *United States v. Davis*, 912 F. Supp. 2d 938, 944 (E.D. La. 1996)). These 16 statutory factors all have "a substantial degree of gravity," rendering them suitable to be considered is determining who should live and who should die. *Id.* Each represents a quality of conduct or personal characteristic of the defendant that has earned widespread acceptance in society as genuinely probative of death-worthiness. *Id.* Nothing less will do when it comes to proposed non-statutory aggravators. *Id.*

### III. The Government's Proposed Obstruction Aggravating Factor Fails to Satisfy the Constitutional and Statutory Requirements for a Valid Non-Statutory Aggravator

#### a. The Proposed Obstruction Aggravating Factor is Overbroad

The conduct constituting obstruction that the government alleges Mr. Christensen engaged in is almost banal in its ubiquity in criminal cases – especially homicide cases. Essentially, the government alleges that he took steps to avoid detection. He disposed of the body, cleaned the crime scene and declined to admit guilt to law enforcement investigators. (R. 54 at 4) Rare, indeed, is the perpetrator of a murder who is indifferent to his chances of being apprehended and punished by authorities and who does not take steps to attempt to avoid that outcome. *See United States v. Jacques*, No. 2:08-cr-117 at 58 (D. Vt. May 4, 2011) (striking non-statutory aggravating factor of manipulation and deception of the justice system from government's notice of intent because "[m]ost, if not all, offenders who appear before a

parole board, or some other authority charged with deciding upon the timing of their release, attempt to convince that authority that they are rehabilitated and worthy of release" as defendant allegedly did).

Such conduct stands in stark contrast to, say, obstruction by threats or violence towards potential witnesses, which is far less common and therefore not overbroad when used as a non-statutory aggravator. *See, e.g., Friend*, 92 F. Supp. 2d at 542 (finding that discussion of possible attempt on the life of a witness was conduct that applies only to a subclass of defendants convicted of murder and was therefore not overbroad, though declining to allow aggravator on other grounds); *United States v. Grande*, 353 F. Supp. 2d 623, 641 (E.D. Va. 2005) (declining to find obstruction of justice aggravating factor overbroad where defendant threatened to kill potential witnesses). Simple covering of ones tracks during and after the commission of the crime is simply too common of a circumstance to provide a principled basis on which to determine whether a person lives or dies.

### b. The Proposed Obstruction Aggravating Factor is Unconstitutionally Vague

"Obstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n. 3 (U.S. Sentencing Comm'n 2016). The government's proposed aggravator offers the jury no guidance whatsoever on how to make the determination of whether Mr. Christensen's alleged conduct constitutes obstruction of an investigation. The phrase has no "common-sense core of meaning" to a lay person; rather, it is a legal term of art. How the jury would

6

interpret it, then, "can only be the subject of sheer speculation," *Godfrey v. Georgia*, 446 U.S. 420, 429 (1980), and it is therefore unconstitutionally vague.

### c. The Proposed Obstruction Aggravating Factor has no Relevance to the Jury's Sentencing Determination

The alleged conduct that the government claims amounted to obstruction of an investigation fails to raise an issue of sufficient seriousness to justify weighing it in the decision as to whether Mr. Christensen should live or die. Firstly, with the arguable exception of making false statements to investigators, the listed conduct does not even describe a crime. And, even including the alleged false statements, the conduct certainly does not constitute the crime of obstruction of justice. Second, the conduct is insufficiently serious to justify an obstruction enhancement of even a non-capital prison sentence under the U.S. Sentencing Guidelines. It is therefore manifestly inappropriate to suggest that it is relevant to the decision of whether to impose a death sentence.

### i. The alleged conduct is insufficient to establish the crime of obstruction

As the district court found in *Friend*, 92 F. Supp. 2d at 544, there is no case in which unadjudicated misconduct not itself a crime has been permitted to constitute a freestanding, nonstatutory aggravating factor. Under federal law, the crime of obstruction is defined by 18 U.S.C. § 1503(a). "To prove an obstruction of justice charge under § 1503, the government must show, beyond a reasonable doubt, that there was a pending judicial proceeding, that the defendant was aware of that proceeding, and that the defendant corruptly intended to impede the administration of that judicial proceeding." *United States v. Fassnacht*, 332 F.3d 440, 447 (7th Cir. 2003). Plainly, at the

time of the alleged conduct in this case, there was no pending judicial proceeding. For that reason alone, the conduct fails to make out a case of obstruction. *See id.* at 446 (an attempt to impede an investigation is insufficient to support a conviction under the obstruction statute).

   ii.  **The alleged conduct is insufficient to justify an enhancement of a non-capital sentence under the U.S. Sentencing Guidelines**

  The conduct alleged by the government to constitute obstruction of an investigation is insufficiently serious to trigger an enhancement for obstruction under the U.S. Sentencing Guidelines. The applicable Guidelines provision states:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S. Sentencing Guidelines Manual § 3C1.1 (U.S. Sentencing Comm'n 2016).

  To assist courts in determining when this enhancement should be applied, the Commentary sets forth examples of conduct that is intended to be covered by the guideline, and of "less serious" conduct that is not. *Id.* at cmt. n. 4-5. As relevant here, "making false statements, not under oath, to law enforcement officers" is conduct that is expressly excluded from the purview of the enhancement, unless the false statements were material and "significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* at cmt. n. 4(G), 5(B).

The alleged false statements that Mr. Christensen made to law enforcement caused no significant obstruction of, or impediment to, the investigation or prosecution in this case. The investigation proceeded apace and Mr. Christensen was arrested in due course. The investigating officers clearly continued to believe in his guilt, notwithstanding his denials, and put together their case in precisely the same manner that they would have done had Mr. Christensen opted never to talk to them.  Mr. Christensen's denials did not mislead the officers, nor did they send the officers on a wild goose chase or otherwise cause them to expend time and resources on fruitless investigation.  The obstruction enhancement would therefore be inapplicable to these alleged false statements. *See United States v. Fiala*, 929 F.2d 285, 289-90 (7th Cir. 1991) (holding that defendant's denial of guilt during search of car was neither material nor a significant obstruction of troopers' investigation and reversing application of obstruction enhancement); *United States v. Shriver*, 967 F. 2d 572, 575 (11th Cir. 1992) (reversing application of obstruction enhancement where investigating officer was never misled or deceived by defendant's false statement and thus no significant obstruction occurred).

The remaining alleged obstructive conduct, "destroying or concealing the victim's remains" and "sanitizing the crime scene," similarly fails to rise to the level of seriousness that would trigger an obstruction enhancement in an ordinary, non-capital case. § 3c1.1 cmt. n.4(D) allows the enhancement for "destroying or concealing . . . evidence that is material to an official investigation." However, the enhancement is only applicable if the conduct occurs "during an official investigation," i.e., while there is

9

"investigative action by federal law enforcement or government employees 'acting within the course and in furtherance of their official duties.'" *United States v. Ross*, 77 F.3d 1525, 1549 (7th Cir. 1996) (quoting *United States v. Kirkland*, 985 F.2d 535, 537 (11th Cir. 1996)).

The alleged concealment of evidence in this case was necessarily part and parcel of the crime itself and took place prior to the commencement of the official investigation, hence the obstruction enhancement would not apply to a non-capital prison sentence. It is therefore manifestly inappropriate to stack it on death's side of the scales in a capital punishment proceeding.

WHEREFORE, Defendant respectfully requests that the Court strike the proposed non-statutory aggravating circumstance of obstruction of an investigation.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org