UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

### MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTOR OF "LACK OF REMORSE" AS DUPLICATIVE OF "FUTURE DANGEROUSNESS"

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike the Non-Statutory Aggravating Factor of "Lack of Remorse" as Duplicative of Future Dangerousness states as follows:

**I.    Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13) A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18 U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c): that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1));

that the defendant committed the offense in an especially heinous, cruel or depraved manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26)

Count 1 of the Superseding Indictment was a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment, and added six non-statutory aggravating factors: victim impact evidence, future dangerousness, lack of remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R. 54)

II.     **Argument**

In the present case, the non-statutory aggravating factors of "lack of remorse" and "other serious acts of violence" are duplicative of subparts of the non-statutory aggravating factor of "future dangerousness." They are cumulative, and overlap substantially enough that both factors should be stricken from the NOI. The body of the NOI (R. 54) alleges the factors as follows:

> 2. *Future dangerousness of the defendant*. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, his *demonstrated lack of remorse* for his acts of violence; his other serious acts of violence; his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detection.

>    3. ***Lack of remorse.*** The defendant has <u>**demonstrated, by statements he made following the offense, that he lacked remorse**</u> for the kidnapping resulting in the death of Y.Z.

In *United States v. McCullah,* 76 F.3d 1087, 1111 (10th Cir. 1996), the court of appeals held that the district court erred in submitting cumulative aggravating factors to the jury. In that case, the district court submitted to the jury the statutory aggravating factor of "intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim, which resulted in death of the victim," and the non-statutory aggravating factor, "committed the offenses as to which he is charged in the indictment." *Id.* The court noted that in order for the jury to find that the defendant committed the offenses charged, it must necessarily have found that he intentionally caused the death. *Id.* In other words, the factors "substantially overlap" with one another such that if one was proven, so was the other. *Id.* Additionally, the district court submitted the statutory aggravating factors of "intentionally engages in conduct which he knows creates a grave risk of death and that such death results" and "intentional conduct intending that the victim be killed." *Id.* Although not "identical *per se,*" the first factor wholly subsumed the second. *Id.*

The Tenth Circuit found that considering aggravating factors which overlap or subsume one another, especially under a weighing scheme where the jury is responsible for weighing the aggravating factors against the mitigating factors, was impermissible double counting. *Id.* Additional aggravating factors have "a tendency to skew the weighing process and creates the risk that the death sentence will be imposed

arbitrarily and thus, unconstitutionally." *Id.* (citing *Stringer v. Black,* 503 U.S. 222, 230–32 (1992)). It is akin to creating a situation where the "defendant is essentially condemned 'twice for the same culpable act,'" which is inherently unfair. *Id.* at 1111-12 (citing *Parsons v. Barnes,* 871 P.2d 516, 529 (Utah 1994) (quoting *Cook v. State,* 369 So.2d 1251, 1256 (Ala. 1979)). "When the sentencing body is asked to weigh a factor twice in its decision, a reviewing court cannot 'assume it would have made no difference if the thumb had been removed from death's side of the scale.'" *Id.* at 1112 (quoting *Stringer,* 503 U.S. at 232). The 4th Circuit cited *McCullah* with approval in *United States v. Tipton,* 90 F.3d 861, 895 (4th Cir. 1996), although it eventually found that the error of submitting duplicative aggravating factors was harmless under the specific circumstances of that case.

The question of improper double counting of aggravating factors was raised in *Jones v. United States,* 527 U.S. 373, 398-401 (1999), but the Supreme Court did not reach a conclusion, splitting 4-4 on the issue. Justice Thomas wrote for himself and three others, stating that the Supreme Court had never condoned *McCullah's* approach before, but it was irrelevant in Jones because the factors at issue in that case were not duplicative. *Id.* at 399-400.

The Supreme Court has not taken up the issue since *Jones*, but several federal courts both before and after the *Jones* decision have done so. There is a split among the circuits as to whether or not the holding of *McCullah* is proper. Disagreeing with the 10th and 4th Circuits, the 5th and 8th Circuits have held that there is no constitutional

4

infirmity even when duplicative aggravating factors have been alleged. *United States v. Purkey,* 428 F.3d 738, 762 (8th Cir. 2005); *United States v. Robinson,* 367 F.3d 278, 292-93 (5th Cir. 2004). However, those cases engaged in virtually no analysis as to how the presence of two substantially similar aggravating factors could affect the jury's weighing process in determining whether a sentence of death is appropriate.

     Courts that have fully examined the issue have come down on the side of striking duplicative aggravators. For example, in *Allen v. Woodford,* 395 F.3d 979, 1012 (9th Cir. 2005), the court considered the propriety of presenting the same facts as part of three different aggravators under California's capital punishment statute, a weighing scheme similar to the FDPA. The court noted that when "considered individually, aggravating factors (a), (b), and (c) are each valid…Here, however, the trial court's instructions and the prosecutor's argument together encouraged the jury to consider Allen's prior criminal activities under all of the above three factors. These aggravating factors were thus effectively subsumed within each other." *Id.* The court then referenced *McCullah's* holding positively, and found that *Jones* did not apply at all because in *Jones,* the Supreme Court did not resolve the question. *Id.* Even though the 9th Circuit ultimately found the error to be harmless, it agreed with the 10th Circuit that "'such double counting of aggravating factors, especially under a weighing scheme, has a tendency to skew the weighing process and creates the risk that the death sentence will be imposed arbitrarily and thus, unconstitutionally…. [W]hen the same aggravating

factor is counted twice, the defendant is essentially condemned twice for the same culpable act, which is inherently unfair.'" *Id.* at 1012(quoting *McCullah*, 76 F.3d at 1111).

A plethora of district courts have adopted the 10th Circuit's approach in *McCullah* and stricken aggravating factors that were duplicative of or wholly subsumed by another aggravating factor. In *United States v. Johnson,* 136 F. Supp. 2d 553, 561 (W.D. Va. 2001), the non-statutory aggravating factors of "death of the fetus" and "the defendant terminated the victim's pregnancy" were held to be impermissibly duplicative. Reiterating the reasoning from *McCullah,* the district court stated that "the double-counting of aggravating factors 'has a tendency to skew the weighing process and creates the risk that the death" penalty will be arbitrarily imposed. *Id.* Similar results can be noted in other cases. *See United States v. Bin-Laden,* 126 F. Supp. 2d 290, 299 (S.D.N.Y. 2001) (considering the non-statutory aggravating factor of "serious injury to surviving victims" to be wholly subsumed by the non-statutory aggravating factor of "victim impact evidence," and holding that an aggravating factor that is necessarily and wholly subsumed by a different aggravator within the same death penalty notice is invalid per se and should not be submitted to the penalty jury for sentencing consideration).

In addition, many other district courts have specifically considered the interaction between two of the aggravating factors at issue here, namely "future dangerousness" and "lack of remorse." In general, courts disapprove of allowing both factors to be listed as independent aggravators. When lack of remorse is specifically

6

listed as a subfactor under the future dangerousness aggravator, it should not be considered independently as a separate and additional aggravator. *See United States v. Umana,* 707 F.Supp.2d 621, 636 (W.D.N.C. 2010) (allowing lack of remorse as a subfactor of future dangerousness); *United States v. Johnson,* 2009 WL 1856240 *12 (E.D. Mich.) (where defendant challenged lack of remorse as ambiguous, court noted that "[T]he fact that the Government has not alleged "future dangerousness" as a separate factor does not preclude alleging lack of remorse. Indeed, it appears to the court that alleging both would be duplicative, and threaten an unconstitutional skewing of the jury's weighing process."); *United States v. Watson,* 2007 WL 4591860 *2 (E.D. Mich.) ("the Government can rely on 'lack of remorse' to prove future dangerousness."); *United States v. Davis,* 912 F. Supp. 938, 946 (E.D. La. 1996) (holding that "lack of remorse" cannot be alleged as an independent aggravating factor, but can be information probative of the defendant's future dangerousness"); *United States v. Cooper,* 91 F. Supp. 2d 90, 113 (D.D.C. 2000) (allowing lack of remorse as a sub-part of future dangerousness, but not as a stand-alone aggravating factor).

**III.  Conclusion**

In the government NOI, the phrase "lack of remorse" is explicitly listed as a subpart of "future dangerousness." (R. 54) Allowing the jury to consider those factors twice adds more weight to the government's side of the scale, and cannot be permitted.

WHEREFORE, Defendant requests that this Court strike the non-statutory aggravating factor of "lack of remorse" from the Notice of Intent.

7

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org