E-FILED
Friday, 24 August, 2018  05:30:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | <u>Hearing Requested</u> |
| | ) | |
| Defendant. | ) | |

<u>MOTION TO STRIKE "SUBSTANTIAL PLANNING AND PREMEDITATION"
AS AN AGGRAVATING FACTOR</u>

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike "Substantial Planning and Premeditation" as an aggravating factor in this cause states as follows:

**I.      The Aggravating Factor "Substantial Planning and Premeditation" is Unconstitutionally Vague and Overbroad**

The aggravating circumstance of "substantial planning and premeditation," 18 U.S.C. §3592(c)(9), is so broad as to apply to virtually all premeditated killings. It must be stricken for three reasons. First, evidence of "planning and premeditation" by itself is patently inadequate to narrow the class of murders eligible for the death penalty, since almost every murder involves some planning and premeditation. Second, the modifying phrase "substantial" does not cure this situation, for, even as it has been construed by the federal courts, it "fails adequately to inform juries what they must find

to impose the death penalty." *Maynard v. Cartwright*, 486 U.S. 356, 361-62 (1988). Third, the federal courts have been unable to fashion a construction of "substantial" for this factor that would be both narrowing and specific. In spite of previous federal cases upholding the constitutionality of this factor, neither the Supreme Court nor the Seventh Circuit have ever ruled on the issue. Based on the following argument, this Court should strike this aggravating factor from the Government's Notice of Intent.

### A. Substantial Planning and Premeditation Does Not Genuinely Narrow the Class of Murders Subject to the Death Penalty

A statutory aggravating factor must genuinely narrow the class of murders which may be subject to the death penalty. *Zant v. Stephens*, 462 U.S. 862, 877 (1983); *Godfrey v. Georgia*, 446 at 428-29 (1980). That is, it must be a factor that is not present in "almost every murder." *Godfrey*, 446 U.S. at 428-29. The concepts of "planning and premeditation," however, are part of every intentional murder; they do not genuinely narrow the class of murders subject to the death penalty. All that planning means is "carrying out plans," and a plan can be just a "method for achieving an end."[1] Accordingly, any murder that has a "method," which is to say virtually every one, is "planned."

The term "premeditation" provides no greater limitation. Premeditation, of course, was a part of first-degree murder at common law and remains so under federal law. See 18 U.S.C. § 1111. In its capacity as a common-law element, it required little if anything

---

[1] https://www.merriam-webster.com/dictionary/planning; https://www.merriam-webster.com/dictionary/plan (last visited 8/3/2018)

more than the decision to kill. See 2 W. LAFAVE & A. SCOTT, SUBSTANTIVE

CRIMINAL LAW § 7.7, at 237 (1986) ("often said that premeditation and deliberation

require only a 'brief moment of thought' or a 'matter of seconds'"). Even in common

usage, "premeditate" means simply "to think on and revolve in the mind beforehand,"[2]

and virtually every murderer "thinks on" his crime before committing it; otherwise, it

would not be murder. Thus, these terms do not perform the constitutionally required

function of narrowing the class of murderers subject to the death penalty. See *United

States v. Spivey*, 958 F. Supp. 1523, 1531 (D.N.M. 1997) ("virtually all murders require some

planning and premeditation").[3]

Perhaps the best evidence that the substantial-planning aggravator can apply to

virtually all murders and, hence, does not sufficiently limit the class of murderers eligible

for death, comes from the United States Department of Justice. As of November 3, 2015,

the Attorney General had authorized the government to seek the death penalty against

498 defendants. The Federal Death Penalty Resource Counsel has compiled most of the

Notices of Intent filed in federal capital cases since 1988; of the NOIs that were filed, 430

alleged the statutory aggravating factor of substantial planning and premeditation.[4]

---

[2] https://www.merriam-webster.com/dictionary/premeditate (last visited 8/3/2018)

[3] *Spivey* ultimately held, following *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir. 1996), that the word "substantial" adequately performed the narrowing function. As shown below, this conclusion is incorrect.

[4] https://fdprc.capdefnet.org/doj-activity/authorization-statistics, "Aggravators Alleged in Federal Death Penalty Cases (November 2015)" (last visited 8/3/2018)

The government has alleged the aggravating circumstance of "substantial planning and premeditation" in 86.3% (430 out of 498) of those cases. This percentage compellingly suggests that this aggravator performs no channeling or limiting function whatsoever.

**B. The Word "Substantial" Does Not Adequately Narrow the Class of Murderers Subject to the Death Penalty**

Because the terms "planning and premeditation" by themselves do nothing to narrow the class of all murders, this aggravating factor must be stricken unless the word "substantially" adequately narrows their meaning in a way that actually "channel[s] the sentencer's discretion by clear and objective standards that provide specific and detailed guidance, and that make rationally reviewable the process for imposing a sentence of death." *Arave v. Creech*, 507 U.S. 463, 469 (1993) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 774 (1990); *Godfrey*, 446 U.S. at 428). The word "substantial" is not up to the task. On the contrary, it provides no guidance to a court or a jury as to "how much" or "what kind of" "planning and premeditation" are necessary to rise to the level "substantial." The word gives a questioning juror no clue as to how complicated a plan the defendant must have formulated before committing the offense or how long he must have thought about the crime before committing it. Accordingly, some jurors may require a defendant to have employed some detailed blueprint or complicated scheme prior to the killing; others, however, may find "substantial" planning and premeditation in the mere removal of a letter opener from a desk drawer prior to a stabbing. The lack of any "clear," "objective," and "specific" guidance to jurors permits the imposition of the death penalty in an arbitrary way.

4

For this reason, the Supreme Court of Georgia has held the word "substantial" is unconstitutionally vague in circumstances precisely similar to these. *See Arnold v. State*, 224 S.E.2d 386, 392 (Ga. 1976). Georgia had an aggravating factor making anyone with a "substantial criminal history" eligible for the death penalty. *Id.* The Court held that the word "substantial," which it read to mean "of real . . . importance," was unconstitutionally vague because its application was "highly subjective." *Id.; see also Creech*, 507 U.S. at 469 (standards must be "objective"). The court noted that the word "substantial" might be sufficiently clear in other contexts, but that "the fact that we are here concerned with the imposition of a death sentence compels a different result." *Arnold*, 224 S.E.2d at 392. This, too, is a death penalty case, and the word "substantial" here is no less "subjective" in application than it was in *Arnold*. Accordingly, this aggravating factor must be stricken.

## C.  Decisions Upholding this Aggravating Factor Demonstrate its Unconstitutionality

The courts which have upheld the constitutionality of this statutory aggravator have construed "substantial" in a way that in fact fails to narrow the application of the term as required by the Eighth Amendment. *See, e.g., United States v. Flores,* 63 F.3d 1342, 1374 (5th Cir. 1995). Moreover, these courts have also shown that, even as they attempt to construe the term, the word "substantial" is unconstitutionally vague. Accordingly, even as construed, the term "substantial planning and premeditation" violates the Fifth and Eighth Amendments. In *United States v. McCullah*, 76 F.3d 1087, 1110 (10th Cir.

1996), for example, the court upheld this aggravating factor on the ground that "substantial" means simply "ample for commission of the crime;" ample, of course, means anything "more than adequate." And the Fourth Circuit, in *Tipton*, 90 F.3d at 896, agreed, holding that "substantial" meant only "more than the minimum amount sufficient to commit the offense."[5] Under these constructions of "substantial," any murder, other than one undertaken with the "minimum" possible planning and premeditation, would be subject to the death penalty.

This interpretation simply cannot be constitutional. Indeed, this interpretation of "substantial" would permit jurors to impose the death penalty for an amount of planning and premeditation that barely exceeds what is essential to commit a homicide at all, indeed for an amount present in "almost every murder." *Godfrey* at 428-29. Since the word substantial can be applied in this impermissible way, and has been so applied, by the court in *Tipton*, 90 F.3d at 895, it violates the Eighth Amendment, and this Court must strike this aggravating factor.

In addition, the limits of the word "substantial" are so vague that it is likely to be applied with great inconsistency and arbitrariness. The Fifth Circuit, in *Flores*, 63 F.3d at 1374, held that "substantial" denotes "a thing of high magnitude" and "the term alone, without further explanation, [is] sufficient to convey that meaning and to enable the

---

[5] *Tipton* and *McCullah* also used the word "considerable," which *Tipton* explained means "more than merely adequate," as a synonym for "substantial." *Tipton*, 90 F.3d at 896; *McCullah*, 76 F.3d at 1111. Since this term is the equivalent of "ample" and "more than the minimum amount sufficient," we deal with those phrases.

jury to make an objective assessment." The construction of the word "substantial" in *Flores* and other federal cases leaves it entirely to the discretion of jurors to decide what the "minimum" amount of planning and premeditation for a murder is. (A matter of which the average juror will have absolutely no knowledge.)

It also leaves entirely to the jurors the determination of how much more than this minimum is necessary to rise to a "substantial" level. Some juries will doubtless feel, like the Fourth Circuit, that anything more than the absolute minimum will permit a verdict of death; others may require truly careful and complex planning and lengthy forethought before death will be imposed. Nothing in the word, however, says which of these interpretations would be correct. The Eighth Amendment requires that an aggravating factor properly "channel" the jurors' discretion. This factor simply does not. This vagueness is further demonstrated by the fact that the standard the courts have established deviates widely from the common usages of the word "substantial." The Supreme Court itself has noted that the meaning of a "substantial" amount of something is "a large degree" of that thing. *Victor v. Nebraska*, 511 U.S. 1, 19 (1994).[6] But it is not ordinary or natural usage to call any amount of something, even an amount barely above the minimum, a "large degree" of that thing. Indeed, amounts close to the minimum would most plausibly be called a "small degree." Moreover, the standard

---

[6] The word "substantial" also has an inherent ambiguity, since it can mean simply "something that exists." *Victor*, 511 U.S. at 19. Tthe courts to have considered the matter have concluded that that definition does not apply to the aggravating factor here, *see, e.g.*, *Tipton*, 90 F.3d at 895, although a juror might assume that it did.

adopted by cases such as *Tipton* is quite similar to "more than minimal planning" under the Sentencing Guidelines. See U.S.S.G. § 1B1.1(f) ("More than minimal planning" is "more planning than is typical for commission of the offense in a simple form"). But this is a dilution of the word "substantial," for "substantial" plainly means a greater amount than does "more than minimal." *See McCarthy v. Manson*, 554 F. Supp. 1275, 1306 (D. Conn. 1982) (prejudice "while not substantial" was, nevertheless, "more than minimal").

It seems clear that the word "substantial" must mean something more substantial than such words as "more than the minimum amount sufficient," "ample," "minimal," or "more than minimal," but how far above has not, and cannot, be described in clear terms. The very inability of the courts to fashion a specific constitutional definition of this factor shows that its meaning remains a "highly subjective" matter for each juror, *Arnold,* 224 S.E.2d at 392, and that it is unconstitutionally vague.[7]

Some states with similar aggravating factors have construed them in a way that does much to eliminate this vagueness. In Florida, for example, the state supreme court, when faced with an aggravating factor requiring "cold, calculated, and premeditated" actions by a defendant, held the factor unconstitutionally vague on its face. *Jackson v. State*, 648 So. 2d 85, 87 (Fla. 1994). The court required that, in the future, juries be told that they must determine that "the killing was the product of cool and calm reflection"

---

[7] One case has, without much discussion, held this factor constitutional because there is a "common sense core" of meaning to "substantial." *McVeigh*, 944 F. Supp. at 1490. But this is not so. It is belied in the first place by the inability of courts to say what that core is.

and "that the defendant had a careful plan or prearranged design to commit murder before the fatal incident." *Id.* at 89. But Congress has not limited the word "substantial" in the aggravator in the FDPA in any way, or indicated how it would do so. Accordingly, this Court may not provide a limiting construction for it.

It is no answer for the government to say that the word "substantial" has been held not to be vague in other contexts. The Georgia Supreme Court in *Arnold*, *supra*, explained one reason why: "[T]he fact that we are here concerned with the imposition of a death sentence compels a different result." 224 S.E.2d at 392; *see also Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (Scalia, J.) (noting "several respects in which we have held that 'death is different,' and have imposed protections that the Constitution nowhere else provides"). A second reason is that the Eighth Amendment requires the word "substantial" to perform a constitutionally required "narrowing" function not present in noncapital cases. Thus, because the word "substantial" must perform different, and constitutionally more significant, functions in a capital case than it does in noncapital cases, which do not take into account Eighth Amendment interests, noncapital cases cannot govern here.

The Eighth Amendment interests in this case require both that the concept of "plann[ed] and premeditated" be limited, to narrow the class of death-eligible murders, and that it be limited in a clear, specific, objective way. Simply tacking the word "substantial" on to the phrase does neither and this aggravating factor, accordingly, violates the Fifth and Eighth Amendments.

9

For the foregoing reasons, this Court should strike the "substantial planning and premeditation" as a statutory aggravating factor from the government's Notice of Intent to Seek a Sentence of Death.

## II.   The Government Cannot, Even as a Preliminary Matter, Meet the Burden of Proof Required to Substantiate the Aggravating Factor.

"The 'substantial planning and premeditation' aggravator expresses a legislative determination that 'this [type of] murder is different.'" *United States v. Roman,* 371 F. Supp. 2d 36, 46 (D.P.R. 2005) (citing *United States v. Sampson,* 335 F. Supp. 2d 166, 209 (D. Mass. 2004)). "In order to cabin the aggravator within constitutional limits, the case law consistently anchors the 'substantial planning and premeditation' to the murder and not merely to the underlying federal offense." *Id.*  The government must prove both substantial planning and substantial premeditation. *Id. (*citing *Tipton,* 90 F.3d at 896 n. 17).

In order to determine whether there is sufficient evidence for a rational jury to find an aggravating factor beyond a reasonable doubt, this Court must, after viewing the evidence in a light most favorable to the government, decide whether any rational trier of fact could have found the existence of the aggravating circumstance beyond a reasonable doubt. *United States v. Bernard,* 299 F.3d 467, 481 (5th Cir. 2002).

The government's Notice, which tracks the language of 18 U.S.C. § 3592(c)(9), alleges that Mr. Christensen killed Y.Z. "after substantial planning and premeditation to cause the death of a person." (R. 54) Clearly, the Notice alleges that the "substantial

planning and premeditation" apply to the murder of Y.Z. and not to her kidnapping. This is the proper construction of this aggravating factor. See *United States v. Webster*, 162 F.3d 308, 325 (5th Cir. 1998)("Webster argues, and the government concedes, that, by allowing the jury to consider premeditation with respect to the kidnaping and not just the murder, the court improperly charged the jury on the statutory aggravating factor of whether Webster engaged in 'substantial planning and premeditation' of the offense…The statute requires a finding that 'the defendant committed the offense after substantial planning and premeditation to cause the death of a person,' § 3592(c)(9), obviously directing the premeditation to causing death and not to mere commission of the offense when the two diverge."); *Sampson*, 335 F. Supp. 2d at 209 ("The substantial planning and premeditation aggravating factor focuses on the intention to cause death, not on the broader offense, which in this case was carjacking resulting in death. The government must prove both substantial planning and substantial premeditation.").

In *Roman*, the district court struck the substantial planning and premeditation aggravating factor from the government's notice of intent because there was insufficient evidence to support that the defendants engaged in any planning to specifically kill the victim in that case:

> The government's only evidence in support of planning is that defendants brought their weapons, submitting that it would be reasonable to infer that there was a pre- formed intention to kill from the possession of the weapons. The Court agrees that it is reasonable to infer a pre-formed intention to kill from the evidence. However, for the "substantial planning" aggravator to apply there must be a

11

considerable amount of planning directed *at accomplishing the murder of the victim, not just planning to commit armed robbery*. *See Sampson*, 335 F. Supp. 2d at 210. There must be a showing of substantial or elaborate planning before the defendant sets out for the crime scene. *Id.* at 212. Here, there was simply no evidence presented at trial that the defendants engaged in any planning to kill Mr. Rodriguez-Cabrera and the government made no proffer of other information. Although much evidence was adduced regarding the modus operandi of other robberies and the design of this one, which included a carjacking and the subsequent burning of the getaway vehicle, none of that evidence was pertinent to defendant's plans to commit murder.  Contrary to the government's assertion, the possession of a weapon is not alone enough to infer a substantial plan to commit the murder of a specific person.

*Roman,* 371 F. Supp. 2d at 47.

In the present case, as *Roman*, the government specifically alleged in its Notice of Intent that Mr. Christensen killed Y.Z. after substantial planning and premeditation "to cause the death of a person."  As a consequence, there must be evidence that the Defendant's planning and premeditation was directed specifically to cause a death, not to commit a kidnapping.

It is clear from the government's assertions in pleadings as well as the discovery that has been provided that Mr. Christensen did not plan, substantially or otherwise, to commit a murder.  The only factual basis the government has offered in support of this aggravating factor is that Mr. Christensen (1) performed internet searches for information relating to serial killers, and (2) visited a website known as FetLife, a social media site for individuals with what might be colloquially described as "kinky"

12

interests. As discussed in detail in the *Motion to Dismiss Count One Due to Lack of Jurisdiction*, pp. 14-26, the search for generic information on serial killers is indistinguishable from the behavior of millions of other Americans who happen to explore a passing interest in a common topic of fascination, and in no way evidences a "plan" to commit murder. Additionally, Mr. Christensen's membership on FetLife.com was limited to a few logins and a single conversation with a woman about a *consensual* abduction fantasy. Mr. Christensen even put emphasis on signing a consent *form* such that no one could possibly misconstrue the voluntary nature of the encounter, which never in fact occurred. The government's continued emphasis on "abduction research" is overblown, hyperbolic, and misrepresentative of the facts.  And, once again, has no probative value regarding any kind of a plan to commit a homicide.

The intention to kidnap a person is not relevant to establish the existence of this aggravator.  The substantial planning and premeditation must be to the murder. The government's factual basis simply does not meet this standard.

A comparison of this case to other federal cases where sufficient evidence was found to support the "substantial planning and premeditation" aggravating factor, demonstrates that the government's alleged factual basis here simply does not support this aggravator. In *United States v. Barnette*, 390 F.2d 775, 802-03 (4th Cir. 2004), the Fourth Circuit Court of Appeals found that there was sufficient evidence to support the finding of this aggravating factor by the jury:

Barnette's own testimony revealed his intention to murder Miss Williams. Accompanying this declaration, the jury also considered the evidence that Barnette purchased the shotgun, altered and modified the shotgun, and obtained bolt cutters, shotgun shells, and a crowbar, gathering these items in a bag he used when he went to see Miss Williams. Barnette stated that during the period of a week or a week and a half after he bought the shotgun, he "thought about going to Roanoke and killing Robin and killing myself." He hid the shotgun in his home during this period. Before entering Miss Williams' house, Barnette waited outside until he saw Miss Williams, and he then cut the phone lines to prevent a telephone call for help. He even had the wire cutters in his pocket to cut the phone line. Barnette specifically testified that he cut the phone lines because he "didn't want anyone to stop me." As he approached the door to Miss Williams' house, Barnette fired the shotgun at the dead bolt in order to enter the residence. So Barnette's actions in the days and weeks before the murders are evidence that the murders were deliberately planned. We are of the opinion that the jury had ample evidence from which it could conclude that Barnette utilized substantial planning and premeditation in preparing his attack on Miss Williams.

Unlike in *Barnette*, there is nothing in the government's factual basis in this case to indicate that Mr. Christensen planned and premeditated to cause the death of Y.Z. In *Barnette*, the defendant gathered specific items (crowbar, shotgun, bolt cutters) in order to facilitate the plan to kill a specific victim weeks in advance of the incident. In the present case, even if the government's allegation that Mr. Christensen planned to abduct someone is true, there is no evidence pointing to the fact that there was substantial planning and premeditation to specifically cause the *death* of said person.

For the foregoing reasons, this Court should strike the "Substantial Planning and

Premeditation" as a statutory aggravating factor from the government's Notice of Intent

to Seek a Sentence of Death, and exclude all evidence or information proffered by the

government at the penalty phase relating to this aggravating factor.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:     309-671-7898
Email: George_Taseff@fd.org

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2018, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and

Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org