UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | Hearing Requested |
| ) | |
| Defendant. ) | |

MOTION TO STRIKE NON-STATUTORY
AGGRAVATING FACTOR OF "LACK OF REMORSE"

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike the Non-Statutory Aggravating Factor of "lack of remorse," states as follows:

I.     **Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13). A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18 U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c): that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1));

1

that the defendant committed the offense in an especially heinous, cruel or depraved manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26)

Count 1 of the Superseding Indictment is a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54). The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment, and added six non-statutory aggravating factors: victim impact evidence, future dangerousness, lack of remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R. 54).

Specifically, with respect to the non-statutory aggravated factor of "lack of remorse," the NOI states: "Lack of remorse.  The defendant has demonstrated by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Y.Z." (R. 54 at 3).

## II.     Argument

Often in federal death penalty cases, the government relies on the defendant's alleged "lack of remorse," either as an independent aggravating factor or as a component of a future-dangerousness aggravator. Such reliance may trench on the defendant's right against self-incrimination, especially when it directs the jury to the defendant's silence (e.g., his failure to apologize for his conduct, show regret, etc.), rather than his allegedly remorseless words or actions in the wake of the crime.

It is well-established that, in criminal cases, a prosecutor may not adversely comment on the defendant's exercise of his Fifth Amendment privilege not to testify. *Griffin v. California*, 380 U.S. 609, 614-15 (1965). And, at the defendant's request, the jury must be instructed not to draw any inference against him as a result of that decision. *Carter v. Kentucky*, 450 U.S. 288, 305 (1981). In federal prosecutions, these rules also derive from a statutory command under Title 18 U.S.C. § 3481 that a defendant's failure to testify "shall not create any presumption against him." And it has long been held that a district court's refusal to give a "no adverse inference" instruction upon request is reversible error. *Bruno v. United States*, 308 U.S. 287, 292-93 (1939) (court's refusal to give "no adverse inference" charge required reversal under Section 3481).

The constitutional rules of *Griffin* and *Carter* apply in full to a capital sentencing hearing, at which a convicted defendant retains a Fifth Amendment privilege. *See Estelle v. Smith*, 451 U.S. 454, 462-63 (1981) ("We can discern no basis to distinguish between the guilt and penalty phases of respondent's capital murder trial so far as the protection of the Fifth Amendment privilege is concerned."); *Lesko v. Lehman*, 925 F.2d 1527, 1542 (3d Cir. 1991) ("*Griffin's* protections apply equally to the guilt and penalty phases of a death penalty trial"). Indeed, a defendant retains a limited privilege even at a non-capital sentencing hearing. *Mitchell v. United States*, 526 U.S. 314, 316-17 (1999) (court violated defendant's Fifth Amendment privilege by drawing adverse inference from her failure to testify at sentencing hearing); *United States v. Longstreet*, 567 F.3d 911, 922 (7th

Cir. 2009) (Fifth Amendment right applied when codefendant called to testify following his guilty plea because co-defendant had not yet been sentenced).

In *United States v. Caro*, 597 F.3d 608, 627-631 (4th Cir. 2010), the Fourth Circuit acknowledged that, under *Estelle* and *Mitchell*, the Fifth Amendment prohibits a jury from considering a federal capital defendant's silence in support of an aggravating factor of lack of remorse. As the court stated, "*Mitchell* reasoned that '[t]he Government retains the burden of proving facts relevant to the crime at the sentencing phase and cannot enlist the defendant in this process at the expense of the self-incrimination privilege.'. This reasoning applies *a fortiori* to the non-statutory aggravating factor of lack of remorse. *See* 18 U.S.C. § 3593(c) ('The burden of establishing the existence of any aggravating factor is on the government, and is not satisfied unless the existence of such a factor is established beyond a reasonable doubt.')." *Id*. at 630 n. 21 (citations omitted). Thus, according to the Fourth Circuit in *Caro*, the Fifth Amendment limits proof of lack of remorse to "affirmative words or conduct" expressed by the defendant. *Id*. at 627.

Similarly, in *United States v. Davis*, 912 F. Supp. 938, 946 (E.D. La. 1996), the district court held that while the government could use evidence of the defendant's "exultation" at hearing the victim was deceased to support the "future-dangerous" aggravator, it could not use such evidence as support for the "lack of remorse" aggravator. Such a factor, the court said, is generally problematic, since it is difficult to prove and risks treading on defendant's constitutional rights to silence and to rest on the presumption of innocence. *Id*.

4

And in other cases, courts have held that the Fifth Amendment prohibits the government from using the defendant's silence to show lack of remorse warranting a higher sentence. *See Lesko v. Lehman*, 925 F.2d 1527, 1544-45 (3d Cir.1991) (holding that during a capital sentencing a defendant's failure to apologize may not be considered regarding lack of remorse); *United States v. Roman*, 371 F. Supp. 2d 36, 50 (D.P.R. 2005) (holding that during a capital sentencing lack of remorse may not be proved using "information that has a substantial possibility of encroaching on the defendants' constitutional right to remain silent"); *United States v. Cooper*, 91 F. Supp. 2d 90, 112-13 (D.D.C. 2000) (barring the inference of lack of remorse from a defendant's "unwillingness to acknowledge in his post-arrest statements that he is blameworthy for the crimes to which he admitted"); *United States v. Nguyen*, 928 F. Supp. 1525, 1541–42 (D. Kan. 1996) (declining to strike lack of remorse, while cautioning the government that it must support this factor with "more than mere silence").

In anticipation of the government's response, the defense acknowledges that in *United States v. Mikos*, 539 F.3d 706 (7th Cir. 2008), the Seventh Circuit rejected the defendant's arguments that the evidence at his capital trial did not support this aggravating factor, and that, in addressing it in summation, the prosecutor had improperly commented on his silence and failure to plead guilty.

The divided Seventh Circuit panel stated, "[i]f it is proper to take confessions, guilty pleas, and vows to improve one's life into account when deciding whether a murderer should be put to death—and it is unquestionably proper for the judge or jury

5

to do so—then it must also be proper for the prosecutor to remind the jury when none of these events has occurred." *Id*. at 718. The court then suggested that § 3E1.1 of the Sentencing Guidelines "institutionalize[s]" this practice, and that "in a capital case ... what happens automatically as a result of § 3E1.1 must be argued for. The two are equally appropriate." *Id*.

    It is important to note, however, that a close reading of the opinion reveals that the primary theme of the prosecutor's "lack of remorse" argument in *Mikos* was the defendant's affirmative conduct after his arrest (e.g., his contacting potential witnesses to persuade them not to testify), rather than his silence in the face of the capital charge. Additionally, the Seventh Circuit's decision in *Mikos* has drawn strict criticism from the Second Circuit in *United States v. Whitten*, 610 F.3d 168 (2d Cir. 2010), where the court noted that the language in *Mikos* approving the consideration in capital sentencing of confessions, guilty pleas and promises to change one's life "is arguably ." conflicts with earlier Seventh Circuit precedent, *see United States v. Saunders*, 973 F.2d 1354, 1362 (7th Cir.1992) ("[U]nder the so-called unconstitutional conditions doctrine ... a defendant may not be subjected to more severe punishment for exercising his or her constitutional right to stand trial."); and it misconstrues Section 3E1.1 of the Sentencing Guidelines, which does not contemplate increased punishment for a failure to cooperate." *Id.* at 195-96. Quoting Judge Posner's dissent in *Mikos*, the Second Circuit in *Whitten* noted that "There is a difference between a defendant's arguing for leniency on the basis of his admitting to having committed the crime with which he is charged and the

government's asking the jury to draw an inference of heinousness from his failure to admit that." *Id.* at 196 n. 19.

In the case at bar, the Government, in its letter of May 18, 2018, to defense counsel, has given limited written notice of its expected evidence in support of aggravating factors during the penalty phase. With respect to the non-statutory aggravating factor of "lack of remorse," the Government's notice of its expected evidence consists solely of the following:

6. Lack of Remorse

>A. Christensen's admissions.
>
>B. Christensen's academic records.
>
>C. Forensic evidence collected from Christensen's electronic devices
>
>D. Forensic evidence of Christensen's social media and internet usage.
>
>E. Photographs or other documentation and testimony from persons with knowledge thereof.
>
>F. Testimony of persons who interacted with Christensen at the University of Illinois.

To the extent that the government intends to introduce into evidence at a penalty phase of this case any evidence enumerated above that relates in any way to Mr. Christensen's alleged failure to apologize, or to show regret, or to acknowledge his blameworthiness in any of the hundreds, if not thousands, of emails, text messages, tape recorded jail phone conversations, and post-arrest statements that the government

7

claims he has made, the government is clearly and improperly treading on the Mr. Christensen's Fifth Amendment right to remain silent and to rest on his presumption of innocence of the grave crimes with which he is accused. This is because the Fifth Amendment limits proof of lack of remorse to "affirmative words or conduct" expressed by the defendant, and to permit the use of anything less at a penalty phase hearing would grossly violate a defendant's constitutional rights. Accordingly, this Court should strike the government's non-statutory aggravating factor of "lack of remorse," and bar the government from offering any such evidence or information thereof at a penalty hearing in this case.

WHEREFORE, Defendant requests that this Court strike the non-statutory aggravating factor of "lack of remorse" for the reasons stated herein.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org