UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | Hearing Requested |
| ) | |
| Defendant. ) | |

MOTION TO STRIKE STATUTORY AGGRAVATING FACTOR
OF "ESPECIALLY HEINOUS, CRUEL, OR DEPRAVED
MANNER" OF COMMITTING THE OFFENSE

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike the Statutory Aggravating Factor of committing the offense in an "especially heinous, cruel or depraved manner" (18 U.S.C. § 3592(c)(6)) (hereafter referred to as ("EHCD"), states as follows:

I.    **Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13) A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18

1

U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c): that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1)); that the defendant committed the offense in an especially heinous, cruel or depraved manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26)

Count 1 of the Superseding Indictment was a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment, and added six non-statutory aggravating factors: victim impact evidence, future dangerousness, lack of remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R. 54)

II.   **Argument**

In both the Notice of Special Findings of the Superseding Indictment and the NOI the government has alleged that "The defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse of the victim." 18 U.S.C. § 3592(c)(6). (R. 26, 54) For the reasons stated below, the aggravating factor should be stricken.

    A. **The "EHCD" statutory aggravating factor is unconstitutionally vague and overbroad.**

        i.  **Vagueness and Overbreadth Defined**

The Constitution cannot tolerate the infliction of a sentence of death "under legal systems that permit this unique penalty to be...wantonly and... freakishly imposed." *United States v. Grande,* 353 F. Supp. 2d 623, 629 (E.D. Va. 2005) (citing *Lewis v. Jeffers,* 497 U.S. 764, 774 (1990)). "Consequently, it is essential that a capital sentencing body's discretion 'be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.' " *Id.* To accomplish this goal, the sentencer's discretion must be channeled by clear and objective standards that provide specific and detailed guidance. *Id.* at 629-30 (citing *Godfrey v. Georgia,* 446 U.S. 420, 428 (1980)).

It is the court's role to ensure that sentencing is conducted in a manner consistent with the requirements of the Constitution. This includes the screening of aggravating factors to channel, direct and limit the sentencer's discretion to prevent arbitrary and capricious imposition of the death penalty. *Id.* at 630 (citing *Arave v. Creech,* 507 U.S. 463, 470-71 (1993)). Vague and overbroad aggravating circumstances are impermissible. An overbroad aggravating factor is one where "the sentencer fairly could conclude that an aggravating circumstance applies to *every* defendant eligible for the death penalty." *Id.* (citing *Arave,* 507 U.S. at 474). A vague aggravating factor is one that lacks a "commonsense core of meaning . . . that criminal juries should be capable of understanding. *Id.* at 631 (citing *Tuilaepa v. California,* 512 U.S. 967, 973 (1994)). "Claims of vagueness directed at aggravating circumstances defined in capital punishment statutes are analyzed under the Eighth Amendment and characteristically assert that the challenged provision fails adequately to inform juries what they must find to

impose the death penalty and as a result leaves them and appellate courts with the kind of open-ended discretion which was held invalid in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)." *Maynard v. Cartwright,* 486 U.S. 356, 362 (1988).

### ii. "Especially Cruel, Heinous, and Depraved" as Construed

The "ECHD" statutory aggravating factor, 18 U.S.C. § 3592(c)(6), has a specialized meaning in capital jurisprudence. This is so because, as common sense suggests, virtually any murder may be characterized as "heinous, cruel, or depraved." Almost 30 years ago, the Supreme Court found unconstitutionally vague the statutory aggravating factor, used in several states, that the capital offense was "especially heinous, atrocious or cruel." *Cartwright*, 486 U.S. at 364-365. *See also Shell v. Mississippi*, 498 U.S. 1, 1 (1990); *Clemons v. Mississippi,* 494 U.S. 738, 744-747, 754 (1990).  The Court explained that, without any narrowing construction, an "ordinary person could honestly believe that every unjustified, intentional taking of human life is 'especially heinous.'" *Maynard*, 486 U.S. at 364.

The Federal Death Penalty Act attempts to narrow the application of this statutory aggravator by providing that it applies only where the offense was "especially heinous, cruel or depraved *in that it involved torture or serious physical abuse to the victim*." 18 U.S.C. § 3592(c)(4) (emphasis added).  *See also Eighth Circuit Criminal Pattern Jury Instructions,* Death Penalty - Final Instructions, Inst. 12.07F, Notes on Use (jury must be unanimous on either torture or serious physical abuse). As such, the circuits have found that the statutory aggravator is not

4

unconstitutionally vague under the Eighth Amendment as long as the jury is instructed on the requirement of torture or serious physical abuse. *United States v. Mitchell*, 502 F.3d 931, 975-978 (9th Cir. 2007); *United States v. Sampson,* 486 F.3d 13, 38-39 (1st Cir. 2007);  *United States v. Bourgeois,* 423 F.3d 501, 511 (5th Cir. 2005); *United States v. Paul,* 217 F.3d 989, 1001 (8th Cir. 2000); *United States v. Webster,* 162 F.3d 308, 354 (5th Cir. 1998); *United States v. Hall,* 152 F.3d 381, 414-415 (5th Cir. 1998); *United States v. Jones,* 132 F.3d 232, 249-250 (5th Cir. 1998).

To establish this factor, the government must prove beyond a reasonable doubt that the defendant intended to inflict torture or serious physical abuse on the victim, apart from the killing. 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions,* Inst. 9A-11 & n.1 (2008). *See also United States v. Sampson,* 2017 WL 3495703 (D. Mass.) (aggravator supported by evidence that defendant knew he could have quickly killed a bound, defenseless victim by slitting his throat, but "instead, he attacked [victim] from the front and inflicted more than a dozen wounds to the chest and neck, many of which would have been independently fatal").

Several district courts have held or suggested that physical abuse of the victim after death may not be relied on to establish this aggravator.  *United States v. Taveras*, 584 F. Supp. 2d 535, 543-546 (E.D.N.Y. 2008) (court instructed jury at outset of penalty phase that guilt-phase evidence of post-death dismemberment could not be considered in deciding sentence); *United States v. Taveras,* 488 F. Supp. 2d 246,

251 (E.D.N.Y. 2007); *United States v. Pitera*, 795 F. Supp. 546, 557-558 (E.D.N.Y. 1992); *United States v. Pretlow,* 779 F. Supp. 758, 773-774 (D.N.J. 1991).

The Ninth Circuit has also observed that this view has some force (though it went on to hold that, if it was error to present such evidence, it was harmless). *See United States v. Mitchell*, 502 F.3d 931, 975-978 (9th Cir. 2007).  According to the court, "[a] good argument can be made that the text on its face does not encompass post-mortem mutilation, as this factor is narrowed to focus on the manner of committing the murder, i.e., on specific kinds of suffering inflicted beyond the act of killing itself—not what happens afterwards." *Id.* at 977; *see also* 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions,* Inst. 9A-11 & n.1 (2008) ("we do not believe that post-mortem abuse to a murder victim's body constitutes "serious physical abuse within the meaning of 18 U.S.C § 3592 (c)(6)")

This view finds support in the legislative history of this aggravating factor in the ADAA, 21 U.S.C. § 848(n)(12) (repealed 2006). <u>See</u> H.R. 3777- Criminal Justice Reform Act of 1987-Section-by-Section Analysis, 133 Cong. Rec.E4973-02, 100th Cong., 1st Sess., 1987 WL 953309 (Dec. 22, 1987) ("This aggravating factor encompasses situations involving torture, aggravated battery, the deliberate prolonging of suffering, or the serious physical abuse of the victim before inflicting death") (citation omitted); 134 Cong. Rec. S7472-02, (100th Cong., 2d Sess., 1988 WL 171042 (June 9, 1988) (principal sponsor Senator D'Amato says aggravator's language was adopted with "limitations in mind," including that it be limited to

6

cases involving "torture, aggravated battery, the deliberate prolonging of suffering, or serious physical abuse of the victim before inflicting death").[1]

And while "torture" necessarily implies the victim was conscious to experience pain, it is unclear how severe the pain needs to be or whether it can be exclusively psychological rather than physical, to qualify. *See United States v. Sampson*, 335 F. Supp. 2d 166, 206-207 (D. Mass. 2004) (discussing different definitions of torture); 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Inst. 9A-11 (2008) (torture includes mental as well as physical abuse); *Tenth Circuit Criminal Pattern Jury Instructions,* Inst. 3.08.5 (2005) (torture may include "severe mental or physical pain"). The Tenth Circuit has rejected claims that mental harm be "prolonged," to constitute torture, and that physical abuse "significantly exceed" that necessary to cause death in order to be "serious." *United States v. Chanthadara*, 230 F.3d 1237, 1261-1263 (10th Cir. 2000). *See also United States v. Sampson*, 486 F.3d 13, 36-38 (1st Cir. 2007) (finding no error in denying instruction defense request for instruction that, if defendant quickly inflicted stab wounds to kill victim, there would be no support for especially-heinous aggravator).

---

[1] Two circuits have allowed consideration of abuse that occurred after the victim died. *See United States v. Chanthadara*, 230 F.3d 1237, 1261-1263 (10th Cir. 2000); *United States v. Hall*, 152 F.3d 381, 414-415 (5th Cir. 1998); *United States v. Jones,* 132 F.3d 232, 249 (5th Cir. 1998). *See also Eighth Circuit Criminal Pattern Jury Instructions*, Death Penalty - Final Instructions, Inst. 12.07F (victim need not be conscious or even alive at time of the abuse).

*Chanthadara* also held that an instruction on this factor permissibly allowed jurors to consider the senselessness of the killing and helplessness of the victim. *But see* 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions*, Inst. 9A-11 & n.1 (2008) ("our recommended instruction does not include 'senselessness of the killing' as a relevant factor for the jury's consideration").

Truly, almost any killing may be defined as "senseless." Thus, it is settled law that the "EHCD" aggravating factor is unconstitutionally vague unless accompanied by a proper limiting instruction, and by a narrowing construction. Otherwise, as noted, a jury could reasonably conclude that any act of murder would qualify as "heinous." Courts are ill-equipped to make legislative judgments and, by virtue of the constitution's separation of powers doctrine, are barred from doing so. Sub-elements of capital murder – as is the "ECHD" factor – should not be so vague that they remain undefined until the jury is charged by the Court with the proper narrowing instructions.

In Richard A. Rosen, *The Especially Heinous Aggravator in Capital Cases – The Standardless Standard*, 64 N.C. L. Rev. 941 (1986), the author, after surveying the manner in which this factor – or its several variants – have been construed in several states, concludes that, "[t]he only thing the cases have in common is that the reviewing courts have been able to find something disturbing in each case," and that "[t]he legislature must provide a standard of sufficient definitiveness to limit the discretion of juries and courts." *Id.* at 989-90.

In *Godfrey v. Georgia*, 446 U.S. 420, 428 (1980), the plurality opinion emphasized that aggravating factors must "channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance' and that 'make rationally reviewable the process for imposing a sentence of death.'" *See Moore v. Kinney*, 320 F.3d 767, 775 (8th Cir. 2003) ("the sentencer cannot have unfettered discretion, but instead must be guided by an aggravator with a core meaning presented through a definition capable of comprehension, and considered via a process not infected with bias or caprice"). *See also Roper v. Simmons*, 543 U.S. 551, 569 (2005) (noting with respect to prohibitions on executing juveniles and/or the mentally retarded, "[t]hese rules vindicate the underlying principle that the death penalty is reserved for a narrow category of crimes and offenders").

Thus, in the wake of *Ring v. Arizona*, 536 U.S. 584 (2002) and *Hurst v. Florida*, 136 S. Ct. 616 (2016), this Court's analysis of the "EHCD" aggravator requires, in effect, an effort to define the precise "sub-elements" of an aggravating factor that is, in and of itself, an element of the undefined and un-enacted offense of federal capital murder. And as *Ring* and *Hurst* both hold, that effort to define the "sub-elements" of an aggravating factor is unconstitutional in violation of the Fifth and Eighth Amendments.

Because the state of the law concerning the "EHCD" aggravator is in total disarray, and the terms used therein are unconstitutionally vague and overbroad, this

Court should strike the statutory aggravating factor of committing the offense in an "especially heinous, cruel or depraved manner," (Title 18 U.S.C. Section 3592(c)(6)), and bar the Government from offering any evidence or information in support thereof.

WHEREFORE, Defendant requests that this Court strike the statutory aggravating factor of ""especially heinous, cruel or depraved manner," for the reasons stated herein.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org