UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

MOTION TO STRIKE "DEATH DURING THE COMMISSION OF ANOTHER CRIME" AS AN AGGRAVATING FACTOR

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike "Death During Commission of Another Crime" as a statutory aggravating factor (18 U.S.C. § 3592(c)(1)) states as follows:

I.  **Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13) A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18 U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c): that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1));

1

that the defendant committed the offense in an especially heinous, cruel or depraved manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26)

Count 1 of the Superseding Indictment was a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment, and added six non-statutory aggravating factors: victim impact evidence, future dangerousness, lack of remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R. 54)

II.     **Argument**

The statutory aggravating factor alleging that the death in this case occurred during the commission of another crime, specifically kidnapping resulting in death, is duplicative of the essential elements of Count 1 and should be stricken as violative of the Eighth Amendment. Count 1 of the Superseding Indictment alleges that the defendant "willfully and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted and carried away Y.Z., . . . which resulted in the death of Y.Z." (R. 26) The NOI similarly alleges that the "death . . . occurred during the commission" of the kidnapping. (R. 54) In other words, the substantive offense is that the kidnapping resulted in death, and the statutory aggravating factor is that the death occurred as a result of the kidnapping.

Where an aggravating factor simply restates an aspect of the offense charged in the indictment, its allegation violates the Eighth Amendment, because it fails to narrow the class of offenders subject to the death penalty. Additionally, asking the jury to weigh the same information risks skewing the penalty selection decision by permitting double counting.

**A. The Federal Death Penalty Act (FPDA) is intended to narrow the class of offenders who are eligible for capital punishment by requiring the jury to find aggravating factors at the penalty phase of the proceedings.**

"To pass constitutional muster, a capital sentencing scheme must 'genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the defendant compared to others found guilty of murder.'" *Lowenfield v. Phelps,* 484 U.S. 231, 244 (1988) (quoting *Zant v. Stephens,* 462 U.S. 862, 877 (1983), and *Gregg v. Georgia,* 428 U.S. 153 (1976)). The Supreme Court in *Lowenfield* noted that this "narrowing function" can occur in one of two ways: "The legislature may itself narrow the definition of capital offenses . . . so that the jury finding of guilt responds to this concern, or the legislature may more broadly define capital offenses and provide for narrowing by jury findings of aggravating circumstances at the penalty phase." *Id.* at 246.

In *Lowenfield*, the defendant was convicted of three counts of first degree murder in Louisiana, which required as an essential element of the crime a finding that the defendant intended to "kill or inflict great bodily harm upon more than one person." *Id.* at 233 (citing La. Rev. Stat. Ann. § 14:30A(3) (West 1986)). One of the statutory

3

aggravating factors that the jury found in imposing a sentence of death was that the defendant "knowingly created a risk of death or great bodily harm to more than one person." *Id.* at 235. The defendant argued that the death sentence should be reversed because the aggravating factor found by the jury was identical to an essential element of the offense of conviction, and such duplication was constitutionally impermissible. *Id.* at 236, 241.

In rejecting the defendant's argument, the Supreme Court noted that Louisiana has five "grades" of homicide, one of which was first degree murder, and that the definition of first degree murder narrowed the category of offenders who were eligible for a death sentence. *Id.* at 241-42. Under the Louisiana capital sentencing scheme, the "narrowing function" was performed by the jury at the guilt phase, not the penalty phase. *Id.* at 246. Once the jury had found the defendant guilty of three counts of murder under the provision that "the offender has a specific intent to kill or to inflict great bodily harm upon more than one person," the fact that the sentencing jury was also required to find the existence of an aggravating circumstance that duplicated one of the elements of the crime did not make the sentence constitutionally infirm. *Id.*

The holding in *Lowenfield* is inapplicable to cases involving the FDPA because 1) the FDPA conducts the narrowing function at the penalty phase, not the guilt phase, and 2) the FDPA is a weighing statute, whereas the Louisiana law at issue in *Lowenfield* was a non-weighing statute. As a result, the holding should not apply in the present

case, and should not restrict this Court from striking the aggravating factor of "death during the commission of a crime" as duplicative of the elements of the offense.

> **B. The Federal Death Penalty Act performs the narrowing function at the penalty phase, not the guilt phase, rendering any aggravating factor which echoes an element of the underlying offense unconstitutionally duplicative.**

The lesson of *Lowenfield* was that an aggravating factor that mirrors an essential element of the offense will be valid if the jury's narrowing function is performed at the guilt phase, but that is not necessarily true if the narrowing function is performed at the penalty phase. The FDPA states that for any death-eligible charge for which the government has submitted a notice of intent to seek the death penalty, the proceedings are bifurcated. First, the issue of guilt is determined. Second, if a guilty verdict is returned, the jury must balance the factors in aggravation against the factors in mitigation to determine whether or not a sentence of death is warranted. 18 U.S.C. §§ 3591-3593. As such, the narrowing function is performed at the penalty phase, not the guilt phase.

In *United States v. Kaczynski,* 1997 WL 34626785 *20 (E.D. Cal.), the district court addressed whether or not the aggravating factor "death during the commission of an offense" was improperly duplicative of the charged offense (18 U.S.C. § 844(d) – prohibiting the transportation or receipt of explosives with the knowledge or intent that it will be used to kill). The district court distinguished *Lowenfield* as follows:

> *Lowenfield* held that consideration of an aggravating factor
> that duplicates the charged crime or an element thereof is
> not improper if the requisite narrowing has already been

5

> accomplished. *See Lowenfield,* 484 U.S. at 246. In *Lowenfield,* the substantive crime itself had sufficiently narrowed the class of individuals eligible for the death penalty. *Id.* For that reason, the Supreme Court held that it was not impermissible for a statutory aggravating factor to duplicate an element of the charged offense.
>
> The federal death penalty statute, in contrast to the statute involved in *Lowenfield,* does not narrow those eligible for the death penalty by narrowly defining the substantive crimes. Instead, it narrows the class of those eligible through the mental state findings and the statutory aggravating factors. Unlike in *Lowenfield,* where the aggravating circumstances did not play a part in the constitutionally required narrowing process, the statutory aggravating factors here do perform a narrowing function. If this function is to be accomplished, the simple repetition of the crime of which a defendant has already been convicted cannot properly be used as an aggravating factor. Since the statute requires the jury to find only one statutory aggravating factor, the narrowing function of these aggravating factors would be completely undermined if the mere commission of the charged offense could suffice.

*Kaczynski*, 1997 WL 34626785 *21.

Although several appellate courts have rejected this argument, a close look shows that those cases are either distinguishable or utterly failed to engage in the thoughtful and detailed analysis stated above. For example, in *United States v. Higgs*, 353 F.3d 281, 315 (4th Cir. 2003), the court found that the aggravating factor of "death during the commission of a kidnapping" properly performed the narrowing function required by the Eighth Amendment. However, in *Higgs*, the defendant was charged with first-degree murder in violation of 18 U.S.C. § 1111(a), and the aggravator at issue was submitted for *that* charge. *Id.* It was *not* submitted as an aggravator for the

substantive kidnapping counts charged under 18 U.S.C. § 1201, unlike in the present case, where no § 1111 charge is pending and the § 1201 charge is the only death-eligible count at issue. *Id.* In *United States v. Hall,* 152 F.3d 381, 416 (5th Cir. 1998), *abrogated on other grounds by United States v. Martinez-Salazar*, 528 U.S. 304 (2000), the defendant also argued that the aggravating factor of "death during the commission of another offense" did not narrow the jury's discretion. But that argument was premised on the fact that the defendant was not eligible for the death penalty because the kidnapping statute itself did not require proof of a specific mental state with respect to the death. *Id.* The Fifth Circuit disagreed because the penalty phase required proof beyond a reasonable doubt that at least one of the four gateway intent factors was present. *Id.* at 417. In so holding, the court relied on *Lowenfield,* but never mentioned the differences between the Louisiana statute and the FDPA.

Despite the holdings of these cases, no court has addressed the point made in *Kaczynski:* that the simple repetition of the crime of which a defendant has already been convicted does not meet the narrowing requirement of the Eighth Amendment in the context of the FDPA. Based on the foregoing, this Court should strike the non-statutory aggravating factor of "death during the commission of another offense" as duplicative of the elements of Count 1.

### C. Even if the Court finds that the narrowing function can still be properly performed with a duplicative aggravating factor, it should strike the factor due to the potential for unfair skewing effect in the weighing process.

The FDPA is further distinguishable from the statute in *Lowenfield* on the ground that it is a weighing statute, meaning the jury must weigh the aggravating factors against the mitigating factors in determining whether to impose a death sentence. The Court in *Lowenfield* did not address the problem of duplication in the context of the weighing procedure required under the FDPA. *See United States v. McVeigh*, 944 F. Supp. 1478, 1489 (D. Colo. 1996).

In striking the aggravating factor of death during the commission of an offense, the district court in *McVeigh* recognized the Supreme Court's prior holding that the "weighing process is highly sensitive to the influence of aggravating factors that might unfairly tip the scales in favor of death," therefore the government may not introduce those offenses as aggravating factors that duplicate the crimes charged in the indictment. *Id.* (citing *Stringer*, 503 U.S. at 231-43. "To allow the jury to weigh as an aggravating factor a crime already proved in a guilty verdict would unfairly skew the weighing process in favor of death." *Id.* at 1489-90.

### III. Conclusion

*Lowenfield* does not preclude the Eighth Amendment relief sought by this Motion. Although many cases have applied *Lowenfield* to support the proposition that an aggravating factor may duplicate the elements of the underlying offense, those cases did not engage in the analysis that the *Kaczynski* and *McVeigh* courts did; rather, they

summarily concluded that a pronouncement of law relevant to a non-weighing state statute universally applied to a weighing federal statute. Because *Lowenfield* is inapplicable to the present case, this Court should find that allowing the jury to weigh an aggravating factor which duplicates an element of the offense wrongly tips the scale in favor of death, and cannot be permitted.

WHEREFORE, Defendant requests that this Court strike the statutory aggravating factor of "death during the commission of another crime."

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org  

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org  

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com  

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org