UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | Hearing Requested |

## MOTION FOR A BILL OF PARTICULARS

Count One of the Superseding Indictment charges that the defendant, Brent Christensen, used a Motorola cellular phone to commit the substantive offense of kidnapping. (R. 26) No other detail is given. Through undersigned counsel, Mr. Christensen moves the Court for an Order directing the government to file a bill of particulars, providing the following information concerning this count as well as the Notice of Intent to Seek a Sentence of Death (NOI): *See* (R. 54)

> Identify the time, date and method of usage (phone call, text message, instant messaging, internet) of defendant's Motorola phone that is referenced in Count One of the Superseding Indictment.
>
> Identify the particulars relating to how, when and where Mr. Christensen allegedly "demonstrated his lack of remorse," as alleged in the NOI (R. 54 at III-2 at 3) (Non-Statutory Aggravators).
>
> Identify the "other serious acts of violence," referenced at III-2, p. 3 of the NOI.[1]

---

[1] In III-4 of the NOI, the government alleges a separate "serious act of violence," aggravator - an alleged sexual assault on one M.D. "in or about 2013." *See Motion to Strike Aggravating Factor of Other Serious Acts of Violence*, filed August 24, 2018 (describing only *some* of the evidentiary and reliability issues related to this allegation). It is not clear whether use of the identical language, in paragraph III-2 is meant to include this same incident. Nor is it clear from the lack of specificity in III-2, whether the allegation

1

> Identify when, where, to whom, and the circumstances under which Mr. Christensen allegedly "expressed [a] desire to be known as a serial killer," as referenced at III-2, p. 3 of the NOI.
>
> Identify the particulars of any "claims of additional victims," as referenced at III-2, p. 3 of the NOI, including dates of such claims, to whom the claim was made, identity of the alleged victim[s], and date and location of the alleged offense[s].
>
> Identify the particulars of how Mr. Christensen allegedly "sanitized the crime scene," as alleged at III-6, p 4, of the NOI.
>
> Identify any other acts or statements of Mr. Christensen referenced by the language "at least" in III-2 (alleging future dangerousness) and III-6 (obstruction of justice).

I.  **The Request for A Bill of Particulars Concerning the Time, Date and Usage of the Motorola Cell Phone in Commission of the Offense**

The government confiscated multiple electronic devices pursuant to search warrants in this case, including three cell phones belonging to Brendt Christensen. All of the electronic data, which includes cell phone extractions and mirror images of computer hard drives, adds up to over a terabyte of data. Each cell phone extraction was performed using the Cellebrite mobile forensics system. As counsel understands the process, the physical extraction of the data involves a bit-by-bit copy of the entire flash memory of each mobile device. This extraction method not only enables the acquisition of intact data, but also data that is hidden or has been deleted. When viewing a full extraction report, the viewer can see a timeline of the phone's entire

---

there is meant to include "serious acts of violence" beyond that specified in III-4. Setting aside the issues related to reliability and duplication, if the sexual assault in paragraph III-4, is meant to be included in the reference to "other serious acts of violence" referenced in paragraph III-2, it should be stricken as it is not clear how a sexual assault of this nature would be evidence of future danger in *prison*. *See Simmons v. South Carolina*, 154 U.S. 154, 165, n.5 (1994).

existence from activation to extraction, including call logs, contacts, SMS messages, MMS messages, chats, emails, photographs, and more. Each of the three seized phones contain a significant amount of data.

As set out in Defendant's *Motion to Dismiss Count One*, (filed August 24, 2018), at 9-26, the discovery did not indicate how Mr. Christensen allegedly used this phone in commission of the substantive offense charged in Count One. Counsel has seen no evidence suggesting that Mr. Christensen had any contact with the victim, Y.Z., at any time either by phone or internet, that he used the Motorola phone to make any ransom, reward or other demand for financial benefit or that he conferred with any confederate by means of the phone.

F. R. Crim. P. 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Prior to 1966, a showing of cause was required but this requirement was eliminated "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." *Id*. Advisory Committee Notes, 1966 Amendments. A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense. *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)).

All these purposes will be served here. The government has alleged that Mr. Christensen used his cellphone to commit the charged offense in the vaguest and most

non-specific manner possible. There is no specification when or how Mr. Christiansen used this cellphone to commit this offense. This complete absence of specification deprives Mr. Christensen of a meaningful opportunity to prepare a defense at trial or for this Court to rule on his *Motion to Dismiss Count One*. There is simply no way for counsel to know which of presumptively hundreds, if not thousands, of data points that are embedded in the phone, including phone, text messages, chats, e-mails or other possible usage of the phone that Count One is referencing.

Courts have reversed convictions for the failure to order a bill of particulars where the government has couched its charges in such generalities. In *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), the government alleged that the defendants filed false insurance claims for burglaries and fires which had not occurred. The indictment failed to specify the dates of the staged burglaries or identify which of the numerous documents were falsified. After the trial court denied the defendant's request for a bill of particulars, the Second Circuit reversed, holding that the defendants had been "hindered in preparing their defense" by the trial court's failure to require the government to disclose this information. The appellate court noted that "[i]n effect, the burden of proof impermissibly was shifted to the defendants to show which allegations were false. *See also United States v. Cefalu*, 234 F.2d 522, 524 (10th Cir. 1956) (noting the indictment must "sufficiently apprise[] [the defendant] of the nature of the specific charge to enable him adequately to prepare his defense," and reversing defendant's conviction for failing to order a bill of particulars where the indictment charged jury tampering but failed to specify which of the approximately 100 jurors were tampered

with); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988) (reversing RICO conviction because of failure to provide bill of particulars).

Here, the indictment alleges Mr. Christensen used his cellphone to commit the offense but there is no way for the defense to adequately prepare a defense to this allegation without specification of precisely when and how he allegedly used his phone to commit the charged offense. To cure this defect and allow the defense to adequately prepare, Mr. Christensen requests that the Court order the government to file a bill of particulars, identifying the particular uses of the Motorola telephone that form the basis of the allegation in Count One.

## II. The Requests for a Bill of Particulars Concerning Various Non-Statutory Aggravating Factors

Although there is authority that Rule 7(b) only refers to the indictments and informations, *see United States v. Lujan*, 530 F. Supp. 2d 1224, 1243 (D.N.M. 2008) (citing cases), several courts have ordered the government to file bills of particulars in capital cases to resolve ambiguities in Notices of Intent in capital cases and provide sufficient detail to enable the defendant to adequately investigate and defend. *See United States v. Bin Laden*, 126 F. Supp. 2d 290, 304 (S.D.N.Y. 2001) ("in exercise of its Rule 7(f) discretion," court orders the government ordered to file bill of particulars specifying the particularized categories of "injury, harm and loss" that will be present in support of victim impact aggravator); *United States v. Walker*, 910 F. Supp. 837, 855-56 (N.D.N.Y. 1995) (government must file bill of particulars identifying drug dealers referenced in NOI who were allegedly robbed and dates and location of such robberies as well as

5

identities of persons under 21 years of age to which the defendant allegedly sold drugs, as well as the dates and locations of such distributions); *United States v. Pleau*, 2013 WL 1673109, at **4,5 (D.R.I. 2013) (the government must provide bill of particulars listing the incidents upon which it intends to rely to prove the allegation of "other serious acts of violence;" in addition, the government agrees to file bills of particulars specifying: "(1) the crimes or other acts of violence on which it will rely in support of the continuing pattern of violence sub-factor; (2) the other criminal offenses it will seek to establish that Pleau committed while on parole; and (3) the disciplinary infractions that it will seek to prove"); *United States v. Davis*, 1996 WL 6997 (E.D. La.) (government ordered to file bill of particulars concerning several items in Notice of Intent).[2]

The information sought in each of the six requests above that relate to the Notice of Intent are necessary to provide the defense with the means to adequately defend against the allegations in the NOI. As to "his demonstrated lack of remorse," the defense is left to speculate as to when and how Mr. Christensen allegedly engaged in such a "demonstration." If the government intends to base this proof on his failure to confess to the FBI when questioned, this theory would raise not only issues of

---

[2] Although finding a bill of particulars is not available, other courts, relying on due process, the right of confrontation, their inherent authority or some combination thereof, have nonetheless ordered the government to file an "informative outline," advising the defendant of "the general nature of the evidence it will introduce" to prove aggravating factors. *See United States v. Lujan*, 530 F. Supp. at 1270-71 (government required to file informative outline of evidence intended to prove several aggravating factors including future dangerousness); *United States v. Llera-Plaza*, 179 F. Supp. 2d 471-472 (E.D. Pa. 2001) (government ordered to provide outline of evidence concerning aggravating factors, including future dangerousness); *United States v. Wilson*, 493 F. Supp. 2d 364, 375-76 (E.D.N.Y. 2006) ("whether by way of Rule 9(f) or inherent authority," court orders government to provide defendant with "nature, extent and scope of the harm suffered by the victims' family members"); *United States v. Karake*, 370 F. Supp. 2d 275, 279-280 (D.D.C. 2005) (government ordered to "narrow or eliminate" aggravating factors.")

duplication,³ but more importantly Fifth Amendment considerations. *See generally Lesko v. Lehman*, 925 F.2d 1527, 1543-1545 (3d Cir. 1991); *but see United States v. Mikos*, 539 F.3d 706, 721-723 (7th Cir. 2008). In a letter dated July 11, 2018, pursuant to the defense's request to particularize this aggravating factor, the government informed defense counsel that "its position" is that "all of the information in its possession . . . including phone calls recorded by the Macon County and Livingston County jails, taken as a whole and individually, indicates a lack of remorse." In light of the 11,500 pages of discovery and 58 discs containing audio and video recordings, *see Motion to Compel,* (R. 82 at 12), which include hundreds of recorded jail calls with his wife and family, *see Motion to Suppress Jail Recordings*, (filed August 24, 2018), at 6, 15, this statement is tantamount to no notice at all concerning "lack of remorse."

As to references to "other additional acts of violence, "additional victims" and the limitless "including at least" language of III-2, 4 and 6 of the NOI, due process, the right of confrontation and the right of effective assistance of counsel demand that Mr. Christensen not go on trial for his life without more specification concerning these allegations. *See, e.g., Walker, supra; Pleau, supra*. Similarly, the defense must be provided with requested details concerning the allegation that he "desired to be known as a serial killer" and the means of the so-called "sanitation." *See, e.g., Walker, supra*.

In short, the cases cited above indicate that the government must provide far more specification concerning aggravating factors than that presently found in the NOI.

---

³ *See* NOI, III-6, p. 4, alleging Mr. Christensen's "false statements to investigators," as non-statutory aggravating factor.

Respectfully submitted,

| | |
|---|---|
| /s/Elisabeth R. Pollock | /s/ George Taseff |
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:    309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |
| | |
| /s/ Robert Tucker | /s/ Julie Brain |
| Robert L. Tucker, Esq. | Julie Brain, Esq. |
| 7114 Washington Ave | 916 South 2nd Street |
| St. Louis, MO 63130 | Philadelphia, PA 19147 |
| Phone: 703-527-1622 | Phone: 267-639-0417 |
| Email: roberttuckerlaw@gmail.com | Email: juliebrain1@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org