IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE
DEFENDANT'S MOTION TO STRIKE NOTICE OF INTENT TO SEEK
A SENTENCE OF DEATH ON THE GROUND THAT CAPITAL
PUNISHMENT VIOLATES THE EIGHTH AMENDMENT**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court deny the Defendant's Motion to Strike the Notice of Intent to Seek a Sentence of Death (R.113) because the death penalty does not violate the Eighth Amendment.

## BACKGROUND

A federal grand jury charged the defendant, Brendt A. Christensen, with kidnapping Yingying Zhang, and further alleged that he intentionally killed her in an especially heinous, cruel, and depraved manner after substantial planning and premeditation. (R.26) The United States later provided filed Notice of Intent to Seek a Sentence of Death (NOI) for that offense. (R.54) The defendant has filed a motion to

strike the NOI on the ground that capital punishment violates the Eighth Amendment *per se*. (R.113) In light of controlling precedent directly contrary to the defendant's position, the defendant's motion must be denied.[1]

## RESPONSE

It is well-settled that the death penalty does not violate the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153, 187 (1976) ("capital punishment is an expression of society's moral outrage at particularly offensive conduct"). In fact, the United States Supreme Court recently noted that "because it is settled that capital punishment is constitutional, '[i]t necessarily follows that there must be a [constitutional] means of carrying it out.'" *Glossip v. Gross*, 135 S. Ct. 2726, 2732–33 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 47 (2008) ("We begin with the principle, settled by *Gregg*, that capital punishment is constitutional.")).

The defendant's argument is directly foreclosed by controlling Supreme Court precedent. Thus, this Court should and must deny his motion. Nonetheless, the defendant has filed a 43-page motion urging this Court to reject controlling Supreme

---

[1] Although the defendant's motion is not ripe, the defendant fails to address this defect in his motion. As a sentence of death has not yet been imposed, any ruling by this Court on the constitutionality of capital punishment under the Eighth Amendment would be an advisory opinion. *See Wisconsin's Envtl. Decade, Inc. v. State Bar of Wisconsin*, 747 F.2d 407, 411 (7th Cir. 1984) ("the considered practice of the . . . federal courts [is] not to decide any constitutional question in advance of the necessity for its decision"). Nonetheless, because it is clear that the defendant's motion would fail whenever it is filed, the United States has no objection to the Court considering and denying the motion at this time and later applying the denial as the law of the case. *See Pepper v. United States*, 562 U.S. 476, 506 (2011) (when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case).

Court precedent under the "doctrine of anticipatory overruling." (Def.Mot.38) No such doctrine exists; in fact, it has been expressly repudiated by the Supreme Court:

> We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. We reaffirm that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." . . . The trial court acted within its discretion in entertaining the motion with supporting allegations, but it was also correct to recognize that the motion had to be denied unless and until this Court reinterpreted the binding precedent.

*Agostini v. Felton*, 521 U.S. 203, 237–38 (1997) (citation omitted). *See also United States v. Vaughn,* 722 F.3d 918, 926 (7th Cir. 2013) (favorably citing *Agostini* for that proposition). The prerogative to overrule *Gregg* rests solely with the Supreme Court.

Even if this Court were not bound by *Gregg*, however, the defendant's argument is fundamentally flawed at every level. For example, he claims that "the death penalty is now wobbling on its last Eighth Amendment leg."[2] (Def.Mot.43) If true, the defendant would have cited to statutes and authoritative cases for that proposition, rather than dissents, anecdotes, law review articles, and personal opinions. *See Gregg*, 428 U.S. at 173 ("an assessment of contemporary values concerning the infliction of a challenged

---

[2] The Court has twice cautioned the defendant about his use of hyperbole in his filings in this case. (R.74 at 14; R.91 at 9 n.3) In this instance, the defendant's language is likely a result of filing a stock motion previously used by the capital defense bar. For example, verbatim exaggerated language, including a request for "anticipatory overruling," was used by defense counsel in *United States v. James Nathaniel Watts,* No. 14-cr-40063-JPG, Docket No. 146, pp. 35-38 (S.D. Ill. Aug. 28, 2015). Despite the defendant's identical claim in that case that the death penalty was on its "last leg" in 2015, the defendant's Eighth Amendment argument has not gained any traction in either the Supreme Court or Congress in the intervening three years.

sanction . . . does not call for a subjective judgment. It requires, rather, that we look to objective indicia that reflect the public attitude toward a given sanction.").

Contrary to the defendant's claim, the Supreme Court has shown no signs of wavering from its long-standing precedent that capital punishment does not violate the Eighth Amendment, including during the ensuing months after the defendant committed his offense. *See, e.g., Irick v. Tennessee*, No. 18A142, 2018 WL 3767151, at *1 (U.S. Aug. 9, 2018) (denying stay of execution of sentence of death); *Jordan v. Mississippi*, 138 S. Ct. 2567 (June 28, 2018) (denying petitions for writs of certiorari arguing death penalty violates Eighth Amendment); *Hamm v. Dunn*, 138 S. Ct. 828 (Feb. 22, 2018) (denying application for stay of execution of sentence of death); *Otte v. Morgan*, 137 S. Ct. 2238 (July 25, 2017) (denying stay of execution of sentence of death). *Cf. Kirklin v. United States*, 883 F.3d 993, 997 (7th Cir. 2018) ("While certiorari denials are not rulings on the merits, defense counsel reasonably may read in them a reluctance on the Court's part to revisit a prior ruling, particularly when similar certiorari denials come over an extended period of time. . . . Overruling precedent is serious and rare.").

The same is true of Congress. The public attitude of the American people is revealed by legislation enacted by their duly-elected representatives. In 1988, Congress re-enacted the federal death penalty. The Anti–Drug Abuse Act of 1988, Pub.L. 100–690, § 7001(l ), 102 Stat. 4390, 21 U.S.C. § 848(*l*). Six years later, it expanded federal death penalty law. Federal Death Penalty Act of 1994, 18 U.S.C. § 3591 *et seq*. At that same time, Congress authorized a sentence of death for any kidnapping resulting in the death of the victim. 18 U.S.C. § 1201(a); *see also* Violent Crime Control And Law Enforcement Act Of

4

1994, PL 103–322, September 13, 1994, 108 Stat 1796. Thus, in the last 30 years, Congress has expanded, not limited, the application of the death penalty.

Yet, the defendant requests that this Court not only ignore recent, controlling Supreme Court precedent and clear congressional intent, but also be the first to break with the numerous other trial courts throughout the United States that have denied identical Eighth Amendment challenges based on Justice Breyer's dissent in *Glossip. See, e.g., United States v. Roof*, 225 F. Supp. 3d 413, 415 (D.S.C. 2016) (rejecting Eighth Amendment challenge to imposition of death penalty for white supremacist who murdered nine African-Americans in church during a Bible study); *United States v. Tsarnaev*, 157 F. Supp. 3d 57, 79 (D. Mass. 2016) ("binding precedent—as reflected in the majority opinion of [*Glossip*] -- compels this Court to reach the contrary conclusion" where terrorist murdered eight-year old boy and police officer); *United States v. Fell*, 224 F. Supp. 3d 327, 356 (D. Vt. 2016) ("The record in this case does not support a view that the country has achieved consensus on the desirability of abolishing the death penalty."); *United States v. Sampson*, No. CR 01-10384-MLW, 2015 WL 7962394, at *12 (D. Mass. Dec. 2, 2015) (rejecting Eighth Amendment challenge where "a majority of the states and the federal government still have statutes authorizing the imposition of the death penalty, and juries in the past decade have imposed death sentences in most jurisdictions that authorize it.").

A federal grand jury has alleged that the defendant kidnapped Yingying Zhang and intentionally killed her in an especially heinous, cruel, and depraved manner after substantial planning and premeditation. (R.26) Congress has specifically authorized a

sentence of death as a potential punishment. 18 U.S.C. § 1201. The Supreme Court has recently held that it is settled law that capital punishment under these circumstances is constitutional. *Glossip*, 135 S. Ct. 2726, 2732–33. Thus, the defendant's lengthy arguments -- to the extent they are relevant to an Eighth Amendment analysis[3] -- are foreclosed by binding Supreme Court precedent. This Court cannot and should not hold that the Eighth Amendment prohibits a Central Illinois jury from considering whether the defendant's alleged conduct warrants a sentence of death under federal law.

---

[3] Many of the defendant's arguments against capital punishment are legally irrelevant to an Eighth Amendment analysis in this case and should be addressed to Congress, not this Court. *See McCleskey v. Kemp*, 481 U.S. 279, 319 (1987) ("McCleskey's arguments are best presented to the legislative bodies. It is not the responsibility—or indeed even the right—of this Court to determine the appropriate punishment for particular crimes. It is the legislatures, the elected representatives of the people, that are 'constituted to respond to the will and consequently the moral values of the people.'"). For example, the defendant argues there is a racial bias in applying the death penalty against African-Americans and Hispanics, even though the defendant is not a member of either of those groups (Def.Mot.11-12); the defendant argues there is a geographic bias in applying the death penalty, but fails to identify Illinois or the Central District of Illinois as a source of that bias (Def.Mot.14-15); the defendant argues that prosecutorial discretion is arbitrary, but fails to acknowledge that all federal death penalty decisions are made by the Attorney General, not individual prosecutors (Def.Mot.17-19); and the defendant bemoans the "unavoidable delay associated with the administration of the death penalty," while he has asked to delay the internal DOJ review process, his disclosure deadlines, and the trial itself. (Def.Mot.26-30)

WHEREFORE, the United States of America respectfully requests that this Court deny the Defendant's Motion to Strike the Notice of Intent to Seek a Sentence of Death on the Ground that Capital Punishment Violates the Eighth Amendment.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

| | |
|---|---|
| s/ Eugene L. Miller | s/ James B. Nelson |
| Eugene L. Miller, Bar No. IL 6209521 | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone:  217/373-5875 | Washington, DC 20004 |
| Fax:  217-373-5891 | 1331 F St. NW, Room 625 |
| eugene.miller@usdoj.gov | Washington, DC 20004 |
| | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants.

                          s/ Eugene L. Miller
                          Eugene L. Miller, Bar No. IL 6209521
                          Assistant United States Attorney
                          201 S. Vine St., Suite 226
                          Urbana, IL 61802
                          Phone:  217/373-5875
                          Fax:  217-373-5891
                          eugene.miller@usdoj.gov