IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION TO DECLARE THE FEDERAL DEATH PENALTY ACT UNCONSTITUTIONAL DUE TO UNACCEPTABLE ERROR RATES**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully requests that this Court deny, without an evidentiary hearing, the Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Due to Unacceptable Error Rates. (R. 116)

## BACKGROUND

A federal grand jury charged the defendant, Brendt A. Christensen, with kidnapping Yingying Zhang, and further alleged that he intentionally killed her in an especially heinous, cruel, and depraved manner after substantial planning and premeditation. (R.26) The United States later provided filed Notice of Intent to Seek a Sentence of Death (NOI) for that offense. (R.54) The defendant has filed a motion to declare the Federal Death Penalty Act (FDPA) unconstitutional because of alleged

unacceptable error rates in other cases. (R.116) Because the defendant's argument is foreclosed by existing precedent, his motion must be denied.

## RESPONSE

The defendant argues the federal death penalty is unconstitutional because it could result in the execution of innocent people, although he does not actually allege that the imposition of the death penalty in *this* case would result in the execution of an innocent person. (Def.Mot.3)[1] No court has ever adopted the reasoning advanced by the defendant that alleged error rates in other cases renders the FDPA unconstitutional. The defendant concedes, as he must, that his claim rests on a district court opinion that was reversed by the Second Circuit. (Def.Mot.6-7) As the Second Circuit held:

> The argument that innocent people may be executed—in small or large numbers—is not new; it has been central to the centuries-old debate over both the wisdom and the constitutionality of capital punishment, and binding precedents of the Supreme Court prevent us from finding capital punishment is unconstitutional based solely on a statistical or theoretical possibility that a defendant might be innocent.

*United States v. Quinones*, 313 F.3d 49, 63 (2nd Cir. 2003). The *Quinones* court went on to note that "the Supreme Court has upheld state and federal statutes providing for capital

---

[1] Substantively identical copies of this motion are filed, *pro forma*, in almost every federal death penalty case. Defense counsel filed a nearly verbatim motion in the Southern District of Illinois in 2015. *See United States v. Watts*, Case No. 4:14-cr-40063 (S.D. Ill.) (Docket Entry 150). This phenomena is not limited to counsel for the defendant --*See*, *e.g.*, *United States v. Con-Ui*, Case No. 3:13-cr-123 (M.D. Pa), (Docket Entry 836, at 96-104); *United States v. Montgomery*, Case No. 2:11-cr-20044 (W.D. Tenn.), (Docket Entry 151, at 41-46); *United States v. Candelario-Santana*, Case No. 3:09-cr-427 (D.P.R), (Docket Entry 564, at 131-36); *United States v. Lecco*, Case No. 2:05-cr-107 (S.D. W. Va. (Docket Entry 266, at 5); *United States v. Johnson*, Case No. 2:04-cr-17 (E.D. La.), (Docket Entry 268). Indeed, as will be clear from the United States' responses, many of the motions filed by the defendant in this case contain *pro forma* arguments that are raised by the defense bar in every federal death penalty case.

punishment for over two hundred years, and it has done so despite the clear recognition of the possibility that, because our judicial system . . . is fallible, innocent people might be executed." *Id.* at 65.

The United States Supreme Court has never held the death penalty to be unconstitutional because of the risk that an innocent person could be sentenced to death. In *Gregg v. Georgia*, the Court held that the death penalty is not unconstitutional under the Eighth Amendment based on the possibility that an innocent person might be sentenced to death. 428 U.S. 153, 187 (opinion of Stewart, Powell, and Stevens, JJ.), and 226 (opinion of White, J., joined by Burger, C.J., and Rehnquist, J.) (1976). Fifteen years later, the Court acknowledged the "unalterable fact that our judicial system, like the human beings who administer it, is fallible," but nevertheless affirmed the denial of a petition for a writ of habeas corpus by a capital defendant claiming actual innocence. *Herrera v. Collins*, 506 U.S. 390, 415 (1993).

Every other federal court that has considered this issue is in agreement with *Quinones*. *See United States v. Honken*, 541 F.3d 1146, 1174 (8th Cir. 2008) (rejecting "Honken's invitation to hold the death penalty unconstitutional based on the possibility innocent people may be executed."); *United States v. Mitchell*, 502 F.3d 931, 982 (9th Cir. 2007) (holding that the possibility that an innocent person could be sentenced to death does not render the death penalty unconstitutional); *United States v. Sampson*, 486 F.3d 13, 27-29 (1st Cir. 2007) (rejecting the argument that the death penalty is unconstitutional because of the possibility an innocent person could be sentenced to death); *United States v. Robinson*, 367 F.3d 278, 290 (5th Cir. 2004) (rejecting a Fifth Amendment due process

claim premised on the possibility the death penalty could be visited upon an innocent person); *United States v. Mikos*, 2003 WL 22110948, at *12-16 (N.D. Ill. 2003), *aff'd* 539 F.3d 706 (7th Cir. 2008); *see also, e.g.*, *United States v. Johnson*, 900 F. Supp. 2d 949, 961 (N.D. Iowa 2012); *United States v. Barnes*, 532 F. Supp. 2d 625, 641 (S.D.N.Y. 2008); *United States v. Williams*, 2013 WL 1335599, at *18– 19 (M.D. Pa. 2013); *United States v. Aquart*, 2010 WL 4363414, at *10 (D. Conn. 2010); *United States v. Johnson*, 2009 WL 1856240, *12-13 (E.D. Mich. 2009); *United States v. Watson*, 2007 WL 2421393, ** 2-3 (E.D. Mich. 2007); *United States v. Montgomery*, 2007 WL 1031282, at *5-7 (W.D. Mo. 2007); *United States v. Solomon*, 2007 WL 1468794, at *6 (W.D. Pa. 2007); *United States v. Sablan*, 2006 WL 1028780, at *13 (D. Colo. 2006).

In the face of overwhelming authority rejecting his claim, the defendant contends that the evidence of error rates is much stronger today than it was at the time *Mitchell* and *Quinones* were decided. This argument misses the boat, however. Courts have not rejected the defendant's argument because of insufficient evidence or statistics; they have rejected the argument because they have uniformly held, as a legal matter, any alleged error rate in other cases is irrelevant to a constitutional analysis of the FDPA. The defendant only raises a policy argument that is more properly presented to Congress than to the courts. *See Honken*, 541 F.3d at 1174; *cf. McCleskey v. Kemp*, 481 U.S. 279, 319 (1987) ("McCleskey's arguments are best presented to the legislative bodies. It is not the responsibility—or indeed even the right—of this Court to determine the appropriate punishment for particular crimes. It is the legislatures, the elected representatives of the people, that are 'constituted to respond to the will and consequently the moral values of

the people.'") Thus, the defendant's motion should be denied without any evidentiary hearing.

WHEREFORE, the United States of America respectfully requests that this Court deny, without an evidentiary hearing, the Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional Due to Unacceptable Error Rates.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants.

    s/ Eugene L. Miller
    Eugene L. Miller, Bar No. IL 6209521
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217-373-5891
    eugene.miller@usdoj.gov