E-FILED
Friday, 28 September, 2018  06:14:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR INTRADISTRICT TRANSFER OF CASE**

Defendant BRENDT A. CHRISTENSEN, by and through his attorneys, and pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rule 18, Fed.R.Crim.P., moves this Court for the entry of an Order transferring venue for prosecution and trial of this case from the Urbana Division of the Central District of Illinois, to the Peoria Division of the Central District of Illinois, and in support thereof, states as follows:

**Introduction and Procedural History**

Defendant Brendt A. Christensen is charged with one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201 and two counts of making false statements in violation of 18 U.S.C. § 1001. (R. 26).  If Mr. Christensen is convicted of the kidnapping count, the Government is seeking the death penalty against him. (R. 54).

On February 14, 2018, the Court entered a detailed Scheduling Order setting trial for April 3, 2019, and imposing additional filing deadlines and hearing dates on all

pending motions. (R. 67). On August 17, 2018, however, Chief United States District Judge James E. Shadid reassigned this case to himself for all further proceedings. (R. 08/17/2018). On August 24, 2018, defense counsel filed twenty-five pretrial motions and memoranda of law pursuant to the deadline set by the Court in its scheduling order of February 14, 2018, with responses due by the Government on or before October 16, 2018. (R. 94-122).

On September 4, 2018, the parties appeared before Chief Judge Shadid in Peoria, Illinois, for a status conference at which time the Court directed the parties to confer regarding the issue of venue, and if no agreement could be reached, the parties were to file an appropriate pleading no later than September 28, 2018, which was to include a discussion as to "why Peoria is not the appropriate venue, if so believed." (R. 09/04/2018).

On September 28, 2018, defense counsel filed a motion for change of venue for trial pursuant to Rules 21(a) and (b), Fed.R.Crim.P., arguing that based on the enormous amount of prejudicial publicity that attends this case, venue should be transferred from the Urbana Division of the Central District of Illinois, to the Peoria Division of the Central District of Illinois, to ensure that Mr. Christensen receives a fair trial.

In conjunction with, and as a supplement to that pleading, defense counsel file this motion pursuant to Rule 18, Fed.R.Crim.P., for an intra-district transfer of venue for prosecution and trial of this case from the Urbana Division of the Central District of Illinois, to the Peoria Division of the Central District of Illinois, to address the Court's

2

concerns and directive to the parties made at the status conference conducted on September 4, 2018.

### Argument

Rule 18, Fed.R.Crim.P., states that "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."

Clearly, Rule 18 does more than require "the government [to] prosecute an offense in a district where the offense was committed;" it expressly directs "[t]he court [to] set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. A trial court thus enjoys "broad discretion in deciding where to fix the location of the trial which will not be overridden on appeal as long as the court gives due consideration to the factors listed in Rule 18." *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985); *United States v. Truglio*, 731 F.2d 1123, 1130 (4th Cir. 1984).

And "[a]lthough the text of Rule 18 refers only to convenience and prompt administration, the district court may consider other factors raised by the case before it, such as pretrial publicity and court security." *United States v. Lipscomb*, 299 F.3d 303, 340 (5th Cir. 2002); *United States v. Ford*, 812 F.Supp. 761 (W.D.Tenn. 1991)(publicity

3

surrounding trial and adverse effect on prompt administration of justice are factors to consider in transfer of jury selection to another division within district); 2 Charles Alan Wright et al., Federal Practice & Procedure § 305 (4th ed. 2013) ("Wright & Miller") ("There is substantial authority for the proposition that the court, in exercising its discretion about fixing the place of trial, may take into account numerous factors appearing in the particular case in addition to those listed in Rule 18.").

Moreover, "in evaluating motions for intra-district transfer," courts may also "rely on the principles found in Fed. R. Crim. P. 21," governing transfers between districts. *United States v. Miller*, No. 06-40068, 2009 WL 4827060, at *5 (D. Kan. Dec. 11, 2009); *see also United States v. Bartelt*, No. 96-50034, 1997 WL 436229, at *2 (N.D. Ill. July 7, 1997) ("Apart from the fact that Rule 18, and not Rule 21, governs here, the analysis is essentially the same."). These principles provide that a court should fix the location of a criminal trial based on the following factors: (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer. *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964) (citing Fed. R. Crim. P. 21).

In this case, counsel for Mr. Christensen have filed a voluminous motion for change of venue for trial pursuant to Rules 21(a) and (b), Fed.R.Crim.P., and argue at

length with supporting documentation that due to the enormous amount of prejudicial publicity that attends this case, venue should be transferred from the Urbana Division of the Central District of Illinois, to the Peoria Division of the Central District of Illinois, to ensure that Mr. Christensen receives a fair trial. Counsel respectfully submit that this factor alone predominates over any other factor referenced in Rules 18 and 21, Fed.R.Crim.P., and therefore, should compel this Court to order an intra-district transfer of this case from the Urbana Division to the Peoria Division for trial. *See United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985)(district court's decision to move jury selection to Green Bay division of Eastern District of Wisconsin from Milwaukee division without including Milwaukee jurors in the venire was not abuse of discretion in light of findings of prejudicial publicity in Milwaukee); *United States v. Cortez*, 251 F.R.D. 237 (E.D.Tex. 2007) (intra-district transfer warranted due to pervasive prejudicial pretrial publicity); *United States v. Ford*, 812 F.Supp. 761 (W.D.Tenn. 1991) (intra-district transfer was appropriate for retrial due to prejudicial publicity).

Moreover, all of the other factors, whether considered individually or in the aggregate, do not weigh in favor of keeping this case scheduled for trial in the Urbana Division instead of the Peoria Division. For example, while Champaign-Urbana is the *situs* of the events giving rise to the alleged offense, which is normally one of the most important factors for fixing venue in a criminal case, it is precisely for that reason, and the massive prejudicial pretrial publicity that has been generated by the media sources

in that community, that imperils Mr. Christensen's constitutional right to a fair trial and necessitates an intra-district transfer to the Peoria Division.

As to the location of possible witnesses, it would appear from the discovery that the majority of the Government's witnesses at trial will be special agents of the Federal Bureau of Investigation and forensic experts employed by the FBI and other government agencies for whom travel throughout the district is an integral part of their duties. And for any other possible civilian witnesses who reside in Champaign-Urbana and are not employed by the government, having to travel to Peoria to testify for one or two days at trial should not be that burdensome or expensive. Google Maps indicates that the federal courthouse in Peoria, Illinois, is 92 miles from the federal courthouse in Urbana, Illinois, and is a "straight-shot" drive on Interstate-74 that takes approximately 1 hour and 25 minutes each way, so any witness having to travel from Urbana to Peoria to testify should not be unusually inconvenienced by the experience.

As to the location of counsel and expense to the parties, it is fair to say that both the prosecution and defense will be equally inconvenienced, and bear substantial expenses, whether the case is tried in Urbana or in Peoria.  While the prosecution team has two AUSAs based in Urbana, its third member is a DOJ trial lawyer from Washington, D.C.  And the defense team has one lawyer based in Peoria, one based in Urbana and learned counsel based in St. Louis, and Philadelphia.

6

In sum, in considering and weighing all of the relevant factors set forth in Rules 18 and 21, Fed.R.Crim.P., this Court should order an intra-district transfer of this case from the Urbana Division to the Peoria Division for trial.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant


By:   /s/ Elisabeth R. Pollock                     /s/ George Taseff
      Assistant Federal Public Defender            Assistant Federal Public Defender
      300 West Main Street                          401 Main Street, Suite 1500
      Urbana, IL 61801                              Peoria, IL 61602
      Phone: 217-373-0666                           Phone: 309-671-7891
      FAX:   217-373-0667                           Fax:      309-671-7898
      Email: Elisabeth_Pollock@fd.org              Email: George_Taseff@fd.org


      /s/ Robert Tucker                             /s/ Julie Brain
      Robert L. Tucker, Esq.                        Julie Brain, Esq.
      7114 Washington Ave                           916 South 2nd Street
      St. Louis, MO 63130                           Philadelphia, PA 19147
      Phone: 703-527-1622                           Phone: 267-639-0417
      Email: roberttuckerlaw@gmail.com             Email: juliebrain1@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2018, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller

and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org