# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS COUNT ONE DUE TO LACK OF JURISDICTION**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court deny, without a hearing, the Defendant's Motion to Dismiss Count One Due to Lack of Jurisdiction (R.114) because (1) the superseding indictment sufficiently alleges the jurisdictional elements of the federal kidnapping statute; and (2) the federal kidnapping statute is a valid exercise of Congress's power under the Commerce Clause of the United States Constitution.

## BACKGROUND

A federal grand jury charged the defendant, Brendt A. Christensen, with kidnapping Yingying Zhang, resulting in her death, in violation of the federal kidnapping statute found at 18 U.S.C. § 1201(a)(1). (R.26) More specifically, Count One of the superseding indictment alleges that, "On or about June 9, 2017, in Champaign

County, in the Central District of Illinois, BRENDT A. CHRISTENSEN, defendant herein, willfully and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Y.Z., and otherwise held her for his own benefit and purpose, and used and caused to be used a means, facility, and instrumentality of interstate commerce, namely, a Motorola cellular telephone and a Saturn Astra motor vehicle, in committing and in furtherance of the commission of the offense, which resulted in the death of Y.Z." (R.26) The defendant has filed a motion to dismiss Count One for lack of jurisdiction. (R.114) The defendant's argument is without merit, and his motion should be denied.

## RESPONSE

The defendant argues that Count One of the indictment alleging kidnapping must be dismissed because (1) it fails to sufficiently allege federal jurisdiction; and (2) the federal kidnapping statute exceeds Congress's power under the Commerce Clause of the United States Constitution. Each of these arguments is without merit. Count One sufficiently tracks the plain language of the federal kidnapping statute, 18 U.S.C. § 1201(a)(1), to allege federal jurisdiction because the defendant used a car and phone, which are instrumentalities of interstate commerce, regardless of whether their use was of an intrastate nature.[1] Moreover, it is well-settled that, under the Commerce Clause, Congress has the power to regulate means, facilities, and instrumentalities of interstate

---

[1] Upon information and belief, the defendant's cell phone was used in interstate commerce. Nonetheless, as will be shown, *infra,* interstate use of an instrumentality of interstate commerce is not required under either § 1201 or the Commerce Clause.

2

commerce, even in cases where their use is purely intrastate. Therefore, this Court must deny the defendant's request to dismiss Count One for lack of jurisdiction.

I.  **The Superseding Indictment Sufficiently Alleges the Jurisdictional Elements of the Federal Kidnapping Statute.**

The federal kidnapping statute reads in relevant part:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds . . . any person, . . . when (1) . . . the offender . . . uses . . . any means, facility, or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense . . . and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a)(1). The current version of the statute is a result of a 2006 amendment to expand federal jurisdiction to include kidnappings where the offender used any means, facility, or instrumentality of interstate commerce in committing or in furtherance of the commission of the offense. Adam Walsh Child Protection and Safety Act of 2006, § 213, Pub. L. No. 109-248, 120 Stat. 616 (enacted July 27, 2006) ("Adam Walsh Act"). Congress enacted the Adam Walsh Act on the 25th anniversary of the 1981 abduction of six-year-old Adam Walsh at a mall in Florida and the subsequent discovery of some of his remains in a canal more than 100 miles away from his home. Adam Walsh Act, § 2.

Count One of the superseding indictment tracks this language almost verbatim in alleging that "defendant herein, willfully and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Y.Z., and otherwise held her for his own benefit and purpose, and used and caused to be used a means, facility, and instrumentality of interstate commerce, namely, a Motorola cellular telephone and a

3

Saturn Astra motor vehicle, in committing and in furtherance of the commission of the offense, which resulted in the death of Y.Z." (R.26) Nonetheless, the defendant claims these allegations are insufficient to allege jurisdiction because Congress did not intend the intrastate use of instrumentalities of interstate commerce such as a phone and automobile to confer jurisdiction under the federal kidnapping statute. The defendant's argument is contrary to controlling and well-settled Seventh Circuit precedent.

While the defendant spends much of his argument challenging Count One as a matter of statutory interpretation regarding congressional intent (Def.Mot.6-31), his argument is a non-starter because it ignores the plain language of § 1201(a), which unambiguously expresses Congress's intent to regulate the intrastate use of automobiles and cellular telephones in kidnappings. *See City of Chicago v. Sessions*, 88 F.3d 272, 284 (7th Cir. 2018) ("It is well-established that the plain language of a statute is the best indicator of Congress's intent. . . .") (internal quotations omitted).

### A. The statute's use of the phrase "instrumentality of interstate commerce" plainly includes automobiles and cellular telephones.

It cannot be reasonably disputed that Congress's use of the phrase "instrumentality of interstate commerce"[2] includes automobiles and cellular telephones. The defendant does not appear to argue otherwise in his motion. It is axiomatic that the phrase "instrumentality of interstate commerce" plainly includes automobiles because automobiles are recognized as instrumentalities of interstate commerce. *United States v.*

---

[2] As cited *supra,* the actual language of § 1201(a) reads "or uses a means, facility, or instrumentality of interstate or foreign commerce." The phrase "instrumentality of interstate commerce" is used hereinafter as shorthand for this phrase from § 1201(a).

*Mandel*, 647 F.3d 710, 712, 722 (7th Cir. 2011) (finding that "[a]utomobiles are designed to move people and goods over distances both long and short, and as such they play a crucial role in interstate commerce"); *see also United States v. Cobb*, 144 F.3d 319, 322 (4th Cir. 1998) (explaining that cars are considered instrumentalities of interstate commerce because they "are both inherently mobile and indispensable to the interstate movement of persons and goods"); *United States v. McHenry*, 97 F.3d 125, 126 (6th Cir. 1996) ("[C]ars are themselves instrumentalities of commerce, which Congress may protect.") (quoting *United States v. Oliver*, 60 F.3d 547, 550 (9th Cir. 1995).

Similarly, the phrase "instrumentality of interstate commerce" plainly includes cellular telephones.[3] *United States v. Mandel*, 647 F.3d 710, 716 (7th Cir. 2011); *see also*

---

[3] In his motion, the defendant also argues that there is insufficient evidence that a cellular telephone was used in commission or furtherance of the kidnapping. (Def.Mot.9-26) Challenges to jurisdiction based on the sufficiency of the evidence, however, are inappropriate to raise in a pre-trial motion. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) ("Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence.") (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *see also United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.") (internal quotations omitted); *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998) ("the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."); *see also Russell v. United States*, 369 U.S. 749, 791 (1962) ("There is no such thing as a motion for summary judgment in a criminal case."). Here, the indictment alleges that a cellular telephone was used in committing and in furtherance of the commission of the offense, and the Court must accept the allegations as true at this point. *Moore,* 563 F.3d at 586. Therefore, any motion to dismiss Count One based on insufficient evidence must be denied. *Id.* (holding defendant's challenge to indictment presented "a question of fact that could not be decided without a trial).
 Courts addressing other federal kidnapping cases where jurisdiction was based on the use of an instrumentality of interstate commerce have rejected pretrial challenges to the sufficiency of the evidence. *See, e.g., United States v. Brown*, 2014 WL 4473372, at *3 (S.D.N.Y. Sept. 10, 2014) (rejecting pretrial challenge to jurisdictional element because the defendant "has been apprised of the jurisdictional element of the offense, and will have a full opportunity at trial to challenge whether the alleged use of the instrumentality passes constitutional muster"); *United States v. Ramos*, 2013 WL 1932110, at *4 (S.D.N.Y. May 8, 2013) ("the Government has adequately

*United States v. Willoughby*, 742 F.3d 229, 240 (6th Cir. 2014) (citing *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999)); *United States v. Morgan*, 748 F.3d 1024, 1031 (10th Cir. 2014); *United States v. Evans,* 476 F.3d 1176, 1180 (11th Cir. 2007); *United States v. Giordano*, 442 F.3d 30, 40 (2d Cir. 2006); *United States v. Clayton,* 108 F.3d 1114, 1117 (9th Cir. 1997).

     **B.**     **The statute's plain language -- "use" of an instrumentality of interstate commerce -- includes any use, including intrastate use, of automobiles and cellular telephones.**

Implicitly recognizing that automobiles and cellular telephones are instrumentalities of interstate commerce, the defendant, ignoring the plain language of § 1201(a), argues that Congress did not really intend to reach the intrastate use of these instrumentalities in the federal kidnapping statute.[4] The defendant's argument requires a tortured interpretation of the statutory language and is foreclosed by numerous courts' interpretation of the plain language used in the phrase "uses any instrumentality of interstate commerce" in § 1201(a) and comparable statutes.

---

alleged the jurisdictional element of the Federal Kidnapping Statute. Any determination as to whether the actual use of the instrumentality was so de minimis as to support a finding that the constitutionally required interstate commerce nexus was in fact lacking must await trial and a full development of the facts"); *United States v. Augustin*, 2010 WL 2639966, *4-5 (E.D. Tenn. June 28, 2010) (denying the defendants' motion to dismiss because issues of the sufficiency of the evidence for purposes of jurisdiction are properly decided at trial).

     [4] The defendant fails to mount an argument that the purely intrastate use of a cellphone is not encompassed by § 1201. In fact, he concedes that, by the 2006 amendment to § 1201, Congress intended to include "the internet, telephone, and mail" as instrumentalities of interstate commerce. (Def.Mot.27) Nonetheless, because there is no principled distinction between the purely intrastate use of a cellphone or an automobile under the statute, the United States will address both instrumentalities in its response.

As an initial matter, the plain language of the statute itself includes intrastate use of automobiles and cellular telephones. The statute applies when the offender "uses . . . any means, facility, or instrumentality of interstate" commerce. Congress could have, but did not, require that the "use" itself be in interstate commerce or that the use substantially affect interstate commerce. Congress certainly knew how to do so at the time it amended Section 1201, as other federal statutes required the conduct at issue to be "in" or "affecting" interstate commerce to invoke federal jurisdiction. *See, e.g.*, 18 U.S.C. § 1344 (wire fraud requires transmission "in" interstate commerce); 18 U.S.C. § 922(g) (felon in possession requires gun to be possessed "in or affecting commerce"). Here, however, Congress made clear through its chosen language that it intended jurisdiction to apply to any use, including intrastate use, of an instrumentality of interstate commerce.

In fact, the courts that have specifically addressed the issue of whether the language of § 1201(a) extends to intrastate use of instrumentalities of commerce have all held that it does. *E.g., United States v. Al-Din*, 631 F. App'x 313, 330 (6th Cir. 2015) (rejecting the argument that "instrumentality of interstate commerce" does not include purely intrastate use of a cellular telephone); *United States v. Mitchell*, 2013 WL 5377869, *7 (N.D. Tex. Sept. 26, 2013) ("[T]he intrastate use of a telephone or automobile does qualify as a 'means, facility, or instrumentality of interstate commerce.'") (internal quotation marks omitted); *United States v. Ochoa*, 2009 WL 3878520, *3 n.5 (D.N.M.

Nov. 12, 2009) (reasoning that use of the phrase "*of* interstate commerce" shows Congress's intent to regulate intrastate use of instrumentalities of interstate commerce) (emphasis added).

Moreover, Congress's prior amendment of the federal murder-for-hire statute, 18 U.S.C. § 1958, to include an almost identical phrase demonstrates that it intended the later language included in § 1201(a) to include intrastate use of cars and phones. The murder-for-hire statute as currently drafted applies to an offender who "use[s] the mail or any facility *of* interstate or foreign commerce." 18 U.S.C. § 1958 (emphasis added).[5] A previous version of the statute, however, used the phrase "facility *in* interstate commerce." *See* 18 U.S.C. § 1958 (2000) (emphasis added). Although the Seventh Circuit held that the prior language of § 1958 reached even intrastate uses of instrumentalities of interstate commerce, other circuits disagreed. *Compare, e.g., United States v. Richeson*, 338 F.3d 653, 661 (7th Cir. 2003) (holding, as a matter of statutory interpretation, that prior version of § 1958 reached intrastate activity) *with United States v. Weathers*, 169 F.3d 336, 342-43 (6th Cir. 1999) (finding that prior version of § 1958 did not clearly reach intrastate activity). The Seventh Circuit and other circuits agreed at the time, however, that if § 1958 read "facility *of* interstate commerce," it would clearly reach intrastate activity. *See Richeson*, 338 F.3d at 660-61; *Weathers*, 169 F.3d at 341; *United States v. Marek*, 238 F.3d 310, 316-20 (5th Cir. 2001).

---

[5] The Seventh Circuit has noted that it considers the terms "facility of interstate commerce" and "instrumentality of interstate commerce" to be "essentially interchangeable" for purposes of Commerce Clause jurisprudence. *See Mandel*, 647 F.3d at 716 n.2.

In response, Congress amended § 1958 in 2004, changing the phrase "in interstate commerce" to "of interstate commerce." Intelligence Reform and Terrorism Prevention Act of 2004, § 6704, Pub. L. No. 108–458, 118 Stat. 3638 (2004). The Seventh Circuit held that the substitution of the word "of" for "in" resolved any doubt that the murder-for-hire statute established federal jurisdiction for purely intrastate use of a facility of interstate commerce. *Mandel*, 647 F.3d at 721. Other circuits agreed: "This amendment ma[de] absolutely clear that § 1958 establishes federal jurisdiction whenever any 'facility of interstate commerce' is used in the commission of a murder for hire offense, regardless of whether the use is interstate in nature . . . or purely intrastate in nature . . . ." *United States v. Drury*, 396 F.3d 1303, 1311 (11th Cir. 2005).

Consequently, the Seventh Circuit held specifically that intrastate use of a personal automobile satisfied the jurisdictional language of § 1958.[6] *Mandel*, 647 F.3d at 720-21. Contrary to the defendant's assertion that "there is no suggestion whatsoever that Congress intended to alter long-standing doctrine by including the use of a car or vehicle in an intrastate kidnapping." (Def.Mot.14), we must presume that is exactly what Congress intended when it amended § 1201 in 2006 using the identical language it used to amend § 1958 only two years earlier.[7] *Compare* 18 U.S.C. § 1958(a) (criminalizing "use

---

[6] After *Mandel*, defendants in the Seventh Circuit have not generally challenged federal jurisdiction based on purely intrastate use of instrumentalities of interstate commerce, such as automobiles and telephones. *See, e.g., United States v. Joshua M. Bisping*, No. 13-CR-20040 (C.D. Ill.).

[7] While the defendant wildly speculates that Congress only intended to include the internet, telephone, and mail as "instrumentalities of interstate commerce" to the exclusion of automobiles, there is no reasonable basis for concluding Congress intended to enact such a tortured definition of "instrumentalities" without specifically saying so. To the contrary, it is

[of] the mail or any facility of interstate or foreign commerce, with intent that a murder be committed . . . ."); *with* 18 U.S.C. § 1201(a) (criminalizing "use[] [of] the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the [kidnapping]"). "Of course, when Congress enacts a new law that incorporates language of a pre-existing law, Congress may be presumed to have knowledge of prior judicial interpretations of the language and to have adopted that interpretation for purposes of the new law." *INS v. Phinpathya*, 464 U.S. 183, 200 (1984); *see also Williams v. Taylor*, 529 U.S. 420, 434 (2000) ("When the words of the Court are used in a later statute governing the same subject matter, it is respectful of Congress and of the Court's own processes to give the words the same meaning in the absence of specific direction to the contrary."); *United States v. Fox*, 845 F.2d 152, 155 (7th Cir. 1988) ("safely" inferring that, in using existing statutory language to amend another statute, Congress was aware of prior judicial interpretation of language and intended it to apply to the amended statute).

Moreover, although the plain language of the statute dooms the defendant's argument regarding congressional intent, the legislative history of the Adam Walsh Act also demonstrates the paucity of the defendant's position: "This section expands the federal jurisdiction nexus for kidnapping comparable to that of many other federal

---

telling that Congress enacted the Adam Walsh Act on the 25th anniversary of the 1981 abduction of six-year-old Adam Walsh at a mall in Florida and the subsequent discovery of his remains in a canal 100 miles away, but still in Florida, after being transported by an automobile. Adam Walsh Act, § 2; https://en.wikipedia.org/wiki/Murder_of_Adam_Walsh#Case_history.  It is fanciful to suggest that Congress intended for its amendment to the jurisdictional basis for the federal kidnapping statute to exclude from its reach the intrastate use of a motor vehicle, which would have been the only apparent basis for federal jurisdiction in Adam Walsh's kidnapping.

10

crimes. . . ." Children's Safety and Violent Crime Reduction Act of 2006, 152 Cong. Rec. H657–02, H684 (2006). Therefore, the only reasonable conclusion is that Congress intended for § 1201(a) to reach the intrastate use of an automobile or telephone in the commission of a kidnapping.

Thus, the plain language of § 1201, every court's interpretation of that language, the legislative history of the Adam Walsh Act amendment of § 1201, Congress's intent in amending § 1958, and every court's interpretation of the nearly identical amended phrase in § 1958, all lead to the inescapable conclusion that § 1201 reaches the intrastate use of instrumentalities of commerce, such as automobiles and cellular telephones.

### C. Because § 1201(a) is unambiguous, the Court need not consider legislative history or other canons of interpretation.

The defendant argues, based on legislative history, the canon against surplusage, federalism, constitutional avoidance, and the rule of lenity, that Congress did not intend for § 1201(a) to apply to intrastate kidnappings that use automobiles or cellular telephones. (Def.Mot.6-31). Because the plain language of the statute is unambiguous, however, the defendant's arguments need not be addressed. *See Lamie v. United States Trustee*, 540 U.S. 526, 536 (2004) (stating that a plain reading is preferable to inquiring into legislative history even if the plain meaning renders some of the statute superfluous); *Sessions*, 88 F.3d at 284 (stating that the best way to discern Congressional intent is by analyzing the plain language of the statute); *United States v. Giordano*, 442 F.3d 30, 40 (2d Cir. 2006) (dismissing arguments regarding legislative history, the rule of lenity, and constitutional avoidance after finding that the phrase "any facility or means

11

of interstate or foreign commerce" unambiguously reached intrastate use of a telephone).

Regardless, as established in in Section I. B., *supra,* and as every court to consider the issue has found, by any analysis – including legislative history – Congress intended for its inclusion of the jurisdictional language "uses any means facility, or instrumentality of interstate commerce" to expand federal jurisdiction of the federal kidnapping statute to include the purely intrastate use of any instrumentality of interstate commerce, including an automobile or cellular telephone.

## II. Applying § 1201(a) to the Intrastate Use of Automobiles and Cellular Telephones in Kidnappings Does Not Violate the Commerce Clause.

Given that the plain language of § 1201 unequivocally demonstrates that it applies to the intrastate use of cars and phones, the defendant is left to argue that, so applied, § 1201(a) is an unconstitutional exercise of Congress's power under the Commerce Clause. The defendant's argument fails because he improperly analyzes § 1201 based on Congress's authority to regulate "those activities having a substantial relation to interstate commerce," instead of its authority to regulate "the instrumentalities of interstate commerce." *See United States v. Lopez*, 514 U.S. 549, 558-59 (1995) (interpreting the Commerce Clause, U.S. Const. art. I, § 8, cl. 3).

Section 1201(a) is constitutional as applied to the use of an automobile and cellular telephone in an intrastate kidnapping because (1) Section 1201(a) falls under Congress's authority to regulate the instrumentalities of interstate commerce; and (2) this

power undeniably extends to intrastate uses of instrumentalities of interstate commerce (such as cars and phones).

### A. Section 1201(a) is a proper exercise of Congress's authority to regulate instrumentalities of interstate commerce.

In *Lopez*, the Supreme Court "identified three broad categories of activity that Congress may regulate under its commerce power": (1) "the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons and things in interstate commerce"; and (3) "those activities having a substantial relation to interstate commerce." 514 U.S. at 558-59. Contrary to the defendant's assertion that the kidnapping statute should be analyzed under the third category of *Lopez*, the statute is properly analyzed under the second category.

All of the circuit and district courts that have addressed this issue have analyzed § 1201(a) as a regulation of the instrumentalities of interstate commerce. *United States v. Chambers*, 681 F. App'x 72, 80-81 (2d Cir. 2017), *cert. granted, judgment vacated on other grounds*, 138 S. Ct. 2705 (2018), *reaffirmed* 2018 WL 4523607, at *4 (2d Cir. Sept. 21, 2018); *Morgan*, 748 F.3d at 1031; *United States v. Dais*, 559 F. App'x 438, 445 (6th Cir. 2014); *United States v. Renteria*, 2014 WL 2616630, *6 (E.D.N.C. June 12, 2014); *United States v. Graves*, 2014 WL 2589428, *4 (N.D. Ga. June 9, 2014); *Mitchell*, 2013 WL 5377869, at *7; *United States v. Taylor*, 2012 WL 3522528, *2 (S.D. Ala. Aug. 14, 2012); *United States v. Jacques*, 2011 WL 1706765, *7 (D. Vt. May 4, 2011); *Ochoa*, 2009 WL 3878520, at *2. Though the Seventh Circuit has not addressed this issue in relation to § 1201(a), it has held that the similarly-worded murder-for-hire statute, § 1958, is a proper exercise of Congress's

authority to regulate instrumentalities of interstate commerce. *Mandel*, 647 F.3d at 720; *see also Richeson*, 338 F.3d at 660.

The defendant incorrectly argues that § 1201(a) jurisdiction is based on a regulation of an activity, *i.e.,* kidnapping, rather than a regulation of the instrumentalities of interstate commerce. Three district courts have directly addressed and dismissed this argument in relation to § 1201(a). *Taylor*, 2012 WL 3522528, at *4; *Jacques*, 2011 WL 1706765, at *8-10; *Augustin*, 2010 WL 2639966, at *4. For example, in *Jacques*, the court explained that it found no reason to distinguish between "a federal statute that criminalizes use of the instrumentalities of interstate commerce to further certain ends . . . and a federal statute that criminalizes certain conduct when the instrumentalities of interstate commerce are used to facilitate that conduct—such as § 1201(a)." 2011 WL 1706765, at *8. The court pointed out that various federal statutes such as 18 U.S.C. § 1958 (murder-for-hire), 18 U.S.C. § 1952 (the Travel Act), and 18 U.S.C. § 2422 (coercion of a minor to engage in prostitution) that are aimed at criminal conduct traditionally punished by state law have been upheld as regulations of instrumentalities of commerce. *Id.* at *9-10. Similarly, the court in *Taylor* stated that it could not find "more than an empty semantic distinction" between a statute that "makes it a crime to use such an instrumentality to effect the bad purpose" and a statute that "makes it a crime to effect the bad purpose by using the instrumentality." 2012 WL 3522528, at *3.

Section 1201(a) states that a federal kidnapping offense is committed when the offender "uses the mail or any means, facility, or instrumentality of interstate or foreign

commerce in committing or in furtherance of the commission of the offense." This statute plainly forbids the use of instrumentalities of commerce in the commission of a crime. As explained *supra*, there is no logical reason to distinguish the categorization of the federal kidnapping statute from that of the federal murder-for-hire statute, which the Seventh Circuit has held is a proper exercise of Congress's authority to regulate instrumentalities of interstate commerce under the second category of *Lopez*. *See Mandel*, 647 F.3d at 720. Thus, § 1201(a) is likewise a proper exercise of Congress's authority under the Commerce Clause, as held by the various circuit and district courts that have faced this issue.

      **B.**      **Congress's power to regulate instrumentalities of interstate commerce, such as cars and phones, necessarily extends to their intrastate use.**

It is beyond dispute that Congress's power to regulate instrumentalities of interstate commerce necessarily extends to intrastate use of those instrumentalities. *Lopez*, 514 U.S. at 558-59 ("Congress is empowered to regulate and protect the instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities. . . ."); *Richeson*, 338 F.3d at 660-61 ("[W]hen Congress elects to regulate under the second prong of *Lopez*, 'federal jurisdiction is supplied by the nature of the instrumentality or facility used, not by separate proof of interstate movement.'") (quoting *Marek*, 238 F.3d at 317); *Morgan*, 748 F.3d at 1031 ("[T]his case falls in the second category, which includes regulation aimed at local, in-state activity involving instrumentalities of commerce."); *Giordano*, 442 F.3d at 41 ("It is well-established that when Congress legislates pursuant to this branch of its Commerce Clause power, it may

regulate even purely intrastate use of those instrumentalities.") (citing *United States v. Gil*, 297 F.3d 93, 100 (2d Cir. 2002)).

Thus, when Congress regulates the instrumentalities of interstate commerce, it is not required to do so in a way that limits its regulations to activities that substantially affect interstate commerce. *United States v. Larsen*, 615 F.3d 780, 784-86 (7th Cir. 2010) (holding that Interstate Domestic Violence Act is constitutional under *Lopez's* first and second categories with showing effect on interstate commerce); *Gil*, 297 F.3d at 100 (holding mail fraud statute as applied to private carrier constitutional under first two *Lopez* categories without showing effect on interstate commerce); *United States v. Al-Zubaidy*, 283 F.3d 804, 811 (6th Cir. 2002) (holding federal stalking statute did not violate Commerce Clause). Therefore, the defendant's extensive argument that intrastate kidnappings do not substantially affect interstate commerce is a red herring that needs not be addressed.

Given that Congress may regulate the intrastate use of instrumentalities of interstate commerce, such as cars and phones, under the Commerce Clause, the defendant's argument that § 1201 is unconstitutional as applied must be denied. In fact, every circuit to have addressed this issue has upheld § 1201(a) as applied to kidnappings involving the intrastate use of telephones or cellular telephones.[8] *Morgan*, 748 F.3d at 1031-32; *Chambers*, 681 F. App'x at 81; *United States v. McKinley*, 647 F. App'x 957, 962

---

[8] The defendant does not raise an argument concerning the application of § 1201(a) to intrastate kidnappings using cellular telephones, instead arguing that insufficient evidence prevents the United States from establishing jurisdiction on this basis. As discussed, *infra,* however, a defendant may not challenge jurisdiction based on the sufficiency of the evidence. *See Moore*, 563 F.3d at 586; *Alfonso*, 143 F.3d at 776–77; *see also Russell*, 369 U.S. at 791.

(11th Cir. 2016), *cert. denied*, 137 S. Ct. 513 (2016); *Al-Din*, 631 F. App'x at 330. Similarly, a district court has also upheld § 1201(a) as applied to the intrastate use of a cellular telephone. *Mitchell*, 2013 WL 5377869, at *7.

Because automobiles and cellular telephones are both instrumentalities of interstate commerce, the conclusion that § 1201(a) constitutionally extends to the intrastate use of cellular telephones in kidnappings should also extend to the intrastate use of automobiles. While no circuit court appears to have decided this precise issue, the district court in *Mitchell* denied a defendant's argument that § 1201(a) was void for vagueness in that an ordinary person could not have determined that it applied to the intrastate use of a car and a telephone in a kidnapping. 2013 WL 5377869, at *7 ("[A] car or telephone's *intrastate* use qualifies as a means, facility, or instrumentality of interstate commerce.").

Moreover, the Seventh Circuit has held that the intrastate use of a personal automobile is sufficient to sustain federal jurisdiction under the phrase "facility of interstate commerce" in the murder-for-hire statute. *See Mandel*, 647 F.3d at 722. More specifically, *Mandel* held that prohibition of intrastate criminal activity involving automobiles is within the scope of Congress's Commerce Clause powers. *Id.* at 722-23 (citing *Marek*, 238 F.3d at 317; *Cobb*, 144 F.3d at 322; and *United States v. Bishop*, 66 F.3d 569, 588 (3d Cir. 1995)); *see also United States v. Runyon,* 707 F.3d 475, 489 (4th Cir. 2013) (holding the defendant's argument that Congress's enactment of murder-for-hire statute exceeded its Commerce Clause authority because it regulated purely intrastate activity failed "by a wide margin"); *United States v. Jenkins*, 909 F. Supp. 2d 758, 771 (E.D. Ky.

17

2012) (rejecting Commerce Clause challenge to Matthew Shepherd and James Bird Hate Crime Prevention Act because purely intrastate use of car to commit violent act satisfied jurisdictional element as instrumentality of interstate commerce).

## CONCLUSION

The plain language of the federal kidnapping statute, 18 U.S.C. § 1201(a), confers federal jurisdiction over kidnappings using instrumentalities of interstate commerce, such as automobiles and cellular telephones, even if that use is intrastate. Moreover, § 1201(a) is constitutional as so applied because Congress has the power under the Commerce Clause to regulate instrumentalities of interstate commerce, including the intrastate use of automobiles and a cellular telephones.

WHEREFORE, the United States of America respectfully requests that the Court deny without a hearing the defendant's Motion to Dismiss Count One Due to Lack of Jurisdiction.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants.

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov