IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

THE UNITED STATES' OF AMERICA'S RESPONSE
TO THE DEFENDANT'S MOTION TO SUPPRESS JAIL
COMMUNICATIONS AND FRUITS THEREOF

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court deny the Defendant's Motion to Suppress Jail Communications and Fruits Thereof (R.98) without a hearing because a detainee has no legitimate expectation of privacy in recorded jail calls and the defendant consented to their monitoring and recording.

BACKGROUND

A federal grand jury charged the defendant, Brendt A. Christensen, with kidnapping Yingying Zhang and further alleged that he intentionally killed her in an especially heinous, cruel, and depraved manner after substantial planning and premeditation. (R.26) The defendant has not revealed the location of Ms. Zhang's remains to law enforcement. On July 5, 201 7, the Court ordered the defendant detained

pending trial and remanded him to the custody of the Attorney General's designated representative for pre-trial confinement in a corrections facility. (R.11) Per the policy of the institution where the defendant is being held, all non-legal inmate telephone calls are recorded after specific notice is given to both the inmate and any other individual involved in the call.[1] Since he has been detained, the defendant has made numerous recorded non-legal phone calls. The recordings of those phone calls have been received by the United States and immediately turned over to the defendant. (In fact, defense counsel was given direct access to those phone calls and has been aware of those phone calls since early in the prosecution.) As would be expected, the United States has reviewed those phone calls for evidence, including any indication as to the location of Ms. Zhang's remains. The defendant now requests that this Court suppress those jail communications, and any "fruits" thereof, from use at the defendant's trial. Because the defendant has no legitimate expectation of privacy in his recorded jail calls, and also impliedly consented to their monitoring and recording, his motion must be denied.

## RESPONSE

I. **The Defendant's Fourth Amendment Claim Is Without Merit.**

   A. **The defendant had no legitimate or reasonable expectation of privacy in his recorded jail calls.**

To even trigger the protections of the Fourth Amendment, the defendant must first establish that he had a legitimate expectation of privacy in his recorded jail

---

[1] The defendant has not alleged that the defendant did not receive notice that his jail calls were being recorded, nor could he. Each jail call begins with a recording specifically informing the participants that the call is being recorded.

conversations. *Shell v. United States*, 448 F.3d 951, 955–56 (7th Cir. 2006); *see also Katz v. United States*, 389 U.S. 347, 88 (1967). It is beyond obvious, however, that a detainee has no reasonable expectation of privacy in jail calls that he knows are being recorded by the institution. In fact, the Seventh Circuit has held that not even the person with whom the detainee is talking has a reasonable expectation of privacy, let alone the detainee himself:

> We believe that Garcia did not have a reasonable expectation of privacy in her telephone conversations with Lopez, an inmate in a federal prison. Garcia was a frequent visitor to Leavenworth and was well aware of the strict security measures in place. . . . We believe that it was unreasonable for her to expect that telephone calls she placed to an inmate in a high-security federal penitentiary would be private. As the Supreme Court has held, "[i]n prison, official surveillance has traditionally been the order of the day." Furthermore, this reduced expectation of privacy, when balanced against the legitimate governmental interests in the safe and secure operation of a penal institution, yields the inevitable conclusion that the conversations in question were not protected by the fourth amendment. In so holding, we are in agreement with the court in *Vasta* that "[i]t is difficult to imagine that the considerations that justify monitoring and recording of a prisoner's utterances could somehow not apply at the other end of the telephone. The rights of free persons may well at times be implicated and stand or fall with the rights of prisoners."

*United States v. Sababu*, 891 F.2d 1308, 1329-30 (7th Cir. 1989) (citations omitted). As a result, the Seventh Circuit affirmed the district court's admission at trial of numerous recorded jail conversations. *Id.* Importantly, *Sababu* applies as equally to pre-trial detainees as it applies to inmates. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 544-47 & n. 28 (1979) ("There is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates."); *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir.

1996) (the "extent of curtailment for pretrial detainees is the same as for convicted inmates").

*Sababu* has not been seriously challenged in the 30 years since it was decided. In fact, it has been extended. For example, the Seventh Circuit has held that an inmate did not even have an expectation of privacy in jail calls with his wife, thereby permitting their admission during trial regardless of the marital communication privilege. *See United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998). Moreover, a district court rejected a defendant's argument that he should have the same right to communicate with friends and family as the general public, and therefore, had a reasonable expectation of privacy in his jail calls. *See, e.g., United States v. Doyle*, 2007 WL 707023, at *1 (E.D. Wis. Feb. 16, 2007) (noting that "where, as here, a jail provides notice that calls will be monitored, there is no reasonable expectation of privacy in such communications").

The Seventh Circuit, of course, is not alone in holding that pretrial detainees have no expectation of privacy in their jail calls. *See, e.g., United States v. Gangi*, 57 Fed. Appx. 809, 814-15 (10th Cir. 2003) (noting that no prisoner should reasonably expect privacy in his outbound telephone calls); *United States v. Friedman*, 300 F.3d 11, 123 (2d Cir. 2002) (holding that pretrial detainee's notice that his jail calls were being recorded disposed of his Fourth Amendment claims, "as he had no reasonable expectation of privacy under the circumstances"); *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) (holding that "any expectation of privacy in outbound calls from prison is not

4

objectively reasonable and . . . the Fourth Amendment is not triggered by the routine taping of such calls).

While conceding that he understood that his jail calls may have been reviewed by jail officials without a warrant "for security" (*i.e.,* that he had no legitimate expectation of privacy in his jail calls), the defendant claims that somehow a legitimate expectation of privacy materialized once the calls were reviewed by the FBI. This argument is illogical and was rejected by the Supreme Court long ago. In *California v. Greenwood*, 486 U.S. 35, 39-41 (1988), the defendants claimed an expectation of privacy in garbage left at the curb because they expected it to be picked up by sanitation workers, not the police. The Supreme Court rejected this argument, holding that, even if the defendants did not expect that the contents of their garbage bags would become known to the police, this subjective expectation of privacy did not give rise to Fourth Amendment protections, because it was objectively unreasonable. *Id.* at 39-40.

Applying *Greenwood,* the district court in *Doyle* rejected the identical claim made by the defendant in the instant case. In *Doyle*, the defendant claimed "that even if the notices provided by the jail informed him of call recording, the passing of the tapes on to prosecutors was unjustified and unexpected." 2007 WL 707023, at *2. The district court rejected this claim, noting that there was "no authority for the proposition that jailers may not share evidence with prosecutors, or that [a detainee] may claim an expectation of privacy against his prosecutors if not his jailers." *Id.*

The defendant clearly has no reasonable expectation of privacy while generally held in custody. *See United States v. Paxton*, 848 F.3d 803, 811 (7th Cir. 2017) (holding no

5

expectation of privacy inside a marked police van); *see also Hudson v. Palmer*, 468 U.S. 517, 525–28 (1984) (prisoner has no reasonable expectation of privacy in prison cell), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Lanza v. New York*, 370 U.S. 139, 143 (1962) (in jail setting, "official surveillance has traditionally been the order of the day"). As the cases make clear, he likewise has no reasonable expectation of privacy in recorded calls made while he is held in custody. *Sababu*, 891 F.2d at 1339-20; *Madoch*, 149 F.3d at 602.

### B. The defendant had no subjective expectation of privacy in his recorded jail calls.

Even if a defendant somehow had an objective expectation of privacy in his recorded jail calls while he is in custody, he would still need to prove that he had a subjective expectation of privacy in his jail calls. *Paxton*, 848 F.3d at 808 (noting that "to establish that he has a protected privacy interest in an intercepted conversation, the individual must show first that he manifested a subjective expectation of privacy in that conversation"). The defendant has not even alleged such a subjective expectation, let alone proven it. In fact, he cannot.

The defendant knew from the time he was first detained that his case was still under investigation, and he knew his calls were being recorded by law enforcement. Just as importantly, the United States informed the defendant's counsel very early in the prosecution that the prosecutors were reviewing the defendant's calls. In fact, the United States provided the defense with copies of those calls and also took steps to

6

allow the defense to directly access those calls from the facility holding the defendant.[2] The defendant cannot genuinely claim that he only thought jail personnel were reviewing his recorded calls. Regardless, even if he somehow could, he acknowledges that he knew that jail officials might review his recorded conversations. Thus, he has not alleged a subjective expectation of privacy in the recorded jail calls. Without a subjective expectation of privacy, his claim likewise fails. *See, e.g., United States v. Villegas*, 495 F.3d 761, 767 (7th Cir. 2007) (finding no Fourth Amendment violation because no subjective expectation where activities knowingly exposed to others).

### C. The Defendant Impliedly Consented to the Monitoring of His Calls.

The defendant has no Fourth Amendment interest in his recorded jail calls. Even if he did, however, the calls would still be admissible at trial because he consented to the recordings by engaging in the calls after being informed they were being recorded. *See, e.g., United States v. Novak*, 531 F.3d 99, 102 (1st Cir. 2008) (O'Connor, J., sitting by designation) ("[I]nmates and pretrial detainees who have been [given notice of monitoring of jail calls] have been deemed to have consented to monitoring"); *United States v. Faulkner*, 439 F.3d 1221, 1224 (10th Cir. 2006) (same); *United States v. Workman*, 80 F.3d 688, 693 (2d Cir. 1996) (same); *see also United States v. O'Brien*, 870 F.3d 11, 16 (1st Cir. 2017) (allowing use of "lawfully recorded" jail conversations against defendant) (citing *Novak*); *United States v. Mitchell*, 2013 WL 3808152, at *11 (M.D. Fla. July 22, 2013)

---

[2] The defendant's decision to wait for months after he knew the FBI was reviewing his calls to assert an expectation of privacy undermines any claim that he subjectively expected them to be private in the interim.

(finding no Fourth Amendment violation where the defendant automated warnings that defendant's calls would be monitored and recorded).

## II. The Defendant's Allegations Against the United States Are Unfair and Gratuitous to the Fourth Amendment Analysis.

As shown, *supra,* the defendant's argument that he has a Fourth Amendment interest in knowingly recorded jail calls while in custody as a pretrial detainee is without merit. Undeterred by this jurisprudence, the defendant repeatedly suggests in his motion that the isolated statement, "Happy Hunting" in work-product emails between prosecutors and the investigative agents demonstrate that the United States' "sole" purpose in obtaining the calls was to "hunt" through the defendant's communications "for fodder to use in putting him to death." (Def.Mot.5,6,8,12,20) This accusation is unfair and gratuitous.

First and foremost, the defendant's allegations questioning the motives of the United States is unfair. As is clear from reading the actual language contained in the emails, the defendant's interpretation is only possible if the words therein are removed from context and twisted well beyond their obvious meaning.[3] It is a common practice for federal and state investigators to review recorded jail calls to obtain evidence that can be used in a criminal prosecution. More importantly, in this case, the public, in

---

[3] This Court has twice admonished the defendant for the use of hyperbole. *See* Order (R. 91), at 9 n.3 ("The Court must also note that, once again, the defendant has slipped into hyperbole throughout his argument . . . This court has already, in a prior order, noted and suggested to the defendant to avoid such rhetorical flourishes especially ones that have no legal or factual relevance to the issues at hand. The court again gently reminds the defendant, hopefully with more impact, to focus his argument to the law and facts relevant to the issues before the court."); Order (R. 74), at 14 (noting that the defendant's "frivolous motion" amounted "to a distraction from the matters at issue in this case.").

general, and the victim's family, in particular, have a compelling interest in locating Ms. Zhang's remains, and they still do. It would be a gross oversight of law enforcement to *not* pursue every legal means available to locate Ms. Zhang's remains, including by listening to lawfully recorded jail calls. Thus, to imply the sole purpose of reviewing the calls was to put the defendant to death is a grossly unfair exaggeration, particularly to the particular prosecutor whose internal e-mail work-product was referenced.

Second, the defendant's accusation is gratuitous because it does not support his legal argument. Regardless of any comments by the investigative team, as shown, *supra,* the defendant does not have a reasonable expectation of privacy in his recorded jail calls and impliedly consented to their monitoring and recording. Moreover, even if the defendant had a valid Fourth Amendment claim, the subjective intent of law enforcement is irrelevant in assessing the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). In other words, the subjective reasons the FBI reviewed the defendant's jail calls, as demonstrated by internal e-mails or any other deliberative government work product, is irrelevant to whether the defendant had a reasonable expectation of privacy in his recorded jail calls or whether he impliedly consented to being monitored. Thus, under well-settled law, the defendant's unfounded accusation against the United States is a gratuitous attack, whether to gain some perceived litigation advantage or a favorable report in the press.[4]

---

[4] Pleadings and developments in this case are often reported in the press. Inaccuracies within pleadings, which in turn are reported in the local newspapers, carry with them a

Finally, the United States was not required to provide the defense with internal government documents, including the e-mail repeatedly cited and taken out of context by the defendant, pursuant to Rule 16(a)(2) of the Federal Rules of Criminal Procedure. Nonetheless, it did so in the spirit of cooperation (but ultimately to its detriment), while specifically informing the defendant that the materials were work-product protected by Rule 16(a)(2). Moreover, these discovery material were also protected by a protective agreement signed by defense counsel agreeing that these materials would not be "disseminated in any way." Sadly, information contained in the materials was not only disseminated, it was disseminated unfairly and gratuitously.

The defendant has no legitimate expectation of privacy in his recorded jail calls, and in any event, consented to them being recorded. His accusation that the United States obtained them solely to put the defendant to death is both unfair and gratuitous.

---

potential to taint the jury pool. Unfortunately, the unfair and gratuitous accusation in the defendant's motion was reported in the press. Paul Wood, "More Motions: Defense also seeks to bar sex-assault claim," THE NEWS-GAZETTE, August 26, 2018 (available at http://www.news-gazette.com/news/local/2018-08-26/more-motions-defense-also-seeks-bar-sex-assault-claim.html) (last visited August 30, 2018).

WHEREFORE, the United States of America respectfully requests that this Court deny without a hearing the Defendant's Motion to Suppress Jail Communication and Fruits Thereof.


Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/Eugene L. Miller<br>Eugene L. Miller<br>Assistant United States Attorney<br>201 S. Vine St., Suite 226<br>Urbana, IL 61802<br>Phone: 217/373-5875<br>Fax: 217/373-5891<br>eugene.miller@usdoj.gov | /s/ James B. Nelson<br>James B. Nelson<br>Trial Attorney<br>Capital Case Section<br>United States Department of Justice<br>1331 F. Street NW, Room 625<br>Washington, DC  20004<br>Phone: 202/598-2972<br>james.nelson@usdoj.gov |
| /s/Bryan D. Freres<br>Bryan D. Freres, Bar No. IL 6294791<br>Assistant United States Attorney<br>201 S. Vine St., Suite 226<br>Urbana, IL 61802<br>Phone: 217/373-5875<br>Fax: 217/373-5891<br>bryan.freres@usdoj.gov | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                                */s/ James B. Nelson*
                                                James B. Nelson, Bar No. NV 9134
                                                Trial Attorney
                                                Capital Case Section
                                                United States Department of Justice
                                                1331 F. Street NW, Room 625
                                                Washington, DC  20004
                                                Tel: (202) 598-2872
                                                james.nelson@usdoj.gov