E-FILED
Tuesday, 16 October, 2018  09:09:24 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE DEFENDANT'S REQUEST TO EXCLUDE EXPERT TESTIMONY AND FOR *DAUBERT* HEARINGS**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and requests this Court to extend the time for the United States to file its response to the Defendant's Motions to Exclude Expert Testimony and for *Daubert* Hearings. (R.118-20) The United States makes this request because the defendant has not yet fully provided the United States with his expert disclosures, which are required for the United States to meaningfully address the referenced motions.

## FACTUAL AND PROCEDURAL HISTORY

On June 30, 2017, federal agents arrested defendant Brendt A. Christensen pursuant to a criminal complaint that charged him with kidnapping Yingying Zhang in violation of Title 18, United States Code, Section 1201(a)(1). (R.1) A federal grand jury later indicted the defendant on the same kidnapping charge outlined in the complaint.

(R.13) On October 3, 2017, the grand jury returned a superseding indictment charging the defendant with kidnapping resulting in death, and two counts of making false statements to FBI agents during the investigation. (R.26) On January 19, 2018, the United States filed its notice intent to seek the death penalty. (R.54)

On February 14, 2018, the Court issued a scheduling order that set *voir dire* to begin on April 3, 2019, and established a number of filing deadlines for both parties. (R.67) Among those deadlines was a requirement that the United States disclose its experts by May 18, 2018, and that the defendant disclose his experts (other than mental health experts) by August 24, 2018. (R.67)

The defendant first disclosed expert witness information in a letter dated December 14, 2017. On May 18, 2018, the United States disclosed additional expert witness information. These disclosures included, but were not limited to, (1) the identity, opinions, qualifications and written reports of an FBI Forensic Examiner regarding DNA and serology testimony, including the examiner's underlying file and notes totaling hundreds of pages; and (2) the identity, opinion, and police reports concerning two canine handlers.

On August 24, 2018, the defendant filed, among other motions, (1) a Motion to Exclude DNA and Serology Test Results and Request for *Daubert* Hearing (R.119,120); and (2) a Motion to Exclude Expert Testimony Regarding Cadaver Sniffing Canine and Request for *Daubert* Hearing. (R.118) Pursuant to the Court's scheduling order, the defendant also partially disclosed information regarding potential expert witnesses in a two-page letter, noting " we have not yet identified and/or retained all of the individual

2

witnesses who will testify in the following categories. As a result, we endeavor to

provide at a minimum the subject matter area in which we intend to present evidence.

We recognize our obligations under Fed.R.Cr.P. 16(b)(1)(C) to disclose all written

summaries of any testimony that we intend to offer as soon as it becomes available." The

full extent of the defendant's expert disclosure regarding this motion is as follows:

> DNA, to rebut the government's expert testimony if necessary, and to
> challenge the reliability of the DNA and serology results from the FBI
> Laboratory in Quantico, Virginia. The specific expert on this topic has not
> yet been identified, although he/she will be associated with and/or
> employed by Forensic Bioinformatics, 2850 Presidential Drive, Suite 160,
> Fairborn, OH, 45324.

> Canine cadaver searches, to rebut the testimony of Detective Jeremy
> Bruketta and to challenge the reliability of canine cadaver identification.
> The defense expert in this subject matter will be Dr. Mary Cablk, Desert
> Research Institute, Division of Earth and Ecosystem Sciences, 2215 Raggio
> Parkway, Reno, NV, 89512. Her curriculum vitae is attached hereto.

Two months later, the defendant has not disclosed any written summaries of

testimony or reports regarding these two "subject matter areas." As defense counsel

represented during a court appearance on October 11, 2018, defense counsel still does

not possess any expert reports and cannot just "buy them at Walmart." Also, the

defendant still has not disclosed the identity of their DNA expert.

Pursuant to the Court's scheduling order, the United States was scheduled to

(1) respond to pretrial motions; (2) disclose its rebuttal experts; (3) and challenge defense

experts by October 16, 2018. At the October 11, 2018 hearing, the Court extended the date

for the United States to disclose its rebuttal experts and challenge defense experts until

seven weeks after the defendant makes the required expert disclosures under Rule

16(b)(1)(B) & (C) of the Federal Rules of Criminal Procedure. The defendant did not

object to this extension in light of his two-month failure to complete his expert disclosure

in accordance with the Court's scheduling order.

## REQUEST FOR EXTENSION OF TIME

Although the Federal Rules of Evidence provide for it, the United States is not

requesting at this time that the Court bar the testimony of the defendant's experts at any

*Daubert* hearing or trial. *Cf.* Fed. R. Crim. P. 16(d)(2)(C) (court may prohibit party from

introducing undisclosed evidence):

> [T]he government would be seriously disadvantaged by lack of notice. . . .
> This would have meant that the government would not have been
> equipped to cross-examine the expert, that any expert called by the
> government would not have had an opportunity to hear the defense
> expert testify, and that the government would not have had an
> opportunity to conduct the kind of investigation needed to acquire
> rebuttal testimony on defendant's claim . . .

Fed. R. Crim. P. 12.2 (Advisory Committee Notes 1983 Amendment).

Instead, the United States is requesting that the date it is required to file its

response to the defendant's motions to exclude testimony of the disclosed government

experts regarding DNA, serology, and canine cadaver searches be extended until after

the defendant complies with his expert disclosure requirements.[1] This motion is not

interposed for purposes of delay. In fact, as previously represented, the United States is

committed to the April trial date and the Court's current scheduling order. It is hopeful

---

[1] The Court's order at the hearing on October 11, 2018, extended the dates regarding
expert witnesses and may have implicitly extended the United States' response date to the
defendant's motions regarding expert evidence. The United States files this motion out of an
abundance of caution, however, to ensure the record is clear.

the defendant's expert disclosure will be made soon so that it can prepare for the scheduled final pretrial hearing dates and not be required to move to bar the testimony of the defendant's experts. Nonetheless, this request is necessary to ensure that the United States is fully able to respond to the defendant's motions to exclude and prepare for any requested *Daubert* hearing, if one is granted.

It is important to note that this is the one opportunity the United States will have to respond to the defendant's motions. The defendant, on the other hand, has already been granted leave to file a reply to the response of the United States on or before December 7, 2018. This date is immediately before the scheduled hearing dates on the defendant's various pretrial motions, including the ones at issue here. It would be unfair to require the United States to respond to these motions without the benefit of the defendant's expert reports. Moreover, it would be unhelpful to the Court for the United States to respond to these motions without addressing the defendant's experts' opinions, which likely will be offered at any *Daubert* hearing held by the Court. Granting an extension of time until after the defendant's complete expert disclosures will ameliorate these issues.

WHEREFORE, the United States of America respectfully requests that this Court extend the time to files its response to the Defendant's Motions to Exclude Expert Testimony and for *Daubert* Hearings (R.118-20) until at least 30 days after the defendant completes his expert disclosure pursuant to this Court's scheduling order and Rule 16(b)(1)(B) & (C) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Eugene L. Miller

Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov