E-FILED
Tuesday, 16 October, 2018  09:12:30 PM
Clerk, U.S. District Court, ILCD

### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE TO
### THE DEFENDANT'S MOTION TO STRIKE
### NON-STATUTORY AGGRAVATOR "LACK OF REMOSE"

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully requests that this Court deny, without a hearing, the defendant's "Motion to Strike Non-Statutory Aggravating Factor of 'Lack of Remorse' as Duplicative of 'Future Dangerousness'"(R.104) (hereinafter "Def. Mot.") for the reasons stated below.

The viability of the defendant's argument hinges on his presumption that duplicative aggravators somehow offend the law. The courts are, however, split on the constitutional permissibility of duplicate aggravators. *Compare United States v. McCullah*, 76 F.3d 1087, 1111 (10th Cir. 1996) (holding duplicative aggravating factors skew the weighing process); *United States v. Tipton*, 90 F.3d 861, 900 (4th Cir. 1996) (agreeing with *McCullah*); *with Jones v. United States*, 527 U.S. 373, 398 (1999) (observing "[w]e have

never before held that aggravating factors could be duplicative so as to render them constitutionally invalid, nor have we passed on the 'double counting' theory that the Tenth Circuit advanced in *McCullah*"); *United States v. Purkey*, 428 F.3d 738, 762 (8th Cir. 2005) (rejecting duplicative aggravating factor theory). Assuming, *arguendo*, that duplicative factors are offensive to the Constitution, they arise only when one factor necessarily subsumes another – in other words, when a jury would necessarily have to find one in order to find the other. *See McCullah*, 76 F.3d at 1112; *see also Fields v. Gibson*, 277 F.3d 1203, 1218–19 (10th Cir.2002) (noting the test for impermissible duplication is whether "one aggravating circumstance necessarily subsumes the other(s)"); *United States v. Fell*, 531 F.3d 197, 235–36 (2d Cir.2008).

I.      **The "Lack of Remorse" Aggravating Factor is Not Duplicative of the "Future Dangerousness" Aggravator.**

The defendant argues that the "Lack of Remorse" aggravating factor must be stricken because it is duplicative of the "Future Dangerousness" aggravating factor. Def. Mot.2-7) This argument relies heavily on *United States v. McCullah*, cited above.[1] *Id.* A close examination of *McCullah,* however, shows that the defendant's reliance is misplaced.

In *McCullah*, the Tenth Circuit disapproved the submission of four overlapping aggravating factors to the jury:

---

[1] The defendant concedes that the Fifth and Eighth Circuits have rejected the assertion that duplicative aggravating factors must be stricken. (Def.Mot.4-5) (citing *Purkey*, 428 F.3d at 762; *United States v. Robinson*, 367 F.3d 278, 292-93 (5th Cir. 2004)).

1.  The defendant "'intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim, which resulted in death of the victim[;]'"

2.  The defendant "'committed the offenses as to which he is charged in the indictment[;]'"

3.  "[T]he defendant intentionally engage[d] in conduct which he knows creates a grave risk of death and that such death results[;]" and

4.  The defendant participated in "'intentional conduct intending that the victim be killed[.]'"

*Id.* The overlap amongst these factors is apparent and obvious. As the Tenth Circuit has held, however, *McCullah* represents an extreme case. *See Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999) (rejecting petitioner's reliance on *McCullah*, and holding that aggravating factors are not duplicative when one is proven by the potentiality for future dangerous acts and the other is proven by evidence of past acts).

This is not a case where four differently-worded, but substantively-identical, factors have been alleged in a way that could skew the jury's weighing process. Here, as in *Gibson*, the United States has charged two non-statutory aggravators -- one forward-looking, and one backward-looking -- and is asking the jury to consider two different qualities in determining whether to sentence the defendant to death.

The "Lack of Remorse" factor asks the jury to decide whether the defendant demonstrated a lack of compunction for kidnapping and murdering Ms. Zhang. In support of this factor, the United States will present evidence of the defendant's words and deeds.

3

Conversely, the "Future Dangerousness" factor asks the jury to consider multiple facts and determine whether those circumstances establish that the defendant is likely to be dangerous in the future. As the Tenth Circuit noted, this aggravator is proven by "evidence of the petitioner's potentiality for future dangerous acts," not by the past acts themselves. *Gibson*, 169 F.3d at 1252. The "Future Dangerousness" factor does not rely exclusively, or even predominately, on the defendant's lack of remorse as a means to establish the likelihood he will act violently at some later time.

Contrary to the defendant's assertion, there is no impermissible "double counting" here. The jury will not be asked to consider a single piece of evidence which arguably proves two, separate aggravating factors. Rather, the jury will be asked to consider whether the defendant committed certain acts and, if they find that he did, whether those acts, along with other facts, indicate that he has a potential to do something else in the future. This critical distinction eliminates any possibility that the aggravating factors subsume one another, much less that they will "skew the weighing process and create[ ] the risk that the death sentence will be imposed arbitrarily, and thus, unconstitutionally." *McCullah*, 76 F.3d at 1111 (citing *Stringer v. Black*, 503 U.S. 222, 230–32 (1992)). As such, the argument should fail.

4

II.     **Even If the Aggravating Factors Were Duplicative, the Defendant Would Not be Entitled to Strike "Lack of Remorse."**

As noted above, the aggravating factors are not duplicative, and the defendant is entitled to nothing. Even if the Court were persuaded by the defendant's duplication argument, however, he is not entitled to have the "Lack of Remorse" factor stricken from the NOI. The remedy for duplicity is not dismissal, but the ability to force an election. *See*, *e.g.*, *United States v. Beradi*, 675 F.2d 894, 898-99 (7th Cir. 1982); *United States v. Sedman*, 540 F.2d 314, 318 (7th Cir. 1976); *see also United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981) (holding that duplicity is a pleading rule, the violation of which is not fatal, and the defendant is merely entitled to require the prosecution to elect) (citing 1 C. Wright, Federal Practice and Procedure, § 145 at 334-35 (1969)). Thus, even if the defendant were correct, his remedy is limited to asking the United States how it elects to proceed.

WHEREFORE, the United States of America respectfully requests that this Court

deny, without a hearing, the Defendant's Motion to "Strike Non-Statutory Aggravating

Factor of 'Lack of Remorse' as Duplicative of 'Future Dangerousness.'"


Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY


s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov


s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of the

filing to all CM/ECF participants.

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov