IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION TO STRIKE ALL NON-STATUTORY AGGRAVATING FACTORS IN THEIR ENTIRETY

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully requests that this Court deny, without a hearing, the defendant's "Motion To Strike All Non-Statutory Aggravators in their Entirety" (R.103) (hereinafter "Def.Mot.") for the reasons stated below.

Relying on *pro forma* legal arguments, the defendant seeks to have this Court strike all of the non-statutory aggravating factors alleged in the United States' Notice of Intent to Seek the Death Penalty. (R.54) (Def.Mot.3-10) These arguments are no more persuasive now than they have been in any other Court, and the defendant's motion should be denied.

## **INTRODUCTION**

The Federal Death Penalty Act's ("FDPA") penalty phase process requires the jury to first determine the defendant's eligibility for a death sentence and then select the appropriate sentence. *See Jones v. United States*, 527 U.S. 373, 376-79 (1999) (summarizing FDPA sentencing process); *United States v. Runyon*, 707 F.3d 475, 486-87 (4th Cir. 2013) (same). For homicide crimes, the eligibility determination involves finding at least one threshold intent factor set forth in 18 U.S.C. § 3591(a)(2) and at least one of the sixteen statutory aggravating factors enumerated in 18 U.S.C. § 3592(c). These factors render a defendant eligible to receive a greater sentence than the jury's guilty verdict, alone, would permit. As such, they are functionally equivalent to elements of an offense, and they must be both presented to the grand jury for inclusion in the indictment and found by the petit jury at trial, unanimously and beyond a reasonable doubt. *United States v. Higgs*, 353 F.3d at 281, 298 (4th Cir. 2003).

If the jury, during the eligibility phase, finds at least one requisite intent factor and at least one statutory aggravating factor, the defendant is eligible for the death penalty, and the selection process begins. During the selection phase, "The FDPA reflects [a] broad conception . . . permitting the jury to consider not only a number of expressly enumerated [i.e., statutory] aggravating factors, but '*any other aggravating factor for which notice has been given* [i.e., non-statutory aggravators].'" *Runyon*, 707 F.3d at 491 (quoting 18 U.S.C. § 3592(c)) (emphasis added); *see also* 18 U.S.C. § 3593(d).[1] As the Fourth Circuit

---

[1] The courts of appeals agree that non-statutory aggravators are not required to be alleged in a capital indictment. *See United States v. Lighty*, 616 F.3d 321, 367-68 (4th Cir. 2010);

explained in *Higgs*, "the use of non-statutory aggravating factors serves only to individualize the sentencing determination." *Higgs*, 353 F.3d at 320 (citing *Zant v. Stephens*, 462 U.S. 862, 878-79 (1983); *United States v. McCullah*, 76 F.3d 1087, 1106-07 (10th Cir. 1996)). The jury then weighs both types of aggravating factors – statutory and non-statutory – against the defense's proposed mitigating factors under 18 U.S.C. § 3592(a), to determine the appropriate sentence pursuant to 18 U.S.C. § 3593(e).

"[A]s envisioned by the FDPA, capital sentencing proceedings are not only wide-ranging, they are in important respects even-handed." *Runyon*, 707 F.3d at 492. "Just as the defendant may introduce evidence on a myriad of mitigating factors, so the prosecution may try to prove an equally varied range of aggravating factors." *Id.* Here, courts "must avoid constraining unduly the prosecutor's ability to paint a complete picture of the defendant's crime and character, less the jury be less than fully and amply informed." *Id.*

---

*Higgs*, 353 F.3d 281; *see also United States v. Lawrence*, 735 F.3d 385, 420 (6th Cir. 2013); *United States v. Fell*, 531 F.3d 197, 237-38 (2d Cir. 2008); *United States v. Mitchell*, 502 F.3d 931, 979 (9th Cir. 2007); *United States v. Brown*, 441 F.3d 1330, 1368 (11th Cir. 2006); *United States v. Purkey*, 428 F.3d 738, 749-50 (8th Cir. 2005); *United States v. Bourgeois*, 423 F.3d 501, 507-08 (5th Cir. 2005). The courts recognize the distinction between statutory aggravating factors, which must be found as a prerequisite to imposing death, and non-statutory aggravating factors, which are relevant only to the individualization of the sentence.

## ARGUMENT

I.   **The Use of Non-Statutory Aggravating Factors is Permissible.**

The defendant first argues that the FDPA "does not allow the Government to pursue non-statutory aggravators beyond victim-impact." (Def.Mot.3) The defendant concedes, as he must, that the courts have not accepted this argument. *Id.* at 4.

Contrary to the defendant's argument, the use of non-statutory aggravating factors under the FDPA (and under the analogous former provision of the ADAA, 21 U.S.C. § 848) has repeatedly been upheld by the courts. *See, e.g., United States v. Bolden*, 545 F.3d 609, 624 (8th Cir. 2008); *United States v. Robinson*, 367 F.3d 278, 292 (5th Cir. 2004); *Higgs*, 353 F.3d at 320; *United States v. Montgomery*, 10 F. Supp.3d 801, 821 (W.D. Tenn. 2014). Likewise, the Supreme Court has made clear that the Constitution allows consideration of non-statutory aggravating factors "relevant to the character of the defendant or the circumstances of the crime[.]" *Barclay v. Florida*, 463 U.S. 939, 967 (1983) (Stevens, J., concurring); *Zant v. Stephens*, 462 U.S. 862, 878 (1983).

Importantly, non-statutory aggravating factors are not considered until after the jury unanimously finds that at least one threshold intent and at least one statutory aggravating circumstance have been proven beyond reasonable doubt. At that time, the focus appropriately shifts to a consideration of the relevant evidence that might assist the jury in tailoring its verdict to the defendant. *See United States v. Con-Ui*, 2017 WL 1393485, at ** 4-5 (M.D. Pa. 2017); *see also United States v. Davis*, 912 F. Supp. 938, 940-43 (E.D.La. 1996); *United States v. Nguyen*, 928 F. Supp. 1525, 1532 (D. Kan. 1996).

The Supreme Court has flatly rejected the argument that non-statutory aggravating factors are unconstitutional within the context of state sentencing laws. Indeed, the Court has held that, "as long as that information is relevant to the character of the defendant or the circumstances of the crime," non-statutory aggravating factors (as well as non-statutory mitigating factors) serve the useful purpose of ensuring that an individualized sentencing determination minimizes the risk of arbitrariness and capriciousness. *Simmons v. South Carolina*, 512 U.S. 154, 162-64 (1994); *Barclay*, 463 U.S. at 967 (Stevens, J., concurring); *Zant*, 462 U.S. at 878-79. These precepts have been consistently applied to uphold the use of non-statutory aggravating factors in cases arising under the FDPA. *See, e.g.*, *Con-Ui*, 2017 WL 1393485, at ** 4-5; *United States v. Allen*, 247 F.3d 741, 757-58 (8th Cir. 2001), *vacated on other grounds* 536 U.S. 953 (2002); *United States v. McCullah*, 76 F.3d 1087, 1106-07 (10th Cir. 1996); *United States v. Llera Plaza*, 179 F. Supp.2d 444, 453-54 (E.D. Pa. 2001); *Frank*, 8 F. Supp. 2d at 264-65; *Nguyen*, 928 F. Supp. at 1532.

II.  **Allowing the Jury to Hear Evidence of Non-Statutory Aggravating Factors Does Not Violate the Eighth Amendment.**

The defendant next contends that jury consideration of the alleged non-statutory aggravating factors would violate his Eighth Amendment rights. (Def.Mot.5) The defendant's argument rests on the assertion that allowing the United States to select and

present non-statutory aggravating factors renders the imposition of the death penalty arbitrary and capricious. This argument is meritless.[2]

The Eighth Amendment requires capital sentencing laws to distinguish between the defendant and others found guilty of murder – it does not require distinguishing the defendant from others found guilty of similar or identical murders. *See Runyon*, 707 F.3d at 503. Thus, aspects of the offense of conviction can be used to distinguish between the defendant and others found guilty of murder. *Id*.

As noted, non-statutory aggravators are not required to narrow the class of murderers eligible for the death penalty – that function is performed by the "eligibility" factors. Non-statutory aggravators individualize the selection of the appropriate sentence by calling the jury's attention to the individualized circumstances of the crime and character of the defendant. As the Supreme Court held:

> [S]tatutory aggravating circumstances play a constitutionally necessary function at the stage of legislative definition: they circumscribe the class of persons eligible for the death penalty. But the Constitution does not require the jury to ignore other possible aggravating factors in the process of selecting, from among that class, those defendants who will actually be sentenced to death. What is important at the selection stage is an individualized determination on the basis of the character of the individual and the circumstances of the crime.

*Zant*, 462 U.S. at 878; *see also Runyon*, 707 F.3d at 491 ("Once the jury finds that the defendant falls within the legislatively defined category of persons eligible for the death

---

[2] A substantively identical version of this argument was presented, and rejected, in *United States v. Roof*, Case No. 2:15-cr-472-RMG (D.S.C.) (R.291,320,539)

penalty, . . . [it] is free to consider a myriad of factors to determine whether death is the appropriate punishment.") (quoting *Tuilaepa v. California*, 512 U.S. 967, 979-80 (1994)).

The non-statutory aggravators alleged in the instant NOI serve to call the jury's attention to particular circumstances of the offenses for the jury to weigh in deciding whether to select a death sentence. Neither the Supreme Court nor any circuit court has held under the Eighth Amendment that non-statutory aggravators must distinguish the defendant from other murderers, to narrow the class of individuals eligible for the death penalty.[3] *See United States v. Fields*, 516 F.3d 923, 944-45 (10th Cir. 2008) (observing that "the selection phase does not involve the narrowing function that is of primary importance at the eligibility stage"); *United States v. Beckford*, 964 F. Supp. 993, 1004 (E.D. Va. 1997) ("Jury consideration of non-statutory aggravating factors, as long as they relate to the character of the defendant and to the crime he committed, does not violate the Constitution"). Nevertheless, the defendant contends that "[t]he government's unconstrained ability to allege various non-statutory aggravating factors injects impermissible randomness into the process." (Def.Mot.6) This fear is unfounded and untethered to the reality that the eligibility factors preclude the irrationality that might offend the Eighth Amendment. Simply put, non-statutory aggravating factors cannot and do not open the floodgates to prosecutorial whim.

---

[3] A small minority of district courts has held that non-statutory aggravators must serve a narrowing function. In so holding, at least one such court has recognized the need to reject the guidance of the Supreme Court. *See United States v. Lentz*, 225 F. Supp. 2d 666, 670-71 (E.D. Va. 2002). On its face, this view is out of step with the high court and the plain language of the FDPA, to say nothing of the majority of other federal courts.

Non-statutory aggravating factors must be "sufficiently relevant to the consideration of who should live and who should die." *Davis*, 912 F.Supp. at 943. In short, non-statutory aggravators may not suffer from overbreadth – the purpose of non-statutory aggravating factors is to "direct the jury to the evidence specific to the case," rather than to narrow the category of cases to which the death penalty applies. *Jones*, 527 U.S. at 402; *Fields* 516 F.3d at 945. These considerations adequately limit non-statutory aggravator allegations outside the Eighth Amendment strictures on factors used to measure capital eligibility.

Far from violating the Eighth Amendment, non-statutory aggravators serve to animate its requirement of individualized sentencing. As the Court has long recognized, "[w]hat is essential is that the jury have before it all possible relevant information about the individual defendant whose fate it must determine." *Jurek v. Texas*, 428 U.S. 262, 276 (1976). Indeed, "in capital cases the fundamental respect for humanity underlying the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death." *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). The FDPA's consent for non-statutory aggravators borrows from the first death penalty statute upheld by the Court under its Eight Amendment jurisprudence. *See Gregg v. Georgia*, 428 U.S. 153, 197 (1976). In so doing, the statute upholds the requirement of individualized sentencing imposed by the Court's Eighth Amendment jurisprudence for more than 40 years.

### III. Non-Statutory Aggravators Do Not Violate the *Ex Post Facto* Clause.

The defendant's final argument is the assertion that non-statutory aggravating factors constitute an *ex post facto* law in violation of Article I of the Constitution. (Def.Mot.7-10) This is yet another "stock" argument frequently raised by capital defendants and universally rejected by the Courts.

The defendant argues that the FDPA violates the *Ex Post Facto* Clause because it empowers the Department of Justice to define non-statutory factors after the capital crime has been committed. In his estimation, "[t]he statutory scheme which the government hopes to use to deprive defendants of their lives 'makes more burdensome the punishment for a crime, after its commission. . . .'" *Id*. at 7. This oft-rejected argument is entirely without merit.

The Supreme Court has made clear that the *Ex Post Facto* Clause forbids only "laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *California Dep't of Corrections v. Morales*, 514 U.S. 499, 504 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). Aggravating factors, whether statutory or non-statutory in nature, are neither "separate penalties or offenses," nor "elements of any offense."[4] *Lewis v. Jeffers*, 497 U.S. 764, 782 (1990); *Walton v. Arizona*, 497 U.S. 639, 648

---

[4] Contrary authority notwithstanding, the defendant contends that non-statutory aggravators are, indeed, "elements." (Def.Mot.8-9) This argument rests on district court findings that the factors are "constitutionally significant" and "should be found by the jury." *Id*. at 9. Neither constitutional significance nor the requirement of jury presentation transforms non-statutory aggravators into elements of an offense. Courts "agree that non-statutory aggravating factors do not constitute 'elements' of the underlying offense. *Con-Ui*, 2017 WL 1393485, at * 3 (citing *Fell*, 531 F.3d at 237-38; *Mitchell*, 502 F.3d at 979; *Brown*, 441 F.3d at 1367-68; *Purkey*, 428 F.3d at 749-50; *Bourgeois*, 423 F.3d at 507-08; *Higgs*, 353 F.3d at 298).

(1990). The definition of the capital offense of kidnapping resulting in death, and the punishment for that crime, are contained in 18 U.S.C. § 1201, a statute enacted long before the defendant kidnapped and murdered Ms. Zhang. Nothing in the NOI redefines that crime or increases the maximum punishment.

The Supreme Court has specifically held that *ex post facto* safeguards are not triggered by procedural changes in a capital sentencing scheme that "simply alter the methods in determining whether the death penalty [is] to be imposed," but do not change the "quantum of punishment attached to the crime" or the definition of the crime itself. *Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977). Consistent with *Dobbert*, courts have held that the adoption of aggravating factors constitutes a procedural change in the method of determining whether a death sentence should be imposed, rather than a substantive change in the law respecting crimes and punishments. Hence, the retroactive application of aggravating factors does not violate the *ex post facto* clause. *See, e.g., Francis v. Dugger*, 908 F.2d 696, 704 (11th Cir. 1990), *cert. denied*, 500 U.S. 910 (1991); *Jordan v. Watkins*, 681 F.2d 1067, 1079 (5th Cir. 1982). Accordingly, every court that has considered the argument under federal law has rejected the contention that non-statutory aggravators violate the *Ex Post Facto* Clause. *See, e.g., Allen*, 247 F.3d at 759; *Llera Plaza*, 179 F. Supp. 2d at 455-56; *Minerd*, 176 F. Supp. 2d at 433-34; *Frank*, 8 F.Supp.2d at 267; *Nguyen*, 928 F. Supp. at 1537-38; *Bradley*, 880 F. Supp. at 284.

Nevertheless, in support of his argument, the defendant cites *Hurst v. Florida,* 136 S. Ct. 616 (2016). *(Def.Mot.9)*[5] This reliance is curious, considering that *Hurst* does not involve the *Ex Post Facto* Clause. *Id*. at 622-23. The issue before the Court in *Hurst* was the constitutionality of Florida's capital sentencing scheme -- which called for the jury to "recommend" either death or life imprisonment, but allowed the trial judge to determine the defendant's sentence regardless of that recommendation. *Id*. The Court held that a defendant's right to an impartial jury included the right to have his eligibility for the death penalty determined by a jury's fact-finding, not a judge's. *Id*. Thus, the defendant's reliance on *Hurst* is inapt.

The use of non-statutory aggravating factors is not forbidden by the FDPA. Further, allowing the jury to hear evidence of non-statutory factors does not violate the Eighth Amendment. Finally, the presence of non-statutory aggravating factors in the Notice of Intent to Seek the Death Penalty does not violate the *ex post facto* clause.

---

[5] The defendant further relies on *United States v. Green*, 372 F. Supp. 2d 168, 174 (D. Mass. 2005) which also did not deal with the *Ex Post Facto* Clause. In *Green*, the district court held that certain non-statutory aggravating factors must be presented to the grand jury. *Id*. *Green*, however, is unpersuasive, as it conflicts with numerous Courts of Appeals, including the Seventh Circuit. *See United States v. Mikos*, 539 F.3d 706, 715 (7th Cir. 2008).

WHEREFORE, the United States respectfully requests that Defendant's Motion to "Strike All Non-Statutory Aggravating Factors in Their Entirety" be denied without a hearing.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
eugene.miller@usdoj.gov

s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-5891
bryan.freres@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants.

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
Washington, DC 20004
1331 F St. NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov