IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN,   ) | |
| ) | |
| Defendant.   ) | |

**THE UNITED STATES OF AMERICA'S CONSOLIDATED RESPONSE
TO THE DEFENDANT'S MOTIONS TO STRIKE ALL
<u>ALLEGED STATUTORY AGGRAVATING FACTORS</u>**

NOW COMES the United States of America, by John E. Childress, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby requests that this Court deny without a hearing the Defendant's Motion to Strike "Substantial Planning and Premeditation" (R.107), "Especially Heinous, Cruel, or Depraved Manner" (R.111), and "Death During the Commission of Another Crime" (R.112) as Statutory Aggravating Factors because each of the defendant's arguments is without legal merit.

<u>BACKGROUND</u>

A federal grand jury has charged the defendant, Brendt A. Christensen, with intentionally killing Yingying Zhang during the commission of a kidnapping, in an especially heinous, cruel, and depraved manner involving torture and serious physical abuse to Ms. Zhang, after substantial planning and premeditation. (R.26) The United

States later filed a Notice of Intent to Seek a Sentence of Death (NOI) for that offense, which specifically identified those same statutory aggravating factors listed in the superseding indictment:

1. Death during commission of another crime. The death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 1201 (kidnapping). (Title 18, United States Code, Section 3592(c)(1));

2. Heinous, cruel, or depraved manner of committing the offense. The defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Y.Z. (Title 18, United States Code, Section 3592(c)(6));

3. Substantial planning and premeditation. The defendant committed the offense after substantial planning and premeditation to cause the death of a person. (Title 18, United States Code, Section 3592(c)(9)).

(R.54)

The Federal Death Penalty Act ("FDPA") requires the jury during the penalty phase to first determine the defendant's eligibility for a death sentence and then select the appropriate sentence. *See Jones v. United States*, 527 U.S. 373, 376-79 (1999) (summarizing FDPA sentencing process); *United States v. Mikos*, 539 F.3d 706, 716 (7th Cir. 2008) (same). Among other things, the jury must find at least one of the statutory aggravating factors enumerated in 18 U.S.C. § 3592(c) and identified in the NOI to render the defendant eligible for a sentence of death. *Id.*; 18 U.S.C. § 3593(d). Therefore, if each of the defendant's requests to strike the statutory aggravating factors in the NOI is granted, he would not be eligible for a sentence of death.

If the jury determines that the defendant is eligible for the death penalty, it still must select the appropriate sentence. 18 U.S.C § 3593(d). In making this determination, the jury may again consider the expressly enumerated statutory aggravating factors. 18 U.S.C. § 3593(d). Thus, a defendant moving to strike these aggravating factors from the NOI faces formidable obstacles:

> [A]s envisioned by the FDPA, capital sentencing proceedings are not only wide-ranging; they are in important respects even-handed. Just as the defendant may introduce evidence on myriad mitigating factors, so the prosecution may try to prove an equally varied range of aggravating factors. Runyon, by contrast, seems to contemplate a more one-sided affair, with the defendant making his mitigation case more or less unfettered and the prosecution responding with but a narrow subset of the available aggravating evidence. Though we must uphold for capital defendants the procedural safeguards guaranteed them by the Constitution and the FDPA, we must also avoid constraining unduly the prosecution's ability to paint a complete picture of the defendant's crime and character, lest the jury be less than fully and amply informed.

*United States v. Runyon*, 707 F.3d 475, 492 (4th Cir. 2013) (citations omitted).

The defendant has filed multiple motions challenging the process established by Congress in the FDPA and affirmed by the courts. Specifically, here, the defendant requests this Court to strike the statutory aggravating factors found by the grand jury and listed in the NOI on the grounds that (1) the phrases "substantial planning and premeditation" and "especially heinous, cruel, or depraved manner" are unconstitutionally vague and overbroad (R.107,111); (2) there is insufficient evidence of "substantial planning and premeditation" (R.107); and (3) "death during the commission of another crime" as a statutory aggravating factor is unconstitutionally duplicative and

unfair. (R.112) Because each of these arguments is without merit, the defendant's motions must be denied.

## RESPONSE

I. **The Statutory Aggravating Factors Included by Congress in the Federal Death Penalty Act Are Not Constitutionally Vague or Overbroad.**

The test for whether a statutory aggravating factor is unconstitutionally vague is whether the factor "has a core meaning that juries should be capable of understanding." *Jones*, 527 U.S. at 400 (citing *Tuilaepa v. California*, 512 U.S. 967, 973 (1994)). The vagueness review is "quite deferential" because aggravating factors are "not susceptible of mathematical precision." *Tuilaepa*, 512 U.S. at 973; *see also Jones,* 527 U.S. at 400. As a result, the Seventh Circuit has rejected all vagueness challenges to the statutory aggravating factors listed in the FDPA:

> These . . . arguments against the statute have been made in this circuit, and in others, to no avail. . . . The vagueness argument has been made and rejected in *United States v. Webster*, 162 F.3d 308, 354 (5th Cir. 1998), among others. After *Jones v. United States*, 527 U.S. 373, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999), rejected a functionally identical vagueness challenge, there is no room for maneuver. We rely on these decisions and see no constitutional reason why Mikos cannot be sentenced to death for his premeditated murder of a witness.

*Mikos*, 539 F.3d at 714-15.

    A. **The NOI's allegation that the defendant kidnapped and caused the death of Yingying Zhang in an especially heinous, cruel, and depraved manner involving the torture and serious physical abuse of Ms. Zhang is not unconstitutionally vague or overbroad**.

The defendant claims that the statutory aggravating factor found in 18 U.S.C. § 3592(c)(6) that the victim was killed in an especially heinous, cruel, and depraved

4

manner involving the torture and serious physical abuse of the victim should be stricken because the law "is in total disarray." (R.111 at 9-10) The defendant's argument is overstated and without merit. In fact, this statutory factor was drafted as specifically recommended by the Supreme Court to avoid constitutional vagueness and overbreadth concerns.

Section 3592(c)(6) dictates that this aggravator applies only when a defendant inflicts torture or serious physical abuse upon his victim. In enacting this limitation, Congress specifically incorporated the Supreme Court's prior holding that no constitutional vagueness concerns would be present if the "especially heinous and cruel" language was limited to cases involving the "torture or serious physical abuse of the victim." *Maynard v. Cartwright*, 486 U.S. 356, 363-65 (1988). Later, in *Walton v. Arizona*, 497 U.S. 639, 654-55 (1990), *overruled on other grounds, Ring v. Arizona*, 536 U.S. 584 (2002), the Supreme Court reiterated its express approval in *Cartwright* of an aggravator that limits especially heinous or cruel murders to those involving some type of torture or physical abuse.

In light of this clear direction from the Supreme Court, federal courts have rejected all vagueness challenges to § 3592(c)(6) in particular because it expressly incorporates the requirements of torture and serious physical abuse which, in turn, sufficiently limits the jury's discretion. *See United States v. Mitchell,* 502 F.3d 931, 975-76 (9th Cir. 2007) ("Mitchell submits that the factor is unconstitutional, but this can't be so given that Congress defined what it meant by 'especially heinous, cruel or depraved' and the district court gave proper instructions on the meaning of 'torture or serious

5

physical abuse to the victim.'"); *United States v. Chanthadara*, 230 F.3d 1237, 1262-63 (10th Cir. 2000) (holding terms give commonsense core meaning and narrow the class); *see also United States v. Jones*, 132 F.3d 232, 249-50 (5th Cir. 1998), *aff'd Jones v. United States*, 527 U.S. 373 (1999); *United States v. Webster*, 162 F.3d 308, 354 (5th Cir. 1998); *United States v. Con-Ui*, 2016 WL 9331115, at *15 (M.D. Pa. Jan. 28, 2016); *United States v. Hammer*, 25 F. Supp. 2d 518, 540-41 (M.D. Pa. 1998); *United States v. Frank*, 8 F. Supp. 2d 253, 277-78 (S.D.N.Y 1998); *United States v. Nguyen*, 928 F. Supp. 1525, 1533-34 (D. Kan. 1996).

Courts that have considered similar challenges to the identically worded aggravating factor in continuing criminal enterprise cases, 21 U.S.C. § 848(n)(12), have also unanimously upheld its constitutionality. *See United States v. Bradley*, 880 F. Supp. 271, 289 (M.D. Pa. 1994); *United States v. Pitera*, 795 F. Supp. 546, 558 (E.D.N.Y. 1992); *United States v. Pretlow*, 779 F. Supp. 758, 773 (D.N.J. 1991); *United States v. Cooper*, 754 F. Supp. 617, 623 (N.D. Ill. 1990).

In addition to his meritless argument that Section 3592(c)(6) is unconstitutionally vague, the defendant appears to argue that it is overbroad because it includes physical abuse or mutilation of a victim after death.[1] (R.111 at 5-7) First of all, this argument is insufficient on its face to strike the Section 3592(c)(6) aggravator in its entirety because the United States intends to present evidence of torture and serious physical abuse to the victim that occurred *prior* to death. Second, like the defendant's vagueness challenge, his

---

[1] To the extent that the defendant is merely arguing that such evidence should not be admissible under the FDPA, such an evidentiary argument does not support a constitutional challenge to strike the statutory aggravator itself.

6

claim that Section 3592(c)(6) is overbroad if it includes physical abuse of a victim after death has been rejected by the courts. *See Mitchell*, 502 F.3d at 976 ("There is no question that post-mortem mutilation may constitutionally be considered as an aggravating factor in death sentence determinations. This is so even when the mutilation occurs the next day and is done to conceal evidence; such a factor plainly narrows the class of those eligible for the death penalty and rationally identifies those who are more blameworthy on account of their depravity or cold-bloodedness."); *United States v. Hall*, 152 F.3d 381, 414 (5th Cir. 1998), *abrogated on other grounds in United States v. Martinez-Salazar*, 120 S. Ct. 774 (2000) (holding that Section 3592(c)(6) is not unconstitutionally overbroad and permits jury to consider conduct that occurred after victim loses consciousness because it shows defendant relished the killing); *see also United States v. Brown*, 441 F.3d 1330, 1362–63 (11th Cir. 2006) (noting the "heinous, cruel, or depraved" aggravating circumstance is not limited to abuse inflicted while the victim was alive); *Chanthadara*, 230 F.3d at 1261–62 (no error in permitting jury to consider physical abuse after loss of consciousness or death); *United States v. McCluskey*, 2013 WL 12329344, at *17 (D.N.M. Oct. 7, 2013) ("a rational jury could infer from the post-mortem burning of the Haases' bodies that McCluskey exhibited cold-bloodedness and depravity").

Every single court to consider this issue, beginning with the Supreme Court in *Cartwright*, has held that Section 3592(c)(6) passes constitutional muster as written. Thus, the defendant's statement that the law is in "total disarray" regarding this statutory aggravating factor is misleading at best. The defendant's motion to prevent the jury from considering whether his conduct was especially cruel, heinous, and depraved because it

7

involved torture and serious physical abuse to Yingying Zhang is contrary to settled law and must be denied.

> **B.      The NOI's allegation that the defendant kidnapped and caused the death of Yingying Zhang after substantial planning and premeditation to cause the death of a person is not unconstitutionally vague or overbroad**.

The defendant also claims that the statutory aggravating factor found in 18 U.S.C. § 3592(c)(9) that the defendant kidnapped and caused the death of Yingying Zhang after substantial planning and premeditation should be stricken as unconstitutionally vague and overbroad. (R.107 at 1-10) Once again, the defendant's argument is without merit. Every court to consider this issue has held that this particular statutory aggravating factor is not unconstitutionally vague or overbroad.

While the Seventh Circuit has not directly addressed a vagueness challenge to Section 3592(c)(9), it has affirmed a death sentence based on this statutory aggravator. *See Mikos*, 539 F.3d 706, 716, 720 (7th Cir. 2008) (noting FDPA explicitly allows the jury to consider that death was result of substantial planning and premeditation under § 3592(c)(9)). Moreover, every district court in this Circuit to address a vagueness challenge to Section 3592(c)(9) has rejected it. *United States v. Briseno*, 2015 WL 163526, at *9 (N.D. Ind. Jan. 12, 2015) (holding that the term "substantial planning" is not too vague for juries to understand and apply through the lens of their everyday experience); *United States v. Taylor*, 316 F. Supp. 2d 730, 738 (N.D. Ind. 2004) (finding that the "substantial planning and premeditation" statutory aggravating factor does not lack a common sense core of meaning nor involve confusing or vague terms); *United States v. Mikos*, 2003 WL 22110948, at *20-21 (N.D. Ill. Sept. 11, 2003) (holding that the FDPA, including the

substantial planning and premeditation aggravator, has successfully narrowed the class of persons eligible for the imposition of the death penalty).

Importantly, other circuits have uniformly held that use of the phrase "substantial planning and premeditation is not unconstitutionally vague. *See, e.g., United States v. Bourgeois*, 423 F.3d 501, 511 (5th Cir. 2005) (rejecting vagueness challenge because the substantial planning and premeditation aggravating factor "obviously narrow[s] the class of murderers who could be eligible for the death penalty because not every murder involves substantial planning or premeditation"); *United States v. McCullah*, 76 F.3d 1087, 1110 (10th Cir. 1996) ("Mr. McCullah argues that the word "substantial" is inherently ambiguous and vague. We disagree. In the context in which it appears, the term clearly has a commonsense meaning . . .); *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir. 1996) (holding that phrase "substantial planning or premeditation" under 21 U.S.C. § 848(n)(8) was not unconstitutionally vague); *see also United States v. Barnette*, 390 F.3d 775, 786 (4th Cir. 2004) (finding that "substantial planning and premeditation," as included in the statutory aggravating factor of § 3592(c)(9) is capable of understanding), *vacated on other grounds*, 546 U.S. 803 (2005).

The defendant's argument has fared no better in the district courts outside this Circuit. *See, e.g., United States v. Bin Laden*, 126 F. Supp. 2d 290, 297 n.7 (S.D.N.Y. 2001) (collecting cases finding that statutory factor of "substantial planning and premeditation" is not unconstitutionally vague and "no need to engage in a reiteration simply for the sake of doing so"); *United States v. McVeigh*, 944 F. Supp. 1478, 1490 (D.

9

Colo. 1996) ("substantial is one of those everyday words having a common sense core meaning that jurors will be able to understand").

No court has adopted the defendant's argument that Section 3592(c)(9) is unconstitutionally vague. In fact, a jury is quite capable of understanding the phrase "substantial planning and premeditation." The defendant's motion to prevent the jury from considering whether he committed the offense after substantial planning and premeditation to cause the death of another person should be denied.

II. **The Defendant's Challenge to the Sufficiency of the Evidence to Establish the Statutory Aggravating Factor of Substantial Planning and Premeditation to Cause the Death of Another Person Is Premature.**

The defendant further argues that the United States "cannot, even as a preliminary matter, meet the burden of proof to substantiate the aggravating factor" of substantial planning and premeditation to cause the death of another person. (R.107 at 10-15) The defendant makes this representation despite being provided with extensive Rule 16 discovery, and even government work-product, concerning this aggravating factor. Obviously, both the United States and the federal grand jury that found sufficient evidence to include this aggravating factor in the superseding indictment disagree with the defendant's claim as a factual matter. Factual disputes on the sufficiency of evidence, however, are not to be settled by the Court through pretrial motions; they are to be determined by the jury during the trial or by a court after the trial:

> Turning to Defendants' argument that there is a lack of evidence to support the application of the "substantial planning and premeditation" factor, the Court finds, once again, that Defendants' challenge is premature. Instead, a determination as to whether this factor can be

10

properly applied to either Defendant must await factual development at trial.

*Taylor*, 316 F. Supp. 2d at 738.

Applying this principle, numerous district courts in capital cases have refused to hold a pretrial hearing on the sufficiency of the evidence in support of aggravating factors because it is unnecessary and the court is in a much better position to evaluate the relevance and probative value of evidence after the guilt phase of the trial. *See, e.g., United States v. Johnson*, 915 F. Supp. 2d 958, 989 (N.D. Iowa 2013) (refusing to hold pretrial hearing because "[a]s a general matter, pretrial preview of the evidence supporting aggravating factors is ordinarily unnecessary"), *vacated in part on other grounds*, 764 F.3d 937 (8th Cir. 2014); *United States v. Solomon*, 513 F. Supp. 2d 520, 539 (W.D. Pa. 2007) (denying request for a pre-trial evidentiary hearing to rule on the sufficiency of the evidence to support aggravating factors as unnecessary); *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 469 (E.D. Pa. 2001) (refusing to hold pre-trial evidentiary hearing on evidence government intends to introduce at sentencing phase prior to the guilt phase of the trial); *Frank*, 8 F. Supp. 2d at 279 ("it is unnecessary to hold a pre-trial hearing on the sufficiency of the evidence to support the statutory aggravating factors"); *see also United States v. Madison*, 2018 WL 4907698, at *3 (M.D. Fla. Oct. 10, 2018) (denying pretrial "as-applied" challenge to federal kidnapping statute because "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. So, to the extent Defendant raises a proof issue at this point, the motion fails. If Defendant contends that the evidence

presented at trial does not support the elements of the kidnapping offense, he can file a motion for acquittal under Rule 29.") (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004)).

The premature nature of the defendant's argument is demonstrated by his attempt to compare this case to the district court decision in *United States v. Roman*, 371 F. Supp. 2d 36, 46-47 (D.P.R. 2005) (finding trial evidence insufficient to establish substantial planning and premeditation), and distinguish it from the circuit court decision in *United States v. Barnette*, 390 F.2d 775, 802-03 (4th Cir. 2004) (finding that jury had ample evidence to conclude defendant used substantial planning and premeditation). The court's analysis in each case could be, and was, made only *after* the United States presented evidence of planning and premeditation to the jury during the trial.

The defendant's requested relief is for the Court to strike the "substantial planning and premeditation" aggravating factor from the NOI based on insufficient evidence. Until this evidence is presented during the trial, however, the Court is in no position to evaluate the sufficiency of that evidence. The grand jury found sufficient evidence to allege this aggravating factor in the superseding indictment, and the United States has alleged in the NOI that it has sufficient evidence of substantial planning and premeditation. The United States asserts that it has already provided evidence of the allegation to the defendant. The defendant is free to contest this allegation at trial; as of now, however, the defendant's motion to strike this statutory aggravator based on the sufficiency of the evidence is premature.

### III. The Statutory Aggravating Factor that the Defendant Caused Yingying Zhang's Death During the Commission of Another Crime Is Not Unconstitutionally Duplicative and Unfair.

Finally, the defendant argues that Congress violated the Constitution when it included as a statutory aggravating factor that the death occurred during the commission of another crime because it is unconstitutionally duplicative[2] and unfairly skews the weighing of the factors. (R.112) The defendant's argument is foreclosed by United States Supreme Court precedent that has repeatedly been applied to find Section 3592(c)(1) of the FDPA constitutional.

The Supreme Court has held that the Eighth Amendment does not prohibit the use of an aggravating factor during the sentencing phase that duplicates one or more elements of the offense of the crime found at the guilt phase. *Lowenfield v. Phelps*, 484 U.S. 231, 246 (1988). While the defendant claims in his motion that *Lowenfield* does not apply to the FDPA, the federal circuit courts have rejected this argument. *See, e.g., United States v. Higgs*, 353 F.3d 281, 315 (4th Cir. 2003) (citing *Lowenfield* for proposition that the government could present aggravating factor that killing occurred during the commission of a kidnapping where one of substantive offenses was kidnapping that

---

[2] It is an important distinction that the defendant is arguing that this factor is unconstitutionally duplicative because it allegedly duplicates elements of the offense, not because it is duplicative of another aggravating factor. While the Supreme Court has never accepted this latter argument, *see Jones*, 527 U.S. at 398 ("We have never before held that aggravating factors could be duplicative so as to render them constitutionally invalid."), and the Eighth and Fifth Circuits have rejected it, *see United States v. Bolden*, 545 F.3d 609, 625 (8th Cir. 2008); *United States v. Purkey*, 428 F.3d 738, 762 (8th Cir. 2005); *United States v. Robinson*, 367 F.3d 278, 293 (5th Cir. 2004), other circuits have entertained it. *See United States v. Tipton*, 90 F.3d 861, 900 (4th Cir. 1996); *Allen v. Woodford*, 395 F.3d 979, 1012-13 (9th Cir. 2005); *McCullah*, 76 F.3d at 1111-12.

resulted in death); *Marshall v. Hendricks*, 307 F.3d 36, 83 (3d Cir. 2002) (holding that after *Lowenfield*, it is permissible for an aggravating factor to duplicate elements of the offense); *Hall*, 152 F.3d at 416-17 (upholding submission of § 3592(c)(1) statutory factor in prosecution for kidnapping resulting in death); *Jones*, 132 F.3d at 249 (rejecting defendant's contention that a statutory aggravating factor providing that the defendant caused the death of the victim during the commission of a kidnapping failed to genuinely narrow the class of persons eligible for the death penalty); *Tipton*, 90 F.3d at 898 n. 19 (holding that *Lowenfield* forecloses impermissible duplication claims). Indeed, the Supreme Court itself has explained that "[t]he aggravating circumstance may be contained in the definition of the crime or in a separate sentencing factor (or in both)." *Tuilaepa*, 512 U.S. at 972.

As a district court in this Circuit has held, "The Supreme Court's decision in *Lowenfield* forecloses the Defendant's duplication argument, by holding that it is permissible for an aggravating factor to duplicate an element of the offense." *United States v. Brown*, 2008 WL 4965152, at *6 (S.D. Ind. Nov. 18, 2008) (citation omitted). Numerous other district courts, including one in the last week, have likewise found it is permissible for an aggravating factor to duplicate one or more elements of the charged offense. *See, e.g., United States v. Madison*, 2018 WL 4907698, at *8 (M.D. Fla. Oct. 10, 2018) (rejecting argument that aggravating factor of causing death during kidnapping was unconstitutionally duplicative, even though it was sole aggravating factor and repeated the elements of the crime); *United States v. Andrews*, 2015 WL 1191146, at *6 (N.D. W.Va. Mar. 16, 2015) (refusing to strike Section 3592(c)(1) factor as duplicative); *United States v.*

*Montgomery*, 10 F. Supp. 3d 801, 837 (W.D. Tenn. 2014) (same); *United States v. Williams*, 2013 WL 1335599, at *38 (M.D. Pa. Mar. 29, 2013) (same); *United States v. O'Reilly*, 545 F. Supp. 2d 630, 634 (E.D. Mich. 2008) "it is constitutional to allow the jury to `weigh' non-statutory aggravating factors that may duplicate offense elements"); *United States v. Duncan*, 2008 WL 711603, *3 (D. Idaho Mar. 14, 2008) (upholding submission of § 3592(c)(1) statutory factor in prosecution for kidnapping resulting in death); *United States v. Diaz*, 2007 WL 656831, *16 (N.D. Cal. Feb. 28, 2007) (rejecting claim that several non-statutory aggravating factors duplicated charges in the indictment); *United States v. Lecco*, 2007 WL 1074775, at *5 (S.D. W.Va. Apr. 5, 2007) (holding that "the existing authorities also counsel in favor of rejecting defendants'" argument that aggravating factor was duplicative of offense); *United States v. Mayhew*, 380 F.Supp.2d 936, 947 (S.D. Ohio 2005) (finding that the indictment was not duplicative of a statutory aggravating factor because "the sentencing jury will only consider the underlying crime one time during the trial phase and one time during [the] sentencing phase"); *Frank*, 8 F.Supp.2d at 276–77 ("Once the penalty phase has begun, the jury is asked to consider only once the fact that the murder occurred in the course of the commission of another crime. That the jury may find it relatively easy, based on its guilty verdict, to find the existence of this factor does not unfairly tip the scales toward death.").

Nonetheless, the defendant asks this Court to follow two cases that predate the overwhelming authority cited, *supra,* and that misapplied *Lowenfield*, namely, *United States v. Kaczynski*, 1997 WL 716487 (E.D. Calif. 1997), and *United States v. McVeigh*, 944 F. Supp. 1478, 1489-90 (D. Colo. 1996). "The reasoning of these cases, however, has been

15

roundly criticized; there is no double counting or skewed weighing because the elements of the substantive offenses are not weighed along with aggravating factors under the FDPA." *McCluskey*, 2013 WL 12329344, at *21. As numerous circuit and district courts have held, the Supreme Court foreclosed the defendant's duplication and unfair skewing argument in *Lowenfield*. Therefore, the defendant's motion to prevent the jury from considering whether he caused Yingying Zhang's death during the commission of another crime should be denied.

WHEREFORE, the United States of America respectfully requests that this Court deny, without a hearing, the Defendant's Motions to Strike "Substantial Planning and Premeditation" (R.107), "Especially Heinous, Cruel, or Depraved Manner" (R.111), and "Death During the Commission of Another Crime" (R.112) as aggravating factors in the Notice of Intent to Seek a Sentence of Death.

Respectfully submitted,

JOHN E. CHILDRESS
UNITED STATES ATTORNEY

| | |
|---|---|
| s/ Eugene L. Miller | s/ James B. Nelson |
| Eugene L. Miller, Bar No. IL 6209521 | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone:  217/373-5875 | Washington, DC 20004 |
| Fax:  217-373-5891 | 1331 F St. NW, Room 625 |
| eugene.miller@usdoj.gov | Washington, DC 20004 |
| | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |
| s/ Bryan D. Freres | |
| Bryan D. Freres | |
| Assistant United States Attorney | |
| 201 S. Vine St., Suite 226 | |
| Urbana, IL 61802 | |
| Phone:  217/373-5875 | |
| Fax:  217-373-5891 | |
| bryan.freres@usdoj.gov | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all CM/ECF participants.

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov
