UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-20037-JES-JEH |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

Now before the Court is Defendant Brendt A. Christensen's Motion (Doc. 121) for a Bill of Particulars. The United States has filed a Response (Doc. 128). The Court determines that no hearing or Reply on this Motion is necessary. For the reasons set forth below, Defendant's Motion (Doc. 121) is DENIED.

### BACKGROUND

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Y.Z., a female Chinese citizen, in violation of 18 U.S.C. § 1201(a)(1). Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois. *See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment charged Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and with making false statements to FBI agents investigating Y.Z.'s disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding Indictment returned by the grand jury also included a notice of special findings regarding the nature of the offense charged in Count 1, including that the death of the victim was intentional, that it occurred during the commission of kidnapping, that it was committed in an especially heinous, cruel, or depraved

1

manner, and that Defendant committed the offense after substantial planning and premeditation. *Id*. The special findings alleged in the Superseding Indictment made the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq.* On January 19, 2018, the United States filed its Notice of Intent to Seek a Sentence of Death ("NOI"). Doc. 54; *see also* 18 U.S.C. §3593(a).

On May 18, 2018, the United States sent defense counsel a letter that laid out a general outline of the categories of evidence it would use to support the aggravating factors in the NOI. Doc. 82, at 28. Defendant moved to compel discovery on July 13, 2018, seeking further detail about the specific evidence the United States would use in support of the aggravating factors regarding the death penalty. Doc. 82. This Court denied that Motion on August 15, 2018, stating "the information provided in the letter, in the court's opinion, disclosed a reasonably detailed outline, a preview, of the evidence it intends to introduce in support of each of the listed aggravating factors. Moreover, this outline is certainly beyond what is required under the FDPA as held by the Circuit Courts of Appeal." Doc. 91, at 22.

On August 24, 2018, Defendant filed a Motion for a Bill of Particulars. Doc. 121. Defendant requested that this Court order the United States to:

> Identify the time, date and method of usage (phone call, text message, instant messaging, internet) of defendant's Motorola phone that is referenced in Count One of the Superseding Indictment.
>
> Identify the particulars relating to how, when and where Mr. Christensen allegedly "demonstrated his lack of remorse," as alleged in the NOI (Doc. 54).
>
> Identify the "other serious acts of violence," referenced at III-2, p. 3 of the NOI.
>
> Identify when, where, to whom, and the circumstances under which Mr. Christensen allegedly "expressed [a] desire to be known as a serial killer," as referenced at III-2, p. 3 of the NOI.
>
> Identify the particulars of any "claims of additional victims," as referenced at III-2, p. 3 of the NOI, including dates of such claims, to whom the claim was made, identity of the alleged victim[s], and date and location of the alleged offense[s].

> Identify the particulars of how Mr. Christensen allegedly "sanitized the crime scene," as alleged at III-6, p. 4, of the NOI.
>
> Identify any other acts or statements of Mr. Christensen referenced by the language "at least" in III-2 (alleging future dangerousness) and III-6 (obstruction of justice).

In turn, the United States has responded that the information contained in the Superseding Indictment, together with the information already provided to Defendant through discovery, provides sufficient notice for Defendant to prepare his defense. In keeping with the Court's prior order, a bill of particulars is unnecessary due to the extensive information already provided to Defendant. The Motion for a Bill of Particulars is thus DENIED.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits defendants to move for a bill of particulars, which courts may grant in their discretion. In deciding such motions, courts consider whether the information already available to defendants allows them to adequately prepare their cases, avoid surprise at trial, and avoid a later risk of double jeopardy. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978); *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). A bill of particulars is not necessary where the information sought is available through another avenue, such as discovery. *Blanchard*, 542 F.3d at 1140 (citing *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003)). Notably, "the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Blanchard*, 542 F.3d at 1141.

## DISCUSSION

Defendant has essentially moved for the United States to disclose the specific evidentiary details of its case. Although it was not required to, the United States has provided significant

discovery materials to defense counsel, including attorney work product such as a color-coded chart that lists Defendant's cellular phone usage of note in this case. The United States has also already provided an outline of the evidence it intends to use in support of the aggravating factors regarding the death penalty, and this Court has already stated that forcing them to produce information beyond that "would be requiring the government to preview its trial strategy and evidence presentation for Defendant." Doc. 91, at 11.

The information contained in the Superseding Indictment, together with information the government has voluntarily produced for defense counsel, suffices to apprise Defendant of the charges against him and enable him to adequately prepare for trial. *See Blanchard,* 542 F.3d at 1140. As this Court previously stated, all Circuits that have addressed the issue of required disclosures regarding NOIs have determined that Defendants are not entitled to notice of the specific evidence that will be used to support the aggravating factors. *See* Doc. 91, at 17–18; *United States v. Battle*, 173 F.3d 1343 (11th Cir. 1999); *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001); *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003). The United States' disclosure of the general kinds of evidence it would use to support the aggravating factors has already exceeded the requirements under the FDPA, and this Court declines to impose any additional disclosures pursuant to this Motion.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 121) is DENIED.

Signed on this 15th day of November, 2018.

/s James E. Shadid
James E. Shadid
Chief United States District Judge