UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

RENEWED MOTION TO COMPEL DISCOVERY
OF VICTIM IMPACT EVIDENCE

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his

attorneys, and for his Renewed Motion to Compel Discovery of Victim Impact Evidence

states as follows:

I.      **Procedural History**

On July 12, 2017, Defendant BRENDT A. CHRISTENSEN was charged by

Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13.) A

Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping

resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false

statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also

contained a Notice of Special Findings listing four gateway intent factors under 18

U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c):

that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1));

1

that the defendant committed the offense in an especially heinous, cruel or depraved

manner (Section 3592(c)(6)); and that the defendant committed the offense after

substantial planning and premeditation (Section 3592(c)(9)). (R. 26.)

Count 1 of the Superseding Indictment was a death-eligible charge, and on

January 19, 2018, the government filed its Notice of Intent to seek the death penalty

(NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory

aggravating factors contained in the Superseding Indictment and added six non-

statutory aggravating factors: victim impact evidence, future dangerousness, lack of

remorse, other serious acts of violence, vulnerable victim, and obstruction of justice. (R.

54.)

In a Scheduling Order issued on February 14, 2018, the Court directed the

government to disclose its "expected evidence in support of aggravating factors" by

May 18, 2018. (R. 67 at 1.) With regard to victim impact evidence, in a letter sent on

May 18, 2018, the government stated:

> Accordingly, the Government expects to present victim-impact
> evidence as follows:
>
> A.  Photographs, video, journals, essays, or other
>     documentation detailing Y.Z.'s life in China, her
>     matriculation to the University of Illinois, and her plans for
>     the future.
>
> B.  Testimony from family members and friends of Y.Z.
>
> C.  Christensen's admissions as to victim impact.

(footnote omitted).

In a second letter sent on July 11, 2018, the government added that it intends to present evidence regarding personal characteristic of Y.Z. that "include, but are not limited to, the victim's personality, character, work ethic, educational background, future plans, gender, race, national origin, immigration status, physical stature and appearance, marital status, family of origin, economic status, English as a second language, cultural experiences, and relationships with family, friends, colleagues, other students, and faculty."

On July 13, 2018, Mr. Christensen filed a Motion to Compel Discovery in which he asked the Court to direct the government to disclose, *inter alia*, additional evidence regarding the evidence it expects to present in support of its aggravating factors, including victim impact evidence. (R. 82 at 12-18.) In the Motion, Mr. Christensen did not address victim impact evidence individually, but rather asserted the due process requirement that he receive sufficient notice of all aggravating evidence in order to enable him to adequately respond and prepare his case in rebuttal. *Id.* at 15.

The government filed a Response in opposition to the Motion on July 27, 2018, (R. 84), and Mr. Christensen filed a Reply on August 3, 2018, (R. 86). In an Order issued on August 15, 2018, the Court denied the Motion to Compel in its entirety. (R. 91.) With respect to the request for evidence supporting aggravating factors, the Court relied principally upon four decisions from three circuit courts of appeal, none of which involved a victim impact aggravator. (R. 91 at 17-19, 21) (citing *United States v. Battle*, 173 F.3d 1343 (11th Cir. 1999); *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001); *United*

*States v. Higgs*, 353 F.3d 281 (4th Cir. 2003); *United States v. LeCroy*, 441 F.3d 914 (11th Cir. 2006)). The Court's Order denying the Motion also relied upon two district court opinions that in fact granted the defendants' requests for detailed information regarding victim impact evidence. *Id.* at 20 (citing *United States v. Gooch*, 2006 WL 3780781 (D.D.C.); *United States v. Solomon*, 513 F. Supp. 2d 520 (W.D. Pa. 2007)).

Because the need for pretrial disclosure of victim impact evidence is particularly acute, especially in light of the government's response to his Motion to Strike Non-Statutory Aggravating Factor of Victim Impact Evidence, (R. 150 at 14-16), Mr. Christensen respectfully renews this portion of his previous Motion.

## II.    The Court Should Order the Government to Provide a Detailed Outline of the Victim Impact Evidence it Intends to Present

Victim impact evidence is arguably in a class of its own when it comes to the universe of potentially aggravating evidence. As noted in Mr. Christensen's Motion to Strike Non-Statutory Aggravating Factor of Victim Impact Evidence, (R. 106 at 12), such evidence has unique power to touch jurors and sway them towards voting for death. *See United States v. Johnson*, 362 F. Supp. 2d 1043, 1107 (N.D. Iowa 2005) (noting that victim impact testimony "was the most forceful, emotionally powerful, and emotionally draining evidence that I have heard in any kind of proceeding in any case, civil or criminal, in my entire career as a practicing trial attorney and federal judge spanning nearly 30 years . . . It has now been over four months since I heard this testimony . . . and the jurors' sobbing during the victim impact testimony still rings in my ears"). *See, also, United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Col. 1996) (noting that victim

impact evidence is "the most problematical of all of the aggravating factors and may present the greatest difficulty in determining the nature and scope of the information to be considered").

Additionally, in contrast to many other types of potentially aggravating evidence, the Supreme Court has imposed strict limits on the amount and type of victim impact evidence that may be presented at the penalty phase of a capital trial. As is also set forth in Mr. Christensen's Motion to Strike, (R. 106 at 7-9), while the Court in *Payne v. Tennessee*, 501 U.S. 808 (1991), overruled the Eighth Amendment's *per se* bar to victim impact evidence, it left in place several significant restrictions upon the type of evidence that may be presented.

The opinion in *Payne* permitted the introduction of victim impact evidence in the form of "evidence relating to the personal characteristics of the victim and the emotional impact of the crimes on the victim's family." *Id.* at 817; *see also Bosse v. Oklahoma*, 137 S. Ct. 1 (2016) (per curiam). It did not open the door to unlimited amounts of such evidence; rather, it approved the presentation of "a glimpse of the life" of the victim. *Payne*, 501 U.S. at 822; *see also id.* at 830 (O'Connor, J., concurring) (a state may decide that the jury should see "a quick glimpse" of victim's life). The opinion left intact the prohibition on the admission of "characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence." *Bosse*, 137 S. Ct. at 2. The decision also maintained the limitation of permissible evidence to the impact on the victim's "family." *Payne*, 482 U.S. at 817; *see also* 18 U.S.C. §

3593(a)(2); *United States v. Fields*, 516 F. 3d 923, 946-47 (10th Cir. 2008) (holding that

victim impact evidence should have been limited to the victim's family and it was error

to permit testimony regarding co-workers)

　　*Payne* also in no way abrogated the well-settled principle that the admission of

any evidence, including victim impact evidence, that is "so unduly prejudicial that it

renders the trial fundamentally unfair," violates the Due Process Clause. *Id.*at 825; *see*

*also id*. at 836 (Souter, J., concurring) (noting that "[e]vidence about the victim and

survivors, and of course any jury argument predicated on it, can of course be so

inflammatory as to risk a verdict impermissibly based on passion, not deliberation," in

violation of due process); 18 U.S.C. § 3593(c) (evidence may be excluded from penalty

phase proceeding "if its probative value is outweighed by the danger of creating unfair

prejudice, confusing the issues, or misleading the jury"). Victim impact evidence must

also be relevant and not consist of "a 'mere emotional plea,'" unrelated to the impact of

the crime on the victims or their families. *United States v. Sampson,* 335 F. Supp. 2d 166

(D. Mass. 2004) (citing *Hain v. Gibson*, 287 F.3d 1224, 1237-38 (10th Cir. 2002)).

　　As the foregoing quote from *Johnson* makes clear, once heard, it is virtually

impossible for a listener to forget such evidence. It is therefore critical that proposed

victim impact testimony be carefully scrutinized ahead of time, to enable the Court to

perform its statutory duty to determine whether the probative value of the evidence is

outweighed by the potential for unfair prejudice, 18 U.S.C. § 3593(c), and to decrease the

possibility of something inadmissible and inflammatory being blurted out in front of

the jury. Contrary to the government's claim in its Response to the Motion to Strike, (R. 150 at 15-16), courts have indeed reversed death sentences where improper victim testimony was presented. *See., e.g., Ex parte Washington*, 106 So. 2d 441, 445-48 (Ala. 2011) (vacating death sentence based on improper victim impact evidence where family witnesses testified that crime was "brutal, evil, terrible," that defendant was "someone without a conscience," and death was the appropriate punishment"); *Smith v. State*, 246 So .3d 1086, 1114-16 (Ala. 2017) (vacating death sentence where family witnesses testified, *inter alia*, that in their opinion crime was not an accident, victim had suffered, defendant was not thinking about his terrible childhood when he committed crime and if you murder, you must be executed); *People v. Hope*, 702 N.E.2d 1282, 1289 (Il. 1998) (vacating death sentence where victim impact evidence included testimony from relatives of prior crimes). The required screening cannot be achieved without pretrial disclosure by the government of the evidence it seeks to present.

In recognition of the considerations outlined above, district courts have routinely exercised their inherent authority to direct the government to provide the defense pretrial with detailed information regarding the scope of its proposed victim impact evidence. *See United States v. Wilson*, 493 F. Supp. 2d 364, 378 (E.D.N.Y. 2006) (granting defendant's motion and directing government to provide "specifics on the nature, extent, and scope of the harm suffered by the victim's family members"); *United States v. Cooper*, 91 F. Supp. 2d 90, 111 (D.D.C. 2000) (directing government to provide "more specific information concerning the extent and scope of the injuries and loss suffered by

each victim, his or her family members, and other relevant individuals, and as to each victim's personal characteristics that the government intends to prove"); *United States v. Con-Ui*, No. 13-cr-123 (M.D. Pa. January 28, 1016) (directing government to "provide to Defendant an informational outline with regard to the 'victim impact' factor containing: (1) a list of the personal characteristic of the victim . . . that it intends to prove; (2) whether the Government intends to present testimony of any individuals who are not identified by name in the notice; (3) the particularized categories of injury, harm, and loss that it intends to present during the penalty phase; and (4) any other pertinent information Defendant would need to adequately prepare responses during the penalty phase."); *United States v. Glover*, 43 F. Supp.2d 1217, 1225 (D. Kan. 1999) (finding that defendant entitled to greater specificity regarding victim impact evidence, including "which members of the family have suffered, the nature of their suffering, and the nature of their permanent harm" including "whether members of the family sought counseling or other medical treatment, such as hospitalization, and whether and to what extent the members of the family suffered financial harm"); *United States v. Taylor*, 316 F. Supp. 2d 730, 743 (N.D. Ind. 2004) (directing government to file detailed notice of its evidence, including "who will offer victim impact evidence, the relation the witness is to the victim, the form of testimony (i.e., written or oral statement) and a summary of the anticipated testimony"); *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 473-74 (E.D. Pa. 2001) (directing government to submit summary of its proposed victim impact evidence); *United States v. Savage*, No. 07-550-03 (E.D. Pa. filed May 10, 2013) (directing

government to disclose "all victim impact statements, or, in the alternative, an outline of the evidence it intends to present with respect to each victim witness"); *United States v. Solomon*, 513 F. Supp. 2d 520, 535 (W. D. Pa. 2007) (ordering government to "outline the type and scope of the 'devastating effect' suffered by each victim, his or her family members, and other individuals as relevant, and the 'personal characteristics' of each victim"); *United States v. Gooch*, No. 1:04-cr-128-RMC (D.D.C. Dec. 20, 2006 at 45-46 (same).

The necessity for specific disclosure of victim impact evidence recognized in the above-cited cases is especially acute in this case because the government's Response to Mr. Christensen's Motion to Strike reveals a disturbingly cavalier attitude towards its obligation to ensure that Mr. Christensen's rights are properly protected in this important respect and that he receives a fair trial. In the Motion to Strike, Mr. Christensen pointed out that the government's written communications indicate that it seeks to introduce evidence that is significantly more extensive than the "quick glimpse" of her life that is permitted under the Eighth Amendment and the Due Process Clause. (R. 106 at 10 n.1.) In its Notice of Intent to Seek the Death Penalty the government asserts that it intends to present evidence of the impact of Zhang's death not only on her family but also on her "friends and co-workers." (R. 54 at 3). In its letter of May 18, 2018, the government also asserts an intent to present "photographs, video, journals, essays, or other documentation detailing Y.Z.'s life in China, her matriculation to the University of Illinois, and her plans for the future."

In its July 11, 2018, letter the government adds Y.Z.'s person characteristics, "including, but not limited to, the victim's personality, character, work ethic, educational background, future plans, gender, race, national origin, immigration status, physical stature and appearance, marital status, family of origin, economic status, English as a second language, cultural experiences, and relationships with family, friends, colleagues, other students, and faculty." At a minimum, as Mr. Christensen pointed out in his Motion to Strike, (R. 106 at 10 n.1), urging the jury to vote for a death sentence based upon Y.Z.'s gender, race and national origin would violate the express statutory directive that the jury be instructed that, in considering whether a sentence of death is justified, "it shall not consider the race, color, religious beliefs, national origin, or sex" of the victim. 18 U.S.C. § 3593(f).

In response to these points, at least the latter of which is inarguably correct, the government merely stated that (1) no court has reversed a conviction on grounds of improper victim impact evidence which, as noted above, is incorrect, and (2) that its evidence "lies well-within the heartland of victim impact evidence approved by the Supreme Court." (R. 150 at 16.) If the government fails to recognize that asking for a death sentence based on the victim's gender, race and national origin is impermissible, its conclusion that its evidence, known only to itself, is similarly within constitutional bounds cannot and should not be trusted.

Accordingly, in order to enable defense counsel to assess the government's proposed evidence for admissibility and to prepare a meaningful motion *in limine* to

exclude any items that they believe to exceed constitutional and statutory bounds , and for the Court to perform its gatekeeping function under 18 U.S.C. § 3593(c) and the Constitution, the Court should direct the government to provide defense counsel with an outline of its proposed victim impact evidence to include:

(a)     The name of each witness who will offer victim impact testimony;

(b)     The nature and length of the witness's relationship with the victim;

(c)     A summary of each witness's anticipated testimony, including particularized categories of injury, harm and loss;

(d)     The form in which the witness's testimony will be presented;

(e)     A list of the admissible personal characteristics of the victim about which the government seeks to present evidence; and

(f)     A list of all proposed exhibits, including the particular photographs, video recordings, journals, and essays that the government will seek to admit.

It bears noting that the instant Motion is not brought in an effort to seek any tactical advantage, for Mr. Christensen is aware of no such advantage to be gained. He is fully aware that, no matter what, the victim impact testimony in this case will be powerful in the extreme and wholly unrebuttable. Rather, the Motion is intended as a step towards allowing the Court and the parties to make sure as far as humanly possible that only evidence that the jury should properly consider is placed before it.

WHEREFORE, Defendant requests that this Court order the government to provide the additional requested information regarding its proposed victim impact evidence.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2018, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and

Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

<div style="margin-left: 45%">

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org

</div>