UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO
SUPPRESS EVIDENCE SEIZED PURSUANT TO THE ILLEGAL
SEARCH OF DEFENDANT'S APARTMENT ON JUNE 15, 2017 (R. 100)

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Reply to the Government's Response to the Motion to Suppress the Search of his apartment on June 15, 2017 (R. 100), states as follows:

In its Response, the government argues that the allegations in Mr. Christensen's Motion have no basis in any police report or interview provided in discovery. (R. 147) That is because they are the recollections of Michelle Christensen, who will be called to testify at the hearing in this matter, and not those of the agents who created the reports. Much of the government's argument rests on its own interpretation of these facts, which are contested and cannot be resolved except by this Court after a full hearing. Some of the government's arguments can, however, be addressed absent specific factual findings.

1

*Exigent Circumstances*

In a footnote, the government argues that the agents who were in possession of a search warrant for Mr. Christensen's vehicle would have lawfully been able to seize all of the electronic devices in the apartment based on exigent circumstances (R. 147 pg. 9, fn 9), but that is incorrect. The Supreme Court has outlined circumstances that can qualify as "exigent" and they include fighting a fire and investigating its cause, preventing the imminent destruction of evidence, or engaging in hot pursuit of a fleeing suspect. *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) (citing *Michigan v. Tyler,* 436 U.S. 499 (1978), *Ker v. California,* 374 U.S. 23 (1963), and *United States v. Santana,* 427 U.S. 38 (1976)).

The case cited by the government in support of this argument is *United States v. Bell,* 500 F.3d 609, 615 (7th Cir. 2007), in which the Court of Appeals concluded that it was permissible to search a hotel room safe based on exigent circumstances. *Bell* is utterly distinguishable from the facts of the present case for several reasons. First, the victim in *Bell* had been kidnapped and a ransom demand made, and the defendant was caught *in person* attempting to pick up the ransom payment at the drop-off location. *Id.* at 610. Second, at the time of his apprehension, the defendant blatantly and verifiably lied to the police about his role in the offense and his place of residence. *Id.* Third, the defendant actively resisted arrest, resulting in a chase and a "prolonged struggle" with officers. *Id.* At all times, the police were acting on a credible threat that the kidnappers would kill the victim if law enforcement became involved. *Id.* As a result, when police

2

encountered the safe in the defendant's hotel room, they were justified in searching it without a warrant in case it contained evidence of the victim's whereabouts. *Id.* at 613.

In the present case, law enforcement agents had obtained a warrant to search Mr. Christensen's vehicle for evidence related to Ms. Zhang based on video surveillance that identified his vehicle as similar to the one that Ms. Zhang entered on June 9, 2017. No ransom had been demanded, no violence had been threatened, no evidence existed indicating that Ms. Zhang had been to Mr. Christensen's apartment, and as far as law enforcement officers knew, Mr. Christensen was asleep at home with his wife. This is utterly distinguishable from cases like that of *Bell* and *United States v. Marshall*, 157 F.3d 477, 479-80 (7th Cir. 1998), where police were in the process of securing a search warrant for the defendant's premises when it became clear that the defendant would soon realize that police were on their way and destroy the evidence before the warrant could be secured.

Law enforcement in this case were not entitled to seize Mr. Christensen's computers because the circumstances were not so grave as to warrant such an intrusion. Unlike the officers in *Stuart,* who personally observed a physical altercation which resulted in bleeding and obvious injuries, no exigency existed here. *Stuart,* 547 U.S. at 406. As such, the government's reference to exigent circumstances is misplaced and inapplicable to the present case.

*Inevitable Discovery/Independent Source Doctrines*

The government also argues that even if Mr. Christensen's wife had not "consented" to the search of the apartment at almost 2:00 a.m. on June 15, 2017, that a subsequent warrant obtained from the University of Illinois Police Department would have sufficed to recover the same evidence, i.e. it would have inevitably been discovered. (R. 147 pg. 16) However, case law that supports a finding of inevitable discovery is distinguishable from the present case because law enforcement in those cases had sufficient probable cause to obtain a search warrant *without* the unlawfully obtained information, which is not true here.

The inevitable discovery rule states that if the government can establish by a preponderance of the evidence that the information at issue would ultimately been discovered by lawful means, the evidence should not be excluded. *Nix v. Williams,* 467 U.S. 431, 444 (1984). In sum, law enforcement would have found it anyway, therefore suppression is not required. The independent source doctrine, by contrast, allows admission of evidence that has been discovered by means wholly independent of any constitutional violation. *Id.* at 443.

Both doctrines have been applied in previous cases which are distinguishable from the present case. For example, in *United States v. Brown,* 328 F.3d 352, 354 (7th Cir. 2003), the U.S. Marshals went to arrest the defendant on an outstanding warrant and observed him through the window of the apartment holding a firearm and throwing a bag of drugs out the window. The landlord had consented to the search but lacked the

4

authority to do so, therefore the consent was deemed invalid. Regardless, the Court determined that the Marshals could have easily obtained a warrant based on their own personal observations. In *United States v. Goins*, 437 F.3d 644, 645 (7th Cir. 2006), the defendant's girlfriend called police and told them she personally observed drugs and a firearm at defendant's home. They entered on a theory of apparent authority, which was upheld as reasonable, but the Court noted that even if the entry had been improper, her information would have been sufficient to establish probable cause for a warrant so inevitable discovery applied. *Id.* at 650.

In the present case, there was no probable cause to believe that relevant information would be found on the computers prior to their unlawful seizure. The government claims that search warrant for the Saturn Astra was sufficient to seize computers inside the residence, which is blatantly incorrect. (R. 147, pg. 16, fn 11) The search warrant for the Astra detailed the events leading up to the observation of Ms. Zhang entering Mr. Christensen's vehicle, made no statements about evidence from within his residence, and asked to collect items from the vehicle specifically: trace evidence, instruments used to coerce or restrain a victim, and his cell phone, receipts, notes, or other documents related to the offense. (Gov't Bates Nos. 1827-1836) Nary a word was said regarding computers, electronic devices, or evidence from inside Mr. Christensen's apartment.

When the FBI applied for the second warrant, to forensically examine all of Mr. Christensen's electronic devices, only this information was added: that Mr. Christensen

5

had admitted picking Ms. Zhang up in his vehicle, that his wife had "consented" to the seizure of the devices, and that the United States Attorney's Office determined that all devices belonging to Mr. Christensen be seized and taken into evidence at that time. There was no information whatsoever indicating probable cause to believe that the electronic devices from inside Mr. Christensen's apartment may have information relevant to the case, and the subsequent search warrant only complied with the particularity requirement because it was able to list each of the devices, by name, that were illegally seized the night before. The UIPD search warrant may have allowed local police to confiscate the devices, but similarly lacked probable cause to justify a forensic search. Unlike the very clearly established probable cause referenced in the aforementioned cases, the allegations contained in these warrants sought permission for a fishing expedition.

     A police officer armed with probable cause to believe a home contains evidence of a serious crime that might otherwise be destroyed may lawfully secure the home and restrict entry while waiting for a search warrant to be diligently procured. *United States v. Shrum*, -- F.3d --, 2018 WL 5986370 * 7 (10th Cir. 2018). That same reasoning can be applied to computers, which courts have repeatedly noted contain significantly private information and which require a separate warrant to search. It does not follow, however, that a home (or a computer) can be seized to prevent destruction of evidence without some particularized knowledge as to why a suspect would do so. *Id.* Law enforcement may not commence a "fishing expedition to see what sort and how big of

fish" they might catch and then wait until they develop enough probable cause to make it past a judge. *Id.*

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org