UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Crim. No. 17-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) | |
| Defendant. | ) | Hearing Requested |

REPLY TO GOVERNMENT'S RESPONSE TO
MOTION TO SUPPRESS STATEMENTS (R. 97)

Now comes the Defendant, BRENDT A. CHRISTENSEN, and for his reply to the Government's Response to the Defendant's Motion to Suppress Statements (R. 145), states as follows:

In its response, the Government acknowledges that on June 15, 2017, at approximately 1:26 a.m., at the FBI Resident Agency Office in Champaign, Illinois, Mr. Christensen specifically and unequivocally invoked his right to counsel under *Miranda* by advising FBI Agent Manganaro and Detective Stiverson, "I really don't want to talk no more without a lawyer," after which both agents ceased all questioning, and Mr. Christensen was transported to the Ford County Jail where he was held in custody for approximately 24 hours before being released.

Under a solid line of Supreme Court precedent, by expressing his desire to deal with the police only through counsel, Mr. Christensen was no longer subject to further

1

interrogation by the authorities until counsel was made available to him, unless he himself initiated further communication, exchanges, or conversations with the police. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378 (1981); *Arizona v. Roberson*, 486 U.S. 675, 682, 108 S.Ct. 2093, 2098, 100 L.Ed.2d 704 (1988); *McNeil v. Wisconsin*, 501 U.S. 171, 176-77, 111 S.Ct. 2204, 2207-09, 115 L.Ed.2d 158 (1991); *Minnick v. Mississippi*, 498 U.S. 146, 111 S.Ct. 486, 490, 112 L.Ed.2d 489 (1990); *United States v. McKinley*, 84 F.3d 904, 908 (7th Cir. 1996). ("If a suspect invokes his right to counsel as to one offense, he may not be reapproached and interrogated about that or a separate offense unless counsel is present").

And once Mr. Christensen was released from custody, police were required to honor his previously-asserted right to counsel for a period of 14 days before they could re-initiate any interrogation of him. *Maryland v. Shatzer*, 559 U.S. 98, 110-11, 130 S.Ct. 1213 (2010). These 14 days "provide[ ] ... time for the suspect to get reacclimated to his normal life, to consult with friends and counsel, and to shake off any residual coercive effects of his prior custody." *Id*.

As the evidence to be adduced at the hearing on this motion will establish, however, rather than honoring Mr. Christensen's decision to deal with them only through counsel, and ceasing all attempts to initiate questioning of him for at least 14 days, the FBI immediately doubled-downed on its efforts to get Mr. Christensen to talk and incriminate himself through his wife and his close female associate (hereinafter

2

referred to as "TLB"), and to elicit incriminating information from him by various other means, which included:

(1) Between June 16-17, 2017, FBI Special Agent Katherine Tenaglia initiated a series of phone conversations and text messages with Mr. Christensen's wife for the purpose of obtaining incriminating information from Mr. Christensen through his wife's questioning of him. Special Agent Tenaglia also solicited Mr. Christensen's wife to encourage and insist that Mr. Christensen contact the FBI and agree to speak with them to clear things up, notwithstanding the fact that Special Agent Tenaglia knew that Mr. Christensen had specifically invoked his right to counsel and had refused to speak to the FBI on June 15, 2017; and

(2) On June 16, 2017, FBI Special Agents Andrew Huckstadt and Brian Schenkelberg met with "TLB" at the FBI Champaign Resident Agency, and as result of that meeting, "TLB" agreed to serve as a documented "confidential human source" for the FBI and executed a Form FD-472 wherein she agreed to wear or utilize a body recorder, microphone, transmitter, or other recording device "for the purpose of monitoring, viewing, listening to, and/or recording any activity I may have with Brendt A. Christensen....which I may have on or about 6/16/2017 and continuing thereafter until such time as either I revoke my permission or the FBI terminates the investigation."

As a result of both means of investigation employed by the FBI in the hours immediately following Mr. Christensen's specific invocation of his right to counsel, the

3

Government alleges that he initiated a conversation with FBI agents at the Champaign Residency Office on June 17, 2017, and exchanged text messages and engaged in conversations with "TLB," its "Confidential Human Source" on June 17, 2017, June 23, 2017, and June 29, 2017, and made various statements which the Government seeks to use as evidence against him.

As the Seventh Circuit has recognized, however, "police may not avoid *Miranda* by delegating the questioning to the victims of the crime or their relatives." *Wilson v. O'Leary*, 895 F.2d 378, 380 (7th Cir. 1990). Nor should the FBI, or any police agency, be allowed to circumvent the Supreme Court's *Edwards/Shatzer* rule by recruiting and enlisting private citizens to initiate questioning of a suspect whom they know previously invoked his right to counsel under *Miranda* and thereby declared himself "off limits" to police questioning for fourteen days without counsel being present. Such tactics clearly run afoul of the *Edwards/Shatzer* rule and eviscerate one's Fifth Amendment's protections against compulsory self-incrimination.

Moreover, even here, where the Government contends that Mr. Christensen initiated his contact with the FBI on June 17, 2017, and with "TLB" on June 17, 2017 and thereafter, the burden "remains upon the prosecution to show that subsequent events indicated a waiver of the Fifth Amendment right to have counsel present during the interrogation." *United States v. Huerta*, 239 F.3d 865, 873 (7th Cir. 2001); citing *Oregon v. Bradshaw*, 462 U.S. 1039, 1044 (1983). And to establish a valid waiver, the government must show that the waiver was knowing, intelligent, and voluntary under the "high

4

standar[d] of proof for the waiver of constitutional rights [set forth in] *Johnson v. Zerbst*, 304 U.S. 458 (1938)." *Miranda*, 384 U.S. at 444. But it is also important to note in reference to this case that "an *Edwards* initiation occurs when, **without influence by the authorities,** the suspect shows a willingness and a desire to talk generally about his case through a third person…**what is important is the impetus for discussion comes from the suspect himself**." *Van Hook v. Anderson*, 488 F.3d 411, 418 (6th Cir. 2007) (emphasis added); *see also United States v. Whaley*, 13 F.3d 963, 966-67 (6th Cir. 1994). And in this case, that impetus came from Mr. Christensen's wife, and his female associate, "TLB," at the strong urging and behest of the FBI.

    The Government's reliance on *Illinois v. Perkins*, 496 U.S. 292 (1990), is misplaced, because that case was decided before *Maryland v. Shatzer*, 559 U.S. 98 (2010), and involved a state prisoner in general population who confided in and confessed to a murder to an undercover agent posing as a fellow prisoner without ever being advised of or invoking his right to counsel. Here, Mr. Christensen was clearly in police custody at the time he specifically invoked his right to counsel under *Miranda*, and pursuant to the *Edwards/Shatzer* rule, the FBI was barred from initiating any questioning of him for 14 days thereafter.

    For the same reasons, the Government's reliance on two other pre-*Shatzer* cases is also misplaced. *See United States v. Taylor*, 660 F.Supp.2d 1230, 1235 (D.N.M. 2009); *United States v. Stubbs*, 944 F.2d 828 (11th Cir. 1991).

5

In this case, notwithstanding his specific invocation of his *Miranda* rights, Mr. Christensen was subject to police-initiated interrogation in the absence of counsel on June 14-15, 2017, and June 17, 2017, and police-initiated, surreptitious interrogation in the absence of counsel by the FBI confidential human source "TLB" on June 17, 23, 29, 2017, within the 14 day window of his release from *Miranda* custody from the Ford County Jail on June 16, 2017. Under *Edwards/Shatzer, supra*, all of the statements which Mr. Christensen is alleged to have made on those four occasions should be suppressed as having been obtained by government agents in violation of Mr. Christensen's rights secured under the Fifth Amendments to the United States Constitution.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By: /s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Public Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Eugene Miller and Mr. Bryan Freres, Assistant United States Attorneys, 201 South Vine Street, Urbana, IL 61801, and Mr. James B. Nelson, Trial Attorney, Capital Case Section, 1351 F Street NW, Room 625, Washington, D.C. 20004. A copy was also mailed to Mr. Christensen.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org