UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO
STRIKE NON-STATUTORY AGGRAVATING FACTOR OF
VULNERABILITY OF THE VICTIM (R. 105)

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Reply to the Government's Response to the Motion to the Motion to Strike the Non-Statutory Aggravating Factor of Victim Vulnerability (R. 105) states as follows:

In its Response, the government argues that the constitutional requirement that an aggravating circumstance narrow the class of defendants who warrant the death penalty applies only to statutory aggravators and is inapplicable to non-statutory aggravators. (R. 150 at 7, 12) (citing *Arave v. Creech*, 507 U.S. 463, 474 (1993)). In fact, the opinion in *Creech* offers no support for the government's position. As a plurality of the Supreme Court made clear in *Jones v. United States*, 527 U.S. 373, 401 (1999) (plurality opinion), the full Court has never drawn a distinction between non-statutory and

1

statutory aggravators with respect to the narrowing requirement. Mr. Christensen respectfully submits that the reasoning of those courts that have held that the narrowing requirement is fully applicable to non-statutory aggravators is persuasive and should be followed by this Court.

Under the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq.*, non-statutory aggravating factors are assigned "a constitutionally significant role." *United States v. Friend*, 92 F. Supp. 2d 534, 536 (E.D. Va. 2000). While not a part of the determination of whether a defendant is eligible for a death sentence, "non-statutory aggravators assume great significance in the selection decision," i.e. the decision whether, among those who are eligible for a death sentence, this particular defendant is actually deserving of the ultimate punishment. *Id.* at 541. Congress clearly recognized this fact, for it required that non-statutory aggravators, just like statutory aggravators, must be proven beyond a reasonable doubt before they may be considered by the jury. *Id.* at 536. In the selection decision, just as much as in the eligibility decision, the jury's discretion must be "'suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.'" *Id.* at 539 (quoting *Gregg v Georgia*, 428 U.S. 153, 188-89 (1976)). Accordingly, aggravating factors that inform the selection decision must meet the same constitutional requirements as those that underlie the eligibility decision, including that they not be overbroad. *Id.* at 541.

Other district courts to consider the question have agreed with the analysis of Judge Payne in *Friend*. For example, in *United States v. Johnson*, 136 F. Supp. 2d 553, 561-

62 (W.D. Va. 2001), the court found that non-statutory aggravators must meet constitutional requirements regarding vagueness, overbreadth, relevance and reliability in order "[t]o prevent a return of the time when death sentences were 'wantonly and freakishly imposed' and to assure that an aggravating factor does not resurrect the randomness prohibited by *Furman v. Georgia*, 408 U.S. 238, 313 (1972)." In *United States v. Lentz*, 225 F. Supp. 2d 666, 671 (E.D. Va. 2002), the court reached the same conclusion, noting that "[f]or the purposes of the constitutional bar against overbreadth, the Supreme Court does not draw a distinction between statutory and non-statutory aggravating factors" and "find[ing] no reason to depart from established Supreme Court precedent and other district courts to apply a less stringent standard to non-statutory aggravating factors." *See also United States v. Sampson*, 335 F. Supp. 2d 166, 215-16 (D. Mass. 2004) (holding that non-statutory aggravator of murder to eliminate a witness not overbroad so long as eliminating a witness was sole or dominant motive for homicide); *United States v. Rodriguez*, No. C2-04-55 (D.N.D. November 30, 2005) (noting that every aggravating factor is a capital case must meet three criteria, including that it must not be overbroad).

    The opinion upon which the government principally relies for its argument that non-statutory aggravators need not narrow the class of defendants who are subjected to the death penalty, *United States v. Fields*, 516 F.3d 923, 945 (10th Cir. 2008), is highly unpersuasive. In that case, the court rejected a challenge to the overbreadth of a non-statutory aggravating factor of causing mental anguish to the victim. *Id.* at 944-45. It did

so, however, based on the assertion that its decision was compelled by the Supreme Court's opinion in *Jones*, 527 U.S. 373. *Id.* at 945 ("Under *Jones*, the mental-anguish aggravator in the present cases was not overbroad."). It apparently failed to recognize, or certainly to acknowledge, the fact that the relevant portion of the *Jones* opinion was joined by only four members of the Court and thus does not constitute binding precedent. *Id.* (referring to the opinion as written by "the Court").

As noted in the Motion, (R. 105 at 4-5), the non-statutory aggravating factor of victim vulnerability based on a limited ability to communicate in English and small stature encompasses huge swaths of the population and fails to adequately inform the jury what it must find in order to impose the death penalty. This is supported by the government's own theory, which states "the United States will prove the defendant employed a specific method to lure *vulnerable victims* into his car, and that Ms. Zhang was particularly susceptible to his methods." (R. 150 pg. 13, emphasis added) Those other "vulnerable victims" are allegedly two other women (K.K. and E.H.) who are, based on the information available, average-sized English-speakers. If a "vulnerable victim" includes any woman on the street, then the term cannot possibly provide a principled basis on which to determine whether a person lives or dies. Therefore, the Court should strike this factor on the ground that it is unconstitutionally vague and overbroad.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

4

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org  

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:     309-671-7898  
Email: George_Taseff@fd.org  

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com  

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org