E-FILED
Friday, 07 December, 2018  05:17:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

REPLY TO RESPONSE TO MOTION TO STRIKE NON-STATUTORY AGGRAVATING
FACTOR OF "OBSTRUCTION OF INVESTIGATION" (R. 101)

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his

attorneys, and respectfully submits this Reply to the government's Response, (R. 150),

to his Motion to Strike Non-Statutory Aggravating Factor of Obstruction of

Investigation, (R. 101):

I.     The Government's Proposed Obstruction Aggravating Factor is Overbroad

       A.     The Defendant Fully Understands His Own Authority

       In his Motion, Mr. Christensen cited the district court's opinion in *United States v.*

*Jacques*, No. 2:08-cr-117 (D. Vt. May 4, 2011), for the proposition that a non-statutory

aggravator that applies to "[m]ost, if not all, offenders" in the defendant's situation

must be stricken as overbroad.   (R. 101 at 5.)  The facts of *Jacques*, as is clear from the

Motion, while analogous, are certainly not identical to the facts at issue here.  *Id.* at 6.

Mr. Christensen plainly did not assert that the opinion stands for the proposition that "a

murderer would naturally take steps to avoid being caught."  (R. 150 at 6.)

1

The district court did not, as the government asserts, deny the motion to strike the aggravating factor in question, involving manipulation and deception of representatives of the Vermont criminal justice system. *Id.*at 7.   *See Jacques*, 2:08-cr-117 at 59 (granting defense motion to strike aggravating factor of manipulation and deception of representatives of the Vermont criminal justice system).[1] Nor was the decision to strike the manipulation and deception aggravating factor vacated by the Second Circuit Court of Appeals.  Indeed, the matter was not even appealed to the Second Circuit.  *See United States v. Jacques*, 684 F.3d 324 (2d Cir. 2012).  Rather, the grant of a motion to strike a third separate aggravating factor, "post-arrest obstruction of justice," was appealed – and that on Sixth Amendment grounds having nothing to do with the issue of overbreadth.  *Id.* at 330-32.  It is the government, therefore, that misunderstands the litigation in *Jacques*.  *See* <u>United States v. Jacques</u>, No. 2:08-cr-117 at 58 <u>(D. Vt. May 4, 2011) (striking non-statutory aggravating factor of manipulation and deception of the </u>justice system from government's notice of intent because "[m]ost, if not all, offenders who appear before a parole board, or some other authority charged with deciding upon the timing of their release, attempt to convince that authority that they are rehabilitated and worthy of release" as defendant allegedly did).

---

[1]The court denied a motion to strike an entirely separate aggravating factor, "pre-arrest obstruction of justice."  *Id* at 71-73.  The evidence that the government proffered in support of that aggravating factor is unknown.

**B.     The Aggravating Factor is Overbroad Because it Fails to Narrow the Class of Defendants who are Deemed Deserving of the Death Penalty**

In its Response, the government avers that the constitutional requirement that an aggravating circumstance narrow the class of defendants who warrant the death penalty applies only to statutory aggravators and is inapplicable to non-statutory aggravators.   (R. 150 at 7) (citing *Arave v. Creech*, 507 U.S. 463, 474 (1993)). In fact, the opinion in *Creech* offers no support for the government's position.  As a plurality of the Supreme Court made clear in *Jones v. United States*, 527 U.S. 373, 401 (1999) (plurality opinion), the full Court has never drawn a distinction between non-statutory and statutory aggravators with respect to the narrowing requirement. Mr. Christensen respectfully submits that the reasoning of those courts that have held that the narrowing requirement is fully applicable to non-statutory aggravators is persuasive and should be followed by this Court.

Under the Federal Death Penalty Act, 18 U.S.C. § 3591 *et seq.*, non-statutory aggravating factors are assigned "a constitutionally significant role."  *United States v. Friend*, 92 F. Supp. 2d 534, 536 (E.D. Va. 2000).  While not a part of the determination of whether a defendant is eligible for a death sentence, "non-statutory aggravators assume great significance in the selection decision," i.e. the decision whether, among those who are eligible for a death sentence, this particular defendant is actually deserving of the ultimate punishment. *Id.* at 541. Congress clearly recognized this fact, for it required that non-statutory aggravators, just like statutory aggravators, must be proven beyond

3

a reasonable doubt before they may be considered by the jury. *Id.* at 536.   In the

selection decision, just as much as in the eligibility decision, the jury's discretion must

be "'suitably directed and limited so as to minimize the risk of wholly arbitrary and

capricious action.'"  *Id.* at 539 (quoting *Gregg v Georgia*, 428 U.S. 153, 188-89 (1976)).

Accordingly, aggravating factors that inform the selection decision must meet the same

constitutional requirements as those that underlie the eligibility decision, including that

they not be overbroad.  *Id.* at 541.

Other district courts to consider the question have agreed with the analysis of

Judge Payne in *Friend*.  For example, in *United States v. Johnson*, 136 F. Supp. 2d 553, 561-

62 (W.D. Va. 2001), the court found that non-statutory aggravators must meet

constitutional requirements regarding vagueness, overbreadth, relevance and reliability

in order "[t]o prevent a return of the time when death sentences were 'wantonly and

freakishly imposed' and to assure that an aggravating factor does not resurrect the

randomness prohibited by *Furman v. Georgia*, 408 U.S. 238, 313 (1972)."   In *United States

v. Lentz*, 225 F. Supp. 2d 666, 671 (E.D. Va. 2002), the court reached the same conclusion,

noting that "[f]or the purposes of the constitutional bar against overbreadth, the

Supreme Court does not draw a distinction between statutory and non-statutory

aggravating factors" and "find[ing] no reason to depart from established Supreme

Court precedent and other district courts to apply a less stringent standard to non-

statutory aggravating factors."  *See also United States v. Sampson*, 335 F. Supp. 2d 166,

215-16 (D. Mass. 2004) (holding that non-statutory aggravator of murder to eliminate a

witness not overbroad so long as eliminating a witness was sole or dominant motive for

4

homicide); *United States v. Rodriguez*, No. C2-04-55 (D.N.D. November 30, 2005) (noting that every aggravating factor is a capital case must meet three criteria, including that it must not be overbroad).

The opinion upon which the government principally relies for its argument that non-statutory aggravators need not narrow the class of defendants who are subjected to the death penalty, *United States v. Fields*, 516 F.3d 923, 945 (10th Cir. 2008), is highly unpersuasive. In that case, the court rejected a challenge to the overbreadth of a non-statutory aggravating factor of causing mental anguish to the victim. *Id.* at 944-45. It did so, however, based on the assertion that its decision was compelled by the Supreme Court's opinion in *Jones*, 527 U.S. 373. *Id.* at 945 ("Under *Jones*, the mental-anguish aggravator in the present cases was not overbroad."). It apparently failed to recognize, or certainly to acknowledge, the fact that the relevant portion of the *Jones* opinion was joined by only four members of the Court and thus does not constitute binding precedent. *Id.* (referring to the opinion as written by "the Court").

As noted in the Motion, (R. 101 at 5-6), the non-statutory aggravating factor of obstruction of investigation based on ordinary attempts to cover one's tracks after commission of a crime is simply too common of a circumstance to provide a principled basis on which to determine whether a person lives or dies. The Court should therefore strike this factor on the ground that it is unconstitutionally overbroad.

## II.     The Proposed Obstruction Aggravating Factor is Unconstitutionally Vague

The government's argument that this aggravator has a commonsense meaning that is easily understood by jurors, (R. 150 at 8-9), is fatally undercut by its acknowledgment on the following page of its Response that "the entirety of Title 18, Chapter 73, of the United States Code relates to "Obstruction of Justice," *id*. at 10.  By the government's own analysis, then, this legal term of art covers conduct as diverse as "picket[ing] or parad[ing] in or near a building housing a court of the United States, or in or near a building or residence occupied by [a] judge, juror, witness, or court officer," 18 U.S.C. § 1507; "kill[ing] or attempt[ing] to kill another person with intent to retaliate against any person for . . . the attendance of a witness or party at an official proceeding, or any testimony given or any record, document or other object produced by a witness in an official proceeding," 18 U.S.C. § 1513(a)(1)(A);  "steal[ing], tak[ing] away, alter[ing], falsif[ying], or otherwise avoid[ing] any record, writ, process or other proceeding, in any court of the United States, whereby any judgment is reversed, made void, or does not take effect," 18 U.S.C. § 1506; the failure of an "accountant who conducts an audit of an issuer of securities to which section 10A(a) of the Securities Exchange Act of 1934 . . . applies [to] maintain all audit or work review papers for a period of five years from the end of the fiscal period in which the audit or review was conducted," 18 U.S.C. § 1520(a)(1); "record[ing], or attempt[ing] to record, the proceedings of any grand or petit jury in any court of the United States while such jury is deliberating or voting," 18 U.S.C. § 1508(a); and so on.  The aggravating factor does not simply invite the jurors to condemn certain conduct, it requires them to determine

whether or not Mr. Christensen obstructed the investigation in this case. How each individual juror would go about making that determination is entirely unknowable, and the aggravating factor is therefore unconstitutionally vague.

III.     **The Proposed Obstruction Aggravating Factor Lacks Constitutionally Required Relevance to the Jury's Sentencing Determination**

In its Response, the government treats the question of relevance as if it is governed by the evidentiary standard set forth in Fed. R. Evid. 401. (R. 150 at 10, 11) (arguing that alleged obstruction is "obviously relevant to his character and the circumstances of the crime," and that the "obstruction aggravator is directly relevant to the crimes charged"). However, as set forth in the Motion, (R. 101 at 4, 7), that is not the kind of relevance at issue here, where a non-statutory aggravator is challenged for failure to comply with constitutional requirements. "As is made clear in *Furman, Gregg,* and *Woodson*, relevance in death penalty jurisprudence means relevance in determining that death is the appropriate punishment for a specific defendant in a specific case." *Friend*, 92 F. Supp. 2d at 543. For an aggravating factor to be relevant in this sense, it "must be focused on circumstances that are considered by civilized society to be 'particularly relevant to the sentencing decision.'" *Id.* at 541 (quoting *Gregg*, 428 U.S. at 192). In other words, it must "raise[] an issue which (a) is of sufficient seriousness in the scale of societal values to be weighed in selecting who is to live or die; and (b) is imbued with a sufficient degree of logical and legal probity to permit the weighing process to produce a reliable outcome." *Id.* at 543.

The two-justice opinion concurring in the judgment in *Barclay v. Florida*, 463 U.S. 939, 967 (1983) (Stevens and Powell, JJ., concurring in judgment), cited by the government in its Response, (R. 150 at 10), is not to the contrary. Justice Stevens merely makes the uncontroversial point that all evidence relevant to the sentencing decision may be admitted at the penalty phase; the opinion assuredly does not state that any relevant evidence may be given the elevated constitutional status of an aggravating factor. *Id.*

The court in *Friend* rejected a proposed non-statutory aggravator that the defendant and a co-defendant discussed killing a witness against them on constitutional relevance grounds in part because such conduct, while serious, did not constitute a crime. *Id.* at 544. In his Motion, Mr. Christensen argued that his alleged conduct similarly failed to constitute the crime of obstruction of justice under 18 U.S.C. § 1503. (R. 101 at 7-8.) Mr. Christensen acknowledges that, as the government points out in its Response, (R. 150 at 10), there are federal statutes other than § 1503 that proscribe acts of obstruction of justice. However, Mr. Christensen's alleged conduct fails to establish a crime under any of those provisions, either.

The government points to two statutory provisions that it claims Mr. Christensen's conduct violated: 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 1512(c)(1). 18 U.S.C. § 1512(a)(1)(C) prohibits the "kill[ing] or attempt[] to kill another person, with intent to . . . prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offence or a violation of conditions of probation, parole, or

8

release pending judicial proceedings." Any suggestion that Mr. Christensen killed Ms. Zhang in order to prevent her from reporting a crime is flatly inconsistent with the government's theory that he planned to kill her from the outset of the kidnapping after substantial planning and premeditation. (R. 54 at 3.)

Moreover, the offense requires the government to show "'a reasonable likelihood that the victim would have communicated with a *federal officer*, not a state or local officer," about the crime had she not been killed. *United States v. Snyder*, 865 F.3d 490, 496 (7th Cir. 2017) (emphasis in original). *See also Fowler v. United States*, 563 U.S. 668, 672 (2011). In *Snyder*, the underlying crime at issue was the armed robbery of a convenience store. *Id.* at 493. The court of appeals found that it was "quite unlikely" that the case would have been prosecuted in federal court absent the subsequent murder of a witness and so there was insufficient evidence to show the required reasonable likelihood of communication with a federal office. *Id.* at 496-99. The same is true here. There is virtually no chance that a kidnapping case against Mr. Christensen would have been brought in federal court absent the killing of Ms. Zhang and the government's resulting desire to secure a death sentence. Mr. Christensen's alleged conduct therefore fails to make out a crime under 18 U.S.C. § 1512(a)(1)(C).

Similarly, Mr. Christensen's alleged conduct fails to satisfy the elements of 18 U.S.C. § 1512(c)(1). That provision prohibits "corruptly . . . alter[ing], destroy[ing], mutilat[ing], or conceal[ing] a record, document, or other object, or attempt[ing] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." Leaving aside the serious question of whether a body is an object that

could ever be used in an official proceeding, the statute also requires that the obstructive act have "'a relationship in time, causation, or logic'" with a federal judicial proceeding.  *United States v. Matthews*, 505 F.3d 698, 708 (7th Cir. 2007) (quoting *Arthur Andersen LLP v. United States*, 544 U.S. 696, 707-08 (2005)).  This means that the defendant "must believe that his acts will be likely to affect a pending or foreseeable proceeding" in a federal court or grand jury.  *Id.* at 708.

Unlike the defendant in *Matthews*, a police chief who was alleged to have arranged the concealment of a firearm after the Bureau of Immigration and Customs Enforcement demanded that he produce it in connection with an ongoing criminal investigation, *id.* at 702-03, there was no way that Mr. Christensen could have foreseen that his alleged actions would affect a federal judicial proceeding.  At most, given the circumstances of the alleged crime, he might have predicted that a future state court proceeding was possible.  With no existing federal investigation and no reason to suspect any legitimate basis for federal jurisdiction, the elements of 18 U.S.C. § 1512(c)(1) are not met.  The government's assertion that it could have charged Mr. Christensen with obstruction based on either of these statutory provisions is untenable.

The government declines to even address Mr. Christensen's point that the conduct alleged by the government to constitute obstruction of an investigation is insufficiently serious to trigger an enhancement for obstruction under the U.S. Sentencing Guidelines. As stated in the Motion, (R. 101 at 10), if societal judgment is such that certain conduct is too insignificant to justify an increase of a non-capital

prison sentence, it is manifestly unjust, arbitrary and irrational to stack that conduct on

death's side of the scales in a capital sentencing proceeding.

WHEREFORE, Defendant respectfully requests that the Court strike the

proposed non-statutory aggravating circumstance of obstruction of an investigation.

Respectfully submitted,

/s/Elisabeth R. Pollock                        /s/ George Taseff
Assistant Federal Defender                 Assistant Federal Defender
300 West Main Street                          401 Main Street, Suite 1500
Urbana, IL 61801                                  Peoria, IL 61602
Phone: 217-373-0666                           Phone: 309-671-7891
FAX:   217-373-0667                             Fax:     309-671-7898
Email: Elisabeth_Pollock@fd.org        Email: George_Taseff@fd.org

/s/ Robert Tucker                               /s/ Julie Brain
Robert L. Tucker, Esq.                          Julie Brain, Esq.
7114 Washington Ave                           916 South 2nd Street
St. Louis, MO 63130                             Philadelphia, PA 19147
Phone: 703-527-1622                           Phone: 267-639-0417
Email: roberttuckerlaw@gmail.com      Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2018, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and

Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org