UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | <u>Hearing Requested</u> |
| | ) | |
| Defendant. | ) | |

<u>EMERGENCY MOTION FOR EVIDENTIARY HEARING REGARDING
SEARCH OF DEFENDANT'S CELL AT LIVINGSTON COUNTY JAIL</u>

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Emergency Motion for an Evidentiary Hearing Regarding the Search of the Defendant's Cell at the Livingston County Jail on Friday, December 14, 2018, states as follows:

1. On Friday, December 14, 2018, the parties convened before the Honorable Judge James E. Shadid at the Federal Courthouse in Peoria, Illinois, to conduct a previously scheduled day of hearings relating to several pretrial motions that were filed by the Defendant. (R. 114, 117, 161, 162)

2. When the hearings concluded, counsel for Mr. Christensen received the following information:

   a. While the parties (and Mr. Christensen) were in court, agents of the Federal Bureau of Investigation (FBI) presented themselves at the

      Livingston County Jail, without prior notice and without a search warrant, and asked to examine Mr. Christensen's living space;

b. Mr. Christensen's personal belongings were examined and upon his return to the Jail on the afternoon of December 14, 2018, his personal property had clearly been disturbed, although it is not immediately apparent whether any items were confiscated;

c. The FBI agents who presented themselves at the Jail interviewed multiple individuals who are currently housed with Mr. Christensen;

d. On information and belief, the FBI entered the cell block through the fire door and carried in camera equipment;

e. During the pendency of the examination, a Livingston County Jail Officer was present in the cell block, but he/she has not been interviewed nor identified as of this filing;

f. The Livingston County Jail Administrator, Stuart Inman, was present for a brief time in the cell block with the FBI agents, and indicated that he would not permit the agents to remove items without a search warrant; however, he did not remain in the cell block for more than a few minutes;

g. It is unknown whether the agents viewed, took photographs, or in any other way documented or examined Mr. Christensen's personal belongings.

3. As referenced in previous pleadings filed by Mr. Christensen, a defendant who is being housed in pretrial detention does not lose his Fourth Amendment rights entirely. In *United States v. Cohen,* 796 F.2d 20, 23 (2d Cir. 1986), the court noted that prior decisions relating to privacy interest of inmates had concluded that the fact of confinement and the legitimate objectives of penal institutions curtail the constitutional rights of prisoners, whether convicted or not. (Citing *Bell v. Wolfish,* 441 U.S. 520, 546 (1979)). However, the Supreme Court had never condoned a cell search "intended solely to bolster the prosecution's case against a pre-trial detainee awaiting his day in court; it did not have before it the issue of whether such a search could lawfully be used by government prosecutors to uncover information that would aid them in laying additional indictments against a detainee." *Id.* (citing *Hudson v. Palmer,* 468 U.S. 517 (1984)). Rather, the loss of privacy extends only to prison officials who are concerned with the safety of the inmates and the facility. *Id.*

4. Where it is plain that no institutional need is being served, a warrantless search of a pretrial detainee's cell by the prosecution or its agents solely to obtain information "falls well outside the rationale of the decided cases." *Id.* at 24. Though diminished in scope, a pretrial detainee retains rights under the Fourth Amendment to challenge a warrantless search. *Id.* This reading of the law has been followed by various others courts. *See, e.g., United States v. Stanishia,* 2015 WL 13345329 * 2 (M.D. Pa.) (holding that a search of a convicted prisoner's belongings by prison officials does not violate the Fourth Amendment, distinguishing *Cohen* because the defendant in that case

3

was detained pretrial and had not yet been convicted; *United States v. Vernon,* 262 Fed. Appx. 157, 158 (11th Cir. 2008) (holding that confiscation of pretrial detainee's notebook was proper where it was first noticed by correctional staff as a violation of the jail's rules); *United States v. Colbert,* 1990 WL 5200 *3 (D. N. J.) (upholding search of pretrial detainee's cell after the search was deemed to have been initiated by the officer in charge of internal investigations within the jail and *not* by the U.S. Postal Inspector).

    5.   In the present case, information obtained by the defense tends to show that the search of Mr. Christensen's cell was initiated by the FBI and not by the staff at the Livingston County Jail, who had no prior notice that an inspection was going to occur. Because a pretrial detainee has a privacy interest in their cell and personal belongings that extends to law enforcement and prosecutors where no search was conducted and/or initiated by jail staff, the Fourth Amendment is implicated. Based on the foregoing, the defense requests an evidentiary hearing to further explore these issues, a prohibition on further law-enforcement initiated searches of Mr. Christensen's personal property, and any other remedy that may be appropriate, including, but not limited to, suppression of whatever items were removed, copied, photographed, or otherwise preserved for use against Mr. Christensen at trial.

    6.   Additionally, the actions taken by the FBI on December 14, 2018, implicate serious Sixth Amendment concerns. Mr. Christensen is in possession of correspondence, notes, and other items that clearly qualify as privileged material and that document his communications with counsel and case strategy. The Sixth Amendment provides that

an accused shall enjoy the right "to have the Assistance of Counsel for his defense." This right, fundamental to our system of justice, is meant to assure fairness in the adversary criminal process. *United States v. Morrison*, 449 U.S. 361, 364 (1981) (quoting *Gideon v. Wainwright*, 372 U.S. 335, 344, (1963)). "Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Id.* Before determining a remedy for the wrong, a court must "identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *Id.* at 365.

7. The Supreme Court has identified four factors relevant to a Sixth Amendment inquiry: "1) whether the [intrusion] was purposely caused by the government in order to garner confidential, privileged information, or whether the [intrusion] was the result of other inadvertent occurrences; 2) whether the government obtained, directly or indirectly, any evidence which was used at trial as the result of the . . . intrusion; 3) whether any information gained by the . . . intrusion was used in any other manner to the substantial detriment of the defendant; and 4) whether the details about trial preparations were learned by the government." *United States v. Robinson*, 96 F.3d 1449, 1996 WL 506498 *11 (6th Cir.) (citing *Weatherford v. Bursey*, 429 US 545 (1977)). To date, the defense cannot answer any of the questions posed by *Weatherford* without an evidentiary hearing.

8. Due to the actions of the FBI on December 14, 2018, and because there is an apparent risk that further searches of Mr. Christensen's cell and personal belongings will be conducted whenever he is in court, the defense requests an emergency hearing to address these matters which should minimally include:

    a. The testimony of the FBI agents who conducted the search on December 14, 2018, whose identities are unknown as of this filing;

    b. The testimony of the Livingston County Jail employees who observed the FBI's conduct on December 14, 2018, whose identities are unknown as of this filing; and

    c. The production of all fruits of the search, including but not limited to the FBI agent's notes, photographs taken, writings taken, copies made, and information obtained as a result of the search.

9. Additionally, there are video surveillance cameras in each of the cell blocks which will have footage of the agents' inspection. Mr. Christensen requests that said video footage be preserved and presented to this Court at the hearing on this matter.

WHEREFORE, the Defendant requests that this Court order the immediate cessation of any such activities referenced herein until the resolution of these issues, exclude any evidence and the fruits thereof that was obtained in violation of the Fourth Amendment, and enter any other order that is appropriate to remedy any Sixth Amendment violation following the evidentiary hearing.

Respectfully submitted,

| | |
|---|---|
| /s/Elisabeth R. Pollock | /s/ George Taseff |
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:    309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |
| | |
| /s/ Robert Tucker | /s/ Julie Brain |
| Robert L. Tucker, Esq. | Julie Brain, Esq. |
| 7114 Washington Ave | 916 South 2nd Street |
| St. Louis, MO 63130 | Philadelphia, PA 19147 |
| Phone: 703-527-1622 | Phone: 267-639-0417 |
| Email: roberttuckerlaw@gmail.com | Email: juliebrain1@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org