# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY OF VICTIM IMPACT EVIDENCE

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court deny the Defendant's Renewed Motion to Compel Discovery of Victim Impact Evidence. (R.167)

### PROCEDURAL AND FACTUAL BACKGROUND

On July 13, 2018, the defendant filed a motion to compel discovery that, among other things, requested that the Court compel the United States to disclose its victim impact evidence to the defendant. (R.82 at 12-19) On July 27, 2018, the United States opposed the defendant's motion because applicable law does not compel the United States to provide the requested information. (R.84 at 12-21) This Court agreed and denied the defendant's motion on August 15, 2018. (R.91)

As this Court has already held, "the government is not required to preview its evidentiary support" for the alleged aggravating factors. (R.91 at 21) This Court further noted that "the government has provided Defendant far more than just a bare listing of aggravating factors in the NOI. On May 18, 2018, the government sent a letter to defense counsel disclosing evidence in support of aggravating factors during the penalty phase. . . ." *Id*. The Court concluded by holding that "the information provided in the letter, in the court's opinion, disclosed a reasonably detailed outline, a preview, of the evidence it intends to introduce in support of each of the listed aggravating factors. Moreover, this outline is certainly beyond what is required under the FDPA as held by the Circuit Courts of Appeal. Thus, Defendant's motion is DENIED." *Id*. at 22.

## ARGUMENT

This Court has already ruled on this issue. *Id*. That ruling is the law of this case. Accordingly, the defendant's motion should be denied. Moreover, even if the Court were to reconsider the merits of the defendant's motion, the renewed motion has no more merit than the initial motion. It cites to no intervening authority. It is still true that no United States Court of Appeal has ever held that defendant is entitled to receive what he is asking for.

**A.     The Defendant's Motion is Barred by the Law of the Case Doctrine.**

It is black-letter law that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); *Arizona v. California*, 460 U.S. 605, 618

(1988)). This principle applies with the same force when a case is transferred to a new judge during the litigation. *Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 902 (7th Cir. 2010). In addition to allowing both parties to rely on the law that governs the litigation, this rule preserves judicial economy and protects against "judge shopping." *See*, *e.g.*, *In re Nat'l Union Fire Ins. Co.*, 839 F.2d 1226, 1229 (7th Cir. 1988) (noting, in the recusal context, that "a change of umpire in mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping"); *accord In re Betts*, 143 B.R. 1016, 1020 (Bankr. N.D. Ill. 1992).

The Court has already considered the issue of whether the defendant is entitled to additional discovery of victim impact evidence. (R.82,84,91) The Court's prior Order correctly noted that every Circuit Court of Appeal that has considered this issue has rejected a capital defendant's request for such discovery. (R.91 at 17-21) The Court's Order also noted that the United States has already given the defendant more discovery than he is legally entitled to, according to the overwhelming majority of courts that have considered this issue. *Id.* at 21-22. Naturally, the United States has relied on the Court's prior Order denying the defendant's original motion to compel. The defendant's renewal of his motion is not based on a change in either fact or law. As such, the defendant's motion must be denied. *Kovacs*, 739 F.3d at 1024; *Gilbert*, 591 F.3d at 902.

### B. The May 18, 2018, Notice Provided by the United States Complied with the Court's Order and Exceeds Both the Letter and the Spirit of 18 U.S.C. § 3593.

Even if this Court were to ignore the law of the case and reconsider the issue, the defendant's renewed motion is still without merit. As noted in its prior response (R.84), which the United States incorporates by reference, the Federal Death Penalty Act (FDPA) provides that the United States shall, in a capital case, provide the Court and the defendant with notice that the United States intends to seek the death penalty and "setting forth the aggravating factor, or factors, that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a). The United States complied with that requirement on January 19, 2018. (R.54)

The United States Courts of Appeal that have considered this issue unanimously hold that the NOI is the *only* notice to which a defendant is entitled regarding aggravating factors. *United States v. Lecroy*, 441 F.3d 914, 930 (11th Cir. 2006); *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003); *United States v. Lee*, 274 F.3d 485, 495-96 (8th Cir. 2001); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999), *cert. denied* 529 U.S. 1022 (2000). Each of those courts specifically held that capital defendants are not entitled to advance notice of the specific evidence the United States would use to prove the aggravating factors. *Id.*

Predictably, the overwhelming majority of district courts to have decided the issue have followed the circuit courts' lead. *See*, *e.g.*, *United States v. Montgomery*, 10 F. Supp. 3d 801, 823 (W.D. Tenn. 2014); *United States v. Savage*, 2013 WL 1934531, at ** 5, 11-19 (E.D. Pa. 2013); *United States v. Solomon*, 513 F. Supp. 2d 520, 539 (W.D. Pa. 2007);

*United States v. Gooch*, 2006 WL 3780781, at *21 (D.D.C. 2006); *United States v. Taylor*, 316 F. Supp. 2d 730, 738 (N.D. Ind. 2004); *United States v. Nguyen*, 928 F. Supp. 1525, 1549-50 (D. Kan. 1996). These holdings are all consistent with the Seventh Circuit's recognition that the United States has "no duty to . . . conduct the defense's investigation for it." *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011).

The United States has already advised the defendant as to the nature of victim-impact evidence it intends to introduce. In its May 18, 2018, letter, the United States informed the defendant as follows:

4. Victim-Impact Evidence

> The FDPA describes victim-impact evidence as "factors concerning the effect of the offense on the victim and the victim's family." 18 U.S.C. § 3593(a). The Act permits evidence in the form of testimony, a victim-impact statement, "and any other relevant information." *Id*. See also *United States v. Lawrence*, 735 F.3d 385, 405 (6th Cir. 2013) (allowing eight witnesses for the Government to testify as to their relationship with the victim and the effect of his death - including a fellow police officer who served with the victim); *United States v. Barnette*, 211 F.3d 803, 818 (4th Cir. 2000) (allowing seven witnesses to give victim impact testimony).

> The Supreme Court has sanctioned the use of victim-impact evidence in the penalty phase. "The Eighth Amendment. . . permits capital sentencing juries to consider evidence relating to the victim's personal characteristics and the emotional impact of the murder on the victim's family in deciding whether an eligible defendant should receive a death sentence." *Jones v. United States*, 527 U.S. 373, 395 (1999). "[T]he State has a legitimate interest in counteracting the mitigating evidence. . . by reminding the sentencer that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (quoting *Booth v. Maryland*, 482 U.S. 496, 517 (1987). In order "to assess meaningfully the defendant's moral culpability and blameworthiness," the jury should be permitted to consider the specific harm caused by the crime. *Id*.

Although the Supreme Court has recognized that victim-impact evidence may constitute a due process violation if it is "so unduly prejudicial that it renders the trial fundamentally unfair," no court has ever reversed a conviction on those grounds. *Barnette*, 211 F.3d at 818 (quoting *Payne*, 501 U.S. at 825). Indeed, the Supreme Court refused to grant certiorari to consider an alleged due process violation based on a "20-minute video consisting of a montage of still photographs and video footage. . . narrated by the victim's mother with soft music playing in the background . . . [which] ended with a view of her grave marker and footage of people riding horseback in Alberta, Canada — the `kind of heaven' in which her mother said she belonged." *Kelly v. California*, 555 U.S. 1020, 1020 (2008).

Accordingly, the Government expects to present victim-impact evidence as follows:

A. Photographs, video, journals, essays, or other documentation detailing Y.Z.'s life in China, her matriculation to the University of Illinois, and her plans for the future.
B. Testimony from family members and friends of Y.Z.[1]
C. Christensen's admissions as to victim impact.

*See* Letter dated May 18, 2018, attached hereto as Exhibit A. Thus, in addition to providing the defendant with an outline of the nature of the evidence it would present, the United States also cited a case further notifying the defendant of a possible manner of presenting that evidence. *Id*. The United States has given the defendant sufficient notice of the victim impact evidence it intends to present, even applying the cases cited by the defendant in his motion.

As the cases hold, the defendant is not entitled to the additional information he seeks to prepare his defense. He has sufficient information from the Notice of Intent and the United States' outline provided on May 18, 2018. Undoubtedly, the defendant

---

[1] Victim impact evidence is not limited to family members. *Lawrence*, 735 F.3d at 405 (fellow law enforcement officer may give victim impact statement).

would like to learn in detail how the United States plans to use and present its evidence at trial. As the Courts have repeatedly made clear, however, the United States should not be required to preview its evidentiary presentation prior to trial.

      **C.**    **Compliance With the Defendant's Request Would be Unfair to and Unduly Burdensome to the United States.**

In addition to being contrary to prevailing authority, it would be unfair and unduly burdensome to the United States to require it to essentially prepare its victim-impact penalty phase case at this point in the proceedings. Jury selection is nearly four months away, and the penalty phase is further still. Counsel for the United States has not yet identified its specific penalty phase witnesses and exhibits. If the Court compels the United States to comply with the defendant's request, the prosecution will have to interrupt its other pretrial and guilt phase preparations, which include the substantial tasks required under the current scheduling order, to prepare the equivalent of an order of proof for the penalty phase of the trial.[2]

Moreover, it would be unfair and burdensome to require the United States to provide such notice at this point, given that the United States has already been hampered in its preparation due to the defendant's failure to meet the original deadlines in the Court's scheduling order. The defendant's required Rule 12.2 notice was provided to the United States seven weeks after the original deadline, as was some

---

[2] Moreover, such a required disclosure would likely generate needless additional litigation. Although some deviation between now and trial as to any specific details of victim-impact evidence is to be expected, any deviation from such a disclosure may well be met with an objection from the defendant and a motion to bar the evidence.

7

of his non-mental health expert witness information. In fact, the United States still awaits the disclosure of the experts' reports, including for the expert that the defendant intends to call for a pretrial hearing on January 18, 2019. Under these circumstances, the Court should deny the defendant's request to compel the United States to provide additional, detailed victim-impact evidence to which the defendant is not entitled.

**CONCLUSION**

This Court previously denied the defendant's motion, which is now barred by the law of the case doctrine. Even if the Court were to reconsider the merits of the defendant's motion, however, both the weight of authority and the interests of justice establish that the defendant's motion is without merit and should be denied.

WHEREFORE, the United States of America respectfully submits that the Court deny the defendant's Renewed Motion for Discovery of Victim Impact Evidence.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    */s/ James B. Nelson*
    James B. Nelson
    Trial Attorney
    Capital Case Section
    United States Department of Justice
    1331 F. Street NW, Room 625
    Washington, DC  20004
    Tel: (202) 598-2872
    james.nelson@usdoj.gov