

**U.S. Department of Justice**
Criminal Division

May 18, 2018

<u>VIA ELECTRONIC MAIL</u>

Robert L Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
703-527-1622
*roberttuckerlaw@gmail.com*

Thomas W. Patton, Esq.
Federal Public Defender
Central District of Illinois
401 Main Street
Peoria, IL 61602
*Thomas_Patton@fd.org*

George F. Taseff, Esq.
Senior Litigator
Federal Public Defender's Office
Central District of Illinois
300 W. Main Street
Urbana, IL 61801
*George_Taseff@fd.org*

Elisabeth R. Pollock, Esq.
Assistant Federal Defender
Federal Public Defender's Office
Central District of Illinois
300 W. Main Street
Urbana, IL 61801
*Elisabeth_Pollock@fd.org*

  Re: <u>United States v. Brendt A. Christensen</u>, Case No. 17-CR-20037
     Anticipated Evidence in Support of Aggravating Factors

Dear Counsel:

  We write this letter to comply with the Court's scheduling order requiring us to disclose expected evidence in support of aggravating factors during the penalty phase. (Docket Entry 67). Given the sensitivity of this information, the Government has elected not to file this correspondence and is providing it via electronic mail instead.

  As an initial matter, we note that the Federal Death Penalty Act ("FDPA") does not require that the Government provide such disclosure.[1] "The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor . . . not notice

---

[1] The Courts have been exceedingly clear that the defendant is not entitled to a bill of particulars on the Government's penalty phase evidence. <u>See</u>, e.g., <u>United States v. Montgomery</u>, 10 F. Supp. 3d 801, 823 (W.D. Tenn. 2014). As such, this correspondence is not a bill of particulars, and should not be interpreted as such by anyone.

-1-

of the specific evidence that will be used to support it." United States v. Higgs, 353 F.3d 281, 325 (4th Cir.2003); see also United States v. Battle, 173 F.3d 1343, 1347 (11th Cir. 1999) (notice of aggravating factors under FDPA "is different from notice of specific evidence"); United States v. Savage, 2013 WL 1934531, at ** 5, 12-19 (E. D. Pa. 2013) (noting that, although the Government must plead the aggravating factors it intends to prove during the penalty phase, no additional notice of the facts is required); United States v. Lujan, 530 F. Supp. 2d 1224, 1267 (D.N.M. 2008) (noting that "[a]dequate notice under the FDPA is satisfied where the government sets forth the aggravating factors that it intends to prove; [the FDPA] does not convey additional discovery rights."); United States v. Taylor, 316 F. Supp. 2d 730, 741 (N. D. Ind. 2004) (noting that the FDPA requires no more than filing notice stating that government intends to seek death penalty and setting forth aggravating factors that government intends to prove); United States v. Edelin, 128 F. Supp. 2d 23, 42 (D.D.C. 2001) (same).

Notwithstanding this caselaw, the Government provides the following outline of anticipated evidence out of deference to the Court's scheduling order, and in the interest of avoiding unnecessary litigation. This outline is provided with the obvious caveat that trial in this case is eleven months away and the Government's penalty phase investigation is ongoing.[2] The Government reserves the right to present relevant evidence that it uncovers after the date of this writing. Moreover, the inclusion of evidence in this outline should not be relied upon by you as a guarantee that the Government will present such evidence during its case-in-chief in the penalty phase. With those caveats and reservations in mind, the Government provides the following outline of anticipated evidence during the penalty phase:

1. <u>Death During Commission of Another Crime</u>

    A. Surveillance video footage from June 9, 2017, near the University of Illinois.
    B. Testimony from persons who interacted with Christensen on June 9, 2017.
    C. Physical evidence collected from Christensen's apartment.
    D. Forensic evidence collected from Christensen's apartment.
    E. Physical evidence collected from Christensen's automobiles.
    F. Forensic evidence collected from Christensen's automobiles.
    G. Forensic evidence collected from Christensen's electronic devices.
    H. Forensic evidence of Christensen's social media and internet usage.
    I. Photographs or other documentation and testimony from persons with knowledge thereof.
    J. Evidence of other crimes or acts which demonstrate *modus operandi*.
    K. Christensen's admissions.

---

[2] Further, the deadlines for giving notice of certain defenses has not yet arisen. Such notice will necessarily affect our penalty phase investigation and, thus, the expected evidence.

2. <u>Heinous, Cruel, or Depraved Manner of Committing the Offense</u>

   A. Physical evidence collected from Christensen's apartment.
   B. Forensic evidence collected from Christensen's apartment.
   C. Forensic evidence collected from Christensen's electronic devices.
   D. Forensic evidence of Christensen's social media and internet usage.
   E. Evidence of other crimes or acts which demonstrate *modus operandi*.
   F. Photographs or other documentation and testimony from persons with knowledge thereof.
   G. Christensen's academic records.
   H. Christensen's admissions.

3. <u>Substantial Planning and Premeditation</u>

   A. Physical evidence collected from Christensen's apartment.
   B. Forensic evidence collected from Christensen's apartment.
   C. Forensic evidence collected from Christensen's electronic devices.
   D. Forensic evidence of Christensen's social media and internet usage.
   E. Evidence of other crimes or acts which demonstrate *modus operandi*.
   F. Photographs or other documentation and testimony from persons with knowledge thereof.
   G. Christensen's academic records.
   H. Christensen's admissions.

4. <u>Victim-Impact Evidence</u>

The FDPA describes victim-impact evidence as "factors concerning the effect of the offense on the victim and the victim's family." 18 U.S.C. § 3593(a). The Act permits evidence in the form of testimony, a victim-impact statement, "and any other relevant information." <u>Id</u>; see also <u>United States v. Lawrence</u>, 735 F.3d 385, 405 (6th Cir. 2013) (allowing eight witnesses for the Government to testify as to their relationship with the victim and the effect of his death – including a fellow police officer who served with the victim); <u>United States v. Barnette</u>, 211 F.3d 803, 818 (4th Cir. 2000) (allowing seven witnesses to give victim impact testimony).

The Supreme Court has sanctioned the use of victim-impact evidence in the penalty phase. "The Eighth Amendment . . . permits capital sentencing juries to consider evidence relating to the victim's personal characteristics and the emotional impact of the murder on the victim's family in deciding whether an eligible defendant should receive a death sentence." <u>Jones v. United States</u>, 527 U.S. 373, 395 (1999). "'[T]he State has a legitimate interest in counteracting the mitigating evidence . . . by reminding the sentencer that just as the murderer should be considered as an individual, so too the victim is an individual

whose death represents a unique loss to society and in particular to his family.'" Payne v. Tennessee, 501 U.S. 808, 825 (1991) (quoting Booth v. Maryland, 482 U.S. 496, 517 (1987). In order "to assess meaningfully the defendant's moral culpability and blameworthiness," the jury should be permitted to consider the specific harm caused by the crime. Id.

Although the Supreme Court has recognized that victim-impact evidence may constitute a due process violation if it is "so unduly prejudicial that it renders the trial fundamentally unfair," no court has ever reversed a conviction on those grounds. Barnette, 211 F.3d at 818 (quoting Payne, 501 U.S. at 825). Indeed, the Supreme Court refused to grant *certiorari* to consider an alleged due process violation based on a "20-minute video consisting of a montage of still photographs and video footage . . . narrated by the victim's mother with soft music playing in the background . . . [which] ended with a view of her grave marker and footage of people riding horseback in Alberta, Canada—the 'kind of heaven' in which her mother said she belonged." Kelly v. California, 555 U.S. 1020, 1020 (2008).

Accordingly, the Government expects to present victim-impact evidence as follows:

   A. Photographs, video, journals, essays, or other documentation detailing Y.Z.'s life in China, her matriculation to the University of Illinois, and her plans for the future.
   B. Testimony from family members and friends of Y.Z.[3]
   C. Christensen's admissions as to victim impact.

5. Future Dangerousness

   A. Forensic evidence collected from Christensen's electronic devices.
   B. Forensic evidence of Christensen's social media and internet usage.
   C. Evidence of other crimes or acts which demonstrate *modus operandi*.
   D. Photographs or other documentation and testimony from persons with knowledge thereof.
   E. Christensen's academic records.
   F. Christensen's admissions.

6. Lack of Remorse

   A. Christensen's admissions.
   B. Christensen's academic records.
   C. Forensic evidence collected from Christensen's electronic devices.

---

[3] Victim impact evidence is not limited to family members. Lawrence, 735 F.3d at 405 (fellow law enforcement officer may give victim impact statement).

    D.    Forensic evidence of Christensen's social media and internet usage.
    E.    Photographs or other documentation and testimony from persons with knowledge thereof.
    F.    Testimony of persons who interacted with Christensen at the University of Illinois.

7. Other Serious Acts of Violence

    A.    Testimony from Christensen's prior victims.
    B.    Christensen's admissions.
    C.    Forensic evidence from Christensen's electronic devices.
    D.    Photographs or other documentation and testimony from persons with knowledge thereof.

8. Vulnerability of Victim

    A.    Testimony from family members of Y.Z.
    B.    Testimony of friends of Y.Z.
    C.    Evidence of other crimes or acts which demonstrate *modus operandi*.
    D.    Expert testimony regarding Chinese culture of complying with authority figures.
    E.    Christensen's admissions.

9. Obstruction

    A.    Christensen's admissions.
    B.    Photographs or other documentation and testimony from persons with knowledge thereof.

Almost all of the evidence contained within this outline has been disclosed to you. Evidence which has not yet been disclosed, but which is subject to the Court's scheduling order, will be disclosed according to that order. Certain evidence which is listed on this outline has not yet been obtained by the Government and, to the extent that such evidence is not otherwise subject to the Court's scheduling order, it will be disclosed to you upon its receipt.

At this time, and in consideration of the voluminous discovery provided by the Government – including this correspondence, the Government hereby renews its request for reciprocal discovery pursuant to FEDERAL RULE OF EVIDENCE 16(b). No such reciprocal discovery has been produced to date.

Should you have any questions or concerns about any of the above, please do not hesitate to contact me at your convenience.

Sincerely Yours,

*[signature]*

James B. Nelson
Trial Attorney
Capital Case Section
1331 F. Street NW, Room 625
Washington, DC 20004
(202) 598-2872
james.nelson@usdoj.gov

cc: AUSA Eugene L. Miller
AUSA Bryan D. Freres
SA Andrew M. Huckstadt