IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S RESPONSE
### TO THE DEFENDANT'S EMERGENCY MOTION FOR AN EVIDENTIARY
### HEARING REGARDING SEARCH OF DEFENDANT'S CELL

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court dismiss the Defendant's Motion for an Evidentiary Hearing Regarding the Search of the Defendant's Cell at the Livingston County Jail as premature because it fails to identify any ripe, cognizable issue for the Court to address. As the Court correctly implied at a hearing on Monday, December 17, 2018, at this point, this is a discovery issue between the parties.

### BACKGROUND

A federal grand jury charged the defendant, Brendt A. Christensen, with kidnapping Yingying Zhang and further alleged that he intentionally killed her in an especially heinous, cruel, and depraved manner after substantial planning and premeditation. (R.26) On July 5, 2017, the Court ordered the defendant detained

pending trial and remanded him to the custody of the Attorney General's designated representative for pre-trial confinement in a corrections facility. (R.11) The defendant is currently being held in the Livingston County Jail in Pontiac, Illinois.

Per the policy of the institution where the defendant is being held, jail staff conducts regular searches of inmates' cells (or "pods") for security reasons. Moreover, the jail staff is permitted to conduct, at any time, random searches of an inmate's cell or pod at the discretion of jail staff.

On Friday, December 14, 2018, as the defendant is aware, agents of the Federal Bureau of Investigation travelled to the Livingston County Jail while the defendant was in Peoria for court proceedings in this matter. They chose to approach potential witnesses at the Livingston County Jail on this day to avoid any contact with the defendant, who is represented by counsel. During that visit, Livingston County Jail personnel showed the FBI agents the defendant's pod and conducted a search of his pod. The FBI spoke with the jail staff about the search and cautioned that the FBI did not want to know about any attorney-client information. After that, the jail staff shared with the FBI the nature of the items it had located with the defendant's pod, including a contraband pen and six books, in violation of the jail's three book limit.

**RESPONSE**

I.  **No Evidentiary Hearing Is Warranted At This Time.**

The defendant fails to cite any authority in support of his expansive claim that he is entitled to an evidentiary hearing in his criminal case for the mere purpose of discovering what investigative efforts the Federal Bureau of Investigation is conducting. In his motion, the defendant acknowledges that he does not know "whether any items were confiscated" or whether "agents viewed, took photographs, or in any other way documented or examined" the defendant's personal belongings. (R.187 ¶¶2b. & 2g.) Prior to filing the motion, the defendant did not confer with the United States to request the information that he acknowledges he does not have.

Nonetheless, the defendant claims that he should have the right to an evidentiary hearing to question FBI agents and Livingston County Jail staff about their law enforcement activities and to require the United States to provide him with any evidence of their activities, independent of and outside of the discovery process, Rule 16 of the Federal Rules of Evidence, or 18 U.S.C. § 3500 ("the Jencks Act."). He further asks this Court to immediately order the FBI to stop any ongoing investigation at the Livingston County Jail. This "emergency" request for an injunction and for the Court to allow the defendant to question law enforcement witnesses at an evidentiary hearing conflicts with applicable statutes, rules, and the discovery process. Given that there is no legal basis for the defendant's request, it must be denied.

### A. The defendant's requests for an injunction and an evidentiary hearing are not justified by the Fourth Amendment.

Notably, the defendant's motion does not request the suppression of evidence. Rather, the defendant's motion seeks an injunction and an evidentiary hearing to determine what the Livingston County Jail staff found when they searched his cell and to keep them from doing it again. In essence, he is complaining about the conditions of his confinement, namely, that the staff at the Livingston County Jail is entitled to search his cell. Any such complaints and request for an injunction should be brought as a civil rights case, not in his pending criminal case. *See Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Kayin El v. Monroe Cty. Jail*, 2018 WL 1090426, at *2 (S.D. Ill. Feb. 28, 2018).

The defendant cites no authority that would grant the Court jurisdiction to issue an injunction or conduct an evidentiary hearing in a criminal case under these circumstances. If the United States obtained evidence from the search that it intended to introduce against the defendant, the defendant would obviously be entitled to file a motion to suppress that evidence in this case. Until such circumstances present themselves, however, the defendant's request for an evidentiary hearing and injunction must be dismissed for lack of jurisdiction.

Moreover, even if this criminal proceeding were the right vehicle for the defendant to challenge a search by jail staff, a claim that a search by jail staff violates his Fourth Amendment rights is without merit:

4

> [W]e hold that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.

*Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984); *see also United States v. Paxton*, 848 F.3d 803, 811 (7th Cir. 2017) (holding no expectation of privacy inside a marked police van). In fact, the United States cited *Hudson* and *Paxton* in its response to the defendant's motion to suppress his recorded jail calls.

Additionally, as the United States previously pointed out in its prior filing, the same analysis applies as equally to pre-trial detainees as it applies to inmates. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 544-47 & n. 28 (1979) ("There is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates."); *United States v. Van Poyck*, 77 F.3d 285, 290-91 (9th Cir. 1996) (the "extent of curtailment for pretrial detainees is the same as for convicted inmates").

In his motion, the defendant argues that his expectation of privacy changes if the search was initiated by the FBI, rather than jail officials. It is well-settled, however, that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996). Moreover, the Seventh Circuit very recently noted that it has never accepted the argument made by the defendant here:

> Cannon also argues that he had an expectation of privacy as to searches conducted for investigative purposes rather than for institutional-security reasons, but we have never drawn such a distinction, and at least one

5

court has specifically disavowed it. *See Willis v. Artuz*, 301 F.3d 65, 68–69 (2d Cir. 2002).

*Cannon v. Newport,* No. 17-2753, 723 Fed.Appx. 344, 347 (7th Cir. May 21, 2018) (unpublished order). Interestingly, the Seventh Circuit cited the Second Circuit's *Willis* case, which was decided after and specifically limited the Second Circuit case, *United States v. Cohen,* 796 F.2d 20, 23 (2d Cir. 1986), upon which the defendant relies. *See Willis,* 301 F.3d at 69 ("loss of privacy rights can be justified on grounds other than institutional security").

Importantly, *Cohen* was decided by the Second Circuit in 1986, ten years before *Whren*, so it is questionable whether its exception to *Hudson* based on the subjective reason for the search is still good law. Moreover, *Cohen* does not appear to have been accepted by any other circuit, and in fact, appears to be routinely distinguished. *See, e.g., United States v. Stanishia*, 687 F. App'x 183, 186 (3d Cir.), *cert. denied*, 138 S. Ct. 259 (2017) (holding cell search based on law enforcement tip did not violate Fourth Amendment); *United States v. Hogan*, 539 F.3d 916, 924 (8th Cir. 2008) (finding no Fourth Amendment violation where papers seized from jail cell introduced at trial); *United States v. Reece*, 28 F.3d 114 (Table), at *1 (10th Cir. 1994) (no Fourth Amendment violation for admitting bank documents seized from prison cell at the request of the IRS).

    **B.**    **The defendant's requests for an injunction and an evidentiary hearing are not justified by the Sixth Amendment.**

In addition to his Fourth Amendment claim, the defendant contends that Livingston County Jail staffs' search of his cell violated the Sixth Amendment. The United States agrees with the defendant that it has no right to any materials protected

by the attorney-client privilege. As noted earlier, the FBI agents informed the Livingston County Jail staff that they did not want to be exposed to any attorney-client materials.

The prosecutors have not viewed any of the items found by the Livingston County Jail staff or told the contents of any writings. Based upon the defendant's concerns, and out of an abundance of caution, the United States will ask a prosecutor who is "walled off" from the Christensen case to review any such materials to ensure they do not contain any attorney-client materials. If there are any questionable items, the filter review prosecutor will work with defense counsel to resolve the issues, or will litigate those issues before the Court, before any such items would be revealed to the prosecutors.

At this point, however, it is unnecessary to involve the Court in an evidentiary hearing or injunction. The filter team attorney should first work with defense counsel through the discovery process to attempt to resolve these matters without Court involvement, as required by local rules.

## CONCLUSION

The defendant's Fourth Amendment and Sixth Amendment claims are premature because the United States has not yet reviewed any evidence obtained from the search of the defendant's cell, nor has the defendant identified any evidence that he seeks to suppress. Moreover, any Fourth Amendment claim is without merit as the defendant has no legitimate expectation of privacy in his jail cell. Additionally, no Sixth Amendment violation has occurred, and the United States will continue to work with

7

defense counsel to ensure that no such violation occurs in the future. Therefore, no evidentiary hearing or injunction is warranted at this time.

WHEREFORE the United States respectfully requests that this Court deny without a hearing the defendant's Emergency Motion for an Evidentiary Hearing Regarding Search of Defendant's Cell.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov