IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION FOR LEAVE
TO FILE A SUR-REPLY TO THE DEFENDANT'S MOTION
TO ESTABLISH RULE 12.2 PROCEDURES**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully moves the Court for leave to file a sur-reply to the defendant's motion for an order establishing Rule 12.2 procedures. (R.162).  The bases for the United States motion are as follows:

1.  The defendant filed his motion to establish Rule 12.2 procedures on December 3, 2018.  (R. 162).

2.  On December 10, 2018, the United States filed a response to the defendant's motion, and proposed alternative Rule 12.2 procedures to the Court. (R.180).

3.  On December 14, 2018, the parties presented oral argument on the Rule 12.2 procedures before the Court in Peoria.  During oral arguments, the defendant

misstated the United States' position on a number of issues, including the breadth of the rebuttal examination that the United States is entitled to pursue, given that the defendant has filed a Rule 12.2 notice.

4. On January 4, 2019, the defendant filed a reply brief with regard to Rule 12.2 procedures. (R.198). This reply brief again misstates both the United States' position on testing issues, and the law regarding the United States' right to conduct a rebuttal examination. More importantly, the reply brief misstates the clinical standard for differential diagnoses of the 12 mental conditions that the defendant has placed in issue.

5. The defendant did not fully brief these issues in its opening brief, and following the prevailing clinical standard is critical to establishing Rule 12.2 procedures that will survive appeal. *Moore v. Texas*, 572 U.S. \_\_\_, \_\_\_, 137 S. Ct. 1039, 1048-53 (2017) (holding that the Court must apply prevailing clinical standards in ruling on mental health issues in death penalty cases).

6. The United States requests leave of the Court to file a brief sur-reply on the issue of the scope of the United States' rebuttal testing. Though the United States continues to disagree with the defendant as to the other issues raised in the reply brief, the United States concedes that those matters have been fully briefed by both parties and relies on its papers and argument already submitted.

WHEREFORE, the United States respectfully requests that the Court grant the United States leave to file a brief sur-reply to the defendant's reply brief (R.198), limited to the issue of the scope of the United States' rebuttal examination.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov