E-FILED
Monday, 14 January, 2019 02:57:46 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 17-cr-20037-JES-JEH
)
BRENDT A. CHRISTENSEN, )
)
Defendant. )

## ORDER AND OPINION

Now before the Court is Defendant Brendt A. Christensen's Motion (Doc. 117) to Declare the Federal Death Penalty Act Unconstitutional as Applied on the Ground that the Facts of this Case, Coupled with the Sovereign Decision of the State of Illinois to Abolish Capital Punishment, Demonstrate that its Application Here Violates the Tenth Amendment and Principles of Federalism in the Constitution of the United States. The United States has filed a Response (Doc. 141) and Defendant has filed a Reply (Doc. 168). A hearing was held on December 14, 2018. For the reasons set forth below, Defendant's Motion (Doc. 117) is DENIED.

### BACKGROUND

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Yingying Zhang, a female Chinese national, in violation of 18 U.S.C. § 1201(a)(1). Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois. *See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment charged Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and with making false statements to FBI agents investigating Ms. Zhang's disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding

Indictment returned by the grand jury also included a notice of special findings regarding the nature of the offense charged in Count 1, including that the death of the victim was intentional, that it occurred during the commission of kidnapping, that it was committed in an especially heinous, cruel, or depraved manner, and that Defendant committed the offense after substantial planning and premeditation. *Id*. The special findings alleged in the Superseding Indictment made the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq*. On January 19, 2018, the United States filed its Notice of Intent to Seek a Sentence of Death (“NOI”). Doc. 54; *see also* 18 U.S.C. §3593(a).

This Motion concerns the constitutionality of the Federal Death Penalty Act (FDPA), 18 U.S.C. § 3591 *et seq.*, as applied to Defendant’s case. The crime Defendant stands accused of was committed in the State of Illinois; he will be tried in a federal court sitting in Illinois; and the State of Illinois has abolished the death penalty. Defendant argues the FDPA is unconstitutional under the Tenth Amendment to the United States Constitution.

## LEGAL STANDARD

The challenge before the Court is an as-applied constitutional challenge under the Tenth Amendment of the United States Constitution. In reviewing an as-applied challenge, the Court must examine solely the facts of the case before it, “not any set of hypothetical facts under which the statute might be unconstitutional.” *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012).

## DISCUSSION

Defendant’s argument initially took two forms. First, he argued the federal government is unconstitutionally commandeering the resources of the State of Illinois with regard to investigation and trial of this case and would unconstitutionally commandeer the resources of

other States to carry out the death penalty if it is imposed. Second, he argued the interests of the State of Illinois outweigh the interests of the federal government such that applying the FDPA here violates the Tenth Amendment. However, at oral argument Defendant agreed his commandeering arguments were premature and not ripe for argument. The Court therefore finds Defendant's commandeering challenge unripe. The arguments may be resubmitted should they become ripe in this case.

The Government initially challenged the ripeness of the interest-balancing argument as well as the commandeering arguments as Defendant has not been found guilty, let alone sentenced to death. The Court finds Defendant has made a compelling argument why the claim that State interests outweigh those of the Federal Government should be considered now. Many of the relevant alleged harms will occur not at sentencing but rather upon empaneling the jury. For instance, Defendant has claimed one of the State interests is the psychological well-being of its citizens called as jurors. This interest, Defendant asserts, could be harmed when jurors are questioned about their ability to serve as jurors in a death-eligible case at voir dire. The interest-balancing argument is therefore ripe.

The interest-balancing argument asks this Court to weigh the interests of the State of Illinois against the interests of the Federal Government. Courts reviewing Tenth Amendment challenges no longer utilize the sort of balancing test Defendant seeks to apply. Defendant bases his argument on a quotation from *New York v. United States* in which the Supreme Court recognized that it had, in the past, performed such a test. 505 U.S. 144, 177 (1992). The Supreme Court cited *National League of Cities v. Usery*, 426 U.S. 833 (1976) and two cases following it, *EEOC v. Wyoming*, 460 U.S. 226 (1983) and *United Transportation Union v. Long Island Railroad Co.*, 455 U.S. 678 (1982), as examples where it engaged in interest balancing. But

*National League of Cities* was overruled by *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 556–57 (1985). With it went that mode of interpretation of the Tenth Amendment. *New York*, 505 U.S. at 178 ("The Court has more recently departed from this approach.").

As the Supreme Court explained in *New York*, the questions of whether a power is reserved to the States and whether an act is within Congress's enumerated powers "are mirror images of each other." 505 U.S. at 156 ("If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States; if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress."); *see also United States v. Comstock*, 560 U.S. 126, 143–44 (2010) ("Virtually by definition, [the enumerated powers] are not powers that the Constitution reserved to the states." (internal quotation marks and citation omitted)); *United States v. Wilson*, 159 F.3d 280, 287 (7th Cir. 1998) ("[W]hen Congress acts pursuant to an enumerated power, there can be no violation of the Tenth Amendment."). The question of whether the Tenth Amendment has been violated is therefore not one of interest balancing, but rather of the extent of Congress's enumerated powers.

"Congress, of course, has the power to fix the sentence for a federal crime . . . ." *Mistretta v. United States*, 488 U.S. 361, 364 (1989). Therefore, the only question remaining under the Tenth Amendment is not whether the criminal penalty is allowable but rather whether Congress was empowered to criminalize the act that gave rise to it. The Court has ruled that Congress acted within the constitutional bounds of its Commerce Clause authority when it enacted the statute criminalizing this conduct. Doc. 202. Defendant's generalized gesturing to principles of federalism and argument based upon an interest balancing approach therefore cannot succeed.

*Cf. United States v. Sanders*, 909 F.3d 895, 906 (7th Cir. 2018) (rejecting a defendant's Tenth Amendment argument where she did "not credibly identify any individual right embodied in the Constitution or in a federal statute that allows her to challenge her sentence based on vague notions about the 'principles of federalism.' " (quoting *Ramos v. United States*, 321 F. Supp.3d 661, 668–69 (E.D. Va. 2018)) (alterations omitted)).

**CONCLUSION**

For the reasons set forth above, Defendant's Motion (Doc. 117) is DENIED.

Signed on this 14th day of January, 2019.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge