IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DR. GEOFFREY LOFTHUS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully requests that this Court exclude the testimony of Dr. Geoffery Lofthus during the January 18, 2019, hearing on the defendant's motion to exclude eyewitness identification, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) and Federal Rule of Evidence 702.

### PROCEDURAL HISTORY

On February 14, 2018, the Court issued a scheduling order that, among other things, required the defendant to give notice of non-Rule 12.2 expert witnesses, including rebuttal witnesses, by August 24, 2018. (R.67) On August 24, 2018, the defendant gave notice of his intended experts, including:

> Eyewitness identification, to rebut the testimony of [K.K] and [E.H.], and to challenge the reliability of eyewitness identification. The defense expert in this subject matter will be Dr. Geoffrey Loftus, Department of Psychology, University of Washington, Guthrie Hall, Room 222, Seattle, WA, 98195-1525. His curriculum vitae is attached hereto.

See Defendant's August 24 Expert Disclosure Letter. (Attachment A) To date, the United States has not received a report or a written summary regarding Dr. Loftus' proposed testimony, despite raising the issue with defense counsel and the Court on multiple occasions.

On November 26, 2018, the defendant orally alleged that he required the testimony of Dr. Loftus in support of his motion to suppress the eyewitness identification testimony. (R.99) The United States maintains, as it stated in its opposition to that motion, that this is a legal issue that can be resolved on the papers, and that no evidentiary hearing is required. (R.146) On December 7, 2018, the defendant filed his reply to the United States' response to that motion. (R.169)

Neither the defendant's motion, nor his reply, included a statement as to why Dr. Loftus' testimony was required for a suppression hearing. Similarly absent from the defendant's filings was a copy of Dr. Loftus' report or a written summary of his proposed testimony. On December 17, 2018, the Court scheduled a hearing on the defendant's motion to suppress for January 18, 2019. To date, the deficiencies in the defendant's disclosure previously discussed with the Court have not been cured.

**ARGUMENT**

1. **The Defendant Has Not Provided Proper Notice of an Expert Witness Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C)**

The Court set August 24, 2018, as the date for the defendant to give notice of his expert witnesses. (R.67) The defendant, acknowledging the Court's authority to require such notice, submitted a document entitled "Expert Disclosure" to undersigned counsel on that date. Attachment A. The disclosure falls short of the requirements for expert notice under Rule 16.

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that the defendant's expert witness notice must include "a written summary of [the witness'] testimony" and such a summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The defendant, however, provided nothing more than the witness' name and mailing address, leaving the United States to speculate as to Dr. Lofthus' opinions and the bases and reasons therefore.

The Court has the discretion to exclude the defendant's proffered expert testimony when he fails to provide adequate notice as required by Rule 16. *See*, *e.g.*, *United States v. Ulbricht*, 858 F.3d 71, 115-17 (2d Cir. 2017) (holding that "the district court did not abuse its discretion in precluding the defense from calling its proposed experts. Not only were the disclosures late, more importantly, they were plainly inadequate. Both disclosures merely listed general and in some cases extremely broad

topics on which the experts might opine"), *cert. denied* 138 S. Ct. 2708 (2018), *abrogated on other grounds as recognized by United States v. Zodhiates*, 901 F.3d 137 (2d Cir. 2018).[1]

In this case, exclusion is the suitable remedy for expert testimony that has not been properly noticed after more than adequate time to do so. The expert notice requirement is designed to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Committee's Note, *accord. Ulbricht*, 858 F.3d at 114. As the Advisory Committee noted, proper notice of whether an expert witness will testify and, if so, what the basis of that testimony will be, is "one of counsel's most basic discovery needs . . . ." *Id.*

Allowing the defendant to present Dr. Lofthus' testimony on January 18, 2019, would excuse the defendant from providing proper notice of the defendant's expert witnesses. As a direct result of the insufficient disclosure, the United States has not had the opportunity to identify and hire a rebuttal expert to refute Dr. Lofthus' findings. Furthermore, the sparse contents of the defendant's notice suggest that either he does not know what Dr. Lofthus will testify about or he does not want to share that

---

[1] As noted in *Zodhiates*, the *Ulbricht* decision was abrogated with regard to its holding that no warrant was required to secure cell tower records. 901 F.3d at 143-44. As *Zodhiates* acknowledges, the Supreme Court held otherwise in *Carpenter v. United States*, ___ U.S. ___, 138 S. Ct. 2206, 2217 (2018). No mention is made in *Zodhiates* or *Carpenter* of the Court's clear authority to exclude expert testimony in the event that proper notice is not given.

information with the United States. Under either possibility, allowing the defendant to proceed with calling Dr. Lofthus at the suppression hearing would be improper.

2. **The Defendant's Improper Notice Prevents the Court from Fulfilling its Function as Gatekeeper**

In addition to prejudicing the United States, the defendant's insufficient notice prevents the Court from performing its assigned role as the gatekeeper of expert witness testimony. Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

As the Advisory Committee noted, the 2000 Amendment to Rule 702 was drafted in response to *Daubert*, and it "affirms the trial court's role as gatekeeper and provides some general standards that the trial court *must* use to assess the reliability and helpfulness of proffered expert testimony" before it is admitted. Fed. R. Evid. 702, Advisory Committee Notes (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (emphasis added)). The Advisory Committee further noted that "the admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." *Id.*

5

To perform its function as gatekeeper, the Court must make a "preliminary assessment of whether the reasoning or methodology underlying the [expert] testimony is scientifically valid" and "can be applied to the facts in issue." *Daubert*, 509 U.S. at 593-93. Such an assessment is impossible "without a clear articulation of what the expert's opinions are and, even more importantly, of the bases for those opinions." *Ulbricht*, 858 F.3d at 116 and n. 50. The defendant's notice does not provide a "clear articulation" of Dr. Lofthus' opinions and the bases therefore.

Although the United States does not know what the basis for Dr. Lofthus' testimony is, he was not present when the eyewitnesses observed defendant or when they examined photo arrays. Moreover, it does not appear that Dr. Loftus has spoken to anyone who was present on those days, and he does not appear to be an expert on photo array identification procedures. As such, it is not clear how his testimony could be helpful to the Court in ruling on the defendant's motion. Further, the United States would exercise its right to file a *Daubert* motion and challenge the scientific bases for Dr. Lofthus' opinions – but we do not know what those opinions or scientific bases are.

Dr. Lofthus' testimony must be excluded from the suppression hearing. To hold otherwise would not only deprive the United States of its right to challenge unqualified expert witnesses pursuant to *Daubert*, it would preclude the Court from performing the gatekeeping function that the Supreme Court has bestowed upon it.

3. **Excluding Dr. Lofthus' Testimony Would Not Prejudice the Defendant**

Whereas allowing Dr. Lofthus to testify as an expert witness would prejudice the United States by depriving it of proper notice pursuant to Rule 16, and denying its right

to challenge unqualified witnesses pursuant to Rule 702, excluding his testimony would not prejudice the defendant.

The Supreme Court has long held in the Fourth Amendment context that suppression is only available as a remedy if evidence was obtained as a result of a police officer's impropriety. *Weeks v. United States*, 232 U.S. 383, 398 (1914), *accord. Herring v. United States*, 555 U.S 135, 139 (2009). The same is true with regard to suppression of a witness' identification of the defendant in a photo array. *Simmons v. United States*, 390 U.S. 377, 384-85 (1968), *accord. Perry v. New Hampshire*, 565 U.S. 228, 237-40 (2012).

The defendant has alleged such impropriety by arguing that, but for an unfairly suggestive photo array, the witnesses would not have identified him as the person who was driving on campus and attempting to lure women into his car. (R.99 at 6-16) Thus, the calling of Dr. Lofthus to testify would only be proper if he were an expert on police identification procedures and could testify that FBI and/or UIPD violated established practices in this case. Although the defendant has not given notice of Dr. Lofthus' testimony, a review of his *curriculum vitae* does not indicate that he is qualified to testify on this topic.

The Seventh Circuit has repeatedly upheld trial courts' exclusion of expert testimony as to eyewitness identifications on the basis that such testimony is not "helpful to the trier of fact[.]" *United States v. Hall*, 165 F.3d 1095, 1106-08 (7th Cir. 1999) (noting that "any weaknesses in eyewitness identification testimony ordinarily can be exposed through careful cross-examination of the eyewitnesses") (listing cases). This is

7

especially true where, as here, there is "substantial corroborating evidence" as to the identification. *Id.* at 1107. Here, the defendant admitted to FBI agents that he drove around campus on the day the eyewitnesses say he did so, and he admitted to a cellmate that he pretended to be an undercover police officer, as the eyewitnesses reported. These confessions add further weight against allowing Dr. Lofthus to testify.

The Seventh Circuit has also long held that "the resolution of a motion to suppress is necessarily fact-specific[.]" *United States v. Stribling*, 94 F.3d 321, 323 (7th Cir. 1996); *United States v. Navarro*, 90 F.3d 1245, 1251-52 (7th Cir. 1996). The defendant's stated basis for suppressing the eyewitness identification is that the photo arrays were overly suggestive or otherwise not conducted in accord with DOJ policy. (R.99 at 11-17) This is the very definition of a fact-specific inquiry. Dr. Lofthus was not present in Champaign-Urbana at any of the relevant times and, as such, he cannot tell the Court what happened. All he could do is opine as to the comparative credibility of certain witnesses – but, of course, such testimony would be impermissible even if he were to testify as an expert. *Hall*, 165 F.3d at 1107 (noting that expert testimony as to witness' credibility is disfavored, because the credibility determination is the exclusive province of the factfinder); *United States v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996).

Thus, excluding Dr. Lofthus from testifying as an expert witness at the suppression hearing will merely prevent the defendant from presenting testimony that is already forbidden.

## CONCLUSION

The defendant has failed to comply with Rule 16(b)(1)(C), as required by the scheduling order. In so doing, he has prejudiced the United States' preparation for the suppression hearing and rendered impotent the Court's gatekeeping function under Rule 702. Most importantly, the expert testimony he apparently seeks to introduce is disfavored in the Seventh Circuit.

WHEREFORE, the United States respectfully requests that the Court issue an order excluding the testimony of Dr. Geoffrey Lofthus from the suppression hearing on January 18, 2019.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson, Bar No. NV 9134
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov