IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION TO LIMIT THE EXAMINATION OF E.H., OR IN THE ALTERNATIVE, TO EXCUSE HER FROM TESTIFYING AT THE JANUARY 18, 2019, SUPPRESSION HEARING**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests this Court to limit the examination of civilian witness, E.H., at the hearing to suppress her identification of the defendant scheduled for January 18, 2019. In the alternative, if this Court should find that her testimony is unnecessary to resolve the defendant's motion, the United States requests that this Court excuse E.H. from testifying at a pretrial evidentiary hearing.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 24, 2018, the defendant filed a motion to bar and suppress identification testimony and evidence of E.H.[1] The basis of the motion is that (1) E.H.'s

---

[1] The defendant's motion also seeks to bar and suppress identification testimony and evidence of K.K. K.K., however, did not identify the defendant. Therefore, for the reasons stated herein, K.K. also should not be required to testify at the scheduled suppression hearing.

alleged encounter with the defendant is irrelevant and unfairly prejudicial to the defendant; and (2) E.H.'s out-of-court identification of the defendant is the product of an unduly suggestive procedure. On October 16, 2018, the United States filed its response, arguing that (1) evidence of E.H.'s encounter with and identification of the defendant is admissible under the Federal Rules of Evidence; and (2) evidence of E.H.'s out-of-court identification is not inadmissible based on the procedure employed.[2] Because a review of the defendant's and the United States' filings show that there are no genuinely disputed factual issues regarding what E.H.'s testimony will be or the identification procedures employed, the United States asked this Court to deny the defendant's motion without an evidentiary hearing.

On November 26, 2018, at the defendant's request, this Court scheduled an evidentiary hearing on the defendant's motion to suppress E.H.'s testimony for January 18, 2019. On January 4, 2019, the defendant requested that the United States ensure that five law enforcement officers specified by the defendant be present for the January 18, 2019, hearing. The United States agreed. This week, the United States became aware that the defense has served E.H. with a subpoena to testify at the January 18 hearing. Given that neither her expected testimony nor the identification procedures are factually disputed, and that five law enforcement officers will be present at the defendant's request to describe those matters, E.H.'s testimony does not appear to

---

[2] The defendant also claims that the Court must find "reliability," but as the United States pointed out in its response, this is only true if, and after, the Court would find that the lineup procedure was both suggestive and unnecessary.

be necessary. To the extent the defendant can articulate a reason for this testimony, the United States would ask this Court to limit her testimony to the stated reason. To the extent the defendant cannot articulate a valid reason for this testimony, the United States would request that this Court excuse her from testifying.

## ARGUMENT

I. **E.H.'s Testimony Is Unnecessary, And In Any Event, Should Be Limited To The Identification Procedures Employed.**

First, the defendant asks this Court to bar E.H.'s testimony at trial based on relevance and unfair prejudice.[3] For purposes of this motion, the parties do not contest the expected testimony of E.H. as set forth in both their filings. Therefore, no evidentiary hearing is necessary on this issue. This Court can resolve this legal issue based on the pleadings filed by the parties.

Second, the defendant asks this Court to bar E.H.'s out-of-court identification of the defendant. As the United States explained in its response to the defendant's motion, where "a witness identifies the defendant in a police-organized photo lineup. . . the identification should be suppressed only where 'the photographic identification procedure was so [unnecessarily] suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *Perry v. New Hampshire*, 565 U.S. 228, 238 (2012) (quoting *Simmons v. United States*, 390 U.S. 377, 384-85 (1968)). Thus, the proper inquiry at the suppression hearing is only the identification procedures used, not the

---

[3] The defendant also asks the Court to bar K.K.'s testimony based on relevance and prejudice. For the same reasons, K.K.'s testimony is unnecessary for the Court to resolve this issue.

3

result. *Id. See also Manson v. Brathwaite*, 432 U.S. 98, 112-13 (1977); *Neil v. Biggers*, 409 U.S. 188, 198-99 (1972)). Here, the identification procedures are not disputed. Moreover, the five law enforcement witnesses who will testify are capable of informing this Court of those procedures. To the extent the defendant credibly believes E.H.'s testimony is necessary regarding the procedures, her testimony should be limited to her knowledge of those procedures.

II.     **The Defendant Is Not Entitled To Examine And Challenge E.H. Prior To Trial As To The Reliability Of Her Expected Trial Testimony.**

Typically, it is for the finder of fact to determine the reliability of a witness's testimony. *See United States v. Hall*, 165 F.3d 1095, 1106-08 (7th Cir. 1999) (noting that the proper method for "exposing weaknesses" in a witness' identification is "through careful cross-examination" before the factfinder.). The defendant has correctly noted in his motion that, if a court finds a particular identification procedure to be unduly and unnecessarily suggestive, the court still may admit the identification if it is reliable. Here, however, the defendant has not yet established that the procedure was unduly and unnecessarily suggestive, nor does the United States believe the evidence will support his allegation. Therefore, there is no basis to examine E.H. at this time – as opposed to at trial – as to the reliability of her identification. The defendant may not call a witness he knows will not give useful evidence, just to otherwise impeach her. *See United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984); *accord United States v. Medley*, 913 F.2d 1248, 1257 (7th Cir. 1990) (holding that it is improper to subpoena a witness as a "subterfuge to get . . . evidence otherwise not admissible"); *United States v. Finley*, 708

4

F. Supp. 906, 909 (N. D. Ill. 1989) ("a party may not call a witness for the sole purpose of impeaching him") (citing *United States v. Gorny*, 732 F.2d 597, 604 (7th Cir. 1984)).

In fact, permitting this broad examination would be to give the defendant an unfair advantage by allowing him to improperly depose a witness for the United States prior to trial.[4] It is also concerning that the defendant has requested to the United States that his retained expert, Dr. Lofthus, be present in the courtroom during E.H.'s testimony, ostensibly to allow Dr. Lofthus to opine later at trial as to the alleged unreliability of E.H.'s testimony and identification based on his own personal observations of her testimony. As the United States explained in its motion to bar Dr. Lofthus's testimony, this would be highly improper and seriously invade the province of the jury. *See, e.g., Hall*, 165 F.3d at 1106-08 (holding it is improper for an expert witness on eyewitness identification to testify as to the credibility of the identifying witness's testimony).

---

[4] Upon information and belief, defense investigators have previously approached E.H., but she declined to speak with them. The defendant should not be allowed to use a subpoena to obtain an interview.

WHEREFORE, the United States of America respectfully requests this Court to limit the examination of E.H. to relevant areas of inquiry regarding the defendant's motion to suppress identification, or should it find there are none, to excuse her from testifying.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

| | |
|---|---|
| s/Eugene L. Miller | s/ James B. Nelson |
| Eugene L. Miller | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC  20004 |
| eugene.miller@usdoj.gov | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov
