UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>BRENDT A. CHRISTENSEN, )<br>)<br>   Defendant. ) | Crim. No. 17-20037 |

MOTION FOR EXTENSION OF TIME IN WHICH TO AMEND 12.2. NOTICE

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion for Extension of Time in Which to Amend 12.2 Notice, states as follows:

1.      On July 12, 2017, Defendant Brendt A. Christensen was charged by Indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). (R. 13.) A Superseding Indictment was filed on October 3, 2017, alleging one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of false statements in violation of 18 U.S.C. § 1001(a)(2). The Superseding Indictment also contained a Notice of Special Findings listing four gateway intent factors under 18 U.S.C. § 3591(a)(2) and three statutory aggravating factors under 18 U.S.C. § 3592(c): that Y.Z.'s death occurred during the commission of a kidnapping (Section 3592(c)(1)); that the defendant committed the offense in an especially heinous, cruel or depraved

manner (Section 3592(c)(6)); and that the defendant committed the offense after substantial planning and premeditation (Section 3592(c)(9)). (R. 26.)

2.  Count 1 of the Superseding Indictment was a death-eligible charge, and on January 19, 2018, the government filed its Notice of Intent to seek the death penalty (NOI). (R. 54) The NOI re-alleged the four intent factors as well as the three statutory aggravating factors contained in the Superseding Indictment and added six non-statutory aggravating factors. (R. 54.)

3.  In a scheduling order entered by the Court on February 14, 2018, Mr. Christensen was directed to file notice of his intent to present mental health evidence at trial pursuant to Fed. R. Crim. P. 12.2 by September 28, 2018. (R. 67.)

4.  On September 21, 2018, Mr. Christensen filed his Motion for Adequate Time in Which to Submit 12.2 Notice. (R. 129.) In that pleading, he explained that the vast amount of investigative work that must precede the identification and retention of appropriate expert witnesses on the question of a capital defendant's mental health, and the amount of time that those experts must then invest in the process of reviewing the voluminous background materials regarding the defendant and his family history and conducting the evaluation process, precluded him from being able to submit 12.2 notice by September 28, 2018. Mr. Christensen moved the Court to instead convene a status conference on a day convenient to the Court in December, 2018, by which time he anticipated he would be in a position to provide a meaningful estimate of when he would be able to submit the required notice. (R. 129 at 12.)

5. At a hearing before the Court on October 11, 2018, the Court declined Mr. Christensen's request to schedule a status hearing and instead directed him to file his 12.2 notice by December 3, 2018.

6. Mr. Christensen filed notice under Rule 12.2 of his intent to present mental health evidence at the penalty phase of his trial on December 3, 2018. (R. 161.) The Notice stated Mr. Christensen's intent to present evidence that he suffers from a Schizophrenia Spectrum or Other Psychotic Disorder as defined in the American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders*, pp. 87-122 (5th ed. 2013), and that he exhibits neurocognitive deficits consistent with a psychotic disorder. *Id.* at 1. The Notice further disclosed that Mr. Christensen intends to present expert testimony on these subjects by a psychiatrist, a clinical psychologist and a neuropsychologist, and specified all of the tests that each expert had administered to date. *Id.* at 2.

7. Mr. Christensen also explained in his 12.2 Notice that his experts, who were in the preliminary stages of their own evaluations, had identified two additional evaluation procedures that are necessary in order for them to have all relevant information before them when making their final conclusions. *Id.* at 3. Because it had not been possible to arrange for those procedures to be conducted and the results interpreted by December 3, 2018, Mr. Christensen sought leave to amend his 12.2 Notice, if necessary, by February 3, 2019. *Id.* at 3.

8.     On December 21, 2018, the United States government went into partial shutdown due to the failure of Congress to pass an appropriations bill for the 2018-2019 fiscal year. One consequence of the shutdown has been widespread confusion and lack of guidance as to whether agencies such as federal public defender offices could enter into new contracts with service providers while the shutdown remains in effect.

9.     The Federal Defender Office for the Central District of Illinois serves as counsel for Mr. Christensen and is the source of funding for expenses such as expert witnesses required in the case. The Federal Defender Office has been unable to enter into new contracts with newly selected service providers since the shutdown began on December 21, 2018. The Office has therefore been unable to contract with the service providers necessary to perform the additional procedures identified in Mr. Christensen's 12.2 Notice.

10.    It now appears to be the case that as of this afternoon, President Trump announced an end to the shutdown for a period of three weeks to allow for further negotiations.[1] However, with less than two weeks to go before the amended 12.2 Notice is due, Mr. Christensen will be unable to issue the necessary contracts and arrange for the procedures to be conducted and the results to be interpreted in time to file an amended notice by February 3, 2019.

---

[1] https://federalnewsnetwork.com/government-shutdown/2019/01/trump-says-hell-sign-3-week-continuing-resolution-to-reopen-government/

4

10. Mr. Christensen anticipates that *if* the government remains open, he will be able to amend his 12.2 Notice, if amendment is necessary, within 30 days. He therefore requests that the Court grant him until 30 days from the date of the passage of the necessary legislation by Congress in which to amend his 12.2 Notice.[2]

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

---

[2] It appears that a tentative agreement between the White House and Congress has been reached and the shutdown may end imminently, allowing Mr. Christensen to proceed with retaining the necessary service providers in short order. If a final agreement is not reached and the shutdown continues, it is possible that Mr. Christensen will be deprived of the ability to proceed with this stage of his investigation and preparation prior to the currently scheduled trial date. However, there are a number of additional serious issues that will prevent the defense from being ready to proceed to trial on that date. Accordingly, counsel will shortly be filing a motion to continue the trial, setting forth the reasons therefore in detail.

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

>/s/Elisabeth R. Pollock
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, IL 61801
>Phone: 217-373-0666
>FAX:   217-373-0667
>Email: Elisabeth_Pollock@fd.org