E-FILED
Thursday, 31 January, 2019  03:26:10 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO AMEND HIS RULE 12.2 NOTICE AND REQUEST FOR A TELEPHONIC HEARING

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully requests that the Court schedule a telephonic hearing to clarify the relief sought in the defendant's "Motion for Extension of Time Within Which to Amend 12.2 Notice" (R.213) (hereinafter "Def.Motion").

Although the United States does not concede either the legal or factual premises underlying the defendant's request, it does not object to the motion to the extent any amended Rule 12.2 notice does not prejudice the United States or the victim's family. In other words, the United States does not object to an amended notice that (1) does not substantively change the defendant's Rule 12.2 notice (R.161); and (2) will not delay resolution of the fully-briefed and pending issue regarding the appropriate Rule 12.2

procedures, including the motion to examine the defendant, or the trial scheduled to begin on April 1, 2019.

## PROCEDURAL HISTORY

The defendant is alleged to have committed his offenses in June of 2017. (R.13) By October of 2017, the defendant requested additional time from the Court to conduct a mitigation investigation and to retain mental health experts. (R.29) On February 14, 2018, the Court granted the defendant's request for additional time and ordered the defendant to give notice by September 21, 2018, of his intent to raise an *Atkins* defense or to present Rule 12.2 evidence at the guilt or penalty phases of trial. (R.67) On the day his notice was due, the defendant moved, over the United States' objection, for an unspecified extension of time to provide the *Atkins* and Rule 12.2 notice.[1] (R.129,136) On October 11, 2018, the Court denied the defendant's request for an open-ended extension, but extended the *Atkins* and Rule 12.2 notice deadline to December 3, 2018.

On December 3, 2018, the defendant filed a notice of his intent to present mental health evidence in the penalty phase. (R.161) In his notice, the defendant stated that his "retained experts have indicated that two additional evaluation procedures need to be conducted," but represented that the procedures "will only provide further support for the evidence outlined above. There will be no substantive change to the existing notice and therefore no prejudice to the government as a result of any necessary addition at

_____

[1] The defendant mistakenly identifies his original disclosure deadline as September 28, 2018. Def.Motion, at 2. The defendant's notice was due on September 21, and the United States had until September 28 to move for an opportunity to examine him. (R.67)

that time."[2] (R.161 at 3) That same day, the defendant filed a motion requesting the Court impose certain procedures in implementing Rule 12.2. (R.162) On December 10, 2018, the United States responded to the motion and proposed alternate Rule 12.2 procedures. (R.180) The United States also moved to examine the defendant. (R.181)

At a hearing on December 14, 2018, the parties argued their proposed Rule 12.2 procedures.[3] The defendant did not, during argument, discuss amending his Rule 12.2 notice or address how any such amendment would affect his recommended Rule 12.2 procedures. On December 22, 2018, a lapse in government funding occurred. On January 4, 2019, the defendant filed a reply brief addressing the government's recommended Rule 12.2 procedures. (R.198) Neither his initial brief nor his reply brief discussed amending the Rule 12.2 notice or how any such amendment would affect the Rule 12.2 procedures. (R.198) The reply brief also did not raise any concerns regarding the effect on the lapse in government funding with entering into necessary contracts.

On January 21, 2019, with the Court's permission, the United States filed a sur-reply concerning rebuttal examination. (R.212) The sur-reply, which was supplemented by the affidavit of a board-certified expert in clinical neuropsychology and forensic psychology, noted that the defendant's proposed procedures violated the clinical standard and were therefore contrary to the Supreme Court's holding in *Moore v. Texas*,

---

[2] While the defendant requested that he be permitted until February 3, 2019, to amend the notice (R.161), the Court has never granted or ruled on this request.

[3] The defendant clarified during argument that he will not raise an *Atkins* defense and will not seek to admit mental health evidence during the guilt phase of trial.

3

137 S. Ct. 1039, 1048-53 (2017). (R.212) Four days after the United State filed its sur-reply,

the defendant requested that he be allowed 30 days from the end of the lapse in

government funding (*i.e.*, February 25, 2019) to amend the Rule 12.2 notice. (R.213)

**RESPONSE**

While the United States is unaware of any authority for the defendant to amend a

prior Rule 12.2 notice, and does not concede the underlying factual premise for an

extension of time, it does not object to a reasonable and timely amendment of the Rule

12.2 notice by February 15, 2019, provided that neither the United States nor the victim's

family is prejudiced thereby. More specifically, the United States does not object to an

amended notice that (1) does not substantively change the disorders relied upon in the

defendant's Rule 12.2 notice (R.161); and (2) will not delay resolution of the fully-briefed

and pending issue regarding appropriate Rule 12.2 procedures or the trial scheduled to

begin on April 1, 2019.

Thus, to the extent the defendant is requesting the same relief he requested in his

December 3, 2018, filing (*i.e.*, a non-substantive amendment[4] to the Rule 12.2 notice), the

United States does not object. On the other hand, the United States opposes any

_____

[4] The defendant did not specify in his December 3, 2018, filing exactly what the non-substantive amendment would be, although he did state it would be based on two additional recommended examinations. The United States is unclear as to what, precisely, a "non-substantive amendment" means or why it is necessary. Whatever it is, the defendant represented that it would not prejudice the government. Therefore, such an amendment should not change the nature of the mental health defense, delay the government examination, or require a continuance of the trial date. This does beg the question – and precipitates the request of the United States for a telephonic hearing – as to why a non-substantive amendment of the Rule 12.2 notice is necessary.

4

substantive amendment to the Rule 12.2 notice. Therefore, the United States requests a telephonic hearing to allow the defendant to clarify his requested relief with the Court.

## I.      The United States Does Not Object To The Defendant's Request To Non-Substantively Amend The Notice Without Prejudice To The United States

Federal Rule of Criminal Procedure 12.2(b)(2) provides that the defendant must give timely notice if he intends "to introduce expert evidence relating to a mental disease or defect or any other mental condition [bearing on] the issue of punishment in a capital case." If the defendant gives notice that he will present such evidence, the United States can move to have its expert witnesses examine the defendant. Rule 12.2(c)(1)(B). Although that examination would take place before trial, the experts' report may not be provided to trial counsel until after the defendant is found guilty. Rule 12.2(c)(2). The defendant's statements are only admissible through the expert witnesses to the extent that they relate to "the asserted mental condition." Rule 12(c)(4).

Here, the defendant filed his Rule 12.2 notice on December 3, 2018. At the same time, he requested permission until February 3, 2019, to amend the notice. He also represented that "[t]here will be no substantive change to the existing notice and therefore no prejudice to the government . . ." (R.161) Based on this representation by the defendant, the United States has no objection to the defendant's non-substantive amendment to his Rule 12.2 notice to add the results of the two additional procedures. Such a non-substantive amendment should not delay the Court's resolution of the appropriate Rule 12.2 procedures, the defendant's examination by any mental health experts retained by the United States, or the start of the trial on April 1, 2019.

5

Of course, neither the letter nor spirit of Rule 12.2 allows a defendant to file a substantively amended notice that would effectively require re-litigation and reconsideration of the appropriate Rule 12.2 procedures. Both judicial economy and public policy weigh against such an amendment. As the Seventh Circuit has held, albeit in the Rule 12.2(b)(1) context, the law does not allow the defendant to give notice that he "intend[s] to explore the possibility of a psychiatric examination" and then wait until the eve of trial to give notice of his alleged condition. *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986). *Buchbinder* prohibits any substantive amendment of the Rule 12.2 notice so close to trial (February 15, 2019, is only 52 days before the trial begins); therefore, the United States appreciates that the defendant has previously represented any amendment will be non-substantive, limited to the two additional evaluation procedures, and will not prejudice the government.[5]

A substantive amendment on such short notice would obviously run afoul of Rule 12.2. *See United States v. Hudson*, 566 F.2d 889, 890 (4th Cir. 1977) (noting that the purpose

---

[5] Absent this representation, the timing of the defendant's motion would be troubling. The lapse in appropriations lasted for 35 days, but the defendant did not raise it as an issue until the day the lapse ended – and soon after the United States filed a sur-reply relying on the defendant's prior Rule 12.2 notice. (R.212) A substantive amendment of the Rule 12.2 notice at this point would be an unfair attempt to delay, if not thwart, the statutorily required rebuttal examination. As the Supreme Court has noted, a criminal trial is a search for truth. *Williams v. Florida*, 399 U.S. 78, 82 (1970). The defendant has asserted that he suffers from a Schizophrenia Spectrum or other Psychotic Disorder. (R.161) The United States, the Court, and the public, are entitled to know the truth about that claim. A defendant may withdraw a Rule 12.2 notice if he does not wish to risk the consequences of a thorough rebuttal examination. Fed. R. Crim. P. 12.2(e). A defendant may not, however, call time out and move the goal posts in hopes that he can run a trick play before the government gets its defense onto the field.

of Rule 12.2 is to "give the government an opportunity to obtain the expert witnesses

they ordinarily will need"); *see also Buchbinder*, 796 F.2d at 915 (same).

II.     **The United States Would Object To Any Request To Delay Resolution Of The Rule 12.2 Procedures, Including The Defendant's Examination, Or To Continue The Trial Based On An Amended Rule 12.2 Notice Or The Lapse In Appropriations**

While, as set forth, *supra,* the United States does not object to the defendant's

request to make a non-substantive amendment to his Rule 12.2 notice, it does not

concede that the lapse in appropriations justifies the relief requested by the defendant.

As all government employees are aware, a lapse in government appropriations occurred

on December 22, 2018. During the lapse (December 22, 2018 to January 25, 2019),

Department of Justice employees, including Assistant United States Attorneys, DOJ trial

attorneys, and Special Agents with the FBI assigned to the case, were not paid, but

continued to work. According to the Administrative Office of the U.S. Courts, due to

other funding sources, the federal courts --including the Federal Public Defender's Office

-- were able to sustain funded operations during the entire lapse period. According to

the United States Courts website during the lapse, "Criminal cases are expected to

proceed uninterrupted." https://www.uscourts.gov/news/2019/01/07/judiciary-

operating-limited-funds-during-shutdown.

The United States is obviously unaware of whether the defendant attempted to

enter into new contracts with service providers during the lapse in appropriations, let

alone whether he was unable to do so because of the lapse.[6] Nonetheless, his claim that

he needed "new" contracts appears to be inconsistent with his claim on December 3,

2018, that the two additional evaluations were recommended by already "retained"

experts.[7] (R.161) Regardless, the defendant does not explain why the contracts were not

in place on December 3 when he represented that he needed additional time to conduct

the evaluations, or at least in place prior to the looming December 21 lapse in

appropriations.

The United States would also object to an amendment to the Rule 12.2 notice,

whether non-substantive or otherwise, after February 15, 2019, which is 12 days after his

original requested date. The defendant requests until February 25 to amend his motion

and hints at an even longer request in his motion by stating that his requested date is

based on "the government remain[ing] open." (R.213) Because certain appropriations

have only been extended through February 15, 2019, the defendant appears to be setting

the stage to request even more time to amend his Rule 12.2 notice. Since the extension of

time is based on an alleged prior inability to enter into a contract, however, the

defendant should be able to enter into such a contract by February 15. He does not

explain in his motion why any future lapse in funding will prevent such already

_____

[6] The United States is aware that, during the lapse, the defendant was able to fly retained expert, Dr. Geoffery Lofthus, from Seattle to Urbana to attend a day-long hearing on January 18, 2019.

[7] Though he did not identify them by name, the defendant specified that he had retained a neuropsychologist, a psychiatrist, and a clinical psychologist who would testify that he suffered from some combination of the twelve Schizophrenia Spectrum or other Psychotic Disorders. (R.161 at 1-2)

contracted work from going forward, especially in light of the judiciary's direction that "[c]riminal cases are expected to proceed uninterrupted."

Permitting the defendant to substantively amend the Rule 12.2 notice, or amend it at all after February 15, 2019, may require the Court to continue the April 1, 2019, trial date to permit rebuttal examination and attendant litigation. Where a motion to amend a notice would require a continuance of the trial, it is effectively a motion to continue the trial date.[8] In such a case, the Court must consider a multitude of factors in deciding whether to grant the motion, including the public interest in a speedy trial and the right of the victim's family to "proceedings free from unreasonable delay." 18 U.S.C. §§ 3161(h)(7)(A), 3771(a)(7).

## CONCLUSION

As set forth above, while the United States does not concede either the legal or factual premises underlying the defendant's request, it does not object to the defendant's request to that extent he intends to non-substantively amend his prior Rule 12.2 notice on or before February 15, 2019, based on the two additional procedures he previously referenced. The United States would object to any substantive amendment to the Rule 12.2 notice, any amendment after February 15, 2019, any delay in resolving the fully-briefed and pending issue regarding the appropriate Rule 12.2 procedures, including the

_____

[8] In footnote 2 of his motion, the defendant states "there are a number of additional serious issues that will prevent the defense from being ready to proceed to trial" on April 1, 2019. (R.213) The defendant further states he "will shortly be filing a motion to continue the trial." (R.213) Given that the trial date has been set for approximately one year and the United States has relied on that trial date, including scheduling travel for witnesses and the victim's family to attend from China, the United States urges the Court to resolve any motions to continue as soon as possible.

defendant's examination, or any continuance of the trial scheduled to begin on April 1,

2019. Therefore, the United States requests a telephonic hearing to clarify the relief

requested by the defendant in his motion to amend his Rule 12.2 notice.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY


s/ Eugene L. Miller                    s/ James B. Nelson
Eugene L. Miller, Bar No. IL 6209521   James B. Nelson
Assistant United States Attorney       Trial Attorney
201 S. Vine St., Suite 226             Capital Case Section
Urbana, IL 61802                       United States Department of Justice
Phone:  217/373-5875                   Washington, DC 20004
Fax:  217-373-5891                     1331 F St. NW, Room 625
eugene.miller@usdoj.gov                Washington, DC 20004
                                       Phone: 202/598-2972
                                       james.nelson@usdoj.gov


s/ Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
Fax:  217-373-589
bryan.freres@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 31, 2019, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to counsel of record.


<u>*/s/ James B. Nelson*</u>
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov