UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO
EXCLUDE EXPERT TESTIMONY REGARDING CADAVER SNIFFING CANINE

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Reply to the Government's Response to the Motion to Exclude Testimony Regarding Cadaver Sniffing Canine states as follows:

In its Response, the government asks this Court to vacate the hearing scheduled for Monday, February 11, 2019, and preclude the testimony of the defense expert, Dr. Mary Cablk. The government alleges that there is no need to hold a hearing because the defendant is improperly seeking a *Daubert* hearing as a vehicle to challenge the dog's reliability, not the underlying science of the dog's alert. It also expressed reservations because a previous expert proffered by the defense did not testify at a prior hearing.

First and foremost, the defense does intend to call Dr. Cablk to the stand on Monday. Second, her testimony will cover Sage's training in *cadaver* searching, not the dog's overall qualification on narcotics and other evidentiary items. Her opinion will be

1

that Sage is not properly trained, that Deputy Bruketta did not and still does not adhere to the standards for cadaver training that are well-established in the scientific community, and that Sage cannot tell the difference between items of evidentiary value.

*Daubert* held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony" is relevant *and* reliable. *Kumho Tire Co., Ltd., v. Carmichael,* 527 U.S. 137, 147 (1999). Because *Daubert's* general principles apply to expert matters described in Rule 702, and the government has disclosed Deputy Bruketta as an expert witness, it is difficult to understand how this Court can *not* hold a hearing as part of its gatekeeping function. *Id.* at 149. The objective of *Daubert* is to "ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field….we conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152.

Where a challenge to the reliability of a canine alert is made by expert testimony that the dog's "conclusion" is impossible under the circumstances, a *Daubert* hearing is the proper procedure for mounting that challenge. *United States v. Funds in the Amount of One Hundred Thousand and One Hundred Twenty Dollars ($100,120.00),* 127 F.Supp.3d 879, 882-83 (N.D.Ill. 2015).

> In *Florida v. Harris,* 133 S.Ct. 1050 (2013), the Court found that an alert by an adequately trained dog, unrebutted by opposing evidence, can support a finding of probable cause. But the Court expressly held that those opposing introduction of evidence of a drug-dog alert "must have an opportunity to challenge ... evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing [their] own fact or expert witnesses." 133 S.Ct. at 1057. The Court therefore plainly contemplated expert challenges to the reliability of dog alerts and, moreover, said nothing that can be read to preclude any sort of challenge to the scientific reliability of dog-alert evidence generally, or to dog alerts to currency specifically. The Court was not presented with, and did not consider, any scientific evidence relating to a dog's ability to detect cocaine and did not limit its confirmation of the right to challenge the reliability of a dog's alert in any way. *Id.*

As the Court in *$100,120.00* noted, testimony about what a dog is alerting to, how and what dogs smell, and how dogs react to known odors is "beyond the ken of lay witnesses" and therefore properly the subject of a *Daubert* challenge. *Id.* at 886.

WHEREFORE, Defendant requests that the hearing proceed as scheduled, that Dr. Cablk be permitted to testify, and that the Court grant the relief requested in the Motion.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

4