UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION FOR CONTINUANCE OF TRIAL – SEALED SECTION

**IV. Mr. Christensen's Retained Psychiatrist Is Not Available To Testify At The Scheduled Trial.**

Mr. Christensen's retained experts will not have sufficient time to complete their evaluations and be prepared to testify by the existing trial date. In particular, the retained psychiatrist cannot prepare a report and be available to testify at the existing trial date. As the defense team informed the Court during the October 11, 2018, hearing on the defense's Motion for Adequate Time to Submit 12.2 notice, there was a third category of expert that was needed but not yet retained. (Tr. at 7) That third category of expert was a psychiatrist. The defense was able to find and retain a psychiatrist in late October 2018, which was crucial for filing the Rule 12.2 notice the Court ordered the defense to file on December 3, 2018.

The defense team learned shortly after the psychiatrist was retained it was highly unlikely the psychiatrist would be prepared to testify at the April trial date. Accordingly, the defense team planned on filing a motion to continue and believes the

circumstances of the case require a continuance. More time is needed for the psychiatrist to be prepared to testify and his testimony will be a critical piece of Mr. Christensen's mitigation case.

To be completely candid with the Court, undersigned counsel must make clear that the retained psychiatrist is not available to testify in April or May regardless of his progress evaluating Mr. Christensen due to commitments in other cases. The psychiatrist informed a member of the defense team shortly after being retained he could not testify at an April trial. The exact timeline of these events are as follows.

The psychiatrist was retained on October 29, 2018. On the morning of November 3, 2018, the psychiatrist and some members of the defense team had a conference call. During the conference call a member of the defense team mentioned the April trial date. After the call the psychiatrist sent an email to Ms. Brain expressing surprise at hearing of an April trial date and stating he could not "do a trial that soon." Ms. Brain replied the trial was scheduled for April but she saw "very little chance" the trial would occur that quickly and the psychiatrist's unavailability could be "an additional" argument for continuing the trial. Ms. Brain asked "when is the earliest that would be feasible for" the expert replied the fall of 2019. These email were not shared with the rest of the defense team.

On November 5, 2018, the defense team met and Ms. Brain informed the team the psychiatrist was "not going to be ready for trial in April." At a November 11, 2018, meeting Ms. Brain informed the defense team the psychiatrist could not be "done until next summer at the earliest." The defense team discussed filing a motion to continue

immediately but ultimately decided to wait in order to see how much progress could be made.

The psychiatrist first visited Mr. Christensen on November 15, 2018. On January 3, 2019, the entire defense team had a conference call with the psychiatrist to urge him to visit Mr. Christensen a second time as quickly as possible. During that call the psychiatrist agreed to visit Mr. Christensen at the end of January but also stated he had other commitments that would hamper his ability to spend time on this case. Due to weather issues, the psychiatrist could not travel to meet with Mr. Christensen until Tuesday, February 5, 2019.

On Monday, February 4, 2019, the defense team had a telephone conference with the expert to impress upon him the April trial date and the need for him to be ready for that date if there was no continuance. The psychiatrist told the team he had made it clear when he was retained he could not testify at a trial in April. In a separate meeting on Tuesday, February 5, 2019, Ms. Brain confirmed the psychiatrist had informed her, via email, on November 3, 2018, that he could not testify at a trial in April. On Wednesday, February 6, 2019, Ms. Brain informed undersigned counsel she had informed the psychiatrist via email on November 3, 2018, she saw very little chance the trial would actually proceed in April and the psychiatrist's unavailability would be an additional argument in favor of continuing the April trial date and that the psychiatrist had told her the earliest he could be available to testify would be the fall of 2019.

Late in the evening of February 6, 2019, Federal Public Defender Thomas W. Patton personally confirmed with the psychiatrist that he cannot testify at an April trial

date due to previously scheduled legal commitments.[1] The psychiatrist informed Mr. Patton that if he had been told the case would go to trial in April, or that that was a real possibility, he would not have agreed to act as an expert in the case. The earliest the psychiatrist is available to testify at a trial is the first two weeks of September, or in October.

Following the psychiatrist's retention the defense team proceeded with the hope the psychiatrist would be able to complete the necessary document review, examinations of Mr. Christensen, and interviews of collateral sources before the scheduled trial date, but with the knowledge that it would be extremely difficult for the psychiatrist to do so. Accordingly, undersigned counsel always intended to file a motion to continue the trial date. That fact was shared with the Court and the government on more than one occasion.

The psychiatrist has met with Mr. Christensen twice but it is not possible for him to complete his evaluation by the existing trial date. In fairness to the psychiatrist, he was working under the assumption the case would go to trial sometime in the fall of 2019 at the earliest. The psychiatrist needs to conduct additional interviews of Mr. Christensen, review extensive psychosocial history materials that have been gathered, and conduct interviews of numerous collateral sources before a report can be completed. Undersigned counsel is attempting to locate a different, qualified

---

[1] The psychiatrist is currently scheduled to testify in two trials and at one deposition in three separate cases in the month of March, 2019.  The psychiatrist is also scheduled to testify at and be present for a two-week long hearing in the Southwestern United States in the month of April, and four trials in the month of May.

psychiatrist who would be available to testify in April or May although that may not be possible.

Counsel apologizes to the Court and the government. This matter has not been handled competently by the defense.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org