UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO RECONSIDER AND REQUESTING ARGUMENT
ON DEFENDANT'S PROPOSED SUPPLEMENT TO THE
JOINT JURY QUESTIONNAIRE**

On December 7, 2018, Defendant, Brendt Christensen, through undersigned counsel, filed a *Motion In Support Of Defendant's Proposed Supplement To The Joint Jury Questionnaire* (Doc.179). On Friday, January 18, 2019, the Court was scheduled to hear oral argument on this motion, however, the hearing on a defense challenge to identification procedures went longer than expected and the oral argument was continued to a hearing scheduled for Monday, February 11, 2019.

The "*Agreed, Proposed Jury Questionnaire*" (Doc. 164-1; filed December 6, 2018) departs in several, significant respects from the majority of questionnaires approved and used by federal courts in capital cases over the past ten years. If the Court uses this Jury Questionnaire the Court and parties will lose a significant opportunity to readily and efficiently identify prospective jurors with clear, obvious bias (both death-biased or life-biased). When a Jury Questionnaire includes questions that elicit this information, the

1

parties can review the responses of the prospective jurors and identify for the Court those jurors whose bias is sufficiently evident to excuse based on an agreement of the parties. This process then results in a more efficient use of court time for jury selection because the prospective jurors who are ultimately called to oral voir dire include fewer jurors who hold these extreme, disqualifying views (i.e. the life-qualification and death-qualification process results in a higher "yield" of qualified jurors when the clearly disqualified are identified early in the process). A Jury Questionnaire that elicits more information about a prospective juror's feelings and views about punishment also helps the Court and parties prepare for oral voir dire of the juror in a manner that is tailored and relevant to the views of the juror. This results in a more efficient voir dire process and facilitates a more rational exercise of peremptory challenges by the parties.

Defense counsel were prepared to make a relatively brief presentation and argument to the Court on February 11, 2019, regarding the "*Agreed, Proposed Jury Questionnaire*" and highlighting several relatively modest revisions that would make the Jury Questionnaire significantly more useful to the Court and parties and bring it more in line with the prevailing standard of questionnaires approved and used by federal courts in capital cases in districts across the United States over the past ten years. However, on February 6, 2019, the Court issued an order including the following language:

> The Court ADOPTS, with minor modifications, the parties' Agree, Proposed Jury Questionnaire (Doc. 164-1). The Defendant's Amended Motion (Doc. 179) in Support of Defendant's Proposed Supplement to the Joint Jury Questionnaire is GRANTED as to questions 5 and 6 in Defendant's Sealed Proposed Supplement to the Joint Jury Questionnaire

(Doc. 165) and DENIED in all other respects. Question 45 from the United States' Response (Doc. 166) will also be included in the questionnaire.

When defense counsel met and conferred with the government to prepare the *Agreed, Proposed Jury Questionnaire* (Doc. 164-1; filed December 6, 2018), the section of the questionnaire "Questions Concerning Punishment" at 25 – 27 included the language "[Specific language to be proposed separately]". Although undersigned defense counsel agreed to questions in this section, the defense never meant to convey or indicate to the Court that the existing questions in this section were sufficient, by themselves. To the contrary, the inclusion of the language, "[Specific language to be proposed separately]" was intended, by the defense, to convey to the Court that the existing questions were inadequate.

## Conclusion

Given the critical nature of the Jury Questionnaire for ensuring the fundamental fairness of this capital trial, the defense respectfully urges this Court to reconsider the request for modest modifications of the questionnaire and permit defense argument on these issues.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org