UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-20037-JES-JEH |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Now before the Court is Defendant Brendt A. Christensen's Motion (Doc. 201) to Dismiss Indictment and NOI for Unconstitutional Discrimination in the Decisions to Bring Federal Charges Against Defendant and to Seek the Death Penalty, and for Discovery. The United States has filed a Response (Doc. 214). For the reasons set forth below, Defendant's Motion (Doc. 201) is DENIED.

### BACKGROUND

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Yingying Zhang, a female Chinese national, in violation of 18 U.S.C. § 1201. Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois. *See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment charges Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and making false statements to FBI agents investigating Yingying Zhang's disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding Indictment returned by the grand jury also included a notice of special findings regarding the nature of the offense charged in Count 1, including that the death of the victim was intentional, that it occurred during

1

the commission of kidnapping, that it was committed in an especially heinous, cruel, or depraved manner, and that Defendant committed the offense after substantial planning and premeditation. *Id*. The special findings alleged in the Superseding Indictment made the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq*. On January 19, 2018, the United States filed its Notice of Intent to Seek a Sentence of Death. Doc. 54; *see also* 18 U.S.C. § 3593(a).

In the instant Motion, Defendant argues that the United States' decision to charge Defendant, and its later decision to seek the death penalty against him, was based on the victim's national origin, and that such decision violates the Equal Protection Clause. Doc. 201, at 2–3. The basis for the Defendant's Motion stems from a statement by counsel for the United States at a hearing on December 14, 2018. In responding to the Defendant's argument that the United States decided to prosecute Defendant in federal court because it wished to secure a death sentence against him, counsel for the United States argued:

> [Defense counsel] will have a chance to respond, to answer how he knows that this case is in federal court because we want to seek the death penalty against the defendant, because that's not true . . . This case was initially investigated by the FBI from the outset. The U.S. Attorney's Office is involved when the FBI gets involved in an investigation. We have a Chinese national who, it is alleged, this defendant kidnapped and killed. And to suggest that the only reason the United States is involved in this case, not only to suggest the only reason we are involved is to seek the death penalty, but he knows that; when we know that not to be true. 12/14/18 Tr. at 27-28.
>
> \*\*\*
>
> I think that explains why we are in federal court. We have a Chinese national, not an Illinois citizen, who is alleged to have been kidnapped and killed. And to suggest government doesn't have any interest at all in protecting the lives of people who might come from foreign countries to visit the United States; that we don't have any interest in that; Illinois has more of an interest in Brendt Christensen not having to face the legal penalty for his crime than in protecting the life of Yingying Zhang suggests this case is precisely where it should be, which is in federal court. 12/14/18 Tr. at 71.

Doc. 201, at 5. Defendant asserts that the United States' "straightforward, unambiguous admission that federal prosecution of Mr. Christensen was brought because of the victim's

national origin" is sufficient by itself to establish a prima facie selective prosecution claim. *Id*. at 5–6. Defendant seeks dismissal of the Superseding Indictment, dismissal of the Notice of Intent to Seek a Sentence of Death, and alternatively argues that it is entitled to discovery related to the United States' prosecutorial practices.

In its Response, the United States first notes that the standard to obtain discovery for a selective prosecution claim is a demanding one, requiring Defendant to produce some evidence tending to show both discriminatory effect and discriminatory intent. Doc. 214, at 4 (citing *United States v. Armstrong*, 517 U.S. 456, 469 (1996)). The United States argues that Defendant can establish neither. The United States points out that Defendant does not even attempt to argue discriminatory effect in his Motion. *Id*. at 5.

Second, the United States argues that Defendant has not shown discriminatory intent. Here, the United States argues that Defendant wrongly conflates national origin with citizenship or nationality. *Id*. at 6 (citing *Fortino v. Quasar Co., a Div. of Matsuhita Elec. Corp. of Am.*, 950 F.2d 389, 393 (7th Cir. 1991)). In support of this argument, the United States notes that federal courts routinely consider the citizenship or nationality of individuals when addressing jurisdictional issues. *See* 28 U.S.C. § 1332. Additionally, the federal kidnapping statute itself extends federal jurisdiction to cases where the victim of the kidnapping "is a foreign official, an internationally protected person, or an official guest …," 18 U.S.C. § 1201(a)(4), and an "official guest" includes "a citizen or national of a foreign country present in the United States …." Doc. 214, at 7; 18 U.S.C. § 1116(b)(6). Thus, the United States argues that Defendant failed to make the necessary showing to entitle him to discovery under *Armstrong* and his Motion should be denied.

## LEGAL STANDARD

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463–64 (1996). Although prosecutors have broad discretion in their charging decisions, a prosecutor's discretion is subject to constitutional constraints, including the requirement that "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.' " *Id*. (quoting *Oyler v. Boles,* 368 U.S. 448, 456 (1962)).

In order to establish a claim for selective prosecution, the defendant "must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. at 465 (internal quotations omitted). In order to establish discriminatory effect, the defendant must show that "similarly situated individuals of a different race were not prosecuted." *United States v. Bass*, 536 U.S. 862, 863 (2002) (quoting *Armstrong*, 517 U.S. at 470). The standard "is a demanding one." *Armstrong*, 517 U.S. at 463. Indeed, even the lesser showing necessary to obtain discovery for a selective prosecution claim "should itself be a significant barrier to the litigation of insubstantial claims." *Id*. at 464. In order to obtain discovery for a selective prosecution claim, the defendant must "produce some evidence that similarly situated defendants of other races could have been prosecuted, but were not." *Id*. at 469 (also characterizing the standard as "a credible showing of different treatment of similarly situated persons").

## DISCUSSION

**(1) Defendant Failed to Show Discriminatory Effect**

In order to be entitled to discovery for a selective prosecution claim, Defendant must show that the United States did not prosecute cases involving similarly situated individuals of other national origins who were kidnapped and murdered in an especially heinous, cruel, and depraved manner after substantial planning and premeditation, where the offender used an instrumentality of interstate commerce. *See, e.g., United States v. Arenas-Ortiz*, 339 F.3d 1066, 1068–69 (9th Cir. 2003). He has not done so, and he is therefore not entitled to the discovery he requests. *See Bass*, 536 U.S. at 864 ("Under *Armstrong*, therefore, because respondent failed to submit relevant evidence that similarly situated persons were treated differently, he was not entitled to discovery."); *United States v. Thorpe*, 471 F.3d 652, 659 (6th Cir. 2006) (upholding denial of discovery for selective prosecution claim, noting that defendant "could have investigated whether similarly situated persons of other races were arrested and/or prosecuted by the State of Michigan and were known to federal law enforcement officers, but were not prosecuted in federal court," by looking at public records, but did not do so). However, because *Armstrong* left open the question of whether a defendant must show discriminatory effect where the prosecutor makes direct admissions of discriminatory purpose, the Court proceeds analyze discriminatory intent. *See Armstrong*, 517 U.S. at 469 n.3 ("We reserve the question of whether a defendant must satisfy the similarly situated requirement in a case 'involving direct admissions by [prosecutors] of discriminatory purpose.'")

**(2) Defendant Failed to Show Discriminatory Intent**

Defendant must also show that the United States acted with discriminatory intent. Defendant asserts this element is readily satisfied based on the prosecution's reference to the victim as a Chinese national, which Defendant characterizes as an unambiguous admission that he was prosecuted federally based on the victim's national origin. The Court agrees with the United States that Defendant wrongly conflates national origin with citizenship or nationality. Doc. 214, at 6; *Fortino v. Quasar Co., a Div. of Matsuhita Elec. Corp. of Am.*, 950 F.2d 389, 393 (7th Cir. 1991) (distinguishing between discrimination based on citizenship and discrimination based on national origin)). In fact, federal courts routinely consider the citizenship or nationality of individuals when addressing jurisdictional issues. *See* 28 U.S.C. § 1332. The federal kidnapping statute itself extends federal jurisdiction to cases where the victim of the kidnapping "is a foreign official, an internationally protected person, or an official guest …," 18 U.S.C. § 1201(a)(4), and an "official guest" includes "a citizen or national of a foreign country present in the United States …." Doc. 214, at 7; 18 U.S.C. § 1116(b)(6). The United States' remarks at the December 14, 2018 hearing regarding the victim's nationality do not amount to intentional discrimination based on national origin. Because Defendant has failed to come forward with "some evidence" of discriminatory effect or discriminatory intent, the Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 201) to Dismiss Indictment and NOI for Unconstitutional Discrimination in the Decisions to Bring Federal Charges Against Defendant and to Seek the Death Penalty, and for Discovery is DENIED.

Signed on this 12th day of February, 2019.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge