UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cr-20037-JES-JEH |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

Now before the Court is Defendant Brendt A. Christensen's Motion (Doc. 113) to Strike Notice of Intent to Seek the Death Penalty on the Ground that Capital Punishment Violates the Eighth Amendment. The United States has filed a Response (Doc. 125), and this matter is fully briefed. For the reasons set forth below, Defendant's Motion (Doc. 113) is DENIED.

### BACKGROUND

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Yingying Zhang, a female Chinese national, in violation of 18 U.S.C. § 1201. Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois. *See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment charges Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and making false statements to FBI agents investigating Yingying Zhang's disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding Indictment returned by the grand jury also included a notice of special findings regarding the nature of the offense charged in Count 1, including that the death of the victim was intentional, that it occurred during the commission of kidnapping, that it was committed in an especially heinous, cruel, or depraved

manner, and that Defendant committed the offense after substantial planning and premeditation. *Id*. The special findings alleged in the Superseding Indictment made the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq.* On January 19, 2018, the United States filed its Notice of Intent to Seek a Sentence of Death. Doc. 54; *see also* 18 U.S.C. § 3593(a).

In the instant Motion, Defendant asks this Court to strike the Notice of Intent to Seek a Sentence of Death on the basis that the death penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Specifically, Defendant argues:

> Mr. Christensen moves to strike that notice [of intent to seek the death penalty] because the evidence strongly suggests that imposition of capital punishment in the United States is no longer consonant with the values of a progressive 21st Century society and thus violates the Eighth Amendment. M[r]. Christensen is aware of this Court's duty to apply the doctrine of *stare decisis* and that the Supreme Court has not, as yet, declared capital punishment unconstitutional – indeed it has not revisited the issue of the constitutionality per se of the death penalty since the Gregg line of cases in 1976.

Doc. 113, at 2. Defendant goes on to assure the Court that it can discount binding precedent based on "special justifications" present in this case:

> Mr. Christensen acknowledges the Court's obligation to give due consideration to the doctrine of stare decisis. But the protections afforded by the Eighth Amendment's prohibition of cruel and unusual punishment require reconsideration when necessary to ensure that its underlying values have not become moribund by later developments and knowledge. This Court can therefore discount precedent when "special justifications" are present. *Arizona v. Rumsey*, 467 U.S. 203, 212 (1984). [quotation from *Payne v. Tennessee*, 501 U.S. 808, 849 (1991) (Marshall, J., dissenting) omitted.]
>
> While the above relates to the Supreme Court reconsidering its own precedents, the doctrine of anticipatory overruling, which allows a lower court to reject precedent where circumstances have changed, applies to both courts of appeals, *see United States v. City of Philadelphia*, 644 F.2d 187, 191-92 (3d Cir. 1980) (declining to follow *Wyandotte Transportation Co. v. United States*, finding it "merely one step in the development of current standards" and refusing to be "blind to subsequent developments. . ."); *United States v. White*, 405 F.2d 838, 847-48 (7th Cir. 1969) (declining to follow *On Lee v. United States*, even though factually "directly on

> point" because of subsequent developments); and to lower courts, especially when called upon to reconsider issues of overriding constitutional importance. *See Barnette v. West Virginia Board of Education*, 47 F. Supp. 251 (S.D. West Virginia) (1942) (refusing to follow Supreme Court decision in *Minersville School District v. Gobitis*, 310 U.S. 586 (1940), holding that public schools could require students to salute the flag and recite the Pledge of Allegiance over their religious objections as Jehovah's Witnesses), affirmed in *West Virginia State Board of Education v. Barnette*, 319 U.S. 643 (1943) (overruling *Minersville School District*); *Gebhart v. Belton*, 87 A.2d 862 (Del. Ch. 1952), affirmed 91 A.2d 137 (De. 1952) (Delaware Chancellor Collins Seitz (later Chief Judge of the Third Circuit) orders public schools integrated despite Supreme Court decision in *Plessy v. Ferguson*, 163 U.S. 537 (1896)), affirmed in *Brown v. Board of Education*, 347 U.S. 483 (1954).

Doc. 113, at 37–38.

The United States responded to Defendant's Motion, arguing that the Supreme Court's decision in *Gregg v. Georgia*, 428 U.S. 153, 187 (1976), forecloses Defendant's challenge.[1] Doc. 125. This Order follows.

## LEGAL STANDARD

"[I]t is settled that capital punishment is constitutional." *Glossip v. Gross*, 135 S. Ct. 2726, 2732, (2015) (citing *Baze v. Rees*, 553 U.S. 35, 47 (2008)); *see also Gregg v. Georgia*, 428 U.S. 153, 187 (1976).

## DISCUSSION

Defendant opens his Motion by asserting that, "[o]n the last day of the [ ] 2014–2015 Term, Justices Breyer and Ginsberg issued a clarion call for reconsideration of the constitutionality of the death penalty …." Doc. 113, at 1 (citing *Glossip v. Gross*, 135 S. Ct. 2726, 2760) (2015) (Breyer and Ginsburg, JJ., dissenting). He proceeds to argue that this Court can and should hold that the death penalty is so out of step with contemporary standards of

---

[1] The United States also raises the issue whether Defendant's Motion is ripe for disposition at this time. Doc. 125, at 2 n.1. However, because a ruling in favor of Defendant would make many of the procedures in a capital case (e.g., a jury trial on the issue of punishment) unnecessary, the Court believes it is appropriate to address Defendant's Motion at this time.

3

decency as to violate the Eighth Amendment prohibition on cruel and unusual punishment. The problem with Defendant's reference to *Glossip* is not its persuasiveness, but rather its pagination. It is true that Justices Breyer and Ginsburg authored a dissent in *Glossip* stating their belief that the Supreme Court should take another look at the constitutionality of the death penalty. *Glossip*, 135 S. Ct. at 2755. But the majority again reiterated that, following *Gregg*, the death penalty does not violate the Constitution. *Glossip*, 135 S. Ct. at 2732. The fact that Justices Breyer and Ginsburg disagreed with that proposition does not make *Gregg* any less binding on this Court. *See Agostini v. Felton,* 521 U.S. 203, 238 (1997) ("As we noted above, a judge's stated belief that a case should be overruled does not make it so.").

Defendant asserts that this Court may, under the so-called "doctrine of anticipatory overruling," disregard binding precedent so long as "special justifications" are present. Doc. 113, at 38. That assertion is a particularly egregious misstatement of the law.

> We do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. We reaffirm that "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas, supra,* at 484, 109 S.Ct., at 1921–1922. Adherence to this teaching by the District Court and Court of Appeals in this litigation does not insulate a legal principle on which they relied from our review to determine its continued vitality. The trial court acted within its discretion in entertaining the motion with supporting allegations, but it was also correct to recognize that the motion had to be denied unless and until this Court reinterpreted the binding precedent.

*Agostini*, 521 U.S. at 237–38; *see also United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013) (following *Agostini*'s command to leave to the Supreme Court "the prerogative of overruling its own decisions"). Because *Gregg* and its progeny squarely foreclose Defendant's constitutional challenge to the death penalty, his Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 113) to Strike Notice of Intent to Seek the Death Penalty on the Ground that Capital Punishment Violates the Eighth Amendment is DENIED.

Signed on this 15th day of February, 2019.

/s James E. Shadid
James E. Shadid
Chief United States District Judge