IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S OMNIBUS MOTION
*IN LIMINE* TO EXCLUDE IRRELEVANT EVIDENCE
BASED ON THE COURT'S PRIOR RULINGS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence to exclude any irrelevant questioning, evidence, or argument based on the Court's prior rulings in this case.

**ARGUMENT**

Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial. *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). The Federal Rules of Evidence apply to the guilt phase of this trial. The Rules permit the admission of relevant evidence – *i.e.,* evidence having a tendency to make any fact of consequence more or less probable – and exclude the admission of irrelevant evidence. Fed. R. Evid. 401 and 402. Moreover, even relevant evidence may be excluded

if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The Federal Rules of Evidence are generally inapplicable at sentencing. *United States v. Smith*, 770 F.3d 628, 641 (7th Cir. 2014). Nonetheless, the Federal Death Penalty Act governs the penalty phase of the trial and imposes its own limitation on the admission of information:

> Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

18 U.S.C. § 3953(c). This is a different standard than Rule 403, where evidence may be excluded if its probative value is *substantially* outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. *See United States v. Fell*, 360 F.3d 135, 143-44 (2d Cir. 2004).

Additionally, it is well-settled that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988); *Arizona v. California*, 460 U.S. 605, 618 (1983)). This Court has addressed various pretrial motions that have resolved purely legal issues and that have resolved the admissibility of evidence at trial. Because these preliminary issues of legality and admissibility are for the Court, and not

2

the jury, the United States requests this Court to exclude the following questioning, evidence, or arguments from the jury trial of this matter.

I. **Evidence And Arguments Requesting Jury Nullification Are Improper And Should Be Excluded From Trial**

Jury nullification occurs when a jury acquits a criminal defendant even though it has found that the United States has met its burden of proof. *United States v. Jinhuang Zheng*, No. 14-CR-424, 2017 WL 3434228, at *2 (N.D. Ill. Aug. 10, 2017).

> An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.

*United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); *accord United States v. Davis*, 724 F.3d 949, 954 (7th Cir. 2013); *United States v. Laguna*, 693 F.3d 727, 730 (7th Cir. 2012) (affirming district court's exclusion of marginally relevant proposed evidence because it risked jury nullification). Thus, "judges may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights."*Laguna*, 693 F.3d at 730. (quoting *United States v. Alayeto*, 628 F.3d 917, 922 (7th Cir. 2010)).

  A. **Evidence or Arguments Regarding the Exercise of Prosecutorial Discretion are Irrelevant and Should Be Excluded from Trial**

The defendant has filed various pretrial motions seeking to obtain discovery in an effort to challenge the exercise of prosecutorial discretion in seeking charges against the defendant and a sentence of death. For example, the defendant requested a motion to compel the United States to disclose "the substance of any communications between

Presidents Trump and Xi [of China] or their immediate staffs concerning this case," alleging this may have influenced the Attorney General's decision to seek a sentence of death. (R.82) The defendant also filed a motion for discovery based on a claim of selective prosecution in bringing federal charges against the defendant and seeking a sentence of death. (R.201)

This Court denied both of these motions, finding that the motions were without merit and that the defendant was not entitled to the United States' internal deliberative information regarding the exercise of its prosecutorial discretion. (R.91, 231) Given thatat the defendant is not entitled to information regarding prosecutorial decisions, *e.g. United States v. Armstrong*, 517 U.S. 456, 463-64 (1996), it follows that it would be improper and irrelevant for the defendant to attempt to admit evidence or make arguments at trial challenging these prosecutorial decisions. The exercise of prosecutorial discretion is completely irrelevant to whether the United States can meet its burden of proof in the guilt or penalty phases.

Moreover, there is no good faith basis to admit evidence or make arguments challenging prosecutorial decisions. For example, regarding the defendant's request for communications involving the President, the Court has noted that "they are absolute speculation at this point." (R.91) Regarding the defendant's selective prosecution claim, this Court found that the defendant failed to come forward with "some evidence" of discriminatory effect or intent. (R.231) Additionally, admission of such evidence or arguments would require a response, resulting in a mini-trial on the exercise of prosecutorial discretion, which would confuse the issues and mislead the jury.

Because any questioning, evidence, or argument regarding the exercise of prosecutorial discretion is improper, irrelevant, based on mere speculation, and would confuse the issues and mislead the jury, this Court should exclude it from the trial.

### B. Evidence or Arguments Regarding the Commerce Clause, Tenth Amendment, or the Interests of the State of Illinois are Irrelevant and Should Be Excluded from Trial

In pretrial motions, the defendant asked this Court to dismiss the kidnapping charge under the Commerce Clause (R.114), and declare the Federal Death Penalty Act unconstitutional under the Tenth Amendment (R.117). In oral argument on these motions on December 14, 2018, counsel for the defendant contended that his case should have been brought in Illinois state court, and that the sole reason the defendant was charged in federal court was to seek a sentence of death. This Court denied the defendant's motions after finding that the kidnapping statute was a proper exercise of Congress's authority under the Commerce Clause (R.202), the FDPA did not violate the Tenth Amendment (R.207), and the defendant's arguments regarding the interests of the State of Illinois were irrelevant to the Tenth Amendment analysis (R.207).

During trial, the defendant will be free to challenge the federal jurisdictional element of the kidnapping offense by arguing that the defendant did not use an automobile or cellular telephone in committing or in furtherance of committing the offense. *See* 18 U.S.C. § 1201(a)(1). He should be precluded, however, from introducing questions, evidence, or arguments that challenge the constitutional basis for his federal prosecution, or that suggest this case should have been charged in state court. He

certainly should be precluded from renewing his baseless argument that the sole reason he was charged in federal court was because of the availability of a death sentence.

Any questioning, evidence, or arguments along these lines would be irrelevant to any material issue in the case. Instead, such argument would seek an acquittal even though the United States met its burden of proof, which is the definition of seeking lawless jury nullification. Moreover, such an argument would invite and require a response from the United States regarding the reasons for federal prosecution, which would further confuse the issues and mislead the jury.

The question of which courtroom is the best venue for the defendant's prosecution is not the jury's to answer. The question before them is whether the defendant is guilty of the crimes charged, and if so, what his punishment should be. Therefore, the Court should exclude any such questioning, evidence, or argument related to the basis or reasons for federal prosecution, including questioning, evidence, or argument regarding the Commerce Clause, Tenth Amendment, or interests of the State of Illinois.

**II.     Evidence And Arguments Regarding The Leaglity Or Admissibility Of Evidence Admitted By The Court Should Be Excluded From Trial**

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires that any motions to suppress evidence must be raised prior to trial. Similarly, Rule 104(a) states that the court must decide any preliminary question about whether evidence is admissible. This is because motions to suppress or exclude evidence must be resolved by the court, not by a jury. In fact, the defendant in this case has raised numerous such

motions which have been denied by this Court. At trial, the jury will be asked to determine, based on the admitted evidence, whether the United States has proven each element of each offense beyond a reasonable doubt, and if so, the appropriate sentence to impose. The jury will not be asked to resolve any issues regarding the suppression or admission of evidence. Therefore, questioning, evidence, or arguments regarding the legality or admissibility of evidence are irrelevant, unfairly prejudicial, confusing, and misleading and should be excluded from trial.

    **A.    Evidence or Arguments Regarding the Legality or Admissibility of the Defendant's Recorded Statements to T.B. are Irrelevant and Should Be Excluded from Trial**

In a pretrial motion, the defendant requested the suppression of his recorded statements to T.B., claiming that T.B. acted involuntarily and recorded one of her conversations with the defendant illegally. (R.96) This Court denied the defendant's motion after specifically finding that T.B. voluntarily recorded her conversations with the defendant and that T.B. did not break the law in making the recordings. (R.203) Given the Court's ruling, this evidence will be admitted, and it is not for the jury to revisit this Court's evidentiary rulings. For example, it would be irrelevant and a waste of time for the defendant to question any witness, including T.B., about the legality of the recordings. Therefore, questioning, evidence, or arguments regarding the legality or admissibility of the defendant's recorded statements to T.B. are irrelevant, unfairly prejudicial, confusing, and misleading and should be excluded from trial.

**B.     Evidence or Arguments Regarding the Legality or Admissibility of the Defendant's Recorded Conversations to Law Enforcement Agents are Irrelevant and Should Be Excluded from Trial**

Similarly, the defendant requested the suppression of his recorded statements to FBI agents and University of Illinois Police Department detectives during the investigation, alleging that they had been taken in violation of his *Miranda* rights. (R.97) This Court denied the defendant's motion, finding that no *Miranda* violation occurred. (R.204)[1] Therefore, questioning, evidence, or arguments regarding the legality or admissibility of the defendant's recorded statements to law enforcement agents are irrelevant, unfairly prejudicial, confusing, and misleading and should be excluded from trial.

**C.     Evidence or Arguments Regarding the Legality or Admissibility of the FBI's Search of His Apartment are Irrelevant and Should Be Excluded from Trial**

Prior to trial, the defendant requested suppression of all evidence that the FBI seized from his apartment, alleging that his then-wife's consent to search was not voluntary. (R.100) This Court denied the defendant's motion, specifically holding that her consent was voluntary. (R.206) Therefore, questioning, evidence, or arguments regarding the legality or admissibility of the FBI's search of the defendant's apartment are irrelevant, unfairly prejudicial, confusing, and misleading and should be excluded from trial.

---

[1] The Court reserved judgment with regard to statements made to FBI Special Agent Harvey Pettry. The United States will not introduce those statements during either phase of the trial.

**D.     Evidence or Arguments Regarding the Legality or Admissibility of the Prior Identification of the Defendant by E.H. are Irrelevant and Should Be Excluded from Trial**

Prior to trial, the defendant moved this Court to suppress E.H.'s prior identification of the defendant because the identification procedure was allegedly unduly suggestive. (R.99) This Court denied the defendant's motion, specifically finding that the identification was not the result of an unduly suggestive procedure. (R.215) Therefore, questioning, evidence, or arguments regarding the legality or admissibility of E.H.'s prior identification of the defendant are irrelevant, unfairly prejudicial, confusing, and misleading and should be excluded from trial.

## CONCLUSION

Issues of legality and admissibility are for the court, not the jury. The Court has previously addressed and resolved the issues of legality and admissibility discussed *supra.* Accordingly, the United States respectfully requests that the defendant be precluded from putting questions, evidence, or arguments before the jury relating to these issues because they would be irrelevant, unfairly prejudicial, confusing, and misleading.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov