# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO LIMIT THE DEFENDANT'S EXPERT TESTIMONY TO DISCLOSED OPINIONS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court limit the defendant's non-Rule 12.2 expert testimony to disclosed opinions.

### BACKGROUND

Per this Court's scheduling order, the United States initially disclosed to the defendant its non-Rule 12.2 expert witnesses in its case-in-chief on December 17, 2017. It provided a supplemental disclosure to the defendant pursuant to Rule 16(a)(1)(G) on May 18, 2018. In that disclosure, the United States noted that it anticipated disclosure of the defendant's non-Rule 12.2 expert witnesses, including rebuttal experts, on August 24, 2018, pursuant to the Court's scheduling order.

On July 11, 2018, the United States again requested that the defendant provide to the United States, pursuant to Rule 16(b)(1)(C), a written summary of any testimony that the defendant intended to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, which described the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. The request noted that, at the time, this Court's scheduling order required disclosure of the defendant's non-Rule 12.2 expert witnesses, including rebuttal experts, on or before August 24, 2018.

On August 24, 2018, the defendant disclosed that he intended to elicit expert testimony on the five subjects, but only identified two experts at that time.[1] In the same disclosure, the defendant noted that he had not yet identified and/or retained the individual witness who would testify and that, recognizing his obligations under Rule 16(b)(1)(C), he would disclose all written summaries of any testimony that he intended to offer as soon as it became available.

On November 30, 2018, the defendant provided the United States with a supplemental expert disclosure, which disclosed a summary of Dr. Lofthus's expected testimony and the following additional expert witnesses: Dr. Jill D. Weinberg (BDSM and sexual behavior in modern society); K. Gus Demetriolos (computer forensics); and Nathan Adams and Dr. Dan Krane (DNA and serology). The disclosure regarding the subject matter of each of the witness's testimony was, in total, as follows:

---

[1] The defendant disclosed Dr. Geoffrey Loftus and Dr. Mary Cablk as potential expert witnesses and provided their curriculums vitae, but did not summarize their testimony or provide written reports at that time.

2

1. BDSM and sexual behavior in modern society, including but not limited to its prevalence, acceptance, and frequency among Americans. The subject matter will include the fact that there is no statistically significant correlation between the BDSM lifestyle and criminality or violence.

2. Computer forensics, to rebut the government expert's testimony if necessary, and to provide a description of additional forensic extractions from the cellular telephones and/or computers of Mr. Christensen that the government does not present during its case-in-chief.

3. DNA, to rebut the government's expert testimony if necessary, and to challenge the reliability of the DNA and serology results from the FBI Laboratory in Quantico, Virginia.

To date, the defendant has not disclosed any additional information regarding the expected testimony of these witnesses or the bases and reasons for those opinions.

## ARGUMENT

Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure states:

> (C) Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial... The summary must describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16 (b)(1)(C); *accord United States v. Yoon*, 128 F.3d 646, 651 (7th Cir. 1995). The Advisory Committee Notes to Rule 16 state:

> The amendment is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.

Fed. R. Crim.P. 16 advisory committee's note (1993); *see also United States v. Strickland*, 113 F. Supp. 2d 1276, 1279–80 (S.D. Ind. 2000).

3

The United States shares the defendant's interest in ensuring that the defendant is permitted to retain and call necessary expert witnesses on relevant issues on his behalf during trial. *Cf. Woolley v. Rednour*, 702 F.3d 411, 424–25 (7th Cir. 2012) (finding deficient performance in capital case for defense counsel not to obtain an expert on crucial defense theory where cross-examination of government expert not adequate). The United States also agrees that a written report is not necessarily required by Rule 16, as long as its requirements are otherwise met. *See, e.g., United States v. Jackson*, 51 F.3d 646, 651 (7th Cir. 1995) (holding that notification that the experts in drug investigations would be testifying from years of experience was sufficient, while noting "[o]ther contexts, such as cases involving technical or scientific evidence, may require greater disclosure, including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed.R.Evid. 703.").

Nonetheless, to the extent the defendant offers opinions at trial beyond those that were properly disclosed, or based on reasons other than those disclosed, the United States may be prejudiced in its efforts to (1) challenge the admissibility of the testimony prior to trial; (2) effectively cross-examine the witness; and (3) to retain appropriate rebuttal expert witnesses.

For example, the disclosure of the defendant's DNA and serology experts does not list any basis for challenging the DNA or serology evidence. The United States has provided extensive discovery, including written reports, regarding this evidence. The United States has received no reports authored by Nathan Adams or Dr. Dan Krane,

4

and based on conversations with defense counsel, the United States does not expect any reports will be forthcoming.[2] Nonetheless, the defendant's pretrial motions to exclude this evidence did set forth specific challenges to the evidence. In response, the United States called DNA Forensic Examiner Jerrilyn Conway to testify at the pretrial hearing in rebuttal to these claims, and would intend to do so at trial. If the defendant's identified DNA and serology experts attempted to testify to new or additional issues, however, the United States would be prejudiced in cross-examining them and in preparing a rebuttal expert. Therefore, the United States requests this Court to limit any such DNA or serology expert testimony to the subject matter previously identified by the defendant in his written filings and to exclude any undisclosed opinions or bases and reasons for those opinions.

Similarly, the disclosure of the computer forensics expert does not list any basis for challenging experts of the United States. The United States has provided discovery, including written reports, regarding its experts' findings. The United States has received no reports authored by K. Gus Demetriolos, nor does it expect any reports to be forthcoming. Therefore, the United States requests this Court to limit any such expert testimony offered by the defendant to the subject matter previously identified by the

---

[2] The Court previously ruled that the United States would have seven weeks after disclosure of the defendant's experts' reports to identify and disclose any rebuttal experts. Because it now appears that no such reports will be forthcoming, the United States will identify and disclose those rebuttal experts as soon as possible based on the limited information it has received. Given the limited information, however, it may not be able to identify rebuttal experts until after the defendant's experts have testified.

defendant and to exclude any undisclosed opinions or bases and reasons for those opinions.

Finally, the disclosure of Dr. Jill D. Weinberg as an expert in BDSM and sexual behavior in modern society does not appear to be in rebuttal to any government expert, but may be offered should the defendant elect to present a defense. The United States has received no report authored by Dr. Weinberg. Instead, the defense's letter indicates her testimony will include BDSM's prevalence, acceptance, and frequency among Americans and that there is no statistically significant correlation between the BDSM lifestyle and criminality or violence.[3] Therefore, the United States requests this Court to limit any such expert testimony to this subject matter previously identified by the defendant and to exclude any undisclosed opinions or bases and reasons for those opinions.[4] With this understanding of the limited nature of the testimony, the United States will identify and disclose any potential rebuttal expert prior to trial.

---

[3] The United States does not believe such testimony would be relevant during the guilt phase, as the United States does not intend to argue that there is a statistically significant correlation between the BDSM lifestyle and criminality or violence. Moreover, to the extent the acceptance of BDSM is offered during the guilt phase as evidence of a trait of the defendant's character, it is inadmissible under Rule 404(b)(1). The defendant may, however, intend to offer this testimony during the penalty phase.

[4] To the extent the defendant identifies and is permitted to introduce at trial any new or additional opinions, bases and reasons for those opinions, or areas of expert testimony, the United States would request permission to identify and present additional rebuttal expert testimony.

WHEREFORE the United States respectfully requests that this Court limit the defendant's expert testimony to disclosed opinions and the disclosed bases and reasons for those opinions.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov