IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
TO EXCLUDE THE EXPERT TESTIMONY OF DR. GEOFFREY LOFTUS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully moves this Court, *in limine*, to exclude the testimony of Dr. Geoffery Loftus from trial because it would not assist the jury.

## BACKGROUND

On August 24, 2018, the defendant moved the Court to suppress a witness's prior identification of him as the man who attempted to lure her into his car on the University of Illinois campus, alleging that the identification was unduly suggestive. (R.99) On December 14, 2018, the defendant gave notice that he intended to call Dr. Geoffery Loftus as an expert witness during the suppression hearing. The Court, over objection, allowed Dr. Loftus to observe the testimony of FBI agents and E.H. to prepare for his testimony during the suppression hearing. After the witnesses testified, however, the

defendant did not call Dr. Loftus as a witness during the suppression hearing. On January 29, 2019, the Court denied the defendant's motion to suppress E.H.'s identification, finding that the identification procedure was not unduly suggestive. (R.215).

Dr. Loftus remains identified by the defendant as an expert witness he intends to call during trial. The stated purpose is to challenge the reliability of E.H.'s eyewitness identification. Such testimony would invade the jury's critical function in determining the reliability of witnesses and would not otherwise assist the jury. Therefore, his proffered expert testimony should be excluded.

## ARGUMENT

I. **Expert Testimony On The Reliability Of Eyewitness Identification Would Not Assist The Jury In This Case**

The defendant has stated that he intends to present the expert opinion of Dr. Loftus to challenge the reliability of E.H.'s identification of the defendant. It is for the finder of fact, however, to determine the reliability of a witness's testimony. *See United States v. Hall*, 165 F.3d 1095, 1106-08 (7th Cir. 1999) (noting that the proper method for "exposing weaknesses" in a witness' identification is "through careful cross-examination" before the factfinder.). The baseline requirement for the admission of expert testimony is that the expert's opinion "will help the trier of fact." Fed. R. Evid. 702(a). The Seventh Circuit has repeatedly held that expert testimony as to eyewitness identification generally does not help the jury. Indeed, the Seventh Circuit has specifically upheld a district court's exclusion of Dr. Loftus's testimony. *United States v.*

*Carter*, 410 F.3d 942, 949-51 (7th Cir. 2005) (affirming the opinion that "the proposed testimony [of] psychologist Geoffrey Loftus, would not aid the jury in its determination and, further, that any such testimony might actually confuse, mislead, or unduly influence the jury"); *see also Hall*, 165 F.3d at 1106-08.

As the Seventh Circuit noted in *Hall*, expert testimony with regard to eyewitness identification necessarily requires the expert to opine on the credibility of a trial witness. *Hall*, 165 F.3d at 1107. It is improper for an expert witness to opine on a lay witness's credibility – determining witness credibility is the exclusive province of the jury. *Carter*, 410 F.3d at 950; *Hall*, 165 F.3d at 1107. Furthermore, expert testimony on this topic is unnecessary because "any weaknesses in eyewitness identification testimony ordinarily can be exposed through careful cross-examination of the eyewitnesses." *Hall*, 165 F.3d at 1104-06 (listing cases).

This is especially true where, as here, there is "substantial corroborating evidence" as to the identification. *Id*. at 1107. E.H.'s identification of the defendant will not be presented in a vacuum. The defendant admitted to FBI agents that he drove around campus on the day E.H. saw him, driving a black car, as reported by E.H. The defendant also admitted to a cellmate that he pretended to be an undercover police officer, which corroborates E.H.'s report that the individual who attempted to lure her into his car said he was a police officer. Finally, the defendant's recorded admissions regarding the victim entering his car corroborate E.H.'s identification of him and further diminishes the justification for allowing Dr. Loftus to invade the province of the jury by challenging her reliability.

Moreover, Dr. Loftus' own scholarship weighs against having him testify in this case. Dr. Loftus is a professor at the University of Washington in Seattle. His official website includes a hyperlink to an article he wrote to describe his expert testimony. Geoffrey R. Loftus, Ph.D., *When is Eyewitness Testimony Believable?*, available at https://faculty.washington.edu/gloftus/Other_Information/Legal_Stuff/Articles/Loftus_Articles/Eyewitness_Testimony.html (lasted visited February 5, 2019). In his own words, Dr. Loftus describes the "two necessary ingredients" for a case in which his expert witness testimony might be helpful to a criminal jury – they combine to form what he calls the "confidence-evoking, but incorrect memory" which includes an eye-witness identification of a "culprit in a crime."

> The first ingredient is that the circumstances of the crime prevent the witness from forming anything more than an incomplete or hazy memory of the culprit to begin with – for example, it is dark; the witness's view of the culprit is fleeting; the witness's attention is drawn away from the culprit's appearance by a threatening gun; or the witness is experiencing abject terror that her life is about to end.
>
> The second ingredient is some form of biased identification procedure. There are many such biasing procedures which, unfortunately, occur with dreary regularity. Such procedures include a "showup" procedure in which the witnesses is shown a single suspect, under highly suggestive circumstances, and asked, "Is this the guy?"; a lineup procedure in which only the suspect fits the witness's description of the culprit; suggestive behavior on the part of police officers (sometimes subtle or even unconscious, but nonetheless effective) as to which lineup member is the suspect–again, the list goes on and on.

*Id.*

The "second ingredient" can be dispatched immediately, as this Court has already ruled that the identification procedure was not biased or suggestive. (R.215) The

"first ingredient" is also absent. Based on E.H. 's testimony, it was not dark when the defendant approached her; the defendant engaged E.H. in conversation, and her view of him was not fleeting; the defendant did not have a gun, and indeed, there was nothing to distract her attention from his appearance; finally, E.H. did not experience "abject terror." Instead, she refused to get in the defendant's car and promptly called the police to report suspicious activity.

The Seventh Circuit has held that expert testimony challenging eyewitness identification generally, and Dr. Loftus's testimony in particular, does not generally assist the jury. Under the facts of this case, where neither of Dr. Loftus's self-identified "ingredients" are present, his testimony would be particularly unhelpful to the jury and would improperly invade their exclusive province in determining the reliability of E.H.'s testimony. Therefore, Dr. Loftus' testimony should be excluded.

## II. Dr. Loftus's Proposed Testimony Is Unhelpful Because It Is Not Specific To This Case

Even if Seventh Circuit precedent did not exclude eyewitness expert testimony in this case, Dr. Loftus's proposed testimony should be excluded because it is not specific to this case, and therefore, is unhelpful to the jury. Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

As the Advisory Committee noted, the 2000 Amendment to Rule 702 was drafted in response to the Supreme Court's *Daubert* opinion, and it "affirms the trial court's role as gatekeeper and provides some general standards that the trial court must use to assess the reliability and helpfulness of proffered expert testimony" before it is admitted. Fed. R. Evid. 702 advisory committee's note (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). The Advisory Committee further noted "the admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." *Id.*

To perform its function as gatekeeper, the Court must make a "preliminary assessment of whether the reasoning or methodology underlying the [expert] testimony is scientifically valid" and "can be applied to the facts in issue." *Daubert*, 509 U.S. at 593-93. In making its *Daubert* consideration, the Court can consider a number of factors, including the "the theory's testability, the extent to which it 'has been subjected to peer review and publication,' the extent to which a technique is subject to 'standards controlling the technique's operation,' the 'known or potential rate of error,' and the 'degree of acceptance' within the 'relevant scientific community.'" *United States v. Romano*, 794 F.3d 317, 330 (2d Cir. 2015) (quoting *Daubert*, 509 U.S. at 593–94) (internal

quotation marks omitted). As the Courts have recognized, however, this *Daubert* inquiry is a flexible one, and "the gatekeeping inquiry must be 'tied to the facts' of a particular 'case.'" *Romano*, 794 F.3d at 330 (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999); *Daubert*, 509 U.S. at 591).

Regardless of which factors this Court might consider, the defendant cannot meet his burden of "establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702 advisory committee's note. To date, the only information disclosed by the defense with regard to Dr. Loftus are his CV and a two-page general outline about memory. (See Exhibit A, attached hereto.) The outline does not contain any analysis of how E.H.'s memory might have been affected in this case. As such, even if the Court were to find that Dr. Loftus has sufficient knowledge or expertise to qualify as an expert, the defendant has failed to demonstrate that Dr. Loftus's testimony would be the result of his application of "reliable principles and methods" to "sufficient facts and data" regarding the "facts of [this] case." Fed. R. Evid. 702(b)-(d). Therefore, his testimony should be excluded.

## Conclusion

Expert testimony is only admissible if it is helpful to the jury.  The Seventh Circuit has held that expert testimony on eyewitness identification is not helpful to the jury – indeed, it invades the exclusive province of the jury.  Further, the defendant has failed to provide a sufficient basis for the Court to conclude that Dr. Loftus' testimony would, as Rule 702 requires, be the result of his application of "reliable principles and methods" to "sufficient facts and data" regarding the "facts of [this] case."

WHEREFORE, the United States of America respectfully requests this Court to exclude the testimony of Dr. Geoffrey Loftus from trial.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov