IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
TO PRECLUDE ANY REFERENCE TO THE UNAVAILABILITY
OF THE DEATH PENALTY UNDER ILLINOIS LAW**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude the defendant from asking questions or making argument regarding the unavailability of the death penalty under Illinois law during trial.

The defendant has previously pointed out the lack of a state death penalty in Illinois in both pleadings and at oral argument. The United States requests that this Court forbid any such reference during either phase of trial, whether by evidence, argument, or through a mitigating factor.

A state's position on the death penalty is not an proper mitigating factor within the context of the Eighth Amendment or the FDPA. This is the precise question that was resolved by the Sixth Circuit in *United States v. Gabrion*, 719 F.3d 511 (6th Cir. 2013) (*en*

*banc*). In *Gabrion*, the defendant was found guilty of first-degree murder under 18 U.S.C. § 1111, which prohibits murder within the territorial jurisdiction of the United States. *Gabrion*, 719 F.3d at 515. The murder was committed in a National Forest within the State of Michigan. *Id*. The defendant argued that he should have been able to argue as a mitigating factor that Michigan lacked the death penalty. *Id*. at 520.

Reversing a panel decision to vacate Gabrion's death sentence, the *en banc* court held that the murder's location in a state that lacked the death penalty was not proper mitigation because it has no connection to the defendant's background, character, and crime. *See Gabrion*, 719 F.3d at 521-22 (reaching this conclusion under the Eighth Amendment); 524 (reaching same conclusion under the FDPA); *see also United States v. Higgs*, 353 F.3d 281, 328 (4th Cir. 2003) (recognizing under both the Constitution and the FDPA that evidence not falling within the "categories" of "the defendant's character or record or any of the circumstances of the offense" may be "excluded as irrelevant," and affirming district court's refusal to allow the location of the murder, which occurred on a federal easement in the State of Maryland, as a mitigating factor; if tried under Maryland law, Higgs would not have been eligible for death sentence.); *see also United States v. Taylor*, 583 F. Supp. 2d 923, 943 (E.D. Tenn. 2008) (refusing to consider the fact that France has outlawed the death penalty, even though the defendant was a French national).

Multiple federal courts sitting within non-death-penalty states have followed *Gabrion's* lead. *E.g.*, *United States v. Wilson*, 2013 WL 2948034, *3-4 (E.D.N.Y. June 14, 2013) (holding the defendant may not introduce evidence of the unavailability of capital

punishment in New York); *United States v. McCluskey*, Case No. 1:10-cr-02734 (Docket Entry 1060 at 16-22) (June 26, 2013) ("Approving the reasoning and analysis of *Gabrion*, *Higgs*, and *Taylor*, the Court concludes that abolition of the death penalty by the State of New Mexico is neither mitigating evidence under the Constitution nor a mitigating factor under the FDPA. Such evidence does not concern the culpability of defendant and is not relevant to a 'reasoned moral response.' In addition, allowing such evidence would endorse jury nullification of federal law.").

Mitigation "is not a matter of geographic coordinates." *Gabrion*, 719 F.3d at 522. The fact that Illinois no longer has the death penalty does not make the defendant "more or less deserving of a death sentence." *Taylor*, 583 F. Supp. 2d at 943. That Illinois lacks a death penalty has nothing to do with the defendant's background or character. It also has nothing to do with the reasons why he chose to kidnap and murder the victim, or the seriousness of the offese. It has nothing to do with the depravity and heinousness of his crime. Above all, it has nothing to do with his culpability for the murder or with any other consideration the Supreme Court has ever flagged as mitigating. *Gabrion*, 719 F.3d at 522.

The fact that one jurisdiction has abolished the death penalty is a policy matter for that jurisdiction, "unconnected and irrelevant" to a murder in a separate jurisdiction. *Taylor*, 583 F. Supp. 2d at 943-44. The argument that other jurisdictions have outlawed the death penalty is best asserted in the legislature, not the courts. *Higgs*, 353 F.3d at 328.

Finally, even if Illinois' position on the death penalty was somehow relevant, any reference to it must be excluded under the § 3593(c) balancing test. Introduction of testimony regarding Illinois' position on the death penalty has minimal probative value in that it has nothing to do with the defendant or his crimes. Jurors might easily, however, "confuse the unavailability of the death penalty in [Illinois] with the propriety of capital punishment in federal court." *Wilson*, 2013 WL 2948034 at *4 (holding "even if the court were to conclude that the unavailability of the death penalty in New York has any probative value, it is clear that such value is outweighed by the danger of confusing the issues or misleading the jury" (internal quotations omitted)).

For these reasons, the United States requests that this Court forbid the defense from referring to the fact that Illinois does not have the death penalty.[1]

---

[1] The defendant may, as he did in his evidentiary motions challenging the constitutionality of the federal death penalty, seek to introduce evidence alleging society no longer supports the death penalty. For the same reasons this Court should preclude evidence and argument relating to the invalidation of the death penalty in Illinois, this Court should preclude any evidence or arguments relating to the availability or application of the death penalty in other states, territories, or countries, as well as public opinion on capital punishment. Undeniably, this information has nothing to do with the defendant's background, character, or record, or the circumstances of his offenses.

WHEREFORE, the United States of America respectfully requests this Court to preclude any reference to the unavailability of the death penalty under Illinois law.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov