IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO PRECLUDE ARGUMENT THAT THE "BEYOND A REASONABLE DOUBT" STANDARD APPLIES TO THE PENALTY PHASE WEIGHING PROCESS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude the defendant from arguing that the jury's penalty-phase weighing process is governed by the "beyond a reasonable doubt" standard.

For the jury to impose a sentence of death, the FDPA requires the United States to prove that "the aggravating factor or factors found to exist *sufficiently* outweigh all the mitigating factor or factors found to exist to justify a sentence of death." 18 U.S.C. § 3593(e) (emphasis added). This Court should preclude the defendant from arguing that the jury must determine that the aggravators outweigh the mitigators beyond a reasonable doubt.

Each of the seven circuit Courts of Appeals to have addressed this issue has concluded that the Sixth Amendment's requirement that findings of fact be made beyond a reasonable doubt does not apply to the FDPA's weighing determination. *United States v. Gabrion*, 719 F.3d 511, 532-33 (6th Cir. 2013); *United States v. Runyon*, 707 F.3d 475, 516 (4th Cir. 2013); *United States v. Fields*, 516 F.3d 923, 950 (10th Cir. 2008); *United States v. Mitchell*, 502 F.3d 931, 993-94 (9th Cir. 2007), *cert. denied*, 553 U.S. 1094 (2008); *United States v. Sampson*, 486 F.3d 13, 32 (1st Cir. 2007); *United States v. Fields*, 483 F.3d 313, 345-46 (5th Cir. 2007), *cert. denied*, 552 U.S. 1144 (2008); *United States v. Purkey*, 428 F.3d 738, 750 (8th Cir. 2005).

As the First Circuit held in *Sampson*, the "requisite weighing constitutes a process, not a fact to be found." 486 F.3d at 32 ("The outcome of the weighing process is not an objective truth that is susceptible to further proof by either party. Hence, the weighing of aggravators and mitigators does not need to be 'found.'"). Similarly, the Sixth Circuit explained that the FDPA's weighing process does not require a finding of fact. *Gabrion*, 719 F.3d at 533. Thus, the jury need not be instructed on the beyond a reasonable doubt standard as if it was making a finding of fact. *Id*.

This reasoning also has been adopted by district courts. *See, e.g., United States v. Wilson*, 956 F. Supp. 2d 397, 399 (E.D.N.Y. 2013); *United States v. Aquart*, Case No. 3:06-CR-00160-JBA, 2010 WL 4363414, at *9 (D. Conn. Oct. 26, 2010). Both *Wilson* and *Aquart* rejected the defense argument that the FDPA requires the government to prove that the aggravators outweigh the mitigators beyond a reasonable doubt. Both opinions considered the FDPA's plain language, as well as the fact that burdens of proof apply to

ascertaining verifiable facts, whereas the weighing process requires the jurors to make a judgment as to which already-verified facts are more meaningful. Given the overwhelming weight of authority on this issue, this Court should preclude the defendant from arguing that proposition at any point in the penalty phase.

WHEREFORE, the United States of America respectfully requests this Court to preclude the defendant from arguing that the jury's penalty-phase weighing process is governed by the "beyond a reasonable doubt" standard.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov
