IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO PRECLUDE INSTRUCTIONS OR ARGUMENT ON "RESIDUAL DOUBT"**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude the defendant from making argument on the topic of "residual doubt."

The defendant may, during the penalty phase, request a jury instruction or the opportunity to argue "residual doubt" concerning his guilt of the underlying capital offense. The defendant may also attempt to discuss the issue during voir dire. The United States respectfully requests that the Court preclude any such instruction or argument, as neither the Constitution nor the FDPA provide a basis for the concept of "residual doubt."

"The Eighth and Fourteenth Amendments require that the sentencer . . . not be precluded from considering, as a mitigating factor, any aspect of a defendant's

character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982) (quoting *Lockett v. Ohio*, 438 U.S. at 604 (1978) (plurality opinion)). The Supreme Court, however, has declined to require residual doubt instructions. As Justice White, writing for a four-justice plurality, explained:

> Our edict that, in a capital case, "the sentencer [may] not be precluded from considering *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense," in no way mandates reconsideration by capital juries, in the sentencing phase, of their "residual doubts" over a defendant's guilt. Such lingering doubts are not over any aspect of petitioner's "character," "record," or a "circumstance of the offense." This Court's prior decisions, as we understand them, fail to recognize a constitutional right to have such doubts considered as a mitigating factor.

*Franklin v. Lynaugh*, 487 U.S. 164, 174 (1988) (internal quotations and citations omitted) (original emphasis and brackets); *see also United States v. Wilson*, 956 F. Supp. 2d 397, 399-401 (E.D.N.Y. 2013) (collecting cases that reject the concept of residual doubt). Justice O'Connor's *Franklin* concurrence reflected the same concerns: "'[R]esidual doubt' about guilt is not a mitigating circumstance . . . . Nothing in our cases mandates the imposition of the heightened burden of proof at capital sentencing." 487 U.S. at 188 (O'Connor, J., concurring).

In *Oregon v. Guzek*, the Supreme Court again recognized that the Eighth Amendment does not provide capital defendants with the right to present residual doubt evidence. 546 U.S. 517, 523-26 (2006). Although the Court stopped short of holding that residual doubt argument was improper, the Court held that the lower courts erred in determining the Supreme Court's jurisprudence requires that the

2

defendant be allowed to present residual doubt argument at the penalty phase. *Id*. at 525.

Justice Scalia, joined by Justice Thomas, concurred and opined that the Court should have definitively precluded such arguments, emphasizing *Franklin's* skepticism of residual doubt. *Id*. at 529. Justice Scalia noted that "[i]n 1986, Justice Marshall correctly observed that there had been 'few times in which any legitimacy has been given to the power of a convicted capital defendant facing the possibility of a death sentence to argue as a mitigating factor the chance that he might be innocent.'" *Id.* (quoting *Lockhart v. McCree*, 476 U.S. 162, 205 (1986) (dissenting opinion)). As Justice Scalia noted, the Court has, since *Lockhart*, consistently refused re-litigation of a capital defendant's guilt – even where the Court has sent the case back for re-sentencing. *Id*. (citing cases); *see also United States v. Rodriguez*, 581 F.3d 775, 815 (8th Cir. 2009) (holding the district court did not abuse its discretion in denying a request for a residual doubt instruction); *United States v. Jackson*, 549 F.3d 963, 981-82 (5th Cir. 2008) (same). Given that the Constitution does not require a reconsideration of guilt on remand for sentencing errors, it certainly cannot be used to justify asking the jury to reconsider the defendant's guilt in the penalty phase when the same jury will have just convicted him.

Moreover, the FDPA does not authorize mitigating factors related to residual doubt. The FDPA lists seven mitigators – residual doubt is not among them. 18 U.S.C. §§ 3592(a)(1)-(7). Even the FDPA's catch-all mitigating factor does not support a residual doubt argument. That provision, set forth at Section 3592(a)(8), allows consideration of "[o]ther factors in the defendant's background, record, or character or

any other circumstance of the offense that mitigate against imposition of the death sentence." As *Franklin* held, however, "lingering doubts are not over any aspect of petitioner's character, record, or a circumstance of the offense." 487 U.S. at 174. Simply put, "residual doubt" does not fit within the non-statutory mitigating evidence authorized by Congress.

Accordingly, federal courts have routinely refused to allow residual doubt instructions and argument. *See Wilson*, 956 F. Supp. 2d at 399-401; *Rodriguez*, 581 F.3d at 815; *Jackson*, 549 F.3d at 981-82; *United States v. Caro*, 483 F. Supp. 2d. 513, 518-20 (W.D. Va. 2007) (relying on both Supreme Court precedents and a statutory analysis of the FDPA to reject residual doubt); *United States v. Eye*, Case Nos. 05-00344-01, 02-CR-W-ODS, 2008 WL 2121011, at *2 (W.D. Mo. May 19, 2008) (holding "the FDPA does not permit a jury to be instructed that it can consider residual doubt of guilt when determining an appropriate sentence"); *United States v. Lecco*, Case Nos. 2:05-00107-01 and 2:05-00107-02, 2007 WL 4224724, *7 (S.D. W.Va. Nov. 27, 2007).

The Eighth Circuit's *Rodriguez* case is particularly applicable. In that case, the defendant argued that the district court erred when it rejected his residual doubt jury instruction during the penalty phase. The defendant argued that no evidence established where and when the victim died, or whether she was dead when he allegedly transported her across state lines. In affirming the district court's decision excluding the instruction, the Eighth Circuit held:

> During the penalty phase, the district court rejected a proposed instruction allowing the jury to consider "residual doubt" about whether Sjodin was alive at the moment transportation began.

4

Rodriguez grounds his challenge on 18 U.S.C. § 3592(a), which permits the jury to consider "any mitigating factor" when weighing a death sentence. "[T]he Eighth and Fourteenth Amendments require that the sentencer . . . not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982), quoting *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality opinion).

\* \* \* \* \*

*Franklin* addressed the constitutional claim in favor of a "residual doubt" instruction, rather than an argument based on § 3592(a). The Justices' reasons for declining to recognize a constitutional rule apply with equal force the FDPA. Residual doubt is not a mitigating circumstance of the defendant or of the offense. Rather, residual doubt, if it exists, highlights the difficulty of ever proving anything with complete certainty. Section 3592(a) does not require a district court to grant such an instruction at sentencing, and the district court here did not abuse its discretion by rejecting Rodriguez's request.

*Rodriguez*, 581 F.3d at 815.

Indeed, residual doubt arguments increase the United States' burden of proof even though there is no constitutional or statutory basis for doing so. As the *Rodriguez* court noted, it is difficult to ever prove anything with complete certainty – and that is not the United States' burden. *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (holding that "[t]rial counsel may argue that the government has the burden of proving the defendant's guilt "beyond a reasonable doubt," but *they may not attempt to define "reasonable doubt"*) (emphasis in original).  "[A]bsent a clear directive to do so, courts should not allow for arguments that alter the customary and time-honored burdens imposed on litigants." *Eye*, 2008 WL 2121011, at *2. (noting residual doubt arguments

5

transform burden of proof, which is contrary to longstanding findings and principles of our justice system.)

The overwhelming force of binding and persuasive precedent holds that the defendant is not permitted to introduce the concept of "residual doubt" at any point in a capital trial. Neither the Constitution nor the FDPA support a different conclusion. The United States respectfully submits that allowing the defendant to instruct, or argue to, the jury as to "residual doubt" would not only serve to enlarge the United States' burden of proof, it would confuse the jury as to its role. 18 U.S.C. § 3593(c).

WHEREFORE, the United States respectfully requests this Court to preclude the defendant from offering instructions or argument on "residual doubt."

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov