IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO PRECLUDE
"NULLIFICATION" EVIDENCE, ARGUMENT, AND INSTRUCTIONS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude evidence, argument, and instructions related to death penalty nullification.

At numerous points in his proposed additions to the jury questionnaire, the defendant proposed that the Court include questions designed to encourage the potential jurors to employ their "unique moral judgment" and nullify on the issue of punishment in derogation of their duty to deliberate. (R.165, at 7-9, 19-23) The United States anticipates that the defendant may attempt to request jury instructions or make arguments encouraging jurors to abandon their duty to deliberate in favor of death penalty nullification. Such argument or instructions would be improper.

As this Court is aware, the law requires jurors to deliberate on the facts and law, not their unique moral judgment. Indeed, jurors are instructed to:

> [M]ake every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.
>
> * * * * *
>
> You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

Seventh Circuit Pattern Criminal Jury Instruction 7.03. The United States Supreme Court considered this issue in *Jones v. United States*, wherein the defendant argued that he was entitled to an instruction as to the consequences of a jury deadlock on the issue of sentencing. 527 U.S. 373, 379 (1999). Jones asked for, but did not receive, the following instruction:

> In the event, after due deliberation and reflection, the jury is unable to agree on a unanimous decision as to the sentence to be imposed, you should so advise me and I will impose a sentence of life imprisonment without possibility of release . . . .
>
> * * * * *
>
> In the event you are unable to agree on [a sentence of] Life Without Possibility of Release or Death, but you are unanimous that the sentence should not be less than Life Without Possibility of Release, you should report that vote to the Court and the Court will sentence the defendant to Life Without the Possibility of Release.

*Jones*, 527 U.S. at 379. The defendant has requested substantively identical instructions for the juror questionnaire in this case. (R.165 at 22-23)

*Jones* argued that the Eighth Amendment required the trial court to instruct the jury as to the effect of their inability to agree, and that the Supreme Court should invoke its supervisory power over the federal courts and require that such an instruction be given. In affirming the trial court's refusal to give the requested instruction, the Court held that "[t]he truth of the matter is that the proposed instruction has no bearing on the jury's role in the sentencing process. Rather, it speaks to what happens in the event that the jury is unable to fulfill its role -- when deliberations break down and the jury is unable to produce a unanimous sentence recommendation." *Id.* at 382. The court continued, noting that:

> [W]e have long been of the view that "the very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen v. United States*, 164 U.S. 492, 501 (1896). We further have recognized that in a capital sentencing proceeding, the Government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." *Lowenfield v. Phelps*, 484 U.S. 231, 238 (1988) (citation omitted). *We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest.*

*Id*. (emphasis added) Indeed, as the *Jones* court noted, the Courts of Appeal had unanimously rejected the argument that such a question was constitutionally required. *Id.* at 382 n.6 (citing *Coe v. Bell*, 161 F.3d 320, 339-40 (6th Cir. 1998); *Green v. French*, 143 F.3d 865, 890 (4th Cir. 1998); *United States v. Chandler*, 996 F.2d 1073, 1088-89 (11th Cir. 1993); *Evans v. Thompson*, 881 F.2d 117, 123-124 (4th Cir. 1989)).

Consistent with the Seventh Circuit's Pattern Criminal Jury Instruction 7.03, the Supreme Court has held that questions that discourage potential jurors from exercising their duty to deliberate are improper. Likewise, the Court should preclude the

defendant from arguing that the jurors should abandon the Court's instructions and engage in death penalty nullification.

WHEREFORE, the United States respectfully requests this Court to preclude "nullification" evidence, argument, or instructions.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov