IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OR ARGUMENT ON "PROPORTIONALITY"**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude the defendant from introducing any evidence or argument of alleged "proportionality" comparisons of the defendant to other capital defendants.

Comparative proportionality arguments seek to persuade capital juries, or judges, that a capital sentence ought not be imposed because, compared to other capital or non-capital cases, the facts of the particular murder are less egregious or serious. Comparative proportionality evidence often is based on purported statistics tabulated by the Director of the Federal Death Penalty Resource Counsel (FDPRC).[1] Any

---

[1] This is capital defense attorney Kevin McNally. Mr. McNally has offered a wide range of self-generated statistics in support of capital defendant's motions throughout the country.

purported comparative proportionality evidence or argument will inevitably result in many mini-trials debating the facts of past cases. *See United States v. Sampson*, 335 F. Supp. 2d 166, 198 (D. Mass. 2004) (noting that "the court excluded the limited presentation because it agreed with the government that 'the proffered [47] capital case verdicts cannot be compared in any meaningful way unless the [] cases are effectively retried to th[e] jury'" and that "the defendant's proposed presentation of the cases through McNally would 'only mislead the jury and create prejudicial confusion.'").

Comparative proportionality evidence was also rejected in *United States v. Taylor*, 583 F. Supp. 2d 923, 933-36 (E.D. Tenn. 2008). In *Taylor*, the defendant sought to admit Mr. McNally's testimony concerning (1) similar or worse federal capital cases where the death penalty was neither sought nor imposed; and (2) the race of other federal capital defendants and their victims and the outcome of these cases. *Id*. at 933. In rejecting comparative proportionality evidence, the court held:

> The outcomes of other cases and the races of victims and defendants in other cases have nothing to do with the defendant in this case or the circumstances of his offense or any of the mitigating factors in § 3592(a). Therefore, the Court concludes comparative proportionality review with defendants unconnected to this case is not a proper task for the jury. Within its collective knowledge, the jury will be aware of some circumstances and outcomes of other cases, but its decision on life or death must turn on its understanding of this case, the offenses involved, and this defendant, not on the specifics of other cases and other defendants. To hold otherwise would necessitate turning the trial into a series of mini-trials over the facts and circumstances of other prosecutions, in a situation where the specific facts and circumstances and the exact reason the juries reached their decisions in those other prosecutions are not available to the parties. Such information has no probative value and would confuse and mislead the jury with irrelevant information.

*Id*. at 935-36 (citations omitted*). See also United States v. Regan*, 221 F. Supp. 2d 659, 660-61 (E.D. Va. 2002) (holding proportionality evidence relating to the harm done in other espionage cases could not be used as mitigating evidence because it lacked probative value and there was a significant danger of confusing the issues and misleading the jury); *United States v. Umana*, 2010 WL 1740487, *4 (W.D.N.C. Apr. 28, 2010) (rejecting mitigating factors that would amount to proportionality review because evidence was "irrelevant to [defendant's] character or the circumstances of the offense, and is likely to confuse and mislead the jury").

Likewise, the court precluded comparative proportionality argument in *United States v. Caro*, 461 F. Supp. 2d 459, 464-65 (W.D. Va. 2006). Caro argued that neither the Federal Death Penalty Act nor case law precluded him from referring to the "egregious disparities and arbitrary nature of federal death penalty litigation." *Id*. at 465. The district court disagreed. It held that "allowing the defendant during closing argument to reference totally unrelated cases in which the death penalty was not sought or the defendant was not sentenced to death would lead to a confusion of the issues and mislead the jury, nonetheless." *Id*. The court also explained that the Department of Justice protocol for selection of cases for capital prosecution was "not relevant" for argument. *Id*. ("[I]f I were to allow such an argument, the trial would effectively become a referendum on this process.").

More recently, the defendant's motion *in limine* to allow comparative proportionality testimony and argument was denied in *United States v. McCluskey*, Case. No. 10-cr-2734-JCH (Docket Entry 1418) (D.N.M. Nov. 18, 2013) (attached hereto as

Exhibit A). In that case, the defendant filed his motion immediately upon his conviction seeking to allow Mr. McNally to testify and present statistics purportedly showing the outcomes of different capital cases. In prohibiting the testimony, the court held:

> The Court is persuaded by the analysis of the *Taylor* court. Presentation of comparative proportionality information on unrelated cases, even if it were relevant, is inadmissible under § 3593(c) because its probative value is limited while it presents a very great danger of confusing the issues and misleading the jury. Comparative proportionality information would also require a series of time-consuming mini-trials, in which both parties would present additional information and argument about whether other cases were sufficiently similar to be probative.

*Id*. at 12.

The Seventh Circuit requires that mitigating evidence be focused to the issue of whether this defendant deserves the death penalty for the crimes that he committed. *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000) (Excluding evidence and argument that "life in prison without parole [. . .] achieves the objectives aimed at by the death penalty) (citing *Penry v. Lynaugh*, 492 U.S. 302, 328 (1989); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); *Lockett v. Ohio*, 438 U.S. 586, 604 n. 12 (1978).

Evidence about the outcomes of other cases, in which other defendants committed other crimes, is not germane to that issue. Allowing the defendant to present evidence and argument on proportionality would only serve to confuse the jurors by creating a mini-trial on issues that are not theirs to consider.

WHEREFORE, the United States of America respectfully requests this Court to exclude all evidence or argument on the issue of "proportionality."

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov