IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
TO PRECLUDE EXECUTION IMPACT EVIDENCE OR ARGUMENT**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude "execution impact" evidence or argument.

This Court should prohibit the defendant from presenting evidence about the hypothetical impact that his potential execution might have on others. The FDPA incorporates prior federal case law defining mitigators as "factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8). Relevant mitigating evidence concerns "any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less

than death." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978); *see also Franklin v. Lynaugh*, 487 U.S. 164, 174 (1988).

The defendant may attempt to introduce evidence relating to the effect his execution would have on his family and friends. Such testimony, however, would be irrelevant and would not be proper mitigation evidence. Rather, it would amount to an impermissible appeal to sympathy or an opinion about the appropriate sentence in this case, neither of which is appropriate in a capital sentencing trial. Indeed, such testimony is specifically prohibited. *See United States v. Taylor*, 583 F. Supp. 2d 923, 944-45 (E.D. Tenn. 2008); *United States v. Umana*, Case No. 3:08-cr-134, 2010 WL 3023498 *15 (W.D.N.C. 2010).

The *Taylor* court held, "while the FDPA specifically provides for victim impact evidence . . . there is no parallel provision allowing for execution impact evidence. Asking the jury to sentence a defendant to life is not mitigating evidence." *Id*. at 944; *see also United States v. Snarr*, 704 F.3d 368, 402 (5th Cir. 2013). At least two federal circuits conducting collateral review of state death sentences have concluded that federal law does not require admission of execution impact testimony. *Stenson v. Lambert*, 504 F.3d 873, 892 (9th Cir. 2007); *Jackson v. Dretke*, 450 F.3d 614, 617-18 (5th Cir. 2006). In fact, the Fourth Circuit has observed that no federal case, including *Lockett*, requires the admission of execution impact evidence. *United States v. Hager*, 721 F.3d 167, 195 (4th Cir. 2013); *see also United States v. Troya*, 733 F.3d 1125, 1129 (11th Cir. 2013) (finding "no merit" to an appellate challenge to the exclusion of execution impact evidence).

Execution impact testimony poses substantial problems beyond its lack of relevance as a mitigating factor. First, its focus on the impact of a future event is speculative. *See Taylor*, 583 F. Supp. 2d at 944. Second, it prejudices the victim's family. *Id*. at 944-45. Victim impact witnesses may not opine about the defendant, the circumstances of the offense, or the desired sentence. *Payne v. Tennessee*, 501 U.S. 808, 830 and n.2 (1991); *United States v. Sampson*, 335 F. Supp. 2d 166, 187 (D. Mass. 2004); *see also Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016). It would be fundamentally unfair to allow the defendant to appeal for sympathy and his family's desired sentence, while precluding the victim's family from appealing for justice and then desired sentence.

While concerns about the defendant's potential execution may reflect affection for him, even direct statements of love and affection do not constitute mitigating evidence. *Coleman v. Saffle*, 869 F.2d 1377, 1393 (10th Cir. 1989). As the Tenth Circuit observed, "statements that the witnesses loved [the defendant] . . . in no way concerned an aspect of his 'character or record and any of the circumstances of the offense.'" *Id*. (quoting *Lockett*, 438 U.S. at 604). To qualify as mitigating evidence, testimony must identify a defendant's positive character traits, not merely imply that they exist. *Id*.

The Fourth Circuit clarified the vast difference between victim-impact evidence and execution impact evidence:

> But, why is victim impact evidence allowed and execution impact on third parties forbidden? First, "victim impact evidence fundamentally differs from execution impact evidence, which in no way reflects on the defendant's culpability." [*Snarr*, 704 F.3d at 402]. Second, to allow evidence about the impact the execution will have upon a third party goes beyond testimony about the defendant's character, prior record, or the circumstances of the crime. *See Lockett*, 438 U.S. at 604 n. 12 ("Nothing in

3

> this opinion limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense.") And third, the victim of a murder in a capital case is obviously unavailable to provide testimony at trial. Thus, victim impact testimony allows the jury to know about the victim's life. "[J]ustice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true." *Payne*, 501 U.S. at 827 (quoting *Snyder v. Mass.*, 291 U.S. 97, 122 (1934)).

*Hager*, 721 F.3d at 194-95. Victim-impact evidence draws the victim even with the defendant by allowing the jury to hear advocacy regarding the "victim's 'uniqueness as an individual human being.'" *Payne*, 501 U.S. at 823. The defendant should not be allowed to upset this balance by presenting execution impact evidence. *Hager*, 721 F.3d at 196 (holding that "evidence regarding how Hager's execution might affect his daughters would have provided the jury with nothing about his character, prior record, or the circumstances of his offense"). Accordingly, the United States requests that this Court prohibit execution-impact testimony in this case.

WHEREFORE, the United States of America respectfully requests this Cour to preclude the defendant from presenting evidence or argument with regard to the impact that his possible execution might have on his family members or friends.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov
