IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO PRECLUDE A "MERCY" INSTRUCTION

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude an instruction on the issue of mercy.

At the penalty phase, if applicable, the defendant may request a "mercy" instruction and argue that the jury should consider factors other than those statutorily enumerated by the FDPA. The United States objects to such an instruction on the grounds that it is not consistent with the statutory scheme of the FDPA.

The FDPA provides the defendants with a broad opportunity to present evidence in mitigation of punishment at a separate penalty phase hearing should the defendants be convicted of a capital eligible offense. The rules concerning the admissibility of

evidence and the categories about which evidence can be presented are expansive, although not unlimited.

In the selection phase, the jury may consider both aggravating factors from the United States and mitigating factors from the defense. 18 U.S.C. § 3593(c). The FDPA requires the United States to prove the existence of any aggravating factor beyond a reasonable doubt, and the jury's finding of these factors must be unanimous. In contrast, the defendants' burden is significantly lower. The defendant must prove the existence of any mitigating factor by a "preponderance of the information," to just one or more jurors. *Id*. The jury must then make its final determination: whether all of the aggravating factors sufficiently outweigh all of the mitigating factors so as to justify a sentence of death. The jury's sentencing recommendation must be unanimous. *Id*. It is these factors alone that go into the capital punishment selection equation.

The FDPA makes this clear:

> the jury, or if there is no jury, the court, shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death. Based upon this consideration, the jury by unanimous vote, or if there is no jury, the court, shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence.

*Id*. Moreover, the FDPA also makes clear that a defendant:

> shall be sentenced to death if, after consideration of the factors set forth in section 3592 [18 USCS § 3592] in the course of a hearing held pursuant to section 3593 [18 USCS § 3593], it is determined that imposition of a sentence of death is justified, except that no person may be sentenced to death who was less than 18 years of age at the time of the offense.

§ 3591(a). Accordingly, pursuant to the FDPA, the balancing scheme established in §§ 3591-3593 is the sole vehicle for determining the propriety of a capital sentence.

Any information relevant to the sentence, including any mitigating or aggravating factor, is admissible at sentencing "regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." § 3593(c). The United States and the defendant can rebut any information and argue the adequacy of the information and the appropriateness of imposing a death sentence. *Id*.

The statutory scheme of the FDPA itself provides that the jury exercises complete discretion in determining whether the aggravating factors sufficiently outweigh the mitigating factors to justify a sentence of death. The FDPA provides no mechanism for jurors to substitute mercy for their aggravating and mitigating analysis and impose a sentence less than that which is justified by their own deliberations. *United States v. Caro*, 483 F. Supp. 2d 513, 518 (W.D. Va. 2007), *aff'd*, 597 F.3d 608 (4th Cir. 2010) (noting that "[t]he FDPA does not preclude the jury from considering mercy when weighing the aggravating and mitigating factors. 'The FDPA merely precludes the jurors from arbitrarily disregarding its unanimous determination that a sentence of death is justified.'") (quoting *United States v. Allen*, 247 F.3d 741, 781 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953; and citing *Johnson v. Texas*, 509 U.S. 350, 371-72 (1993)).

In *Caro*, the defendant asked the Court to give the following instruction:

> [W]hatever findings you make with respect to the aggravating and mitigating factors, you are never required to impose a sentence of death. For example, there may be something about this case or about Carlos David Caro that one or more of you are not able to identify as a special mitigating factor, but that nevertheless creates a reasonable doubt about the need for Carlos David Caro's death. In such a case, the jury should render a decision against a death sentence. Moreover, even when a sentence of death is fully supported by the evidence, Congress has nevertheless given each of you the discretion to temper justice with mercy. Any one of you is free to decide that a death sentence should not be imposed in this case for any reason that you see fit. You will not have to explain the reason. Indeed, I am specifically required by law to advise you that you have this broad discretion.

483 F. Supp. 2d at 517. The district court rejected the proposed instruction, which it deemed to be "improper because it would have told the jury that it could base its determination on factors not specified in the FDPA." *Id.* at 517-18.

In affirming the district court, the Fourth Circuit specifically held that the FDPA's plain language does not authorize a jury to impose a sentence of life imprisonment out of mercy. The Court reasoned as follows:

> Caro argues that § 3593(e)'s two-sentence structure creates a two-step process whereby (1) the death penalty might be found justified, with aggravating factors sufficiently outweighing mitigating factors, but (2) the jury might nonetheless impose a lesser sentence out of mercy. Conversely, the district court interpreted §§ 3591 and 3593(e) together to mean that, once the death penalty has been found justified because aggravating factors sufficiently outweigh mitigating factors, the death penalty must be imposed.

> We find Caro's interpretation unpersuasive. First, the opening clause of § 3593(e)'s second sentence, namely, "Based on this consideration," refers back to the preceding sentence and thereby implies that when selecting a sentence the jury may consider only whether the death penalty is justified. 18 U.S.C. § 3593(e) (emphasis added). Second, § 3591 states plainly that an eligible defendant "shall be sentenced to death if . . . it is determined that imposition of a sentence of death is justified," 18 U.S.C. § 3591, and we are

4

> obliged to read §§ 3591 and 3593(e) in harmony. *See Smith v. United States*, 508 U.S. 223, 233 (1993) ("Just as a single word cannot be read in isolation, nor can a single provision of a statute."); *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991) (noting "the cardinal rule that a statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context" (citations omitted)). *See United States v. Allen*, 247 F.3d 741, 780-81 (8th Cir. 2001) (interpreting § 3593(e) the same way based on § 3591), *vacated on other grounds*, 536 U.S. 953. Because Caro's proposed instruction was legally incorrect, the district court's refusal to give that instruction was not an abuse of discretion.

*Caro*, 597 F.3d at 632-33.

As *Caro* noted, the Eighth Circuit similarly held that a capital defendant is not entitled to a "mercy" instruction. *Allen*, 247 F.3d at 780-81, *vacated on other grounds* 536 U.S. 953; *see also United States v. Sampson*, 335 F. Supp. 2d 166, 239 (D. Mass. 2004) (rejecting the defendant's proposed mercy instruction and noting that "To permit the jury to consider matters other than the relative weight of aggravating and mitigating factors found during jury deliberations risks the arbitrary and capricious imposition of death sentences based on unspecified criteria"). No circuit court has held otherwise.

There is no legal basis to allow the defendant to receive a "mercy" instruction at the penalty phase. Indeed, as the courts make clear, it would be improper to allow the jury to consider mercy in lieu of their duty to analyze whether the aggravating factors sufficiently outweigh the mitigating factors to justify a death sentence in this case.

WHEREFORE, the United States of America respectfully requests this Court to preclude a "mercy" instruction to the jury in the penalty phase.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

| | |
|---|---|
| */s/Eugene L. Miller* | */s/ James B. Nelson* |
| Eugene L. Miller | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC 20004 |
| eugene.miller@usdoj.gov | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

*/s/Bryan D. Freres*
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov