E-FILED
Friday, 15 February, 2019  09:15:21 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT OF PLEA NEGOTIATIONS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to exclude any questioning, evidence, or arguments related to negotiations that did not result in a guilty plea in this case.

### RELEVANT LAW

The Federal Rules of Evidence apply to the guilt phase of this trial. The Rules permit the admission of relevant evidence – *i.e.,* evidence having a tendency to make any fact of consequence more or less probable – and exclude the admission of irrelevant evidence. Fed. R. Evid. 401 and 402. Moreover, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

The Federal Rules of Evidence are generally inapplicable at sentencing. *United States v. Smith*, 770 F.3d 628, 641 (7th Cir. 2014). Nonetheless, the Federal Death Penalty Act governs the penalty phase of the trial and imposes its own limitation on the admission of information:

> Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

18 U.S.C. § 3953(c). This is a different standard than Rule 403, where evidence may be excluded if its probative value is *substantially* outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury. *See United States v. Fell*, 360 F.3d 135, 143-44 (2d Cir. 2004).

## ARGUMENT

On December 14, 2018, in support of its Tenth Amendment argument, defense counsel made *in camera* representations to the Court regarding discussions and statements related to negotiations that did not result in a guilty plea in this case. The inadmissibility of such evidence is addressed in Rule 408(a) and 410(a)(4) of the Federal Rules of Evidence. The Court later found that the defendant's arguments were irrelevant to the Tenth Amendment analysis, implicitly finding that the proffered Rule 410(a)(4) information was also irrelevant. (R.207)

As is true in most cases, counsel for the parties discussed resolving this matter prior to trial. The parties were unsuccessful and did not reach an agreement. It is beyond obvious that this information and related statements are not admissible against

the defendant during the guilt phase, and in fact, the United States would expect the defendant to object to any attempt to admit this information during the guilt phase. *See* Fed. R. Evid. 408(a) and 410(a)(4).

This information should likewise be excluded from any penalty phase. Such information would confuse the issues and mislead the jury. The Second Circuit has affirmed a district court's order excluding a draft agreement and statements made during pretrial negotiations from the penalty phase of a capital case. *United States v. Fell*, 531 F.3d 197, 217 (2d Cir. 2008). The court held it was within the district court's "traditional authority" to exclude evidence of "questionable relevance," that the information "lacked evidentiary value," and that it would distract the jury from independently assessing the mitigating factors. *Id.* at 219. Particularly relevant here, the Second Circuit noted that admitting such information "would authorize a confusing and unproductive inquiry into incomplete" negotiations. *Id.* at 219-20.

In this case, it would be unfairly prejudicial to permit the defendant to introduce such questionably relevant information without allowing the United States to respond. *See, e.g., Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000) (holding in capital case that "[c]ase law permits comments that are made in response 'to the argument and strategy of defense counsel.'"). The information and response would result in a confusing, distracting, misleading, and unproductive inquiry into incomplete negotiations and, since the defendant did not personally engage in any such negotiations, essentially

make all of the counsel who engaged in the discussions potential trial witnesses.[1]

Therefore, this Court should exclude any such questioning, evidence, or argument

related to any incomplete negotiations during the penalty phase.

More specifically, the United States submits that it would be misleading for

defense counsel in this case to be allowed to argue that the defendant accepted or

wanted to accept responsibility for his crimes. This would certainly be confusing to a

jury that had just presided over a trial where the defendant did not plead guilty.

Moreover, as noted, it would open the door for the United States to argue that the

defendant would not agree to certain conditions and to admit evidence of those

conditions that the defendant would not agree to satisfy. Neither justice nor judicial

economy are served by engaging in a mini-trial over plea negotiations during the

penalty phase.[2]

---

[1] The defendant has separately asserted that it would be unconstitutional for the United States to mention, during the penalty phase, the defendant's failure to answer questions or provide information as proof of lack of remorse. (R.109) Admitting evidence of pretrial negotiations would require introducing precisely this type of information that the defendant has sought to exclude.

[2] In *Fell*, the defendant was permitted in mitigation to present his alleged offer to plead guilty, which "opened the door" to the following arguments by the prosecutor:

[D]efense counsel ... told you in his opening statement that Donald Fell accepted responsibility for what he did. But that's not entirely true because as the judge told you on the first day of trial Donald Fell has pleaded not guilty. And because he pleaded not guilty a jury must find whether or not the Government can introduce evidence beyond a reasonable doubt to overcome the presumption of innocence that the law provides to Donald Fell.
....
[D]efense counsel also said that Fell accepts responsibility for what he did. But he pleaded not guilty. And that's why we're here. And that's why you are here. And let's think a little bit about that. Think about the very nature of the crimes that he's charged

A number of courts have held that such evidence should be excluded. *See*, *e.g.*, *Wright v. Bell*, 619 F.3d 586, 598-601 (6th Cir. 2010) (capital defendant not entitled to raise plea negotiations during the penalty phase); *Owens v. Guida*, 549 F.3d 399 (6th Cir. 2008) (capital defendant could not use failed plea negotiations in support of mitigating factor that he accepted responsibility for the crime, because he rejected the government's plea offer). For example, the Fourth Circuit upheld the trial court's decision to exclude evidence of the defendant's conditional plea offer in *United States v. Caro*, 597 F.3d 608, 634-35 (4th Cir. 2010):

> Hoping to rebut the alleged non-statutory factor of lack of remorse, Caro sought to present at sentencing a letter he had written to the government offering to plead guilty. Caro explained, "[W]e would like ... for the jury to know that Mr. Caro was willing to accept responsibility for his conduct, and accept a life sentence." The government objected under Federal Rule of Evidence 410. The district court then excluded the letter as irrelevant and "for the reasons stated by the Government."
>
> <div align="center">* * * * *</div>
>
> Caro's letter offering to plead guilty requested a promise not to seek the death penalty.  Because Caro's letter was calculated to persuade the government not to seek the death penalty, rather than expressing unqualified remorse, we cannot agree with Caro's argument that the letter shows acceptance of responsibility.  Therefore, we cannot say that the district court abused its discretion or violated due process by excluding it as irrelevant. *See Owens v. Guida*, 549 F.3d 399, 420 (6th Cir. 2008) (indicating that a conditional plea offer does not show acceptance of responsibility).

---

with. They are all about evasion, about escape, about trying to avoid responsibility for what he did.

*Id.* at 220 n.13. In denying Fell's argument that these arguments were improper, the Second Circuit noted that the defendant put his offer to plead guilty into issue, and the United States was entitled to put that evidence in context "by noting that, when faced with overwhelming evidence of his guilt, Fell offered to plead guilty in exchange for the minimum penalty authorized for his conduct." The Court concluded that "these arguments – which the jury was repeatedly told were not evidence - were reasonable responses to Fell's use of the stipulation. No error occurred." *Id.* at 221 (citing *Darden v. Wainwright*, 477 U.S. 168, 183 (1986)).

*Id*. (internal trial document citations omitted).

A thorough analysis of cases rejecting plea offers as mitigation in FDPA cases is found in *United States v. McCluskey*, Case No. 10-2734, (Docket 1060, at 25-29) (D.N.M. Jun. 23, 2013) (attached hereto as Exhibit A). There, the court precluded the defendant from offering as mitigating evidence his offer to plead guilty:

> The Court is persuaded by the reasoning and analysis of *Owens*, *Wright*, *Caro*, and Judge Brack's opinion in *Lujan*. In contrast, the cases cited by Defendant contain no analysis or reasoning. The Court will exclude evidence of Defendant's plea offers on three alternative grounds: (1) the conditional plea offers do not demonstrate remorse or acceptance of responsibility, and are not mitigating factors under § 3592(a); (2) the conditional plea offers are not mitigating evidence which McCluskey would have a constitutional right to introduce; and (3) the probative value of the plea offers is outweighed by the danger of unfair prejudice under § 3593(c). The Court will grant the Government's motion to exclude evidence of the plea offers.

*Id*. at 29. As noted in *McCluskey*, evidence that a defendant offered to plead guilty on certain conditions, but that his offer was rejected by the United States, opens the penalty hearing to matters that might unfairly prejudice the United States and confuse the issues. Therefore, such evidence should be excluded under 18 U.S.C. § 3593(c).

Any evidence or argument that the defendant may have considered pleading guilty on the condition he received the lowest available sentence for his conduct, so long as he was not required to satisfy any conditions in exchange, is not evidence of acceptance of responsibility or lack of remorse. Therefore, he should not be allowed to argue he wanted to plead guilty, when he instead maintained his plea of not guilty and exercised his right to require the United States to meet its burden of proof.

WHEREFORE, the United States of America respectfully requests this Court to exclude any questioning, evidence, or arguments related to plea negotiations from the guilt or penalty phases of the trial.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2019, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to counsel of record.

<div style="margin-left: 40%;">

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov

</div>