IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE*
FOR AN ORDER COMPELLING DISCLOSURE OF THE DEFENDANT'S
MITIGATING FACTORS AND PENALTY PHASE WITNESSES**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* for an order compelling the defendant to disclose his mitigating factors not later than March 15, 2019. The United States further requests that the Court establish a deadline for both parties to provide notice of its penalty phase witnesses.[1]

To achieve individualized capital sentencing, the Eighth Amendment permits broad consideration of the defendant's character, background, and record as well as the

---

[1] This Court has already established procedures for the parties to disclose the expert witnesses that it will call in the penalty phase pursuant to Rule 12.2(b)(2). (R.220) Those witnesses would necessarily be exempt from any such deadline.

circumstances of the offense. *See Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). The defendant has great latitude in presenting such information in mitigation. 18 U.S.C. § 3592(a); *Skipper v. South Carolina*, 476 U.S. 1, 4 (1986). In fact, the Supreme Court has "made clear that in order to achieve 'such heightened reliability,' more evidence, not less, should be admitted on the presence of aggravating and mitigating factors[.]" *United States v. Fell*, 360 F.3d 135, 143 (2d Cir. 2004) (citing *Gregg v. Georgia*, 428 U.S. 153, 203-04 (1976)); *accord United States v. Mitchell*, 502 F.3d 931, 980 (9th Cir. 2007).

The Federal Death Penalty Act (the "FDPA") requires the United States to give notice of aggravating factors a reasonable time before trial. 18 U.S.C. § 3593(a). Admittedly, the FDPA does not impose a reciprocal duty on the defense in regard to mitigating factors. The FDPA, however, expressly provides that the United States has a right to rebut mitigators: "The government and the defendant shall be permitted to rebut any information received at the [penalty phase] hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c).

If the United States receives insufficient time to investigate the defense's mitigation theories, the right of rebuttal becomes meaningless. The Court, however, can ensure timely disclosure through an exercise of its inherent authority: "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. Proc. 57(b). Under this authority, courts have required disclosure of mitigation in other federal capital cases. S*ee United States v.*

*Wilson*, 493 F. Supp.2d 464, 466 (E.D.N.Y. 2007) (holding "in order for the Government to have the 'fair opportunity' [of rebuttal] required by statute, it is necessary that the Government have notice of the mitigating factors that Wilson intends to prove.");[2] *United States v. Catalan Roman*, 376 F. Supp.2d 108, 114-15 (D.P.R. 2005); *United States v. Taveras*, 2006 WL 1875339, *8-9 (E.D.N.Y. July 5, 2006); *see also United States v. Lujan*, Case No. 05-CR- 924 (Docket Entry 1212) (D.N.M. May 18, 2011) (requiring disclosure between the eligibility and selection segments of the penalty trial);

This Court should exercise its inherent authority to compel the defendant to provide pretrial disclosure of his proposed mitigating factors and non-expert penalty phase witnesses. Such disclosures are necessary to effectuate the United States' right of rebuttal. The United States has provided notice of the aggravating factors that it intends to prove at trial as well as voluminous discovery.

The defendant has already had more than a year to construct his legal and factual responses to the case in aggravation. (R.54) By contrast, the United States is only asking for a few weeks to investigate the mitigation case. Denying the United States' motion will significantly limit its time to prepare. Such an inequitable playing field threatens to skew the penalty phase evidence. *See Michigan v. Lewis*, 500 U.S. 145, 152 (1991) (stating that notice requirements enhance the fairness of the adversary system); *Catalan Roman*,

---

[2] The court later struck factors for which Wilson failed to give timely notice. *See United States v. Wilson*, 493 F. Supp.2d 520, 524 (E.D.N.Y. 2007) (exempting factors for which the defense had good cause for non-disclosure and those that did not prejudice the government).

376 F. Supp.2d at 114 (holding "that the adequate preparation eased by early disclosure will contribute to the truth seeking process, resulting in a more reliable sentencing determination").

Disclosure of such factors in this case will also eliminate any unwarranted surprise. *See Williams v. Florida*, 399 U.S. 78, 82 (1970) (holding that a criminal trial is not a "poker game in which the players enjoy an absolute right always to conceal their cards until they are played"). Of course, timely disclosure will also alleviate any risk of delay that may be caused by non-disclosure. Among other things, disclosure of proposed mitigators will permit efficient litigation of their legality under the FDPA. The same arguments militate in favor of requiring both parties to provide a list of their penalty phase witnesses.

The defendant may argue that the United States' motion exceeds the Court's powers under Rule 57, because the request is inconsistent with 18 U.S.C. §§ 3432 and 3593(a). A careful read of those statutes, however, shows that they are silent on the issue of when the defense should provide discovery. As noted, federal courts have repeatedly relied upon Rule 57 to grant discovery requests similar to this one. *E.g. Wilson*, 493 F. Supp. 2d at 466; *Catalan Roman*, 376 F. Supp. 2d at 114-15.

WHEREFORE, the United States of America respectfully requests this Court to compel the defendant to disclose his mitigating factors, and establish a deadline for both parties to provide notice of their penalty phase witnesses.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/Eugene L. Miller | /s/ James B. Nelson |
| Eugene L. Miller | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC 20004 |
| eugene.miller@usdoj.gov | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov