IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER OPINION EVIDENCE FROM THE PENALTY PHASE**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court *in limine* to preclude the defendant from asking any witness about their opinion of the death penalty.

It is well-settled improper for a witness to provide an opinion as to what the defendant's sentence should be. *Payne v. Tennessee*, 501 U.S. 808, 830 and n.2 (1991); *United States v. Sampson*, 335 F. Supp. 2d 166, 187 (D. Mass. 2004). The United States Supreme Court recently re-affirmed this principle. *Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016). In that case, over the defendant's objection, Oklahoma asked three of the victims' relatives to recommend a sentence to the jury. All three recommended death, and the jury agreed. In a one-page opinion, the Court stated:

> The Oklahoma Court of Criminal Appeals has recognized that *Payne* "specifically acknowledged its holding did not affect" *Booth's* prohibition on opinions about the crime, the defendant, and the appropriate punishment. *Ledbetter*, 933 P. 2d at 890-891. That should have ended its inquiry into whether the Eighth Amendment bars such testimony; the court was wrong to go further and conclude that *Payne* implicitly overruled *Booth* in its entirety.

*Id*. As reaffirmed in *Bosse*, it would be inappropriate for witnesses to offer opinions concerning "the crime, the defendant, or the appropriate punishment." *United States v. Northington*, No. 07-550-05, 2013 WL 2147947, at *5 (E.D. Pa.) (May 16, 2013) (citing cases).

Courts have also properly limited other lay witness opinions in capital trials. In *United States v. Lighty*, 616 F.3d 321, 364 (4th Cir. 2010), the Fourth Circuit considered the admissibility of a family member's statement about the future prospects of the defendant in prison, if given a life sentence.[1] The defendant sought to elicit his uncle's opinion about whether the defendant could have a positive influence on others in prison. The district court sustained an objection to this question, stating that defense counsel could elicit testimony from the uncle about "his own experience, his own relationship, his own evaluation of this man's character, but to ask him to extrapolate, saying how he will get along in prison if he gets life imprisonment is not a proper

---

[1] This motion *in limine* does not address the proper scope of prison adjustment information offered to rebut a claim of future dangerousness as discussed in *Skipper v. South Carolina*, 476 U.S. 1 (1986); *United States v. Johnson*, 223 F. 3d 665, 674-75 (7th Cir. 2000); and *United States v. Taylor*, 583 F. Supp. 2d. 923, 936 (E.D. Tenn. 2008). Rather, this motion *in limine* deals with the speculative opinion evidence of family members and friends not based upon actual observations of a defendant's prison adjustment.

question." *Id*. On appeal, the defendant argued that it was improper to limit the uncle's testimony. In upholding the exclusion of the testimony, the Fourth Circuit held:

> In *Skipper v. South Carolina*, 476 U.S. 1, 106 S. Ct. 1669, 90 L. Ed. 2d 1 (1986), the Supreme Court held that it was error to exclude the non-opinion testimony from two jailors and a visitor that the defendant had made a good adjustment to prison life during the seven and one-half months that he was incarcerated before his trial. *Id*. at 3. The Court emphasized that "a defendant's disposition to make a well-behaved and peaceful adjustment to life in prison is itself an aspect of his character that is by its nature relevant to the sentencing determination." *Id*. at 7. In this case, Randy Lighty's testimony bore no resemblance to the kind of testimony that was excluded in *Skipper*. Unlike the jailors and visitor in *Skipper*, Randy Lighty was not asked about his observations of Lighty's adjustment to prison life prior to his trial. Instead, the question posed of Randy Lighty, whether he believed Lighty would have a positive impact on those in jail, called for no more than rank speculation about how Lighty would adjust to life in prison. The exclusion of such evidence was not an abuse of discretion.

*Id*.

The FDPA grants the jury the authority to weigh the aggravating and mitigating factors and decide whether the defendant should be sentenced to death. 18 U.S.C. § 3591, *et seq*. Accordingly, it would be improper for the defendant to ask any witness what they believe the appropriate sentence should be in this case.

WHEREFORE, the United States respectfully requests this Court to exclude improper opinion testimony from the penalty phase.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/Eugene L. Miller | /s/ James B. Nelson |
| Eugene L. Miller | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC 20004 |
| eugene.miller@usdoj.gov | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov