IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S MOTION
FOR RECONSIDERATION OF THE COURT'S RULE 12.2 PROCEDURES**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully files this motion seeking reconsideration of the Court's Rule 12.2 Procedures Order. (R.220).

**PROCEDURAL HISTORY**

The defendant filed his motion to establish Rule 12.2 procedures on December 3, 2018. (R. 162). The United States responded on December 10, 2018. (R.180). On December 14, 2018, the parties presented oral argument on this issue before the Court in Peoria. On January 4, 2019, the defendant filed a reply brief with regard to Rule 12.2 procedures. (R.198). On January 21, with the Court's permission, the United States filed a sur-reply. (R.212). The United States' sur-reply included a declaration by one of the expert witnesses that it retained in response to the defendant's Rule 12.2 Notice, Dr.

Robert L. Denney.  Dr. Denney is board certified in both forensic psychology and clinical neuropsychology, and he will administer a psychological testing battery to the defendant as part of the United States' rebuttal examination.  (R.212-1).

The Court presided over a teleconference on February 1, 2019, and heard final discussion with regard to the Rule 12.2 procedures.  The Court filed its Order establishing Rule 12.2 procedures on February 5, 2019.  (R.220). The United States has had an opportunity to review the Court's Rule 12.2 procedures with the forensic psychiatrist that it has retained as an expert witness.  Based on that review, the United States respectfully requests that the Court reconsider its Rule 12.2 procedures with regard to two issues.

## ARGUMENT

### 1. The United States' Experts Should be Allowed to Question the Defendant About the Offense, Because Their Reports Will Not Be Seen Until the Penalty Phase

The defendant gave notice that he will only present Rule 12.2 evidence during the penalty phase. (R.161).  Per the Court's Rule 12.2 Order, the prosecution trial team will not have access to its experts reports until after: the defendant has been convicted, the defendant has reviewed the United States' expert's reports, and the defendant has reaffirmed his intent to raise Rule 12.2 evidence at the penalty phase.  (R.220). As such, there is no danger that the prosecution trial team will be "tainted" by its receipt of information, during the guilt phase, that it should not have.

On the other hand, questioning the defendant about the offense is relevant to the rebuttal examination.   As the United States noted in its sur-reply:

2

>It would be contrary to the clinical standard for an examination to restrict the clinical interviewing of Mr. Christensen to a limited area of questioning, because the beliefs and feelings associated with the "excluded" facts and issues might very well encompass psychotic thinking or other thinking that would either be consistent with, or inconsistent with, a "Schizophrenia Spectrum or Other Psychotic Disorder" as defined by DSM-5. Limiting the examination as defense counsel suggests equally limits the ability to identify the presence of psychotic thinking and delusional beliefs that may exist solely within that particular domain of a defendant's mental life. For example Kaplan and Sadock's classic text, Synopsis of Psychiatry: Behavioral Sciences/Clinical Psychiatry (8th ed.) provided this example related to the attempt to identify psychotic beliefs:
>
>>Delusions, as with most psychiatric symptoms, occur on a spectrum from severe to mild and must be evaluated for the degree of severity, fixedness, elaborateness, power to influence the patient's actions, and deviation from normal beliefs. (p.244).

See Denney Declaration, (R.212-1, ¶ 10).

Moreover, asking the defendant about the offense is necessary to fully rebut the defendant's reliance on mental health mitigation. Declaration of Dr. Park Dietz, M.D., M.P.H., Ph.D. (hereinafter "Dietz Declaration") (Attachment A), ¶¶ 13-17. This is especially true because the defendant's experts will almost certainly have asked about the facts of the offense to determine how the defendant's purported diagnoses affected his actions in a way that they mitigate the offense. Id. ¶¶ 14-15. Accordingly, federal courts regularly authorize the United States' experts to inquire into the offense as part of their rebuttal examination. Id. ¶¶ 12, 16.

2. **To Ensure Accuracy, Dr. Dietz Should Be Permitted to Record His Forensic Interview**

As the parties discussed during the February 1, 2019, teleconference, the examinations conducted by forensic psychiatrists are fundamentally different than that

of forensic psychologists.  Dr. Denney, a board-certified forensic psychologist, asserted that he agreed with the defendant's request that his examination not be electronically recorded because recording can affect the validity of a defendant's performance on psychological testing instruments.  <u>Denney Declaration</u>, (R.212-1, ¶ 22-25).  Those same concerns do not apply to Dr. Dietz's examination.

Dr. Dietz is a forensic psychiatrist, and forensic psychiatrists do not conduct "testing" in the same way that a forensic psychologist does.  Rather, Dr. Dietz's examination will involve a thorough interview about a number of topics.   Given the nature of the science, the precise questions that Dr. Dietz asks the defendant will be determined largely by the defendant's answers to his initial questions.  In order that he might proceed with interviewing the defendant efficiently, without having to pause the questioning to take notes, Dr. Dietz has requested permission to utilize a recording device.  <u>Dietz Declaration</u>, ¶¶ 7-12.

WHEREFORE the United States respectfully requests that the Court reconsider Paragraphs 6 and 7 of its Order declaring the Rule 12.2 Procedures (R.220).

Respectfully submitted,


JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*  
Eugene L. Miller  
Assistant United States Attorney  
201 S. Vine St., Suite 226  
Urbana, IL 61802  
Phone: 217/373-5875  
Fax: 217/373-5891  
eugene.miller@usdoj.gov

*/s/ James B. Nelson*  
James B. Nelson  
Trial Attorney  
Capital Case Section  
United States Department of Justice  
1331 F. Street NW, Room 625  
Washington, DC  20004  
Phone: 202/598-2972  
james.nelson@usdoj.gov

*/s/Bryan D. Freres*  
Bryan D. Freres, Bar No. IL 6294791  
Assistant United States Attorney  
201 S. Vine St., Suite 226  
Urbana, IL 61802  
Phone: 217/373-5875  
Fax: 217/373-5891  
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov