E-FILED
Thursday, 14 March, 2019  09:13:03 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

RESPONSE TO MOTION FOR RECONSIDERATION OF
THE COURT'S RULE 12.2 PROCEDURES

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his

attorneys, and respectfully submits this Response the government's Motion for

Reconsideration of the Court's Rule 12.2 Procedures, (R. 258). Despite its silence on the

matters in both its Response, (R. 180), and Sur-reply, (R. 212), to Mr. Christensen's

Motion to Establish Procedures Pursuant to Fed. R. Crim. P. 12.2(c), (R. 162), the

government now asks the Court to reverse its decisions barring the government's

rebuttal experts from questioning Mr. Christensen about the facts of the crime with

which he is charged and from video recording their evaluations of him, (R. 220). The

requests should be denied.

**I.      Questioning Mr. Christensen Regarding the Facts of the Charged Crime is
         Outside the Permissible Scope of the Government's Rebuttal Evaluation**

The government's request that this Court reverse its decision to disallow

questioning of Mr. Christensen about the facts of the charged crime is based on a false

premise, namely that "the defendant's experts will almost certainly have asked about the facts of the offense." (R. 258 at 3.) As clearly stated in Mr. Christensen's Motion to Establish Procedures Pursuant to Fed. R. Crim. P. 12.2(c), the defense has instructed its experts not to question him regarding the facts and circumstances of the crime. (R. 162 at 21-22.)

Such questioning is therefore beyond the scope of what is necessary to rebut Mr. Christensen's own expert evidence of his mental condition, *see* Fed. R. Crim. P. 12.2(c)(4), and constitutes evidence from the defendant on subjects other than "matters he himself has put in dispute," in violation of the Fifth Amendment privilege against self-incrimination. *Brown v. United States*, 356 U.S. 148, 156 (1958). The district court in *United States v. Johnson*, 383 F. Supp. 2d 1145, 1165 (N.D. Iowa 2005), denied the government's request that its experts be permitted to question the defendant about the offense under circumstances indistinguishable from those present here. The defendant had specifically instructed her own experts not to question her about the crimes with which she was charged or her mental state at the time they were committed. *Id.* at 1164. The court therefore appropriately found that the defendant could validly assert her Fifth Amendment privilege with respect to questioning about the crimes because that subject fell outside of the scope of the evidence that she herself would present. *Id.* at 1163-65. The same result should continue to obtain here.

## II.    The Government's Rebuttal Expert May Not Video Record his Interview of Mr. Christensen

### A.    The Government May Not Video Record its Rebuttal Expert's Interview of Mr. Christensen Over his Objection

The option to record an expert evaluation of a criminal defendant is a measure intended to ensure that the defendant's constitutional rights are protected; it is not a tool to aid the government in seeking a death sentence.  It necessarily follows, then, that if a defendant wishes to forego the protection, the government may not impose it upon him for its own benefit. The American Bar Association ("ABA") Standards governing mental health issues in criminal cases make clear that recording of evaluations is for the defendant's benefit:

> All court-ordered evaluations of defendant initiated by the prosecution should be recorded on audiotape or, if possible, on videotape, and a copy of the recording should be provided promptly to the defense attorney. The defense may use the recording for any evidentiary purpose permitted by the jurisdiction. If the defense intends to use the recording at trial, it should notify the court. Upon receiving notice, the court should promptly provide to the prosecution a copy of the recording. Upon defense motion, the court may enter a protective order redacting portions of the recording before it is forwarded to the prosecution.

ABA, *Standards for Criminal Justice: Mental Health*, Standard 7-3.6(d) (2017).

In *United States v. Nelson*, No. 04-cv-8005 ECF No. 146 (W.D. Mo. May 18, 2010), a case on post-conviction review, the government sought permission to record the evaluation by its expert, who was also Dr. Park Dietz.  The defense objected, citing ABA Standard 7-3.6(d) for the proposition that the prosecution has no basis upon which to insist upon recording for its own purposes. *Id.* "The Court agrees," wrote the district court, "and finds that since the purpose of the recording is to protect the defendant, if Nelson's counsel does not wish the examination to be recorded, the Government has no right to insist on this condition.  Accordingly, the examination by the Government's

mental health professional shall not be either audio or videotaped." *Id. See also United States v. Minerd*, 197 F. Supp. 2d 272, 278 (W.D. Pa. 2002) (directing that "[t]he government will not electronically record the examination of the defendant, whether by audiotape of videotape, except with the express written consent of defense counsel").

In accordance with this principle, many other district courts have authorized video recording of government evaluations when requested by the defendant or deemed necessary to protect the defendant's rights. *See, e.g., United States v. Sampson*, 335 F. Supp. 2d 166, 246-47 (D. Mass. 2004) (ordering recording of government evaluations where defense accepted procedure as alternative to having defense counsel present); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1089 (N.D. Iowa 2005) (rejecting request for defense representative to be present during government evaluation and finding that defendant's rights would be adequately protected by instead recording all interviews and providing copies of recordings to defense); *United States v. Fell,* No. 01-cr-12, ECF No. 637 (D. Vt. 2015) (granting defense request for recording of government evaluations and denying government request for recording of defense evaluations); *United States v. O'Reilly*, No. 05-cr-80025 ECF No. 444 (E.D. Mich. 2010) (holding that "[d]efense counsel may arrange for any [government] rebuttal examination to be audio and/or video taped"); *United States v. Hardy*, 644 F. Supp. 2d 749, 750 (E.D. La. 2008) (granting defense request for video recording of government evaluation).

For the reasons set forth below, Mr. Christensen objects to the recording of his interview by the government's rebuttal expert, Dr. Park Dietz.

B.      **Mr. Christensen Objects to the Recording of his Interview by Government Rebuttal Expert Dr. Park Dietz**

Mr. Christensen objects to any recording of his interview by Dr. Park Dietz, the government's rebuttal expert on the ground that the presence of recording equipment in the interview room threatens to undermine the reliability of the evaluation. As is clear from Dr. Dietz's Declaration, (R. 258-1 at 8), the government's examination will involve inquiry into very difficult, personal and potentially embarrassing topics. Knowing that his responses are being recorded and may be viewed by any number of people – indeed, may even be made public – unacceptably increases the risk that Mr. Christensen will feel self-conscious and will be inhibited from revealing the full extent of his thoughts and experiences. *See* American Psychological Association, *Statement on Third Party Observers in Psychological Testing and Assessment: A Framework for Decision Making* at 2 (2007) (noting that "some examinees may be less likely to share personal information if they believe that others are observing or could observe their actual statements or behavior").

As the district court found in *United States v. Wilson*, 920 F. Supp. 2d 287, 306 (E.D.N.Y. 2012) (quoting *Lahar v. Oakland City*, 2006 2269340 at *8 (E.D. Mich.)), "'the majority of federal courts decline to allow . . . recording . . . absent a showing of a special need or good reason.'" It continued: "The court agrees with the weight of authority that the recording of a mental examination changes its tenor and feel in such a way that could potentially undermine its effectiveness." *Id*. Finding no specialized circumstances in the case to justify recording the evaluation, the court refused to permit

it. *Id.  See also United States v. Runner*, No. 14-cr-50033 ECF No. 43 (D.S.D. September 3, 2014) (same).

The sole justification for recording its expert's evaluation offered by the government in its Motion is that recording is that Dr. Dietz "might proceed with interviewing the defendant efficiently, without having to pause the questioning to take notes." (R. 258 at 4.) Given that psychiatrists have been conducting evaluations while taking notes since time immemorial, this purported reason for flouting the risks inherent in recording the interview is less than compelling.

In his Declaration, Dr. Dietz offers additional reasons for wishing to video record his evaluation, (R. 258-1 at 5), but none is persuasive. First, Dr. Dietz expresses the desire to use the recording of his evaluation of Mr. Christensen "to advance the quality of forensic mental health practice, *id*, presumably by allowing "reviews of [the video] by faculty, law students, and mental health trainees and practitioners," *id.* at 4. Mr. Christensen declines to have his most personal and intimate information used as a training tool for Dr. Dietz and strongly objects to the use or disclosure of any of Dr. Dietz's work product outside of the context of this case.

Dr. Dietz further suggests that he would like to video record his evaluation to improve the accuracy and quality of the data he collects and to preserve evidence of what transpires during the evaluation.  *Id.* at 5. Once again, for most of history the courts have relied upon mental health professionals to faithfully report their findings and to explain what transpired during their evaluations, without recourse to video recording equipment, belying the claim that such recording is necessary.

Dr. Dietz's final claims are that video recording would provide transparency of his methods, protect himself and Mr. Christensen from false accusations and ensure that any errors he makes are discovered by all parties. *Id.* The district court rejected a request on precisely these grounds in *Runner*, No. 14-cr-50033 ECF No. 43 at 4, stating that "other than transparency, Mr. Runner makes a general request with no specified need for video recording," and had failed to "identify any reason to believe that [the doctor] will use improper evaluation techniques or that there is a risk of miscommunication between himself and the doctor during the evaluation." The same is true here.

In sum, there exists no good reason to force upon Mr. Christensen a procedure that exists solely for his benefit, over his objection and in the face of considerable risks that the results of the evaluation will be tainted and undermined. The government's request to video record Dr. Dietz's interview should be denied.

WHEREFORE, Defendant respectfully requests that the Court deny the government's Motion.

Respectfully submitted,

/s/Elisabeth R. Pollock                    /s/ George Taseff
Assistant Federal Defender                 Assistant Federal Defender
300 West Main Street                       401 Main Street, Suite 1500
Urbana, IL 61801                           Peoria, IL 61602
Phone: 217-373-0666                        Phone: 309-671-7891
FAX:   217-373-0667                        Fax:    309-671-7898
Email: Elisabeth_Pollock@fd.org            Email: George_Taseff@fd.org


/s/ Robert Tucker                          /s/ Julie Brain
Robert L. Tucker, Esq.                     Julie Brain, Esq.
7114 Washington Ave                        916 South 2nd Street
St. Louis, MO 63130                        Philadelphia, PA 19147
Phone: 703-527-1622                        Phone: 267-639-0417
Email: roberttuckerlaw@gmail.com           Email: juliebrain1@yahoo.com


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

8