UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S MOTION
TO SELECT AND EMPANEL AN ANONYMOUS JURY**

Now comes the Defendant, BRENDT A. CHRISTENSEN, by his attorneys, and for his response to the government's oral motion for an anonymous jury made in open court on March 14, 2019, states as follows:

**I.    Introduction**

On March 14, 2019, at a hearing before this Court on the parties' respective motions to establish jury selection procedures (R.#223, 229), government counsel made an oral motion for the Court to redact the names of all prospective jurors from the hundreds of jury questionnaires that the Court will be furnishing counsel prior to trial, so that all of the prospective jurors who complete and submit a questionnaire would be known to the parties, counsel, the public, and the media only as "Juror No. ___."

In response thereto, defense counsel raised several objections and concerns in

opposition to the government's motion, and the Court advised that it would take the matter under advisement and issue a written order in due course.

That the undersigned counsel wish to supplement their objections raised in Court on March 14, 2019, to the Government's oral motion to select and empanel an anonymous jury with the following memorandum of law, and Counsel respectfully urge this Court to deny the government's motion and to furnish counsel with unredacted copies of the jury questionnaires as is done in all other cases tried before this Court.

## II.     Argument

In *United States v. Mansoori*, 304 F.3d 635, 650-652 (7th Cir. 2002), the Seventh Circuit held that the district court abused its discretion in selecting and empaneling an anonymous jury at defendants' trial for conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin because, although the case involved elements of organized crime, the district court made no finding that defendants had a history of intimidating witnesses or otherwise obstructing justice, or that they were likely to do so in connection with their trial.

As the court in *Mansoori* noted, empaneling an anonymous jury is an extreme measure that is warranted only where "there is strong reason to believe the jury needs protection." *United States v. Crockett*, 979 F.2d 1204, 1215, 1216-1217 (7th Cir. 1992) (quoting *United States v. Paccione*, 949 F.2d 1183, 1192 (2nd Cir.1991)). "An anonymous jury raises the specter that the defendant is a dangerous person from whom the jurors

2

must be protected, thereby implicating the defendant's constitutional right to a presumption of innocence." *United States v. Ross*, 33 F.3d 1507, 1519 (11th Cir.1994); *see also United States v. Sanchez*, 74 F.3d 562, 564 (5th Cir.1996); *United States v. Edmond*, 52 F.3d 1080, 1090 (D.C. Cir. 1995) (per curiam); *United States v. Scarfo*, 850 F.2d 1015, 1023–26 (3rd Cir. 1988); *United States v. Thomas,* 757 F.2d 1359, 1363–65 (2nd Cir.1985).

Juror anonymity also deprives the defendant of information that might help him to make appropriate challenges—in particular, peremptory challenges—during jury selection. *See United States v. DiDomenico*, 78 F.3d 294, 301 (7th Cir. 1996); *Edmond*, 52 F.3d at 1090.

A court weighing the need for an anonymous jury must therefore balance the defendant's interest in preserving the presumption of innocence and in conducting a useful voir dire against the jurors' interest in their own security and the public's interest in having a jury assess the defendant's guilt or innocence impartially. *United States v. Amuso*, 21 F.3d 1251, 1264 (2nd Cir.); *accord Edmond*, 52 F.3d at 1090.

Factors bearing on the propriety of an anonymous jury include the defendant's involvement in organized crime; his participation in a group with the capacity to harm jurors; whether he previously has attempted to interfere with the judicial process; the severity of the punishment that the defendant would face if convicted; and whether publicity regarding the case presents the prospect that the jurors' names could become public and expose them to intimidation or harassment. *Mansoori*, 304 F.3d at 650-651; *Sanchez*, 74 F.3d at 564 (quoting *United States v. Krout*, 66 F.3d 1420, 1427 (5th Cir.1995));

*United States v. Darden*, 70 F.3d 1507, 1532–33 (8th Cir.1995); *Edmond*, 52 F.3d at 1091; *Ross*, 33 F.3d at 1520.

Relying on these principles, the *Mansoori* court found that the circumstances in the case did not warrant an anonymous jury. Although the case did involve elements of organized crime, the court held that "something more" than the organized-crime label is required in order to justify juror anonymity. As the court explained:

> "Something more" can be a demonstrable history or likelihood of obstruction of justice on the part of the defendant or others acting on his behalf or a showing that trial evidence will depict a pattern of violence by the defendant and his associates such as would cause a juror to reasonably fear for his own safety. 979 F.2d at 1216, *quoting United States v. Vario*, 943 F.2d 236, 241 (2nd Cir.1991), *cert. denied*, 502 U.S. 1036, 112 S.Ct. 882, 116 L.Ed.2d 786 (1992). In this case, the district court made no finding that the defendants had a history of intimidating witnesses or otherwise obstructing justice or that they were likely to do so in connection with this trial. *Cf. DiDomenico*, 78 F.3d at 301–02 (defendants were connected to organized crime syndicate that had history of bribery and intimidation); *Edmond*, 52 F.3d at 1091–92 (one of defendants in narcotics conspiracy prosecution was also charged with murder, other defendants were implicated in that murder as well, and there was some evidence of planned and attempted witness intimidation); *Crockett*, 979 F.2d at 1216 (evidence indicated that one potential witness had been murdered and that attempts had been made to influence or intimidate other witnesses). True, the defendants may have had the ability to intimidate jurors through associates who were not incarcerated, but that is true of many defendants. **What demonstrates the need for jury protection is not simply the means of intimidation, but some evidence indicating that intimidation is likely**. *See, e.g., Darden*, 70 F.3d at 1532–33; *Ross*, 33 F.3d at 1520–21; *Vario*, 943 F.2d at 240, 241.
>
> No such evidence is present here. Nor is there evidence that the defendants had engaged in a pattern of violence unusual enough to cause jurors to fear for their safety. *Compare, e.g., Amuso*, 21 F.3d at 1264–65 (indictment alleged that defendant was responsible for crimes of extreme violence, including murders of government witnesses). Although the

> narcotics conspiracy in this case embraced a large-scale, gang-related operation with ready access to firearms, this is regrettably not uncommon in the drug trade. *See, e.g., United States v. Jones*, 214 F.3d 836, 838 (7th Cir.2000) ("guns are common in the drug trade"). The government has pointed to no evidence of violence of such a degree as to make this case unusual. The publicity surrounding the case was by no means extensive. Similarly, the fact that the defendants faced lengthy prison terms if convicted is hardly unusual—this is almost always true when a defendant has dealt in large quantities of narcotics. **In short, that the defendants had the ability and incentive to threaten jurors, without additional evidence indicating that they were likely to act on that ability and incentive, was not enough to justify the unusual step of juror anonymity.**

*Mansoori*, 304 F.3d at 651 (emphasis added).

In view of such controlling Seventh Circuit authority, this Court should find that there is no basis in law or fact for the government's request that the Court redact the names of all prospective jurors from the questionnaires, and adopt a procedure that will result in an anonymous jury. In stark contrast to the situation in *Mansoori* and in other cases cited above, there is no evidence, or any real and articulable concern, of any specific and identifiable threat or risk of witness intimidation or obstruction of justice or danger to any juror who is selected and sworn to serve in this case. Nor did the government support its request for an anonymous jury with any particularized and fact-based reason for adopting such a measure in selecting a fair and impartial jury in this case.

And finally, as suggested by defense counsel at the motion hearing on March 14, 2019, whatever concerns the Court or counsel may have with respect to the jurors' identities being revealed by the jury questionnaires, those matters can and should be dealt with by the Court by way of a reasonable protective order, and not by electing the

5

"extreme" and "unusual" step of selecting and empaneling an anonymous jury as requested by government.

### III.   Conclusion

For all of the foregoing reasons, this Court should reject the government's oral motion to redact the names of all prospective jurors from the hundreds of jury questionnaires that the Court will be furnishing counsel prior to trial. Instead, the Court should order that counsel receive unredacted copies of all of the jury questionnaires, and that jury selection proceed in the proper course, as this Court has conducted in scores of prior jury trials.

Respectfully submitted,

BRENDT A. CHRISTENSEN, Defendant

By:   /s/ Elisabeth R. Pollock                /s/ George Taseff
      Assistant Federal Public Defender       Assistant Federal Public Defender
      300 West Main Street                    401 Main Street, Suite 1500
      Urbana, IL 61801                        Peoria, IL 61602
      Phone: 217-373-0666                     Phone: 309-671-7891
      FAX:   217-373-0667                     Fax:   309-671-7898
      Email: Elisabeth_Pollock@fd.org         Email: George_Taseff@fd.org


      /s/ Robert Tucker                       /s/ Julie Brain
      Robert L. Tucker, Esq.                  Julie Brain, Esq.
      7114 Washington Ave                     916 South 2nd Street
      St. Louis, MO 63130                     Philadelphia, PA 19147
      Phone: 703-527-1622                     Phone: 267-639-0417
      Email: roberttuckerlaw@gmail.com        Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

    I hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Eugene Miller and Mr. Bryan Freres, Assistant United States Attorneys, 201 South Vine Street, Urbana, IL 61801, and Mr. James B. Nelson, Trial Attorney, Capital Case Section, 1351 F Street NW, Room 625, Washington, D.C. 20004. A copy was also mailed to Mr. Christensen.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org