UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

SEALED RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT OF PLEA NEGOTIATIONS

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully submits this Response the government's Motion *In Limine* to Exclude Evidence or Argument of Plea Negotiations, (R. 251). Mr. Christensen reserves the right to present evidence of his willingness to plead guilty at both the guilt and penalty phases of his trial, in accordance with applicable law, and the government's Motion should be denied.

I. **Mr. Christensen Reserves the Right to Present Evidence and Argument Regarding his Willingness to Plead Guilty and Accept a Sentence of Life Without Possibility of Release at the Guilt Phase of his Trial.**

Evidence of his willingness to plead guilty to the charges against him is relevant and admissible at the guilty phase of Mr. Christensen's trial and he reserves the right to present it. Citing Fed. R. Evid. 410(a)(4),[1] the government states that Mr. Christensen's

---

[1] The government also cites to Fed. R. Evid. 408(a), which governs the admissibility of compromise offers and negotiations. However, this provision applies only in civil cases and is inapplicable here. *See United States v. Prewitt*, 34 F.3d 436, 439 (7th Cir. 1994) ("The clear reading of this rule suggests that it should

1

willingness to plead guilty is inadmissible against him at the guilt phase and it would expect the defense to object to its admission. (R. 251 at 2-3.) However, the key word is "against" him; Fed. R. Evid. 410(a) prohibits the use of statements made during plea discussions only where the government seeks to use the evidence "against the defendant." *See also United States v. Fell*, 372 F. Supp. 2d 773, 785 n. 7 (D. Vt. 2005) (noting that Rule 410(a) only precluded use of statements made during plea discussions "against" the defendant). The Rule places no restrictions upon the defendant's own use of such evidence, leaving the admissibility under such circumstances to the familiar standards of relevance. *See* Fed. R. Evid. 401, 403.

    Mr. Christensen is yet to be in a position to finalize his overall trial strategy. One option open to him is to concede his guilt at the culpability phase of the trial and focus on persuading the jury to return a life sentence at the penalty selection phase. In such a scenario, it is inevitable that jurors would wonder why they are nevertheless being compelled to sit through the presentation of the government's case for guilt, and they are likely to hold it against Mr. Christensen, unconstitutionally penalizing the exercise of his right to put the government to its proof. Mr. Christensen must be permitted to present evidence and argument explaining that he was willing to plead guilty and accept a sentence of life without possibility of release but his offer was rejected.[2]

---

apply only to civil proceedings"); *United States v. Baker*, 926 F.2d 179, 180 (2d Cir. 1991) ("We believe it fairly evident that the Rule applies only to civil litigation."); Fed. R. Crim. P. 11(f) ("The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.").

[2] It is the case, of course, that Mr. Christensen could plead guilty unconditionally and proceed to the penalty phase without a formal culpability phase. However, the government will present its evidence of

2

## II. Mr. Christensen is Entitled to Present Evidence and Argument Regarding his Willingness to Plead Guilty and Accept a Sentence of Life Without Possibility of Release at the Penalty Phase of his Trial.

Evidence of Mr. Christensen's willingness to plead guilty and accept a life sentence is also relevant to the mitigating factor of acceptance of responsibility and the aggravating factor of lack of remorse, and thus is admissible at the penalty phase of the trial. It is axiomatic that a defendant on trial for his life must be permitted to present all relevant mitigating evidence. "[T]he Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (plurality opinion). *See also Eddings v. Oklahoma*, 455 U.S. 104, 112 (1982) (holding that "the sentence in capital cases must be permitted to consider any relevant mitigating factor").

A defendant's acceptance of responsibility for his conduct is a valid non-statutory mitigating factor under 18 U.S.C. § 3592(a)(8). A pretrial offer to plead guilty to the charges against him and accept the harshest sentence available in the criminal justice system short of execution obviously tends to make it more probable that a defendant has in fact accepted responsibility for his crimes. *See, e.g., Busso-Estopellan v. Mroz*, 364 P.3d, 473 (Ariz. 2015) ("We agree with Busso-Estopellan that his pretrial offer to plead guilty is relevant because it tends to make his acceptance of responsibility for

---

guilt to the jury regardless. There is therefore no meaningful difference between pleading guilty unconditionally and proceeding with an uncontested culpability phase, and the government should be precluded from arguing to the contrary.

3

the murders more probable."). An offer to plead is therefore relevant mitigating evidence that the defendant must be permitted to present at the penalty phase of his trial in the event that the offer is rejected.

Several federal district courts have reached this conclusion and held that evidence of an offer to plead guilty is relevant and admissible at the penalty phase of a capital trial. *See, e.g., Johnson v. United States*, 860 F. Supp. 2d 663, 899-904 (N.D. Iowa 2012) (on motion for new trial, finding trial counsel performed deficiently by failing to introduce evidence of defendant's offer to plead guilty as mitigating evidence showing acceptance of responsibility); *Fell*, 372 F. Supp. 2d at 784-85 (finding defendant's offer to plead guilty and accept life sentence without possibility of release relevant to mitigating factor of acceptance of responsibility); *United States v. Williams*, No. 06-00079 (D. Haw. May 30, 2014) (finding that offer to plead guilty may show some degree of acceptance of responsibility and it is up to the jury, not the court, to decide how to weigh that fact in determining sentence); *United States v. Rodriguez*, No. 04-cr-55 (D.N.D. February 12, 2007) (noting that court had previously found defendant's offer to plead guilty relevant to acceptance of responsibility and therefore admissible during the penalty selection phase); *United States v. Johnson*, 713 F. Supp. 2d 595, 612 (E.D. La. 2010) (noting that defendant's willingness to plead guilty and accept a life sentence was presented at trial as a mitigating factor and found unanimously by the jury to be present).

At least one court has found that an offer to plead guilty is especially mitigating where, as in this case, it is made early on in the prosecution and not at the last minute:

> In my view, the mitigating effect of an offer to plead guilty depends to a large extent on . . . the timing of the offer, which may indicate whether it suggests a genuine attempt to take responsibility, cooperate, avoid further anguish to the victim's family, and avoid for all parties the difficulties and expense of trial, or simply a last-ditch attempt to avoid a death sentence in the face of overwhelming evidence of guilt.

*Johnson*, 860 F. Supp. 2d at 904. *See also United States v. Lujan*, 95-cr-924 ECF No. 782 (D.N.M. April 15, 2011) (in excluding evidence of plea offers based on their lack of relevance to the aggravating factor of lack of remorse, court finds it "material" that first offer came over three years after the crime and 10 months after the NOI was filed). Mr. Christensen made his offer to plead guilty and accept a sentence of life without possibility of release within six months of his arrest, before the Department of Justice had even authorized the United States Attorney to seek the death penalty against him.

The *Johnson* court also found that the nature of the offer similarly may increase its mitigating value, such as where "it involved a complete and truthful factual proffer and required the defendant to cooperate," and was not simply "a 'naked' offer to plead guilty." *Id.* Once again, Mr. Christensen's offer was the more significant type. In his proposed plea agreement, he stipulated that he would assist and fully cooperate with the United States in its efforts to recover the bodily remains of Ms. Zhang and that he would provide complete, truthful and verifiable information regarding the location of those remains.

In support of its argument that this evidence should be excluded from the penalty phase, the government cites cases from the Fourth and Sixth Circuits and the District of New Mexico. (R. 251 at 5-6.) It also cites to the Second Circuit's decision in

*United States v. Fell*, 531 F.3d 197 (2d Cir. 2008), (R. 251 at 3), but that opinion supports Mr. Christensen's position, not the government's. For while the appellate court affirmed the trial court's decision to exclude certain statements made by the prosecutors in a draft plea agreement, it also left intact the trial court's decision to admit the fact that the defendant offered to plead guilty and accept a life sentence as relevant mitigating evidence. *Id.* at 218.

Both the Sixth and Fourth Circuits have issued opinions in habeas cases rejecting the argument that an offer to plead guilty and accept a life sentence is relevant to the mitigating circumstance of acceptance of responsibility. *See Owens v. Guida*, 549 F.3d 399, 419-422 (6th Cir. 2008); *Wright v. Bell*, 619 F.3d 586, 598-601 (6th Cir. 2010) (following *Owens*); *United States v. Caro*, 587 F.3d 608, 634-35 (4th Cir. 2010). However, the Seventh Circuit has yet to address the question and, when it does, it is likely to reject the scant reasoning of its sister circuits.

Essentially, the conclusion of the Fourth and Sixth Circuits is that a defendant can only show acceptance of responsibility if he pleads guilty in the face of a potential death sentence. *Owens*, 549 F.3d at 420; *Caro*, 597 F.3d at 635. This argument, which the dissent in *Owens* called "a hopeless, out-of-the question argument on this subject of acceptance of responsibility," 549 F.3d at 431 (Merrit, J., dissenting), cannot be correct. There is plainly a significant difference between a defendant who rapidly decides to offer a plea of guilty to the charges against him and to accept incarceration for the rest of his natural life, and one who insists upon a trial at which he loudly proclaims his innocence in the face of overwhelming evidence to the contrary. The former has

6

indisputably accepted responsibility for his actions; the latter has not. And the fact that the former declines to waive his constitutional right to put the government to its proof in the event that his offer is rejected does not alter that judgment. This Court should follow the lead of the district courts cited above and admit evidence and argument regarding Mr. Christensen's offer to plead guilty and accept a life sentence at the penalty phase in this case.

### III. Only the Fact and Nature of Mr. Christensen's Offer to Plead Guilty and Accept a Life Sentence is Relevant and so There is No Danger of a Lengthy Inquiry into the Negotiation Process.

In its Motion, the government asserts that admitting evidence of Mr. Christensen's offer to plead guilty would be "unfairly prejudicial" unless it is allowed to "respond," which would result in a confusing and distracting inquiry into the negotiation process. (R. 251 at 3.) It goes on to state that evidence of Mr. Christensen's offer to plead would "open the door" for it to admit evidence of conditions it placed on the acceptance of the offer and Mr. Christensen's inability to agree to them. *Id.* at 4. The government's concern is misplaced as none of the evidence it describes is relevant or admissible.

As the district court found in *Fell*, it is the defendant's "*offer* to plead guilty that bears on his acceptance of responsibility. The Government's *response* to [the defendant's] offer is not relevant." *Fell*, 372 F. Supp. 2d at 784 (emphases in original). Obviously, the court noted, the jury will know that the government rejected the defendant's offer. *Id.* at 784 n.6. And although some jurors might speculate about why it

7

did so, the danger that the jury will be distracted as a result is insufficiently serious to warrant introducing evidence of the government's own internal deliberations. *Id.*

The district court in *Rodriguez,* No. 04-cr-55 ECF No. 588, reached the same result. Its order on the matter stated:

> A defendant's offer to plead guilty is therefore relevant to the issue of acceptance of responsibility and it may be admitted during the selection phase . . . However, the scope of this evidence is strictly limited to a defendant's offer to plead guilty. The government's response to a defendant's offer is not admissible. In addition, any assertions of personal belief by a prosecutor are not admissible . . . The Court will limit this evidence to Defendant's offer to plead guilty.

When the prosecutor thereafter commented during closing argument on his refusal to accept the offer, the court found his conduct "clearly improper." *Id.* In accordance with these decisions, there is no danger of "a mini-trial over plea negotiations" resulting from the admission of evidence of Mr. Christensen's offer to plead guilty and accept a life sentence without possibility of release. (R. 251 at 4.)  The government's Motion should be denied.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org  

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org  

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com  

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com  

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org