UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

RESPONSE TO MOTION *IN LIMINE* FOR AN ORDER COMPELLING DISCLOSURE OF THE DEFENDANT'S MITIGATING FACTORS AND PENALTY PHASE WITNESSES

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully submits this Response the government's Motion *In Limine* for an Order Compelling Disclosure of the Defendant's Mitigating Factors and Penalty Phase Witnesses, (R. 252). The government is seeking to compel disclosure of Mr. Christensen's penalty phase evidence and strategy before voir dire in this case has even begun. The requests are contrary to law and should be denied.

I.    There Exists No Legal Basis for Granting the Government's Requests

There is no legal basis for compelling Mr. Christensen to make the disclosures that the government seeks. In its Motion, the government impliedly concedes, as it must, that neither its request for a list of mitigating factors, nor its request for a list of Mr. Christensen's penalty phase witnesses, are subject to the limited reciprocal discovery obligations imposed by Fed. R. Crim. P. 16 and Fed. R. Crim. P. 26.2. It argues

instead that the Court has the inherent authority to enter the order it seeks pursuant to Fed. R. Crim. P. 57(b). (R. 252 at 6.) However, the applicability of that provision is expressly limited to instances in which there is no controlling law, and it permits a court to regulate practice only in a manner that is "consistent with federal law." Fed. R. Crim. P. 57(b). Here, the relief that the government seeks is flatly inconsistent with the Federal Death Penalty Act.

The Act expressly requires the government to provide the defense with advance notice of its alleged aggravating factors. *See* 18 U.S.C. § 3592(c) (the finder of fact "shall consider each of the following aggravating factors *for which notice has been given*") (emphasis added); 18 U.S.C. § 3593(a)(2) (a "reasonable time before the trial," an attorney for the government must serve on the defendant "*a notice . . . setting forth the aggravating factor or factors* that the government, if the defendant is convicted, to prove as justifying a sentence of death") (emphasis added); 18 U.S.C. § 3593(c) ("The government may present any information relevant to an aggravating factor *for which notice has been provided* under subsection (a).") (emphasis added).

However, as the government also concedes in its Motion, (R. 252 at 2), the Act conspicuously omits any requirement that the defendant give notice of his proposed mitigating factors. *See* 18 U.S.C. § 3592(a) ("the finder of fact shall consider any mitigating factor"); 18 U.S.C. § 3593(c) ("The defendant may present any information relevant to a mitigating factor."). Indeed, a proposal to amend the Act to impose a parallel notice requirement on the defense was introduced in Congress in 2006 as part of "The Death Penalty Reform Act of 2006," and it failed to pass. Thus, the order that

2

the government seeks is in irreconcilable conflict with the Federal Death Penalty Act and may not issue pursuant to Fed. R. Crim. P. 57(b).

## II. In None of the Cases Cited by the Government Did the Court Grant the Relief That it Seeks Here

In support of its request that the Court order Mr. Christensen to disclose pretrial his proposed mitigating factors and a list of his penalty phase witnesses, the government cites to the opinions of the district courts in four cases. (R. 252 at 2-3.) However, in none of those cases did the court enter the order that the government asks this Court to issue. In *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 111 (D.P.R. 2005), the question before the court was whether it could compel the defendant to disclose information regarding his non-mental health penalty phase experts in advance of the sentencing phase of the trial. The opinion is silent regarding a court's ability to compel pretrial disclosure of proposed mitigating factors or other penalty phase witnesses.

*United States v. Lujan*, No. 05-CR-924 ECF No. 1212 (D.N.M. August 24, 2011),[1] involved a renewed request by the government to compel the defendant to disclose his mitigating factors and penalty phase witnesses, made after the conclusion of the guilt phase of the trial. A previous request by the government for the same information prior to the beginning of the trial, identical to the one made here, had been denied by the court as "neither legally required nor practically necessary." *United States v. Lujan*, No. 05-CR-924 ECF No. 823 (D.N.M. May 18, 2011). Upon the government's renewed

---

[1] The government mistakenly gives the date of this ruling as May 18, 2011, in its Motion. (R. 252 at 3.)

3

request, the court ordered the defendant to provide the requested information by the date that the selection stage of the penalty phase was to begin. *Lujan*, No. 05-CR-924 ECF No. 1212 at 5.

The opinion in *United States v. Wilson*, 493 F. Supp. 2d 464 (E.D.N.Y. 2006), is silent on the question of disclosure of the defendant's penalty phase witnesses; the court was faced solely with the issue of disclosure of his proposed mitigating factors. The court ordered the defendant to produce his proposed mitigating factors during the guilt phase of the trial, not before it began, and expressly permitted the defendant to seek leave to add additional factors if any arose after the date of the original disclosure. *Id.* at 466. And in *United States v. Taveras*, No. 04-cr-156 ECF No. 202 (E.D.N.Y. July 5, 2006), the case that comes closest to the order sought by the government in this case, the court directed the defendant to disclose his penalty phase witnesses on the day that voir dire commenced, not before trial.

**III.    It is Not Possible for Mr. Christensen to Compile a Complete List of Proposed Mitigating Factors or of Penalty Phase Witnesses at This Juncture.**

As Mr. Christensen has previously noted, his investigation into his mitigation case is ongoing and far from complete. It is therefore not possible at this time to formulate a complete list of mitigating factors that he will present, nor a list of the witnesses he will call at the penalty phase. Additionally, a final determination of mitigating factors and witnesses cannot be made until the government has presented its case in chief at the penalty phase and an assessment of available and appropriate rebuttal evidence has been made. The Court should therefore deny the request to

compel the defense to disclose its mitigating factors or penalty phase witnesses until at least the conclusion of the government's case in chief at the selection phase.

WHEREFORE, Defendant respectfully requests that the Court deny the government's Motion.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org