E-FILED
Friday, 29 March, 2019 07:32:03 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S ALLEGED MOTION TO SELECT AND EMPANEL AN ANONYMOUS JURY

The United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, hereby responds to the Defendant's Objections to the Government's Alleged Motion to Select and Empanel an Anonymous Jury. (R.267) The United States has never requested that this Court select and empanel an anonymous jury. Thus, the defendant's objections are misplaced. The United States merely supports the Court's decision to redact the names and addresses of the venire members from the questionnaires if and when the Court takes the step of disclosing the questionnaires several weeks before the start of jury selection.

## BACKGROUND

The defendant, Brendt A. Christensen, is charged with kidnapping resulting in death and two counts alleging that he made false statements to FBI agents investigating

the kidnapping. (R.26) On January 19, 2018, the United States filed its notice of intent to seek the death penalty. (R.54) Jury selection is scheduled to begin on June 3, 2019. (D/E 2/28/19)

The jury selection process has been the subject of numerous motions and hearings, including the United States of America's Motion for an Order Establishing Jury Selection Procedure (R.223) filed on February 6, 2019, and the defendant's Motion to Establish Jury Selection Procedures (R.229) filed on February 9, 2019. On March 14, 2019, this Court heard oral argument on several motions, including the parties' respective motions to establish jury selection procedures.

During this hearing, this Court informed the parties that it had received the first batch of potential juror questionnaire responses. The Court stated its intention to depart from typical procedures[1] and to provide the responses to the parties in the near future to allow challenges to the venire well before jury selection begins. Neither party objected to the early disclosure of the questionnaire responses. The United States requested, however, that this Court redact the venire members' names and addresses from the questionnaires due to the early disclosure. While considering this request, the Court asked defense counsel if they would use this personally identifying information to research the venire on social media and otherwise. The defense team acknowledged that they intended to conduct such background investigations on the venire. After a

---

[1] Upon information and belief, the typical practice in non-capital cases in the Central District of Illinois is for the parties to receive the completed potential juror questionnaires on the first day of jury selection. The United States acknowledges it is appropriate to provide the attorneys in a capital case with juror questionnaire responses prior to jury selection. *See* Benchbook for U.S. District Court Judges (March 2013), Section 3.01(A)(5).

recess, the Court stated that it would redact the venire members' names and addresses when it provided the questionnaire responses weeks before the start of jury selection. The Court did not rule, however, that the parties would not learn the venire members' names and addresses at the start of jury selection or that it would otherwise empanel an anonymous jury.

On March 15, 2019, the defendant filed his objection to this procedure, which he characterized as a request to empanel an anonymous jury. (R.267)

## ANALYSIS

The defendant objects to the United States' purported "motion for an anonymous jury made in open court on March 14, 2019[.]" As support for his objection, he cites cases outlining the standards and considerations for courts when considering empaneling an anonymous jury. The United States did not request, however, that the Court empanel an anonymous jury, nor has it ever done so in this case. Thus, the defendant's cases addressing an anonymous jury are inapposite.

What the defendant characterizes as a request for an anonymous jury – the United States' request that the Court redact the names and addresses of the jurors when providing *early disclosure* of the potential jury questionnaire responses weeks before trial – is not a request for anonymity. Rather, it is a request that the Court follow the common practice of judges in the Central District of Illinois to provide the venire members' names and addresses on the first morning of jury selection, which respects the privacy of the venire, avoids any inadvertent *ex parte* contact, and protects the integrity of the proceedings.

3

To expedite jury selection and voir dire in this capital case, the Court intends to provide the attorneys with the jury questionnaire responses well in advance of jury selection. The United States agrees with the early release of the questionnaire responses to the attorneys to promote judicial economy. The sole concern of the United States is with the disclosure of the venire members' names and addresses so far in advance of jury selection.

Defense counsel has acknowledged that the defendant's interest in obtaining the venire members' personal information is so they can conduct an investigation of the venire, including a review of their social media, in advance of voir dire.[2] Defense counsel's response during the jury selection procedures hearing was consistent with counsel's writings on capital jury selection. *See* Matthew Rubenstein, *Overview of the Colorado Method of Capital Voir Dire*, Champion, Nov. 2010, at 18. In those writings, defense counsel outlined a method of conducting capital voir dire directed toward "building a record that establishes the juror is impaired," and "develop[ing] a cause challenge to a pro-death prospective juror." *Id.* To that end, "[t]he defense seeks to develop multiple impairments to support the challenge for cause[.]" *Id.* Having the venire member's names and addresses long in advance of jury selection would allow both parties to delve into the private life of each venire member they do not prefer to

---

[2] The Court previously denied (R.221) the defendant's request that the venire be required to complete its questionnaires at the federal courthouse in the presence of counsel (R.158), which also may have disclosed personally identifying information of the venire members.

"build a record" of impairment, even if the venire member's position on the death penalty is not objectionable.

There is no constitutional requirement that attorneys for either party be allowed to conduct invasive research into the background of a venire member's private life. Not only is it unnecessary, but it might threaten the integrity of the proceedings to allow the parties to conduct private investigations of the venire outside of the normal jury selection process. It could lead to unnecessary venire embarrassment[3] and extended mini-trials[4] on each venire member's private life, including their social media and internet presence.

Moreover, if the defense is permitted to conduct investigations into each venire member, the United States would need to conduct its own investigations to even the playing field, as well as to be prepared to address any defense characterizations of the venire member's private lives during voir dire. This would further erode the privacy of the venire and threaten the integrity of the proceedings. *Cf. Krik v. Exxon Mobil Corp.*, 870 F.3d 669, 681 (7th Cir. 2017) (noting that investigating a juror "is fraught with danger—such an investigation could be seen by the juror as intimidation or

---

[3] The potential for embarrassment is increased in this case because it has received significant media attention. Given that voir dire is expected to be open to the public, including the press, the responses of the venire may be subjected to public scrutiny.

[4] As the United States noted in footnote 2 of its Motion For an Order Establishing Jury Selection Procedures (R.223) (collecting cases), defense counsel previously referred to 21 cases where the defendant's proposed jury selection procedures were allowed in at least some fashion. Of those 21 cases, 17 went to trial, and the United States was able to find data on 16 of those 17 cases. The voir dire process in those 16 cases where the courts purportedly allowed the defendant's suggested jury selection procedures took as long as three months, and an average of 15 ½ days of in-court time, and around one month of actual time to pick a jury.

harassment[]," and might lead a juror to be concerned about the revelation of "embarrassing or private details of her life," which "could breed resentment, anxiousness, or distract a juror from the task at hand.") (citing *Sinclair v. United States*, 279 U.S. 749, 765 (1929) ("The mere suspicion that he, his family, and friends are being subjected to surveillance by such persons is enough to destroy the equilibrium of the average juror and render impossible the exercise of calm judgment upon patient consideration.")). The Seventh Circuit has recently warned that such an investigation "could also be viewed by a court as a bad faith attempt to purposely create prejudice and thus have an unwanted juror removed from the jury." *Krik,* 870 F.3d at 681.

The defendant will have access to the completed questionnaires well before trial; redacting the names and addresses of the venire will not hamper the defendant's review of those questionnaires in any way. It will only prevent independent, extrajudicial investigation of the venire, which is "fraught with danger."

Moreover, the defendant has not articulated any legitimate concern that the normal procedure of providing the names and addresses of the venire members on the first morning of jury selection will be insufficient to allow the defendant to select a fair and impartial jury. The venire's responses to the questionnaires are documented, and the venire will be subject to extensive questioning during voir dire, including about its responses. If additional information were necessary and appropriate, this Court would have incorporated questions to elicit that information in the jury questionnaire. Thus, the Court should overrule the defendant's objection to the Court's suggested procedure

of redacting the names and addresses of the venire members when the Court provides early disclosure of the questionnaires to the parties.

## <u>CONCLUSION</u>

For the reasons stated herein, the United States respectfully requests that this Court deny the defendant's motion entitled "Defendant's Objections to Government's Motion to Select and Empanel an Anonymous Jury" (R.267) because (1) the United States has not requested that the Court select and empanel an anonymous jury; and (2) redacting the names and addresses of the venire members when the Court provides early disclosure of the questionnaires to the parties is appropriate and reasonable.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY


s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov


s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 29, 2019, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

filing to the following: Robert Tucker, George Taseff, Elisabeth Pollock, and Julie Brain.


<u>s/Bryan D. Freres</u>
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
<u>bryan.freres@usdoj.gov</u>