IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S REPLY TO THE
DEFENDANT'S RESPONSE TO ITS MOTION TO
<u>PRECLUDE THE TESTIMONY OF DR. SUSAN ZOLINE</u>**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby replies to the defendant's "Sealed Response to United States' Motion to Preclude the Testimony of Susan Zoline." (R.289) (hereinafter "Def.Rsp.").

<u>REPLY</u>

**Dr. Zoline's Proffered Expert Testimony Should Be Precluded Because It Would Create a Mini-Trial on an Irrelevant Issue That Would Confuse the Issues and Mislead the Jury.**

The defendant very recently disclosed to the United States that he sought counseling from the University of Illinois Counseling Center in March 2017, and thereby, waived any applicable privileges regarding this information. The United States agrees that this information, including the defendant's statements to his counselors, is relevant and admissible, both in the guilt phase, *see* Fed. R. Evid. 801(d)(2)(A), and any

subsequent penalty phase, whether offered in mitigation or aggravation. The United States also concedes that the defendant can introduce evidence of what the counselors did in response to the defendant's statements and argue that their response or lack thereof mitigated the defendant's offense.

Thus, much of the defendant's filed response, which repeatedly asserts that this information must be admitted in mitigation, is beside the point. The United States has not sought to exclude this information. Instead, the United States' motion to bar Dr. Zoline's testimony only seeks to exclude alleged expert testimony that is unrelated to the defendant's actions or character, namely, that the University of Illinois and its counselors did not act in accordance with professional standards in response to the defendant's statements, thereby shifting blame for the defendant's actions to the University and its counselors. Notably, the defendant's summary of the cases where evidence of "contributory fault" was allegedly admitted as mitigation evidence does not discuss admitting expert testimony regarding professional standards or the standard of care, which is the sole issue regarding Dr. Zoline's proffered testimony.

As an initial matter, the United States submits that Dr. Zoline's proffered testimony as set forth in the defendant's response is not supported by the evidence provided to the United States. The evidence does not show that the defendant, as stated in the defendant's response, sought counseling at the University of Illinois Counseling Center because of homicidal or suicidal ideation; instead, the evidence shows that he sought counseling because of the breakdown of his marriage related to his abuse of alcohol and prescription drugs. In fact, he told his counselor that he was *not* still having

homicidal thoughts in March 2017 and that his suicidal thoughts were the result of his wife threatening to leave him.

Regardless, if Dr. Zoline is allowed to offer expert testimony as to what the University or its counselors should or should not have done in response to the defendant's statements (as opposed to what they actually did), the United States may be required to call rebuttal experts who will testify about what the University and its counselors' duties were under the facts presented in the defendant's counseling sessions.[1] The United States also may need to call a rebuttal expert in psychopathy, who would necessarily need to examine the defendant, to address any potential manipulation of the counselor by the defendant, which would explain the counselors' response to the defendant, any subsequent actions, and whether the counselors acted in accordance with professional standards.

This mini-trial on the appropriate standard of care of the University and its counselors would require the jury to consider issues that have nothing to do with the defendant's background, record, or character. *See United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000) (citing 18 U.S.C. § 3592(a)(8) for the proposition that mitigation must

---

[1] Such evidence, including rebuttal experts, has not yet been obtained by the United States or disclosed to the defendant. While the United States noted the lateness of the defendant's disclosure of Dr. Zoline in its original motion, it seeks to preclude her testimony because it is improper and irrelevant, not because it was disclosed after the Court's deadline. Nonetheless, given the timing of the defense disclosure, the defendant should not later complain of the timing of the United States' disclosure of its rebuttal evidence or request a continuance of the trial date based thereon. *See United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986) (timely notice of experts is "to enable the government to prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony.").

be specific to the defendant and the offense, such as "other factors *in the defendant's background, record, or character* . . . .") Again, the United States is not seeking to exclude information related to the defendant's counseling sessions, nor even what the counselors did in response. It does, however, seek to exclude expert testimony on the wholly irrelevant issue of the University's and the counselor's alleged professional obligations and standard of care. The minimally probative value, if any, of this expert testimony would be outweighed by the danger of creating unfair prejudice, confusing the issues, and misleading the jury. *See* 18 U.S.C. § 3593(c).

WHEREFORE, the United States of America respectfully requests that this Court preclude the irrelevant and confusing proffered expert testimony of Dr. Susan Zoline.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    s/ James B. Nelson
    James B. Nelson
    Trial Attorney
    Capital Case Section
    United States Department of Justice
    1331 F. Street NW, Room 625
    Washington, DC  20004
    Tel: (202) 598-2872
    james.nelson@usdoj.gov