UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

SURREPLY TO REPLY TO RESPONSE TO MOTION IN LIMINE TO EXCLUDE
EVIDENCE OR ARGUMENT OF PLEA NEGOTIATIONS

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully submits this Surreply to the government's Reply, (R. 287), to his Response, (R. 277), to the government's Motion In Limine to Exclude Evidence or Argument of Plea Negotiations, (R. 251). In its Order of March 20, 2019, the Court directed the government to inform it of "whether (1) Defendant offered to plead guilty and assist the United States in locating the victim's remains in exchange of a sentence of life, and (2), if so, when the offer was made." (R. 283.) Buried deep within the government's ensuing 15-page Reply are the government's answers: (1) Yes. (2) On December 13, 2017. (R. 287 at 5-6, 10.) None of the additional material contained in the Reply has any relevance to the decision before the Court, namely whether Mr. Christensen should be permitted to present evidence of those facts at trial. The Court should find in the affirmative.

I.  **The Government Concedes that Mr. Christensen's Offer to Plead Guilty is Relevant at the Guilt Phase of the Trial and He Should Therefore Be Permitted to Present this Evidence Using Any Competent Proof He Elects.**

In its Reply, the government concedes that Mr. Christensen's offer to plead guilty and accept a sentence of life without release is relevant at the guilt phase of the trial. (R. 287 at 7.) However, it then goes on to claim, without citation to any authority, that the only way that Mr. Christensen may present this evidence is through his own testimony. *Id.* at 7-9. Mr. Christensen is aware of no limitations upon the types of evidence that may be presented at a federal trial except for the Federal Rules of Evidence. So long as his proposed proof complies with those Rules, Mr. Christensen is entitled to present it at the guilt phase.[1]

Indeed, a ruling such as that suggested by the government would run afoul of the Constitution. The government is essentially attempting to force Mr. Christensen to choose between waiving his Fifth Amendment privilege against self-incrimination and his concomitant right not to testify at his trial on the one hand, and his Sixth Amendment right to present relevant evidence in his defense on the other. But as the Supreme Court has made clear, it is "intolerable that one constitutional right should have to be surrendered in order to assert another." *Simmons v. United States*, 390 U.S. 377, 394 (1968) (holding that defendant's testimony establishing standing at suppression

---

[1] Even less restrictions upon the types of evidence that may be presented are imposed at the penalty phase of a capital case, where the Rules of Evidence do not apply and the parties can present any evidence with probative value that is not outweighed by the danger of creating unfair prejudice, confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).

hearing on Fourth Amendment claim may not be introduced against him on the issue of guilt at trial, for allowing such use forces defendant to choose between Fourth Amendment protection and Fifth Amendment privilege against self-incrimination).

The government argues that no proof other than Mr. Christensen's own testimony will suffice because it was his counsel, rather than he personally, that conveyed his offer to plead guilty and accept a life sentence to the government. (R.287 at 8) ("all that the plea negotiations themselves demonstrate is that the defendant's attorneys were willing to explore a plea of guilty under the terms they proposed"). Indeed, the government suggests that defense counsel are free "to discuss 'offers' to plead guilty, regardless of the true intentions of the defendant, to create alleged evidence of acceptance of responsibility and remorse to use in mitigation at the penalty phase." *Id.* at 14.

Counsel are, of course, not free to misrepresent the truth regarding their client's intentions with respect to entering a guilty plea for the purpose of manufacturing evidence or for any other reason. *See* Ill. Rules of Prof'l Conduct 4.1(a) (2010) ("In the course of representing a client a lawyer shall not knowingly: . . . make a false statement of material fact or law to a third person"); Rule 3.3 ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal . . . [or[ offer evidence that the lawyer knows to be false"). The government is well aware that, acting as Mr. Christensen's agents, counsel conveyed to it his agreement to plead guilty, fully cooperate and accept a life sentence. It has offered no reason to doubt the veracity of counsel's representations and none exists. Counsel are aware of no court that has required more.

**II.     Only the Fact and Nature of Mr. Christensen's Offer to Plead Guilty and Accept a Life Sentence are Relevant and so There is Nothing for the Government to Rebut.**

The government asserts in its Reply, (R. 287 at 9), as it did in its Motion, that it "must be allowed to address or rebut" evidence that Mr. Christensen offered to plead guilty, cooperate fully with authorities and accept a sentence of life without release. "Obviously," it says, "this would include evidence that the defendant's attorneys refused to accept the original plea agreement that made the plea contingent on the successful recovery of the victim's remains." *Id.* The government claims it must also be permitted to present evidence of "the defendant's attitude and demeanor during pretrial court proceedings" as well as "his presentation of frivolous arguments and false testimony during his pretrial proceedings." *Id.*

Far from being "obviously" correct, the government's position is wrong in all respects. As set forth in Mr. Christensen's Response, only "'the defendant's *offer* to plead guilty . . . bears on his acceptance of responsibility. The Government's *response* to the defendant's offer is not relevant.'"  (R.277 at 7-8) (quoting *United States v. Fell*, 372 F. Supp. 2d 773, 784 (D. Vt. 2005). *See also United States v. Rodriguez*, No. 04-cr-55 (D.N.D. February 12, 2007) (same); *United States v. Fell*, 2017 WL 10809985 *6 (D. Vt. February 15) (on resentencing, new trial judge finds again that defendant's offer to plead guilty is relevant to the issue of acceptance of responsibility, notes that "[t]he issue is not whether the parties reached agreement or not. The only issue is whether the defendant took a legal position himself which may shed some light on his beliefs about remorse and responsibility for his actions" and excludes evidence of the government's position

4

on settlement); *People v. Ledesma*, 140 P.3d 657, 726 (Cal. App. 4th 2006) (affirming trial court's decision to admit evidence that defendant had attempted to plead guilty and accept life sentence and exclude evidence of circumstances surrounding plea negotiations such as prosecutor's response).

It is important to bear in mind that the point made by evidence of an offer to plead guilty and accept a life sentence is a narrow one. Such evidence does not, and could not, purport to represent the full scope of a defendant's mental state regarding his crime, the harm he has caused or the punishment he should receive. *Cf. United States v. Williams*, 2014 WL 2436215 *2 (D. Haw. May 30) ("That Defendant offered a conditional guilty plea may show some degree of acceptance of responsibility, and it is ultimately up to the jury – not this court – to determine how such fact should be weight in determining Defendant's sentence."). Rather, the evidence reflects only that the defendant is willing to candidly admit that he is responsible for the charged crime and to accept a sentence of life without possibility of release without requiring the massive expenditure of economic and emotional resources necessary to put him on trial.

When the narrow purpose of the evidence is properly understood, it becomes clear that the position taken by the courts in *Fell*, *Rodriguez* and *Ledesma* is the correct one. The government's rejection of such a plea offer, on whatever basis it is made, does not alter the relevant facts – that the defendant is willing to admit to his crimes, forego a trial and accept the second severest sentence that the criminal justice system may impose. The circumstances of this case are a prime example of the irrelevance of the government's response. The government wishes to "rebut" Mr. Christensen's offer to

5

plead guilty and fully cooperate with the search for the victim's remains with evidence that he was unwilling to agree that the death penalty would be withdrawn only if the victim's remains were in fact found – a circumstance over which he had no control. No matter how badly he felt or how desperately he wished he could undo the damage he had caused, he could not guarantee that the victim's remains would be found. And neither the government's attempt to impose such a condition nor Mr. Christensen's rejection of it changes the fact that he offered to plead guilty, admit his responsibility for the crime and accept a sentence of life without possibility of release.

This point is underscored by considering the other items of "evidence" that the government proposes to introduce in "rebuttal," namely Mr. Christensen's "attitude and demeanor" during pretrial proceedings and his "presentation of frivolous arguments and false testimony" during those proceedings. (R. 287 at 9.) Mr. Christensen has no idea what the government is referring to when it references his attitude and demeanor but, regardless, whatever it alleges took place during pretrial proceedings in no way rebuts or affects the fact that he has offered to plead guilty, admit his responsibility for the crime and accept a sentence of life without possibility of release. And the decisions of his attorneys as to what to present during pretrial hearings have even less bearing on the issue.

### III. The Government Should be Precluded from Arguing that Mr. Christensen Could Have Simply Pled to the Indictment With the Death Penalty Still on the Table.

In its Response, (R. 287 at 9-10), the government misconstrues Mr. Christensen's argument that it should be precluded from urging the jury to attach significance to the

6

fact that he declined to plead guilty to the indictment while death was a possible penalty. (R. 277 at 3 n.2.)  There are, of course, many differences between pleading guilty to an indictment and going to trial; however, none are relevant to the question of the significance of offering to enter a plea of guilty and accept a life sentence. Mr. Christensen raised this issue in connection with his contention that he should be permitted to introduce the fact of his willingness to plead guilty at the guilt phase of his trial. *Id.* Otherwise, the jury may unfairly resent him for the fact that they have to sit through a formal guilt phase even though he is contesting little, if any, of the government's evidence. *Id.*

While it is correct that Mr. Christensen could plead guilty to the indictment despite the fact that the government is seeking the death penalty, such a course of action would in no way obviate the need for the jury to sit through all of the government's evidence of guilt. Instead of presenting that evidence at a guilt phase, the government would instead simply present it at a penalty phase and the burden on the jury and all other participants in the proceeding would be identical. Thus, pointing out to the jury that Mr. Christensen could have pled guilty regardless would be highly misleading and would wrongly suggest that Mr. Christensen is indeed solely responsible for them having to listen to all of the government's guilt phase case. The fairest solution to this issue is to preclude the government from making the argument in the first place.

Such an argument would also be highly misleading to the jury at the penalty phase, for it incorrectly implies that an offer to plead guilty and assist authorities has no

7

relevance to acceptance of responsibility unless the defendant also accepts the maximum possible punishment. This is the argument accepted by the Sixth Circuit in *Owens v. Guida,* 549 F.3d 399, 419-422 (6th Cir. 2008), and the Fourth Circuit in *United States v. Caro*, 587 F.3d 608, 634-35 (4th Cir. 2010), and described by the *Owens* dissenter as "a hopeless, out-of-the question argument on this subject of acceptance of responsibility." 549 F.3d at 431 (Merrit, J., dissenting). *See also Hitchcock v. Sec'y, Dept. of Corr.*, 2012 WL 4339573 *26 (M.D. Fl. September 20) (noting that "[a] compelling dissent [In *Owens*] noted, however, that the plea negotiations were relevant mitigating evidence given the facts of the case"). The fact is, the premise of this argument is belied every day in the federal courts. Defendants routinely receive decreased sentences under the United States Sentencing Guidelines for acceptance of responsibility following pleas of guilty, irrespective of whether they plead to the indictment as written or pursuant to a negotiated plea agreement offering them significantly less exposure.

  A federal defendant who demonstrates acceptance of responsibility by, for example, truthfully admitting to committing the crimes to which he is pleading guilty is entitled to a two-level decrease in the offense level otherwise imposed by the guidelines. U.S.S.G. §3E1.1(a). In more serious cases, where the "defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently," he may earn an additional one level decrease of his offense level. U.S.S.G. §3E1.1(b). Timely notification in this context is defined as "notif[ying] authorities of his intention to plead guilty at a

sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently." Application Notes, U.S.S.G. §3E1.1.

The reason for these reductions, the Commission explains, is that they "recognize[] legitimate societal interests. For several reasons, a defendant who clearly demonstrates acceptance of responsibility for his offense by taking, in a timely fashion, the actions listed above (or some equivalent action) is appropriately given a lower offense level than a defendant who has not demonstrated acceptance of responsibility." *Id.* In other words, acceptance of responsibility as exemplified by truthfully admitting to criminal conduct and pleading guilty is mitigating. And its mitigating value is not dependent upon whether or not the defendant pleads guilty to every single charge against him or whether he accepts the maximum possible sentence based on the indictment.

Additionally, and perhaps most crucially for this case, the Sentencing Guidelines do not even condition the availability of a sentence reduction for acceptance of responsibility on the defendant's entry of a guilty plea:

> Conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.

*Id.*

For the government to urge the jury to disregard Mr. Christensen's genuine and undeniable acceptance of responsibility because he did not plead to the indictment and waive all non-guilt related appellate issues, including the potentially winning claim that the Court lacks jurisdiction to try him, *see* (R. 114), when the government was seeking to execute him would be an inherently misleading and highly prejudicial misstatement of the law.

### III.  The Nature and Timing of Mr. Christensen's Offer to Plead Guilty and Accept a Life Sentence Without Release Only Increase its Mitigating Value.

Mr. Christensen's offer to plead guilty and accept a sentence of life without possibility of release has additional mitigating value because it was made very early on in the prosecution and it was accompanied by an agreement to cooperate thoroughly and completely with the authorities who were attempting to locate the victim's remains. *See Johnson v. United States*, 860 F. Supp. 2d 663, 904 (N.D. Iowa 2012) (noting that mitigating value of offer to plead guilty increases when it is made early on, which "suggests a genuine attempt to take responsibility, cooperate, avoid further anguish to the victim's family, and avoid for all parties the difficulties and expense of trial").

The government "disagrees" with Mr. Christensen's assertion that he offered to enter a plea of guilty early in the prosecution and not at the last minute. (R. 287 at 10.) But it concedes, as it must, that the offer was made only five and a half months following Mr. Christensen's initial arrest in this case. *Id.* Unquestionably, the offer was made sufficiently early to avoid the difficulties and expense of a trial; indeed, if accepted, it would have avoided the bulk of the parties' and the Court's extensive

preparations for trial. *See* Application Notes, U.S.S.G. §3E1.1 (explaining that additional one level reduction in offense level appropriate where defendant "notified authorities of his intention to plead guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently").

      Mr. Christensen's offer is all the more meaningful because it was accompanied by a pledge to fully cooperate with authorities and provide truthful and complete information to aid in the search for the victim's remains. *See Johnson*, 860 F. Supp. 2d at 904 (noting increased mitigating value of offer that "involved a complete and truthful factual proffer and required the defendant to cooperate," and was not simply "a 'naked' offer to plead guilty"). Contrary to the government's argument, (R. 287 at 11), which party happened to make the first move in plea negotiations is beside the point; the salient facts are that five and a half months after his arrest Mr. Christensen offered to plead guilty, forgo a trial, accept a sentence of life without release and cooperate fully with law enforcement. As already noted, the condition that the victim's remains be found placed on the entry of such a plea by the government is also irrelevant and may not be introduced, much less argued as an aggravating factor, *id.* The government's Motion should be denied.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org