UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cr-20037-JES-JEH |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ESTABLISHING JUROR SELECTION PROCEDURES

This matter comes before the Court on the United States' Motion (Doc. 223) for an Order Establishing Jury Selection Procedures and Defendant's Motion (Doc. 229) to Establish Jury Selection Procedures. Both motions are GRANTED insofar as the Court now establishes the following jury selection procedures.

**IT IS HEREBY ORDERED THAT:**

1. Twelve regular and six alternate jurors will be selected for trial.

2. The Court will send the completed unredacted juror questionnaires to both parties by April 24, 2019. Prior to that date, the Court may excuse potential jurors who are exempt, ineligible to serve, or who have requested excusal and are eligible for such. To date, 1001 questionnaires have been sent out, and the Court has excused 168 potential jurors (for circumstances such as pregnancy, hearing loss, prepaid travel, and economic hardship, etc.), disqualified 48 potential jurors, deferred 39 potential jurors, and transferred 1 potential juror. Of the remaining 745 potential jurors, 614 have responded to the questionnaire.

3. Upon receipt of the questionnaires, the parties shall confer with each other in a good-faith attempt to reach agreement as to which potential jurors should be struck for

1

cause based off the answers contained in the questionnaires.[1] By May 8, 2019, the parties shall file with the Court **ONE** Microsoft Excel spreadsheet. The spreadsheet shall list the participant number in column A. In the subsequent columns, the parties shall indicate for each potential juror whether (1) the parties agree the potential juror should be struck for cause; (2) the parties agree the potential juror should not be struck for cause; (3) only the United States believes the potential juror should be struck for cause; or (4) only Defendant believes the potential juror should be struck for cause.[2] The spreadsheet may be filed with the Court by personally delivering a digital copy to chambers or by emailing it to Judge Shadid's judicial assistant and all counsel of record.

4. The Court will strike all potential jurors from the agreed list of for-cause challenges. The Court will determine the number of potential jurors to call for each panel (a morning panel and an afternoon panel for each day) after it has reviewed the parties' spreadsheet, *supra*. The Court will conduct a final pretrial conference on May 13, 2019. After the Court decides the number of potential jurors to be called for each panel, the Clerk's Office will prepare a list of the remaining potential jurors and randomly assign a set number of potential jurors to appear for questioning at each

---

[1] The parties' assertion that a potential juror should be struck for cause based off the answers to the questionnaire will not preclude either party from moving to strike a potential juror for cause during subsequent voir dire proceedings. *See* paragraph 6, *infra*.

[2] The Court envisions the spreadsheet will look substantially as follows:

| Participant Number | Agreed Strike | Agreed No Strike | Government Strike | Defendant Strike |
|---|---|---|---|---|
| 1000001 | x | | | |
| 1000002 | | x | | |
| 1000003 | | | x | |
| 1000004 | | | | x |

panel, beginning June 3, 2019. The Court will provide this list to the parties by May 17, 2019.

5. By May 28, 2019, the parties will submit proposed voir dire questions to the Court for both general inquiries and specific questions of the first several panels of potential jurors. Counsel may also suggest further follow-up questions as warranted during voir dire itself. The Court anticipates permitting some questions regarding the facts and circumstances of this case, the aggravating factors, and the mitigating factors, but such lines of questioning will not be extensively detailed. *See United States v. Tipton*, 90 F.3d 861, 879 (4th Cir. 1996) (finding no error in "court's refusal to conduct or allow further detailed inquiry about specific mitigating factors"). Also by May 28, 2019, the parties will submit to the Court a list of the potential witnesses to be called at trial in order to determine whether prospective jurors have had prior contact with any witness.

6. The summoned jurors each day will be brought together into the courtroom, where the Court will provide an overview of the process and general applicable legal concepts, including the possibility of the death sentence during the penalty phase. The Court will consider the use of visual aids for this purpose, and the parties should bring any proposed visual aids to the final pretrial conference on May 13, 2019 for the Court's review. Thereafter, the Court will conduct general voir dire on issues for which individual voir dire is thought not to be necessary, including hardships, pretrial publicity, bias, prior contact with the defendant, etc. Following this general voir dire, the prospective jurors will be excused to the jury room and for-cause challenges will

be argued. Additional voir dire, if necessary, will then commence for the remaining prospective jurors.

7. At the final pretrial conference on May 13, 2019, the Court will establish additional procedures regarding juror questioning by the Court and counsel, time limits for questioning, the number of jurors to be qualified, and the number of peremptory strikes allotted for selection of alternate jurors.

Signed on this 12th day of April, 2019.

s/ James E. Shadid<br>James E. Shadid<br>United States District Judge