E-FILED
Wednesday, 24 April, 2019  03:15:56 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,    )
                                )
              Plaintiff,        )
                                )
              v.            )     Case No. 17-cr-20037-JES-JEH
                                )
BRENDT A. CHRISTENSEN,    )
                                )
            Defendant.    )

## ORDER AND OPINION

Now before the Court is Defendant's Motion (Doc. 304) for Reconsideration of the Court's Rule 12.2 Procedures. Specifically, Defendant asks the Court to reconsider its decision to allow the United States' rebuttal expert to question Defendant on the facts of the crimes with which he is charged. According to Defendant, this goes beyond "matters he himself has put in dispute" because Defendant's experts have been explicitly instructed not to inquire as to offense conduct, and the Fifth Amendment does not "permit the government to obtain *more* information than the defense experts have." Doc. 204, at 3.

In the Order (Doc. 300) Defendant has asked the Court to reconsider, the Court ruled that the rebuttal expert would be permitted to inquire about offense conduct so that the United States could fully rebut Defendant's possible offense-specific mental health mitigation, such as an argument that the Defendant was operating with impaired capacity on the day of the crime. Doc. 300, at 4. This Court cited *United States v. Johnson*, 383 F. Supp. 2d 1145 (N.D. Iowa 2005), in which a district court held that the permissibility of offense-specific mental health questioning would depend on whether the defendant would offer any offense-specific mental health mitigation. Defendant has called to the Court's attention that the district court's ruling in *Johnson*

was based in large part on defense counsel's representation that it would not offer offense-specific mental health mitigation at all, which was later determined to be deficient performance. Doc. 304, at 4–5 (citing *Johnson v. United States*, 860 F. Supp. 2d 663, 887 (N.D. Iowa 2012) (vacating the defendant's sentence under 28 U.S.C. § 2255)).

The *Johnson* court's 2012 ruling does not change the Court's reasoning here. Where the Defendant chooses to offer psychiatric testimony as mitigation, the United States is entitled to rebut that evidence with their own psychiatric testimony. *See Kansas v. Cheever*, 571 U.S. 87, 93–94 (2013). The Fifth Amendment waiver implicated by offering psychiatric testimony is parallel to the waiver implicated by the Defendant choosing to take the stand: "when a defendant chooses to testify in a criminal case, the Fifth Amendment does not allow him to refuse related questions on cross-examination." *Cheever*, 571 U.S. at 94. Federal courts have not extensively analyzed the boundaries of what constitutes "related questions" for rebuttal examinations by psychiatrists in capital cases, but the general principle is that the rebuttal examination cannot go beyond "matters [the defendant] himself has put in dispute." *Brown v. United States*, 356 U.S. 148, 156 (1958).

Defendant has stated that although he will not permit defense experts to question him about the alleged crime, he "likely will" use evidence of his long-standing mental health condition to argue that he operated with impaired capacity on the day of the offense. Doc. 304, at 4. Dr. Dietz, one of the United States' rebuttal experts, has stated that in order to support or rebut an opinion of impaired capacity or disturbance, it is necessary to question the Defendant about the offense. Doc. 258-1, at 7 ("The evaluation of impaired capacity or disturbance requires questioning Defendant about his thoughts, mood, behavior, and any symptoms he may have had before, during, and after the alleged offenses."). In the event that defense experts argue

Defendant suffered from impaired capacity on the day of the offense, Defendant will have put the matter of his mental state during that time into dispute. His own decision not to allow defense experts to question him on the offense does not mean that the United States receives an unfair advantage by asking questions that are necessary to confirm or rebut Defendant's argument. The United States has provided an affidavit from a mental health expert in support of their contention that such questioning would be necessary, and Defendant has provided no materials that contradict this, other than his own assertions that defense experts will not ask about the crime.

Allowing the rebuttal expert to question Defendant about offense conduct ensures that the United States will be able to effectively rebut certain mitigating arguments Defendant may raise without the need to re-evaluate the Defendant and cause undue delay. Furthermore, as the Court stated in its prior ruling on this matter, Defendant's Fifth Amendment right against self-incrimination is protected by the procedures this Court established. Doc. 300, at 4. The prosecution team will never see the rebuttal expert reports unless Defendant is found guilty of the offense beyond a reasonable doubt and he reaffirms his intent to offer mental health evidence at the penalty phase after viewing the rebuttal expert reports. Any questioning the rebuttal expert conducts about the offense conduct will never come to light unless Defendant chooses to argue that he was impaired, under duress, or acting under a disturbance while he committed the crime. In the event that Defendant does choose to put his mental state during the commission of the alleged crime at issue, the Court will then address arguments to allow or restrict testimony from the rebuttal expert related to those matters that Defendant himself has put in question.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion (Doc. 304) for Reconsideration is

DENIED.

Signed on this 24th day of April, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge