**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-20037-JES-JEH |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now before the Court is Defendant's Response (Doc. 305) to the United States' Notice (Doc. 303) of Penalty Phase Experts and Tests. Defendant's Response contained four requests: (1) preclude the rebuttal expert from administering the WAIS-IV because of the risk of artificially inflated scores due to practice effects, (2) preclude the rebuttal expert from administering the WCST for the same reason, (3) preclude the rebuttal expert from administering the Connors' Adult ADHD Rating Scale because ADHD is not a differential diagnosis of a Schizophrenia Spectrum Disorder, and (4) require the United States to specify which validity measures its expert proposes to administer. The Court denied the first and second requests, directed the United States to respond to the third and fourth requests, and set this matter for a hearing. Doc. 307. The United States has filed a Reply (Doc. 313) and attachment (Doc. 314), and the Court finds that no hearing is necessary on these matters. This Order follows.

First, Defendant requests that the rebuttal expert be precluded from administering the Connors' Adult ADHD Rating Scale "because Attention Deficit Hyperactivity Disorder ('ADHD') is not a differential diagnosis for Schizophrenia Spectrum Disorder." Doc. 305, at 3. Defendant does not reference a specific portion of the Diagnostic and Statistical Manual of Mental Disorders 5th Edition, a defense expert, or any other supporting materials. This request is denied. The United States indicated in their Reply that pages 98–99 of the DSM-V list ADHD as

a differential diagnosis for Schizophreniform Disorder, which is included in Schizophrenia Spectrum and Other Psychotic Disorders. Doc. 313, at 2; Doc. 314, at 7. The Court finds there can be little dispute about this.[1] As such, in addition to denying Defendant's request, the Court directs Defendant to provide an explanation of the basis for his statement that "Attention Deficit Hyperactivity Disorder ('ADHD') is not a differential diagnosis for Schizophrenia Spectrum Disorder." Defendant may file this explanation *ex parte* if he so chooses. Because Mr. Tucker has been identified as lead counsel, the Court directs him to file this explanation by April 30, 2019.

Second, Defendant had requested that the United States specify which validity measures its expert proposes to administer. Doc. 305, at 4. The United States has responded. Doc. 313, at 2–3. The Court has reviewed both parties' positions, and the request by Defendant is denied. The United States will not be required to give advance notice of the particular validity measures its rebuttal expert intends to use.

Third, in its Reply, the United States raises an additional issue: the United States seeks mutual disclosure of the each expert's raw data. Doc. 313, at 4–5. The United States proposes that either the experts should exchange raw data after the rebuttal expert's examination, such that both may prepare reports that includes that information, or the defense expert should disclose raw data after the Defendant reaffirms his intent to present Rule 12.2 evidence, allowing the rebuttal expert to prepare an addendum to his report based on that information. *Id.* Defendant is directed to respond to this request by noon on May 2, 2019. In the meantime, all examinations will proceed as scheduled.

Signed on this 25th day of April, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge

---

[1] Pages 98–99 of the DSM-V indicate that "A wide variety of mental and medical conditions can manifest with psychotic symptoms *that must be considered* in the differential diagnosis of schizophreniform disorder. These include . . . attention-deficit/hyperactivity disorder . . . ." Doc. 314, at 6–7 (emphasis added).