UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S MOTION FOR CLARIFICATION AND COLLOQUY REGARDING THE DEFENDANT'S NOTICE OF WITHDRAWAL OF EXPERT EVIDENCE PURSUANT TO RULE 12.2(b)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court clarify, following a colloquy with the defendant, whether the defendant's notice of withdrawal of a mental health expert (R.317) is self-executing and voids the Court's Order of February 5, 2019 (R.220), which orders the defendant to submit to a psychological and psychiatric examination under Rule 12.2(c) of the Federal Rules of Evidence.

### FACTUAL AND PROCEDURAL HISTORY

This Court is well aware of the factual and procedural history regarding the defendant's proffered mental health defense. In summary, the Court's February 14, 2018, scheduling order gave the defendant until September 21, 2018, to give notice of his

intent to present Rule 12.2 evidence. (R.67) On the day his notice was due, the defendant moved for an unspecified extension of time to provide the required Rule 12.2 notice. (R.129,136) On October 11, 2018, the Court extended the Rule 12.2 notice deadline to December 3, 2018.

On December 3, 2018, the defendant filed a notice of his intent to present mental health evidence in the penalty phase, without alleging this evidence would not be available for the scheduled April 2019 trial. (R.161) Based on the parties' representations, the Court issued an Order establishing Rule 12.2 Procedures based on an anticipated April trial date, including requiring the defendant to submit to an examination under Rule 12.2(c) and requiring the United States' experts to complete their examinations within six weeks and to be ready for trial in eight weeks. (R.220) The United States thereafter took steps to comply with the Court's Order.

On February 8, 2019, one week after the Rule 12.2 hearing, the defendant filed his fourth motion to continue the trial, asserting that his psychiatrist was unavailable to testify in April. (R.226,227) During a hearing on February 19, 2019, the defendant represented that his prior psychiatrist had "quit," but that he had identified another psychiatrist who could be ready if the trial were continued to July of 2019. Per the Court's order, the defendant filed another written motion to continue the trial, although the motion did not include a declaration from any defense expert. (R.255) Based on the defendant's request for more preparation time for his Rule 12.2 expert, the Court continued the trial to June 3, 2019, with the penalty phase of the trial not expected to begin until July of 2019.

Based on the new schedule, the United States arranged for its two experts to examine the defendant in the Central District of Illinois beginning on Monday, April 29. On April 18, 2019, the United States filed notice of those experts and their tests. (R.303) The defendant objected to those tests. (R.305) The Court overruled those objections and directed the defendant to file an explanation for one of his unsupported objections. (R.315) The Court noted, "In the meantime, all examinations will proceed as scheduled." (R.315)

After the Court issued its order, on the afternoon of April 25, 2019, defense counsel notified the United States that it would be withdrawing its Rule 12.2 notice and the defendant would not consent to an examination. This afternoon, the defendant filed his Notice of Withdrawal, reaffirming that "Mr. Christensen will not be speaking to the government's mental health experts next week." (R.317)

## DISCUSSION

As it stands today, the Court has issued an Order requiring the defendant to submit to an examination (R.220), and that Order was reaffirmed as recently as yesterday. (R.315) The Court also directed defense counsel to respond to its basis for objecting to the examination. (R.315) The United States has retained two expert witnesses who are scheduled to travel to the Central District of Illinois this coming Monday, April 29, 2019, to examine the defendant. The defendant has just filed a notice of withdrawal, which states that the defendant "will not be speaking to the government's mental health experts next week." (R.317)

Under these circumstances, the United States seeks clarification whether this withdrawal is a self-executing filing that voids the Court's prior orders, or whether the United States should still have its experts attempt to examine the defendant. To the United States, it appears that the Court's prior Orders are still in place, and therefore, the defendant's withdrawal is actually notice that the defendant is refusing to submit to the Court-ordered examination.

I. **The United States Requests that the Court Clarify that the Defendant's Withdraw of His Rule 12.2 Notice is Knowing and Voluntary, and that He Understands that the Notice Cannot Be Reasserted.**

Based on the Court's orders, the United States' expert witnesses are scheduled to travel to the Central District of Illinois on Sunday, April 28, 2019, and to begin examining the defendant on Monday, April 29, 2019. Today, the defendant gave notice that he will not speak with them. (R.317).

The Court has ordered that the defendant submit to an examination by the United States' experts. (R.220). The Court is authorized to prohibit the defendant's introduction of Rule 12.2 evidence if the defendant refuses to submit to an examination. Fed. R. Crim. P. 12.2(d)(1)(B). This provision may appear moot based on the defendant's notice of his intent to withdraw his Rule 12.2 notice. Defendants can – and frequently do – change their mind, however. Thus, the defendant may decide to raise a Rule 12.2 defense once again at the close of the guilt phase. In that instance, the Court would be in the difficult position of either denying the defendant's ability to present a mental health defense in mitigation or granting an otherwise unwarranted continuance so that the defendant could be examined.

The United States is aware of a similar case in which the defendant refused to be examined by the United States' experts, and then "changed his mind" and asked the Court for a continuance so that he could submit to such an examination and raise a mental health defense at trial. *United States v. Wagner*, 834 F.2d 1474, 1478-81 (9th Cir. 1987). The district court in *Wagner* denied the motion for continuance, and *Wagner* was convicted. *Id.* On appeal, the Ninth Circuit held that the District Court had not abused its discretion to prohibit Wagner's request to introduce mental health defense. *Id.* The Ninth Circuit indicated, however, that had Wagner refused to be examined based on his attorney's advice, he would have grounds for reversal pursuant to Section 2255, particularly if the advice were given under the ruse of obtaining a continuance. *Id.*

The United States is concerned that the defendant's withdrawal of his Rule 12.2 notice may be cited as grounds to continue the trial date and requests that the Court clarify with the defendant, during a colloquy in open court, that (1) once withdrawn, the Rule 12.2 notice cannot be reasserted; and (2) that the defendant is in agreement with the decision to abandon a mental health defense.[1]

## II.    If the Defendant Withdraws His Rule 12.2 Notice, the Court Should Bar Any Testimony From Any Witness About His Mental Health Status.

If the defendant refuses to submit to examination by the United States' experts, he cannot call an expert witness to introduce any mental health evidence at the penalty

---

[1] As the Supreme Court recently affirmed, under certain circumstances, defense counsel in a capital case may not present a theory of defense or mitigation against the defendant's wishes. *McCoy v. Louisiana*, 138 S. Ct. 1500, 1512 (2018) (reversing murder convictions and death verdicts because defense counsel presented evidence of guilt at trial against the defendant's wishes).

5

phase. *See United States v. Byers*, 740 F.2d 1104, 1153-54 n.95 (D.C. Cir. 1984) ("Those federal appellate courts that have considered the issue have held that the defendant who refuses to submit to a compelled examination is barred from introducing psychiatric testimony based on interviews with his own experts.") (citations omitted); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1089 (N.D. Iowa 2005) ("The defendant could not present expert testimony on his mental condition and yet refuse, on Fifth Amendment grounds, to answer questions put to him by the government's experts.") (citation omitted).

Thus, it is clear that Rule 12.2(d), as applied by these cases, would preclude the testimony of any of the defendant's Rule 12.2 experts on any topic in the penalty phase. The reasoning of these cases might also extend to the testimony of Dr. Zoline, and arguably, to portions of the testimony of Dr. Sorensen because, absent a rebuttal examination pursuant to Rule 12.2(c), the United States will not be able to rebut any portions of their testimony that implicate or refer to any alleged mental condition of the defendant. *See also Kansas v. Cheever*, 571 U.S. 87, 95, 98 (2013); *LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014).

### III.    Allowing the United States' Experts to Examine the Defendant As Scheduled Will Not Prejudice the Defendant

Given that the defendant filed his notice to withdraw just before the United States' experts were scheduled to interview him, the United States is concerned that the defendant may later change his strategy and attempt to reassert a Rule 12.2 defense. This concern would be somewhat alleviated if the United States' examinations were

allowed to take place as scheduled. As the Court is aware, after the United States' experts begin to examine the defendant on April 29, 2019, those experts will have no communication whatsoever with the prosecution team. Instead, after the examination begins, the experts will communicate exclusively with firewall counsel unless and until the defendant has been convicted and thereafter reaffirms his intent to present Rule 12.2 evidence in the penalty phase. As such, there is no danger of the United States' trial counsel being exposed to any information from that examination. To avoid a situation where the Court is forced to delay[2] the trial to allow the United States' experts to examine the defendant under rushed circumstances following the guilt phase, the Court should allow the examination to go forward under the established Rule 12.2 procedures. If the defendant withdraws his Rule 12.2 notice, with prejudice to refiling it, following a colloquy in open court, the Court can order the United States' experts not to communicate with the prosecution team and to destroy any record of the examination, and the defendant will suffer no prejudice.

---

[2] The alternative to delay would be to bar the defendant's untimely mental health mitigation evidence. The notice and procedure requirements of Rule 12.2 of the Federal Rules of Criminal Procedure were enacted to avoid unnecessary continuances: "Failure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice." Fed. R. Crim. P. 12.2, Advisory Committee Notes. Therefore, the Seventh Circuit has affirmed trial courts that have barred expert testimony obtained by a defendant right before trial, rather than grant a continuance. *See United States v. Weaver*, 882 F.2d 1128, 1136 (7th Cir. 1989) (finding that when notice of expert testimony would delay the trial, the notice was untimely filed under Rule 12.2); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986) (finding district court did not abuse discretion in refusing to allow expert witness to testify when defendant failed to give timely notice under Rule 12.2); *United States v. Santos*, 65 F. Supp. 2d 802, 847 (N.D. Ill. 1999) (excluding testimony of defendant's untimely disclosed Rule 12.2 expert witness).

## **CONCLUSION**

The United States recognizes that whether or not the defendant presents Rule 12.2 mitigation evidence during the penalty phase is solely the defendant's decision. The United States is concerned, however, that the existing record is insufficient to support a determination that the defendant has knowingly and voluntarily decided not to present such evidence after considering all of the consequences of that decision. The United States is also concerned that the defendant may believe he can avoid examination at this time and later reassert his notice, which would necessitate a delay in the trial. Therefore, the United States requests that the Court clarify the defendant's understanding of these issues through a colloquy in open court. In the meantime, the United States recommends that the Court allow the United States' experts to examine the defendant to preserve judicial economy should the defendant later wish to refile his Rule 12.2 notice at a later date.

WHEREFORE the United States of America respectfully requests that this Court clarify the effect of the defendant's withdrawal of his Rule 12.2 notice and conduct a colloquy with the defendant to ensure he understands the effect.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on April 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

        /s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov