E-FILED
Friday, 03 May, 2019  11:23:27 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cr-20037-JES-JEH |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

Now before the Court are the following:

- The United States' Omnibus Motion in Limine (Doc. 240) to Exclude Irrelevant Evidence Based on the Court's Prior Rulings, and Defendant's Response (Doc. 268);

- The United States' Motion in Limine (Doc. 241) to Limit the Defendant's Expert Testimony to Disclosed Opinions;

- The United States' Motion in Limine (Doc. 242) to Exclude the Expert Testimony of Dr. Geoffrey Loftus, and Defendant's Response (Doc. 269);

- The United States' Motion in Limine (Doc. 243) to Preclude Any Reference to the Unavailability of the Death Penalty Under Illinois Law, and Defendant's Response (Doc. 270);

- The United States' Motion in Limine (Doc. 244) to Preclude Argument that the "Beyond a Reasonable Doubt" Standard Applies to the Penalty Phase Weighing Process, and Defendant's Response (Doc. 271);

- The United States' Motion in Limine (Doc. 245) to Preclude Instructions or Argument on "Residual Doubt," and Defendant's Response (Doc. 272);

- The United States' Motion in Limine (Doc. 246) to Preclude "Nullification" Evidence, Argument, and Instructions, and Defendant's Response (Doc. 273);

- The United States' Motion in Limine (Doc. 247) to Exclude Evidence or Argument on "Proportionality," and Defendant's Response (Doc. 274);

- The United States' Motion in Limine (Doc. 248) to Preclude Execution Impact Evidence or Argument, and Defendant's Response (Doc. 275);

- The United States' Motion in Limine (Doc. 249) to Preclude a "Mercy" Instruction, and Defendant's Response (Doc. 276);

- The United States' Motion in Limine (Doc. 253) to Exclude Improper Opinion Evidence from the Penalty Phase, and Defendant's Response (Doc. 280); and

- The United States' Motion in Limine (Doc. 254) for an Order Compelling Disclosure of the Defendant's Mitigating Factors and Penalty Phase Witnesses, and Defendant's Response (Doc. 279).

For the reasons set forth below, the United States' Motions (Docs. 240, 241, 242, 243, 244, 245, 253, 254) are GRANTED to the extent consistent with this Order, the United States' Motion to Exclude Execution Impact Evidence (Doc. 248) is DENIED, and the Court RESERVES ruling on certain Motions pertaining to the possible penalty phase of this trial (Docs. 246, 247, 249).

**BACKGROUND**

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Yingying Zhang, a female Chinese national, in violation of 18 U.S.C. § 1201(a)(1). Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois.

*See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment

charged Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1)

(Count 1), and with making false statements to FBI agents investigating Ms. Zhang's

disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding

Indictment returned by the grand jury also included a notice of special findings regarding the

nature of the offense charged in Count 1, including that the death of the victim was intentional,

that it occurred during the commission of kidnapping, that it was committed in an especially

heinous, cruel, or depraved manner, and that Defendant committed the offense after substantial

planning and premeditation. *Id.* The special findings alleged in the Superseding Indictment made

the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq*. On January 19, 2018, the

United States filed its Notice of Intent to Seek a Sentence of Death ("NOI"). Doc. 54; *see also* 18

U.S.C. § 3593(a). A jury trial on these charges is scheduled to begin on June 3, 2019. The trial

could involve multiple phases; if the Defendant is found guilty of kidnapping resulting in death,

the trial will continue to a penalty phase before the same jury, where the jury would decide

whether to impose a sentence of death. 18 U.S.C. § 3593(b)(1).

**DISCUSSION**

**1. Motion to Exclude Irrelevant Evidence Based on Prior Rulings (Doc. 240)**

The United States moves to exclude evidence that it argues is irrelevant or improper

based on the Court's prior rulings, including (1) evidence and arguments regarding the exercise

of prosecutorial discretion, (2) evidence and arguments regarding the Commerce Clause, the

Tenth Amendment, or the interests of the State of Illinois, and (3) evidence and arguments about

the legality or admissibility of evidence previously admitted by the Court, including Defendant's

3

recorded statements to T.B., his recorded statements to law enforcement, the FBI search of his

apartment, and the prior identification by E.H. Doc. 240, at 3–8.

Defendant states that he has no intention of offering evidence or argument on the exercise

of prosecutorial discretion, the Commerce Clause, the Tenth Amendment, the constitutionality of

the Federal Death Penalty Act, or about the legality or admissibility of evidence the Court has

ruled it will admit. Doc. 268, at 2–3.[1] Defendant argues that he should be permitted to argue

about the unavailability of the death penalty in Illinois and about certain matters that the United

States characterizes as "jury nullification." *Id.* at 1–3. In support of this, Defendant refers to his

responses to Docs. 243 and 246. The Court addresses those matters in Sections 4 and 7, *infra*.

The United States' Motion (Doc. 240) is GRANTED.

**2. Motion to Limit the Defendant's Expert Testimony to Disclosed Opinions (Doc. 241)**

The United States moves to prevent any of Defendant's non-12.2 experts from testifying

beyond the scope of the disclosures provided on or before November 30, 2018. Doc. 241, at 1–3.

Defendant filed no response. The United States' Motion is GRANTED as unopposed.

**3. Motion to Exclude the Expert Testimony of Dr. Geoffrey Loftus (Doc. 242)**

The United States moves to exclude testimony from Dr. Loftus on the grounds that it

would not assist the jury. Doc. 242, at 1. According to the United States, Dr. Loftus would testify

about the unreliability of eyewitness identifications, thereby giving an opinion about the

credibility of a trial witness (E.H.) and unnecessarily taking up time describing weaknesses with

eyewitness identifications that could be approached through cross-examination of E.H. *Id.* at 2–

---

[1] Defendant states that "With respect to the legality of the identification procedures used with E.H., Mr. Christensen
has more fully responded to this argument in his Response to the government's Motion *in Limine* to bar the
testimony of Dr. Geoffrey Loftus (R. 242), filed contemporaneously herewith." Doc. 268, at 3. However, in his
Response to that Motion, Defendant does not claim that the identification procedure was illegal or that E.H.'s
testimony should be inadmissible. Therefore, the Court assumes that Defendant will not offer evidence or argument
about the admissibility or legality of E.H.'s prior identification.

3. The United States refers to several Seventh Circuit cases upholding district courts' decisions to exclude experts on the unreliability of eyewitness identifications, based on the district courts' findings that such experts would not assist the trier of fact, particularly in circumstances where the eyewitness identification is coupled with substantial corroborating evidence. *See United States v. Hall*, 165 F.3d 1095, 1104 (7th Cir. 1999) (collecting cases that "reflect our disfavor of expert testimony on the reliability of eyewitness identification"); *United States v. Carter*, 410 F.3d 942, 949–51 (7th Cir. 2005) (affirming the exclusion of Dr. Loftus).

Defendant correctly points out that the Seventh Circuit has also stated that expert testimony on eyewitness reliability may be "vital" to correcting mistaken beliefs by jurors about how fallible human memory can be. *United States v. Bartlett*, 567 F.3d 901, 906 (7th Cir. 2009). Defendant contends that because E.H.'s identification in this case is only corroborated by an "admission" Defendant allegedly made to a convicted felon with inherently suspicious credibility, this Court should use its discretion to allow Dr. Loftus' testimony. Doc. 269, at 3. According to Defendant, the corroborating evidence in this case stands in stark contrast to *Carter*, where the evidence corroborating the identification included the getaway car, a shoe print, and DNA. *Id.* (citing *Carter*, 410 F.3d at 950–51).

As laid out in the Court's prior Order (Doc. 215) regarding E.H.'s testimony, the descriptions E.H. provided of the man in the car who approached her matched Defendant's appearance and Defendant's car, before she ever came in for a photograph array procedure. Doc. 215, at 8. E.H. then picked Defendant out of a photograph array. *Id.* Subsequently, according to the United States, Defendant himself told FBI agents that he had been driving his car around campus that day and that the victim got into his car. Doc. 242, at 3. A cellmate claims that Defendant also admitted that he had pretended to be an undercover police officer, which further

5

corroborates E.H.'s report and identification. *Id*. Given these circumstances, the Court finds that

testimony from Dr. Loftus would not assist the jury in its determinations under Federal Rule of

Evidence 702(a), and exercises its discretion to preclude him from testifying. The United States'

Motion is GRANTED.

**4. Motion to Preclude Any Reference to the Unavailability of the Death Penalty Under Illinois Law (Doc. 243)**

The United States moves to preclude any reference to the lack of a state death penalty in

Illinois in either phase of the trial. Doc. 243, at 1. Defendant argues at length that such references

should be permitted in the penalty phase, if any, of this trial as proper mitigation evidence. Doc.

270, at 1–10. Additionally, Defendant argues that "the defense must be permitted to reference the

fact that Illinois does not have the death penalty in order to adequately explain its defense at the

guilt phase and the consequences of an acquittal—that Mr. Christensen will clearly then be

prosecuted in state court and that he will face a sentence of life without parole if convicted." *Id.*

at 10. That is, Defendant argues, he may contest the jurisdictional element in this case by arguing

that he did not use his cell phone in furtherance of the offense. If he does, the jury may meet this

argument "with skepticism" if they believe the case was brought in federal court due to some bar

to a state-court prosecution, as they would not want the Defendant to go free if he were acquitted

of the federal charges. *Id*. at 11.  The Court is unpersuaded by this rationale that Defendant

should be permitted to discuss the unavailability of the death penalty in Illinois as part of his

defense during the guilt phase of this trial. The Motion is GRANTED insofar as the parties may

not reference the unavailability of the death penalty under Illinois law during the guilt phase. To

avoid confusion in the jury, the Court will provide a jury instruction to the effect that the death

penalty is available (despite its abolition in Illinois) because federal law applies in federal court,

and the death penalty is permitted under federal law.

The United States also argues that any reference to the unavailability of the death penalty under Illinois law should be precluded from the penalty phase of the trial, as it would have no bearing on the Defendant's background, character, or crime. Doc. 243, at 2. The United States provides substantial precedent in support of their position. *See United States v. Gabrion*, 719 F.3d 511, 521–22 (6th Cir. 2013); *United States v. Higgs*, 353 F.3d 281, 328 (4th Cir. 2003) (affirming denial of location of the murder in non-death-penalty state as a mitigating factor); *United States v. Taylor*, 583 F. Supp. 2d 923, 943 (E.D. Tenn. 2008); *United States v. Wilson*, 2013 WL 2948034, * 3–4 (E.D.N.Y. June 14, 2013); *United States v. McCluskey*, Case No. 1:10-cr-02734 (Doc. 1060 at 16–22) (June 26, 2013). The United States holds that, even if the unavailability of the death penalty under Illinois law were relevant, it should be excluded under the § 3593(c) balancing test because jurors could confuse the legality of the death penalty in Illinois with the propriety of the death penalty in federal court. Doc. 243, at 4.

Defendant contends that mitigating evidence is limited only by what a reasonable juror could find to have mitigating value, not by clear classification as part of the Defendant's background, record, character, or other circumstances of the offense. Doc. 270, at 3 (citing, *inter alia*, *McKoy v. North Carolina*, 494 U.S. 433, 440 (1990)). Defendant argues that "consideration of whether defendants who commit substantially similar or even more aggravated offenses who are prosecuted in the state courts of Illinois and are not subject to the death penalty, is analogous to the statutory 'equally culpable defendants' mitigating factor defined at 18 U.S.C. § 3592(a)(4)." Doc. 270, at 5. Defendant cites *United States v. Bin Laden* for the proposition that capital defendants may be entitled to present mitigation evidence that other equally culpable defendants will not be sentenced to death. *United States v. Bin Laden*, 156 F. Supp. 2d 359, 369 (S.D.N.Y. 2001). Defendant then argues that while the comparative group in *Bin Laden* were co-

7

defendants, "that factor should not be controlling," given cases like *United States v. Karake*. Doc. 270, at 6 (citing *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003)). This argument is misplaced—even in *Karake*, where the defendant was permitted to compare his potential sentence to other non-defendant co-conspirators, there is no suggestion that capital defendants must be allowed to argue that they should not receive the death penalty merely because other defendants (wholly unconnected to the crime at hand) would not face the death penalty for their own crimes if prosecuted in state court. *Karake*, 28 F. Supp. 2d at 307–08. The Court will not invent such a rule now—the statutory mitigating factor clearly refers to co-defendants, co-conspirators, and accomplices who are "equally culpable in the crime" and will not be punished with death. 18 U.S.C. § 3592(a)(4). Defendant may not reference the possible penalties that other defendants in other cases who committed other crimes would face in order to show that his own sentence should be mitigated.

Defendant also claims that evidence of the unavailability of the death penalty under Illinois law should be permitted as mitigation evidence because "the fact that Illinois has jurisdiction over this offense and prosecution in its state courts would not subject Mr. Christensen to the death penalty is a 'circumstance of the offense' … ." Doc. 270, at 6. This Court agrees with the 6th Circuit's *en banc* decision in *Gabrion* and the 4th Circuit's decision in *Higgs*: the possibility that a defendant could face a different penalty if he were tried in a different jurisdiction is not a "circumstance of the offense." *Gabrion*, 719 F.3d at 521 ("[I]t is clear that the murder's location in Michigan is unlike any fact that the Supreme Court has ever recognized as mitigating."); *Higgs*, 353 F.3d at 328 ("An assertion that the death penalty is improper in one jurisdiction because it is not allowed in another is, at bottom, a reflection of the debate surrounding the propriety of the death penalty, which is a matter of policy for the legislative

8

branch."). For these reasons, the Court also GRANTS the United States' Motion to Preclude Any Reference to the Unavailability of the Death Penalty Under Illinois Law with respect to the penalty phase.

**5. Motion to Preclude Argument that the Penalty Phase Weighing Process Must Be Conducted "Beyond a Reasonable Doubt" (Doc. 244)**

The United States moves to preclude the Defendant from arguing that the jury must find the aggravating factors outweigh the mitigating factors "beyond a reasonable doubt" during the penalty phase, if any, of this trial. Doc. 244, at 1. Defendant contends that the Supreme Court's decision in *Hurst* places that weighing process in the realm of *Apprendi* determinations that must be found by a jury beyond a reasonable doubt. Doc. 271, at 2–5. (citing *Hurst v. Florida*, 136 S.Ct. 616 (2016); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

Defendant's argument is not entirely without support. *See Smith v. Pineda*, 2017 WL 631410, *3 (S.D. Ohio Feb. 16, 2017) ("This Court believes the correct reading of *Hurst* is that the relative weight of aggravating circumstances and mitigating factors is a question of fact akin to an element under the *Apprendi* line of cases … ."). However, a close examination of the *Hurst* opinion shows that while the Court mentioned that the Florida sentencing procedure provided that the judge rather than a jury would weigh the aggravating and mitigating factors, the holding of *Hurst* did not address that issue directly. Instead, the Supreme Court held that "Florida's sentencing scheme, which required the judge alone *to find the existence of an aggravating circumstance*, is therefore unconstitutional." *Hurst*, 135 S.Ct. at 624 (emphasis added). Numerous federal courts have interpreted *Hurst* as remaining silent on the issue of whether the weighing process of the mitigating and aggravating factors must be conducted by a jury beyond a reasonable doubt. *See Underwood v. Royal*, 894 F.3d 1154, 1185 (10th Cir. 2018) ("The Court [in *Hurst*] thus did not address whether the second of the required findings—that mitigating

circumstances do not outweigh the aggravating circumstances—is also subject to *Apprendi*'s

rule."); *United States v. Roof*, 225 F. Supp. 3d 413, 419 (D.S.C. 2016) ("Nothing in *Hurst* invites

this Court to reconsider [the Fourth Circuit jurisprudence that the weighing process does not

need to be conducted beyond a reasonable doubt]. *Hurst* held that any aggravating factor that

exposes a defendant to greater punishment than the punishment authorized by the jury's guilty

verdict must be submitted to a jury.").

This Court agrees, and does not read *Hurst* to require instruction that the jury make a

finding about the relative weight of the aggravating and mitigating factors beyond a reasonable

doubt. Considering the conceptual difficulty in reaching a subjective weighing determination

"beyond a reasonable doubt," the Court will not permit argument to this effect. The United

States' Motion is GRANTED.

**6. Motion to Preclude Instructions or Argument on "Residual Doubt" (Doc. 245)**

The United States moves to preclude Defendant from arguing that jurors may consider

any lingering doubts they have about Defendant's guilt as mitigation in their penalty-phase

determination. Doc. 245, at 1. The United States refers to Supreme Court opinions that imply

"residual doubt" is not a mitigating factor (e.g., *Franklin v. Lynaugh*, 487 U.S. 164, 174 (1988))

and Courts of Appeals that have held likewise. *See United States v. Rodriguez*, 581 F.3d 775, 815

(8th Cir. 2009) ("Residual doubt is not a mitigating circumstance of the defendant or of the

offense."); *United States v. Jackson*, 549 F.3d 963, 981 (5th Cir. 2008) ("[N]either the Supreme

Court nor the Fifth Circuit has held that a defendant is entitled to [a jury instruction on residual

doubt]."). Defendant argues that while residual doubt instructions are not mandated, they are also

not prohibited—Defendant cites district court cases in which residual doubt instructions were

provided to the jury, including one case where the court described the situations in which such

instructions would be appropriate. Doc. 272, at 3–5 (citing, e.g., *United States v. Davis*, 132 F.

Supp. 2d 455 (E.D. La. 2001)).

*Franklin* clearly established that the Court is not required to allow "residual doubt"

arguments at the penalty phase, and there is no compelling reason to do so here. *See Franklin*,

487 U.S. at 174. *Davis* suggested that one reason a residual doubt instruction was reasonable in

that case was because the sentencing jury was different from the original jury that found guilt.

*Davis*, 132 F. Supp. 2d at 468. Here, in the event that the trial proceeds to a sentencing phase, the

same jury will be deliberating in both phases, and there is no reason to believe at this time that

the same jury that found guilt beyond a reasonable doubt would maintain lingering doubts about

Defendant's guilt—such doubts would necessarily be unreasonable. The Court therefore

GRANTS the United States' Motion.

**7. Motion to Preclude "Nullification" Evidence, Argument, and Instructions (Doc. 246)**

The United States moves to exclude evidence, argument, and instructions that encourage

the jury to abandon their duty to deliberate, including by calling for them to employ their

"unique moral judgment" or by instructing them about the consequences of a deadlock on

sentencing. Doc. 246, at 1–2. The United States points out that the Supreme Court has held that

courts are not required to instruct the jury on the consequences of deadlock. *Jones v. United*

*States*, 527 U.S. 373, 382 (1999).  Defendant argues that juries are routinely instructed on using

their "unique judgment" or "unique moral judgment" in capital cases, and that it would be

reversible error if the Court fails to inform the jury that the Defendant will not be sentenced to

death if even one juror votes against imposing it. Doc. 273, at 1–3. The Court RESERVES ruling

on this Motion until the parties have provided draft penalty phase jury instructions to the Court.

**8. Motion to Exclude Evidence or Argument on "Proportionality" (Doc. 247)**

The United States moves to prevent Defendant from offering any evidence or argument comparing Mr. Christensen to other capital defendants. Doc. 247, at 1–4. Defendant states that he does not anticipate offering any such evidence, but asks the Court to defer ruling on this Motion until the parties submit their respective proposed jury instructions for the penalty phase of this case. Doc. 274, at 1–2. The Court RESERVES ruling on this Motion until the parties have provided their proposed penalty phase jury instructions to the Court.

**9. Motion to Preclude Execution Impact Evidence or Argument (Doc. 248)**

The United States moves to preclude evidence about the impact that his potential execution might have on his family and friends, citing various cases that held evidence of that kind is not required. Doc. 248, at 1–2. According to the United States, execution impact evidence should not be allowed in this case because it is inherently speculative and because it prejudices the victim's family, as they are not permitted to give opinions about the defendant or their desired sentence. *Id*. at 3.

Defendant points to numerous cases where courts have held that "how [the Defendant's] family would feel if he were executed may fairly be considered part of [his] background." Doc. 275, at 3 (quoting *United States v. Wilson*, 493 F. Supp. 2d 491, 506–07 (E.D.N.Y. 2007)). Defendant concedes that a general plea for mercy from his friends and family would be inadmissible, and states that he will not elicit opinions about the appropriate sentence, but argues that he should not be barred from "fully developing the nature of the relationship of family and friends with Mr. Christensen as well as any evidence that would directly or indirectly suggest that his execution would cause them grief or loss or otherwise adversely affect them." Doc. 275, at 1. With respect to the United States' arguments, Defendant points out that speculation is built

into the task of a capital jury, as they must determine "future dangerousness" of the Defendant. *Id*. at 9. Defendant argues that there would be no prejudice to the victim's family because neither side's witnesses would be permitted to testify directly about the sentence they want Defendant to receive. *Id*. at 10–11.

The Court finds that while execution impact evidence is properly excluded when it amounts to "pleas for mercy," courts often allow it to be presented to the jury as bearing on the defendant's background. *United States v. Taylor*, 583 F. Supp. 2d 923, 944 (2008) ("Asking the jury to sentence a defendant to life is not mitigating evidence."); *cf., e.g., United States v. Fell*, 2005 WL 1634067, at *2 ("Third party testimony may shed light on Fell's background and character by providing testimony about any positive qualities, his capacity to be of emotional value to others, and the nature of his interpersonal relationships."); Doc. 275, Exh. A (References to execution impact mitigation evidence presented to the jury in 85 verdict sheets from 1991–2018 in federal capital cases). The Court will likewise allow such evidence in the penalty phase, if any, of Mr. Christensen's trial, provided it bears on his background rather than merely the witnesses' desired sentence. The United States' Motion is DENIED.

**10. Motion to Preclude a "Mercy" Instruction (Doc. 249)**

The United States moves to preclude penalty-phase jury instructions that would suggest the jurors can make their decision based on mercy rather than on their analysis of the aggravating and mitigating factors. Doc. 249, at 1–3. Defendant asks that the Court allow him to present a "death is never required" instruction and reserve ruling on a "mercy" instruction until the parties have submitted their proposed penalty phase jury instructions. Doc. 276, at 1–2. The Court RESERVES ruling on this Motion until the parties have provided their proposed penalty phase jury instructions to the Court.

13

**11. Motion to Exclude Improper Opinion Evidence from the Penalty Phase (Doc. 253)**

The United States moves to preclude Defendant from asking any witness about their

opinion of the death penalty or the appropriate sentence in this case. Doc. 253, at 1–3. Defendant

states that he does not intend to offer this type of opinion evidence, and that any testimony

regarding his possible future adjustment to prison or future dangerousness will be limited to

witnesses' personal observations, experience, or evaluations of his character. Doc. 280, at 1–2.

The United States' Motion is GRANTED.

**12. Motion to Compel Disclosure of the Defendant's Mitigating Factors and Penalty Phase
Witnesses (Doc. 254)**

The United States moves to compel Defendant to disclose the mitigating factors he

intends to rely on in the penalty phase,[2] and for the Court to establish a deadline for both parties

to provide notice of their penalty phase non-12.2 witnesses. Doc. 254, at 1–4. Defendant

responds that he is not able provide a complete list of mitigating factors or penalty-phase

witnesses at this time, and that the Court should require Defendant to disclose the mitigating

factors and witnesses for the penalty phase only after the conclusion of the United States' case-

in-chief at the penalty phase. Doc. 279, at 1, 4–5.

While the FDPA requires the United States to disclose the aggravating factors it will rely

upon in advance, it does not require a reciprocal disclosure from the Defendant. 18 U.S.C.

§§ 3592(c), 3593(a)(2), 3593(c). The United States cites numerous federal capital cases in which

courts have required that Defendant disclose the mitigating factors he intends to rely upon at

various points throughout trial, in order to promote the fair and efficient administration of justice

---

[2] The United States asks in the Motion that Defendant disclose his mitigating factors not later than March 15, 2019.
The Motion was filed when the trial date was set for April 1, 2019. As the Court has since continued the trial date to
June 3, 2019, the Court assumes the United States seeks disclosure of the mitigating factors in approximately mid-
May.

and avoid surprise by either party. *See United States v. Wilson*, 493 F. Supp. 2d 464, 466 (E.D.N.Y. 2007) (requiring disclosure of mitigating factors four days after trial date); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 114–15 (D.P.R. 2005) (requiring disclosure the day before the penalty phase began); *United States v. Taveras*, 2006 WL 1875339, *8–9 (E.D.N.Y. July 5, 2006) (requiring disclosure on the first day of voir dire); *United States v. Lujan*, 2011 WL 13210665, *2–3 (D.N.M. Aug. 24, 2011) (requiring disclosure between the eligibility and selection segments of the penalty phase).

The Court finds that in order for the United States to have a meaningful opportunity to present rebuttal evidence, Defendant must disclose a list of the specific mitigating factors he intends to establish and a list of non-12.2 witnesses before the penalty phase of the trial begins. To that end, the Court GRANTS the United States' Motion to the extent consistent with this Order. The Court RESERVES on the particular disclosure deadlines for the mitigating factors and penalty phase witness lists at this time. The parties should be prepared to discuss these deadlines at the Final Pretrial Conference on May 13, 2019.

## CONCLUSION

For the reasons stated herein, the Court finds as follows.

- The United States' Omnibus Motion in Limine (Doc. 240) to Exclude Irrelevant Evidence Based on the Court's Prior Rulings is GRANTED.

- The United States' Motion in Limine (Doc. 241) to Limit the Defendant's Expert Testimony to Disclosed Opinions is GRANTED.

- The United States' Motion in Limine (Doc. 242) to Exclude the Expert Testimony of Dr. Geoffrey Loftus is GRANTED.

- The United States' Motion in Limine (Doc. 243) to Preclude Any Reference to the Unavailability of the Death Penalty Under Illinois Law is GRANTED.

- The United States' Motion in Limine (Doc. 244) to Preclude Argument that the "Beyond a Reasonable Doubt" Standard Applies to the Penalty Phase Weighing Process is GRANTED.

- The United States' Motion in Limine (Doc. 245) to Preclude Instructions or Argument on "Residual Doubt" is GRANTED.

- The Court RESERVES ruling on the United States' Motion in Limine (Doc. 246) to Preclude "Nullification" Evidence, Argument, and Instructions.

- The Court RESERVES ruling on the United States' Motion in Limine (Doc. 247) to Exclude Evidence or Argument on "Proportionality."

- The United States' Motion in Limine (Doc. 248) to Preclude Execution Impact Evidence or Argument is DENIED.

- The Court RESERVES ruling on the United States' Motion in Limine (Doc. 249) to Preclude a "Mercy" Instruction.

- The United States' Motion in Limine (Doc. 253) to Exclude Improper Opinion Evidence from the Penalty Phase is GRANTED.

- The United States' Motion in Limine (Doc. 254) for an Order Compelling Disclosure of the Defendant's Mitigating Factors and Penalty Phase Witnesses is GRANTED to the extent consistent with this Order.

Signed on this 3rd day of May, 2019.

/s James E. Shadid
James E. Shadid
United States District Judge

16