IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### THE UNITED STATES OF AMERICA'S MOTION
### TO LIMIT THE TESTIMONY OF DR. JONATHAN SORENSEN

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves this Court to limit the testimony of Dr. Jonathan Sorensen based on applicable law and the current status of the case.

### PROCEDURAL HISTORY

On March 3, 2019, the United States sought to bar the testimony of Dr. Johnathan Sorensen, whom the defendant had recently disclosed as a non-Rule 12.2 expert witness. (R.265). The motion cited various grounds, including that the proposed testimony was improper rebuttal and ran afoul of the Seventh Circuit's ruling in *United States v. Johnson*, 223 F.3d 665 (7th Cir. 2000). (R.265) The defendant filed a response, and the United States filed a reply. (R.290, 293)

The Court heard oral argument on this motion on April 8, 2019. Defense counsel argued that *United States v. Johnson* was not in issue because Dr. Sorensen would not offer testimony with regard to BOP's capabilities for confining the defendant safely. Therefore, the Court denied the United States' motion at that time, ordered the defendant to produce Dr. Sorensen's report by May 6, 2019, and gave the United Sates until May 13, 2019, to renew its motion regarding Dr. Sorensen. (D.E. 4/8/19)

On April 26, 2019, the defendant withdrew his notice of intent to present mental health evidence during the penalty phase pursuant to Federal Rule of Criminal Procedure 12.2(b)(1)(2). (R.317) In the withdrawal, the defendant noted that he would not submit to examinations previously scheduled with the United States' expert witnesses. (R.317) On April 30, 2019, the Court confirmed with the defendant that he understood the consequences of his decision – including the possibility that evidence related to his mental condition may not be admitted as a result. *See also* (R.318 at 6) (noting that, absent the ability to examine the defendant, the United States would be unable to effectively rebut Dr. Sorensen's anticipated testimony).

On May 6, 2019, in lieu of a written report, the defendant provided the United States with approximately 58 Power Point slides that the United States assumes reflects Dr. Sorenson's opinions and expected testimony. The slides do not contain the bases and reasons for his opinions, but do refer to certain studies.[1]

---

[1] The same day it received the power point slides, the United States requested from the defendant copies of any studies relied upon by Dr. Sorensen. Defense counsel has promised to provide the studies, but noted it may take a week or so for them to gather the materials. To date the United States has not received them.

# ARGUMENT

I. **Pursuant to Rule 12.2(d), Dr. Sorensen's Testimony Should Not Reference Any Alleged Mental Condition of the Defendant, Including During Cross-Examination.**

By withdrawing his Rule 12.2 notice and refusing to be examined by the United States' experts, the defendant no longer may offer any "expert evidence on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt or the issue of punishment." Fed. R. Crim. P. 12.2(d)(1). Thus, Dr. Sorensen's expert testimony regarding whether the defendant poses a risk of future dangerousness should not be permitted to touch on the defendant's mental condition. *Cf. Jurek v. Texas*, 428 U.S. 262, 272-73 (1976) (upholding Texas future dangerousness aggravator because Texas law holds that "[i]In determining the likelihood that the defendant would be a continuing threat to society, the jury could consider . . . whether or not at the time of the commission of the offense he was acting under duress or under the domination of another. It could also consider whether the defendant was under an extreme form of mental or emotional pressure, something less, perhaps, than insanity, but more than the emotions of the average man, however inflamed, could withstand.").

Presumably, Dr. Sorensen's testimony will be limited to testifying regarding his analysis of cohorts that share the defendant's general characteristics, excluding any reference or analysis to any alleged mental disease, mental defect, or mental condition of the defendant. Nonetheless, it is possible that, prior to the defendant's withdrawal of the notice of intent to present a mental health defense at the penalty phase, Dr. Sorensen may have been exposed to information regarding the defendant's mental condition by

3

the defendant or the defendant's previously retained mental health experts and may have formed opinions based on that information. It would be improper under Rule 12.2(d)(1) for Dr. Sorensen to offer testimony related to the defendant's mental condition, either during his direct testimony or in response to cross-examination by the United States regarding his failure to consider the defendant's mental condition in his analysis. Thus, the United States continues to object to Dr. Sorensen's testimony to the extent it refers to or is based on the defendant's mental condition. (Of course, to the extent Dr. Sorensen's proposed testimony does not in any way take into account the defendant's mental condition, the relevance of the testimony is subject to challenge.)

II. **Pursuant to *Johnson*, Dr. Sorensen's Testimony Should Not Reference Any Prison's Alleged Ability to Control Inmate Violence, Including During Cross-Examination.**

The Seventh Circuit has held that capital defendants may not present expert testimony with regard to prison facilities or their alleged abilities to manage and guard against inmate violence. *Johnson*, 223 F.3d at 672-75. While the defendant has asserted that Dr. Sorensen will not provide such testimony, it appears to the United States that some of his slides may broach or be based on the ways that prisons manage inmate violence. It is unclear how Dr. Sorensen's live testimony will address this prohibited topic, but given the Seventh Circuit's clear mandate in *Johnson*, the United States renews its objection to Dr. Sorensen's testimony to the extent it crosses the line and discusses or relies on a prison's ability to control inmate violence.

### III. The United States Should Be Permitted to Obtain and Disclose Its Rebuttal Expert After the Defendant Provides the Bases and Reasons for Dr. Sorensen's Opinions.

Federal Rule of Criminal Procedure 16(b)(1)(C) provides that, if the defendant intends to present expert testimony, he must provide the United States with a written summary of that testimony, including the bases and reasons for those opinions. Obviously, the United States has a right to rebut Dr. Sorensen's expert testimony during the penalty phase of the case:

> Be it expert testimony regarding a medical condition, or crime scene ballistics or how defendants' background informs their behavior, it takes time to develop expert testimony in rebuttal. In addition, the rebuttal expert also requires access to the basis of the other expert's conclusions in order to effectively test them. And the importance of the thorough and effective rebuttal of an expert, to whom the jury may give undue credence, cannot be minimized. *See generally U.S. v. Rosales*, 19 F.3d 763, 766 (1st Cir. 1994)(where one expert testifies about the credibility of another witness, the "proffered expert testimony [c]ould create a substantial danger of undue prejudice . . . because of its aura of special reliability and trustworthiness"); *U.S. v. Hines*, 55 F.Supp.2d 62, 64 (D.Mass.1999) ("[a] certain patina attaches to an expert's testimony unlike any other witness; this is 'science,' a professional's judgment, the jury may think, and give more credence to the testimony than it may deserve."). Hence, disclosure is warranted in order to allow the government to acquire and/or develop its own expert testimony if there is to be some semblance of meaningful expert rebuttal.

*United States v. Catalan-Roman*, 376 F. Supp. 2d 108, 116 (D.P.R. 2005).

Although prohibiting the introduction of late-disclosed expert evidence or granting a continuance are listed remedies under Rule 16(d)(2), the United States seeks neither. It simply requests permission to identify and disclose its rebuttal expert after the defendant provides any studies which form the bases and reasons for Dr. Sorensen's

opinions. *See* Rule 16(d)(2)(D) ("the court may . . . enter any other order that is just under the circumstances").

## **CONCLUSION**

Dr. Sorensen's expert testimony, including during cross-examination, should be precluded to the extent it (1) references or is based on any alleged mental disease, defect, or condition of the defendant; or (2) references or is based on any prison's ability to control inmate violence.  Moreover, the United States should be permitted adequate time to identify and disclose an appropriate rebuttal expert after the defendant discloses the bases and reasons underlying Dr. Sorensen's opinions set forth in his proposed Power Point presentation.

WHEREFORE, the United States of America respectfully moves the Court to limit the expert testimony of Dr. Jonathan Sorensen and to permit the United States adequate time to identify and disclose a rebuttal expert.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

>*/s/ James B. Nelson*
>James B. Nelson
>Trial Attorney
>Capital Case Section
>United States Department of Justice
>1331 F. Street NW, Room 625
>Washington, DC  20004
>Tel: (202) 598-2872
>james.nelson@usdoj.gov