UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br>                                           )   <br>           Plaintiff,                  )   <br>                                           )   <br>     v.                                     )     Case No. 17-cr-20037-JES-JEH <br>                                           )   <br> BRENDT A. CHRISTENSEN,   )   <br>                                           )   <br>            Defendant.             )    | |

### SUPPLEMENTAL ORDER ESTABLISHING JUROR SELECTION PROCEDURES

This Order supplements the Court's prior Order (Doc. 301) Establishing Juror Selection Procedures. It is hereby ordered that:

1. The Court has excused all potential jurors from the agreed list of for-cause excusals. Currently, 477 potential jurors remain in the pool. The Clerk's Office has sorted the pool by participant number.

2. The potential jurors will be instructed to report for jury selection starting on June 3, 2019, beginning with the lowest participant number.[1] The Court will initially instruct 16 potential jurors to appear for each panel (morning/afternoon). The Court may modify the number of potential jurors reporting for subsequent panels as necessary.  The Court provided an updated CD containing the remaining potential jurors' questionnaires to the parties on May 13, 2019.

3. By May 28, 2019, the parties will submit proposed voir dire questions to the Court for both general inquiries and specific questions for the first 64 potential jurors. *See* Order

---

[1] In the Court's previous Order (Doc. 301), it indicated that the Clerk's Office would randomly assign a set number of potential jurors to each panel and provide the panel composition to the parties on May 17, 2019. As discussed without objection at the final pretrial conference on May 13, 2019, the Court intends to accomplish this objective by assigning potential jurors to panels based on their participant number. Thus, the first panel will consist of the lowest 16 participant numbers. Currently, the lowest participant number in the pool is No. 100384674. The Court believes this process is sufficiently random (participant numbers are assigned every 4 years when the master jury wheel is filled) while also allowing the parties more time to review the questionnaires and to prepare for voir dire.

Establishing Juror Selection Procedures, Doc. 301, at ¶ 5. The Court will set further deadlines for questions for subsequent potential jurors after voir dire has commenced.  Also by May 28, 2019, the parties will submit to the Court an agreed list of the potential witnesses to be called at trial in order to determine whether prospective jurors have had prior contact with or knowledge of any witness.

      4. The summoned jurors each day will be brought together into the courtroom, where the Court will provide an overview of the process and generally applicable legal concepts. Thereafter, the Court will conduct general voir dire on issues for which individual voir dire is thought not to be necessary. The Court's questions will be based, in part, on the proposed questions submitted by the parties. Following general voir dire, the Court will address any cause challenges. Individual voir dire will then commence for the remaining prospective jurors.

      5. During individual voir dire, the Court will pose questions to the prospective juror. The Court's questions will be based, in part, on the proposed questions submitted by the parties. After such questioning, the Court will ask the parties if they believe any follow-up questions are necessary given the prospective juror's prior responses. The Court may allow attorneys proposing follow-up questions to pose the questions to the prospective jurors themselves. Cause challenges will be argued immediately after the completion of individual voir dire for each prospective juror. Each prospective juror not excused for cause will remain at the call of the Court for possible jury service.

      6. Once approximately 70 jurors have been qualified and accepted by the parties, voir dire shall cease. The qualified jurors will be randomly shuffled, and a new numbered list will be provided to the parties. Thereafter, the parties will exercise peremptory challenges and the petit jury will be selected. The parties will alternate going first in choosing whether to strike or pass

each juror. If a party passes an opportunity to strike a juror, that challenge will be deemed to have been exhausted as to that juror. Each party may exercise a maximum of 20 peremptory strikes for the petit jury. Once a jury of 12 is selected, the parties will continue the process to select 6 alternate jurors. When selecting alternate jurors, each party may exercise 3 peremptory strikes using the same procedure set forth above. Peremptory strikes not used in picking the main panel may not carry over to be used in selecting the alternate jurors. Once 6 alternate jurors are selected, any remaining prospective jurors will be excused and the Court will select the time and date for opening statements.

Signed on this 16th day of May, 2019.

> s/ James E. Shadid
> James E. Shadid
> United States District Judge