E-FILED
Monday, 20 May, 2019 09:28:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO LIMIT THE TESTIMONY OF DR. JONATHAN SORENSEN**

The defendant hereby responds to the government's motion *in limine* with respect to Dr. Jonathan Sorensen (*Motion*). (Dkt. 333).

The motion *in limine* does not raise any issue that the Court needs to address at the moment.

**I.   Dr. Sorensen's Testimony Will Not Address Mr. Christensen's Mental Condition**

The government's first point is that because Mr. Christensen has withdrawn his 12.2 notice, Dr. Sorensen should not be permitted to testify as to Mr. Christensen's mental condition with respect to the issue of future dangerousness. *Motion*, at 3-4. As previously represented, *see* Dkt. 290, at 6 (response to motion to preclude);[1] Hearing 4-8-19, at 7-27 (Sealed), Dr. Sorensen has not examined Mr. Christensen and his testimony will not be based on "any alleged mental disease, mental defect, or mental condition" of

---

[1] The defense's response to the government's initial motion to preclude the testimony of Dr. Sorensen, Dkt. 290, is mistakenly titled as a response to the government's motion to exclude execution impact evidence, a mistake previously called to the Court's attention. *See* Dkt. 293, at 1.

1

Mr. Christensen. *Motion*, at 3. Nor has Dr. Sorensen been "exposed to information regarding Mr. Christensen's mental condition by the defendant or the defendant's previously retained mental health experts," *id.*, at 3-4, and thus his testimony will not be based on such information.[2]

## II. The Extent to Which the Government's Cross-Examination Opens Doors Cannot Be Determined at this Time

Next, in a brief paragraph, the government asserts that Dr. Sorensen may not testify concerning "prison facilities or their alleged abilities to manage and guard against inmate violence," *id.* at 4, *citing United States v. Johnson*, 223 F.3d 665, 672-75 (7th Cir. 2000). As the *Motion* notes, the defense has indicated that it does not plan to get into this area on direct examination. The *Motion* does assert, without specification, that "some of [the] slides" that have been provided the government "'may broach' this topic." *Motion, at 4.* To the extent that the government has legitimate concerns about particular slides inappropriately referencing the area of BOP's abilities to monitor and control inmates, the slides can likely be appropriately revised if called to the defense's attention.

Although the government does not address the scope of its desired prohibition in the brief paragraph raising this issue, the suggestion in the heading of Point II on page 4 of the *Motion* goes too far. In that heading, the government suggests that Dr. Sorensen

---

[2]The government also states that it would be improper for Dr. Sorensen to testify concerning Mr. Christensen's mental condition "in response to cross-examination." *Motion*, at 4. The extent to which cross-examination may open up otherwise closed doors is premature and speculative at this time. *Infra*. Nonetheless, the defense cannot foresee a situation where Dr. Sorensen would offer any testimony based on, or referencing, Mr. Christensen's mental condition.

should be precluded from referencing the "Bureau of Prison's Ability to Control Inmate Violence *Including During Cross-Examination*." *Motion,* at 4 (emphasis added). As stated, the defense does not plan to address this specific point in its presentation, but if the government opens the door on cross-examination that's another matter. The government is not entitled to ask questions designed to leave a misleading impression and the witness is entitled to fairly answer questions put to him/her on cross-examination. Areas of inquiry opened on cross-examination are also subject to further exploration on redirect examination. *See United States v. Sullivan*, 911 F.2d 2, 8 (7th Cir. 1990); *United States v. Martinez*, 988 F.2d 685, 702 (7th Cir. 1993) (right of adversary to respond where door-opened), *citing* 1 David W. Louisell & Christopher B. Mueller, Federal Evidence § 11, at 49 (1977). As pointed out in the preceding footnote, the issue is, of course, premature and speculative at this time, but to the extent that the government wishes to explore whether its contemplated cross examination might "open the door," it is free to seek a ruling before plunging ahead. *See United States v. Griffin*, 84 F.3d 912, 921 (7th Cir. 1996) (trial judge offered counsel an opportunity to "tell me what subjects you intend to cover and we'll deal with whether it opens the door . . ."). That said, it bears repeating that the defense does not intend to generally reference this topic on direct examination of Dr. Sorensen or otherwise get into the specific operating procedures available to the Bureau of Prisons to control inmate violence, while reserving the right to appropriately respond to areas opened up on cross-examination.

**III.    The Government Has Long Had the "Bases and Reasons for Dr. Sorensen's Opinions" and Should Therefore Be Required to Timely Disclose Any Rebuttal Expert**

3

This, again, is a non-issue. The government has long been aware of the general nature of Dr. Sorensen's testimony, as it essentially acknowledged in its *Motion in Limine to Preclude the Testimony of Dr. Jonathan Sorensen*, when it referenced his testimony and Power Point presentations in other cases. *See* Dkt. 265, at 3-5; *Response*, Dkt. 290, at 1-4. In addition, consistent with its stated intention, *see Response*, *id*. at 4, and as represented to the Court in the hearing on April 4, 2019, the defense has provided the government a 58-page Power Point presentation, which fully lays out Dr. Sorensen's expected testimony in this case. Thus, any suggestion that the government is unable to determine whether it needs to retain a rebuttal expert is a bit disingenuous.[3]

That said, it is unnecessary to attach the Power Point materials to this response, as the government's chief complaint now seems to be that it needs copies of any studies that Dr. Sorensen relies upon as a basis for his testimony before it can decide whether it needs to retain a rebuttal expert. *Motion*, at 5-6. Despite the fact that the defense offered to provide these studies and papers as early as February 20, 2019, the same day it disclosed Dr. Sorensen as a witness, the government only recently requested that they be provided (many of which were otherwise available from public sources and cited in prior pleadings). Regardless, the defense has forwarded the government electronic copies of 39 articles and studies, relating to, and relied upon, by Dr. Sorensen.

---

[3] While the issue must await the government's decision as to whether to call a rebuttal expert, it would appear that the scope of such rebuttal would be quite limited, as the defense does not believe there are any meaningful studies or authorities which contradict Dr. Sorensen's testimony.

Thus, the government has been provided with what it requests in its third point. Accordingly, the defense requests that the Court set a reasonable date for the government to provide notice of any expert it intends to call to rebut the testimony of Dr. Sorensen.

WHEREFORE, Defendant requests that the relief requested in the government's Motion be denied.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:   309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org