UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO THE GOVERNMENT'S MOTION FOR CLARIFICATION REGARDING THE PROFFERED TESTIMONY OF DR. SUSAN ZOLINE

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Response to the Government's Motion for Clarification states as follows:

1. The government's motion misrepresents Mr. Christensen's position regarding the testimony of Dr. Zoline by omitting the key portion of his correspondence. Specifically, the government's motion characterizes Mr. Christensen's letter of May 6, 2019, as not following the Court's instruction to provide an amended disclosure, and claims that he "reiterated his intent to call Dr. Zoline to testify with regard to the 'standard of care'…" (R. 336, pg. 2)

2. In fact, what Mr. Christensen said in the letter is as follows:

> "With respect to Dr. Zoline, we believe our prior disclosure dated February 20, 2019, satisfies the requirements of Fed. R. Crim. Proc. 16(b)(1)(C). She did not examine the defendant and will not be providing a written report, rather she will

1

> testify consistent with the summary we provided to you. *<u>We do not intend to address the University's civil or legal liability at trial; we merely present this evidence in mitigation with respect to Mr. Christensen</u>*." (**Emphasis added**)

3. It is unclear why the government chose to not only omit the key portion of this letter, but to affirmatively assert that Mr. Christensen did not address the issue where he clearly did. Nevertheless, as Mr. Christensen stated in his letter of May 6, 2019, he will *not* call Dr. Zoline to discuss civil liability of the University of Illinois. Rather, he reincorporated his prior disclosure, which described her testimony as follows:

> That the counseling center failed to provide appropriate services in response to the clinical concerns identified in the sessions; failed to seek client consent to notify and adequately coordinate with psychiatrists who were treating Mr. Christensen at the McKinley Health Center; failed to seek client consent to obtain medical records that would have assisted in evaluating and treating Mr. Christensen; failed to adequately assess and evaluate the specifics of the homicidal and suicidal ideations Mr. Christensen expressed in the sessions with regard to a thorough ongoing threat assessment, and failed to develop an adequate treatment and safety plan in light of Mr. Christensen's unique situation and vulnerable presentation; failed to make appropriate referrals for further treatment; and failed to conduct an adequate follow-up with Mr. Christensen.

4. The fact that Mr. Christensen reported and sought psychological assistance in dealing with his suicidal and homicidal ideations, and did not receive appropriate treatment is relevant to the issues both of mitigation and future

dangerousness. *See Sealed Response to United States' Motion to Exclude the Testimony of Dr. Susan Zoline*, Dkt. 289, at 9-20. During the hearing on April 8, 2019, the Court stated **only** that it would strike the issue of "civil medical negligence." (Tr. 4/8/2019 pg. 36). Mr. Christensen's initial notice did not suggest that he intended to inject issues of civil liability and legal negligence, *supra*, an intention also made clear in his *Sealed Response to United States' Motion to Exclude the Testimony of Dr. Susan Zoline*, Dkt. 289, at 20-21 (evidence not offered to establish "UICC's civil liability under Illinois law."). Nonetheless, if there was any confusion on this issue, it was put to rest by the unambiguous language in the defendant's letter of May 6, which the government inexplicably omitted from its motion for "clarification."

WHEREFORE, Defendant requests that Dr. Zoline be permitted to testify as noticed.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

3

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org