UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Crim. No. 17-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) |
| Defendant. | ) ) |

**SEALED MOTIONS *IN LIMINE* (ADDITIONAL)**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Sealed Additional Motions *in Limine* states as follows:

**I.  Background**

Since approximately January of 2019, the parties have been operating without a revised Scheduling Order. Under the prior Scheduling Order (R. 67), all pretrial motions were due as of February 8, 2019. On February 1, 2019, the Court extended the Motion filing deadline until February 11, 2019. (Docket Entry 2/1/2019) It was then extended again to February 15, 2019. (Docket Entry 2/11/2019) Consistent with this revised deadline, Mr. Christensen filed his Sealed Omnibus Motions *in Limine* to Exclude Evidence at Trial. (R. 239)

**II.  Additional Motions *in Limine***

    **a.  Motion to Exclude Craigslist Records**

On or about April 3, 2019, the government disclosed the results of a trial

1

subpoena that it served on Craigslist, Inc., for records associated with Mr. Christensen. In response to the subpoena, the government received approximately thirty-two pages of records, including posts made by Mr. Christensen from his gmail account in March and April of 2017. The posts made by Mr. Christensen included statements which are irrelevant to the issues in this case and which are substantially more prejudicial than probative even if any relevance could be discerned. The posts include language requesting casual encounters with transgender males, purported desired sexual contact with said males, and other inflammatory language about sexually explicit acts. For example, Mr. Christensen wrote "I can take charge. Will suck dick, you can suck mine, and I can fuck your ass"; "Prefer to top but open to discussion"; "'Straight', married man in an open relationship that wants to try giving and receiving a blowjob from another man."

There is no evidence that Mr. Christensen ever met any of the individuals with whom he corresponded on Craigslist. The fact that he was seeking sexual experiences with men through the vehicle of a consensual encounter is irrelevant to any issue in this case under FRE 401. Regardless, even if some relevance can be discerned, the evidence is substantially more prejudicial than probative under FRE 403 and should be excluded at both the guilt and penalty phases of trial.

### b. Motion to Limit the Number of Prejudicial Photographs Presented

This Court has previously ruled that the government may present evidence of

four pornographic photographs found on Mr. Christensen's computer depicting bondage, including restrained females. (R. 324 pg. 13) The Court did not rule on whether or not the presentation of four highly inflammatory photographs depicting sexual violence constitutes the needless presentation of cumulative evidence under FRE 403. A review of the evidence indicates that there are in fact six photographs which qualify as bondage and/or sexual violence. Mr. Christensen now asserts that although the Court may have found these photographs to be relevant to show his motive, intent or plan to commit the alleged crime, that presenting all of the photographs would be needlessly cumulative. Permitting the government to present only one of the photographs would diminish the prejudicial impact of the images and prevent cumulative evidence from overemphasizing the impact of these photographs to the jury.

    **c. Motion to Exclude Cumulative Evidence From the Vigil Walk**

On or about March 21, 2019, the government provided five video clips containing footage of Mr. Christensen at various stages of the vigil that took place on June 29, 2017. Four of the videos are from local or national news reports, including CNN, WAND, WCIA, and Websleuths. Each of the videos duplicate still images that were disclosed earlier in the discovery process. Mr. Christensen has no objection to the use of said photographs, but objects to the presentation of these third party videos. There is no relevance to the fact that news reporters covered the disappearance of Ms. Zhang and/or the arrest of Mr. Christensen, and the additional commentary and headlines

that exist on the tapes are irrelevant and prejudicial. Therefore, any videos obtained from news agencies should be excluded under FRE 401 and 403.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

4

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org