E-FILED
Tuesday, 28 May, 2019  06:29:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
vs.                            )        Crim. No. 17-20037
                               )
BRENDT A. CHRISTENSEN,         )
                               )
          Defendant.           )

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS FOR GUILT PHASE**

Now comes the Defendant, BRENDT A. CHRISTESEN, by his undersigned counsel,

and submits the Defendant's proposed jury instructions Nos. 1 through 34 for the guilt phase

of the jury trial commencing June 3, 2019.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Defendant's Tendered Instruction No. 1.
Seventh Circuit Pattern Jury Instruction No. 1.01

The charges against the defendant are in a document called a superseding indictment.  You will have a copy of the superseding indictment during your deliberations.

Count 1 of the superseding indictment in this case charges that the defendant committed the crime of kidnapping resulting in death.  Counts 2 and 3 of the superseding indictment in this case charge that the defendant committed the crime of making false statements to federal agents.  The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Defendant's Tendered Instruction No. 2.
Seventh Circuit Pattern Jury Instruction No. 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Defendant's Tendered Instruction No. 3.
Seventh Circuit Pattern Jury Instruction No. 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Defendant's Tendered Instruction No. 4.
Seventh Circuit Pattern Jury Instruction No. 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Defendant's Tendered Instruction No. 5.
Seventh Circuit Pattern Jury Instruction No. 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Defendant's Tendered Instruction No. 6.
Seventh Circuit Pattern Jury Instruction No. 2.03

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Defendant's Tendered Instruction No. 7.
Seventh Circuit Pattern Jury Instruction No. 2.04

The defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Defendant's Tendered Instruction No. 8.
Seventh Circuit Pattern Jury Instruction No. 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

Defendant's Tendered Instruction No. 9.
Seventh Circuit Pattern Jury Instruction No. 3.01

It is proper for an attorney to interview any witness in preparation for trial.

Defendant's Tendered Instruction No. 10.
Seventh Circuit Pattern Jury Instruction No. 3.02

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with his or her testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

Defendant's Tendered Instruction No. 11.
Seventh Circuit Pattern Jury Instruction No. 3.03

You have heard testimony from a witness who:

- was promised, received, expected a benefit in return for his testimony or cooperation with the government;

- has admitted of lying under oath;

You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Defendant's Tendered Instruction No. 12.
Seventh Circuit Pattern Jury Instruction No. 3.05

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

Defendant's Tendered Instruction No. 13.
Seventh Circuit Pattern Jury Instruction No. 3.06

You have heard testimony or received evidence that the defendant made statements to [insert name of person or agency]. You must decide whether the defendant actually made the statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statements may have been made.

Defendant's Tendered Instruction No. 14.
Seventh Circuit Pattern Jury Instruction No. 3.09

You have heard testimony or evidence that the defendant committed acts other than the ones charged in the superseding indictment. Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the superseding indictment. If you decide that he did, then you may consider that evidence to help you decide the defendant's motive, intent, preparation, plan, or knowledge. You may not consider this evidence for any other purpose. To be more specific, you may not assume that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the superseding indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is on trial for the charges alleged in the superseding indictment. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the superseding indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

Defendant's Tendered Instruction No. 15.
Seventh Circuit Pattern Jury Instruction No. 3.11

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed the crime that is charged.

Defendant's Tendered Instruction No. 16.
Seventh Circuit Pattern Jury Instruction No. 3.12

You have heard a witness, namely, [name of witness], who gave opinions and testimony about [certain subject(s); specify the subject(s), if possible]. You do not have to accept this witness' [opinions; testimony]. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony.

Defendant's Tendered Instruction No. 17.
Seventh Circuit Pattern Jury Instruction No. 3.13

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations on the video recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.

I am providing you with the recording[s] and a device with instructions on its use. It is up to you to decide whether to listen to [a; the] recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

Defendant's Tendered Instruction No. 18.
Seventh Circuit Pattern Jury Instruction No. 3.14

Certain summaries or charts were admitted in evidence. You may use those summaries or charts as evidence even though the underlying documents or evidence are not here.

The accuracy of the summaries or charts has been challenged. The underlying documents or evidence have also been admitted so that you may determine whether the summaries are accurate.

It is up to you to decide how much weight to give to the summaries.

Defendant's Tendered Instruction No. 19.
Seventh Circuit Pattern Jury Instruction No. 3.16

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Defendant's Tendered Instruction No. 20.
Seventh Circuit Pattern Jury Instruction No. 3.18

Count 1 of the Superseding Indictment charges the Defendant with kidnapping resulting in death. In order for you to find the Defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Yingying Zhang;

Second, the Defendant held Yingying Zhang for ransom, reward, or otherwise;

Third, the Defendant used a means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;

Fourth, the death of Yingying Zhang resulted.

If you find from your consideration of all the evidence that the Government has proven each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant not guilty of that charge.

Defendant's Tendered Instruction No. 21.

Title 18 U.S.C. §1201(a)(1)

Kidnap means to take and carry away a person by force and against his or her will.

Seize, confine, abduct and carry away all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

Defendant's Tendered Instruction No. 22.

*Chatwin v. United States*, 326 U.S. 455, 66 S.Ct. 233 (1946); *United States v. Lentz*, 383 F.3d 191, 199-201 (4th Cir. 2004); Sand, Leonard, *Modern Federal Jury Instructions*-Criminal Instruction 42-3

To inveigle or decoy a person means to lure or entice or lead a person astray by false representations or promises or other deceitful means.

Defendant's Tendered Instruction No. 23.

*United States v. Eason*, 854 F.3d 922, 924-25 (7th Cir. 2017); *United States v. Lentz*, 383 F.3d 191, 202-203 (4th Cir. 2004); *United States v. Hoog*, 504 F.2d 45, 50-51 (8th Cir. 1974)

To hold means to detain, seize, or confine a person in some manner against that person's will, and need only be for an appreciable period of time.  The holding or detention must be separate and distinct from the kidnapping or seizure.

Defendant's Tendered Instruction No. 24.

*United States v. Lentz*, 383 F.3d 191, 202-203 (4th Cir. 2004); *United States v. Lewis*, 662 F.2d 1087- 1088-89 (4th Cir. 1981); *United States v. Wills*, 346 F.3d 476, 493 (4th Cir., 2003)

The Government must prove that the defendant held a person for any reason which would benefit the defendant.

Defendant's Tendered Instruction No. 25.

*DeSilva v. DiLeonardi*, 125 F.3d 1110, 1114 (7th Cir. 1997); *United States v. Bordeaux*, 84 F.3d 1544, 1548 (8th Cir., 1996);  *United States v. Lentz*, 383 F.3d 191, 202-203 (4th Cir. 2004); *United States v. Healy*, 376 U.S. 75, 82 (1964)

Count 2 of the Superseding Indictment charges the Defendant with making a false statement. In order for you to find the Defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly and willfully made the statement as charged;

Second, the statement was false;

Third, the statement concerned a material fact;

Fourth, the statement was made about a matter within the jurisdiction of the Federal Bureau of Investigation; and

Fifth, the Defendant knew the statement was not true at the time he made it.

If you find from your consideration of all the evidence that the Government has proven each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant not guilty of that charge.

Defendant's Tendered Instruction No. 26.
Eighth Circuit Pattern Instructions, Crim. No. 618.1001B (2017)

Count 3 of the Superseding Indictment charges the Defendant with making a false statement. In order for you to find the Defendant guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly and willfully made the statement as charged;

Second, the statement was false;

Third, the statement concerned a material fact;

Fourth, the statement was made about a matter within the jurisdiction of the Federal Bureau of Investigation; and

Fifth, the Defendant knew the statement was not true at the time he made it.

If you find from your consideration of all the evidence that the Government has proven each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the Government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the Defendant not guilty of that charge.

Defendant's Tendered Instruction No. 27.
Eighth Circuit Pattern Instructions, Crim. No. 618.1001B (2017)

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Defendant's Tendered Instruction No. 28.
Seventh Circuit Pattern Instruction No. 4.06

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Defendant's Tendered Instruction No. 29.
Seventh Circuit Pattern Instruction No. 4.10

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as [list current technology or services likely to be used, e.g., telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter], or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8– 4, or whatever your vote happens to be.

Defendant's Tendered Instruction No. 30.
Seventh Circuit Pattern Instruction No. 7.01

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the appropriate verdict forms. Each of you will sign them.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

Defendant's Tendered Instruction No. 31.
Seventh Circuit Pattern Instruction No. 7.02

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>VERDICT</u>

We, the Jury, find the Defendant, BRENDT A. CHRISTENSEN,

_____ of the offense of kidnapping
(Guilty/Not Guilty)

resulting in death as charged in Count 1 of the Superseding Indictment.


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____
                                        Foreperson

Date:_____


Defendant's Tendered Instruction No. 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
vs.                                )          Crim. No. 17-20037
                                   )
BRENDT A. CHRISTENSEN,             )
                                   )
          Defendant.               )

<u>VERDICT</u>

We, the Jury, find the Defendant, BRENDT A. CHRISTENSEN,

_____  of the offense of making a
(Guilty/Not Guilty)

false statement as charged in Count 2 of the Superseding Indictment.

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____
                                        Foreperson

Date:_____

Defendant's Tendered Instruction No. 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>VERDICT</u>

We, the Jury, find the Defendant, BRENDT A. CHRISTENSEN,

_____  of the offense of making a
(Guilty/Not Guilty)

false statement as charged in Count 3 of the Superseding Indictment.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                         Foreperson

Date:_____




Defendant's Tendered Instruction No. 34.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial

Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S PROPOSED PENALTY PHASE INSTRUCTIONS</u>

Now comes the Defendant, BRENDT A. CHRISTENSEN, by and through

his attorneys, and submits his proposed penalty phase jury instructions numbered 1-15.

Defendant's proposed instructions are adopted from and modeled upon the district

court's penalty phase instructions given in *United States v. Brisino*, No. 2:11-cr-00077, DE

1528 (N.D.Ind. 2015)(Simon, J.), the last federal capital cased tried in the Seventh Circuit.

Respectfully submitted,

/s/ Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:  217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.c

**Defendant's Proposed Instruction No. 1**

**<u>Introduction to Final Instructions</u>**

Members of the Jury, it is now my duty to again instruct you on the rules of law that you must follow and apply in imposing a sentence on the defendant.

Regardless of any opinion you may have as to what the law may be, or should be, it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than that given to you in these instructions.

Some of the legal principles that you must apply to this sentencing decision duplicate those you followed in reaching your verdict as to guilt or innocence. Others are different. The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision. I have prepared them to ensure that you are clear in your duties at this extremely serious stage of the case. I have also prepared a Special Verdict Form that you must complete. The form details special findings you must make in this case and will help you perform your duties properly.

When I have finished, you will go into the jury room, choose a foreperson (who may or may not be the same foreperson who served during the earlier deliberations on guilt) and begin your penalty deliberations.

**Defendant's Proposed Instruction No. 2**
**<u>Burden of Proof</u>**

Under the federal death penalty statute, there are certain requirements that must be met before you may consider a death sentence. As I have instructed you, you may not consider imposing a death sentence unless you first find the Government proved beyond a reasonable doubt the age requirement, at least one intent factor, and at least one Statutory Aggravating Factor. Again, your affirmative findings on these three elements must be unanimous and beyond a reasonable doubt.

You may also find Non-statutory Aggravating Factors, which are those not specifically set out by Congress in the federal death penalty statute, but which have been specifically identified by the government for your consideration in this case. Again, your affirmative finding that any Non-statutory Aggravating Factor exists must be unanimous and beyond a reasonable doubt.

The defendant does not have the burden of disproving the existence of anything the Government seeks to prove. The burden is wholly upon the Government to prove its contentions beyond a reasonable doubt; the law does not require the defendant to produce any evidence at all, including evidence that a particular aggravating factor does not exist or that death is not the appropriate sentence. The defendant has chosen to assert Mitigating Factors, and he has the burden of proving them. However, there is a different standard of proof for Mitigating Factors. You need not be convinced beyond a reasonable doubt about the existence of a Mitigating Factor; you need only be convinced by a preponderance of the evidence. A matter is proved "by a preponderance

of the evidence" if it is shown to be more likely true than not true. This is a lesser standard of proof under the law than proof beyond a reasonable doubt.

Any evidence relating to Mitigating Factors should be fully discussed by all of you to ensure that each juror considers the matter carefully. I instruct you, however, that the law does not require unanimity with regard to Mitigating Factors. Any one of you may find the existence of a Mitigating Factor, regardless of the number of other jurors who may agree, and anyone who so finds may consider and weigh that Mitigating Factor in determining the appropriate sentence in this case. The Verdict Form provides a space for you to indicate the number of jurors who find a particular Mitigating Factor.

**Defendant's Proposed Instruction No. 3**
<u>**The Evidence**</u>

In deciding the issues now before you, you may consider any evidence (to the extent you find it credible and relevant), direct or circumstantial, that was presented during the guilt phase of the trial and any information that was presented during the penalty phase of the trial, including any matters to which the parties have stipulated. As in the guilt phase, the arguments of the attorneys and the comments and rulings of the Court are not evidence.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and any stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained

objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact. You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point. You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses. What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Part of your job as jurors is to decide how believable each witness was, and how

much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it. Some factors you may consider include:

-        the intelligence of the witness;

-        the witness's ability and opportunity to see, hear, or know the things the witness testified about;

-        the witness's memory;

-        the witness's demeanor;

-        whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

-        the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

-        inconsistent statements or conduct by the witness.

You may consider evidence that a witness was convicted of a crime only in deciding the believability of his testimony. You may not consider it for any other purpose.

You have heard witnesses who gave opinions and testimony about certain subjects. Specifically, _____, who testified about _____.

You do not have to accept these witnesses' opinions or testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and

testimony, you should consider each witness's qualifications, how he or she reached his or her opinions and conclusions, and the factors I have described for determining the believability of testimony.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

**Defendant's Proposed Instruction No. 4**
**<u>The Defendant's Right Not to Testify</u>**

The defendant did not testify. A defendant has an absolute right not to testify.

There is no burden upon a defendant to prove that he should not be sentenced to death.

The burden is entirely on the prosecution to prove that a sentence of death should be

imposed. Accordingly, you may not consider in any way the fact that the defendant did

not testify. You may not even discuss it in your deliberations.

**Defendant's Proposed Instruction No. 5**
<u>**Your Findings**</u>

I will now provide you with additional instructions on the Age requirement, Threshold Intent Factors, Aggravating Factors, and Mitigating Factors. I again stress the importance of your giving careful and thorough consideration to all evidence before you. I also remind you of your obligation to strictly follow the applicable law.

You must deliberate and determine the appropriate sentence for Count 1 of the superseding indictment.  You will have a separate Special Verdict Form to complete for Count 1.

You also may not rely solely upon your guilt-phase verdict or your factual determinations therein. Instead, you must now consider each issue and make each determination described in these Instructions, even if you considered similar issues during your first deliberations in the guilt phase of this trial.

**Defendant's Proposed Instruction No. 6**
**<u>Age of Defendant (Section I of Special Verdict Form)</u>**

The first step in your deliberations should be to determine whether the Government has proved beyond a reasonable doubt that the defendant was at least eighteen years old on the date the capital crime you are considering was committed. That date is June 9, 2017

 If you find that the Government failed to prove that the defendant was at least eighteen years old on that date, then you will complete Section I of the Special Verdict Form accordingly and your deliberations will be over. You will then sign the final certification in Section VII of the Special Verdict Form and you will advise the Court that you have reached a verdict.

If, however, you find unanimously and beyond a reasonable doubt that the defendant was at least eighteen years old on the date the offense was committed, you will fill in the Special Verdict Form accordingly. You should then proceed to the second step in your deliberations, the determination of the required intent factor or factors.

**Defendant's Proposed Instruction No. 7**
**Threshold Intent Factors (Section II of Special Verdict Form)**

In addition to the required age finding, you also may not consider the death penalty for Count 1 of the superseding indictment unless you first unanimously find, beyond a reasonable doubt, that the government proved at least one of four possible threshold intent factors. The Special Verdict Form sets out which threshold intent factors are at issue. Your consideration of the possible threshold intent factors will address whether the defendant:

(1) intentionally killed the victim; or

(2) intentionally inflicted serious bodily injury that resulted in the death of the victim; or

(3) intentionally participated in an act, contemplating that a person's life would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act; or

(4) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim died as a direct result of the act.

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all facts and circumstances in evidence in determining the defendant's knowledge and intent. An "intentional act" is an act done deliberately and with the conscious desire that it be committed. A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. You may, but are not required to, infer that a person intended the natural and probable consequences of his knowing and voluntary acts.

"Serious bodily injury" means a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a body member, organ, or mental faculty.

"Lethal force" means an act of violence capable of causing death.

"Grave risk of death" means a significant and considerable possibility that a person other than one of the participants in the crime might be killed.

Fill in your answers to the questions in Section II of the Special Verdict Form for Count 1. If you find that the Government did not prove any of the intent elements listed on the Special Verdict Form for Count 1, then your deliberations will be concluded, and the Court will sentence the defendant to life in prison without the possibility of release. You will sign the certification in Section VII of the Special Verdict Form and then you will advise the Court that you have reached a verdict.

However, if you unanimously find one or more of the intent elements proved beyond a reasonable doubt as to Count 1, then you will note that on the Special Verdict Form and continue to Section III.

As you continue with your deliberations bear in mind that threshold intent factors are not aggravating factors and therefore may not be weighed in deciding whether or not to impose a sentence of death.

<u>**Defendant's Proposed Instruction No. 8**</u>

<u>**Statutory Aggravating Factors (Section III of Special Verdict Form)**</u>

If you have unanimously found that the Government has proved beyond a reasonable doubt that the defendant was over the age of eighteen when the offense was committed, and that at least one of the four threshold intent factors existed, you must then proceed to determine whether the Government has proved beyond a reasonable doubt the existence of any of the Statutory Aggravating Factors that the government has alleged. The government has alleged three different Statutory Aggravating Factors that apply to Count 1 of the superseding indictment.

The first Statutory Aggravating Factor alleged by the Government is that a death, or injury resulting in death, occurred during the commission or attempted commission of, or during the immediate flight from the commission of a kidnapping in violation of Title 18 U.S.C. §1201.

The second Statutory Aggravating Factor alleged by the Government is that the defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Yingying Zhang.

"Torture" includes severe mental as well as physical abuse. For such abuse to amount to torture, the victim must have been conscious of it at the time it was inflicted. Further, the defendant must have specifically intended to inflict severe mental or physical pain upon the victim, apart from killing the victim.

On the other hand, "serious physical abuse" may be inflicted regardless of whether the victim is conscious of the abuse at the time it was inflicted. The defendant,

however, must have specifically intended the abuse, apart from the killing. "Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The third Statutory Aggravating Factor alleged by the Government is that the defendant committed the offense after substantial planning and premeditation to cause the death of a person. "Planning" means mentally formulating a method for doing something or achieving some end. "Premeditation" means thinking or deliberating about something and deciding beforehand whether to do it. "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation. You must find that both the planning and the premeditation were more than the minimum amount necessary to carry out one's plan. To find that the Government has satisfied its burden of proving beyond a reasonable doubt that the defendant engaged in substantial planning and premeditation to cause the death of a person, you must unanimously agree on the particular object of the substantial planning and premeditation, namely to cause the death of a person.

The law directs you to consider and decide only the Statutory Aggravating Factors specifically claimed by the Government with respect to Count 1 of the superseding indictment.  You are reminded that to find the existence of a statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

Complete Section III of the Special Verdict Form according to your findings. If

you answer "NO" with respect to all of the Statutory Aggravating Factors alleged for Count 1 of the superseding indictment, then your deliberations are complete.  You will sign the Certification in Section VII of the Special Verdict Form and you will advise the Court that you have reached a verdict.

If you answer "YES" with respect to any Statutory Aggravating Factor alleged for Count 1 of the superseding indictment, then complete accordingly Section III of the Special Verdict Form and proceed to Section IV.

<u>**Defendant's Proposed Instruction No. 9**</u>

<u>**Non-Statutory Aggravating Factors (Section IV of Special Verdict Form)**</u>

If you have found the existence of one or more Statutory Aggravating Factors unanimously and beyond a reasonable doubt, then you must then consider whether the government has proved the existence of any Non- Statutory Aggravating Factors. As with Statutory Aggravating Factors, you must unanimously agree that the Government has proved beyond a reasonable doubt the existence of any of the alleged Non-Statutory Aggravating Factors before you may consider such factors in your deliberations on the appropriate punishment for the defendant for Count 1 of the superseding indictment. But unlike threshold intent factors and Statutory Aggravating Factors, even if you don't unanimously find that the Government has proved any Non-Statutory Aggravating Factors that apply, you may still consider the death penalty as a possible sentence for that count. In other words, you will proceed to Section V from this Section IV regardless of your Section IV findings on the count you are considering.

In addition to any Statutory Aggravating Factors you have found, you are permitted to consider and discuss only the (6) Non-Statutory Aggravating Factors specifically claimed by the Government. I will describe those Factors. You must not consider any other facts in aggravation which you might think of on your own.

The Non-Statutory Aggravating Factors that the Government has alleged against the defendant with respect to Count 1 are as follows:

1.      The defendant caused injury, harm, and loss to Yingying Zhang, and loss to her family, friends, and co-workers as evidenced by Yingying Zhang's personal characteristics and by the impact of her death upon her family, friends and co-workers.

2.      The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by his demonstrated lack of remorse for his acts of violence; his serious acts of violence, his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detecting.

3.      The defendant has demonstrated, by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Yingying Zhang.

4.      The defendant has committed other serious acts of violence including, at least, in or about 2013, he choked and sexually assaulted M.D. in the Central District of Illinois.

5.      The victim, Yingying Zhang, was particularly vulnerable due to her small stature and limited ability to communicate in English.

6.      The defendant attempted to obstruct the investigation of the offense by, at least, making false statements to investigators, destroying or concealing evidence the victim's remains, and sanitizing the crime scene.

After considering these Factors you will record in Section IV of the Special Verdict Form for Count 1 your findings regarding whether you unanimously find

that the Government has proved beyond a reasonable doubt the existence of any of these six Non-Statutory Aggravating Factors.

Then you will continue on to consider the questions in Section V of the Special Verdict Form for Count 1 of the superseding indictment.

## Defendant's Proposed Instruction No. 10

### Mitigating Factors (Section V of Special Verdict Form)

You must next consider any Mitigating Factors that may be present in this case. A Mitigating Factor is not offered to justify or excuse the defendant's conduct. Rather, a Mitigating Factor is a fact about the defendant's life or character, or about the circumstances surrounding the offense or any other relevant fact that would suggest, in fairness, that a sentence of death is not the appropriate punishment, or that a sentence of life in prison without the possibility of release is the more appropriate punishment.

Unlike for aggravating factors, your vote with respect to a Mitigating Factor **need not** be unanimous. A finding with respect to a Mitigating Factor may be made by one or more of the members of the jury. Any juror persuaded of the existence of a mitigating factor must consider it in this case, regardless of the number of other jurors who agree the factor has been established. Further, any juror may weigh a mitigating factor found by another juror, even if he or she did not also find that factor to exist or to be mitigating.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence, not beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so.

Please understand that the existence of a mitigating factor is a distinct

consideration from whatever weight, if any, should ultimately be given that factor in your deliberations. For example, any number of jurors might first find that a particular mitigating factor is factually true (that is, that the factor has been established by a preponderance of the evidence), but those jurors as individuals might later choose to give that same mitigating factor differing levels of significance during the weighing process. With this distinction in mind, Section IV of each Special Verdict Form only asks you to report the total number of jurors who individually find the existence of a particular mitigating factor to be established by a preponderance of the evidence.

Earlier in these instructions, I stated that regardless of any opinion you may have as to what the law may be or should be, it would be a violation of your oaths as jurors to base your sentencing decision upon any view of the law other than that which is given to you in these instructions. Accordingly, it is not your role to pass on the wisdom of whether a particular mitigating factor submitted to you is, in your own personal view, the kind of circumstance that should weigh against imposition of the death penalty. If a mitigating factor that I state in these instructions and that appears on the Special Verdict Forms has been established by a preponderance of the evidence, you are required to weigh it in the balance to be struck between the aggravating and mitigating factors. It is up to you, however, to decide how much weight you individually assign to each particular mitigating factor.

The Special Verdict Form provides a space for you to indicate the number of jurors who find each Mitigating Factor. Complete that section.

### *Mitigating Factors to Consider*

The Mitigating Factors which the defendant asserts he has proved by a preponderance of the evidence are:

A.     (Pursuant to this Court's Order of May 13, 2019, Notice of all Mitigating Factors will be filed and submitted by defense counsel within 24 hours of the jury's return of a verdict of guilty as to Count 1 of the superseding indictment).

### *Any Additional Mitigating Factors*

You are also permitted to consider **anything** else about the defendant's background, record, or character or any other circumstance of the offense, that mitigate against imposition of the death penalty. So if there are any such Mitigating Factors, whether or not specifically argued by the attorneys for the defense, which at least one juror finds are established by a preponderance of the evidence, you are free to consider them in your deliberations. There is a space in Section V of the Special Verdict Form for you to fill in any additional Mitigating Factors and note the number of jurors who find that it exists. Complete that Section as you consider that count. But even if you are unable to articulate or describe these additional Mitigating Factors, you may still give them your full consideration without noting them on the Special Verdict Form.

The law does not require that there be a connection between a Mitigating Factor and the crime committed. In short, your discretion in considering mitigating factors is much broader than your discretion in considering aggravating factors. This was a

choice expressly made by Congress in enacting the capital punishment statute. What weight you give each Mitigating and Aggravating Factor is entirely up to you.

After you complete Section V of the Special Verdict Form, you will move on to weigh the Aggravating Factor or Factors you have found and the Mitigating Factor or Factors you may have found.

<u>**Defendant's Proposed Instruction No. 11**</u>

<u>**Weighing Aggravating and Mitigating Factors**</u>

With respect to the capital count you are considering in Count 1 of the superseding indictment, if you unanimously find that the government proved beyond a reasonable doubt: 1) that the defendant was over 18 years of age at the time of the crime; and 2) the existence of at least one intent factor, and 3) the existence of at least one Statutory Aggravating Factor; and after you then decide whether the Government proved beyond a reasonable doubt the existence of any of the alleged Non-Statutory Aggravating Factors submitted to you, and whether the defendant proved the existence of any Mitigating Factors by a preponderance of the evidence, you will then engage in a weighing process.

In determining the appropriate sentence, all of you must weigh the Aggravating Factor or Factors that you unanimously found proved beyond a reasonable doubt, and each of you must weigh any Mitigating Factor or Factors that you individually found to exist, and may weigh any Mitigating Factors that another fellow juror found to exist. Whether or not the circumstances in this case make death the appropriate sentence is a decision that the law leaves entirely to you.

Although I have previously instructed you that you will not consider a death sentence unless you first unanimously find the age requirement and at least one threshold intent factor proven beyond a reasonable doubt, I instruct you now that the age requirement and threshold intent factors **<u>shall not</u>** be considered when

weighing the Aggravating and Mitigating Factors. You must weigh only the Statutory and Non-Statutory Aggravating Factors that you unanimously find to exist against any Mitigating Factors that any juror individually, or with others, finds to exist.

In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

The process of weighing Aggravating and Mitigating Factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of Aggravating and Mitigating Factors and reach a decision based on which number is greater. You should instead consider the weight and value of each factor to make a unique, individualized, and reasoned judgment about the sentence this defendant should receive for the capital offense.

The law contemplates that different Factors may be given different weights or values by different jurors. Thus, you may find that one Mitigating Factor outweighs one or more Aggravating Factors. Or you may find, even if you have found no Mitigating Factors, that the Aggravating Factor or Factors proved do not, standing alone, justify imposition of a sentence of death. On the other hand, you may unanimously find that a particular Aggravating Factor sufficiently outweighs all Mitigating Factors combined to make a sentence of death the appropriate sentence. Each juror must decide what weight or value is to be given to a particular Aggravating or Mitigating Factor in the

decision-making process.

Again, whether or not the circumstances justify a sentence of death is a decision that the law leaves entirely to you. You are never required to impose a death sentence.

## Defendant's Proposed Instruction No. 12

## Determination of Sentence (Section VI of Special Verdict Form)

You will be asked the following question with respect to Count 1 of the superseding indictment: "Do you, the jury, **unanimously** find that a sentence of death shall be imposed on the defendant BRENDT A. CHRISTENSEN for Count 1 of the superseding indictment?" You will answer that question either "Yes" or "No." In answering this question, you must unanimously decide whether the Aggravating Factor or Factors sufficiently outweigh the Mitigating Factor or Factors such that a sentence of death is the most appropriate sentence. If you answer "Yes" the Court will then be required to impose a death sentence for Count 1 of the superseding indictment.

If you cannot unanimously agree that a sentence of death should be imposed, you should answer the question "No" and the Court will sentence Mr. Christensen to a life sentence without the possibility of release for Count 1 of the Superseding Indictment. In the federal system, a sentence of life imprisonment without the possibility of release means just that — the defendant will never be released from prison. There is no parole in the federal system.

It is your duty as jurors to discuss all aspects of these sentencing issues with one another frankly and candidly in an effort to reach agreement, if you can reach agreement. Each of you must decide these questions for yourselves and not go along with the conclusions of your fellow jurors, but only after full consideration of the evidence with the other members of the jury and due respect for one another's opinions.

While you are discussing this matter, do not hesitate to re-examine your own opinion, and to change your mind if you become convinced that you are wrong. But do not give up your honest beliefs as to the weight or the effect of the evidence solely because others think differently or simply to reach a verdict.

## **Defendant's Proposed Instruction No. 13**

## **Right to Justice Without Discrimination**

In your consideration of whether the death sentence is justified as to any count you must not consider the race, color, religious beliefs, national origin, or sex of either the defendant or the victim. You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either the defendant or the victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign your name in the appropriate place if the statement accurately reflects the manner in which each of you reached your individual decision.

## Defendant's Proposed Instruction No. 14

### Special Verdict Form

I have prepared a form entitled "Special Verdict Form" to assist you during your deliberations. You are required to record your decisions on the Special Verdict Form.  Section I of the Special Verdict Form is where you will record your findings on the defendant's Age. Section II is where you will record your findings on the Threshold Intent Factors. Section III is where you will record your findings on Statutory Aggravating Factors. Section IV is where you will record your findings on Non-Statutory Aggravating Factors. Section V is where you will record your findings on Mitigating Factors. Section VI is where you will record your sentence determinations. Finally, Section VII contains the non-discrimination certification each juror must read and sign. You are each required to sign the Special Verdict Form.

Once you have finished your deliberations and filled in, signed, and dated the Special Verdict Form, you will advise the Court that you have reached a verdict.

## Defendant's Proposed Instruction No. 15

## Concluding Instruction

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, like your phones, computers, or on the Internet, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message or question, you should not tell me any details of your deliberations or the breakdown of any votes you may have conducted.

Let me remind you again that nothing that I have said in these instructions, and nothing that I have said or done during either phase of the trial, has been said or done to suggest to you what I think your decisions should be. The decisions are your

exclusive responsibility.

You may now retire to begin your deliberations.

UNITED STATES DISTRICT
COURT CENTRAL DISTRICT OF
ILLINOIS URBANA DIVISION

UNITED STATES OF AMERICA,          )
                                                        )
            Plaintiff,                            )
                                                        )
vs.                                                  )          Case No. 17-20037
                                                        )
BRENDT A. CHRISTENSEN,          )
                                                        )
            Defendant.                         )

## SPECIAL VERDICT FORM

### SECTION I. AGE OF DEFENDANT

Do you, the jury, unanimously find that the Government proved, beyond a

reasonable doubt, that the defendant BRENDT A. CHRISTENSEN was at least eighteen

(18) years of age on June 9, 2017?

YES_____          NO _____

*Instructions:* If you answered "NO" in Section I, then stop your deliberations on

this count and proceed to Section VII. Each juror should carefully read the statement in

Section VII, and sign in the appropriate place if the statement accurately reflects the

manner in which he or she reached his or her decision.

If you answered "YES" then proceed to Section II which follows.

## SECTION II. REQUISITE MENTAL STATE

*Instructions:* Answer the following questions by marking the line next to the appropriate answer, "YES" or "NO," to indicate the jury's finding. Each affirmative finding must be unanimous.

### A.    First Threshold Intent Factor

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN intentionally killed Yingying Zhang?

YES_____        NO _____

### B.    Second Threshold Intent Factor

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN intentionally inflicted serious bodily injury which resulted in the death of Yingying Zhang?

YES_____        NO _____

### C.    Third Threshold Intent Factor

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and that Yingying Zhang died as a direct result of the act?

YES_____        NO _____

**D.** **Fourth Threshold Intent Factor**

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and that Yingying Zhang died as a direct result of the act?

YES_____     NO _____

*Instructions:* If you answered "NO" to **all** of the applicable Threshold Intent Factors, then stop your deliberations on this count and proceed to Section VII. Each juror should carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision.

If you indicated that the United States has established **at least** one of the Threshold Intent Factors in this Section II, subsections A, B, C, or D, proceed to Section III which follows.

## SECTION III. STATUTORY AGGRAVATING FACTORS

*Instructions:* Answer the following questions by marking the line next to the appropriate answer, "YES" or "NO," to indicate the jury's finding. An affirmative finding must be unanimous.

### A.      Death Occurred During Commission of a Kidnapping

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that Yingying Zhang's death occurred during the commission of a kidnapping in violation of Title 18 U.S.C. §1201?

YES_____      NO _____

### B.      Heinous, Cruel, or Depraved Manner of Committing the Offense

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Yingying Zhang.

YES_____      NO _____

### C.      Substantial Planning and Deliberation

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant committed the offense after substantial planning and premeditation to cause the death of Yingying Zhang.

YES_____      NO _____

*Instructions:* If you answered "NO" to all three of the Statutory Aggravating Factors in this Section III, then stop your deliberations and proceed to Section VII of this Form. Each juror should then carefully read the statement in Section VII, and sign in the appropriate place if the statement accurately reflects the manner in which he or she reached his or her decision.

If you answered "YES" (1) that  the defendant BRENDT A. CHRISTENSEN was at least eighteen (18) years of age on the date of the alleged offense, **and** (2) that at least one of the Threshold Intent Factors in Section II existed, **and** (3) that at least one of the Statutory Aggravating Factor in this Section III existed, proceed to Section IV, which follows.

## SECTION IV. NON STATUTORY AGGRAVATING FACTORS

*Instructions:* Answer the following questions by marking the line next to the appropriate answer, "YES" or "NO," to indicate the jury's finding. In order to answer "YES" you must be unanimous.

### A.     Victim Impact Evidence

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN caused injury, harm, and loss to Yingying Zhang, and loss to her family, friends, and co-workers as evidenced by Yingying Zhang's personal characteristics and by the impact of her death upon her family, friends and co-workers?

YES_____     NO _____

### B.     Future Dangerousness of the Defendant

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by his demonstrated lack of remorse for his acts of violence; his serious acts of violence, his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detecting?

YES_____     NO _____

**C.      Lack of Remorse**

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN has demonstrated, by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Yingying Zhang?

YES_____      NO _____

**D.      Other Serious Acts of Violence**

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant BRENDT A. CHRISTENSEN committed other serious acts of violence including, at least, in or about 2013, he choked and sexually assaulted M.D. in the Central District of Illinois?

YES_____      NO _____

**E.      Vulnerability of Victim**

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the victim, Yingying Zhang, was particularly vulnerable due to her small stature and limited ability to communicate in English?

YES_____      NO _____

F.      **Vulnerability of Victim**

Do you, the jury, unanimously find that the Government proved, beyond a reasonable doubt, that the defendant, BRENDT A. CHRISTENSEN, attempted to obstruct the investigation of the offense by, at least, making false statements to investigators, destroying or concealing evidence the victim's remains, and sanitizing the crime scene.

YES_____      NO _____

*Instructions:* Regardless of whether you found that the Government has established any of the Non-Statutory Aggravating Factors in this Section IV, proceed to Section V, which follows.

## SECTION V. MITIGATING FACTORS

*Instructions:* For each of the following Mitigating Factors, indicate in the space provided the number of jurors who find the existence of that Mitigating Factor to be proved by a preponderance of the evidence.

Unlike for Aggravating Factors, your vote with respect to a Mitigating Factor **need not** be unanimous. A finding with respect to a Mitigating Factor may be made by **one (1)** or more of the members of the jury. Any juror persuaded of the existence of a Mitigating Factor must consider it in this case, regardless of the number of other jurors who agree the factor has been established. Further, any juror may weigh a Mitigating Factor found by another juror, even if he or she did not also find that factor to exist or to be mitigating.

## MITIGATING FACTORS

**A.**    (Pursuant to this Court's Order of May 13, 2019, Notice of all Mitigating Factors will be filed and submitted by defense counsel within 24 hours of the jury's return of a verdict of guilty as to Count 1 of the superseding indictment).

Number of jurors who so find            _____

## ADDITIONAL MITIGATING FACTORS

Write in any Additional Mitigating Factors determined by **any one (1) or more members** of the jury, and indicate the number of jurors who find the existence of that Mitigating Factor to be proved by a preponderance of the evidence. If your answer is none, then write "NONE." If extra space is needed, write "CONTINUED" and use the reverse side of this page for extra space.

**A.**     _____

_____

_____

_____

Number of jurors who so find                    _____

**B.**     _____

_____

_____

_____

Number of jurors who so find                    _____

**C.** _____

_____

_____

_____

Number of jurors who so find       _____

**D.** _____

_____

_____

_____

Number of jurors who so find       _____

**E.** _____

_____

_____

_____

Number of jurors who so find       _____

*Instructions:* Regardless of the jury's determinations with respect to the existence

of any Mitigating Factors in this Section V, proceed to Section VI.

## SECTION VI. DETERMINATION OF SENTENCE

*Instructions:* Consider whether the Aggravating Factor or Factors found to exist sufficiently outweigh any Mitigating Factor or Factors found to exist, or in the absence of any Mitigating Factors, whether the Aggravating Factor or Factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case. A sentence of death shall only be imposed if your decision in favor of it is **<u>unanimous.</u>** Based upon that consideration, answer the following question:

Do you, the jury, **<u>unanimously</u>** find that a sentence of death shall be imposed on the defendant BRENDT A. CHRISTENSEN as punishment for the offense of kidnapping resulting in the death of Yingying Zhang?

YES_____      NO _____

**Note:** If you cannot unanimously agree that a sentence of death should be imposed, you should answer the above question "No," and the Court will sentence Mr. Christensen to a life sentence without the possibility of release for the offense of kidnapping resulting in death of Yingying Zhang.

After answering the above question, each juror should sign his or her name below, and the date should be filled in. Once each juror has signed proceed to Section VII of this Special Verdict Form.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                     FOREPERSON


Date:_____

## VII. CERTIFICATION

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or any victim was not involved in reaching his or her individual decision, and that the individual juror would have made the same recommendation regarding a sentence for the crime or crimes in question regardless of the race, color, religious beliefs, national origin, or sex of the defendant, or the victims.

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____
                                              FOREPERSON

Date:_____

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial

Attorney James B. Nelson. A copy was also mailed to the defendant.

<div style="margin-left:40%">

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

</div>