UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S SUPPLEMENTAL PROPOSED PENALTY PHASE
INSTRUCTION No. 16 AND MEMO OF LAW IN SUPPORT

Now comes the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and submits the attached supplemental proposed penalty phase jury instruction No. 16 concerning mercy as a proper consideration for the jury in determining whether to vote for or against the death penalty at the penalty phase of this case.

Defendant's supplemental instruction No. 16 reads as follows:

> Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. Remember that before a sentence of death can be imposed, all twelve jurors must agree that death is in fact the appropriate sentence, but that no juror is ever required by the law to impose a death sentence. The decision is yours as individuals to make. You may decline to impose a death sentence because of mercy or for any other mitigating factor or factors that you find exists from your consideration of all of the evidence in the case and from your deliberations with your fellow jurors. It is an individual and personal decision that is each juror's alone. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case.

In *Gregg v. Georgia*, 428 U.S. 153 (1976) the Supreme Court reinstated the death

1

penalty in the United States and held Georgia's death penalty statute constitutional, based upon several factors, one of which included that the statute had an express provision to allow for mercy. That mercy is not a separate mitigating factor alone but should be allowed to be considered even in the absence of any mitigating factors is evident by the precise language in *Gregg:* "The jury is not required to find any mitigating circumstance in order to make a recommendation of mercy that is binding on the trial court." *Id.* at 197.

The Ninth Circuit has similarly stressed the constitutional importance of allowing the jury to consider mercy. *See Deutscher v. Whitley*, 884 F.2d 1152, 1161 (9th Cir. 1989) "Although we do not presume prejudice in a case such as this, we must be especially cautious in protecting a defendant's right to effective counsel at a capital sentencing hearing. The Constitution prohibits imposition of the death penalty without adequate consideration of factors which might evoke mercy." *Id.* at 1161. *See also Hendricks v. Calderon*, 70 F.3d 1032 (9th Cir. 1995) (citing *Deutschler*, and a case in which all counsel did was argue mercy and did not argue any mitigating factors). *See also California v. Brown*, 479 U.S. 538, 554 (1987) ("Consideration of such evidence is a `constitutionally indispensable part of the process of inflicting the penalty of death.'" (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976) (plurality)). The Supreme Court has consistently held that "the sentencer may not refuse to consider or be precluded from considering `any relevant mitigating evidence.'" *Skipper v. South Carolina*, 476 U.S. 1 (1986) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 114 (1982)). *See also Hitchcock v. Dugger*, 481 U.S. 393, 398-99 (1987).

Citing *Woodson*, the late Justice Scalia acknowledged that the Supreme Court's

jurisprudence required mercy as a necessary consideration for a capital jury in *Morgan v. Illinois*, 504 U.S. 719 (1992). There, Justice Scalia, in dissent, lamented the state of the law, but acknowledged it nonetheless: "Sixteen years ago, this Court decreed -- by a sheer act of will, with no pretense of foundation in constitutional text or American tradition -- that the People (as in We, the People) cannot decree the death penalty, absolutely and categorically, for any criminal act, even (presumably) genocide; the jury must always be given the option of extending mercy." (citing *Woodson*, 428 U.S. at 303-305).

Years later, writing for a majority of the Court, Justice Scalia described the consideration of mitigation as an inherently individual value call: "Whether mitigation exists, however, is largely a judgment call (or perhaps a value call); what one juror might consider mitigating another might not. And of course the ultimate question whether mitigating circumstances outweigh aggravating circumstances is mostly a question of mercy—the quality of which, as we know, is not strained." *Kansas v. Carr*, 577 U.S. ___, 136 S.Ct. 633, 642 (2016)(emphasis added).

Other cases have also recognized the importance of mercy in a capital case. *See Nelson v. Nagle*, 995 F.2d 1549 (11th Cir. 1993) (granting relief because prosecution's reading during closing sentencing argument of portion of state case discouraging mercy rendered penalty phase of trial fundamentally unfair); *Wilson v. Kemp*, 777 F.2d 621, 624 (11th Cir. 1985) (prosecutor's suggestion "that a sense of mercy should not dissuade one from punishing criminals to the maximum extent possible ... is fundamentally opposed to current death penalty jurisprudence"); *Drake v. Kemp*, 762 F.2d 1449, 1460 (11th Cir. 1985) ("the suggestion that mercy is inappropriate was not only a misrepresentation of the law, but it withdrew from the jury one of the most central sentencing considerations, the one

most likely to tilt the decision in favor of life"); *Buttrum v. Black*, 721 F. Supp. 1268, 1318 (N.D. Ga. 1989), aff'd, 908 F.2d 695 (11th Cir. 1990) (reversible error where jury led to believe "that the concept of mercy--the most significant factor which might point toward a choice of life imprisonment--is illegitimate").

And finally, even the Government's primary case for opposing a "mercy" instruction in this case, *United States v. Caro*, 483 F.Supp.2d 513, 518 (W.D. Va. 2007); *aff'd*, 597 F.3d 608 (4th Cir. 2010), notes that "the FDPA does not preclude the jury from considering mercy when weighing the aggravating and mitigating factors. 'The FDPA merely precludes the jurors from arbitrarily disregarding its unanimous determination that a sentence of death is justified.'" (quoting *United States v. Allen*, 247 F.3d 741, 781 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953; and citing *Johnson v. Texas*, 509 U.S. 350, 371-72 (1993).

Therefore, for all the forgoing reasons, this Court should adopt the language proposed by the defense in attached supplemental penalty phase instruction No. 16 and allow the jury to consider mercy in determining whether to vote for or against the death penalty at the penalty phase of this case.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.c

5

**Defendant's Proposed Instruction No. 16**
**Mercy**

Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. Remember that before a sentence of death can be imposed, all twelve jurors must agree that death is in fact the appropriate sentence, but that no juror is ever required by the law to impose a death sentence. The decision is yours as individuals to make. You may decline to impose a death sentence because of mercy or for any other mitigating factor that you find exists from your consideration of all of the evidence in the case and from your deliberations with your fellow jurors. It is an individual and personal decision that is each juror's alone. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case.

CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org