IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S PROPOSED**
**<u>GENERAL VOIR DIRE QUESTIONS</u>**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully files its proposed questions for general *voir dire* according to the Court's Order (R.342). The United States anticipates that the Court will follow its typical voir dire questioning process, and proposes these additional questions to aid in death-qualifying and life-qualifying the prospective jurors. Per the Court's order, the United

States will submit proposed questions for the individual *voir dire* of the first 64 potential jurors under separate cover.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                                          s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov

1. <u>Demonstrative Exhibit</u> – This trial will proceed in two stages, because the death penalty is a potential punishment for Count One of the Indictment.

    a. The first stage, known as the "guilt phase," is no different than any other criminal case – the jury hears evidence and I will give the jury instructions on the law to apply to the evidence. The jury will be asked to unanimously determine whether the defendant is guilty or not guilty of the charges. To find the defendant guilty, the jury must be convinced beyond a reasonable doubt that the Government has proved certain essential elements of each crime charged.

    b. If, after the guilt phase, the jury finds the defendant guilty of Count One, then there will be a second phase known as the "penalty phase." At the penalty phase, the jury will be asked to make several determinations.

        i. First, the jury will unanimously determine whether the defendant is eligible for the death penalty. This requires the Government to prove beyond a reasonable doubt that: the defendant was over 18 when he committed the crime, the defendant acted with at least one threshold intent factor, and at least one statutory aggravating factor exists.

        ii. If the Government proves that the defendant is eligible for the death penalty, then the jury next determines whether certain non-statutory aggravating factors were proved by the Government beyond a reasonable doubt. The jury will also consider whether certain mitigating factors were proven by the defendant by a preponderance of the evidence.

            1. Aggravating factors are factors that would tend to support imposition of the death penalty, and the law requires that aggravating factors must be found unanimously by the jury.

            2. Mitigating factors are factors about the character and record of the defendant and any circumstance of the crime that would tend to support imposition of a sentence of life imprisonment without the possibility of parole. Mitigating factors may be found by any number of jurors.

      iii. Lastly, the jury will engage in a process of weighing the aggravating factors against the mitigating factors and determining whether the aggravating factors sufficiently outweigh the mitigating factors, such that a sentence of death is justified. The weighing process requires the jurors to consider the magnitude and importance of the aggravating and mitigating factors, not just the number of either factor.

      iv. If the jury unanimously agrees that the aggravating factors sufficiently outweigh the mitigating factors to justify a sentence of death, then the jury shall return a verdict of death. If the jury does not make that finding, then the jury shall return a verdict of life imprisonment without the possibility of parole.

2. Considering both the guilt phase and the penalty phase, trial in this case is expected to last at least 4-5 weeks. We will work Monday through Friday, from 9am to 5pm. The jury will not be sequestered.

   a. Does anyone have any pre-planned travel that cannot be canceled or postponed during the next 4-5 weeks?

   b. Is there anyone who would be unable to serve as a juror in this case given the time period that the trial might cover?

3. Has anyone heard, seen, or read anything about this case in the news or other media? IF YES:

   a. As a result of that exposure, have you formed an opinion about the guilt of the defendant or the appropriate punishment if he is found guilty?

   b. Are you able to set aside that opinion and decide this case based solely on the evidence and the instructions that I will give you?

4. Because of the nature of this case, there will be specific instructions that you'll have to follow with regard to your deliberations. Is there anyone who would have difficulty following the court's instructions regarding deliberations?

5. How many of you believe that the questionnaire might not have accurately captured your opinion on the death penalty?

6. Is there anyone here who has a personal, moral, philosophical, or other objection to the death penalty in general?

7. Is there anyone here whose religious beliefs or practices would make it difficult to impose the death penalty?

8. Is there anyone who is opposed to the death penalty for any reason?  IF YES:

    a. How strong is your opposition to the death penalty?

    b. If selected as a juror, your first task in this case will be to determine guilt. Knowing that the law provides for the possibility of a death sentence if the defendant is found guilty of Count One, would that have any effect on your fairness and impartiality in the guilt phase?

    c. If you were on this jury, and the jury found the defendant guilty of Count One, do you think that your views on the death penalty would prevent you from considering the evidence of aggravating factors and mitigating factors with an open mind about the outcome – even knowing that the defendant might be sentenced to death?

9. Is there anyone who is strongly in favor of the death penalty?  IF YES:

    a. Do you feel that the death penalty should always be applied when someone is found guilty of murdering or killing another person?

    b. Do you think that you can consider all of the evidence, all of the aggravating factors and mitigating factors, and determine them according to the court's instructions and then weigh the ones you find with an open mind about the result?

    c. If you were on this jury and the jury found the defendant guilty of Count One, do you think that your views on the death penalty would prevent you from considering the evidence of aggravating factors and mitigating factors with an open mind about the outcome, regardless of what the evidence would be?

10. How many of you believe that life in prison is worse than the death penalty?

11. In the guilt phase, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Would you require the Government to meet a higher burden of proof, simply because death is a possible punishment?

12. Is there anyone who would only consider imposing the death penalty in certain special circumstances?

    a. Would you automatically vote against the death penalty if those circumstances were not present?

    b. Could you fairly consider the option of the death penalty only if those circumstances were present?

13. There are some people who might believe in the death penalty, generally, but just don't think they could live with themselves if they personally voted to impose the death penalty in a real case. Does anyone on the panel feel that way?

14. Another concern that some people have is the notion that our system is not perfect and there will always be the possibility of a mistake.

    a. Is there anyone who feels that the mere possibility of a mistake, regardless of the evidence, would prevent you from voting for the death penalty?

    b. Is there anyone who would consider voting for the death penalty only if the evidence proved the defendant guilty beyond all possible doubt?

15. You will hear evidence that the victim in this case was a Chinese citizen who was a visiting scholar at the University of Illinois. Is there anyone who would be affected in any way by the fact that the victim was Chinese, or was not a United States citizen?

16. Is there anyone who could not consider the death penalty as a possibility because of the impact that sentence would have on the defendant's family members?

17. During the course of considering my questions, has anyone changed their mind about their answers – either the answers you've given to me today, or the answers you wrote down on your questionnaire?

18. Does anyone on the panel have a private issue that you need to discuss individually with the Court?

* * * * *