IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S PROPOSED INDIVIDUAL VOIR DIRE
QUESTIONS FOR THE FIRST 64 PROSPECTIVE JURORS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully files its proposed questions for individual *voir dire* of the first 64 prospective jurors according to the Court's Order (R.342). Pursuant to the Court's Order, the United States proposes the following questions be asked by the Court during individual voir dire.

1. Juror 100384674

    a. In response to Question 193, you state that you could not vote for the death penalty. Is that still true that you could not vote for the death penalty?

    b. In response to Question 188 you state that "it would weigh" on your heart if the defendant was found guilty and you were required to determine whether the defendant should be sentenced to death. Does that mean that you could not vote for the death penalty?

    c. In response to Question 215, you state that "the punishment" affects your impartiality. Would the fact that the defendant could potentially be

1

sentenced to death affect your ability to serve as a fair and impartial juror in this case?

d. In response to Question 205, you state that your husband and mother would likely be disappointed in you if you voted for the death penalty. Would this affect your ability to fairly and impartially consider a sentence of death?

e. In response to Question 163, you indicate that you have discussed this case with your friends. Have you already concluded that the defendant asked for help in this case but didn't get it? If so, would that impact your ability to fairly and impartially consider the issues of guilt and punishment in this case?

f. In response to Question 207, you state that the defendant is probably guilty and should spend the rest of his life in prison. Have you already made up your mind with regard to guilt and punishment in this case?

g. Based on your answers, it sounds like you would have a difficult time voting to impose the death penalty even if the evidence supported it. Is that true?

2. Juror 100384856

a. In response to several questions, you stated that the death penalty is illegal in the State of Illinois. Do you understand that this is a federal case subject to federal law, which allows for the death penalty?

b. Would you find it difficult to follow the Court's instructions to fairly apply federal death penalty law since it is different than Illinois law?

c. You did not answer several questions regarding the death penalty in your questionnaire. What are your personal feelings with regard to the death penalty? Are you able to impartially consider the possibility of voting to sentence the defendant to death based on the evidence presented at trial despite Illinois not having the death penalty?

3. Juror 100384905

a. In response to Questions 192 and 193, you stated that you could not vote for either a sentence of life imprisonment or a sentence of death if the facts supported either. Could you explain your answers?

4. <u>Juror 100384969</u>

   a. In response to Question 190, you stated that you would automatically vote for the death penalty, but in response to Question 192, you stated that you could vote for a sentence of life imprisonment if the facts supported it. Are you able to fairly and impartially vote for a sentence in this case that is supported by the evidence presented at trial?

5. <u>Juror 100384978</u>

   a. In response to Question 198, you state that your religion would make it difficult for you to be fair and that you could not support the death penalty without "100% solid proof." Does this mean that you could only support the death penalty if you were convinced of the defendant's guilt beyond all doubt?

   b. In response to Question 188, you state that, before you could vote for the death penalty, you would need to be shown that the person would commit the crime again if given the opportunity. Does that mean you would not vote for the death penalty unless the evidence shows that the person would commit the crime again, regardless of any other aggravating factors?

   c. In response to Question 197, you note that "God will judge us in the end." Would that belief affect whether you would be able to vote in favor of the death penalty in this case? How so?

6. <u>Juror 100384988</u>.

   a. No Questions.

7. <u>Juror 100385007</u>

   a. In response to Questions 16 and 218, you note that you have chronic kidney disease and you also have a potential financial hardship. Would those issues make it difficult for you to give this case your full attention for four to eight weeks?

   b. In response to Question 77, you state that you have a "hard time to understand the death penalty." Can you explain that answer?

   c. In response to Questions 188 and 194, you said that the death penalty should be limited to cases that are "extreme, gruesome, unusual where the defendant shows a total disdain for life and no remorse" and "creates followers who

   also pose danger to the society." Does that mean you would not vote for the death penalty unless the evidence shows that the person created dangerous followers?

8. Juror 100385051

   a. In response to Question 188, you stated that you hate the idea of death for anyone and you have never thought about the death penalty. Would your feelings about death affect your ability to impartially consider the possibility of voting to sentence the defendant to death based on the evidence presented at trial?

   b. In response to Question 194, you state that the death penalty is appropriate if the person cannot be rehabilitated. Does that mean you would not vote for the death penalty unless the evidence shows that the defendant cannot be rehabilitated?

9. Juror 100385055

   a. In response to Question 188, you note that you would oppose the death penalty unless there was overwhelming proof – such as a video of a heinous crime. Would you be able to impartially consider the possibility of voting to sentence the defendant to death based on the evidence presented at trial – even if that evidence did not include video of a heinous crime?

   b. Would you be able to consider voting for the death penalty based on evidence that was proven to you beyond a reasonable doubt, even if it was not what you consider "overwhelming proof?"

10. Juror 100385084

    a. No Questions.

11. Juror 100385090

    a. In response to Question 188, you state that you are not in favor of the death penalty. Would this make it difficult for you to fairly consider voting to impose the death penalty?

12. Juror 100385281

    a. No Questions

13. <u>Juror 100385651</u>

    a. In response to Question 193, you state that you could not vote for the death penalty. Is that still true that you could not vote for the death penalty?

    b. In response to Question 188, you note that the death penalty should be limited to mass killings. Does this mean you would not vote for the death penalty if there was only evidence of one killing presented?

    c. In response to Question 207, you state that you believe that the defendant is guilty. Have you already made up your mind as to the defendant's guilt in this case?

14. <u>Juror 100385737</u>

    a. No Questions.

15. <u>Juror 100385774</u>

    a. You left several questions about the death penalty blank, including Questions 188, 194, 195, 196, and 197. What is your opinion on the death penalty?

16. <u>Juror 100385777</u>

    a. In response to Question 197, you state that "as a Catholic, we are taught that the taking of a human life is wrong." Would you view voting for the death penalty equivalent to taking a human life?

    b. If so, do you believe you could vote for the death penalty even though the Catholic church has taught that the death penalty is wrong?

17. <u>Juror 100385820</u>

    a. In response to Question 189, you state that your opposition to the death penalty will make it difficult for you to fairly perform jury duty in this case. Is it still true that your opposition to the death penalty would make it difficult for you to fairly consider imposing it?

    b. In response to Question 215, you state that any decisions made in a case like this would truly make you uncomfortable. Is this still true?

    c. In response to Question 198, you state that your religious beliefs would make it difficult for you to be fair in this case. Is this still true?

    d. In response to Question 211, you state that you have some reservations about avoiding and being able to dismiss anything you hear about the case in the media. Would you find it difficult to follow the Court's instructions on that issue?

    e. In response to Question 16, you note that you have some hearing and vision issues. Would those issues affect your ability to understand and comprehend the evidence in this case?

18. Juror 100385844

    a. No Questions.

19. Juror 100385866

    a. In response to Question 197, you note that "Only God has the right to take a life." Would you view voting for the death penalty equivalent to taking a human life?

    b. If so, would that view affect whether you would be able to vote in favor of the death penalty in this case?

20. Juror 100385879

    a. In response to Question 148, you state that capital punishment is "harsh," and you're not sure how you feel about it. Would your view that the death penalty is harsh make it difficult for you to fairly consider voting for it?

21. Juror 100386087

    a. No Questions.

22. Juror 100386258

    a. No Questions.

23. Juror 100386319

    a. No Questions.

24. <u>Juror 100386381</u>

    a. No Questions.

25. <u>Juror 100386432</u>

    a. In response to Question 193, you state that you could not vote for the death penalty. Is that still true that you could not vote for the death penalty?

    b. In response to Question 191, you state that you would automatically vote against the death penalty. Is this still true?

    c. In response to Question 188, you state that you don't believe killing someone is the answer. Do you believe that voting for the death penalty would be equivalent to killing someone?

    i. If so, do you believe you could vote for the death penalty even though you don't believe killing someone is the answer?

    d. In response to Questions 197 and 198, you state your religious beliefs would make it difficult for you to be fair in this case and that it would be hard to sentence someone to death. Would your religious beliefs prevent you from voting for the death penalty?

    e. In response to Question 159, you state that you believe the defendant needs to defend his innocence and that you can't follow the court's instruction about his right not to testify. Would you hold it against the defendant if he didn't defend himself on the stand?

26. <u>Juror 100386453</u>

    a. You left blank Question 193, which asked if you vote for the death penalty. If the defendant is found guilty of a capital count and the evidence and aggravating factors convince you the death penalty is the appropriate sentence, could you vote for it?

    b. In response to Questions 188 and 189, you state that it would be hard to take someone else's life and your opposition to the death penalty would make it difficult for you to be fair. Is this still true?

    c. In response to Questions 197 and 198, you state that your religion teaches that "thou shalt not kill" and that your religious beliefs would make it difficult for

you to be fair in this case? Do you believe voting for the death penalty is equivalent to killing?

   i. If so, do you believe you could vote for the death penalty even though it violates you religious teaching?

d. In response to Question 99, you state that your grandson was told to plead guilty even though he was innocent, and in response to Question 80, you state that the criminal justice system makes mistakes. Would those views make it difficult for you to impose the death penalty in this case?

e. In response to Question 80, you expressed your view that the prosecution of Aaron Schock was a "political witch hunt." Would this view bias you against the U.S. Attorney's Office that prosecuted him?

f. In response to Question 207, you state that you already believe the defendant is guilty. Have you already determined that the defendant is guilty in this case?

27. Juror 100386456

   a. No Questions.

28. Juror 100386570

   a. In response to Question 188, you say the death penalty should only be applied in extreme cases. What does "extreme cases" mean?

      i. If you decide this isn't an extreme case, but the evidence supports the death penalty, could you vote to impose the death penalty on this defendant?

   b. In response to Question 197, you state that your religious background teaches against the death penalty. How, if at all, would that religious teaching affect your thinking or decision-making if you served as a juror in this case?

29. Juror 100386877

   a. No Questions.

30. Juror 100386980

    a. In response to Questions 159 and 160, you state that you understand that a defendant has the right not to testify because "people get nervous and could be moved to say something they didn't mean." Could you please explain this?

    b. You left Question 188 blank. Could you please describe your views about the death penalty in your own words?

31. Juror 100386997

    a. No Questions.

32. Juror 100387000

    a. No Questions.

33. Juror 100387022

    a. In response to Question 197, you state that your religion teaches that the death penalty is wrong. Do you believe you could vote for the death penalty even though your religion teaches that the death penalty is wrong?

34. Juror 100387104

    a. In response to Questions 188, you state that you support the death penalty for seriously deranged individuals who commit mass murder and serial killers. Would the fact that the defendant is only charged in this case with a single murder prevent you from considering the death penalty as a punishment, regardless of the other evidence presented?

    b. In response to Question 194, you say that there should be no doubt about guilt before you impose the death penalty. Would you be able to consider voting for the death penalty based on evidence that was proven to you beyond a reasonable doubt, even if it was not what you consider "no doubt"?

35. Juror 100387176

    a. In response to Question 193, you state that you could not vote for the death penalty. Is that still true that you could not vote for the death penalty?

    b.   In response to Question 194, you state that you cannot support taking part in determining whether a person should deny in regards to a penalty. Is this still true?

    c.   In response to Question 188, you state that you do not want to determine who lives and who dies. Does this mean that you could not vote for the death penalty?

    d.   In response to Question 197, you state that you don't want to live the rest of your life knowing you helped determine someone's fate. Does this mean that you could not vote for the death penalty?

36. Juror 100387182

    a.   No Questions.

37. Juror 100387232

    a.   In response to Question 148, you state that the cost of implementing capital punishment is "not needed." Could you please explain your response?

38. Juror 100387236

    a.   No Questions.

39. Juror 100387246

    a.   No Questions.

40. Juror 100387302

    a.   No Questions.

41. Juror 100387392

    a.   In response to Question 198, which asks about whether your religion would make it difficult to be a fair and impartial juror, you indicated that you were "not in the job of taking lives." Does this mean you would find it difficult to vote for the death penalty?

    b.   In response to Question 200, you indicated that you feel sorry for Ted Bundy's family because he received the death penalty. Would sympathy for

    the defendant's family make it difficult for you to vote for the death penalty in this case?

  c.  In response to Question 215, you stated that your work and childcare may affect your impartiality. Is this still true, and if so, how would it affect your impartiality?

  d.  In response to Question 147, you state that you believe life in prison is worse than the death penalty. Does this mean that no matter the circumstances, you would vote for life imprisonment rather than the death penalty?

42. Juror 100387419

  a.  No Questions.

43. Juror 100387481

  a.  No Questions.

44. Juror 100387560

  a.  No Questions.

45. Juror 100387602

  a.  No Questions.

46. Juror 100387603

  a.  In response to Question 188 about your views on the death penalty, you state that "all walks of life are important" and that the death penalty shouldn't be the first option. If the defendant is found guilty, the jury will only have two options, either life imprisonment or death. Does you view mean that you would always choose life imprisonment over the death penalty?

  b.  In response to Question 194, you state that the death penalty should be reserved for people who have no intention of changing their unjustifiable habits.

      i.  In your mind, does the government have to prove to you that the defendant will not change his unjustifiable habits before you would consider voting for the death penalty?

    ii.    Would you be able to consider voting for the death penalty even if that weren't proven?

47. Juror 100387720

    a.    In response to Question 191, you stated that you would automatically vote against the death penalty. Is this still true?

    b.    In response to Question 188, you stated that you would have a hard time saying someone should receive the death penalty. Does this mean that you could not vote for the death penalty?

    c.    In response to Question 222, you also indicated that you are responsible for taking care of your grandson. Would serving as a juror for an extended period of time present a hardship for you and your family?

48. Juror 100387821

    a.    No Questions.

49. Juror 100387953

    a.    No Questions.

50. Juror 100388011

    a.    No Questions.

51. Juror 100388061

    a.    In response to Question 188, you state that you are "very very very reluctant" to impose the death penalty because innocent people have been convicted and sentenced to death. Would this view make it difficult for you to fairly consider imposing the death penalty?

        i.    Is there a circumstance where you could see yourself voting to impose the death penalty?

        ii.    Would you be able to consider voting for the death penalty based on evidence that was proven to you beyond a reasonable doubt or would you require a higher standard?

    b.    In response to Question 16, you state that your depression would affect your jury service. Would it make it difficult for you to be fair and impartial?

    c.    In response to Question 221, you state that you are currently involved in a custody case with your ex-husband. Is that something that would make it difficult for you to focus as a juror?

52. Juror 100388251

    a.    No Questions.

53. Juror 100388370

    a.    In response to Questions 100 and 101, you stated that sometimes people face a decision to plead guilty to avoid the risk of a harsh penalty. How would that opinion affect your service on this jury?

54. Juror 100388372

    a.    In response to Question 194, you state that you believe there is no purpose to the death penalty. Is this still true, and could you vote to impose a penalty that has no purpose?

    b.    In response to Question 181, you note that you are opposed to the death penalty and would have a difficult time imposing it. Does that mean that you would not vote for the death penalty?

    c.    In response to Question 191, you initially checked the box stating that you would automatically vote against the death penalty, regardless of the facts and aggravating evidence. You crossed that out and then checked "no." Which answer correctly reflects your opinion?

    d.    In response to Question 157 about whether you can follow the Court's instruction that an indictment is not proof of guilt, you checked both "yes" and "no." Which answer correctly reflects your opinion?

55. Juror 100388555

    a.    No Questions.

56. Juror 100388587

    a.    No Questions.

57. Juror 100388681

    a.   No Questions.

58. Juror 100388721

    a.   No Questions.

59. Juror 100388758

    a.   In response to Question 188, you suggest that there is sometimes a shadow of a doubt that would prevent you from imposing the death penalty. Would you be able to vote for the death penalty based on evidence that was proven to you beyond a reasonable doubt, even if it was not what you consider beyond a shadow of a doubt?

60. Juror 100388775

    a.   In response to Question 193, you state that you could not vote for the death penalty. Is this still true?

    b.   In response to Question 215, you state that the length of the trial would affect your impartiality. Would you be able to serve as a fair and impartial juror, given that this trial may last 4 to 8 weeks?

61. Juror 100389050

    a.   No Questions.

62. Juror 100389058

    a.   In response to Question 188, you state that the death penalty would not be your first choice. If the defendant is found guilty, the jury will only have two choices, either life imprisonment or death. Does you view mean that you would always choose life imprisonment over the death penalty?

    b.   In response to Question 194, you state that the purpose served by the death penalty is if the defendant presents a future danger. Would you be able to vote for the death penalty if the evidence did not show that the defendant presented a future danger?

63. <u>Juror 100389150</u>

    a.  No Questions.

64. <u>Juror 100389297</u>

    a.  In response to Question 193, you state that you could not vote for the death penalty. Is this still true?

    b.  In response to Questions 188 and 218, you state that you do not know if you believe in the death penalty. Does this mean that you could not vote for the death penalty?


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

<u>s/Eugene L. Miller</u>  
Eugene L. Miller  
Assistant United States Attorney  
201 S. Vine St., Suite 226  
Urbana, IL 61802  
Phone: 217/373-5875  
Fax: 217/373-5891  
eugene.miller@usdoj.gov  

<u>s/ James B. Nelson</u>  
James B. Nelson  
Trial Attorney  
Capital Case Section  
United States Department of Justice  
1331 F. Street NW, Room 625  
Washington, DC  20004  
Phone: 202/598-2972  
james.nelson@usdoj.gov  

<u>s/Bryan D. Freres</u>  
Bryan D. Freres, Bar No. IL 6294791  
Assistant United States Attorney  
201 S. Vine St., Suite 226  
Urbana, IL 61802  
Phone: 217/373-5875  
Fax: 217/373-5891  
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov
