E-FILED
Tuesday, 28 May, 2019  10:09:37 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S PROPOSED JURY INSTRUCTIONS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, hereby submits the attached proposed jury instructions in the above captioned case, specifically reserving the right to withdraw any instructions or submit any additional instructions required by circumstances occurring during the course of the trial.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*s/ Bryan Freres*
Bryan Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
Bryan.Freres@usdoj.gov

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Government Instruction No. 1

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 1.01

The charges against the defendant are in a document called a superseding indictment. You will have a copy of the superseding indictment during your deliberations.

The superseding indictment in this case charges that the defendant committed the crimes of kidnapping resulting in death, and two counts of making false statements to FBI agents. The defendant has pled not guilty to the charges.

The superseding indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Government Instruction No. 2

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 1.02

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Title 18, United States Code, |
| | ) | Sections 1001 & 1201(a)(1) |
| Defendant. | ) | |
| | ) | |

**S U P E R S E D I N G**
**I N D I C T M E N T**

**COUNT 1**
**(Kidnapping Resulting in Death)**

**THE GRAND JURY CHARGES:**

On or about June 9, 2017, in Champaign County, in the Central District of Illinois,

**BRENDT A. CHRISTENSEN,**

defendant herein, willfully and unlawfully seized, confined, inveigled, decoyed,

kidnapped, abducted, and carried away Yingying Zhang, and otherwise held her for his

own benefit and purpose, and used and caused to be used a means, facility, and

instrumentality of interstate commerce, namely, a Motorola cellular telephone and a

Saturn Astra motor vehicle, in committing and in furtherance of the commission of the

offense, which resulted in the death of Yingying Zhang.

In violation of Title 18, United States Code, Section 1201(a)(1).

4

## COUNT 2
**(False Statement)**

**THE GRAND JURY CHARGES**:

On or about June 12, 2017, in Champaign County, in the Central District of
Illinois,

**BRENDT A. CHRISTENSEN**,

defendant herein, willfully and knowingly made a materially false, fictitious, and
fraudulent statement and representation in a matter within the jurisdiction of the
executive branch of the Government of the United States, by stating to Federal Bureau
of Investigation ("FBI") Special Agents Joel Smith and Michael Carter that he stayed at
his apartment and slept and played video games all day on June 9, 2017,  when he knew
full well that he drove around the University of Illinois campus in the afternoon of June
9,2017, and picked up Yingying Zhang as she was waiting for a bus.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 3
**(False Statement)**

**THE GRAND JURY CHARGES**:

On or about June 15, 2017, in Champaign County, in the Central District of
Illinois,

**BRENDT A. CHRISTENSEN**,

defendant herein, willfully and knowingly made a materially false, fictitious, and
fraudulent statement and representation in a matter within the jurisdiction of the
executive branch of the Government of the United States, by stating to Federal Bureau

of Investigation ("FBI") Special Agent Anthony Manganaro that he dropped off an

Asian female in a residential area shortly after picking her up in his Saturn Astra on

June 9, 2017, when he knew full well that he did not drop the female off shortly after

picking her up, but instead, took her back to his apartment.

In violation of Title 18, United States Code, Section 1001(a)(2).

Superseding Indictment

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Government Instruction No. 3

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Government Instruction No. 4

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Government Instruction No. 5

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Government Instruction No. 6

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 2.03

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

Government Instruction No. 7

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

Government Instruction No. 8

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.01

It is proper for an attorney to interview any witness in preparation for trial.

Government Instruction No. 9

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.02

You have heard evidence that before the trial, the defendant made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

Government Instruction No. 10

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.04

You have heard testimony from witnesses who:

-        received or hoped to receive a benefit in return for his or her cooperation with the government;

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Government Instruction No. 11

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.05

You have heard testimony and received evidence that the defendant made statements to law enforcement officers. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

Government Instruction No. 12

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.09

You have heard testimony and evidence that the defendant expressed interest in serial killers, engaged in a BDSM relationship, kept graphic photographs of restrained women on his computer, attempted to arrange a consensual kidnapping via FetLife.com, and that his favorite book was *American Psycho*. Before using this evidence, you must decide whether it is more likely than not that the defendant expressed interest in serial killers, engaged in a BDSM relationship, kept graphic photographs of restrained women on his computer, attempted to arrange a consensual kidnapping via FetLife.com, and that his favorite book was *American Psycho*. If you decide that he did, then you may consider this evidence to help you decide the defendant's motive, intent, and plan for engaging in a kidnapping. You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for kidnapping resulting in death and making false statements to FBI agents, not for expressing interest in serial killers, engaging in a BDSM relationship, possessing graphic photographs, attempting to arrange a consensual kidnapping on FetLife.com, or having *American Psycho* as his favorite book.

You have heard testimony and evidence that the defendant posed as a police officer and attempted to lure E.H. into his car on the morning of June 9, 2017. Before using this evidence, you must decide whether it is more likely than not that the defendant posed as a police officer and attempted to lure E.H. into his car on the morning of June 9, 2017. If you decide that he did, then you may consider this evidence to help you decide the defendant's motive, intent, plan and identity for engaging in a kidnapping. You may not consider it for any other purpose. Keep in mind that the defendant is on trial here for kidnapping resulting in death and making false statements to FBI agents, not for posing as a police officer and attempting to lure E.H. into his car on the morning of June 9, 2017.

Government Instruction No. 13

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.11

You have heard testimony of an identification of a person. Identification testimony is an expression of the witness' belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

Government Instruction No. 14

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.12 (modified)

You have heard witnesses, namely, Amanda Bakker, William O'Sullivan, Greg Catey, and Jeremy Bruketta, who gave opinions and testimony about DNA and serology analysis and identification, computer forensics, phone location analysis, and cadaver dog handling. You do not have to accept these witnesses' opinions or testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how they reached their opinions and conclusions, and the factors I have described for determining the believability of testimony.

Government Instruction No. 15

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.13

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations on the recordings to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the court security officer, and I will provide you with the transcripts.

Government Instruction No. 16

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.14

Certain summaries were admitted in evidence. You may use those summaries as evidence even though the underlying documents or evidence are not here.

It is up to you to decide how much weight to give to the summaries.

Government Instruction No. 17

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.16

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Government Instruction No. 18

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.18

You have heard evidence obtained from the government's use of informants. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

Government Instruction No. 19

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 3.19

The indictment charges that the crimes happened "on or about" June 9, June 12, and June 15. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

Government Instruction No. 20

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 4.05

In deciding your verdict, you should not consider the possible punishment for the defendant at this time. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then the punishment will be considered at a later date and time through a different trial stage.

Government Instruction No. 21

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 4.08 (modified)

Count 1 of the superseding indictment charges the defendant with kidnapping resulting in death. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly and willfully seized, confined, inveigled, decoyed, kidnapped, abducted or carried away Yingying Zhang as charged;

2. The defendant otherwise held Yingying Zhang for his own benefit and purpose;

3. The defendant used any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

4. Yingying Zhang's death resulted.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Government Instruction No. 22

*United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003); 18 U.S.C. § 1201(a)(1), Kidnapping Resulting in Death – Elements

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Government Instruction No. 23

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 4.10

A motor vehicle is an instrumentality of interstate commerce. A cellular telephone is an instrumentality of interstate commerce.

Government Instruction No. 24

*United States v. Mandel*, 647 F.3d 710, 720-22 (7th Cir. 2011); *United States v. Richeson*, 338 F.3d 653, 660-61 (7th Cir. 2003)

Counts 2 and 3 of the superseding indictment charges the defendant with making a false statement. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.      The defendant made a statement; and

2.      The statement was false; and

3.      The statement was material; and

4.      The defendant acted knowingly and willfully; and

5.      The defendant made the statement in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Government Instruction No. 25

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.), at 272
18 U.S.C. § 1001; Making a False Statement or Representation – Elements

A statement is false if it was untrue when made.

Government Instruction No. 26

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.), at 276
18 U.S.C. § 1001; Definition of False, Fictitious

A statement is material if it is capable of influencing the actions of the body or agency, in this case the FBI. The government is not required to prove that the statement actually influenced the actions of the body or agency.

Government Instruction No. 27

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.), at 278
18 U.S.C. § 1001; Definition of Materiality

A person acts willfully if he acts voluntarily and intentionally, and with the intent to do something the law forbids.

Government Instruction No. 28

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.), at 279
18 U.S.C. § 1001; Definition of Willfully

The Federal Bureau of Investigation ("FBI") is a part of the executive branch of the government of the United States. Statements or representations concerning the investigation of Yingying Zhang's kidnapping are within the jurisdiction of that branch.

Government Instruction No. 29

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.), at 280
18 U.S.C. § 1001; Definition of Department or Agency

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Instagram, LinkedIn, YouTube, Twitter, Snapchat, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Government Instruction No. 30

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 7.01 (modified)

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, the clerk will read the verdict aloud.

Government Instruction No. 31

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Government Instruction No. 32

Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) No. 7.03

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Title 18, United States Code, |
| | ) | States Code, Section 1201(a)(1). |
| Defendant. | ) | |

## <u>VERDICT</u>

We, the jury, find the defendant, Brendt A. Christensen, _____

(guilty, not guilty)

of the offense of kidnapping result in death as charged in Count 1 of the Superseding

Indictment.


DATE:_____


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____


_____        _____
                                 Foreperson



Government Instruction No. 33

Verdict Form – Kidnapping Resulting in Death

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

UNITED STATES OF AMERICA,    )
         )
         Plaintiff,    )
         )
vs.         )     Case No. 17-CR-20037
         )
BRENDT A. CHRISTENSEN,    )     Title 18, United States Code,
         )     States Code, Section 1001(a)(2).
         Defendant.    )

## <u>VERDICT</u>

We, the jury, find the defendant, Brendt A. Christensen, _____

                                            (guilty, not guilty)

of the offense of making false statements as charged in Count 2 of the Superseding

Indictment.

DATE: _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____
                                     Foreperson

Government Instruction No. 34

Verdict Form – Making False Statements

38

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Title 18, United States Code, |
| | ) | States Code, Section 1001(a)(2). |
| Defendant. | ) | |

## VERDICT

    We, the jury, find the defendant, Brendt A. Christensen, _____

                                                   (guilty, not guilty)

of the offense of making false statements as charged in Count 3 of the Superseding

Indictment.

DATE: _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

                                               Foreperson

Government Instruction No. 35

Verdict Form – Making False Statements

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Robert Tucker, George Tasseff, Julie Brain, and Elisabeth Pollock.


s/ Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
FAX:  217-373-5891
bryan.freres@usdoj.gov