UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S SEALED MOTIONS IN LIMINE (ADDITIONAL)**

COMES NOW the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby offers its response to Defendant Brendt Christensen's Sealed Motions *in Limine* (Additional). (R.350)

### BACKGROUND

On June 30, 2017, federal agents arrested the defendant, Brendt A. Christensen, pursuant to a criminal complaint which charged him with kidnapping Yingying Zhang in violation of Title 18, United States Code, Section 1201(a)(1). (R.1) A federal grand jury later indicted the defendant on the same kidnapping charge outlined in the complaint. (R.13)

On October 3, 2017, the grand jury returned a superseding indictment charging the defendant with kidnapping resulting in Ms. Zhang's death, and two counts alleging

1

that he made false statements to FBI agents investigating her kidnapping. (R.26) On January 19, 2018, the United States filed its notice of intent to seek the death penalty. (R.54) On February 15, 2019, the defendant filed his initial motions in limine. (R.238-39) After full briefing from the parties, the court issued its rulings on the defendant's motions in limine on May 3, 2019. (R.324) On May 23, 2019, the defendant filed the present additional motions in limine. (R.350)

The case is currently set for trial on June 3, 2019. (R.259)

## ANALYSIS

The defendant's additional motions in limine address three issues. First, the defendant seeks to bar the use of Craigslist records associated with his online activity. Second, the defendant asks the Court to revisit and limit its prior ruling on the admission of the defendant's bondage photos. Finally, the defendant seeks to bar admission of news recordings showing him walking at the victim's Memorial Walk on June 29, 2017. The United States does not intend to use the Craigslist records in the guilt phase, but the records do relate to aggravation evidence in the penalty phase, and should be admissible for that purpose. Regarding the photos, the Court has already ruled on this issue and limited the United States to using the bondage photos to prove the defendant's motive, intent and plan for the kidnapping. There is no basis or need to revisit or further limit that ruling. Finally, regarding the news recordings of the Memorial Walk, the United States has limited this to a single recording without commentary or headlines that shows the defendant walking with the confidential source at the Memorial Walk. Absent a stipulation from the defendant, the recording

should be admissible to prove the defendant was at the Memorial Walk and was speaking with the confidential source.

For these reasons, the defendant's motions should be denied.

## I. The Craigslist Records Should Be Admissible in the Penalty Phase

The defendant seeks to exclude records of his online activity on Craigslist in the months leading to the kidnapping. These records show the defendant soliciting sexual encounters with men. While the United States does not intend to use these records in the guilt phase, the defendant's sexual interest in men is relevant and probative in the penalty phase. The evidence in this case shows that the defendant kidnapped and murdered the victim to satisfy his sexual and homicidal urges. Given that he would not be around many women in federal prison, his sexual violence and sexual interest in men is relevant and probative of his future dangerousness in prison. *E.g., Griffith v. Quarterman*, 196 F. App'x 237, 241 (5th Cir. 2006).

The defendant's activities on June 9, 2017, illustrate the relevance and danger. Prior to June 9, the defendant posted an ad on Craigslist seeking a sexual encounter with a man. On the morning of June 9, the defendant posed as a police officer and attempted to lure E.H. into his car. When she rebuffed him, he responded to a male Craigslist user who had responded to his ad regarding a potential sexual encounter, and the defendant asked if the encounter could happen that day. When that male indicated he could not meet until the following week, the defendant returned to campus and kidnapped Yingying Zhang. As June 9 shows, the defendant used Craigslist to

3

solicit a sexual encounter with a man on the same day he was seeking a victim to assault and murder.[1]

The United States would not use the Craigslist evidence to imply the defendant's interest in sexual encounters with men is itself an aggravating factor, and any such concerns could be remedied with jury instructions. The fact that the defendant's homicidal fantasies involved rape, however, and even his interest in sexual violence itself, means his sexual interest in men is relevant and probative of his future dangerousness in prison. As such, this evidence should be permitted in the penalty phase of the trial. *See id.*

## II. The Court Has Already Ruled on the Bondage Photos, and There is No Need to Reconsider or Further Limit That Ruling

The defendant also seeks to limit the admission of his downloaded photographs depicting restrained women to a single photograph because he argues anything more would be cumulative. The defendant offers no cases to support his position. In his original motion in limine, the defendant sought to exclude all of the pornography and bondage photos that were seized from his electronic devices. The United States conceded that it would not use the vast majority of the defendant's extensive pornography collection, and would instead limit its presentation of evidence to four photos showing the restrained women. This Court agreed that the four photos were

---

[1] The evidence will show the defendant blended sex and violence. He was engaged in a BDSM relationship, sought to initiate a sexual-based "consensual" kidnapping on FetLife, he maintained photos of distressed and restrained naked females, and he was seeking sexual-based encounters that would test his limits.

admissible to show the defendant's motive, intent and plan to engage in a kidnapping. In other words, this evidence has already been limited from a large collection down to four photographs, and the Court has agreed the photos should be admissible. *See Dressler v. McCaughtry*, 238 F.3d 908, 913-14 (7th Cir. 2001) ("The fact that Dressler maintained a collection of videos and pictures depicting intentional violence is probative of the State's claim that he had an obsession with that subject.").

There is no basis or need to revisit the Court's prior ruling. Four photographs are not cumulative, particularly where the photographs depict different levels and methods of restraint, distress, and sexual violence. *See id.* at 913-15 (finding the trial court's admission of a collection of videos and photos depicting intentional violence and homosexual acts was appropriate to show motive, intent and plan for a murder). One photo shows a female wearing a shirt with her mouth duct-taped and her hands bound behind her back. Another photo shows a nude, dirty and distressed female handcuffed to a PVC pipe and sitting on a dirty floor. Another photo shows a nude female who is ball-gagged and chained to a bed. The final photo shows a woman blindfolded and wearing a collar while her legs are spread and tied, and her arms are handcuffed above her head. There is nothing cumulative about the four photos since they depict different things. As a whole, they tend to show, as the Court has already ruled, the defendant's motive, intent, and plan to engage in a kidnapping. Limiting the United States to a single photo would create a false impression that the defendant only possessed one such photo, which could potentially be by mistake or accident. For these reasons, the defendant's motion should be denied. *See id.*

### III. The Video of the Defendant at the Memorial Walk Should be Admitted

Finally, the defendant seeks to exclude news videos of him and the confidential source walking together at the Memorial Walk for Yingying Zhang on June 29, 2017. In particular, the defendant objects to the headlines and commentary on the videos as irrelevant and prejudicial. The defendant cites no case law supporting his request to limit this evidence. Nevertheless, the United States only intends to play one of the videos, specifically, the one from WCIA. This particular video depicts the defendant walking with his arm around the confidential source at the Memorial Walk, and there are no headlines or commentary on the video. The video is relevant evidence to show the nature of the defendant and the source's relationship, the fact that they were walking at the Memorial Walk, and that they were walking close enough to each other for the source's recording device to capture the defendant's statements about the victim's kidnapping and murder. There are no statements on the video, so there is no hearsay; it is merely a video of the defendant and the source walking together. The fact that the video is a news video is unremarkable. The media were covering the event in general, and did not know the defendant was the perpetrator while filming the people who were walking.

In sum, there is nothing prejudicial about a video showing the defendant walking with his arm around the confidential source, and the video is relevant for the reasons as described above. As such, the defendant's motion should be denied.

## **CONCLUSION**

For the reasons stated herein, the defendant's Sealed Motions in Limine (Additional) (R.350) should be denied.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller                                              /s/ James B. Nelson
Eugene L. Miller                                                  James B. Nelson
Assistant United States Attorney               Trial Attorney
201 S. Vine St., Suite 226                            Capital Case Section
Urbana, IL 61802                                           United States Department of Justice
Phone: 217/373-5875                                  1331 F. Street NW, Room 625
Fax: 217/373-5891                                        Washington, DC  20004
eugene.miller@usdoj.gov                          Phone: 202/598-2972
                                                                          james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                                */s/Bryan D. Freres*
                                                Bryan D. Freres
                                                Assistant United States Attorney
                                                201 S. Vine St., Suite 226
                                                Urbana, IL 61802
                                                Phone: 217/373-5875
                                                Fax: 217/373-5891
                                                bryan.freres@usdoj.gov