UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO CONTINUE BASED ON THE CIVIL SUIT FILED ON BEHALF OF THE ZHANG FAMILY AGAINST THOMAS G. MIEBACH, JENNIFER R. MAUPIN AND THE DEFENDANT**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and moves this Court to for a continuance and in support thereof states as follows:

Mr. Christensen is charged with kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and two counts of making false statements in violation of 18 U.S.C. § 1001(a)(2). (R. 26.) The kidnapping charge is punishable by death and the government has filed a Notice of Intent to Seek a Sentence of Death ("NOI"). (R. 54.) One of the non-statutory aggravating factors set forth in the NOI is "victim impact evidence." *Id*. at 3. The NOI describes the victim impact evidence as follows: "The defendant caused injury, harm and loss to Y.Z. and loss to her family, friends, and co-workers. The injury, harm, and loss caused by the defendant is evidenced by Y.Z.'s personal characteristics and by the impact of her death upon her family, friends, and co-workers." *Id*.

The government has listed a number of Ms. Zhang's family members, including

1

her mother, father and brother, as witnesses. Presumably these family members will provide testimony in support of the victim impact evidence non-statutory aggravating factor.

At 3:38 p.m. on Friday, June 7, 2019, Attorney James C. Pullos, acting as counsel for "Daniel Deneen, as Independent Administrator of the Estate of Yingying Zhang, Deceased," filed a civil lawsuit in the United States District Court for the Central District of Illinois against Thomas G. Miebach and Jennifer R. Maupin, two of the counselors who treated Mr. Christensen at the University of Illinois Counseling Center ("UICC"). *Deneen v. Miebach et al*, Case No. 19-cv-2149 (C.D. Ill.). As will be explained in more detail below, Ms. Zhang's family, specifically her mother, father, and brother, are the real parties in interest in the civil lawsuit. Accordingly, the filing of the civil lawsuit raises a host of issues that defense counsel must investigate in support of Mr. Christensen's mitigation case.

Mr. Deneen is the Public Administrator for McLean County, appointed by the governor of the State of Illinois pursuant to 755 ILCS 5/13-4. Mr. Deneen was appointed Independent Administrator of Ms. Zhang's estate in Ying Zhang Y v. Deneen Daniel, Case No. 2019P000155 in the Circuit Court of the Sixth Judicial Circuit. A public administrator handles the estate administration for those who die in Illinois without a will or person to probate the estate. 755 ILCS 5/13-4. "When a person dies intestate, letters of administration shall be issued in accordance with the preferences in Section 9-3 upon petition thereof, unless the issuance of letters is excused." 755 ILCS 5/9-2. Section 9-3 of the Probate Act of 1975 lists the order of preference "in obtaining the

2

issuance of letters of administration." 755 ILCS 5/9-3. Fifth on the list of preferences is the parents of the deceased. 755 ILCS 5/9-3(e).

> Anyone desiring to have letters of administration issued on the estate of an intestate decedent shall file a petition therefor in the court of the proper county. The petition shall state, if known: (a) the name and place of residence of the decedent at the time of his death; (b) the date and place of death; (c) the approximate value of the decedent's real and personal estate in this State; (d) the names and post office addresses of all heirs of the decedent and whether any of them is a minor or person with a disability and whether any of them is entitled either to administer or to nominate a person to administer equally with or in preference to the petitioner; (e) the name and post office address of the person nominated as administrator; (f) the facts showing the right of the petitioner to act as or to nominate the administrator; (g) when letters of administration de bonis non are sought, the reason for the issuance of the letters; and (h) unless supervised administration is requested, the name and address of any personal fiduciary acting or designated to act pursuant to Section 28-3.

755 ILCS 5/9-4.

On June 4, 2019, a petition for letters of administration along with an affidavit of heirship was filed in probate case 2019P000155 in Champaign County in the Sixth Judicial Circuit. The document shows that Ms. Zhang's parents and brother sought the letters of administration. Additionally, as Ms. Zhang was unmarried and had no children, under Illinois law her parents and brother will receive any assets of Ms. Zhang's estate. 755 ILCS 5/2-1(d), including the proceeds of the civil lawsuit filed in this Court.

As discussed in detail in previous pleadings concerning the admissibility of defense expert Dr. Susan Zoline (R. 264, 289, 294, 336, and 349), and the attached exhibits, on March 21, 2017, about eleven weeks before the kidnapping of Ms. Zhang, Mr. Christensen walked into the UICC and reported that he had a serious substance

abuse problem and that he was experiencing intrusive homicidal and suicidal ideations. The details of Brendt's counseling session on March 21, 2017, are set forth in the defenses Response to Government's Motion to Preclude the Testimony of Dr. Susan Zoline and accompanying exhibits. (R. 289) Mr. Christensen had a second counseling session at UICC where he again disclosed his detailed homicidal and suicidal ideations along with his drug and alcohol addictions. *Id*.

The complaint sets forth four causes of action against Miebach and Maupin. Count I alleges Miebach and Maupin acting under color of as employees of the University of Illinois deprived Ms. Zhang of her liberty interest of bodily integrity under the Fourteenth Amendment to be free from bodily harm and death. (Civ. Dkt. Entry 1 at 11) The claim asserts Mr. Christensen presented a "foreseeable threat of harm" to students at the University and that Ms. Zhang "was a foreseeable victim and a member of a discrete class of persons that was exposed to the actions of Defendant Christensen." *Id*. at 13. The complaint sets forth a number of allegations that Meibach's and Maupin's actions in treating Mr. Christensen endangered Ms. Zhang. The complaint further alleges "[a]s a direct and proximate result of the foregoing conduct of Defendants, Plaintiff's decedent Zhang suffered harm and eventual death." *Id*. Finally, the complaint alleges "Plaintiff's decedent Zhang left surviving heirs that sustained losses as a result of the death of Zhang, including, but not limited to, loss of companionship, guidance, society, affection, grief, and sorrow." *Id*.

Count Two alleges the same cause of action but as a survival action against Miebach and Maupin setting forth the same allegations as count one but adding, "[a]s a

direct and proximate result of one or more fo the aforesaid negligent acts and/or omissions by Defendants, Plaintiff's decedent Zhang sustained injuries of a personal and pecuniary nature, including but not limited to, conscious pain and suffering prior to her death, and had she survived she would have been entitled to bring an action for those injuries she suffered and this action has survived." *Id*. at 16.

Counts Three and Four, also against Miebach and Maupin, make the same allegations in support of a negligence—wrongful death cause of action both on behalf of Ms. Zhang's heirs (count three) and on behalf of Ms. Zhang (count four). Both counts allege Miebach and Maupin "Negligently encouraged Defendant Christensen's homicidal ideations; and Negligently assured Defendant Christensen that his homicidal ideations did not require immediate and long-term care" and that "as a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendants, Zhang sustained injuries resulting in her death. *Id*. at 17, 18.[1]

The filing of the civil complaint against Miebach and Maupin by Ms. Zhang's family is a major event that will potentially open up a significant amount of mitigating evidence for Mr. Christensen that he currently has no means of securing. Extensive discovery will almost certainly be conducted in the civil matter, including but not limited to witness depositions, interrogatories and document production. Many of the witnesses who will be deposed in the civil proceeding have declined to be interviewed by Mr. Christensen's defense team. In addition, there is almost certainly documentation

---

[1] Count Five alleges a count of battery against Mr. Christensen.

5

of internal processes and communications between staff of the counseling center and other employees of the University of Illinois. The Court should therefore continue the trial in this matter until discovery has been completed in the civil proceedings and Mr. Christensen has had access to the full range of mitigating evidence that will be developed therein.

WHEREFORE, the Defendant respectfully requests that this Court grant a continuance of the trial to provide Mr. Christensen adequate time to obtain mitigating evidence developed during the discovery process in the newly filed civil lawsuit.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL  61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org