UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | Hearing Requested |
| | ) | |
| Defendant. | ) | |

RESPONSE TO MOTION TO EXCLUDE EVIDENCE PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(d)

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully submits this Response the government's Motion to Exclude Evidence Pursuant to Federal Rule of Criminal Procedure 12.2(d), (R. 373). The evidence that the government seeks to exclude is admissible irrespective of Rule 12.2 and its Motion should therefore be denied.

**I.  The Court Has Ruled That Dr. Zoline's Testimony is Admissible.**

The Court has previously found that Dr. Zoline's testimony regarding Mr. Christensen's treatment at the University of Illinois Counseling Center in March, 2017, is relevant and admissible. As the Court made clear at the pretrial hearing conducted on April 8, 2017, Dr. Zoline may not testify regarding whether the University's conduct violated a civil legal duty of any sort or created a cause of action under Illinois law. Tr. 4/8/19 at 36 ("to the extent that [the notice] sets out a standard of care on what I'm just calling the civil medical negligence, that would be stricken or amended"). Dr. Zoline

1

may nevertheless testify regarding the steps taken and not taken by the Counseling Center staff following the initial interview of Mr. Christensen and offer her opinion, from a purely professional standpoint, regarding additional actions that the staff should have taken in light of the facts and circumstances before them. *Id.* at 27 ("Why . . . does Dr. Zoline have to give an opinion as to the standard of care that would be basically medical negligence in a civil case for the purpose of her testimony here? Why is it that . . . if she is otherwise qualified . . . she couldn't [testify that] in her opinion that she believes that U of I should have done A, B, and C, in addition to whatever they did?").

Pursuant to the Court's direction, *id.* at 36-37, Mr. Christensen provided the government with an amended notice of expert testimony with respect to Dr. Zoline on May 6, 2019, expressly stating that he did "'not intend to address the University's civil or legal liability at trial" and would "merely present this evidence in mitigation with respect to Mr. Christensen.'" (R. 349 at 1-2) (quoting 5/6/19 Letter to Government). Mr. Christensen continues to adhere to that position and has no intention of revisiting the Court's ruling.

In its Motion, the government attempts to re-litigate the admissibility of evidence of institutional failure in mitigation at the penalty phase of a capital case. (R. 373 at 5-9.) Mr. Christensen has previously set forth at length the reasons why such evidence is admissible and has in fact been admitted in numerous cases. (R. 289.) The Court has implicitly rejected the government's position, Tr. 4/8/19 at 27-36, and the government offers no new argument or authority to justify reconsideration of the matter. The government also alleges that the counseling center evidence relates only to suicide, (R.

2

373 at 9), which is patently not the case. *See* (R. 289 at 2, 5) (outlining evidence of homicidal ideation contained in the counseling center materials).[1]

## II. Rule 12.2 has No Application to Dr. Zoline's Testimony.

In its Motion, the government further moves the Court to preclude Dr. Zoline's testimony under Fed. R. Crim. P. 12.2. (R. 373 at 10-13.) That Rule, however, has no application to Dr. Zoline's testimony. Rule 12.2(b) imposes certain obligations when "a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case." In no sense will Dr. Zoline's testimony constitute expert evidence of Mr. Christensen's mental condition. Dr. Zoline has not evaluated Mr. Christensen and she will offer no opinion regarding his actual mental condition at the time of his treatment at the counseling center, or at any other time.

Rather, Dr. Zoline's testimony will be confined to her professional opinions regarding the steps that the counseling center should have taken in light of the facts that confronted them, namely Mr. Christensen's unequivocal report of both homicidal and suicidal ideation and his description of the presence of serious risk factors, and the absence of protective factors, for acting on those ideations. What Mr. Christensen's mental condition or diagnosis actually was at the time he made these admissions is beside the point; mental health professionals must assess and act upon potential threats

---

[1] Indeed, during its case in chief at trial on June 14, 2019, the government presented a clip from the video recording of Mr. Christensen's initial interview at the counseling center in which he reported his intrusive thoughts of harming others and the steps he had taken towards committing a homicide.

to the lives of their clients or others on the basis of the evidence before them. Thus, contrary to the government's assertions, (R. 373 at 11), Dr. Zoline's testimony neither "presupposes that [Mr. Christensen] was diagnosed" with a specific disorder nor requires him "to prove that he was actually suffering from suicidal ideation at that moment in time."[2]

For similar reasons, the government's contention that the staff of the counseling center should be precluded from testifying, set forth in a footnote, (R. 373 at 11 n.2),[3] also fails. None of the counseling center staff will be asked to testify regarding their opinions of Mr. Christensen's mental condition when (or if) they saw him. Instead, their testimony will be limited to their observations of Mr. Christensen, what he told them, the actions they took or did not take in response to that information, whether those actions or omissions are consistent with the counseling center's policy and procedures manuals and any matters relevant to bias or impeachment.

WHEREFORE, Defendant respectfully requests that the government's Motion be denied.

---

[2] It appears that the government is attempting to falsely characterize the counseling center evidence as relating to suicide only, (R. 373 at 9), in order to then argue that suicidal ideation is a mental condition and seek to invoke Rule 12.2. This maneuver fails for several reasons. First, as stated above, Dr. Zoline's testimony is unrelated to Mr. Christensen's actual diagnosis or mental condition and therefore Rule 12.2 is irrelevant. Second, as is clear from the government's citations to the DSM-5, *id.* at 10, suicidal ideation is a sequela, or in the government's parlance a "byproduct," of a variety of mental disorders and not a disorder in and of itself. Finally, as also noted above, the counseling center evidence is not limited to suicidal ideation.

[3] In its footnote, the government incorrectly lists Dr. Peggy Pearson as an employee of the University of Illinois Counseling Center. In fact, Dr. Pearson is a psychiatrist at the McKinley Health Center, a separate entity.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org