## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### THE UNITED STATES OF AMERICA'S MEMORANDUM OF LAW REGARDING JURY INSTRUCTIONS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby submits the following memorandum of law regarding jury instructions.

### RELEVANT LAW

"[A] defendant is not automatically entitled to a particular jury instruction." *United States v. Maldonado*, 893 F.3d 480, 487 (7th Cir. 2018). To warrant a specific jury instruction, the defendant must demonstrate: (1) the instruction is a correct statement of law; (2) the evidence in the case supports the theory of defense; (3) that theory is not already part of the charge; and (4) a failure to provide the instruction would deny a fair trial." *Id.* A district court has substantial discretion to formulate jury instructions provided that the instructions represent a complete and correct statement of the law.

*United States v. Carson*, 870 F.3d 584, 601 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2011 (2018).

## INSTRUCTION DEFINING "IN FURTHERANCE OF"

The Court has proposed instructing the jury as follows concerning the definition of "in furtherance of" as used in the federal kidnapping statute, 18 U.S.C. § 1201(a):

> A person uses an instrumentality of interstate commerce, namely, a motor vehicle or cellular telephone, in furtherance of a crime if the instrumentality furthers, advances, moves forward, promotes, or facilitates the crime. The mere presence of an instrumentality at the scene of a crime is insufficient to establish that the instrumentality was used in furtherance of the crime. There must be a connection between the instrumentality and the crime.

This instruction is a correct statement of law and will permit the defendant to argue his theory of defense. *See* Seventh Circuit Pattern Instruction – 18 U.S.C. § 924(c); *United States v. Huddleston*, 593 F.3d 596, 602 (7th Cir. 2010); *see also* Eighth Circuit Pattern Instruction 6.18.924C ("The phrase 'in furtherance of' is a requirement that the defendant possess the firearm with the intent that it advance, assist or help commit the crime, not that it actually did so); *United States v. Kent*, 531 F.3d 642 (8th Cir. 2008); Fifth Circuit Pattern Instruction 2.44.

The defendant's proposed instruction includes additional language stating that "there must be specific, non-theoretical evidence." This language is not found in the only Seventh Circuit Pattern Instruction defining "in furtherance of," nor is it found in *Huddleston.* Because the Court's proffered instruction tracks existing Seventh Circuit law, is clearer, allows the defendant to argue his theory of defense, and will be part of the charge, refusing the defendant's proffered instruction will not deny him a fair trial.

## LIMITING INSTRUCTION REGARDING OTHER MURDERS

A court, upon request, should instruct a jury regarding the limited purpose for which evidence is admitted when it is not admissible for another purpose. Fed. R. Evid. 105. Rule 105, however, does not require that every cautionary instruction proffered by the defendant actually be given. *United States v. Anderson*, 716 F.2d 446, 448 (7th Cir. 1983) (noting that "[t]his is so especially where adequate protection is afforded by other portions of the charge"). The Court has proposed the following limiting instruction regarding the defendant's statements regarding other murders:

> You have heard evidence that the defendant made statements regarding murders in addition to the charges alleged against the defendant in this case. You may only consider those statements in assessing the defendant's state of mind when he made other statements and to put those other statements in context. You may not consider those statements regarding other murders for any other purpose during this stage of the trial.

This instruction is a correct statement of law and will permit the defendant to argue his theory of defense. This instruction implements the guidance of the Seventh Circuit that "[w]hen given, the limiting instruction should be customized to the case rather than boilerplate." *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014).

The defendant's proposed limiting instruction includes language that "you are instructed that this is an uncorroborated statement." This language included in the defendant's proposed instruction is improper and unnecessary. The Court's proposed limiting instruction provides adequate protection from improper use of the other murder evidence. Moreover, the defendant's proposed instruction asks the Court to

invade the province of the jury by instructing the jury that it must characterize the evidence in a certain way.

### INSTRUCTION REGARDING STATEMENTS TO LAW ENFORCEMENT

In Court Instruction No. 14, the Court has proposed instructing the jury as follows concerning statements the defendant made to law enforcement officers:

> You have heard testimony and received evidence that the defendant made statements to law enforcement officers. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

This instruction follows Seventh Circuit Pattern Criminal Jury Instruction No. 3.09 and is a correct statement of law.

The defendant proposes to modify Pattern Criminal Jury Instruction No. 3.09 to encompass statements made to Terra Bullis. The Seventh Circuit has already addressed this issue and held that Pattern Criminal Jury Instruction No. 3.09 is designed to address statements to law enforcement, not third parties. *United States v. Broeske*, 178 F.3d 887, 888-89 (7th Cir. 1999) ("The court correctly recognized that the instruction was meant to address the voluntariness of statements to an investigating agent, as opposed to those made in casual conversation to third parties."). Because the instruction is designed to minimize the risk that a jury will rely on a coerced confession, the instruction is not appropriate where the voluntariness of the statements is not an issue. *Id.* at 889. The defendant has never challenged the voluntariness of his statements to

4

Terra Bullis, and therefore, the instruction should not be modified to include his statements to her.

WHEREFORE the United States of America respectfully requests that this Court instruct the jury during the guilt phase as set forth above.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov