UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Crim. No. 17-20037 |
| BRENDT A. CHRISTENSEN, | ) |
| Defendant. | ) |

**MOTION *IN LIMINE* TO PRECLUDE IMPROPER ARGUMENT DURING CLOSING**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion *in Limine* to Preclude Improper Argument During Closing states as follows:

1.  During the presentation of evidence at the culpability phase of trial, several government witnesses made statements indicating that it is *possible* that Mr. Christensen has murdered twelve people in the past.

2.  This testimony was objected to by the defense and the Court twice denied motions for mistrial based on the aforementioned inferences. (See R. 392)

3.  The government has acknowledged that it has no evidence whatsoever to corroborate the statement made by Mr. Christensen referencing other victims. Regardless, the strategy employed at trial indicates that the government may intend to argue that these spurious claims could be true.

1

4. As we argued previously, such an argument would be completely improper because it impermissibly shifts the burden of proof from the government to Mr. Christensen, is wholly unreliable within the meaning of the 8th Amendment, rests on improper vouching/bolstering by a government agent, and is utterly irrelevant to the limited purpose for which the court originally permitted the government to introduce the statements (namely, Mr. Christensen's state of mind in making such a statement, irrespective of, indeed *despite,* the fact that the statements were known to be false and without evidence). Again, any hint by the government that Mr. Christensen, in fact, actually committed 12 other murders, as opposed to merely falsely bragged about such activity, would be so prejudicial and devastating to Mr. Christensen's fair trial rights and rights to a reliable sentencing proceeding, that the bell could not be unrung.

5. And to be clear, nothing in the defense closing will (and nothing in the defense cross examination of government agents did) open the door to baseless speculation or unsupported government vouching that Mr. Christensen, despite any evidence, nevertheless might have killed twelve other persons. Over our strenuous objection, the Court permitted the government to introduce this spectacularly prejudicial statement, even after the government admitted that no evidence existed to support it. Faced with such evidence, and the risk that the jurors might consider the statements to be true --- notwithstanding any instruction limiting use of the statements to the Mr. Christensen's state of mind --- the defense was left with no choice but to show, through cross-examination, and now argument, that the statement was false and that the government,

despite extensive efforts, had found no evidence to support the statement. But given the limited purpose for which this evidence has been admitted --- to show Mr. Christensen's state of mind in making the statement --- the defense efforts to mitigate the risk of jury confusion is not an excuse for and does not license the government to sow MORE confusion or to exacerbate the very risk the defense attempted to and will attempt to redress.

6. It is worth cautioning that the last federal death penalty case to be reviewed by a Court of Appeals, *United States v. Aquart,* 912 F.3d 1 (2d Cir. 2018), resulted in a unanimous opinion vacating the death penalty and remanding for a new penalty phase, due to bolstering by a government agent, exacerbated by government misconduct in closing argument, coupled with the district court's failure to give an adequate curative instruction. *Id.* at 41-44.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

      /s/ Robert Tucker                    /s/ Julie Brain
Robert L. Tucker, Esq.            Julie Brain, Esq.
7114 Washington Ave             916 South 2nd Street
St. Louis, MO 63130              Philadelphia, PA 19147
Phone: 703-527-1622             Phone: 267-639-0417
Email: roberttuckerlaw@gmail.com   Email: juliebrain1@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

                                  /s/Elisabeth R. Pollock
                                  Assistant Federal Public Defender
                                  300 West Main Street
                                  Urbana, IL 61801
                                  Phone: 217-373-0666
                                  FAX:   217-373-0667
                                  Email: Elisabeth_Pollock@fd.org