E-FILED
Sunday, 23 June, 2019  04:45:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED MOTION *IN LIMINE* TO PRECLUDE IMPROPER ARGUMENT DURING CLOSING**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Amended Motion *in Limine* to Preclude Improper Argument During Closing states as follows:

1.  During the presentation of evidence at the culpability phase of trial, several government witnesses made statements indicating that it is possible that Mr. Christensen has murdered twelve people in the past. This testimony was highly improper and prejudicial, as the only evidence of the purported prior murders presented was Mr. Christensen's own, utterly uncorroborated, post-offense statement made in a drunken conversation with his girlfriend, Terra Bullis. "A defendant may not be convicted 'based solely on his own uncorroborated admissions made after the crime has ended.'" *United States v. Waldemar*, 50 F.3d 1379, 1388 (7th Cir. 1995) (quoting *United States v. Mukovsky*, 863 F.2d 1319, 1325 (7th Cir. 1989); *United States v. Berry*, 60 F.3d 288,

1

290 (7th Cir. 1995) (same). Accordingly, an uncorroborated post-offense statement by the defendant fails as a matter of law to satisfy the requirement that alleged other crimes be proven beyond a reasonable doubt. *See United States v. Corley*, 348 F. Supp. 2d 970, 973 (N.D. Ind. 2004)  (noting that parties agreed court should assess reliability of evidence of additional uncharged homicide based upon whether a reasonable jury could find the defendant guilty of the act); *United States v. Cooper*, 91 F. Supp. 2d 90, 108 (D.D.C. 2000) ("if the government intends to use [unadjudicated criminal acts] as aggravating factors in and of themselves, the government will have to prove such acts beyond a reasonable doubt").

2.   This testimony was objected to by the defense and the Court twice denied motions for mistrial based on the aforementioned inferences. (See R. 392)

3.   The government has acknowledged that it has no evidence whatsoever to corroborate the statement made by Mr. Christensen referencing other victims. Regardless, the strategy employed at trial indicates that the government may attempt to assert in closing argument that these spurious claims could be true.

4.   As we argued previously, such an argument would be completely improper because it impermissibly shifts the burden of proof from the government to Mr. Christensen; is wholly unreliable within the meaning of the 8th Amendment; rests on improper vouching/bolstering by a government agent; and is utterly irrelevant to the limited purpose for which the Court originally permitted the government to introduce the statements (namely, in support of its  alleged future dangerousness and lack of

remorse non-statutory aggravating factors at the penalty phase, irrespective of, indeed *despite,* the fact that the statements were known to be false and without corroborating evidence). Any further suggestion by the government that Mr. Christensen actually committed 12 other murders, as opposed to merely falsely bragged about such activity, would be so prejudicial and devastating to Mr. Christensen's fair trial rights and rights to a reliable sentencing proceeding, that the bell could not be unrung. Indeed, its sole purpose is to improperly "inflame the passions and prejudices of the jury," for it has no "logical [or] proximate connection to the point the prosecutor wishes to prove." *Waldemar*, 50 F.3d at 1384.

5.   And to be clear, nothing in the defense closing will (and nothing in the defense cross examination of government agents did) open the door to baseless speculation or unsupported government vouching that Mr. Christensen, despite any evidence, nevertheless might have killed twelve other persons. Over our strenuous objection, the Court permitted the government to introduce this spectacularly prejudicial statement, even after the government admitted that no evidence existed to support it. Faced with such evidence, and the risk that the jurors might consider the statements to be true --- notwithstanding any instruction limiting use of the statements to Mr. Christensen's state of mind --- the defense was left with no choice but to show, through cross-examination, and now argument, that the statement was false and that the government, despite extensive efforts, had found no evidence to support the statement. But given the limited purpose for which this evidence has been admitted --- to show Mr.

Christensen's state of mind in making the statement --- the defense efforts to mitigate

the risk of jury confusion do not excuse or license the government to sow MORE

confusion or to exacerbate the prejudice that the defense attempted to and will attempt

to redress.

6.   It is worth cautioning that the last federal death penalty case to be reviewed by a

Court of Appeals, *United States v. Aquart,* 912 F.3d 1 (2d Cir. 2018), resulted in a

unanimous opinion vacating the death penalty and remanding for a new penalty phase,

due to bolstering by a government agent, exacerbated by government misconduct in

closing argument, coupled with the district court's failure to give an adequate curative

instruction. *Id.* at 41-44.

WHEREFORE, Defendant requests that the relief requested in the Motion be

granted.

Respectfully submitted,

/s/Elisabeth R. Pollock                    /s/ George Taseff
Assistant Federal Defender                 Assistant Federal Defender
300 West Main Street                       401 Main Street, Suite 1500
Urbana, IL 61801                           Peoria, IL 61602
Phone: 217-373-0666                        Phone: 309-671-7891
FAX:   217-373-0667                        Fax:    309-671-7898
Email: Elisabeth_Pollock@fd.org            Email: George_Taseff@fd.org

/s/ Robert Tucker                          /s/ Julie Brain
Robert L. Tucker, Esq.                     Julie Brain, Esq.
7114 Washington Ave                        916 South 2nd Street
St. Louis, MO 63130                        Philadelphia, PA 19147
Phone: 703-527-1622                        Phone: 267-639-0417
Email: roberttuckerlaw@gmail.com           Email: juliebrain1@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/ Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org