E-FILED
Sunday, 23 June, 2019  06:42:06 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE IMPROPER ARGUMENT DURING CLOSING**

NOW COMES the United States of America, by John C. Milhiser, United States

Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant

United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and

hereby files its response to the defendant's "Amended Motion *in limine* to exclude

improper argument during closing." (R.395).  The bases for the United States' Response

follow.

The defendant first contends that he cannot be convicted of the prior murders

contained within his statement to Terra Bullis based solely on his uncorroborated

admission that he committed them.  (R.395, at 1-2).  Although true as a matter of law,

the defendant's assertion is irrelevant because the superseding indictment only charges

the defendant with kidnapping resulting in the death of Yingying Zhang.  (R.26).

The defendant next contends that the United States must prove unadjudicated

crimes beyond a reasonable doubt in order for them to sustained the defendant's

commission of prior crimes as an aggravating factor. (R.395, at 2). This point is equally moot. The United States is not asserting the defendant's alleged twelve prior murders as aggravating factors. The United States has alleged the defendant's statement that he had prior murders as demonstrating the intent which, it alleges, makes him a risk of future dangerousness. (R.54).

The remainder of the defendant's motion relies on a verbatim restatement of its objections and argument during trial, as well as its third motion for mistrial. (R.392). The United States has stated its position with regard to these objections, and the Court has overruled both the defendant's objections and his characterization of the United States' presentation of evidence. The Court has further offered, at the defendant's request and with the United States' encouragement, a limiting instruction with regard to the defendant's statements.

Nevertheless, defense counsel asserts that this resolved issue necessitates a further limiting of the United States' closing argument. (R.394). The defendant relies on *United States v. Aquart*, 912 F.3d 1 (2d Cir. 2018), which, he argues, supports his assertion that the United States may not address the defendant's voluntary statements about his own criminal conduct in its closing argument. A close reading of *Aquart* disproves this assertion.

Azibo Aquart was convicted of murder in aid of racketeering and murder in connection with a continuing drug enterprise and sentenced to death. *Id.* at 9. At trial, it was proven through cooperator testimony that Aquart and his confederates broke into an apartment shared by the three victims, bound them with duct tape, and

2

bludgeoned them to death with baseball bats over a drug dispute. *Id.* Aquart moved for a new trial asserting that the prosecutorial misconduct based on a summation that argued facts that were not in evidence – the same basis defendant asserts with regard to the defendant's claim of 13 victims. *Id.* at 27, 29; (R.394). The Second Circuit rejected Aquart's argument and affirmed the denial of a new trial on this basis. *Aquart*, 912 F.3d at 29.

The Second Circuit first addressed Aquart's argument that the prosecutor had improperly vouched for one version of the events. *Id.* at 31-44. Aquart's mitigation theory hinged on demonstrating that his confederates were more culpable for the murder than he was. To that end, Aquart called an FBI agent to testify about statements made by confederate Johnson because Johnson's recounting of the crime assigned a greater role in the offense to confederate Taylor than to Aquart. Johnson's recounting was both consistent with Aquart's mitigation theory and inconsistent with Taylor's testimony during the guilt phase of trial. *Id.* at 31-34. On cross-examination of the agent, the prosecutor impeached Johnson's version of the events by eliciting the fact that Johnson was not given a cooperation agreement because it was determined that he was lying. *Id.* at 33. Although the Second Circuit found that this testimony invaded the province of the jury it did not reverse the conviction, rather the Court noted that the trial judge gave a curative instruction and the defendant did not object or request a mistrial based on the testimony. *Id.* at 33-36.

The Second Circuit next considered Aquart's contention that the prosecutor's penalty phase summation denigrated the defendant's mitigation strategy. In

3

summation, the prosecutor noted that Aquart's mitigation theory – specifically, that

confederates Johnson and Taylor were equally culpable, but not subject to the death

penalty – was belied by his assertion in the guilt phase that Taylor was not even present

at the scene when the murder occurred. *Id.* at 41-42. The apparent insinuation was that

the jury need not believe this mitigator because the defense did not believe it either.

The defense objected, and at sidebar the trial court agreed that "it was improper

for the government to suggest 'that there is something wrong or different or flawed

about what defense counsel did by having an inconsistent theory.'" *Id.* at 42. The trial

court then gave an immediate curative instruction to the jury. *Id.* On appeal, the

Second Circuit held that this curative instruction was insufficient to overcome the

possibility that the jury sentenced the defendant to death based on the combination of

the prosecution's comment on the defendant' theory and the prosecution's improper

vouching. *Id.* at 42-44. Accordingly, the Second Circuit remanded for a new sentencing

hearing. *Id.* at 44.

This case is easily distinguishable from *Aquart* – indeed, the only commonality

between the cases is that the victims in both cases were bound with duct tape and

bludgeoned with baseball bats. The United States has not "vouched" for the assertion

that Yingying Zhang was the defendant's thirteenth victim. As the Court is aware, the

United States asserted that this evidence was relevant only in the penalty phase and it

redacted the recording at Exhibit 29 accordingly. These statements came into the guilt

phase because the defendant insisted on an "all or nothing" approach to this evidence –

if the Court would not exclude the evidence from both phases, then the defendant

wanted it to be  admitted in both phases.  Consistent with the defendant's demand, the

United States presented an unedited recording at Exhibit 29.  Notwithstanding defense

counsel's repeated assertions, FBI agents' inability to disprove the defendants'

statements of his own conduct does not constitute "improper vouching" for the truth of

those statements.

   With regard to closing arguments, *Aquart* stands only for the proposition that the

United States may not comment on the fact that a defendant's presentation of evidence

in the penalty phase is inconsistent with is presentation of the same evidence in the

guilt phase.  *Aquart*, 912 F.3d at 31-44.  This point is not yet ripe for consideration by the

Court.  Given that *Aquart* is neither binding on this Court nor analogous to the facts of

this case, and given that the Court has already ruled on this issue and prepared a

limiting instruction that adequately addresses the defendant's concern, any further

limitation would be improper.

WHEREFORE, the United States respectfully submits that the defendant's

Amended Motion *In Limine* to Exclude Improper Argument During Closing (R.395)

should be DENIED.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
 james.nelson@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

> */s/ James B. Nelson*
> James B. Nelson, Bar No. NV 9134
> Trial Attorney
> Capital Case Section
> United States Department of Justice
> 1331 F. Street NW, Room 625
> Washington, DC  20004
> Tel: (202) 598-2872
> james.nelson@usdoj.gov