IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S REPLY TO THE DEFENDANTS REPONSE TO THE UNITED STATES' MOTION TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(d)**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully files this reply to the defendant's response to its motion to preclude any and all evidence related to the University of Illinois Counseling Center pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(d). (R.373). The bases for the reply follow.

1. **The Defendant's Withdrawal of His Rule 12.2 Notice Affects the Admissibility of Dr. Zoline's Testimony**

The defendant contends that, based on the Court's statements on April 8, that Dr. Zoline should be permitted to "testify regarding the steps taken and not taken by the Counseling Center staff following the initial interview of Mr. Christensen and offer her opinion, from a purely professional standpoint, regarding additional actions that the staff should have taken in light of the facts and circumstances before them." (R.380, at

1-2). Thus, the defendant concedes that he is offering Dr. Zoline to render an expert opinion, based on scientific knowledge, of the mental health treatment he *should have* received based on a perceived diagnosis of his mental condition. *Id.*

The defendant contends that this testimony somehow falls outside Rule 12.2 because Dr. Zoline has not examined the defendant. (R.380, at 3). A review of the actual language of Rule 12.2(b) proves that no such exception exists. Rather, the rule makes clear that notice is required regarding any expert testimony regarding the defendant's mental disease, mental defect, or mental condition. Defendant does not, and could not reasonably, argue that Dr. Zoline's testimony does not involve the defendant's "mental condition."

Moreover, as the defendant makes clear, Dr. Zoline's opinion will rest entirely on the professional observations of other witnesses whose specialized knowledge in the field of mental health would qualify them as expert witnesses under Rule 702. Dr. Zoline could not meaningfully testify about the treatment that the defendant should have received without knowing how he was diagnosed in the first place. (R. 373, at 11). Thus, any opinion she might offer regarding the treatment that the defendant received will be based on her scientific diagnosis of what the defendant's statements "mean" with regard to his mental condition. The law requires advance notice of any such expert testimony. FED. R. CRIM. P. 12.2(b). The law further requires that, if such evidence is presented, the United States must have an opportunity to examine the defendant and rebut such expert testimony. FED. R. CRIM. P. 12.2(c); (R.220).

The defendant's attempt to categorize this testimony as a recitation of the defendant's statements is disingenuous. Even under the defendant's theory, his statements are only relevant to the extent that they were interpreted by someone with scientific expertise. The defendant made his statements to psychologists in a clinical setting. Clinical psychologists make diagnoses of their patients' mental diseases, defects, or conditions, based entirely on their clients' statements to them during clinical interviews. *Defendant's Rule 12.2 Notice* (R.161, at 2-3); *United States' Notice of Rebuttal Experts and Tests* (R.303, at 4-5). Clinical psychologists then recommend treatment based on their diagnosis. It is thus impossible to discuss the treatment recommended based on the statements made to a psychologist, without also discussing the diagnosis that connects the two.

The United States does not dispute that the defendant's statements to counselors are relevant to his mitigation case. Had the defendant not withdrawn his Rule 12.2 Notice, he could have taken the next step and offered evidence of the diagnosis itself. However, he did withdraw that notice. (R.317). Further, after an *in camera* and *ex parte* colloquy on April 30, 2019, the defendant confirmed that it was the defendant's intent to withdraw his notice and he understood the consequences of his decision – including the possibility that certain evidence would be rendered inadmissible by the decision. *See also* (R.318, at 6).

## 2. The Court's Ruling on the Relevance of this Evidence Pre-Dated the Defendant's Withdrawal of His Rule 12.2 Evidence.

The defendant categorizes the United States' motion as a "re-litigation" of a prior order. In fact, the Court's ruling on this issue predated the Defendant's withdrawal of his Rule 12.2 Notice. To the extent that it was ever relevant that the University of Illinois Counseling Center allegedly failed to ensure that the defendant received additional treatment (i.e. allegedly misdiagnosed his mental condition), that relevance evaporated on April 26, 2019. (R.317).

The defendant was informed, both by the Court and his counsel, that withdrawing his Rule 12.2 notice would affect the evidence he was permitted to introduce in mitigation. He chose to abandon this mitigation evidence to avoid being examined by the United States' rebuttal experts. The Rules of Criminal Procedure demand that he not be allowed to sidestep the notice and examination requirements for mental health evidence to present an unopposed and misleading account of the events. *Kansas v. Cheever*, 134 S. Ct. 596, 598 (2013); *Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987); *LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014); *United States v. Curtis*, 328 F.3d 141, 144-45 (4th Cir. 2003); *United States v. Lewis*, 53 F.3d 29, 35 n.9 (4th Cir. 1995); *United States v. Albright*, 388 F.2d 719, 724-25 (4th Cir. 1968); *United States v. Wilson,* 493 F. Supp. 2d 348, 350-51 (E.D.N.Y. 2006); *United States v. Johnson*, 383 F. Supp. 2d 1145 (N.D. Iowa 2005); *United States v. Fell*, 372 F. Supp. 2d 753 (D. Vt. 2005); *United States v. Haworth*, 942 F. Supp. 1406, 1407-08 (D.N.M. 1996) (recognizing that "the basic tool of psychiatric study remains the personal interview. . . [and] [t]he

4

Government's expert cannot meaningfully address the defense expert's conclusions unless the Government's expert is given similar access to the 'basic tool' of his or her area of expertise: an independent review with and examination of the defendant"); *United States v. Byers*, 740 F.2d 1104, 1113 (D.C. Cir. 1984) (noting that rebuttal expert testimony is perhaps "'the most trustworthy means of attempting to meet' the burden of proof.")

WHEREFORE, the United States respectfully requests that the Court grant its motion to exclude this evidence (R.373).

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

| | |
|---|---|
| /s/Eugene L. Miller | /s/ James B. Nelson |
| Eugene L. Miller | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC  20004 |
| eugene.miller@usdoj.gov | Phone: 202/598-2972 |
| | james.nelson@usdoj.gov |

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov