E-FILED
Monday, 24 June, 2019  06:16:19 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### THE UNITED STATES OF AMERICA'S PROPOSED
### JURY INSTRUCTIONS FOR THE PENALTY PHASE

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby files its proposed jury instructions for the penalty phase of trial.[1]

### PRELIMINARY INSTRUCTIONS

Instructions 1 (Introduction), 2 (Burden of Proof), and 3 (Evidence) are designed to be given at the beginning of the sentencing hearing, before the introduction of evidence. They are intended to be a concise overview, so that the jury has a basic understanding of the decisions it will be called upon to make.  Instructions 4 through 16 are designed to be given at the close of the penalty phase evidence.

---

[1] In order to assist the Court, the United States has provided footnotes and annotations citing legal support for many of its instructions.  The United States will submit a copy of these instructions without footnotes or annotation to go back with the jury for their deliberations.

1

Respectfully submitted,
JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

2

## 1.  INTRODUCTION TO SENTENCING HEARING

Members of the jury, you have unanimously found the defendant guilty of the capital offense of Kidnapping Resulting in Death as charged in Count One of the indictment. You must now consider whether imposition of a sentence of death is justified, or whether the defendant should be sentenced to life imprisonment without the possibility of parole.[2]

The law leaves this decision exclusively to you, the jury. If you determine[3] that the defendant should be sentenced to death, the court is required to impose that sentence. Before you may consider whether to impose a sentence of death, you must make each of the following three findings unanimously and beyond a reasonable doubt:

**FIRST**, you must find unanimously and beyond a reasonable doubt, that the defendant was 18 years of age, or older, at the time of the offense.

**SECOND,** you must find unanimously and beyond a reasonable doubt that the government has proved the existence of at least one of the following factors set forth in the federal death penalty statute, which I will call and from now on refer to as "threshold

---

[2] In *Simmons v. South Carolina*, 512 U.S. 154, 156 (1994), the Supreme Court held that where a defendant's future dangerousness was at issue and the only sentencing alternative to the death penalty under state law was life imprisonment without possibility of parole, due process required that the sentencing jury be informed that the defendant was ineligible for parole.  The Court reiterated that holding in *Shafer v. South Carolina*, 121 S.Ct. 1263, 1273 (2001).

[3] Although the statute uses the word "recommend," the jury's determination is binding; the court must impose the sentence the jury "recommends" unless a new trial is ordered. The use of the word "recommend" might tend to diminish the jury's sense of its ultimate responsibility for determining the sentence. *See Caldwell v. Mississippi*, 472 U.S. 320 (1985) and *Jones v. United States*, 527 U.S. 371, 381-82 (1999).

intent factors":

    A.    that the defendant intentionally killed Yingying Zhang;

    B.    that the defendant intentionally inflicted serious bodily injury that resulted in the death of Yingying Zhang;

    C.    that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than himself, and Yingying Zhang died as a direct result of the act;

    D.    that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than himself, such that participation in the act constituted a reckless disregard for human life and Yingying Zhang died as a direct result of the act.

You may consider and find during your deliberations more than one threshold intent factor with regard to a particular capital count, but your finding as to the existence of each threshold intent factor must be unanimous and beyond a reasonable doubt.

    **THIRD**, you must also find unanimously and beyond a reasonable doubt that the government has proved the existence of at least one aggravating factor identified by the government and set forth in the federal death penalty statute, which I will call and from now on refer to as "statutory aggravating factors." I will define the term "statutory aggravating factor" for you shortly.

4

If you, the jury, unanimously find that the defendant was 18 years of age or older, and that at least one threshold intent factor and at least one statutory aggravating factor have been proved beyond a reasonable doubt, you will then proceed to determine whether you unanimously find that the government has proved the existence of any non-statutory aggravating factors beyond a reasonable doubt, and whether any of you finds that the defendant has proved any mitigating factors by a preponderance of the evidence. I will define the terms "non-statutory aggravating factor" and "mitigating factor" for you shortly.

Each of you must then engage in a weighing process. If you unanimously find that the aggravating factor or factors that you as a jury all found to exist sufficiently outweigh any mitigating factor or factors that any of you[4] found to exist to justify imposition of a sentence of death, or, if, in the absence of a mitigating factor or factors, you find that the aggravating factor or factors alone are sufficient to justify imposition of a sentence of death, the law provides that the jury is to recommend that the defendant shall be sentenced to death.[5]

---

[4] In *Jones v. United States*, 527 U.S. 373, 377 (1999), the Supreme Court held that the jury may consider a mitigating factor in its weighing process so long as one juror accepts the factor as mitigating by a preponderance of the evidence. Conversely, a juror in weighing mitigating factors is not required to consider mitigating factors found only by other jurors. *See United States v. Webster*, 162 F.3d 308, 327-28 (5th Cir. 1998).

[5] In *Blystone v. Pennsylvania*, 494 U.S. 299 (1990), the Supreme Court held that it was not unconstitutional to require a jury to return a death verdict if it found either (1) the existence of at least one aggravator and no mitigating factors, or (2) one or more aggravating factors that outweighed any mitigating factors. The Court explained that, despite the "mandatory" aspects of this capital sentencing scheme, the aggravators served adequately to narrow the class of death

5

If, after weighing the aggravating and mitigating factors, you the jury unanimously determine that a sentence of death is not justified, you shall enter a decision on the special verdict form to this effect and the court shall thereafter impose upon the defendant a sentence of life imprisonment without the possibility of parole.

Again, whether or not the circumstances in this case justify a sentence of death is a decision that the law leaves entirely to you. You should not take anything I may say or do during this sentencing hearing as indicating what I think of the evidence or what I think your decision should be.

Two terms that you have already heard and will hear throughout this sentencing hearing are "aggravating factors" and "mitigating factors." These factors have to do with the circumstances of the crime or the record, character, or background of the defendant and

---

eligible defendants, and the jury was permitted without restriction to consider and give effect to all relevant mitigating evidence, as required by *Lockett v. Ohio*, 438 U.S. 586 (1978) and its progeny. The fact that other states did not have comparable "mandatory" provisions in their statutes was of no constitutional significance.

In *Boyde v. California*, 494 U.S. 370 (1990), the Supreme Court held that there is no constitutional requirement of unfettered sentencing discretion in the jury and the jury need not have the freedom to decline to impose the death penalty even if the jury decides that the aggravating circumstances outweigh the mitigating circumstances. *Id.* at 377. In the Title 21 death penalty statute, Congress included language requiring the jury to be instructed that it never has to recommend a death sentence, no matter what factors it finds or how they are weighed. Some legislators sought the inclusion of similar language in the Title 18 death penalty statute, *see, e.g.* 140 Cong. Rec. H2334 (Apr. 14, 1994)(daily edition) (Rep. Brooks); 140 Cong. Rec. H2334-H2335 (Apr. 14, 1994)(daily ed.)(Rep. Schumer), but inclusion was specifically rejected on grounds that it would undermine the goal in *Furman v. Georgia*, 408 U.S. 238 (1972), of eliminating unbridled discretion, *see, e.g.* 140 Cong. Rec. H6211 (July 26, 1994)(daily ed.)(Rep. Gekas); 140 Cong Rec. H6212 (July 26, 1994)(daily ed.)  In fact, the House passed language that would have codified *Blystone*; the final result after the conference with the Senate was the current language in Title 18. The fact that language similar to that found in the Title 21 statute was omitted from the Title 18 procedures indicates that the jury is not free to disregard the results of the weighing process.

the effect of the offense on the victim and the victim's family.[6]

The word "aggravate" means "to make worse or more offensive" or "to intensify." The word "mitigate" means "to make less severe" or "to moderate." An aggravating factor, then, is a fact or circumstance which would tend to support imposition of the death penalty. A mitigating factor is any aspect of a defendant's character, background, or record, any circumstance of the offense(s), or any other relevant fact or circumstance which might indicate that the defendant should be sentenced to life imprisonment without the possibility of parole.

In the federal death penalty statute, Congress has identified a number of aggravating factors and they are listed in the statute. These are called statutory aggravating factors. As I instructed you earlier, before you may consider imposition of the death penalty, you must find that the government proved at least one of these statutory aggravating factors specifically listed in the federal death penalty statute, and your finding must be unanimous and beyond a reasonable doubt.

You may also find non-statutory aggravating factors, which are those not specifically set out by Congress in the federal death penalty statute, but which have been specifically identified by the government for your consideration in this case. Again, your finding that any non-statutory aggravating factor exists must be unanimous and beyond a reasonable

---

[6] 18 U.S.C. §3593(a) provides that aggravating factors "may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family." Some kinds of "victim impact" evidence are clearly admissible, i.e., evidence which amounts to "circumstances of the crime." *See Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597 (1991).

doubt.

During your deliberations you may consider and find more than one statutory aggravating factor and more than one non-statutory aggravating factor.  Your finding as to each factor; however, must be unanimous and beyond a reasonable doubt.

The defendant has the burden of proving any mitigating factors. However, there is a different standard of proof as to mitigating factors.  You need not be convinced beyond a reasonable doubt about the existence of a mitigating factor; you need only be convinced that it is more likely true than not true in order to find that it exists. A unanimous finding is not required. Any one of you may find the existence of a mitigating factor, regardless of the number of other jurors who may agree, and anyone who so finds may consider and weigh that mitigating factor in determining the appropriate sentence in this case.  You are not required to "weigh" a mitigating factor that you have not personally found to be proven.[7]

If you the jury have unanimously found beyond a reasonable doubt that at least one threshold intent factor and at least one statutory aggravating factor exists, each of you then must weigh the aggravating factors - statutory and non-statutory - you have all found to exist against any mitigating factors you have individually found to exist, to determine the appropriate sentence.

I will give you detailed instructions regarding the weighing of aggravating and mitigating factors before you begin your deliberations.  However, I instruct you now that you must not simply count the number of aggravating and mitigating factors and reach a decision

---

[7] *Webster*, 162 F.3d at 327-28.

8

based on which number is greater; you must consider the weight and value of each factor.

**The government alleges the following threshold intent factors:**

1(A).  The defendant intentionally killed the victim, Yingying Zhang. To establish that the defendant intentionally killed the victim, the government must prove that the defendant killed the victim with a conscious desire to cause the victim's death.

1(B).  The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, Yingying Zhang. The government must prove that the defendant deliberately caused serious injury to the victim's body which in turn caused the victim's death. "Serious bodily injury" means a significant or considerable amount of injury which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of a body member, organ or mental faculty.

1(C). The defendant intentionally participated in an act, contemplating that the life of a person, Yingying Zhang, would be taken and intending that lethal force would be used in connection with a person, other than himself, and the victim, Yingying Zhang died as a direct result of the act. The government must prove that the defendant deliberately kidnapped Yingying Zhang with a conscious desire that she be killed or that lethal force be employed against her. The phrase "lethal force" means an act [or acts] of violence capable of causing death.

1(D). The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than himself, such that

participation in the act constituted a reckless disregard for human life and Yingying Zhang died as a direct result of the act.

**The government alleges the following statutory aggravating factors:**

1.  **Death during commission of another crime**. The death, or injury resulting in death, occurred during the commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).

2.  **Heinous, cruel, or depraved manner of committing the offense.** The defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Yingying Zhang.

3.  **Substantial planning and premeditation.** The defendant committed the offense after substantial planning and premeditation to cause the death of a person

**The government alleges the following non-statutory aggravating factors:**

1.  **Victim impact.** The defendant caused injury, harm, and loss to Yingying Zhang and loss to her family, friends, and co-workers. The injury, harm, and loss caused by the defendant is evidenced by Yingying Zhang's personal characteristics and by the impact of her death upon her family, friends, and co-workers, and the impact of the defendant's crime on Yingying Zhang's family tends to support the death penalty.

2.  **Future dangerousness of the defendant.** The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, his demonstrated lack of remorse for his acts of violence; his expressed desire to be known as a killer; and his claims of

additional victims and expertise in avoiding detection, and his dangerousness tends to support the death penalty.

**3.** **Lack of remorse.** The defendant has demonstrated, by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Yingying Zhang, and his lack of remorse tends to support the death penalty.

**4.** **Vulnerability of victim.** The victim, Yingying Zhang, was particularly vulnerable due to her small stature and limited ability to communicate in English, and her vulnerability tends to support the death penalty.

**5.** **Obstruction**. The defendant attempted to obstruct the investigation of this offense by, at least, making false statements to investigators; destroying or concealing the victim's remains; and sanitizing the crime scene, and this obstruction tends to support the death penalty.

**The defendant alleges the following mitigating factors:** [List factors]][8]

---

[8] Whether to list the aggravating and mitigating factors for the jury at the preliminary stage of the sentencing phase is a decision for the district court to make depending on the circumstances of the case before it.

## 2. BURDEN OF PROOF

**This instruction is designed to be given at the beginning of the sentencing hearing, before the introduction of evidence.**

As I have just instructed you, the government must meet its burden of proving threshold intent factors, statutory aggravating factors, and non-statutory aggravating factors beyond a reasonable doubt. The defendant does not have the burden of disproving the existence of anything the government must prove beyond a reasonable doubt. The burden is wholly upon the government; the law does not require the defendant to produce any evidence at all.  As such, the defendant is not required to assert or establish any mitigating factor.

However, if mitigating factors are asserted, it is the defendant's burden to prove any mitigating factors by a preponderance of the evidence. Preponderance of the evidence is a lesser standard of proof than proof beyond a reasonable doubt. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which of the evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The existence of an aggravating factor or a mitigating factor is not necessarily determined by the greater number of witnesses or exhibits presented by the government or the defendant.  Rather, it is the quality and persuasiveness of the evidence that controls.

12

### 3. EVIDENCE. [9]

**This instruction is designed to be given at the beginning of the sentencing phase, before the introduction of evidence.**

In making all the determinations you are required to make in this phase of the trial, you may consider any evidence that was presented during the guilt phase of the trial as well as evidence that is presented at this sentencing hearing.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding what testimony of any witness to believe, consider the

---

[9] The Supreme Court has emphasized the importance of providing the jury with all relevant and reliable information. *Jurek v. Texas*, 428 U.S. 262, 276 (1976); *Gregg v. Georgia*, 428 U.S. 153, 203-04 (1976), (opinion of Stewart, Powell, and Stevens, JJ.) ("it [is] desirable for the jury to have as much information as possible when it makes the sentencing decision"); *accord Payne v. Tennessee*, 501 U.S. 808, 820-21, 111 S.Ct. 2597, 2606 (1991) (the prosecutor is free to offer "a wide range of relevant material" in a capital sentencing proceeding); *see also* 18 U.S.C. § 3661 (use of information for sentencing) ("No limitation shall be placed on the information concerning the background, character, and conduct of [the defendant]."); *accord* Fed. R. Crim. P. 32(a).

Probably for this reason, § 3593(c) uses the word "information" rather than "evidence." It provides that "[i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." Nevertheless, it is recommended that you consider the use of the word "evidence," to avoid the possibility of juror confusion.

Several lower courts have rejected defense attacks on the "relaxed" evidentiary standards applicable at the penalty phase of the trial. *See, e.g.*, *United States v. Allen*, 247 F.3d 741, 760- 61 (8th Cir. 2001); *United States v. Jones*, 132 F.3d 232, 241-42 (5th Cir. 1998), *aff'd,* 527 U.S. 373 (1999); *United States v. Minerd*, 2001 WL 1463518 (W.D.Pa.); *United States v. Nguyen*, 928 F.Supp. 1525, 1546 (D. Kan. 1996) and cases cited therein. For a discussion of some of the issues that have arisen because of the non-applicability of the Federal Rules of Evidence in capital sentencing proceedings, *see United States v. Beckford*, 964 F. Supp. 993 (E.D. Va. 1997).

witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

I cannot stress to you enough the importance of giving your careful and thorough consideration to all the evidence you have seen and heard.

### 4.   INTRODUCTION TO FINAL SENTENCING INSTRUCTIONS

**This instruction, and all of the instructions that follow, are designed to be given at the close of evidence, prior to deliberations.**

Members of the jury, it is again my duty to instruct you as to the law applicable to this sentencing hearing.

Regardless of any opinion you may have as to what the law may be - or should be - it would be a violation of your oaths as jurors to base your sentencing decision upon any view of the law other than that given to you in these instructions.

Some of the legal principles that you must apply to this sentencing decision duplicate those you followed in reaching your verdict as to the guilt of this defendant. Others are different. The instructions I am giving you now are a complete set of instructions on the law applicable to the sentencing decision. I have prepared them to ensure that you are clear in your duties at this stage of the case. I have also prepared a special verdict form that you must complete. The form details special findings you must make in this case and will help you perform your duties properly.

**[Repeat instructions on Burden of Proof and Evidence, and, if appropriate, Defendant's Right Not to Testify.]**

### 5. THRESHOLD INTENT FACTORS

15

Before you may consider the imposition of the death penalty, you must also unanimously find beyond a reasonable doubt that the defendant intentionally caused the death of Yingying Zhang in one of the manners described below.[10]  If you unanimously find that any of the threshold intent factors described below have been proven beyond a reasonable doubt, you should so indicate on pages 3 and 4 of the Special Verdict Form and continue your deliberations.  If you do not unanimously make that finding, you should so indicate on pages 3 and 4 of the Special Verdict Form, and follow the direction on page 4. No further deliberations will be necessary.

The government alleges that:[11]

---

[10] If the court instructs on multiple threshold intent factors, it must ensure the instructions state clearly that the jury's finding as to each particular threshold intent factor be unanimous.

[11] With respect to the issue of impermissible duplication, the court in *United States v. Tipton*, 90 F.3d 861, 899 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 2414 (1997) (a death penalty case arising under 21 U.S.C. §848(e)), which defines these mental states as aggravating factors, stated that the purpose for requiring the finding of intent is to focus the jury's attention upon the different levels of moral culpability that these specific circumstances might reasonably be thought to represent, thereby channeling jury discretion in the weighing process.

The court went on to note that:

To allow cumulative findings of these intended alternative circumstances, all of which do involve different forms of criminal intent, runs a clear risk of skewing the weighing process in favor of the death penalty and thereby causing it to be imposed arbitrarily, hence unconstitutionally.

*Id.*; *accord United States v. McCullah*, 87 F.3d 1136, 1137-38 (10th Cir. 1996), *cert. denied*, 117 S.Ct. 1699 (1997); *United States v. Beckford*, 968 F. Supp. 1080, 1083-84 and 1089 (E.D. Va. 1997) (jury could consider any mental states supported by the evidence, but could return a finding as to only one of the submitted factors); and *United States v. Johnson*, 1997 WL 534163, *4 (N. D. Ill. Aug. 20, 1997) (government may submit evidence that supports any of the four section 848(n)(1) factors, but the jury may only weigh one of those factors in the balancing of aggravating and mitigating circumstances when considering whether to impose the death penalty).  *But see United States v. Flores*, 63 F.3d 1342, 1372 (5th Cir. 1995), *cert. denied*, 117 U.S. 87 (1996), wherein the Fifth Circuit approved two (n)(1) findings by the jury based upon evidence in the record to support each. The

1(A).   The defendant intentionally killed the victim, Yingying Zhang.  To establish that the defendant intentionally killed the victim, the government must prove that the defendant killed the victim with a conscious desire to cause the victim's death.

1(B).   The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, Yingying Zhang. The government must prove that the defendant deliberately caused serious injury to the victim's body which in turn caused the victim's death. "Serious bodily injury" means a significant or considerable amount of injury which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of a body member, organ or mental faculty.

1(C). The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than himself, and the victim, Yingying Zhang died as a direct result of the act.  The government must prove that the defendant deliberately kidnapped Yingying Zhang with a conscious desire that she be killed or that lethal force be employed against

---

Court stated, "Although the ultimate goal is the same - the victim's death - the defendant's intentions as to how he will achieve that goal are not singular. It is not irrational for Congress to decide that a defendant with such dual intent should be treated as more deserving of death than a defendant with only one." *Id*.

Title 18 Section 3591(a)(2) does not define 1(A) - (D) as statutory aggravating factors which are weighed in determining whether to impose the death penalty, and therefore, the same concerns addressed in *Tipton* and *McCullah* are not present. *United States v. Webster*, 162 F.3d 308 (5th Cir. 1998); *accord United States v. Minerd*, 2001 WL 1463518 (W.D.Pa.). In Title 18 homicide prosecutions, there is no bar to the jury's making multiple findings under Section 3591(a)(2); however, the court should specifically instruct the jury that these threshold intent factors should not be considered when weighing the aggravating and mitigating factors. *Id*., 162 F.3d at 323-24.

her. The phrase "lethal force" means an act, or acts, of violence capable of causing death.

1(D).   The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than himself, such that participation in the act constituted a reckless disregard for human life and Yingying Zhang died as a direct result of the act.

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

During your deliberations you may consider and find more than one threshold intent factor, but your finding as to each must be unanimous and beyond a reasonable doubt.[12] Any finding that one or more of the threshold intent factors have been proven unanimously and beyond a reasonable doubt must be based upon the defendant's actions and intent.[13]

With regard to your findings, you may not rely solely upon your previous verdict of guilt or your factual determinations therein. Instead, you must now each decide this issue for yourselves again.

---

[12] The instructions and special verdict forms must ensure that the jury makes separate sentence determinations as to each count, and, in those cases where multiple capital defendants are charged in particular counts, as to each defendant. *United States v. Causey*, 185 F.3d 407, 423 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 2747 (2000).

[13] *See United States v. Tipton*, 90 F.3d 861, 900-01 nn 23,24 (4th Cir. 1996), *cert. denied*, 520 U.S. 1253 (1997) (no vicarious liability for either threshold intent factors or aggravating factors).

**6. INTRODUCTION TO STATUTORY AGGRAVATING FACTORS**

If, and only if, you unanimously find beyond a reasonable doubt that the defendant intentionally committed the murder of, or committed acts resulting in the death of, Yingying Zhang in the manner described in Instruction 5, you must then proceed to

19

determine whether the government has proven beyond a reasonable doubt the existence of any of the following statutory aggravating factors with respect to that murder.

If you unanimously find that the government has proven any of the following statutory aggravating factors beyond a reasonable doubt, you should so indicate in Section III on page 5 of the Special Verdict Form and continue your deliberations. If you do not unanimously find that the aggravating factors have been proven beyond a reasonable doubt, you should so indicate on page 5 of the Special Verdict Form, and follow the directions on page 6. No further deliberations will be necessary.

**The first statutory aggravating factor alleged by the government is:**

**Death during commission of another crime**. The death, or injury resulting in death, occurred during the commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).

**The second statutory aggravating factor alleged by the government is:**

**Heinous, cruel, or depraved manner of committing the offense.** The defendant committed the offense in an especially heinous, cruel, or depraved manner, in that it involved torture or serious physical abuse to the victim, Yingying Zhang.

**The third statutory aggravating factor alleged by the government is:**

**Substantial planning and premeditation.** The defendant committed the offense after substantial planning and premeditation to cause the death of a person.

At this point, the law directs you to consider and decide the existence or non-existence of the statutory aggravating factors specifically claimed by the government. You

are reminded that to find the existence of a statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

During your deliberations you may consider and find more than one statutory aggravating factor, but your finding as to each must be unanimous and beyond a reasonable doubt.

Any finding that one or more of the statutory aggravating factors have been proven unanimously and beyond a reasonable doubt must be based upon the defendant's actions and intent.

With regard to your findings, you may not rely solely upon your previous verdict of guilt or your factual determinations therein. Instead, you must now each decide this issue for yourselves again.

## 7. STATUTORY AGGRAVATING FACTORS

### 7.1 Death or Injury Resulting in Death During the Commission of a Kidnapping

The United States alleges that the death of Yingying Zhang occurred during the commission of the crime of kidnapping, in violation of Title 18, United States Code, Section 1201.

**7.2** **Commission of the Offense in an Especially Heinous, Cruel, or Depraved Manner**

The United States alleges that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Yingying Zhang. To establish that the defendant killed the victim in an especially heinous, cruel, or depraved manner, the government must prove that the killing involved either torture or serious physical abuse to the victim. You must not find this factor to exist unless you unanimously agree as to which alternative - torture or serious physical abuse - has been proven beyond a reasonable doubt. In other words, all twelve of you must agree that it involved torture and was thus heinous, cruel or depraved, or all twelve of you must agree that it involved serious physical abuse to the victim and was thus heinous, cruel or depraved.[14]

"Heinous" means extremely wicked or shockingly evil, where the killing was accompanied by such additional acts of torture or serious physical abuse of the victim as to set it apart from other killings.

"Cruel" means that the defendant intended to inflict a high degree of pain by torturing or seriously physically abusing the victim in addition to killing the victim.

"Depraved" means that the defendant relished the killing or showed indifference to the suffering of the victim, as evidenced by torture or serious physical abuse of the

---

[14] This statutory aggravator contains the disjunctive phrases "torture or serious physical abuse." Juror unanimity as to one of these two disjunctive elements is required to support a finding of this aggravator. In *United States v. Jones*, 132 F.3d 232, 250 n.12 (5th Cir. 1998), aff'd, 527 U.S. 373 (1999), the instruction given did not require specific unanimity as to whether defendant inflicted torture or serious physical abuse.

victim.

"Torture" includes mental as well as physical abuse of the victim.  In either case, the victim must have been conscious of the abuse at the time it was inflicted, and the defendant must have specifically intended to inflict severe mental or physical pain or suffering upon the victim, in addition to the killing of the victim.

Severe mental pain or suffering means prolonged mental harm caused by or resulting from intentionally inflicting or threatening to inflict severe physical pain or suffering, or the threat of imminent death.

"Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body. Serious physical abuse -- unlike torture -- may be inflicted either before or after death and does not require that the victim be conscious of the abuse at the time it was inflicted. However, the defendant must have specifically intended the abuse in addition to the killing.

Pertinent factors in determining whether a killing was especially heinous, cruel, or depraved include: an infliction of gratuitous violence upon the victim above and beyond that necessary to commit the killing; the needless mutilation of the victim's body; the senselessness of the killing; and the helplessness of the victim.

The word "especially" means highly or unusually great distinctive, peculiar, particular, or significant, when compared to other killings.

### 7.3 Commission of the Offense After Substantial Planning and Premeditation

The United States alleges that the defendant committed the offense after substantial planning and premeditation to cause the death of a person.

23

"Planning" means mentally formulating a method for doing something or achieving some end.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand. "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation.[15]

---

[15] *See United States v. McCullah*, 76 F.3d 1087, 1110-1111 (10th Cir. 1996) ("'Substantial' planning does not require "considerably more planning than is typical" but rather it means "considerable" or "ample for commission of the crime.'"), *cert. denied*, 117 S.Ct. 1699 (1997); *United States v. Tipton*, 90 F.3d 861, 896 (4th Cir.) ("substantial" means "more than the minimum amount sufficient to commit the offense" or "'more than merely adequate.'"), *cert. denied*, 117 S.Ct. 2414 (1996); *United States v. Flores*, 63 F.3d 1342, 1374 (5th Cir. 1995) ("substantial" denotes "a thing of high magnitude" and "the term alone, without further explanation, [is] sufficient to convey that meaning and to enable the jury to make an objective assessment), *cert.denied*, 117 S.Ct. 87 (1996).

## 8  NON-STATUTORY AGGRAVATING FACTORS

### 8.1 Introduction to Non-Statutory Aggravating Factors

If, and only if, you have found that the government has proven the existence of one or more threshold intent factors and the existence of one or more statutory aggravating factors unanimously and beyond a reasonable doubt, you must then consider whether the government has proven the existence of any non-statutory aggravating factors.

As in the case for statutory aggravating factors, you must unanimously agree that the government has proven beyond a reasonable doubt the existence of any of the alleged non-statutory aggravating factors before you may consider such factors in your deliberations on the appropriate punishment for the defendant in this case.

In addition to any statutory aggravating factors you have found, the law permits you to consider and discuss only the non-statutory aggravating factors specifically claimed by the government and listed below. You are not free to consider any other facts in aggravation which you conceive of on your own.

During your deliberations you may consider and find more than one non-statutory factor, but your finding as to each must be unanimous and beyond a reasonable doubt.

Any finding that one or more of the non-statutory aggravating factors have been proven unanimously and beyond a reasonable doubt must be based upon the defendant's actions and intent.

**The non-statutory aggravating factors alleged by the government are that:**

**1.     Victim impact.** The defendant caused injury, harm, and loss to Yingying Zhang and loss to her family, friends, and co-workers. The injury, harm, and loss caused by

the defendant is evidenced by Yingying Zhang's personal characteristics and by the impact of her death upon her family, friends, and co-workers, and the impact of the defendant's crime on Yingying Zhang's family tends to support the death penalty.

**2.**     **Future dangerousness of the defendant.** The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, his demonstrated lack of remorse for his acts of violence; his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detection, and his dangerousness tends to support the death penalty.

**3.**     **Lack of remorse.** The defendant has demonstrated, by statements he made following the offense, that he lacked remorse for the kidnapping resulting in the death of Yingying Zhang, and his lack of remorse tends to support the death penalty.

**4.**     **Vulnerability of victim.** The victim, Yingying Zhang, was particularly vulnerable due to her small stature and limited ability to communicate in English, and her vulnerability tends to support the death penalty.

**5.**     **Obstruction**. The defendant attempted to obstruct the investigation of this offense by, at least, making false statements to investigators; destroying or concealing the victim's remains; and sanitizing the crime scene, and this obstruction tends to support the death penalty.

Unlike the requirement regarding statutory aggravating factors, the jury is not required to find the existence of a non-statutory aggravating factor before proceeding to the weighing process.

## 9. MITIGATING FACTORS

### 9.1  Introduction to Mitigating Factors

Before you may consider the appropriate punishment for Count One, you must consider whether the defendant has established the existence of any mitigating factors. A mitigating factor can either be a statutory mitigating factor or a non-statutory mitigating factor. A mitigating factor is a fact about the defendant's background, record, or character, or about the circumstances surrounding the offense that would suggest that a sentence of life imprisonment without the possibility of parole is the appropriate punishment.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order for you to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a statutory mitigating factor by a preponderance of the evidence must consider it in the final weighing of aggravating and mitigating factors.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely than not true.  In Section 5 of the Special Verdict Form relating to mitigating factors, you are asked, but not required, to report the total number of jurors that find a particular mitigating factor established by a preponderance of the evidence.

27

**9.2**    **Mitigating Factors Enumerated**

The statutory mitigating factors which the defendant asserts he has proved by a preponderance of the evidence are: (Include any of the following applicable mitigating factors):

You are permitted to consider anything else about the commission of the crime, or about the defendant's background, record, or character that would mitigate against imposition of the death penalty which I will call and from now on refer to as non- statutory mitigating factors.[16] These additional non-statutory mitigating factors asserted by the defendant as mitigating against imposition of the death penalty are:[17]

If there are any such mitigating factors, whether or not specifically argued by

---

[16] As a constitutional matter, a court is not required to instruct a jury on how to consider mitigating factors or on specific mitigating factors at issue in the case. *Buchanan*, 522 U.S. at 276-79; *Webster*, 162 F.3d at 327. In a federal capital case, however, the statutory schemes of the applicable death penalty statutes appear to support giving legally correct instructions concerning mitigating factors. Thus, for example, a court should instruct the jury on any arguably applicable statutory mitigating factors, and advise the jury that those factors are legislatively required to be considered in the final weighing process by any jurors who find that the factors are supported by the evidence. *See* 18 U.S.C. § 3592(a) ("In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following"); 21 U.S.C. § 848(m) (similar language). With respect to non- statutory mitigating factors, the court should advise the jury to determine whether the factor is supported by the evidence *and* whether it is mitigating in nature. 18 U.S.C. § 3592(a)(8) (permitting the jury to consider those non-statutory factors "that mitigate against imposition of the death sentence"); 21 U.S.C. § 848(m)(10) (similar language). If the jury finds the fact not to be mitigating, the fact need not necessarily be considered in the final weighing process. *See Paul*, 217 F.3d at 1000. *Cf* 18 U.S.C. § 3592(c); 21 U.S.C. § 848(n) (both provisions limiting the consideration of non-statutory aggravating factors to those specified in the Government's death penalty notice); *Tuilaepa v. California*, 512 U.S. 967, 975-80 (1994) (involving a state death penalty scheme that allowed certain specified factors to be considered either as mitigating or as aggravating, in the jury's discretion).

[17] To avoid jury confusion in the event that a juror concludes that the facts supporting the mitigator have been proven, but does not consider those facts to be mitigating, each mitigating factor falling within the "catch-all" §3592(a)(8) provision should include language that the factor is mitigating as that term has been defined for the jury.

defense counsel, which are established by a preponderance of the evidence, any juror, either individually or with other jurors, is free to consider them during your deliberations.[18]

In Section 5 on Page 10 of the Special Verdict Form you are asked to identify any mitigating factors that any one of you finds has been proved by a preponderance of the evidence, but you are not required to do so.[19]

---

[18] *See United States v. Webster*, 162 F.3d at 327.

[19] The Seventh Circuit has recommended that in the event that the jury is required to make written findings of mitigating factors common to multiple capital counts in a single case, the jury be instructed to make only a single set of findings as to the common mitigating factors so as to avoid inconsistent findings. *United States v. Johnson*, 223 F.3d 665, 675-76 (7th Cir. 2000).

## 10. Weighing Aggravation and Mitigation

If, and only if, you find unanimously and beyond a reasonable doubt that the government proved the existence of at least one threshold intent factor and that the government proved the existence of at least one statutory aggravating factor; and after you then determine whether the government proved the existence of the non-statutory aggravating factors submitted to you, and whether the defendant proved the existence of any mitigating factors, you will then engage in a weighing process.

In determining the appropriate sentence, all of you must weigh the aggravating factor or factors that you unanimously found to exist beyond a reasonable doubt -- whether statutory or non-statutory -- and each of you must weigh any mitigating factor(s) that you individually, or with others, found to exist.  You are not required to "weigh" a mitigating factor that you have not personally found to be proven.[20]

Although I have previously instructed you that you must unanimously find at least one of the threshold intent factors proved beyond a reasonable doubt for the defendant to be eligible for a sentence of death, I instruct you now that the threshold intent factor(s) shall not be considered when weighing the aggravating and mitigating factors. Once again, you must weigh only the aggravating factor or factors that you unanimously found to exist beyond a reasonable doubt -- whether statutory or non-statutory -- and each of you must weigh any mitigating factor(s) that you individually, or with others, found to exist.

In engaging in the weighing process, you must avoid any influence of passion,

---

[20] *Webster*, 162 F.3d at 327-28.

30

prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

Again, whether or not the circumstances in this case justify a sentence of death or life imprisonment without the possibility of parole is a decision that the law leaves entirely to you.

The process of weighing aggravating and mitigating factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater; you should consider the weight and value of each factor.

The law contemplates that different factors may be given different weights or values by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proven do not, standing alone, justify imposition of a sentence of death. Similarly, you may unanimously find that a particular aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death. Each juror must decide what weight or value is to be given to a particular aggravating or mitigating factor in the decision-making process.

## 11. Determination of Sentence

**Sentence of Death**

If you unanimously determine that the aggravating factors that you have found to exist sufficiently outweigh the mitigating factors that you have found to exist to justify a sentence of death, you shall record your determination that death is justified in Section 6, on Page 12 of the Special Verdict Form.

**Sentence of Life**

If you unanimously determine that the aggravating factors that you have found to exist do not sufficiently outweigh the mitigating factors that you have found to exist to justify a sentence of death, you shall record your determination that defendant be sentenced to life imprisonment without possibility of parole in Section 6 on Page 12 of the Special Verdict Form.

## 12.      Consequences of Deliberations

At the end of your deliberations, if you unanimously determine that the defendant should be sentenced to death, or to life imprisonment without possibility of parole, the court is required to impose that sentence.[21]

---

[21] In *Jones v. United States*, 527 U.S. 373 (1999), the Supreme Court held that if the jury reaches a result other than a unanimous verdict recommending a sentence of death or of life imprisonment without possibility of parole, the district court shall impose a sentence less than death. The Court also held that the Eighth Amendment does not require that the jury be instructed regarding the consequences of their failure to agree. Id. Finally, the Court declined to exercise its supervisory powers to require that such an instruction be given in every case.

33

**13.**     **Duty to Deliberate - ("Allen" Charge)**

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans; you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully consider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

Please go back now to finish your deliberations in a manner consistent with your good judgment as reasonable persons.

34

**14.** **Justice without Discrimination**

In your consideration of whether the death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of either the defendant or the victim(s). You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of either the defendant [and] [or any]  victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement. Each juror should carefully read the statement, and sign in the appropriate place if the statement accurately reflects the manner in which each of you reached your decision.

**15.**     **Defendant's Right Not to Testify**

The defendant did not testify. There is no burden upon a defendant to prove that he or she should not be sentenced to death. The burden is entirely on the prosecution to prove that a sentence of death is justified. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your decision.

**16.** **Special Verdict Form**

I have prepared a form entitled "Special Verdict Form" to assist you during your deliberations. You are required to record your decisions on this form.

Section I of the Special Verdict Form contains space to record your findings on the defendant's age at the time of the offense;

Section II of the Special Verdict Form contains space to record your findings on the threshold intent factors;

Section III contains space to record your findings on statutory aggravating factors; and Section IV contains space to record your findings on non-statutory aggravating factors.

Section V of the Special Verdict Form contains space to record your findings on mitigating factors if you choose to do so.

Section VI of the Special Verdict Form contains space for you to record your determination of the appropriate sentence in this case.

Section VII of the Special Verdict Form provides space for you to confirm that your verdict in this case was not the result of any discrimination.  You are each required by law to sign Section VII the Special Verdict Form.