UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM REPLAYING THE RECORDINGS FROM THE VIGIL WALK IN PENALTY**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion *in Limine* to Preclude the Government From Replaying the Vigil Walk Tape in the Penalty Phase states as follows:

It is a long-standing principle that capital cases should not be decided on emotion or caprice. As stated in *Gardner v. Florida*, 430 U.S. 349, 357-58 (1977):

> From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.

By far the most disturbing piece of evidence in the government's case is the recording made by Terra Bullis on June 29, 2017, during which Mr. Christensen makes several graphic and detailed statements about how he killed Ms. Zhang. These

1

statements include representations of choking, stabbing, and decapitation. However, other than these statements, there is no evidence that the murder was committed in this manner. In fact, there are several demonstrably false statements also made by Mr. Christensen that night, including the allegation that he murdered twelve other people, including another Chinese woman, in the past. The government has acknowledged that there is no evidence whatsoever that these murders took place, despite lengthy and intense investigation.

Although obviously relevant to establishing Mr. Christensen's responsibility for the murder and his state of mind at the time, the manner in which he describes the murder is extremely prejudicial. At the guilt phase of the trial, the defense believed it would be frivolous to attempt to exclude the recording since it constituted evidence of Mr. Christensen's admission of guilt. However, it could not have anticipated that the government would play the most egregious portions of the tape not once, but *twice,* through the testimony of Special Agent Huckstadt and again through Ms. Bullis.

As we approach the penalty phase of this trial, it is clear that the probative value of this evidence is now outweighed by the prejudicial effect that it would have on the jury to hear this recording for a third time. Hearing those inflammatory statements yet again will prevent or substantially impair the ability of jurors to consider and weigh evidence in mitigation.

In *United States v. Con-Ui,* 13-cr-123 (M.D.Pa.), the district court faced a similar issue when the government wished to present a video recording of the murder of a

correctional officer. As in this case, it was the centerpiece of the government's case and showed disturbing images including the officer being kicked down a set of stairs, stabbed over 200 times, and depicted his suffering. Although declining to exclude the video in its entirety due to its importance to the government's case, the district court *did* limit the viewing of the video by the jury to one occasion. The court stated that "although I agree that the video is highly relevant in light of the statutory aggravating factors set out in the government's notice of intent, a second showing of the video would constitute merely 'a graphic depiction of an event that had already been thoroughly proven.' *United States v. Bailey,* 840 F.3d 99, 122 (3d Cir. 2016). More importantly, the standard governing admission of evidence at the penalty phase is different. The FDPA is more restrictive than Rule 403." Memorandum by Judge Caputo, R. 984 (attached hereto as Exhibit A).

    In the present case, the jury has already heard the recording of the Vigil Walk two separate times, and has heard specific portions of the video be emphasized through witness testimony. To allow a third playing of the recording during the penalty phase would be more prejudicial than probative and the Court should bar any additional display.

    WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org