IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S MOTION
TO SEAL AND FOR OTHER APPROPRIATE RELIEF**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and respectfully files this motion to seal allegations regarding incomplete plea discussions contained in the Defendant's Motion to Exclude Victim Impact Evidence (R.411), as well as for other appropriate relief. In support of this motion, the United States states as follows:

1. Prior to the guilt phase of the trial, the defendant filed various motions under seal requesting the Court to admit, during the penalty phase of the trial, evidence of incomplete plea discussions between the parties. (R.251) Thus, appropriately so, the defendant the jury from knowing that the defendant may have previously considered pleading guilty in exchange for the minimum sentence in the case.

2. The United States has opposed the defendant's motion to admit evidence of incomplete plea discussions. While the Court has not yet ruled on the defendant's sealed motion, it suggested that it intended to preclude this evidence from the sentencing phase in the event that the defendant contested guilt at trial.

3. The jury trial began on Wednesday, June 12, 2019. Although the defendant asserted in both opening and closing arguments that he had taken the victim to his apartment and killed her, he then challenged portions of the physical and forensic evidence, as well as portions of the testimony of the United States' witnesses and the veracity of the defendant's admissions.

4. On Wednesday, June 19, 2019, the defendant stated in a recorded jail call to his ex-wife that "I've got gossip and drama that I can't tell you about," and "there are certain things that, like, are obvious mistrials that you can't even deny no matter how much you want the trial to go on, that you have to grant a mistrial for and I'm pretty sure that if one of those things happens, you know, let's say like, no, I, I won't even come up with an example, but you know, you know the kinds of things, like [the Judge] would, he would just explode."

5. The jury convicted the defendant on all counts on June 24, 2019. Over the United States' objection, the Court granted the defendant's request to delay the start of the sentencing phase until July 8, 2019.

6. The day *after* the jury convicted the defendant, the defendant publicly disclosed his allegation, which is the subject of sealed litigation, that he was willing to plead guilty within six months of his arrest and provide information regarding the

location of the victim's remains in exchange for the minimum sentence in this case. More specifically, at 7:07 p.m. on June 25, 2019, the defendant filed an unsealed motion that included his factually incomplete recitation of the incomplete plea discussions. (R.411 at 9) The defendant's recitation was misleading, as it ignored critical facts within the negotiation and omitted the United States' response to the defendant's request for the minimum sentence.

7. Only 23 minutes after the defendant publicly filed this information, and before undersigned counsel had an opportunity to read the filing, the United States Attorney's Office was contacted by a local reporter inquiring, "Is this accurate? Did the prosecutors refuse this deal? If so, why?" Recognizing a jury is still empaneled regarding this matter, the United States refused to publicly comment on the filing.

8. Undersigned counsel immediately contacted defense counsel to inform her that these allegations in her pleading should have been filed under seal. While claiming the public filing was a mistake, counsel responded that there was nothing she could do because the Court was now closed. Undersigned counsel stated that the United States would be seeking remedial action and requested defense counsel to do the same.

9. The United States immediately contacted the Clerk of the Court to request that the public filing be sealed until the United States could file this motion to seal and obtain a sealing Order from the Court. In the meantime, however, defense counsel's inaccurate recitation regarding the incomplete plea negotiations was published in the media at 8:39 p.m. The article included a "screen grab" of the defendant's motion.  Ben

Zigterman, *Christensen's lawyers say he offered to plead guilty, reveal location of remains*, NEWS-GAZETTE (June 25, 2019), *available at* http://www.news-gazette.com/news/local/2019-06-25/christensens-lawyers-say-he-offered-plead-guilty-reveal-location-remains.html.

10. At 8:41 p.m., two minutes after the defendant's misleading and incomplete allegation regarding plea negotiations was reported in the press, defense counsel sent an e-mail to the Clerk of the Court, claiming that it "was filed publicly in error." The Clerk of the Court thereafter sealed the document pending this motion.

11. Given the context of the sealed litigation, the misleading and incomplete information contained in the motion, and the defendant's recent statements regarding a mistrial, the United States has grave concerns regarding this publicly disclosed allegation in the middle of trial.

12. This is especially concerning, given that defense counsel failed to file a document under seal on at least one prior occasion, which resulted in releasing into the public the name of the United States' confidential human source. Additionally, on a prior occasion, defense counsel withheld information from the Court regarding the availability of one of its expert witnesses, resulting in a continuance of the trial. Moreover, during this same trial, defense counsel had an outburst in chambers during jury selection, provided false information to the United States regarding the existence of a written report, and engaged in name calling of government counsel in open court.

13. As the Supreme Court has noted, "[n]either prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the

4

jurisdiction of the court should be permitted to frustrate its function. Collaboration between counsel and the press as to information affecting the fairness of a criminal trial is not only subject to regulation, but is highly censurable and worthy of disciplinary measures." *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) (noting that "courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences").

WHEREFORE, the United States respectfully requests that the Court seal the misleading allegations regarding incomplete plea negotiations contained in the Defendant's Motion to Exclude Victim Impact Evidence and that the Court grant other appropriate relief to maintain the fairness and dignity of the ongoing criminal trial.

Respectfully Submitted

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov