UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

RESPONSE TO MOTION TO EXCLUDE IMPROPER OPINION TESTIMONY
REGARDING THE DEFENDANT'S MENTAL HEALTH AS A TEENAGER

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully submits this Response the government's Motion to Exclude Improper Opinion Testimony Regarding the Defendant's Mental Health as a Teenager, (R. 403). Mr. Christensen has no intention of eliciting any of the types of opinion evidence that the government seeks to preclude and thus the Motion is moot.

**I.      Mr. Christensen Has No Intention of Presenting his Deauthorization Letter at the Penalty Phase.**

In its Motion, the government seeks to preclude Mr. Christensen from introducing "the unsupported allegations in the March 18, 2019, letter." (R. 403 at 2.) The government is referring to the letter he sent to the United States Attorney's Office for the Central District of Illinois and the Capital Case Section of the United States Department of Justice setting forth the bases for "deauthorization," or withdrawal of

the Notice of Intent to Seek the Death Penalty against him. Mr. Christensen has no intention of seeking to introduce that document at trial.

The government fails to specify the "unsupported allegations" with respect to which it seeks to preclude Mr. Christensen from introducing evidence in support. *Id.* at 1-2. Mr. Christensen will not be presenting unsupported allegations at the penalty phase. As noted, (R. 403 at 1), Mr. Christensen has provided the government with hundreds of pages of medical and mental health records, both with the deauthorization letter and through disclosures pursuant to Fed. R. Crim. P. 16. Mr. Christensen may well seek to introduce some or all of those records. Such historical evidence is not subject to the notice requirements of Fed. R. Crim. P. 12.2(b)(2).

Even if it were, however, as noted the government has been in possession of these records and aware of their content for months now. It has therefore suffered no prejudice, and the Committee Notes to Rule 12.2 make clear that preclusion of evidence is not warranted for technical notice violations where the government has suffered no harm. *See* Fed. R. Crim. P. 12.2 comm. n. 2002 ("The rule assumes that the sanction of exclusion will result only where there has been a complete failure to disclose the report. If the report is disclosed, albeit in an untimely fashion, other relief may be appropriate, for example, granting a continuance to the government to review the report.").

Nor does the introduction of historical records, many of which relate to family patterns and not to Mr. Christensen himself, give rise to any right of the government to request an evaluation of Mr. Christensen by an expert of their choosing under Rule 12.2(c)(1)(B). Mr. Christensen will present no expert testimony from mental health

2

professionals who have evaluated him in connection with this proceeding.[1] None of the historical evidence, not prepared by the defense in contemplation of litigation, and in no way a proxy for testimony by Mr. Christensen, would license government access to evaluate, interview, or interrogate Mr. Christensen. *See Kansas v. Cheever*, 571 U.S. 87, 84 (2013). Introduction of historical statements by defendant and his family would not constitute a waiver of the privilege against self- incrimination such that the government would be permitted to call the defendant as a witness to question him on the stand. That, in essence, is what it seeks to do here, in urging that historical records require its expert be permitted a custodial interrogation of Mr. Christensen.

The government's right to evaluate the defendant is strictly limited to rebuttal and it may not be granted access to more evidence than Mr. Christensen himself has. The government is free to challenge any conclusions in the records to the exact same extent that the defense is able to present them.

---

[1] Mr. Christensen may present the testimony of Dr. Peggy Pearson, M.D., a psychiatrist employed by the University of Illinois McKinley Health Center, who provided treatment to Mr. Christensen in the months preceding his arrest. However, Dr. Pearson's testimony and records are similarly not subject to the notice requirements of Rule 12.2, although once again the government has been in possession of Dr. Pearson's records for months. Nor do they trigger a request from the government to evaluate Mr. Christensen. Dr. Pearson's treatment of Mr. Christensen occurred prior to the commencement of this proceeding; it was in no way conducted for the purpose of this or any other litigation; and she had no further contact with Mr. Christensen following his arrest. Mr. Christensen himself is limited to presenting the contents of Dr. Pearson's records for, due to the passage of time, she has no independent recollection of Mr. Christensen; accordingly, the government should only be permitted to rebut them in the same manner, through use of the records on cross-examination.

## II. Mr. Christensen Has No Intention of Presenting Lay Opinion Regarding his Mental Health at the Penalty Phase.

The government further seeks to preclude Mr. Christensen from calling lay witnesses "to speculate about the inner workings of the defendant's mind or any potential diagnoses." *Id.* at 2. Mr. Christensen has no intention of presenting this type of testimony, either. He does expect to call a mitigation specialist for the purpose of introducing the aforementioned historical records of mental health issues in Mr. Christensen and his family, but that mitigation specialist will offer no interpretations, conclusions or opinions regarding the records or their contents.

WHEREFORE, Defendant respectfully requests that the Court deny the government's Motion as moot.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

>/s/Elisabeth R. Pollock
> Assistant Federal Public Defender
> 300 West Main Street
> Urbana, IL 61801
> Phone: 217-373-0666
> FAX:   217-373-0667
> Email: Elisabeth_Pollock@fd.org