E-FILED
Wednesday, 26 June, 2019  05:05:46 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION TO STRIKE OR CONSOLIDATE THE DEFENDANT'S PROPOSED MITIGATING FACTORS

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests the court to strike or consolidate certain proposed mitigating factors alleged by the defendant.  The bases for this motion follow.[1]

## ARGUMENT

On June 25, 2019, the defendant proposed 59 mitigating factors for the sentencing phase of trial – far in excess of the number proposed in other federal death penalty

---

[1] The defendant has also proposed a mitigating factor that the United States has objected to in previous motions, namely Proposed Factor 38.  (R.251). The defendant released this issue to the public and it has been reported in the press.  (R.411, 412).  The United States maintains its objection to this factor, stands on its prior briefing, and requests remedial measures by the Court. (R.251, 412).

cases.[2]  Most of the defendant's proposed mitigating factors are excludable under

Supreme Court and Seventh Circuit precedent and/or Federal Rule of Criminal

Procedure 12.2(d).

**1.    The Defendant Has Proposed Improper Mitigating Factors That Must Be Stricken**

The FDPA specifically addresses the scope of admissible evidence at a penalty

phase hearing in a capital trial. 18 U.S.C. § 3593(c) provides:

> At the sentencing hearing, information may be presented as to any matter relevant to the sentence, including any mitigating or aggravating factor permitted or required to be considered under section 3592.

The FDPA itself provides a list of mitigating factors:

> (a)    Mitigating factors. In determining whether a sentence of death is to be imposed on a defendant, the finder of fact shall consider any mitigating factor, including the following:
>
> (1)    Impaired capacity. The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.
>
> (2)    Duress. The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge.
>
> (3)    Minor participation. The defendant is punishable as a principal in the offense, which was committed by another, but the defendant's participation was relatively minor, regardless of whether the participation was so minor as to constitute a defense to the charge.
>
> (4)    Equally culpable defendants. Another defendant or defendants, equally culpable in the crime, will not be punished by death.

---

[2] For example, Dzhokar Tsarnaev submitted 21 mitigating factors to the jury, and Ronell Wilson presented 24 mitigating factors to the jury. *See United States v. Tsarnaev*, Crim. No. 13-10200-GAO, ECF Dkt. No. 1417 at 16-18; *United States v. Wilson*, Crim. No. 04-01016-NGG, ECF Dkt. No. 1437 at 8-11 (Jul. 24, 2013).

(5)     No prior criminal record. The defendant did not have a significant prior history of other criminal conduct.

(6)     Disturbance. The defendant committed the offense under severe mental or emotional disturbance.

(7)     Victim's consent. The victim consented to the criminal conduct that resulted in the victim's death.

(8)     Other factors. Other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

18 U.S.C. § 3592(a).  While "[t]he defendant may present any information relevant to a mitigating factor" (§ 3593(c)), it should be noted that the catch-all provision found in subsection (8) *limits* the scope of mitigation evidence to factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against imposition of the death sentence.

It is well-settled that courts do not have unlimited authority to permit theories of mitigation.  Rather, valid mitigators must fall within a few select, albeit broadly-defined, categories set forth in constitutional jurisprudence and codified in the FDPA. The concept of constitutionally-mandated mitigators originates in *Woodson v. North Carolina*, 428 U.S. 280 (1976).  The controlling *Woodson* opinion held North Carolina's mandatory death-penalty statute unconstitutional because, inter alia, it "fail[ed] to allow the particularized consideration of relevant aspects of the character and record of each convicted defendant." *Id*. at 303. The opinion concluded that "consideration of the character and record of the individual offender and the circumstances of the particular offense" was "constitutionally indispensable." *Id*. at 304.

Two years later, a plurality of four justices in *Lockett v. Ohio* addressed what they perceived as *Woodson's* lack of specificity. The *Lockett* plurality concluded that the

Eighth Amendment "require[d] that the sentencer . . . not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (emphasis original). The *Lockett* plurality stressed that it did not intend to "limit[] the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense." *Id.* at 604 n.12.

The Supreme Court clarified *Lockett* four years later: "By requiring that the sentencer be permitted to focus 'on the characteristics of the person who committed the crime,' the rule in *Lockett* recognizes that 'justice . . . requires  . . . that there be taken into account the circumstances of the offense together with the character and propensities of the offender.'" *Eddings v. Oklahoma*, 455 U.S. 104, 112, 102 (1982) (quoting *Gregg v. Georgia*, 428 U.S. 53, 197 (1976); *Pennsylvania v. Ashe*, 302 U.S. 51, 55 (1937)).   Underlying *Lockett* and *Eddings* is the principle that punishment should be directly related to the personal culpability of the defendant.  *Penry v. Lynaugh* 492 U.S. 302, 319 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002).

Applying this framework, federal courts have repeatedly excluded mitigating factors not relevant to a defendant's background, record, or character, or the circumstances of his/her offense. The Sixth Circuit, sitting *en banc*, held that "[m]itigation evidence . . . is not an empty concept to be filled by whatever a lawyer or court thinks might persuade a single juror in a particular case." *United States v. Gabrion,* 719 F.3d 511, 522 (6th Cir. 2013).  Similarly, the Second Circuit has held that

the broad standards for admissibility of mitigating evidence do "not mean that the defense has *carte blanche* to introduce any and all evidence that it wishes." *United States v. Fell*, 531 F.3d 197, 219 (2nd Cir. 2008) (affirming exclusion of defendant's rejected plea agreement, which would have created a "confusing and unproductive inquiry").

   Mitigating evidence which shifts the burden of the defendant's conduct onto a third-party's negligence is routinely rejected by the Courts. *See Williams v. Norris,* 612 F.3d 941, 947 (8th Cir.2010) (correctional expert properly excluded concerning prison negligence because such evidence was irrelevant given that it did not bear on the defendant's character, prior record, or the circumstances of his offense); *see also Gabrion*, 719 F.3d at 523 (noting that the alleged negligence of other organizations does not in any conceivable way "mitigate *the defendant's culpability*.") (citing *Tennard v. Dretke*, 542 U.S. 274, 286 (2004) (original emphasis)); *United States v. Williams*, No. 06–00079, 2014 WL 2436199 (D. Haw. May 30, 2014) (granting the United States' motion *in limine* to preclude evidence that U.S. Army Child Protective Service was negligent in failing to protect child victim).

   Moreover, even if evidence of third-party negligence were relevant, its "probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). Section 3593(c) provides the court with substantial authority to preclude evidence on this ground at the penalty phase. *See United States v. Purkey*, 428 F.3d 738, 756 (8th Cir. 2005) (noting that Section 3593(c) requires a lower standard for exclusion of evidence than FRE 403, which

requires that the probative value be *substantially* outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury).

Likewise, the Seventh Circuit has expressly held that "[a] mitigating factor is a factor arguing against sentencing *this* defendant to death; it is not an argument against the death penalty in general." *United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000) (original emphasis); *see also Purkey*, 428 F.3d at 756-59 (explaining the "trial court retains its traditional authority to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of the offense" and holding trial court did not error in excluding involuntary intoxication evidence, as well as other proposed mitigating evidence); *United States v. Chandler*, 996 F.2d 1073, 1086 (11th Cir. 1993) (holding that the "possibility" of receiving a sentence of life imprisonment without parole did not fall within the *Lockett* definition of mitigating factors).

Several of the factors proposed by the defendant do not relate to his background, record, character, or the circumstances of his offense. Thus, they have nothing to do with "a reasoned moral response to the defendant's background, culpability, or crime." *Penry*, 492 U.S. at 319. Accordingly, this Court should preclude such factors from being introduced at trial and submitted to the jury in the special findings form at the conclusion of the Selection Phase.

### a.  Proposed Factors 4 and 5 – Alleged history of mental illness in the defendant's parents' families

The speculative, lay opinion testimony regarding the alleged mental health diagnoses of the defendant's extended family members does not implicate the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  To the extent that such evidence exists, its probative value is both speculative and outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  "Mitigation evidence    . . . is not an empty concept to be filled by whatever a lawyer or court thinks might persuade a single juror in a particular case." *Gabrion,* 719 F.3d at 522.  These mitigating factors should be stricken as improper.

### b.  Proposed Factors 9, 10, 11, 12, 13, and 14 – The defendant's mother, father, and sister love him, will support him during a life sentence, and will grieve if he is executed

The feelings that the defendant's family members have about him do not implicate the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  Moreover, the Seventh Circuit requires that mitigating factors be tailored to whether "*this* defendant [should be sentenced] to death; it is not an argument against the death penalty in general." *Johnson*, 223 F.3d at 675; *see also United States v. Troya*, 733 F.3d 1125, 1129 (11th Cir. 2013); *United States v. Hager*, 721 F.3d 167, 195 (4th Cir. 2013); *United States v. Snarr*, 704 F.3d 368, 402 (5th Cir. 2013); *Stenson v. Lambert*, 504 F.3d 873, 892 (9th Cir. 2007); *Jackson v. Dretke*, 450 F.3d 614, 617-18 (5th Cir. 2006); *United States v. Umana*, Case No. 3:08-cr-

134, 2010 WL 3023498 *15 (W.D.N.C. 2010); *United States v. Taylor*, 583 F. Supp. 2d 923, 944-45 (E.D. Tenn. 2008).

Neither the grief that the defendant's family might feel if he is executed, nor their preference that he be sentenced to life imprisonment, are valid mitigating factors. Such testimony would constitute an impermissible argument against the death penalty in general. *Id.* Further, the Court has already forbidden any witness from stating their preference as to the punishment. (R.325, at 14.) These mitigating factors should be stricken.

### c.  **Proposed Factor 29 – Extensive history of alcoholism and/or substance abuse in the defendant's extended family**

Whether or not members of the defendant's extended family abused alcohol or other substances has no bearing on the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604. To the extent that such evidence exists, its probative value is both speculative and outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c). This mitigating factor should be stricken as improper.

### d.  **Proposed Factors 34-37 – The defendant received insufficient assistance from the University of Illinois Counseling Center**

Whether or not certain employees of the University of Illinois Counseling Center followed the protocol of the University of Illinois or Illinois state laws has no bearing on the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604. The United States has already briefed this issue. (R.373.) The alleged negligence of a third party does not in any

conceivable way "mitigate *the defendant's culpability*."  *Gabrion*, 719 F.3d at 523

(citing *Tennard*, 542 U.S. at 286). The probative value of this evidence is both

speculative and outweighed by the danger of confusing the issues or misleading the

jury.18 U.S.C. § 3593(c).   This mitigating factor should be stricken as improper.

### e.  Proposed Factor 48 – If not sentenced to death, the defendant will be sentenced to life imprisonment

The fact that the jury has only two options in sentencing the defendant has no

bearing on the defendant's background, record, or character, or any other circumstance

of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  This statement of law is

properly included within the jury instructions; it is not a mitigating factor.  The

probative value of including this statement as a mitigating factor is outweighed by the

danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  This

mitigating factor should be stricken as improper.

### f.  Proposed Factor 51 – The penalty of life without the possibility of release is a severe sentence

The subjective opinion of the severity of life imprisonment has no bearing on the

defendant's background, record, or character, or any other circumstance of the offense.

18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604; *United States v. Williams*, No. CRIM. 06-

00079 JMS, 2014 WL 2436215, at *3 (D. Haw. May 30, 2014) (disallowing this mitigtor).

The defendant's witness list does not include any witness that could provide knowing

testimony about this topic.  Indeed, it would be impossible to provide such testimony

without discussing the conditions of confinement – a topic which the Seventh Circuit

has expressly forbidden as a mitigating factor.  *Johnson*, 223 F.3d at 672-75. Moreover,

the probative value of including this statement as a mitigating factor is outweighed by the danger of confusing the issues or misleading the jury.18 U.S.C. § 3593(c).  This mitigating factor should be stricken as improper.

g.  **Proposed Factor 52 – Mercy is appropriate**[3]

The concept of mercy has no bearing on the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  This is not a mitigating factor; it is defense counsel's argument.  Including it in the special verdict form would be inappropriate.  Indeed, Courts of Appeal have specifically held that the FDPA's plain language does not authorize a jury to impose a sentence of life imprisonment out of "mercy."  *United States v. Caro*, 597 F.3d 608, 632-33 (4th Cir. 2010); *see also Johnson v. Texas*, 509 U.S. 350, 371-372 (1993); *United States v. Allen*, 247 F.3d 741, 781 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953.  It is unclear what evidence will be presented to prove that "[u]nder all the facts and circumstances, mercy is appropriate" in this case.   To the extent that such evidence exists, its probative value is both speculative and outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  This mitigating factor should be stricken as improper.

h.  **Proposed Factor 53 – the defendant's life is valuable**

The notion that "all lives are valuable" has no bearing on the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C.

---

[3] The United States has previously referenced this issue with regard to proposed jury instructions.  (R.249).

§ 3592(a)(8); *Lockett*, 438 U.S. at 604.  This is not a mitigating factor; it is defense counsel's argument.  It is unclear what evidence will be presented to prove that "[a]ll lives are valuable, including [the defendant's] life."  To the extent that such evidence exists, its probative value is both speculative and outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c). Moreover, this proposed mitigator should be stricken because it relates to the death penalty in general rather than to this particular defendant.  *Johnson*, 223 F.3d at 675.  This mitigating factor should be stricken as improper.

    **i.**  <u>**Proposed Factor 54 – Executing the defendant will not undo the harm he caused**</u>

The notion that executing the defendant will not bring Yingying Zhang back to life has no bearing on the defendant's background, record, or character, or any other circumstance of the offense. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  This is not a mitigating factor; it is defense counsel's argument.  It is unclear what evidence will be presented to prove this statement, but to the extent that such evidence exists, its probative value is both speculative and outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  Moreover, this proposed mitigator should be stricken because it relates to the death penalty in general rather than to this particular defendant.  *Johnson*, 223 F.3d at 675.  This mitigating factor should be stricken as improper.

**2.      The Defendant Has Proposed Mitigating Factors That Must Be Stricken Pursuant to Federal Rule of Criminal Procedure 12.2(d)**

Federal Rule of Criminal Procedure 12.2(b)(2) requires advanced written notice if the defendant intends to present expert testimony with regard to a "mental disease or defect or any other mental condition" during the penalty phase of a capital trial.  The issues raised by the defendant in his proposed mitigating factors clearly address his alleged mental disease, defect, or other mental conditions.  *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FIFTH EDITION ("DSM-5"), at 131, 138, 164-67 ; *see also* (R.180, at 13-14).

Based on the defendant's withdrawal (R.317), there is no Rule 12.2 notice in this case.  In the absence of a properly filed notice, the defendant is barred from presenting expert testimony with regard to whether or not he had a mental disease, mental defect, or other mental condition. FED. R. CRIM. P. 12.2(d); (R.373).  Likewise, the defendant should be prohibited from presenting such evidence through the opinion of unqualified lay witnesses. (R.403).[4]

The defendant has proposed several mitigating factors which are improper in light of his withdrawal of his Rule 12.2 notice.  Each of these factors should be dismissed.

---

[4] In other contexts, the defendant has moved the Court *in limine* to preclude lay witnesses from rendering opinions as to the defendant's mental condition at various points in time.  (R.239, at 29-31, 33-37).

a.  **Proposed Factor 4, 5 – Alleged history of mental illness in the defendant's parents' families**

The defendant alleges a history of mental illness in the defendant's parents' families.  As an initial matter, as noted above, the concept of "mitigation" does not include alleged mental illnesses of persons other than the defendant. 18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  Even if it did, the attenuation of such evidence would cause its probative value to be outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  Even if the evidence were allowed, the defendant could not present it through either an expert witness or a lay witness.  FED. R. CRIM. P. 12.2(d); FRE 701, 702.  This mitigating factor should be stricken as improper.

b.  **Proposed Factor 15 – The defendant's brain injury**

The defendant suggests that he suffered from brain injury, including parasomnia, throughout his life.   Parasomnia, night terrors, and nightmare disorders, are mental diseases, mental defects, and mental conditions.  DSM-5, at 361, 399-410. The defendant has withdrawn his intention of presenting this evidence in mitigation through an expert witness, and it would be improper for a lay witness to testify regarding the defendant's mental health diagnoses or treatments.  FED. R. CRIM. P. 12.2(d); FRE 701, 702; (R.239, at 29-31, 33-37).

Further, the defendant's withdrawal precludes the United States from examining the defendant and calling its own witnesses to rebut this evidence.  Such rebuttal would be critical, as it is possible that the defendant was misdiagnosed with depression and anxiety – the differential diagnoses for such conditions include: alcohol-induced

blackouts, malingering[5] or other voluntary behavior during wakefulness, or medication

or substance use.  DSM-5, at 399-410.  Allowing such unrebutted evidence or testimony

is improper. *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986) (noting that

Rule 12.2(b) enables "the government to prepare for cross-examination of the

defendant's expert witnesses and to present any rebuttal witnesses to counter the

defense expert's testimony").

   c.  **Proposed Factors 16-18 – The defendant suffered from depression and anxiety and was medicated for those ailments**

The defendant suggests that he has suffered from depression and anxiety

throughout his life.  Depression and anxiety both constitute mental diseases, mental

defects, or mental conditions.  DSM-5, at 155-234.  The defendant has withdrawn his

intention of presenting this evidence in mitigation through an expert witness, and it

would be improper for a lay witness to testify regarding the defendant's mental health

diagnoses or treatments.  Fed. R. Crim. P. 12.2(d); FRE 701, 702; (R.239, at 29-31, 33-37).

Further, the defendant's withdrawal precludes the United States from examining

the defendant and calling its own witnesses to rebut this evidence.  Such rebuttal would

be critical, as it is possible that the defendant was misdiagnosed with depression and

anxiety – the differential diagnoses for such conditions include: ADHD[6] and personality

---

[5] "Malingering is the purposeful production of falsely or grossly exaggerated physical and/or psychological symptoms with the goal of receiving a reward." *https://www.psychologytoday.com/us/conditions/malingering.* (last visited June 26, 2019).

[6] The defendant specifically sought to deny the United States' ability to test the defendant for ADHD. (R.315).

disorders.  DSM-5, at 159, 167, 171, 194-95, 207.  Allowing such unrebutted evidence or testimony is improper.  *Buchbinder*, 796 F.2d at 915.

The defendant made the strategic decision not to present this information as mitigation, and he should not be permitted to end-run the procedural rules to prevent effective rebuttal of his allegation.  These proposed mitigating factors should be stricken.

### d.  Proposed Factors 22-28 – The defendant sought psychiatric treatment and took prescribed medication for depression and anxiety

The defendant suggests that he has sought psychiatric treatment and took prescribed medication for depression and anxiety.  Depression and anxiety both constitute mental diseases, mental defects, or mental conditions.  DSM-5, at 155-234.  The defendant has withdrawn his intention of presenting this evidence in mitigation through an expert witness, and it would be improper for a lay witness to testify regarding the defendant's mental health diagnoses or treatments.  FED. R. CRIM. P. 12.2(d); FRE 701, 702; (R.239, at 29-31, 33-37).

Further, the defendant's withdrawal precludes the United States from examining the defendant and calling its own witnesses to rebut this evidence.  Such rebuttal would be critical, as it is possible that the defendant was misdiagnosed with depression and anxiety – the differential diagnoses for such conditions include: ADHD and personality disorders.  DSM-5, at 159, 167, 171, 194-95, 207.  It is also possible that the defendant was feigning mental illness in order to gain access to prescription medication that he elsewhere admits to abusing.  DSM-5, at 324-26 (detailing Factitious Disorder, in which

individuals falsify mental or physical illnesses, including false reporting of suicidal ideation, to gain attention).

Allowing such unrebutted evidence or testimony is improper. *Buchbinder*, 796 F.2d at 915 (noting that Rule 12.2(b) enables "the government to prepare for cross-examination of the defendant's expert witnesses and to present any rebuttal witnesses to counter the defense expert's testimony.")  The defendant made the strategic decision not to present this information as mitigation, and he should not be permitted to end-run the procedural rules to prevent effective rebuttal of his allegation.  These proposed mitigating factors should be stricken.

### e. <u>Proposed Factor 30 – The defendant abused alcohol and prescription drugs in an attempt to self-medicate and control his psychological problems</u>

The defendant next contends that he abused alcohol and prescription drugs to "self-medicate" for psychological problems.  This mitigator is improper for two reasons.

First, it presupposes that the defendant had psychological problems which required medication.  The defendant has withdrawn his intention of presenting this evidence in mitigation through an expert witness, and it would be improper for a lay witness to testify regarding the defendant's mental health diagnoses or treatments.  FED. R. CRIM. P. 12.2(d); FRE 701, 702; (R.239, at 29-31, 33-37).   Further, the defendant's withdrawal precludes the United States from examining the defendant and calling its own witnesses to rebut this evidence.  Such rebuttal would be critical, as it is possible that the defendant was either misdiagnosed with depression and anxiety or feigning those symptoms.  <u>DSM-5</u>, at 159, 167, 171, 194-95, 207, 324-26.

Moreover, this statement constitutes defense counsel's argument and is, therefore, improper as a mitigating factor.  Further, it would be impossible for anyone other than the defendant to testify that he was "self-medicating," and such testimony would be grossly inconsistent with the defendant's statements about drinking which are already in evidence.  Such testimony, coming from anyone other than the defendant, would necessarily require substantial speculation.  As such, the probative value of that testimony would be outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  This mitigating factor should be stricken as improper.

f. **Proposed Factors 34-37 – The defendant received insufficient assistance from the University of Illinois Counseling Center**

The defendant proposes numerous mitigating factors regarding the treatment that he alleges should have been provided by the University of Illinois Counseling Center.  These mitigators, and the evidence that the defendant proposes to offer in support of them, should be stricken pursuant to Rule 12.2(d).  (R.373).

As noted in the United States' other pleadings, mental health treatment is not provided in a vacuum.  A determination that the defendant should have received more extensive mental health treatment, would require the defendant to prove that he was actually suffering from mental illness at the time he sought the treatment.   Had the defendant not withdrawn his Rule 12.2 notice, he would be free to call expert witnesses to testify that he suffered from suicidal ideation and that the fact that he did not receive more extensive mental health treatment weighed in favor of a life sentence rather than the death penalty.  Fed. R. Crim. P. 12.2(b)(2).   As the defendant has pointed out, lay

17

opinion testimony regarding mental health diagnoses is improper.  (R.239, at 29-31, 33-37).

Had the defendant not withdrawn his Rule 12.2 notice, the United States would have the benefit of its own expert witnesses who could have examined the defendant and testified in rebuttal to such claims.  FED. R. CRIM. P. 12.2(c); *Buchbinder*, 796 F.2d at 915; *see also United States v. Johnson*, 362 F. Supp. 2d 1043, 1089 (N.D. Iowa 2005) ("The defendant could not present expert testimony on his mental condition and yet refuse, on Fifth Amendment grounds, to answer questions put to him by the government's experts."); *United States v. Byers*, 740 F.2d 1104, 1153-54 n.95 (D.C. Cir. 1984) ("Those federal appellate courts that have considered the issue have held that the defendant who refuses to submit to a compelled examination is barred from introducing psychiatric testimony based on interviews with his own experts.").

The defendant knowingly and voluntarily withdrew his Rule 12.2 notice, and he did so for tactical reasons – namely to avoid having to participate in a rebuttal examination.  (R.317). Allowing the defendant to present evidence in support of this mitigating factor would permit the defendant to enjoy the benefit of presenting Rule 12.2 evidence without allowing for proper rebuttal as provided by the rule.  FED. R. CRIM. P. 12.2(d); *Buchbinder*, 796 F.2d at 915.  This mitigating factor should be stricken as improper.

3.     **The Defendant Has Proposed Mitigating Factors Which Exceed the Court's** *In Limine* **Ruling on Execution Impact Evidence**

a.     **Proposed Factors 10, 12, 14 – the defendant's family will experience grief if he is executed**

The United States moved the Court *in limine* to preclude the presentation of execution impact evidence as mitigation. (R. 248). The Court ruled that it would allow the defendant's family to testify about his background, but would not allow testimony about their desired sentence. (R.325, at 13).

Execution impact evidence is routinely excluded because it amounts to nothing more than a plea for mercy and an opinion about the appropriate sentence. *See United States v. Taylor*, 583 F. Supp. 2d 923, 944-45 (E.D. Tenn. 2008); *United States v. Umana*, Case No. 3:08-cr-134, 2010 WL 3023498 *15 (W.D.N.C. 2010). As the Seventh Circuit has held, "[a] mitigating factor is a factor arguing against sentencing *this* defendant to death; it is not an argument against the death penalty in general." *Johnson*, 223 F.3d at 675; *see also United States v. Troya*, 733 F.3d 1125, 1129 (11th Cir. 2013); *United States v. Hager*, 721 F.3d 167, 195 (4th Cir. 2013); *United States v. Snarr*, 704 F.3d 368, 402 (5th Cir. 2013); *Stenson v. Lambert*, 504 F.3d 873, 892 (9th Cir. 2007); *Jackson v. Dretke*, 450 F.3d 614, 617-18 (5th Cir. 2006).

The defendant offers other mitigating factors regarding his background that would be relevant to what the Court has allowed. Proposed factors 10, 12, and 14, on the other hand, merely address the feeling and preferred outcome of the defendant's family. As such, they should be stricken.

19

**4.      The Defendant Has Proposed Redundant Mitigating Factors That Should Be Combined**

Though the defendant is not limited in the number of mitigating factors that he can present – assuming they meet the standards set forth by the Supreme Court – Courts routinely require the defendant to combine related facts into a single mitigating factor.  *See*, *e.g.*, *United States v. Wilson*, 493 F. Supp. 2d 520, 523 (E.D.N.Y. 2007).  As Judge Garaufis noted, "Wilson seems to have offered his mitigating factors in the spirit of an arms race. Many of the "factors" offered by Wilson are facts, not factors. The Government's list of aggravating factors presents a useful contrast." *Id*.  Similarly, the defendant has enumerated multiple mitigating factors that can, and should, be combined into a single mitigating factor.

**a.    Proposed Factors 2-3 – The defendant's mother suffered from mental illness and alcoholism during his childhood**

The defendant proposes two mitigating factors related to allegations that his mother suffered from mental illness and alcoholism during his childhood.  The United States concedes that this mitigating factor is relevant to the extent that it affected the defendant.  18 U.S.C. § 3592(a)(8); *Lockett*, 438 U.S. at 604.  Beyond that affect, however, the probative value of such evidence would be be outweighed by the danger of confusing the issues or misleading the jury. 18 U.S.C. § 3593(c).  Given the similarity in nature between proposed mitigating factors 2 and 3, the United States submits that they should be combined into a single mitigating factor.

20

**b.  Proposed Factors 39-47 – The defendants behavior while during pre-trial confinement**

The defendant proposes eight mitigating factors related to allegations that he has been a model inmate during pre-trial detention.  The United States concedes that these mitigating factors are relevant to the defendant's character or record.  Given the similarity in nature between proposed mitigating factors 39-47, the United States submits that they should be combined into a single mitigating factor.

## CONCLUSION

The defendant has proposed 54 mitigating factors for the penalty phase.  The following proposed mitigating factors should be stricken as improper: 4, 5, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 48, 51, 52, 53, 54. The following proposed mitigating factors should be combined: 2-3, 39-47.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov

23