UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE VICTIM IMPACT AGGRAVATOR, OR ALTERNATIVELY, TO EXCLUDE UNTIMELY-DISCLOSED EVIDENCE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike the Victim Impact Aggravating Factor, or Alternatively, to Exclude Untimely-Disclosed Evidence states as follows:

On June 26, 2019, the government filed its proposed Exhibit List for the penalty phase of this trial, including several videos and transcripts related to victim impact evidence. (R. 414) For the first time[1], the defense has been made aware of the category of evidence that the government intends to present in support of the victim impact aggravating factor. It includes: video of the family home of Ms. Zhang, video of Ms. Zhang singing, video of Ms. Zhang's schools, and several videos of Ms. Zhang's friends testifying in Chinese, along with transcripts of that testimony translated into English.

---

[1] The defense has repeatedly asked the Court to order the disclosure of this evidence, to prevent the very problem now being presented. (See R. 82, 106, 167, 411)

Setting aside the fact that the defense has recently filed pleadings arguing that this type of evidence is improper and should be inadmissible as victim impact evidence (R. 411), the defense has not been provided with *any* of the aforementioned evidence in discovery, and still does not possess it. Compounding the problem is that the videos were apparently conducted without notice to defense counsel (and hence no opportunity to observe the interviews or to cross-examine the witnesses), and in a foreign language. Ergo, the defense will not have inadequate time to a) hire their own independent translator or b) to in any way verify or confirm the accuracy of the government's alleged transcripts. To date, defense counsel has no idea what is in those interviews.

The capital sentencing process must satisfy the requirements of the Due Process Clause. *Gardner v. Florida,* 430 U.S. 349, 358 (1977). A sentence of death is reversible where the defendant did not have an opportunity to explain or deny information. *Id.* at 362. In *Storey v. Roper,* 603 F.3d 507, 515 (8th Cir. 2010), the Court denied petitioner's habeas motion because it found no prejudice resulted from the late disclosure of three additional victim impact witnesses and additional exhibits. The Court noted that no prejudice resulted because, in part, defense counsel had an opportunity to interview the witnesses prior to their testimony and had the opportunity to cross-examine them on the witness stand. *Id.*

No such opportunity will be present here. Because the witnesses will be testifying via video, and especially because the testimony is in Chinese, Mr. Christensen

will not even have the opportunity to ensure that the translations are accurate, and indeed, has no means with which to review the translations since the evidence was withheld by the government, and is still being withheld. Additionally, although there is a brief period of time between today's date and the start of the penalty phase, counsel for the defense is preoccupied with preparing examinations of previously disclosed witnesses, preparing litigation regarding previously disclosed evidence, working with defense mitigation witnesses, preparing opening statement and closing argument, and working on courtroom presentation for the defense case-in-chief. Searching out, hiring, and obtaining work product from a retained translator can hardly be accomplished in such a short period of time, which includes a Federal holiday.

"Trial by ambush" is "precisely" what the "Federal Rules of Criminal Procedure were designed to prevent". *United States v. Noe*, 821 F.2d 604, 608 (11th Cir. 1987), and - as the Sixth Circuit recognizes - is equally condemned in the civil context, where only money (not liberty) is involved. *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987) ("trial by ambush is not contemplated by the Federal Rules of Civil Procedure"). *See also*, *Delahanty v. Commonwealth*, No. 2017-CA-000186-MR, 2018 Ky. App. LEXIS 146, at *30 (Ct. App. May 25, 2018)("Our criminal and civil procedural rules are designed to prevent litigants from engaging in trial by ambush.").

Our discovery rules as well were designed to eliminate trial by ambush. *See, e.g.*, *Berry v. Fla. Int'l Univ. Bd. of Trs.*, No. 06-21936, 2008 U.S. Dist. LEXIS 4734, 2008 WL 203362, at *2 (S.D. Fla. Jan. 23, 2008) ("For years Courts throughout the land have been

charged with eliminating 'trial by ambush.' A major purpose of discovery is eliminating surprise."), *Lanari v. People*, 827 P.2d 495, 499 (Colo. 1992) ("[t]he discovery rules in criminal proceedings are designed to further the truth-seeking process. By permitting the prosecution and defense to obtain relevant information prior to trial, the rules also promote fairness in the criminal process by reducing the risk of trial by ambush."), *In re Hillsborough Holdings Corp.*, 118 B.R. 866, 869 (Bankr. M.D. Fla. 1990)("The rules of discovery were designed to eliminate trial by ambush and to assure speedy, expeditious resolution of controversies on a level playing field where both sides have access to information which is helpful in a truth-seeking process and helps promote a just and fair resolution of controversies").

The district court in *United States v. Con-Ui*, 2016 WL 9331115 *17, in evaluating the propriety of ordering the government to provide informational outlines with respect to the facts it would present in support of aggravating factors, stated that the government is not precluded "from submitting additional evidence at trial that is not disclosed in the Informational Outline[s]. If the Government needs to submit additional evidence in support of the intent or aggravating factors, it must make a *good faith showing as to why that evidence was not disclosed in sufficient time for Defendant to adequately review the evidence*. The additional evidence should be disclosed to Defendant sufficiently in advance of the hearing so that it can be investigated by the defense." (***Emphasis added***)

The danger of presenting previously unexamined victim impact evidence is a great risk to the defendant's constitutional rights. Until 1991, the Supreme Court believed victim impact evidence, in any form, was so inherently prejudicial that it was categorically inadmissible in death penalty cases. *Booth v. Maryland*, 482 U.S. 496 (1987) (holding that "the introduction of a VIS [victim impact statement] at the sentencing phase of a capital murder trial violates the Eighth Amendment").

Then, in *Payne v. Tennessee*, 501 U.S. 808 (1991), the Court reversed itself, and held that **some** types of victim impact evidence did not offend the Constitution. However, the post-*Payne* experience confirms that despite the best efforts of trial courts to minimize its highly emotional (and prejudicial) nature, victim impact evidence can be - and often is - utterly devastating. In the words of Judge Mark Bennett, former Chief Judge of the Northern District of Iowa:

> I cannot help but wonder if *Payne v. Tennessee* (citation omitted) which held that victim impact evidence is legitimate information for a jury to hear to determine the proper punishment for capital murder, would have been decided the same way if the Supreme Court Justices in the majority had ever sat as trial court judges in a federal death penalty case and had observed first hand, rather than through review of a cold record, the unsurpassed emotional power of victim impact testimony on a jury. It has now been over four months since I heard this testimony in the *Honken* trial and the juror's sobbing during the victim impact testimony still rings in my ears… (S)uch potent, emotional evidence is a quintessential example of information likely to cause a jury to make a determination… on the improper basis of inflamed emotion and bias-sympathetic or antipathetic, depending on whether one is considering the defendant or the victims' families…

*United States v. Johnson*, 362 F. Supp. 2d 1043, 1107 (N.D. Iowa, 2005)(emphasis added)

Some five years later, Judge Helen G. Berrigan, former Chief Judge of the Eastern District of Louisiana "concur[red] in the observations of … Judge Bennett" after noting that "[t]he transcript alone cannot capture the emotional impact that permeated the courtroom with [victim impact] testimony." *United States v. Johnson*, 713 F. Supp. 2d 595, 623-624, 2010 U.S. Dist. LEXIS 58143, *63-65 (E.D. La. 2010).

In this case, allowing the government to present these previously withheld videos and transcripts, in Chinese, without the opportunity for defense counsel to see them, hear them, and have them translated, is akin to permitting a trial by ambush, with potentially devastating evidence. Although defense counsel is unsure what reason the government could possibly have for this late disclosure, even assuming the delay was caused in good faith, it does not remedy the constitutional problems caused by the untimeliness. As a result, separate and apart from the reasons identified in R. 411, the aggravating factor of victim impact evidence should be stricken, or alternatively, this evidence should be excluded in its entirety.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

| | |
|---|---|
| /s/ Elisabeth R. Pollock | /s/ George Taseff |
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:    309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |

<table>
<tr><td>/s/ Robert Tucker<br>Robert L. Tucker, Esq.<br>7114 Washington Ave<br>St. Louis, MO 63130<br>Phone: 703-527-1622<br>Email: roberttuckerlaw@gmail.com</td><td>/s/ Julie Brain<br>Julie Brain, Esq.<br>916 South 2nd Street<br>Philadelphia, PA 19147<br>Phone: 267-639-0417<br>Email: juliebrain1@yahoo.com</td></tr>
</table>

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org