UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO STRIKE THE FUTURE DANGEROUSNESS
NON-STATUTORY AGGRAVATING FACTOR AS NONE OF THE
GOVERNMENT'S EVIDENCE ADDRESSES FUTURE
DANGEROUSNESS IN PRISON**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and moves this Court to strike the future dangerousness non-statutory aggravating factor as none of the government's evidence addresses future dangerousness in prison.

I. PROCEDURAL HISTORY

On October 3, 2017, Mr. Christensen was charged in a superseding indictment with kidnapping resulting in death. Dkt. Entry 26. Death is an authorized sentence for that offense and the superseding indictment contained a Notice of Special Findings making death an authorized sentence under the Federal Death Penalty Act ("FDPA"). *Id*. On January 19, 2018, the government filed a Notice of Intent to Seek the Death Penalty. Dkt. Entry 54.

In the notice the government listed as a non-statutory aggravating factor

1

supporting a sentence of death, "*Future dangerousness of the defendant*. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, his expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detection." *Id*. at 3. This language is repeated in the government's proposed jury instructions. Dkt. Entry 399 at 26.[1]

## II. WHEN THE ONLY AUTHORIZED SENTENCE OTHER THAN DEATH IS LIFE IMPRISONMENT WITH NO PAROLE FUTURE DANGEROUSNESS EVIDENCE IS LIMITED TO FUTURE DANGEROUSNESS IN PRISON

When the prosecution places a capital defendant's future dangerousness at issue, and the only sentencing alternative to death available to the jury is life imprisonment without possibility of parole, due process entitles the defendant to inform the jury of his parole ineligibility. *Simmons v. South Caroline*, 512 U.S. 154, 177 (1994) (O'Connor, J., concurring); *Shafer v. South Carolina*, 532 U.S. 36, 39 (2001). Since the defendant will never be outside of prison again in such circumstances, any future dangerousness evidence must be limited to future dangerousness in prison.

Several courts have rejected the government's attempts to introduce future dangerousness evidence not limited to the prison setting. In *United States v. Sampson*, No. 1:01-cr-10384-LTS, ECF #2508 (D. Mass. 2016), the district court refused to allow the government from introducing the defendant's alleged statement to a prison guard that if he were released he would kill again. The district court found the statement had

---

[1] Regardless of the Court's ruling on this motion the "at least" language must be removed from the jury instructions. The government has had two years to specify the evidence in support of its aggravating factors. It cannot add to those allegations now.

"limited probative value, if any," because the only alternative to a sentence of death was life imprisonment without the possibility of release. *Id*. at 5.

Likewise, in *United States v. O'Reilly*, 545 F.Supp.2d 630, 638-639 (E.D. Mich. 2008), *United States v. Llera Plaza*, 179 F.Supp.2d 464, 487-488 (E.D. Pa. 2001), *United States v. Duncan*, 2008 WL 711603, *11 (D. Idaho 2008), and *United States v. Rodriguez*, 2006 WL 487117, *5 (D.N.D. 2006), the district judges limited the government's future dangerousness evidence to future dangerousness in prison. *Duncan* and *Rodriguez* both rejected the government's argument that the possibility that the defendant might escape or be pardoned justified presenting future dangerousness evidence outside of prison. The district judges found those situations "illusory" or "too speculative" or "remote" to justify evidence concerning future dangerousness outside of prison.

Indeed, the case law is so strong on this point *Modern Federal Jury Instructions*—Criminal Instruction 9A-17 states: "You may only consider the non-statutory aggravating factor of future dangerousness in the context of the mandatory life sentence without the possibility of release that must be imposed by the Court if Defendant is not sentenced to death, and the conditions of confinement that may likely be imposed by the United States Bureau of Prisons." 1 Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions* — Criminal, Inst. 9A-17 (2008).[2]

---

[2] The Eleventh Circuit upheld a future dangerousness instruction that allowed the jury to consider the defendant's future dangerousness outside of prison "if each [juror found] beyond a reasonable doubt that Mr. LeCroy does pose a risk of escape." *LeCroy v. United States*, 739 F.3d 1297, 1322-23 (11th Cir. 2014). But the defendant in that case had a history of escape attempts. *Id*. at 1323. Mr. Christensen has no such history as he has no criminal history at all. Furthermore, the evidence at the penalty phase will show Mr. Christensen has no history of violating any prison rules, let alone trying to escape.

### III. NONE OF THE GOVERNMENT'S FUTURE DANGEROUSNESS EVIDENCE ADDRESSES FUTURE DANGEROUSNESS IN PRISON[3]

None of the government's future dangerousness evidence focuses on Mr. Christensen's future danger in prison. Mr. Christensen's "expressed desire to be known as a killer; and his claims of additional victims and expertise in avoiding detection," say nothing about Mr. Christensen's dangerousness in prison.

First, Mr. Christensen has already been convicted of killing Ms. Zhang. Accordingly, there is no need for Mr. Christensen to kill someone in prison to gain the title "killer." And, none of the government's evidence shows any likelihood that Mr. Christensen would kill someone while imprisoned. The actual evidence on this point,

---

[3] Additionally, the government's Proposed Jury Instructions continue to use the term "likely to" commit future acts of violence. This is the incorrect standard. In his *Motion to Strike Aggravating Factor Alleging Future Dangerousness*, at 12-15, Mr. Christensen argued that the "likely to commit criminal acts of violence in the future" language of ¶ III-2 of the NOI, *see* Dkt 54, is vague and couched in similar language held constitutionally infirm in *Johnson v. United States*, 135 S. Ct. 2551 (2017), and *Sessions v. DiMaya*, 138 S.Ct. 1204 (2018). This same reasoning was reaffirmed by the Supreme Court this week in *United States v. Davis*, #18-431 (Slip Opinion, June 24, 2019), in holding the "crimes of violence" provision of 18 U.S.C. §924(c)(1)(A) unconstitutionally vague. In addition to the vagueness issue, the "likely to commit" language of the NOI unconstitutionally similarly dilutes the reasonable doubt burden of proof required by the FDPA and the Fifth and Eighth Amendments, *see e.g.* 18 U.S.C. §3593(c) (aggravating factors must be proved beyond a reasonable doubt), by injecting a preponderance standard into the determination of whether Mr. Christensen will commit crimes of violence in the future. In this regard, it should be noted that the future danger aggravating factor is not a statutory one defined by Congress and no other aggravating factor defined by Congress suggests that a jury may base a sentence of death on a *future prognostication* of criminal conduct, as opposed to focusing on past convictions and conduct. *See e.g.* 18 U.S.C. §3592. The "likely" language of ¶III-2 is entirely government-created, the effect of which, if not the purpose, is to lessen its burden of proving what, as set out in Dkt 122, is essentially unprovable and unreliable in the first instance. In addition to all the other problems with the future dangerousness aggravator, the direction to the jury that its mission is to determine beyond a reasonable doubt whether something is probable is as incomprehensible and vague as other aggravating factors found unconstitutionally vague. *See e.g. Maynard v. Cartwright*, 486 U.S. 356 (1988). If the Court does not strike the future danger aggravator in its entirety, Mr. Christensen requests that it strike the "likely" language and instruct the jury that the government must prove beyond a reasonable doubt that Mr. Christensen "will commit serious act of violence in the future that constitute a serious threat to the life and safety of others."

Mr. Christensen's conduct in general population for the past two years, demonstrates the opposite.

Second, as has been litigated repeatedly, there is *no* evidence Mr. Christensen has "additional victims" beyond Ms. Zhang. Basing an aggravating factor on unreliable evidence which the government has *no* evidence to support violates the Eighth Amendment. *See, Sealed Omnibus Motions In Limine To Exclude Evidence At Trial*, Dkt. Entry 239 pp. 17-20; *Motion for Mistrial or Limiting Instruction*, Dkt. Entry 392. In its Reply to Mr. Christensen's Motion to Preclude Improper Argument During Closing, the government states, "[t]he United States has alleged the defendant's statement that he had prior murders as demonstrating the intent which, it alleges, makes him a risk of future dangerousness." Dkt. Entry 396 at 2. But the government does not explain how an untrue statement that, while not in prison, Mr. Christensen killed people other than Ms. Zhang supports a finding that Mr. Christensen presents a danger of committing a murder while imprisoned in the Bureau of Prisons.

Third, Mr. Christensen did not avoid detection for any murder. He was caught almost immediately. Accordingly, arguing that Mr. Christensen has avoided detection for prior murders assumes that there have in fact been prior murders other than the killing of Ms. Zhang. But the government claims it has not introduced Mr. Christensen's statement about prior murders to prove that there actually are any prior murders. Since there have not been any prior murders, Mr. Christensen has not avoided detection for any murder and the government must be prohibited from making any such argument. Furthermore, Mr. Christensen is unaware of any murder occurring in a Bureau of

5

Prisons' facility that remains unsolved. And, since Mr. Christensen had never been in prison before making the untrue statement the he could commit a murder and avoid detection could not have been referring to committing a murder in the prison setting.

None of the government's future dangerousness evidence addresses Mr. Christensen's future dangerousness in prison. Instead, the facts listed in the NOI and the government's proposed jury instructions deal exclusively with the risk Mr. Christensen might pose to the community if he were not in prison. That is not proper future dangerousness evidence. Since the government may not at this late date alter or amend its proposed aggravating factors, the Court should strike the future dangerousness non-statutory aggravating factor. Alternatively, the Court must instruct the jury that the future dangerousness non-statutory aggravating factor is limited to Mr. Christensen's future dangerousness in prison.

WHEREFORE, the Defendant respectfully requests the Court limit the government's future dangerousness evidence to future dangerousness in prison. Furthermore, the Defendant requests the Court order the government to provide a proffer of its future dangerousness evidence to ensure it actually deals with future dangerousness in prison.

Respectfully submitted,

| /s/Elisabeth R. Pollock | /s/ George Taseff |
|---|---|
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:    309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |

<table>
<tr><td>/s/ Robert Tucker<br>Robert L. Tucker, Esq.<br>7114 Washington Ave<br>St. Louis, MO 63130<br>Phone: 703-527-1622<br>Email: roberttuckerlaw@gmail.com</td><td>/s/ Julie Brain<br>Julie Brain, Esq.<br>916 South 2nd Street<br>Philadelphia, PA 19147<br>Phone: 267-639-0417<br>Email: juliebrain1@yahoo.com</td></tr>
</table>

CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL  61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org