IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S OPPOSITION TO THE DEFENDANT'S
RENEWED MOTION TO STRIKE VULNERABLE VICTIM AGGRAVATOR**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby opposes the defendant's "Renewed Motion to Strike Non-Statutory Aggravating Factor of 'Vulnerability of Victim.'" (R.419). The bases for this opposition follow.[1]

**ARGUMENT**

1. **Nexus to the Crime**

The defendant suggests that neither "small stature" nor "limited English capability" have a nexus to the crime. The defendant appears to overlook his numerous statements that "Yingying is gone" because he "made her disappear." Exhibit 29. The defendant's statements made clear that Yingying's size was a critical component of

---

[1] The defendant's first argument is that this aggravator is vague and overbroad. (R.419, at 3). The Court has already resolved this issue. (R.310, at 16-19).

"mak[ing] her disappear," because "it's the difference between getting rid of 100 pounds and 150 pounds," and that larger women have "too much shit to get rid of." *Id.* Weighing just slightly more than 100 pounds, Yingying Zhang was the exact size of the defendant's ideal victim – according to his own statements in the record. Thus, by the defendant's own metric, Yingying Zhang's size had a nexus to the crime.

Moreover, the United States presented testimony from two witnesses that the defendant was posing as a police officer in order to inveigle a victim into his car. These witnesses – Emily Hogan and Charles Hill – have nothing in common except for their shared knowledge that the defendant was impersonating a police officer on June 9, 2017. Emily Hogan, a native English speaker and Ph.D candidate at the time, was able to identify the flaws in the defendant's impersonation. Yingying Zhang, a native Chinese speaker who had been in the United States for two months at the time, was unfortunately not.

Moreover, the United States' guilt-phase evidence included at least seven different instances of the defendant stating that Yingying Zhang had broken English and he could not understand her. Exhibits 18B, 21B, 28, 29. Thus, the defendant's reliance on Kaiyu Guan – a non-native English speaker with imperfect English, whose live testimony clarified that Yingying's English was good "for an international student" – is disingenuous.[2]

---

[2] The information cited in the defendant's motion was presented as a prior, inconsistent statement of Professor Guan in order to impeach his testimony. Thus, the "evidence" cited by the defendant is not actually in evidence. Extrinsic evidence of a prior inconsistent statement is

**2. Proof Beyond a Reasonable Doubt**

The defendant next argues that this aggravating factor should be stricken because the United States has not yet proven it beyond a reasonable doubt. (R.419, at 7-11). First, as noted above, the defendant's admissions have proved these elements beyond a reasonable doubt. More importantly, however, the United States is not required to prove aggravating factors beyond a reasonable doubt until the penalty phase. 18 U.S.C. § 3592-93. Given that the penalty phase has not yet begun, the United States is under no obligation to have satisfied its burden at this point in the proceedings. The defendant's motion is therefore not yet ripe for review.

WHEREFORE, the defendant's "Renewed Motion to Strike Non-Statutory Aggravating Factor of 'Vulnerability of Victim '" (R.419) should be denied.

---

inadmissible; the defendant did not offer it as an exhibit, and the Court did not admit it. Further, questions by counsel are not evidence. Thus, all of the evidence on the record corroborates the defendant's seven statements that Yingying Zhang spoke broken English and he could not understand her. Exhibits 18B, 21B, 28, 29.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov