IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S OPPOSITION TO THE DEFENDANT'S RENEWED MOTION TO THE FUTURE DANGEROUSNESS AGGRAVATOR**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby opposes the defendant's renewed motion to strike the Future Dangerousness aggravator. (R.420). The bases for this opposition follow.

**ARGUMENT**

Future dangerousness has a long, well- established pedigree as a proper mitigating factor. *Barefoot v. Estelle*, 463 U.S. 880, 897–99 (1983); *Jurek v. Texas*, 428 U.S. 262, 274–76 (1976); *United States v. Briseno* 2015 WL 163526 \*\*12-14 (N.D. Ind. Jan. 12, 2015) (rejecting constitutional reliability challenge); *United States v. Basciano*, 763 F. Supp. 2d 303, 353 (E.D.N.Y. 2011), *aff'd*, 634 F. App'x 832 (2d Cir. 2015). The defendant's suggestion that the United States will not be able to meet its evidentiary burden as to this aggravating factor is not yet ripe for review. *See generally United States v. Fuller*, 86

F.3d 105, 107 (7th Cir. 1996) (observing the courts may not grant summary judgment in criminal cases). Moreover, even on its merits, the defendant's argument strains the limits of credibility.[1] The defendant has been convicted of kidnaping a stranger in broad daylight and murdering her – a murder that included rape, torture, and decapitation before, in his words, he made her "disappear." In admitting the crime to his then-girlfriend, the defendant agreed that she herself would be in danger if "for some reason I'm a complete idiot and say something to somebody." As is now known, she was recording the defendant's statements at the time and has since credibly testified against him – including testimony that this particular statement continues to make her fear for her safety.

The concept of future dangerousness in a capital trial is not something that can be tested by mathematical certainty – nor is it required to be. Despite the fact that future dangerousness involves the prediction of future behavior, federal courts have routinely found it to be a legitimate aggravator. *See, e.g.*, *Basciano*, 763 F. Supp. 2d at 353 . Future dangerousness is best defined as evidence that a defendant is likely to commit criminal

---

[1] The defendant suggests that the elements and jury instructions related to the Future Dangerousness aggravating factor should be expanded based on *Johnson v. United States*, 135 S. Ct. 2551 (2017), *Sessions v. DiMaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, #18-431 (Slip Op., June 24, 2019). (R.420, at 4 n.3). None of these cases involve either the death penalty or a consideration by the Court of the future dangerousness aggravator. As such, these cases do not stand for the proposition advanced by the defendant. *See Cooper Indus. Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents"). The remainder of that footnote addresses argument that have already been considered and ruled on by the Court. *Compare* (R.420 n.3) *with* (R.310, at 10-13, 22-27). Indeed, the arguments advanced by the defendant have been specifically rejected by the courts. *Barefoot*, 463 U.S. at 897–99; *Jurek*, 428 U.S. at 274–76; *Basciano*, 763 F. Supp. 2d at 353.

acts of violence in the future that would be threat to others. *United States v. Bernard*, 299 F.3d 467, 482 (5th Cir. 2002). Court's considering this same question have consistently held that the term "likely," as used in this context, does not relieve the government of its burden to establish the future dangerousness aggravating factor beyond a reasonable doubt. *See United States v. Umana*, 707 F. Supp. 3d. 621, 635 (W.D.N.C. 3010) (court rejecting the same objection the defendant raises, finding that similarly phrased aggravating factor did not change the United Sates' burden of proof); *see also United States v. Merriweather*, No. 2:07–cr–00243–RDP–JEO, 2014 WL 2890632 at *12 (N.D. Ala. 2014). In *Umana*, the court expressly noted that the government cannot be expected to predict future violent acts by a defendant "with absolute certainty." *Id*.

      Admittedly, when future dangerousness is at issue, and the jury must decide between death and life imprisonment, due process entitles a defendant to inform the jury of his parole ineligibility, either by jury instruction or in arguments of counsel. *Kelly v. South Carolina*, 534 U.S. 246, 252 (2002); *see also Simmons v. South Carolina*, 512 U.S. 154, 161- 62 (1994).  Though the case law may require a jury instruction on the defendant's ineligibility for release, it does not necessarily require the Government to limit evidence of future dangerousness during the penalty phase.  Indeed, the Eighth Circuit has held that due process does not require an express limitation on "future dangerousness" evidence where the jury is informed of the defendant's parole ineligibility . *United States v. Allen*, 247 F.3d 741, 788-89 (8th Cir. 2001) (noting a life sentence reduces danger to society but allowing for "a chance that the defendant might escape from prison or receive a pardon or commutation of sentence," and upholding a

future dangerousness aggravator without a limitation to a prison setting), *vacated on other grounds* 536 U.S. 953 (2002); *accord United States v. Fields*, 516 F.3d 923, 942-43 (10th Cir. 2008) (agreeing with *Allen* that due process did not require limitation of the evidence of "future dangerousness" to "future dangerousness in prison," where the jury was informed of the defendant's ineligibility for parole).

In *Fields*, the Tenth Circuit approved a future dangerousness factor that was predicated upon defendant's continuing pattern of violence (including the double-murder charged in that case) and lack of remorse. 516 F.3d at 941. The defendant's pattern of violence was not a pattern of prison violence. Further, the *Fields* court made clear that as long as the jury was aware that a life sentence, if imposed, carried no possibility for parole, the United States was not limited to arguing the defendant's future dangerousness only in a prison setting. *Id.* at 942 (citing *Bernard*, 299 F.3d at 482; *Allen*, 247 F.3d at 788).

The cases cited by the defendant are distinguishable. In *O'Reilly*, the district court restricted the United States from presenting evidence of what the defendant intended to do if released from prison. *United States v. O'Reilly*, 545 F. Supp. 2d 630, 638-39 (E.D. Mich. 2008).[2] In the present case, however, the Government does not allege threats of future conduct to support the future dangerousness factor. Rather, the

---

[2] The future dangerousness factor was alleged as follows in *O'Reilly*: Future Dangerousness: Defendant stated that he planned to commit additional robberies when he is released from prison. Defendant stated that he intends to kill the witnesses who testified against codefendant Norman Duncan when released from prison. Defendant also stated that he would have killed co-defendant Earl Johnson after the Dearborn Credit Union robbery if he would have known how Johnson would handle his share of the proceeds.

Government alleges that Defendant's past conduct informs the jury of his risk of future dangerousness, even in a prison setting.

Similarly, in *Llera Plaza*, the court limited sentencing phase evidence to that which was relevant to a context of life imprisonment. *See United States v. Llera Plaza*, 179 F. Supp.2d 464, 488 (E.D. Pa. 2001). The court did not, however, prevent the United States from presenting evidence of prior acts of violence outside of a prison setting. In fact, in another section of its opinion, the court contemplated the introduction of evidence of unadjudicated prior criminal activity, because it ordered the United States to provide an informative outline of evidence. *Id.*

In this case, the defendant is entitled to inform the jury of his ineligibility for parole, either by argument or instruction. This Court need not, however, limit the United States to arguing only that the defendant is a future danger in a prison setting. Even if it does, the United States may present evidence of the defendant's criminal conduct outside of prison to show that he will be a danger in prison. The case law simply does not support a contrary conclusion. The jury is not asked to find with absolute certainty that the defendant will, in fact, commit future acts of violence. Rather, the jury is asked to find beyond a reasonable doubt that the defendant is likely to be dangerous in the future. This finding is clearly relevant to the jury's ultimate selection of the defendant's punishment.

2:17-cr-20037-JES-JEH    # 426    Page 6 of 7

## **CONCLUSON**

WHEREFORE, the defendant's motion to strike the Future Dangerousness aggravating factor (R.420) should be denied.

Dated: June ___, 2019:

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    */s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov