UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cr-20037-JES-JEH |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on the United States' sealed Motion (Doc. 251) to Exclude Evidence or Argument of Plea Negotiations. Defendant has filed a sealed Response (Doc. 278), the United States has filed a sealed Reply (Doc. 287), and Defendant has filed a sealed Surreply (Doc. 296). The Court heard argument on the sealed Motion *in camera* on April 8, 2019. On May 2, 2019, the Court entered a sealed Order (Doc. 322) deferring ruling on the Motion and inviting the parties to prepare for further argument on the subject at the final pretrial conference on May 13, 2019. After hearing additional argument at the final pretrial conference, the Court expressed doubt as to the admissibility of plea negotiation evidence at the guilt phase, but nevertheless indicated that it would continue to reserve ruling on the issue as to both the guilt and penalty phases while the parties explored the possibility of reaching a stipulation. On May 30, 2019, the Court orally ruled that it would not allow plea negotiation evidence at the guilt phase, but continued to reserve ruling as to whether such evidence would be allowed at the penalty phase. Thus, the Court now addresses only the portion of the Motion which pertains to the penalty phase of the trial.

As summarized in the Court's prior Order, the United States seeks to exclude from the penalty phase any evidence or argument that Defendant might offer regarding unsuccessful plea negotiations. Doc. 251, at 1–6. Defendant argues that he should be permitted to offer such evidence at the penalty phase of the trial, since it shows his willingness to plead guilty and therefore his acceptance of responsibility and remorse. Doc. 278, at 1–7. If the Court allows in evidence that Defendant offered to plead guilty in exchange for a life sentence, Defendant argues that there is no need to allow in evidence of what the United States offered or why they rejected his offer. Doc. 278, at 7–8. The United States contends that the circumstances of the plea negotiations show that Defendant did not accept responsibility, and that the nature and timing of Defendant's offer (and the United States' rejected offer) must be allowed into evidence if the offer itself is. Doc. 287, at 7–11. Defendant disagrees, and further contends that the United States should not be permitted to tell the jury that Mr. Christensen could have entered a guilty plea to the indictment at any time. Doc. 296, at 6–10.

The United States argues that evidence of inchoate plea negotiations should be excluded from the penalty phase because such information would confuse the issues and mislead the jury. Doc. 251, at 3. In its Response, Defendant argues that such evidence is relevant to the mitigating factor of acceptance of responsibility and the aggravating factor of lack of remorse. Doc. 278, at 3. Further, Defendant argues that only Defendant's proposal to plead guilty in exchange for a life sentence is relevant to acceptance of responsibility or lack of remorse, and that the United States should be prohibited from introducing evidence or argument about its response to the offer. Doc. 278, at 7.

Courts have reached different conclusions regarding the admissibility of evidence of plea negotiations at the penalty phase of a capital trial. Some have excluded evidence of plea

negotiations, reasoning that the conditional nature of such evidence does not demonstrate remorse or acceptance of responsibility, or that the probative value of the plea offers were outweighed by the danger of unfair prejudice. *See United States v. McCluskey*, No. 10-2734, Doc. 1060, at 29 (D.N.M. Jun. 23, 2013); *United States v. Lujan*, No. 05-924 RB (D.N.M. 2011); *United States v. Caro*, 597 F.3d 608, 634–35 (4th Cir. 2010); *Owens v. Guida*, 549 F.3d 399 (6th Cir. 2008); *Wright v. Bell*, 619 F.3d 586, 598–601 (6th Cir. 2010). Others have allowed evidence of plea negotiations as relevant to the presentation of mitigating factors or the rebuttal of aggravating factors at the penalty phase. *See United States v. Fell*, 372 F. Supp. 2d 773 (D. Vt. 2005); *United States v. Rodriguez*, No. 04-cr-55 (D.N.D Feb 12, 2007); *United States v. Johnson*, 713 F. Supp. 2d 595, 612 (E.D. La. 2010); *United States v. Johnson*, 860 F. Supp. 2d 663, 899–904 (N.D. Iowa 2012); *United States v. Williams*, No. 06-00079 (D. Haw. May 30, 2014).

Here, although the Court finds the position taken by the United States to have merit, it will allow Defendant to present information at the penalty phase—by way of stipulation, testimony, or other evidence—that Christensen was willing to plead guilty in exchange for a life sentence. However, in order to avoid unfairly prejudicing the United States, confusing the issues, or misleading the jury, the Court will allow the United States to respond to such information by presenting facts—again, by way of stipulation, testimony, or other evidence—related to those negotiations that are necessary to place the negotiations in context. *See* 18 U.S.C. § 3593(c); *see also* Fed. R. Evid. 410(b)(1). Accordingly, the United States' sealed Motion (Doc. 251) to Exclude Evidence or Argument of Plea Negotiations is DENIED as to the sentencing phase. The parties remain free to confer and attempt to reach an agreement on how such information will be presented to the jury, by stipulation or otherwise.

## CONCLUSION

The United States' sealed Motion (Doc. 251) to Exclude Evidence or Argument of Plea Negotiations is DENIED as to the sentencing phase. Defendant may present information at the penalty phase—by way of stipulation, testimony, or other evidence—that Christensen was willing to plead guilty in exchange for a life sentence. However, if he elects to do so, the United States may present evidence consistent with this Order to put the negotiations in context.

Signed on this 27th day of June, 2019.
s/ James E. Shadid

James E. Shadid
United States District Judge