UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | Case No. 17-cr-20037-JES-JEH |
| ) | |
| BRENDT A. CHRISTENSEN,       ) | |
| ) | |
| Defendant.       ) | |

## ORDER

Now before the Court are the following Motions:

- The United States' Motion (Doc. 246) in Limine to Preclude "Nullification" Evidence, Argument, and Instructions, and the Defendant's Response (Doc. 273);

- The United States' Motion (Doc. 247) in Limine to Exclude Evidence or Argument on "Proportionality," and the Defendant's Response (Doc. 274);

- The United States' Motion (Doc. 249) in Limine to Preclude a "Mercy" Instruction, and the Defendant's Response (Doc. 276);

- Defendant's Motion (Doc. 409) to Preclude the Government from Replaying Vigil Walk Recording at Penalty Phase, and the United States' Response (Doc. 423);

- Defendant's Second Motion (Doc. 419) to Strike Non-Statutory Aggravating Factor of Victim Vulnerability, and the United States' Response (Doc. 422); and

- Defendant's Motion (Doc. 420) to Strike the Future Dangerousness Non-Statutory Aggravating Factor, and the United States' Response (Doc. 426).

The above matters are fully briefed, and the Court heard argument on the Motions on June 27, 2019. This Order follows.

1

### BACKGROUND

Defendant Brendt A. Christensen was arrested by federal agents on June 30, 2017, pursuant to a criminal complaint which charged him with the kidnapping of Yingying Zhang, a female Chinese national, in violation of 18 U.S.C. § 1201. Doc. 1. Christensen was later indicted by a federal grand jury sitting in the Urbana Division of the Central District of Illinois. *See* Doc. 13 (Indictment), Doc. 26 (Superseding Indictment). The Superseding Indictment charges Christensen with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 1), and making false statements to FBI agents investigating Yingying Zhang's disappearance, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2, 3). Doc. 26. The Superseding Indictment returned by the grand jury also included a notice of special findings regarding the nature of the offense charged in Count 1, including that the death of the victim was intentional, that it occurred during the commission of kidnapping, that it was committed in an especially heinous, cruel, or depraved manner, and that Defendant committed the offense after substantial planning and premeditation. *Id*. The special findings alleged in the Superseding Indictment made the case eligible for capital punishment. *See* 18 U.S.C. § 3591 *et seq.* On January 19, 2018, the United States filed its Notice of Intent to Seek a Sentence of Death. Doc. 54; *see also* 18 U.S.C. §3593(a). On June 24, 2019, the guilt phase of this matter concluded and the jury returned a verdict of guilty. The penalty phase of this trial is scheduled to begin on July 8, 2019.

### DISCUSSION

*The United States' Motion (Doc. 246) in Limine to Preclude "Nullification" Evidence, Argument, and Instructions, and Defendant's Response (Doc. 273)*

The Court reserves ruling on Defendant's Motion (Doc. 246) until the parties and the Court confer on penalty phase jury instructions. Until the Court has ruled on this Motion, the

parties may not argue to the jury the consequences of a jury deadlock on the issue of sentencing.

*See Jones v. United States*, 527 U.S. 373, 379 (1999).

*The United States' Motion (Doc. 247) in Limine to Exclude Evidence or Argument on "Proportionality," and the Defendant's Response (Doc. 274)*

Given the Defendant's Response (Doc. 274) and Defendant's representations at oral argument, the United States' Motion (Doc. 247) is GRANTED as unopposed.

*The United States' Motion (Doc. 249) in Limine to Preclude a "Mercy" Instruction, and the Defendant's Response (Doc. 276)*

The Court reserves ruling on Defendant's Motion (Doc. 249) until the parties and the Court confer on penalty phase jury instructions. Until the Court has ruled on this Motion, Defendant may not present the jury with a mercy argument or instruction.

*Defendant's Motion (Doc. 409) to Preclude the Government from Replaying Vigil Walk Recording at Penalty Phase, and the United States' Response (Doc. 423)*

Defendant's Motion (Doc. 409) is denied for the reasons stated on the record at the June 27, 2019 hearing.

*Defendant's Second Motion (Doc. 419) to Strike Non-Statutory Aggravating Factor of Victim Vulnerability, and the United States' Response (Doc. 422)*

Defendant's Motion (Doc. 419) is denied for the reasons stated on the record at the June 27, 2019 hearing.

*Defendant's Motion (Doc. 420) to Strike the Future Dangerousness Non-Statutory Aggravating Factor, and the United States' Response (Doc. 426)*

Defendant's Motion (Doc. 419) is denied for the reasons stated on the record at the June 27, 2019 hearing.

**CONCLUSION**

For the reasons set forth above,

- The Court RESERVES ruling on the United States' Motion (Doc. 246) in Limine to Preclude "Nullification" Evidence, Argument;

- The Court GRANTS the United States' Motion (Doc. 247) in Limine to Exclude Evidence or Argument on "Proportionality";

- The Court RESERVES ruling on the United States' Motion (Doc. 249) in Limine to Preclude a "Mercy" Instruction;

- The Court DENIES Defendant's Motion (Doc. 409) to Preclude the Government from Replaying Vigil Walk Recording at Penalty Phase;

- The Court DENIES Defendant's Second Motion (Doc. 419) to Strike Non-Statutory Aggravating Factor of Victim Vulnerability; and

- The Court DENIES Defendant's Motion (Doc. 420) to Strike the Future Dangerousness Non-Statutory Aggravating Factor.

Signed on this 28th day of June, 2019.

s/ James E. Shadid
James E. Shadid
United States District Judge
