UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MOTION TO STRIKE VICTIM IMPACT EVIDENCE DUE TO LATE DISCLOSURE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Supplemental Motion to Strike Victim Impact Evidence Due to Late Disclosure states as follows:

On June 26, 2019, Mr. Christensen filed a Motion to Strike the Victim Impact Aggravator, or Alternatively, to Exclude Untimely-Disclosed Evidence (R. 418). This Motion was in response to the filing of the government's penalty phase Exhibit List (R. 414), which disclosed to the defense, for the first time, that the government intended to present victim impact evidence not only through live testimony from members of Ms. Zhang's family but also in the form of several videos of Ms. Zhang herself, her family's home and her schools, seven videotaped interviews of Ms. Zhang's friends together with transcripts translated into English, and an unspecified number of additional

1

photographs of Ms. Zhang,[1] of items in her apartment in Champaign and of items associated with each of the seven friends. None of this evidence had previously been disclosed to the defense. The defense also pointed out, in writing and at the June 27, 2019, hearing on outstanding motions, that the videos were in Chinese and a continuance would be necessary in order to allow the defense to obtain its own independent translations of their contents. The government represented that it intended to play clips of the videos, each about 30 minutes long. [2]

In open court that same day, the government provided defense counsel a thumb drive that purportedly contained the victim impact evidence that it intends to present. The thumb drive contains approximately 60 gigabytes of information, which includes 27 folders comprised of 143 separate files. The files on the drive took multiple hours to download. Although the government allegedly has transcripts of these video interviews translated into English, these have not been provided, nor have the abbreviated "clips" that the government intends to present (or at least not in any identifiable way).

The government's disclosure further compounds the prejudice outlined by Mr. Christensen in his Motion and at the June 27, 2019, hearing. First and foremost, it makes clear that there is no legitimate reason for the last minute disclosure of the evidence,

---

[1] The government has already admitted four separate photographs of Ms. Zhang at the culpability phase of the trial. *See* (R. 400); Govt. Ex's. 1A, 1B, 1C, and 1D.

[2] It is also extremely likely based on a cursory review of the material that much of this evidence will be utterly cumulative, and defense counsel anticipates an additional argument based on that issue once the review has been complete.

2

because a review of the metadata associated with the digital files indicates that these videos were taken over *eight months* ago (see below for three examples).



Additionally, the videos are numerous and lengthy; there are 67 videos in total, ranging in length from 15 minutes to 2 hours each. There are also approximately one hundred individual photographs included within the materials. For the reasons stated previously and herein, these videos must be excluded because: 1) the defense has no time to procure an expert to translate the videotaped interviews; 2) the defense has no time to adequately review the evidence to determine whether any legal challenges are appropriate; 3) the defense still lacks the transcripts of the government's translations of the tapes; 4) because the government conducted the videotaped interviews unilaterally and without notifying Mr. Christensen, the defense will have no opportunity to cross examine or question these witnesses in any way to remedy any issues their testimony might present; and 5) it is vital that the defense be given adequate time to review and

evaluate this evidence, given the highly emotional, impactful and potentially unconstitutionally prejudicial nature of victim impact evidence.

If the government is permitted to present this evidence, under the Fifth Amendment Due Process Clause and the Eighth Amendment, the Court must grant a continuance to allow Mr. Christensen adequate time to in which to properly review and challenge it. The defense is in the process of preparing a detailed inventory of the material presented to it on June 27, 2019, and of attempting to identify an individual who is willing and able to be retained as a translator. Once those tasks have been completed and Mr. Christensen is in a position to estimate the length of time it will take to obtain completed translations of the video interviews, review the recordings and review all of the additional photographs, he will supplement this Motion with that information.

WHEREFORE, Defendant requests the Court either a) grant a continuance so that defense counsel can accomplish the necessary review of this material, or b) prohibit the admission of this evidence in the penalty phase of the trial, and for any other relief the Court deems appropriate.

Respectfully submitted,

/s/Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:     309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock  
Assistant Federal Public Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org