UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL MOTION FOR ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully supplements his previous Motion to the Court for an order directing the University of Illinois to show cause why it should not be held in contempt for failure to comply with a subpoena duces tecum served upon it by Mr. Christensen.

On May 30, 2019, Mr. Christensen served a subpoena duces tecum upon the University of Illinois, demanding production, *inter alia*, of the following:

> Any written communication, note, document, or other recording concerning the assessment and treatment of Brendt A. Christensen, DOB: 6/30/1989, at the University of Illinois Counseling Center between March 15, 2017, and June 9, 2017. Specifically, any written or electronic correspondence between staff members of the Center and/or between staff members of the Center and any other employee or agent of the University of Illinois, and any documentation thereof, concerning Mr. Christensen's assessment and treatment by the counseling center.

In an email to Associate University Counsel Collin Richmond on June 11, 2019, Mr. Christensen's counsel further advised the University that documents previously provided need not be re-produced and that the records sought by the subpoena

included "emails between staff members about the situation, emails with higher-ups in the administration, any after-action reports, etc." On June 12, 2019, Mr. Richmond responded by email as follows: "The University objects to the Subpoena to the extent it seeks data or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege. The University will not provide documents, data or information protected by such privileges, including privileged communications between the Counseling Center and counsel for the University." Mr. Christensen thereafter asked the University to file a motion to quash the subpoena if it believed that it had grounds to do so, but the University declined. Mr. Christensen therefore filed a Motion for Order to Show Cause to obtain compliance with his subpoena.

The order was issued and the University appeared before the Court, through counsel, on June 24, 2019. At that time counsel for the University tendered to the Court for in camera review a binder of documents that it considers responsive to Mr. Christensen's subpoena but exempt from disclosure on grounds of privilege. Additionally, counsel tendered a written Response to Defendant's Motion for Order to Show Cause with attached Exhibits. Exhibit A to the University's pleading is entitled "Privilege Log of Non-Party The Board of Trustees of the University of Illinois." The binder of documents is currently under review by the Court.

A review of the materials submitted by the University renders inescapable the conclusion that a great deal of material responsive to Mr. Christensen's subpoena has yet to be provided to the Court. For example, the emails listed in the Privilege Log are

solely between staff of the University of Illinois Counseling Center and staff of the University Counsel's Office and/or outside University counsel Charles Schmadeke. In its Response, the University states that it has also produced 18 pages of additional mails that may include University administrators, but those emails pertain only to "the handling of press inquiries" and "other emails regarding meetings between University legal counsel and Counseling Center staff."

It is inconceivable that the staff of the Counseling Center and the University legal counsel are only people associated with the University who ever communicated regarding the Counseling Center's interactions with Mr. Christensen and the subsequent murder of Yingying Zhang. It is more than reasonable to expect that the University conducted some type of investigation into the events at issue, at a minimum to determine the potential legal liability of the institution and/or its staff, explore questions of indemnification, immunity and insurance coverage for decisions made within the scope of employment, whether any disciplinary action was required with regard to any employee and whether changes needed to be made to applicable University policies and procedures in order to better ensure the safety of its students, faculty and staff. One would further assume that the matter was at least brought to the attention of the University Chancellor and the Board of Trustees.

Additionally, the emails referenced in the Privilege Log are primarily from 2019 only. Mr. Christensen was arrested on June 30, 2017, amid a great deal of publicity and media attention. Defense counsel first requested Mr. Christensen's records from the Counseling Center in September, 2017, and some documents were produced on

September 12, 2017. Yet only seven emails referenced in the Privilege Log are from 2017, the first one not until December 19th, and there are only three emails from the entirety of 2018.

As previously noted, while Mr. Christensen acknowledges the possibility that some of the records he seeks may ultimately be deemed exempt from disclosure on grounds of privilege, the University is not free to make its own determination of what it will and will not produce and thereafter disregard the subpoena. Rather, all relevant documents must be submitted to the Court for in camera review so that the Court can determine whether the documents are required to be produced.

WHEREFORE, Mr. Christensen respectfully requests that this Motion be granted and that the Court issue an order directing the University of Illinois to show cause why it should not be held in contempt for failure to comply with the subpoena duces tecum served upon it.

.       Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:   309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org