UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR CLARIFICATION ON THE COURT'S ORDER CONCERNING THE ADMISSIBILITY OF PLEA NEGOTIATIONS (R. 427), AND FOR EVIDENTIARY HEARING**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion for Clarification on the Court's Order On Plea Negotiations (R. 427), and for evidentiary hearing, states as follows:

1. On February 15, 2019, the government filed a Motion *in Limine* to Exclude Evidence or Argument of Plea Negotiations on the grounds of relevance and prejudice, but noted that if the evidence was allowed, it should not go unrebutted by the government. (R. 251) The defense responded and argued that the offer to plead guilty was relevant to his mitigation case, and that the fact of the willingness to plead was sufficient to present the mitigating factor to the jury without creating undue prejudice and confusion. (R. 278)

2. More litigation followed, resulting in the Court's Order of June 27, 2019, which

1

held that: the Defendant may, "by way of stipulation, testimony, or other evidence," submit information that he was willing to plead guilty in exchange for a life sentence. (R. 427 pg. 3) However, in response, the government may also present information "related to those negotiations" that are necessary to place them "in context." *Id.*

3. The parties have attempted to negotiate a stipulation that addresses Mr. Christensen's willingness to plead guilty, and the additional "context" authorized by the Court. To date no agreement has been reached, and the parties do not believe one will be reached prior to trial. Based on the conversations between counsel, it is clear that parties fundamentally disagree on both the historical facts and the reasonable inferences that can be drawn overall from the course of events leading up to and following plea discussions. Specifically, the information sought to be included by the government is beyond the scope of what is necessary to provide the appropriate context which implicates potential violations of the Fifth, Sixth, and Eighth Amendments, and is more prejudicial than probative under the FDPA.

4. One area of agreement is that the best way to proceed at trial is by stipulation. Although the Court noted that the evidence could be presented by "proffer, testimony, or other evidence," any testimony or other evidence will invariably consist of statements by counsel who personally participated in the negotiations (Ms. Pollock, Mr. Tucker, and Mr. Taseff for the defense, and Mr. Freres and Mr. Miller for the government). On information and belief, the only non-attorney witnesses who could potentially testify or produce evidence are FBI Agents Huckstadt and/or Manganaro

and prior counsel Mr. Bruno. No similar "prover" was present on the defense side during exchanges after Mr. Bruno was relieved. Additionally, some of the negotiations were done by telephone and email, which only the attorneys involved have personal knowledge of.

5. The issues and evidence are of critical importance --- with a unique potential for prejudice, evidenced both by the scope and quantity of litigation concerning the evidence and by the intense and highly prejudicial (and often inaccurate) coverage in the press over the last few days.[1] Any misstep leading to erroneous introduction of such potentially damaging evidence could irreparably taint the reliability of the upcoming sentencing proceedings, within the meaning of the FDPA and the 8th Amendment, with no way to unring the bell.

6. Undersigned counsel believe it is critical to sort out, in advance, the permissible scope of evidence, both on direct and on rebuttal, before the penalty phase commences. Otherwise, additional litigation on this topic is likely to ensue following opening statements.

7. Because the facts are in dispute, and the boundaries of the "context" contemplated by the Court's Order, R. 427, remain unclear, a hearing is requested at

---

[1] See e.g. https://chicago.suntimes.com/crime/2019/6/26/18760423/brendt-christensen-yingying-zhang-murder-death-penalty-life-sentence, https://www.chicagotribune.com/news/breaking/ct-missing-chinese-scholar-trial-brendt-chistensen-20190626-5qrk45ikanbznesjnqmyox6lqy-story.html, https://abc7chicago.com/guilt-and-looming-death-penalty-key-question-remains-where-is-yingying/5366002/ (misstating plea negotiations).

3

which the Court may hear evidence, resolve disputes regarding the facts, and set boundaries regarding the evidence to be admitted by both sides.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/ Elisabeth R. Pollock  
Assistant Federal Defender  
300 West Main Street  
Urbana, IL 61801  
Phone: 217-373-0666  
FAX:   217-373-0667  
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff  
Assistant Federal Defender  
401 Main Street, Suite 1500  
Peoria, IL 61602  
Phone: 309-671-7891  
Fax:    309-671-7898  
Email: George_Taseff@fd.org

/s/ Robert Tucker  
Robert L. Tucker, Esq.  
7114 Washington Ave  
St. Louis, MO 63130  
Phone: 703-527-1622  
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain  
Julie Brain, Esq.  
916 South 2nd Street  
Philadelphia, PA 19147  
Phone: 267-639-0417  
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org