UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE VICTIM IMPACT EVIDENCE BASED ON VIOLATIONS OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and for his Motion to Strike Portions of the Government's Victim Impact presentation states as follows:

1. As noted in previous motions, the government recently disclosed approximately 17 hours of videotaped interviews (and dozens of photographs) which it intends to use at the penalty phase of this trial. Although defense counsel are in the process of exploring a contract to reserve the services of a translator, thus far a quote on the length of time it would take to have the videos translated (85 hours over approximately four weeks) is all that has been obtained. (R. 436)

2. Mr. Christensen has already argued extensively 1) that the recorded statements of Ms. Zhang's old classmates, teachers, and friends, along with videos of her school and multitudinous photographs are not proper victim impact evidence, and 2) that they

1

should be stricken as untimely due to the fact that the government has had this evidence in its possession since October of 2018, but inexplicably waited until the week before trial to provide it (even now in an incomplete form) to the defense. (R. 411, 418, 434, 436)

3. This Motion is not intended to address what has already been argued. Rather, this Motion addresses yet another, independent reason to strike the materials at issue: the fact that the "interviews" were conducted in violation of the Federal Rules of Criminal Procedure and the United States Constitution.

4. Federal Rule of Criminal Procedure 15 addresses the taking of depositions in criminal cases. In relevant part, the Rule states that a "party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice..." Fed. R. Cr. P. 15(a)(1). Whoever seeks to take a deposition must give reasonable notice of the deposition's date and location. Fed. R. Cr. P. 15(b)(1). Generally, a defendant has the right to be present at the taking of any deposition. Fed. R. Cr. P. 15(c)(1). But, if the deposition is going to be taken outside of the United States, the Court may make specific findings which condones a defendant's absence. Fed. R. Cr. P. 15(c)(3).

5. Although the government did not formally move for permission to take the depositions of these seven witnesses, the evidence produced is identical to what would have been produced pursuant to Rule 15. Specifically, agents of the government, with the assistance of Chinese law enforcement, asked questions of the witnesses, whose

answers were recorded, and then translated by FBI personnel. Clearly, the purpose of the interviews was to preserve testimony to be presented at this trial.

6. Other courts have allowed the depositions of government witnesses in circumstances where the witness resides out of the country, and the remaining factors were satisfied. See e.g. *United States v. Ahmed,* 2014 WL 7399298 *1 (EDNY 2014)[1]; *United States v. Abu Ghayth,* 2014 WL 144653 (SDNY 2014); *United States v. Salim,* 855 F.2d 944, 949 (2d Cir. 1988).

7. On the other hand, there are cases in which defendants have requested permission to present videotaped statements at a penalty phase sentencing hearing, but have been denied. For example, in *United States v. Becton,* 241 F.R.D. 433, 434 (SDNY 2006), the defendant requested permission and funds to retain a videographer to conduct interviews of his children. The district court denied the request in large part because it "excludes the prosecution from engaging in appropriate, sensitively conducted, cross-examination of the children on whatever the defendant will seek to elicit in the penalty phase…" *Id.*

---

[1] Finding that "[T]he testimony of the proposed witnesses could provide substantial proof of material facts in this prosecution because the witnesses have personal knowledge of the conduct of one or more of the defendants and that knowledge bears on the offenses charged in the Superseding Indictment. At this time, despite the considerable efforts of the Government's attorneys, there is a substantial likelihood that the Government will be unable to secure the witnesses' presence in the United States, for either depositions or to testify at trial. This is because (1) the witnesses are currently in the custody of foreign governments and those governments will not authorize the witnesses to travel to the United States for the purposes of testifying, and (2) due to their criminal convictions, the United States may not permit the witnesses to enter the United States. Likewise, the defendants cannot be present at the depositions abroad because secure transportation and continuing custody cannot be assured at the witnesses' locations. Finally, the Court finds that the defendants can meaningfully participate in the depositions through reasonable means…"

8. Similarly, in *United States v. Mikhel,* 889 F.3d 1003, 1062 (9th Cir. 2018), the district court declined to allow the defendant to publish an interview with his former girlfriend and a portion of an interview with his cousin. In so affirming the discretionary decision by the district court, the Ninth Circuit noted that the video recordings were conducted by a defense investigator using leading questions, the prosecutors had not been present and therefore had no opportunity to cross-examine the witnesses, and the witnesses were not under oath. *Id.*

9. There are several legitimate concerns with the manner in which the testimony of these seven individuals was obtained. First, the witnesses were at all times accompanied by members of Chinese law enforcement and were told to cooperate with the interviewers[2]. There is no way to discern whether or not they felt intimidated or compelled to provide statements in a certain way to please law enforcement, or if they were afraid not to comply. Second, without the benefit of cross-examination, there are questions of accuracy of memory, potential bias, and questions of the witness' motivation for testifying that cannot be elicited. Third, not only was the defense prevented from inquiring as to potential areas of impeachment, it was also prevented from asking questions that might have led to more favorable facts for Mr. Christensen.

---

[2] In discovery just received on July 2, 2019, transcripts of the interviews indicate that several of the interviewees were told a similar version of the following statement by Chinese law enforcement prior to answering questions: "[W]e are police officers of the Shanghai Public Security Bureau Criminal Investigation Corps, questioning you on relevant matters. In compliance with "PR China Criminal Procedural Law", you should seek truth from facts and not to commit perjury or hide evidence; otherwise, you will assume legal responsibilities concerned. Is it clear to you?" (Gov't Bates No. 15488)

4

Finally, the fact that these interviews were taken in October of 2018, without even an attempt to involve defense counsel and with absolutely no notice, and were not disclosed until a week prior to the start of the penalty phase is the very definition of trial by ambush and violates the clear purpose of Rule 15.[3]

10. Allowing the government to present this evidence not only violates the Federal Rules of Criminal Procedure, it also violates the principles of fundamental fairness, procedural due process, the rights to confrontation and effective assistance of counsel, and the requirement of heightened reliability in a capital sentencing proceeding embodied in the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

WHEREFORE, Defendant requests that the relief requested in the Motion be granted.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:   309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

---

[3] Depositions in criminal cases are governed by Rule 15(a), the principal objective of which is the preservation of evidence for use at trial. *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977) (citing 8 J. Moore's Federal Practice P 15.01(3) at 15-8 (1976)).

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org