IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTIONS TO STRIKE VICTIM-IMPACT EVIDENCE AS CUMULATIVE**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby responds to the defendant's motions to strike victim-impact evidence as cumulative.[1] (R.418, 436) The United States requests that this Court deny the defendant's latest attempts to prevent the jury from learning the impact of the defendant's crime.

## BACKGROUND

The defendant has been convicted of kidnapping Yingying Zhang, resulting in her death. Her death had a profound impact on her family, fiancé, and friends. At the time of her death, Yingying, a Chinese national, had only been in the United States for a

---

[1] The defendant's motion also moved to strike the evidence based on the timing of its disclosure or to continue the penalty phase of the trial. The Court has already denied those motions. See Text Order dated 7/3/2019.

matter of weeks and her family, fiancé, and friends all resided in China and spoke Chinese as their first language. It is beyond dispute that a jury should be permitted to hear victim-impact evidence to inform the jury "about the specific harm caused by the crime in question," *Payne v. Tennessee*, 501 U.S. 808, 825 (1991), and that victim-impact evidence is specifically permitted under the Federal Death Penalty Act ("FDPA"). 18 U.S.C. § 3593(a) (emphasis added).

The FDPA provides that the United States shall, in a capital case, provide the Court and the defendant with notice that the United States intends to seek the death penalty and "setting forth the aggravating factor, or factors, that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a). As this Court has previously found, the United States complied with that requirement on January 19, 2018. (R.54) Thus, for almost 18 months, the defendant has known that the United States intends to introduce victim-impact evidence if the defendant were convicted of a capital offense.

On July 13, 2018, the defendant filed a motion to compel discovery that, among other things, requested that the Court compel the United States to disclose its specific victim-impact evidence to the defendant. (R.82 at 12-19) On July 27, 2018, the United States opposed the defendant's motion because applicable law does not compel the United States to preview its specific victim-impact evidence to the defendant. (R.84 at 12-21) This Court agreed and denied the defendant's motion on August 15, 2018. (R.91)

On December 7, 2018, the defendant filed a second motion to compel discovery of the specific victim-impact evidence that would be presented. (R.167) The United

States again opposed the motion based on black-letter law. (R.194) Once again, this Court denied the motion. (R.311)

On June 24, 2019, a jury convicted the defendant of kidnapping resulting in the death of Yingying Zhang. Therefore, the trial is now proceeding to the penalty phase. The United States has identified four potential live witnesses who are in the United States and available to testify as to the impact of Yingying's loss: Yingying's father, mother,[2] brother, and fiancé. Other than Yingying's fiancé (who testified during the guilt phase), each of those witnesses only speak Chinese and will require the assistance of an interpreter while testifying live.

In addition to those four witnesses, the United States obtained videotaped victim-impact statements from seven other individuals: three friends from Peking University, where Yingying attended graduate school; two friends from Sun Yat-sen University, where Yingying attended college; a friend from high school; and a teacher from high school. All of those individuals are located in China; therefore, while the United States would much prefer their live testimony, it is unable to secure their personal attendance at trial. Therefore, it intends to present these videotaped statements during the trial. Based on the defendant's objections, the United States will present the

---

[2] Yingying's loss has been particularly devastating to her mother. At this time, the United States does not know if she will be emotionally able to testify during the penalty phase. While the United States would prefer that she provide live testimony, in the event she is unable to do so, the United States intends to submit a videotaped victim-impact statement from her, to be translated in Court by the interpreter. The United States will provide the video to the defense once it is prepared.

testimony of FBI Linguists as to the accuracy of the Chinese to English translations of the videotaped statements. Additionally, if necessary, the recordings may also be translated in real time by the sworn court interpreters.

Although not required to do so,[3] on June 27, 2019, the United States provided the defendant with copies of the complete videotape interviews. Complete English translations of those interviews were provided to counsel for the defendant on July 2, 2019. It is important to note that the interviews also contain real-time English translations; therefore, the defendant is in possession of both verbal and written translations of the videotaped interviews. Moreover, pursuant to the Court's text order today (July 3, 2019), the United States will provide the defendant with clips containing significantly smaller portions of the videotapes that it may introduce during the trial. As stated at the June 27 hearing, the clips for each individual will last approximately 30 minutes (or in some cases, significantly less). Each of those clips includes both a verbal, real-time translation, as well as a later written translation by an FBI Linguist.

On July 2, 2019, the defendant filed his second amended witness list. The list contains 43 names. Other than the two expert witnesses on the list (Jonathan Sorensen and Susan Zoline), these witnesses would appear to be witnesses who will be asked to

---

[3] After the United States learned that the defendant had failed to turn over a statement of one of its witnesses prior to trial, despite previously agreeing to do so, the defendant told the United States that he was aware of his obligations under Rule 26.2 of the Federal Rules of Criminal Procedure. Rule 26.2 requires a party that calls a witness to produce any statement of the witness that is in their possession that relates to the subject matter of the witness's testimony *after* the witness has testified on direct examination. These videotapes contain statements of witnesses, and therefore, as the defendant himself has asserted, they do not need to be produced under Rule 26.2 until they are presented as direct testimony.

testify as to the history and characteristics of the defendant himself, including family members, friends, and teachers. For example, in addition to the defendant's father, mother, siblings, and ex-wife, the defendant has identified eight additional witnesses from Wisconsin alone.

Of course, the United States does not know the nature of their anticipated testimony, as the defendant has provided the United States with no notice of the expected testimony of most of the witnesses, including any prior witness statements. Thus, the United States is left to presume that the defendant will present wide-ranging testimony from approximately 41 witnesses regarding the history and characteristics of the defendant.

## ARGUMENT

The Court has reserved ruling on the defense's position that the number or length of the videos may be cumulative. Rule 403 of the Federal Rules of Evidence permits a court to exclude relevant evidence if its probative value is substantially outweighed by a danger of needlessly presenting cumulative evidence. Rule 403 however, does not apply during the penalty phase. Instead, "[i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). Thus, the defendant's "cumulative" objection is not contemplated as a valid objection under the FDPA. Regardless, presenting

evidence of how Yingying's loss personally affected each of the individuals on the videotape is not cumulative; only each individual can testify as to how the loss personally affected her.

The United States intends to present evidence from 11 individuals regarding the impact of Yingying's loss – three or four by live testimony and seven or eight by videotape. The defendant intends to present live testimony from approximately 41 witnesses regarding the defendant's history and characteristics. Under these circumstances, any claim that the victim-impact videos are "cumulative" falls flat. In fact, it was precisely this inequity that led to Chief Justice Rehnquist, and ultimately, the entire Court, criticizing the *Booth* decision that limited victim-impact evidence:

> Virtually no limits are placed on the mitigating evidence a capital defendant may introduce concerning his own history and circumstances, yet the State is precluded from demonstrating the loss to the victim's family, and to society as a whole, through the defendant's homicide. If a jury is to assess meaningfully the defendant's moral culpability and blameworthiness, one essential consideration should be the extent of the harm caused by the defendant. In large measure, the Court's decision in *Booth* prevents the jury from having before it all the information necessary to determine the proper punishment for a first-degree murder.

*Mills v. Maryland*, 486 U.S., 367, 397 (1988) (Rehnquist, C.J., dissenting); *see also Payne*, 501 U.S. at 827 (overruling *Booth* by holding that "evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed. There is no reason to treat such evidence differently than other relevant evidence is treated."); *Kelly v. California*, 555 U.S. 1020, 1020 (2008), *denying cert. to People v. Kelly*, 171 P.3d 548, 567-72 (Cal. 2007) (the victim-impact evidence included a "20–minute video consisting of a montage of still

6

photographs and video footage . . . narrated by the victim's mother with soft music playing in the background . . . [which] ended with a view of her grave marker and footage of people riding horseback in Alberta, Canada—the 'kind of heaven' in which her mother said she belonged.").

    If the defendant is willing to limit the number of his witnesses testifying as to the defendant's history and characteristics to less than 11 and to limit the length of their respective testimony to less than 30 minutes in length, the United States would be willing to do so as well regarding the videotaped victim-impact evidence. Otherwise, any request to limit the videotaped evidence as cumulative should be denied.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's motion to the exclude victim-impact evidence as cumulative.

Respectfully Submitted

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov