E-FILED
Wednesday, 03 July, 2019  04:33:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION TO PRECLUDE DR. JONATHAN SORENSEN FROM PRESENTING POWERPOINT SLIDES OR TESTIMONY RELATED TO COMPARATIVE CONDITIONS OF CONFINEMENT

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the Court to preclude portions of Dr. Jonathan Sorensen's proposed testimony which relate to comparative conditions of confinement. The bases for the United States' motion follow.

### PROCEDURAL HISTORY

The Court's scheduling order provided, among other things, that the defendant must give notice of his non-Rule 12.2 expert witnesses, including rebuttal witnesses, by August 24, 2018. (R.67). On February 15, 2019, the United States filed a motion *in limine* asking the Court to limit the defendant's experts to the information provided by the defendant and to preclude the defendant from calling any expert witnesses had not been timely noticed pursuant to the Scheduling Order. (R.241).

On February 20, 2019, defense counsel hand-delivered notice of three additional

non-Rule-12.2 expert witnesses, including Dr. Jonathan Sorensen, whom the defendant

intends to call to testify regarding future dangerousness.  Following a hearing on this

issue, the Court ordered the defendant to provide Dr. Sorensen's report by May 6, 2019.

(d/e April 8, 2019).  On May 6, 2019, the defendant provided a PowerPoint prepared by

Dr. Sorensen containing 58 slides.  (Attachment One).[1]  The slides contain statements

which appear to forecast Dr. Sorensen's testimony, and most slides include citation to

one or more studies that Dr. Sorensen apparently reviewed.  *Id.*  On May 6, 2019,

undersigned counsel requested that the defendant provide copies of the studies that Dr.

Sorensen relied upon, which he did on May 16, 2019.

## ARGUMENT

As has been argued in prior pleadings, this Court is bound by Seventh Circuit

caselaw prohibiting a discussion of comparative confinement conditions in mitigation,

or in rebuttal to an assertion of future dangerousness.  *United States v. Johnson*, 223 F.3d

665, 672-75 (7th Cir. 2000).  The *Johnson* court opined that such testimony is improper, as

it is tantamount to testifying that prisons can be made safe enough that no inmate is a

risk of future dangerousness.  Such testimony is improper mitigation because is not

limited to the defendant's character or the circumstances of his offense.  The *Johnson*

court reiterated that "[a] mitigating factor is a factor arguing against sentencing *this*

---

[1] Although Attachment One consists of PowerPoint slides, it was provided to
undersigned counsel in PDF format.  The version of Attachment One provided to undersigned
counsel did not include page numbers.  For ease of reference, undersigned counsel added page
numbers the PDF using the "Bates Numbering" function in Adobe PDF.  Undersigned counsel
made no other changes to the PDF provided by defense counsel.

defendant to death; it is not an argument against the death penalty in general. *Id.* at 675 (citing *Penry v. Lynaugh*, 492 U.S. 302, 328 (1989); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); *Lockett v. Ohio*, 438 U.S. 586, 604 n. 12 (1978) (plurality opinion)).

1. **Dr. Sorensen's Proffered Testimony Will Require a Detailed Discussion of the Comparative Conditions of Confinement Between State and Federal Prisons**

The overwhelming majority of studies relied upon in Dr. Sorensen's PowerPoints are limited to state inmates serving sentences in Missouri, Arizona, Florida, Texas, and Oregon. <u>Attachment One</u>, at 16, 44. Upon review, 37 of the 58 slides in Dr. Sorensen's PowerPoint rely on state inmate studies or reviews of state inmate studies. *Id.* at 2, 8, 11-13, 16-21, 25-27, 29, 31-32, 34-37, 40, 43-44, 48, 50-55, 58. Any testimony based on these studies should be precluded pursuant to *Johnson*, because it cannot be presented without requiring a detailed of the conditions of confinement between United States Penitentiaries and prisons in those states. Further, any testimony based on these studies should be precluded pursuant to 18 U.S.C. § 3593(c) because the probative value of inmate studies in various state studies is outweighed by the risk of misleading the jury or confusing the issues.

**PROPOSED SLIDE 2** – This slide relies on an article, which itself discusses a study of capital murderers convicted and imprisoned in the State of Texas between 1974 and 1988. Mark D. Cunningham, Thomas J. Reidy, *Integrating Base Rate Data in Violence Risk Assessments at Capital Sentencing*, 16 BEHAV. SCI. LAW, 71, 73 (1998). This slide also relies on a later article by the same authors, in which they cite themselves, discussing their preferred method for presenting statistical studies of state prisoners when

3

testifying on behalf of federal capital defendants. Mark D. Cunningham, Thomas J.
Reidy, *Violence Risk Assessment at Federal Capital Sentencing, Individualization,
Generalization, Relevance, and Scientific Standards*.  29 Criminal Justice & Behavior 512,
512-15 (2002).

Given that this slide is not based on studies of federal inmates, any testimony
thereon will necessarily lead to misleading and confusing testimony about comparative
conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this
slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 8** – Slide 8 relies on a "review" study, which discusses 98
studies of inmate misconduct, the overwhelming majority of which are focused on state
inmates.  Benjamin Steiner, H. Daniel Butler, Jared M. Ellison, *Causes and correlates of
prison inmate misconduct: a systematic review of the evidence*, 42 J. CRIM. JUST. 462-70 (2014).

This slide also references 50+ studies by Dr. Sorensen.  Of the studies listed in his
PowerPoint slides (Attachment One, pp. 16, 43), only two of Dr. Sorensen's consider
federal inmates.  Mark D. Cunningham, Jon R. Sorensen, Thomas J. Reidy, *Capital Jury
Decision-Making: The Limitations of Predictions of Future Violence*, 15 PSYCHOLOGY, PUBLIC
POLICY & LAW 223 (2009); Mark D. Cunningham, Thomas J. Reidy, Jon R. Sorensen,
*Assertions of "Future Dangerousness" at Federal Capital Sentencing: Rates and Correlates of
Subsequent Prison Misconduct and Violence*, 32 LAW. HUM. BEHAV. 42 (2007).  The rest
involve state inmates.

Given that this slide is not based on studies of federal inmates, any testimony
thereon will necessarily lead to misleading and confusing testimony about comparative

conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 11** – Slide 11 relies on a study of inmates sentenced to death in the State of Missouri.  Mark D. Cunningham, Thomas J. Reidy, and Jon R. Sorensen, *Is Death Row Obsolete?  A Decade of Mainstreaming Death-Sentenced Inmates in Missouri*, 23 BEHAV. SCI. LAW 307 (2005).   Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 12** – Slide 12 bears the heading "Florida Dept. of Corrections" and is based on a study of Florida inmates.  Mark D. Cunningham, Jon R. Sorensen, *Nothing to Lose? A Comparative Examination of Prison Misconduct Rates Among Life-Without-Parole and Other Long-Term High-Security Inmates*, 33 CRIMINAL JUSTICE & BEHAVIOR 683 (2006).  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 13** – Slide 13 bears the heading "Rate of Rule Violations among Inmates in Potosi Correctional Center Over 25 Years."  Potosi Correctional Center is a state prison located in Mineral Point, Missouri.  This slide, not surprisingly,

relies exclusively on a study of inmates at that facility.  Mark D. Cunningham, Thomas J. Reidy, Jon R. Sorensen, *Wasted Resources and Gratuitous Suffering: The Failure of a Security Rationale for Death Row*, 22 PSYCHOLOGY, PUBLIC POLICY & LAW 185 (2015).[2] Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

PROPOSED SLIDE 16 – This slide lists nine studies that Dr. Sorensen relies upon in his presentation.  Of them, only one deals with federal inmates.  Unless limited to the one study on federal inmates, any testimony based on this slide will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, all state studies on this slide should be excluded and no testimony should be allowed based upon them.

PROPOSED SLIDE 17 – Slide 17 relies on two "review" studies, each of which discuss and analyze various other studies of inmate misconduct, the overwhelming majority of which are focused on state inmates.  Steiner, Butler, Ellison, *Causes and correlates of prison inmate misconduct*, 42 J. CRIM. JUST. at 462; Allison M. Schenk, William J. Fremouw, *Individual Characteristics Related to Prison Violence: A Critical Review of the Literature*, 17 AGGRESSION & VIOLENT BEHAVIOR 430 (2012). Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to

---

[2] Dr. Sorensen cites to this article as having been published in 2016, though the copyright on the article itself lists 2015.

misleading and confusing testimony about comparative conditions of confinement.
*Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded
and no testimony should be allowed based upon it.

 **PROPOSED SLIDE 18** – Slide 18 relies exclusively on a study of inmates in
Oregon Department of Corrections.  Thomas J. Reidy, Jon R. Sorensen, Mark D.
Cunningham, *Community Violence to Prison Assault: A Test of the Behavioral Continuity
Hypothesis*, 36 Law & Human Behavior 356 (2012).  Given that this slide is not based on
studies of federal inmates, any testimony thereon will necessarily lead to misleading
and confusing testimony about comparative conditions of confinement.  *Johnson*, 223
F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no
testimony should be allowed based upon it.

 **PROPOSED SLIDE 19** – Slide 19 relies on two studies, both of which are limited
to inmates within the Texas Department of Criminal Justice.  Jon R. Sorensen, Mark D.
Cunningham, Mark P. Vigen, S.O. Woods, *Serious Assaults on Prison Staff: A Descriptive
Analysis*, 39 JOURNAL OF CRIMINAL JUSTICE 143 (2011); Mark D. Cunningham, Jon R.
Sorensen, Mark P. Vigen, S.O. Woods, *Inmate Homicides: Killers, Victims, Motives, and
Circumstances*, 38 JOURNAL OF CRIMINAL JUSTICE 348 (2010).  Given that this slide is not
based on studies of federal inmates, any testimony thereon will necessarily lead to
misleading and confusing testimony about comparative conditions of confinement.
*Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded
and no testimony should be allowed based upon it.

**PROPOSED SLIDE 20** – Slide 20 relies on two studies, each early 40 years old, of state inmates "in a single northeastern state."  Though vague as to geography, the studies make clear that they do not discuss federal inmates.  Timothy J Flanagan, *Time Served and Institutional Misconduct: Patterns of Involvement in Disciplinary Infractions Among Long-Term and Short-Term Inmates*, 8 JOURNAL OF CRIMINAL JUSTICE 357 (1980); Timothy J. Flanagan, *Long-Term Prisoners: A Study of the Characteristics, Institutional Experience and Perspectives of Long-Term Inmates in State Correctional Facilities*, Ph.D. Dissertation.  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 21** – Slide 21 relies exclusively on a study that compares state inmates in Texas, Missouri, and Florida.  Mark D. Cunningham, Jon R. Sorensen, Mark P. Vigen, S.O. Woods, *Correlates and Actuarial Models of Assaultive Prison Misconduct Among Violence-Predict Capital Offenders*, 38 CRIMINAL JUSTICE & BEHAVIOR 5, 10 (2011).  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 25** – Slide 25 relies on z "review" study, which discusses 98 studies of inmate misconduct, the overwhelming majority of which are focused on state

inmates.  Steiner, et al., *Causes and correlates of prison inmate misconduct*, 42 J. CRIM. JUST.

at 462-70.  This study is apparently used to supplement a 20 year old study of federal

inmates.  Miles D. Harer, Neal P. Langan, *Gender Differences in Predictors of Prison*

*Violence: Assessing the Predictive Validity of a Risk Classification System*, 47 Crime &

Delinquency 513 (2001).  It is not clear from the slide which statement relies on which

study.  As such, the slide should either be excluded or rewritten.  To the extent that this

slide is not based on studies of federal inmates, any testimony thereon will necessarily

lead to misleading and confusing testimony about comparative conditions of

confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should

be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 26** – This side consists of a table entitled "Reduced Logistic

Regression Model Used to Predict Violence Among Inmates in Potosi Correctional

Center."  Potosi Correctional Center is a state prison located in Mineral Point, Missouri.

This slide, not surprisingly, relies exclusively on a study of inmates at that facility.

Given that this slide is not based on studies of federal inmates, any testimony thereon

will necessarily lead to misleading and confusing testimony about comparative

conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this

slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 27** – Slide 27 relies exclusively on a study of Florida inmates.

Cunningham and Sorensen, *Nothing to Lose?*, 33 CRIMINAL JUSTICE & BEHAVIOR 683.

Given that this slide is not based on studies of federal inmates, any testimony thereon

will necessarily lead to misleading and confusing testimony about comparative

conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 29** – Slide 29 relies on one study of federal inmates and one study of state inmates.  Schenk and Fremouw, *Individual Characteristics Related to Prison Violence*, 17 AGGRESSION & VIOLENT BEHAVIOR 430; Gerald G. Gaes, Susan Wallace, Evan Gilman, Jody Klein-Saffran, Sharon Suppa, *The Influence of Prison Gang Affiliation on Violence and Other Prison Misconduct*, 82 THE PRISON JOURNAL 359 (2002). It is not clear from the slide which statement relies on which study.  As such, the slide should either be excluded or rewritten.  To the extent that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 31** – Slide 31 relies on two studies of Texas state inmates.  Sorensen, et al, *Serious Assaults on Prison Staff*, 39 JOURNAL OF CRIMINAL JUSTICE 143; Mark D. Cunningham, Jon R. Sorensen, Mark P. Vigen, S.O. Woods, *Inmate Homicides: Killers, Victims, Motives, and Circumstances*, 38 JOURNAL OF CRIMINAL JUSTICE 348 (2010).  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 32** - Slide 32 relies exclusively on a study of Florida inmates. Cunningham and Sorensen, *Nothing to Lose?*, 33 CRIMINAL JUSTICE & BEHAVIOR 683. Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 34** – Slide 34 relies on one study of federal inmates and one review study of state inmates. Steiner, et al., *Causes and correlates of prison inmate misconduct*, 42 J. CRIM. JUST. 462-70; Gaes, et al., *The Influence of Prison Gang Affiliation*, 82 THE PRISON JOURNAL 359. It is not clear from the slide which statement relies on which study. As such, the slide should either be excluded or rewritten. To the extent that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 35** – Slide 35 consists of a table from a study of inmates within the Texas Department of Criminal Justice. Jon Sorensen, Jaya Davis, *Violent Criminals Locked Up: Examining the Effect of Incarceration on Behavioral Continuity*, 39 JOURNAL OF CRIMINAL JUSTICE 151 (2011). Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at

11

672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

     **PROPOSED SLIDES 36, 37** – Slides 36 and 37 each consist of tables from a study of inmates within the Florida Department of Corrections.  Jon Sorensen, Mark D. Cunningham, *Conviction Offense and Prison Violence*, 56 CRIME & DELINQUENCY, 103 (2010). Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

     **PROPOSED SLIDE 40** – Slide 40 relies on one study of federal inmates and one review study of state inmates.  Steiner, et al., *Causes and correlates of prison inmate misconduct*, 42 J. CRIM. JUST. 462-70; Harer and Langan, *Gender Differences in Predictors of Prison Violence*, 47 Crime & Delinquency 513.  It is not clear from the slide which statement relies on which study.  As such, the slide should either be excluded or rewritten.  To the extent that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this slide should be excluded and no testimony should be allowed based upon it.

     **PROPOSED SLIDE 43** – Slide 43 relies exclusively on a study of inmates within the Texas Department of Criminal Justice.  Sorensen and Davis, *Violent Criminals Locked Up*, 39 JOURNAL OF CRIMINAL JUSTICE 151.  Given that this slide is not based on studies of

federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this slide should be excluded and no testimony should be allowed based upon it.

   **PROPOSED SLIDE 44** – This slide lists twelve studies that Dr. Sorensen relies upon in his presentation. Of them, only one deals with federal inmates. Unless limited to the one study on federal inmates, any testimony based on this slide will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, all state studies on this slide should be excluded and no testimony should be allowed based upon them.

   **PROPOSED SLIDE 48** – Slide 48 relies exclusively on a study of inmates within the Texas Department of Criminal Justice. Jonathan R. Sorensen, Rocky L. Pilgrim, *An Actuarial Risk Assessment of Violence Posed by Capital Murder Defendants*, 90 JOURNAL OF CRIMINAL LAW & CRIMINOLOGY 1251, 1260 (2000). Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). As such, this slide should be excluded and no testimony should be allowed based upon it.

   **PROPOSED SLIDE 50** – Slide 50 lists that it is based on official records gathered from the Texas Department of Corrections, as corroborated by the only cited study. Jaya Davis, Jon R. Sorensen, *Using Base Rates and Correlational Data to Supplement Clinical Risk Assessments*, 41 J. AM. ACAD. PSYCHIATRY LAW 391 (2013). Given that this slide is not

based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 51** – Slide 51 does not cite to any study, but it is entitled "Prevalence of Serious Infractions committed by TX Capital Inmates."  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 52** – Slide 52 indicates that it relies on "Official records gathered from the Missouri Department of Corrections" and cites to a study of inmates at Potosi Correctional Center.  Cunningham, et al, *Wasted Resources and Gratuitous Suffering*, 22 PSYCHOLOGY, PUBLIC POLICY & LAW 185.  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 53** – Slide 53 does not cite to any specific study, but it is entitled "Rate of Rule Violations among Inmates in Potosi Correctional Center over 25 Years."  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative

14

conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 54** – Slide 54 relies on "Official Records gathered from the Florida Department of Corrections," and cites a study that examined inmates housed in Florida state prisons.  Mark D. Cunningham, Jon R. Sorensen, *Predictive Factors for Violent Misconduct in Close Custody*, 87 THE PRISON JOURNAL 241 (2007). Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 55** – Slide 55 does not cite to any specific study, but it is entitled "Percentage of Florida Close-Custody Inmates Involved in Violent Acts." Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 58** – Slide 58 relies exclusively on a comparative study of Florida and Texas state inmates.  Mark D. Cunningham, *Dangerousness and Death A Nexus in Search of Science and Reason*, 61 AMERICAN PSYCHOLOGIST 828-39.  Given that this slide is not based on studies of federal inmates, any testimony thereon will necessarily lead to misleading and confusing testimony about comparative conditions of

confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).  As such, this slide should be excluded and no testimony should be allowed based upon it.

2. **Dr. Sorensen's Proffered Testimony Relies on a Discussion of Comparative Conditions of Confinement Within the BOP System**

Of the 21 slides in Dr. Sorensen's PowerPoint that do not rely on state inmate studies, three rely on impermissible comparisons imprisonment and what Dr. Sorensen refers to as the "Free World."  Attachment One, at 5, 6, 7.  Any testimony based on these studies should be precluded according to the mandate of the Seventh Circuit.  Capital defendants may not introduce comparative confinement conditions in mitigation – mitigation must be limited to whether *this defendant* should be put to death, it may not be an argument against the death penalty in general.  *Johnson*, 223 F.3d at 672-75.

**PROPOSED SLIDE 5** – Slide 5 is entitled "Homicides in Federal Prisons versus Free World" and purports to compare murder rates among four groups: federal inmates, residents of Peoria, residents of the State of Illinois, residents of the United States of America.  The analysis appears to be that the defendant is less likely to commit murder in federal prison than if he were living in Peoria (although the graph suggests that the murder rate in federal prison is higher than the national average). This slide also seems to be at odds with the defendant's briefing on the issue of his future dangerousness.  (R.420, at 5-6).  Regardless, the fact that this slide draws comparisons and suggests that mere confinement in a United States Penitentiary (USP) makes the defendant less dangerous is improper.  *Johnson*, 223 F.3d at 672-75.  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 6** – Slide 6 is entitled "Homicide Rate among Federal Prison Staff in Comparison to Sworn Police Personnel."  This slide is troublesome, as there is no cited support for the data provided therein, and it should be stricken on that basis alone.  Moreover, it improperly suggests that, since federal prison guards are less likely to be murdered than police officers (based on unconfirmed, raw numbers), the defendant poses less of a risk in prison than he does on the street.  The implication that mere confinement in a United States Penitentiary (USP) makes the defendant less dangerous is improper.  *Johnson*, 223 F.3d at 672-75.  As such, this slide should be excluded and no testimony should be allowed based upon it.

**PROPOSED SLIDE 7** – Slide 7, entitled "Violence in Prison," cites no study for support.  Rather, it is a graphic of the scales of justice with "Risk" [presumably risk of violence] on one scale and "Preventive" on the other scale.  The "Preventive" scale is weighed down by such items as "Consequences," "Confinement," "Staff," "Structure," and "Security."  In essence, Slide 7 is an ideal pictograph of the types of evidence that the Seventh Circuit expressly forbids.  *Johnson*, 223 F.3d at 672-75.  As such, this slide should be excluded and no testimony should be allowed based upon it.

3. **Dr. Sorensen's Proffered Testimony Relies on PowerPoint Slides For Which No Citation is Provided**

Of the 18 slides in Dr. Sorensen's PowerPoint that do not either rely on state inmate studies or make impermissible comparisons based on confinement conditions, 10 offer no citation for their proclamations.  Attachment One, at 4, 9, 10, 41, 42, 45 47, 49,

56, 57.[3] To the extent that these slides rely on the state inmate studies which form the basis for so many of Dr. Sorensen's statements, they are improper and should be either stricken or edited to rely exclusively on data related to federal inmates.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).

**PROPOSED SLIDE 4** – Slide 4 appears to be a summary of what Dr. Sorensen relied upon in reaching his opinion, which is appropriate testimony for an expert. However, the slide lists such data as "collection of general information on inmate violence," "Historical observations of capital murderers," and "scientific study of life-sentenced inmates."  As detailed, *supra*, the vast majority of the studies which support these three factors are limited to state inmates housed in state institutions for state crimes.  Given that this slide does not appear to be based on studies of federal inmates, it should be edited to avoid misleading and confusing testimony about comparative conditions of confinement.  *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). Alternatively, the slide, and any testimony based thereon, should be stricken.

**PROPOSED SLIDE 9** - Slide 9 refers to statistics within BOP, and is otherwise unobjectionable, but there is no citation provided for the information and neither Slide 8 nor Slide 10 provide citation to studies of federal inmates.  Thus, Slide 9 should be amended to provide a basis for Dr. Sorensen's opinion.  FED. R. CRIM. P. 16(b)(1)(C).

---

[3] The defendant is required to provide the United States with a written summary of expert witness opinions which "describe the witness's opinions, [and] the bases and reasons for those opinions. . . ."  FED. R. CRIM. P. 16(b)(1)(C).

**PROPOSED SLIDE 10** - Slide 10 appears to be a summary of what Dr. Sorensen relied upon in reaching his opinion, which is appropriate testimony for an expert. However, as detailed *supra*, each of the factors listed on Slide 10 are supported exclusively by studies of state inmates housed in state institutions for state crimes. Given that this slide does not appear to be based on studies of federal inmates, it should be edited to avoid misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). Alternatively, the slide, and any testimony based thereon, should be stricken.

**PROPOSED SLIDE 33, 41** - Slides 33 and 41 refer to statistics within BOP, and are otherwise unobjectionable, but there is no citation provided for the information. Thus, Slides 33 and 41 should be amended to provide a basis for Dr. Sorensen's opinion. FED. R. CRIM. P. 16(b)(1)(C).

**PROPOSED SLIDE 42** – Slide 42 appears to be a summary of what Dr. Sorensen relied upon in reaching his opinion, which is appropriate testimony for an expert. However, as detailed *supra*, the factors listed on Slide 42 are largely supported by studies of state inmates housed in state institutions for state crimes. Given that this slide does not appear to be based on studies of federal inmates, it should be edited to avoid misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). Alternatively, the slide, and any testimony based thereon, should be stricken.

**PROPOSED SLIDE 45** – Slide 45 refers to statistics within BOP, and is otherwise unobjectionable, but there is no citation provided for the information. Thus, Slides 45

should be amended to provide a basis for Dr. Sorensen's opinion. FED. R. CRIM. P. 16(b)(1)(C).

**PROPOSED SLIDE 47** – Slide 47 is objectionable *per se*, because it misstates the future dangerousness aggravating factor and impermissibly enlarges the United States' burden of proof to satisfy that factor. Dr. Sorensen states that "no scientific model predicts 'more likely than not probability for an inmate to commit serious prison violence.'" This is not the standard. In order to sustain the aggravating factor, the United States need only prove that "[t]he defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others." The United States is not required to prove that the defendant is "more likely than not" to commit violence, or that the violence itself is "serious." Given that the slide misstates the legal standard, it should be stricken. 18 U.S.C. § 3593(c).

Furthermore, the factors listed on Slide 47 are supported exclusively by studies of state inmates housed in state institutions for state crimes. Given that this slide does not appear to be based on studies of federal inmates, it should be edited to avoid misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). Alternatively, the slide, and any testimony based thereon, should be stricken.

**PROPOSED SLIDE 49** – Slide 49 appears to be a summary of Dr. Sorensen's opinion, which is appropriate testimony for an expert. However, as detailed *supra*, the factors listed on Slide 49 are largely supported by studies of state inmates housed in state institutions for state crimes. Given that this slide does not appear to be based on

studies of federal inmates, it should be edited to avoid misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c). Alternatively, the slide, and any testimony based thereon, should be stricken.

## **CONCLUSION**

Proposed Slide 47, and any testimony based thereon, must be stricken because it misstates the elements of the future dangerousness aggravator and improperly enlarges the United States' burden of proof.

Proposed Slides 2, 8, 11, 12, 13, 16, 17, 18, 19, 20, 21, 25, 26, 27, 29, 31, 32, 34, 35, 36, 37, 40, 43, 44, 48, 50, 51, 52, 53, 54, 55, and 58, and any testimony based thereon, should be stricken because they are based on studies of state inmates serving time in state prisons for state offenses. These slides, and any testimony based thereon, will necessarily lead to misleading and confusing testimony about comparative conditions of confinement. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).

Similarly, proposed Slides 4, 9, 10, 41, 42, 45 47, 49, 56, 57 should be stricken because they do not cite to support themselves, and the points made within those slides rely on studies of state inmates serving time in state prisons for state offenses. These slides would only be proper if they are amended to rely exclusively on data related to federal inmates. *Johnson*, 223 F.3d at 672-75; 18 U.S.C. § 3593(c).

Proposed Slides 5, 6, and 7 should be stricken because they relate to comparative confinement conditions in violation of the Seventh Circuit prohibition. *Johnson*, 223 F.3d at 672-75.

The United States has no objection to Proposed Slides 1, 3, 14, 15, 22, 23, 24, 28, 30, 33, 38, 39, and 46, as these slides comply with both the *Johnson* opinion and Section 3593(c)

WHEREFORE, the United States respectfully moves the Court to limit both Dr. Sorensen's testimony and his PowerPoint slides.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

<div style="margin-left: 40%;">

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov

</div>