E-FILED
Friday, 05 July, 2019  10:08:22 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO
## PROHIBIT IMPROPER CROSS-EXAMINATION OF THE VICTIM'S FAMILY

NOW COMES the United States of America, by John C. Milhiser, United States

Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres,

Assistant United States Attorneys, and Department of Justice Trial Attorney James B.

Nelson, and hereby requests that this Court prohibit the defendant's cross-examination

of members of the victim's family regarding plea discussions between the parties and a

pending civil lawsuit against two social workers because such cross-examination would

be improper, without foundation, irrelevant, would serve to confuse the issues and

mislead the jury, and would harass the witnesses.

## BACKGROUND

The United States intends to present the victim-impact testimony of the victim's

father, mother,[1] brother, and fiancé (*i.e.,* the victim's family) during the penalty phase of

---

[1] As noted in a previous filing, Yingying's loss has been particularly devastating to her
mother. At this time, the United States does not know if she will be emotionally able to testify
during the penalty phase. While the United States would prefer that she provide live testimony,
in the event she is unable to do so, the United States intends to submit a videotaped or written

the trial. Pursuant to the defendant's pretrial motion, which was conceded by the United States and granted by this Court, the family's direct-examination testimony will not include any testimony regarding the crime, the defendant, or the appropriate sentence. Nonetheless, the defendant has indicated that he intends to cross-examine those witnesses regarding (1) their knowledge of plea discussions in this case; and (2) a civil lawsuit filed on June 7, 2019, by Daniel Deneen, the independent administrator of the estate of Yingying Zhang, against two social workers at the University of Illinois at Urbana-Champaign. Such cross-examination would be improper and should be prohibited.

## <u>ARGUMENT</u>

The defendant previously filed a motion *in limine* to preclude improper victim impact evidence. (R.411) Specifically, the defendant argued that the Supreme Court had banned during the penalty phase of a capital case the admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence (R.411 at 6), citing *Bosse v. Oklahoma,* 137 S. Ct. 1 (2016). The defendant elaborated that victim-impact evidence "must reflect the harm caused by the criminal conduct, rather than the impact of the trial proceedings [or other factors]." (R.411 at 7) The defendant concluded that any testimony from the family regarding the

---

victim-impact statement from her, to be translated in Court by the interpreter. The United States will provide the video or written statement to the defense once it is prepared.

trial proceedings or the appropriate sentence "must be ruled inadmissible prior to any victim impact witnesses taking the stand." (R.411 at 8)

At the hearing on June 27, 2019, the United States conceded this aspect of the defendant's motion and agreed it would not present evidence through the victim-impact witnesses regarding their characterizations or opinions about the crime, the defendant, or the appropriate sentence. Now, however, the defendant proposes to ask on cross-examination questions that will illicit information specifically prohibited by *Bosse*. Moreover, under the circumstances of this case, the information sought by the defendant will be both irrelevant to the penalty phase and without foundation. Therefore, this Court should prohibit such cross-examination.

**I.      Cross Examination Regarding the Victim's Family's Knowledge of Plea Negotiations is Inappropriate, Without Foundation, Irrelevant, and Would Confuse and Mislead the Jury.**

The Crime Victims' Rights Act mandates that a crime victim (which includes family members of a deceased victim) has the reasonable right, *inter alia,* to confer with the prosecutors in the case, to be informed in a timely manner of any plea bargain, and to be treated with fairness and with respect to the victim's dignity and privacy. 18 U.S.C. § 3771(a)(5), (8), & (9). Similarly, the Victims' Rights and Restitution Act of 1990 mandates that a crime victim receive the earliest possible notice of, *inter alia,* the status of the investigation of the crime, the filing of charges, the acceptance of a plea of guilty, and the sentence imposed on an offender. 34 U.S.C. § 20141(c)(3). Throughout this case, the prosecutors have carried out these responsibilities, usually by conferring with the attorneys representing the victim's family, Zhidong Wang and Steven Beckett.

Relevant to this motion, around November and December of 2017 and January of 2018, the United States kept the victim's family apprised of the status of both (1) the Department of Justice's Death Penalty Protocol that culminated with the Attorney General directing the United States to seek a sentence of death in January of 2018; and (2) plea negotiations with the defendant's attorneys in an attempt to locate the victim's remains. Because the victim's family had returned to China during this time period, the United States conferred with the family members exclusively through their attorneys, Zhidong Wang and Steven Beckett. The main import of all of these discussions was to obtain input from the victim's family as to their opinion as to the appropriate sentence in this case so that it could be transmitted to the Attorney General for his consideration in determining whether to seek a sentence of death or enter into any plea agreement.

As the defendant himself has pointed out, the Supreme Court prohibits characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence. *Bosse*, 137 S. Ct. at 2 (holding that this aspect of the holding of *Booth v. Maryland*, 482 U.S. 496 (1987) was still good law after *Payne v. Tennessee,* 501 U.S. 808 (1991)). Any cross-examination of family members regarding plea negotiations in this case would necessarily illicit opinions from them regarding their beliefs as to the appropriate sentence in this case. Therefore, such cross examination should be prohibited, unless the defendant wishes to open the door to the

family members testifying that they believe the appropriate sentence in this case is a sentence of death.[2]

Besides being inappropriate, any cross examination of the family members regarding the details of plea negotiations is without foundation. The defendant has sought to introduce evidence of plea negotiations during the penalty phase in support of his alleged mitigating factor that "[i]n December of 2017, [the defendant] offered to plead guilty to the kidnapping of Yingying Zhang, resulting in her death, to fully cooperate with law enforcement and assist them in their search for Ms. Zhang's remains, to waive all appeals, and accept a sentence of life imprisonment without release." The family members have no direct knowledge of this claim. In fact, their knowledge as to the defendant's "offer" is quadruple hearsay that includes not one, but two, privileged communications. Namely, their knowledge is based on privileged discussions with their attorneys, who received the information from the United States, who received it from the defense attorneys, who presumably received it during privileged discussions with the defendant. Thus, there is no appropriate foundation for the family members to respond to questions regarding the defendant's "offer."

Finally, the victim's family's knowledge of plea discussions is entirely irrelevant to the penalty phase. The defendant argued that he should be permitted to admit

---

[2] As noted in previous filings, the defendant also may open the door to such evidence if necessary to place into context the plea discussion evidence that he has requested to introduce. Nonetheless, this evidence would *not* come from the victim's family, as their personal opinions regarding the appropriate sentence remain irrelevant. What may be relevant would be evidence that those opinions were made known to the defendant during the plea discussions so the jury could assign weight to his proposed mitigating factor that he offered to plead guilty.

evidence that *he* offered to plead guilty, arguing that this somehow demonstrates his acceptance of responsibility. Again, as the defendant has pointed out, victim-impact evidence is relevant only to demonstrate the harm caused by the crime and must reflect the harm caused by the criminal conduct. Thus, the impact of the proceedings on the victim's family, including any plea discussions, is irrelevant to victim-impact evidence.[3] *See United States v. McVeigh*, 944 F. Supp. 1478, 1491 (D. Colo. 1996).

Finally, not only would permitting cross examination of the victim's family members not elicit any probative evidence, it would serve to confuse the issues and mislead the jury in violation of 18 U.S.C. § 3593(c). The actual plea negotiations that took place between the parties are documented and fairly straightforward. Attempting to elicit the victim's family members' fourth-hand knowledge of those plea negotiations would simply confuse the issue, especially considering that they are unfamiliar with the American legal system and English legal terms. Moreover, such cross examination may mislead the jury into wondering whether the victim's family was the decision-maker regarding the sentence sought in this case, when under the law, that decision was made solely by the Attorney General.

For all of the reasons stated above, the defendant should be prohibited from cross examining the victim's family regarding their knowledge of plea discussions during this case.

---

[3] To the extent the defendant attempts to articulate a theory that the victim's family's knowledge of plea discussions is relevant for another purpose, such cross examination on such a theory should be excluded as beyond the scope of direct examination. The direct examination will be limited to permissible victim-impact evidence.

6

II.     **Cross Examination Regarding the Lawsuit by the Independent Administrator of the Estate of the Victim Is Inappropriate, Without Foundation, Irrelevant, and Would Confuse and Mislead the Jury.**

On June 7, 2019, Daniel Deneen, as independent administrator of the estate of Yingying Zhang, deceased, filed a civil lawsuit against the defendant and two social workers associated with the University of Illinois. (R.1 in CDIL Case No. 19-cv-2149) The lawsuit alleges battery against the defendant and wrongful death and negligence against the social workers. (R.1) The lawsuit alleges violations of the standard of care by the social workers, much of which is based on the counseling center video already viewed by the jury in this case and which requires an assessment of the defendant's mental condition between March 21 and June 9, 2017. (R.1)

To the extent the defendant wishes to cross examine the victim's family regarding the lawsuit against the defendant for battery to establish bias, the United States has no objection. Although bias is obvious, given that the jury convicted the defendant of murdering the family's daughter and sister, the defendant should be free to argue that the victim impact testimony is not credible due to their interest in the lawsuit against the defendant. Any testimony regarding the lawsuit against the two social workers is another matter, however. They are not parties to this criminal action, and the lawsuit against them does not establish any bias relevant to this criminal proceeding.

Moreover, this Court has previously ruled that the defendant may not offer evidence regarding the standard of care, possible negligence by the counseling center staff, or possible misdiagnosis by the counseling center staff because it is irrelevant to

7

any relevant issue of mitigation. (R.432 at 3) In light of the defendant's knowing and intelligent withdrawal of his Rule 12.2 notice and refusal to be examined by government mental health experts, this Court has also prohibited the defendant from offering expert evidence relating to a mental disease or defect or any other mental condition.[4] (R.432) This Court ruled that the testimony of the counseling center staff may not include any opinions about his mental condition and is limited to "what they saw and heard from the Defendant and what they did in response." (R.432 at 4)

Given these rulings, it would be inappropriate to permit the defendant to attempt to introduce to the jury through cross examination of the victim's family evidence of the lawsuit against the social workers to suggest the counseling center staff violated the standard of care, were negligent, or misdiagnosed the defendant, or to suggest that the defendant had a mental condition relevant to the issue of punishment. The only purpose of this questioning would be an attempt to introduce "evidence" to the jury through hearsay that this Court has deemed inadmissible from witnesses with firsthand knowledge.

Beyond the fact that this evidence has already been excluded by this Court, any cross examination of the family members regarding the details of the lawsuit would be without foundation. The allegations contained in the civil complaint are just that – allegations. They are made by the independent administrator's attorneys, presumably

---

[4] Although the defendant argued, for the first time, at the June 27, 2019, hearing, that he may offer "non-expert" evidence of his mental condition without violating Rule 12.2, as this Court has recognized, a lay expert lacks any foundation to opine as to the defendant's mental condition or to admit any medical or mental health records of the defendant.

after investigation and research by the attorneys. The victim's family has no personal knowledge whatsoever whether the social workers violated the standard of care or were negligent. Thus, there is no foundation for the defendant to attempt to elicit such testimony through cross examination.

Of course, such testimony would be entirely irrelevant to the penalty phase proceedings in any event. The mere fact that a civil lawsuit has been filed against the social workers or the as yet unsubstantiated allegations contained in that lawsuit are irrelevant to the appropriate punishment for this defendant for this crime. Finally, such cross examination would serve only to confuse the issues and mislead the jury. The jury will likely be confused by evidence of a civil lawsuit (with its differing legal standards) against parties that are not before it; it will certainly be misleading to suggest that mere allegations in a complaint are somehow evidence of actual violation of the standard of care or negligence by the social workers.

For all of the reasons stated above, the defendant should be prohibited from cross examining the victim's family regarding the pending civil lawsuit against the counseling center social workers.

### III.   Cross Examination Regarding these Matters Would Be Unfair to the Victim's Family.

As discussed, *supra,* cross examination of the victim's family regarding these matters should not be admitted into evidence. Given this clear lack of admissibility, the only purpose for such cross examination would be to confuse and harass the victim's family members, who did not control the plea negotiations between the parties and

9

only have a lay person's understanding of the lawsuit filed by the independent

administrator. Crime victims have the "right to be treated with fairness and with

respect" for their dignity and privacy. 18 U.S.C. § 3771(a)(8). Permitting this cross

examination on these inappropriate and irrelevant matters would be unfair to the

victim's family and fail to respect their dignity and privacy.

WHEREFORE the United States respectfully requests that this Court prohibit the

defendant's cross-examination of members of the victim's family regarding plea

discussions between the parties and a pending civil lawsuit against two social workers.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov


/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov