# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S PROPOSED PENALTY PHASE INSTRUCTIONS AND MOTION TO PRECLUDE ARGUMENT TO THE JURY ON THE CONSEQUENCE OF NON-UNANIMITY AT ANY POINT IN THE PENALTY PHASE

COMES NOW the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and hereby offers its supplemental response to the defendant's proposed penalty phase instruction on non-unanimity (R.354, 430), and accompanying motion in limine to preclude argument to the jury regarding the consequence of non-unanimity during the penalty phase.

## BACKGROUND

On June 24, 2019, the jury found the defendant guilty of kidnapping resulting in Yingying Zhang's death, and making false statements to FBI agents investigating her kidnapping. (d/e/ 06/24/2019) The penalty phase of the trial is scheduled to begin on July 8, 2019.

Prior to the guilt phase of the trial, on May 26, 2019, the defendant filed a motion requesting to use visual aids during voir dire. (R.353) Included on those visual aids were references to the effect of jury deadlock during penalty deliberations, namely that it resulted in a sentence of life imprisonment. (R.353, Ex.1) ("Unanimous / Not Unanimous – **Life wo Release**") (emphasis in original); (R.353, Ex.2) ("If even one juror votes for life, the sentence will be lifetime imprisonment without the possibility of release."). The United States objected to various aspects of the proposed visual aids as incorrect, misleading, or inappropriate, including the non-unanimity advisement. (R.367) This Court denied the defendant's request to advise the venire on the effect of deliberative deadlock in the penalty phase. (d/e 6/3/19)

On May 28, 2019, two days after filing his motion to use the disputed visual aids during voir dire, the defendant also filed his proposed jury instructions for the guilt and penalty phases. (R.354) Within his proposed penalty phase instructions, the defendant again requested that this Court advise the jurors on the impact of non-unanimity in both the instructions themselves and on the verdict form. (R.354 at 67) ("If you cannot unanimously agree that a sentence of death should be imposed, you should answer the question "No" and this Court will sentence Mr. Christensen to a life sentence without the possibility of release for Count 1 of the Superseding Indictment.") (R.354 at 84) (containing similar language on the verdict form).

The United States filed its own proposed penalty phase instructions on June 24, 2019, which did not include any advisement on the impact of jury deadlock. (R.399) The

United States objects to any non-unanimity instruction or advisement before deliberations even begin.

On June 27, 2019, during a hearing on unrelated outstanding motions, the defendant provided a "supplement" to his proposed penalty phase instructions. (R.430) This supplement, prepared by defense counsel Matthew Rubenstein, references non-unanimity jury instructions from district court cases over the past ten years. The United States continues to object to the requested instruction.

## ANALYSIS

### I. This Court Should Reject the Proposed Non-Unanimity Instruction.

Despite this Court's rejection of a similar requested instruction during voir dire, the defendant continues to request that this Court instruct the jury on the effect of non-unanimity in penalty phase deliberations before deliberations begin. While the defendant's requested instruction accurately states the outcome of jury deadlock, the instruction is inappropriate because its practical effect is counter-productive to the very essence and purpose of jury deliberations. The Federal Death Penalty Act ("FDPA"), the Supreme Court, and various circuit courts have all recognized the strong interest in having the jury reach a unanimous verdict. For the reasons cited herein, the defendant's requested instruction is improper.

The FDPA provides the analytical starting point on this issue. Regarding juror unanimity, the relevant FDPA statute provides:

> [T]he jury, or if there is no jury, the court, shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or,

> in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death. Based upon this consideration, the jury by unanimous vote, or if there is no jury, the court, shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release. . . .

18 U.S.C. § 3593(e). By its express terms, the FDPA requires unanimity for a verdict of death or life imprisonment. *See United States v. Hammer*, 25 F. Supp. 2d 518, 528 (M.D. Pa. 1998) (rejecting a requested instruction on the impact of non-unanimity in part based on the strong unanimity language in 18 U.S.C. § 3593(e) as compared to its predecessor death penalty statute). Though the FDPA does outline some necessary instructions in death penalty proceedings, there is no provision in the FDPA for advising the jury on the impact of deliberative deadlock. *Cf.* 18 U.S.C. § 3593(f) (requiring the district to instruct the jury not to consider the race, color, religious beliefs, national origin, or sex of the defendant or victim).

As noted in prior filings, the Supreme Court considered this issue in *Jones v. United States*, 527 U.S. 373, 379 (1999). In *Jones*, the defendant argued he was entitled to an instruction on the consequences of jury deadlock at sentencing. The defendant asked for, and did not receive, the following instruction:

> In the event, after due deliberation and reflection, the jury is unable to agree on a unanimous decision as to the sentence to be imposed, you should so advise me and I will impose a sentence of life imprisonment without possibility of release.
>
> ….
>
> In the event you are unable to agree on [a sentence of] Life Without Possibility of Release or Death, but are you unanimous that the sentence should not be less than Life Without Possibility of Release, you should report that vote to the Court and the Court will sentence the defendant to Life Without the Possibility of Release.

4

*Jones*, 527 U.S. at 379. The defendant argued both that the Eight Amendment required the trial court to instruct the jury as to the effect of non-unanimity, and that the Supreme Court should invoke its supervisory power over the federal courts and require that such an instruction be given. *Id.* at 380. The Supreme Court rejected these arguments, noting that "the Eighth Amendment does not require that the jurors be instructed as to the consequences of their failure to agree[,]" *id.* at 381, and that "[i]n drafting the [FDPA], Congress chose not to require such an instruction." *Id.* at 383 (citing 18 U.S.C. § 3593(f) to show Congress contemplated some necessary instructions in FDPA cases, but was silent on instructions related to effect of non-unanimity).

In affirming the trial court's refusal to give such an instruction, the *Jones* court stated:

> *The truth of the matter is that the proposed instruction has no bearing on the jury's role in the sentencing process. Rather, it speaks to what happens in the event that the jury is unable to fulfill its role -- when deliberations break down and the jury is unable to produce a unanimous sentence recommendation.* Petitioner's argument, although less than clear, appears to be that a death sentence is arbitrary within the meaning of the Eighth Amendment if the jury is not given any bit of information that might possibly influence an individual juror's voting behavior. That contention has no merit. We have never suggested, for example, that the Eighth Amendment requires a jury be instructed as to the consequences of a breakdown in the deliberative process. On the contrary, we have long been of the view that "the very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen v. United States*, 164 U.S. 492, 501, 41 L. Ed. 528, 17 S. Ct. 154 (1896). We further have recognized that in a capital sentencing proceeding, the Government has "a strong interest in having the jury express the conscience of the community on the ultimate question of life or death." *Lowenfield v. Phelps*, 484 U.S. 231, 238, 98 L. Ed. 2d 568, 108 S. Ct. 546 (1988) (citation omitted). *We are of the view that a charge to the jury of the sort proposed by petitioner might well have the effect of undermining this strong governmental interest.*

*Id.* at 382 (emphasis added). As part of its analysis, the Supreme Court noted "[i]t is not insignificant that the Courts of Appeals to have addressed this question, as far as we are aware, are uniform in rejecting the argument that the Constitution requires an instruction as to the consequences of a jury's inability to agree." *Id.* at 382 n.6 (*citing Coe v. Bell*, 161 F.3d 320, 339-40 (6th Cir. 1998); *Green v. French*, 143 F.3d 865, 890 (4th Cir. 1998); *United States v. Chandler*, 996 F.2d 1073, 1088-89 (11th Cir. 1993); *Evans v. Thompson*, 881 F.2d 117, 123-23 (4th Cir. 1989); *United States v. Jones*, 132 F.3d 232, 245 (5th Cir. 1998)).

The Supreme Court also examined state supreme and appellate court decisions on this issue.[1] *Jones*, 527 U.S. at 383. Noting again the "strong governmental interest that we have recognized in having the jury render a unanimous sentencing recommendation[,]" the *Jones* court highlighted the following passage from the Virginia Supreme Court's decision in *Justus v. Virginia*, 220 Va. 971, 979, 266 S.E.2d 87, 92-93 (1980), as the most persuasive summary on this topic:

> The court properly refused an instruction offered by the defendant which would have told the jury that if it could not reach agreement as to the appropriate punishment, the court would dismiss it and impose a life sentence. While this was a correct statement of law it concerned a procedural matter and was not one which should have been the subject of an instruction. It would have been an open invitation for the jury to avoid its responsibility and to disagree.

---

[1] *Compare New Jersey v. Ramseur*, 106 N.J. 123, 304-15, 524 A.2d 188, 280-86 (1987) (requiring jury be informed of the sentencing consequences of non-unanimity), *with North Carolina v. McCarver*, 341 N.C. 364, 394, 462 S.E.2d 25, 42 (1995) (declining to require non-unanimity instruction); *Brogie v. Oklahoma*, 695 P.2d 538, 547 (Okla. Crim. App. 1985) (same); *Calhoun v. Maryland*, 297 Md. 563, 593-95, 468 A.2d 45, 58-60 (1983) (same); *Coulter v. Alabama*, 438 So.2d 336, 346 (Ala. Crim. App. 1982) (same); *Justus v. Virginia*, 220 Va. 971, 979, 266 S.E.2d 87, 92-93 (1980) (same).

*Jones*, 527 U.S. at 384 (citing *Justus*, 220 Va. at 979). In sum, the *Jones* decision stands for the proposition that the jury system is designed to secure unanimity through deliberation, and instructing capital juries on the effect of non-unanimity is inappropriate and counter-productive to this goal because it encourages juries to abandon their duty to deliberate. *Id.* at 379-84.

Before and after the *Jones* decision, circuit courts have continued to hold that district courts were correct to reject pre-deliberation jury instructions on the impact of non-unanimity in capital cases. *See United States v. Taylor*, 814 F.3d 340, 371-73 (6th Cir. 2016) (affirming district court's rejection of defendant's proposed non-unanimity instruction both before deliberations and in response to jury questions during deliberations about impact of deadlock); *United States v. Lawrence*, 735 F.3d 385, 428-30 (6th Cir. 2013) (affirming rejection of "solitary juror" instruction in capital case, and "flatly rejecting" argument that failure to give non-unanimity instruction misled the jury); *United States v. Whitten*, 610 F.3d 168, 203 (2d Cir. 2010) ("A capital defendant is not entitled to a jury instruction on the effect of a deadlock."); *see also United States v. Jones,* 132 F.3d 232, 245 (5th Cir. 1998); *Green v. French*, 143 F.3d 865, 890 (4th Cir. 1998); *United States v. Chandler,* 996 F.2d 1073, 1088-89 (11th Cir. 1993) ("Asking the jury to return a unanimous verdict forces jurors to examine their views on the case and engage in discussions and deliberations as they attempt to resolve their differences.").

Various district courts have also issued written decisions rejecting similar proposed non-unanimity instructions for the reasons cited in *Jones*.[2] *E.g., United States v. Caro*, 483 F. Supp. 2d 513, 520-21 (W.D. Va. 2007) ("In short, in light of the Court's decision in *Jones*, I refused to explicitly instruct the jury regarding the consequences of their failure to agree."), *aff'd*, 597 F.3d 608 (4th Cir. 2010); *Hammer*, 25 F. Supp. 2d at 528-30 (refusing to instruct jury on consequences of non-unanimity in pre-*Jones* case, citing the language of the FDPA and decisions from the Fourth, Fifth and Eleventh Circuits as

---

[2] The United States also found several unpublished district court decisions where courts refused to instruct the jury on the consequences of non-unanimity. *E.g., United States v. Cramer*, Case No. 1:16-CR-00026-MAC-ZJH-1 (E.D. Tex. June 11, 2018) (R.665); *United States v. Fackrell*, Case No. 1:16-CR-00026-MAC-ZJH-2 (E.D. Tex. June 11, 2018) (R.667); *United States v. Torrez*, Case No. 1:11-CR-00115-LO (E.D. Va. Apr. 24, 2014) (R.390, 450 at 2564-74) ("Likewise, at the end of your deliberations, as I will explain to you in more detail, in order to impose a sentence of death or life imprisonment, all 12 jurors must unanimously agree that a sentence of death or a sentence of life imprisonment is the appropriate sentence."); *United States v. Snarr*, Case No. 1:09-CR-00015-MAC-KFG-1 (E.D. Tex. May 21, 2010) (R.364, 349-1); *United States v. Garcia*, Case No. 1:09-CR-00015-MAC-KFG-2 (E.D. Tex. May 21, 2010) (R.363, 350-1); *United States v. Ebron*, Case No. 1:08-CR-00036-MAC-ESH (E.D. Tex. May 18, 2009) (R.184, 185); *United States v. Troya*, Case No. 9:06-CR-80171-BB-3 (S.D. Fla. Apr. 1, 2009) (R.851 at 6, 23-24; 859) ("Any decision to impose a sentence of death, sentence of life imprisonment without the possibility of release, or some lesser sentence must be unanimous."); *United States v. Sanchez*, Case No. 9:06-CR-80171-BB-2 (S.D. Fla. Mar. 31, 2009) (R.851 at 6, 23-24; 860) (same); *United States v. Taylor*, Case No. 1:04-CR-00160-CLC-CHS (E.D. Tenn. Oct. 21, 2008) (R.760, 907-3) (verdict form shows only unanimity options, and only unanimous options were given over defense request for the following language: "After all reasonable efforts, we are unable to come to a unanimous decision on a sentence. We understand that, in the absence of a unanimous decision from the jury, the Court will sentence Rejon Taylor to Life imprisonment without the possibility of release."); *United States v. Caro*, Case No. 1:06-CR-00001-JPJ (W.D. Va. Feb. 13, 2007) (R.640) ("Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous."); *United States v. Wilson*, Case No. 1:04-CR-01016-NGG (E.D.N.Y. Jan. 30, 2007) (R.304 at 20-21, 360); *United States v. Lawrence*, Case No. 2:05-CR-00011-MHW-CMV (S.D. Ohio Mar. 10, 2006) (R.213 at 19, 46) ("Your sentencing verdict must be unanimous. In order to impose a sentence of life in prison without the possibility of release, all of you must agree. In order to impose a sentence of death, all of you must agree. Either way, your sentencing verdict must be unanimous."); *United States v. Davis*, Case No. 2:94-CR-00381 (E.D. La. Aug. 8, 2005) (R.1509, 1513); *United States v. Agofsky*, Case No. 1:03-CR-00173-TH-WCR (E.D. Tex. July 15, 2004) (R.163).

8

support); *see also United States v. Cramer*, Case No. 1:16-CR-26, 2018 WL 7821097, at *1-2 (E.D. Tex. Apr. 6, 2018) (noting that a non-unanimous verdict instruction "would undermine the governmental interest in unanimous verdicts reached by a jury of the defendants' peers. Accordingly, Defendants' attorneys may not discuss with the jury the consequence of their failure to arrive at a unanimous verdict during the punishment phase of this trial."); *United States v. Wilson*, Case No. 04-CR-1016 (NGG), 2013 WL 3187036, at *4 (E.D.N.Y. June 20, 2013) ("The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. This system renders the jury's verdict 'the conscience of the community on the ultimate question of death,' which the Supreme Court has described as a 'strong' Government interest[.]") (internal citations omitted).

Against the weight of the FDPA's plain language, binding Supreme Court precedent, and these circuit and district court decisions, the defendant offers snippets of jury instructions from a handful of district courts that have refused to follow the Supreme Court's *Jones* decision. (R.430) The defendant's snippets are divorced from their context or any analysis by those courts.[3] The only legal argument the defendant offers to support his proposed non-unanimity instruction comes from his motion to use visual aids during voir dire, where he also sought to have the Court instruct the venire on the consequences of non-unanimity in penalty phase sentencing. (R.353) In that

---

[3] Since these snippets are apparently unpublished and unavailable on WestLaw or another electronic database, the only way to review the context of the decisions or the district courts' analyses (to the extent there was any) on the issues is to review the docket sheets on CM/ECF or PACER for each case.

motion, which this Court rejected, the defendant offered three reasons for instructing the jury on the consequence of deadlock: (1) jurors may assume that a failure to agree on a sentence would require retrial; (2) unanimity instructions are in "arguable tension" with the requirement that jurors not be required to render unanimous verdicts on mitigating factors; and (3) failing to provide accurate instructions on the effect of non-unanimity allegedly requires a "series of additional instructions to ensure that the jury is not prejudicially misled." (R.353 at 19-21). None of these arguments have merit.

Regarding the defendant's first argument, "*Jones* holds squarely that the Constitution does not require the jury to be instructed on the consequences of failure to reach unanimity in a capital case."[4] *United States v. Taylor*, 814 F.3d 340, 372 (6th Cir. 2016) (citing *Jones*, 527 U.S. at 383). Multiple instructions will advise the jury of their tasks in the penalty phase, and they are presumed to follow those instructions. *See Jones*, 527 U.S. at 394. Moreover, even if there were any legitimacy to the idea that jurors may believe penalty phase deadlock could result in a retrial of the guilt phase, the solution is not to instruct on the consequences of non-unanimity before deliberations begin. *See Taylor*, 814 F.3d at 371-73.

---

[4] *Jones* and various circuit courts considered and rejected the virtually identical erroneous argument that a non-unanimity instruction was "necessary" to correct any impression that a non-unanimous sentencing recommendation would result in a "judge-imposed sentence less severe than life imprisonment[.]" *Jones*, 527 U.S. at 384-95; *United States v. Lawrence*, 735 F.3d 385, 430 (6th Cir. 2013) ("Lawrence insists that the instructions actually given might have led jurors to believe that a life sentence was possible only if *all* jurors rejected the death sentence. We flatly reject this argument."); *United States v. Whitten*, 610 F.3d 168, 203 (2d Cir. 2010) (noting that "[a] capital defendant is not entitled to a jury instruction on the effect of a deadlock[,]" and summarily dismissing argument that failing to instruct jury on consequences of non-unanimity allowed jury to believe that a non-unanimous verdict would allow the court to impose some other lesser sentence).

The Sixth Circuit considered the situation presented by the defendant's argument in *Taylor*, 814 F.3d at 371-73. In *Taylor*, the district court declined the defendant's request to instruct the jury prior to deliberations that non-unanimity would result in a sentence of life imprisonment. *Id.* at 371. Instead, the district court instructed the jury that Taylor would be sentenced to either death or life in prison without the possibility of release if the jury unanimously voted for either sentence. *Id.* After deliberations began, the jury sent a note asking: "if the jury cannot reach a unanimous decision, what then?" *Id.* After convening with the parties and rejecting a renewed request for a non-unanimity instruction, the district court essentially asked the jury to "try its best to work out its differences." *Id.* The jury later sent a second note asking "whether the case would result in a mistrial and whether the guilty verdict would be 'null and void' if the jury could not reach a unanimous decision." *Id.* at 372. At that point, the district court advised that a non-unanimous decision would be reported to the court, the jury would be discharged, and there would be no effect on the guilty verdict. *Id.* The defendant again requested, and the district court again rejected, that this Court advise the jury that a non-unanimous decision would result in a sentence of life imprisonment. *Id.* The jury returned its verdict shortly thereafter. *Id.*

Despite the jury specifically asking about the impact on the verdict in the event of penalty phase deadlock, the *Taylor* court held that the district court accurately instructed the jury, and "acted within its discretion when it did not tell the jury about the sentence that Taylor would receive in the event that the jury deadlocked." *Id.* The defendant's first argument has no merit.

11

The defendant's second argument, that a unanimity demand is in "arguable tension" with the requirement that jurors not be required to render unanimous decisions on mitigating factors, finds no support in any case law. The defendant is essentially arguing that failing to provide a non-unanimity instruction may unconstitutionally force a juror to compromise their findings on specific non-unanimous mitigating factors to achieve unanimity. At least one circuit court has considered and rejected a substantially similar argument. *See Lawrence*, 735 F.3d at 429 (rejecting argument that failure to give "solitary juror" instruction violated defendant's constitutional rights by preventing jurors from "giving due consideration to factors that may call for a less severe penalty or lead a juror to believe that his or her vote could not affect the ultimate result."). By its terms, the FDPA demands this "tension" in weighing aggravating and mitigating factors before achieving unanimity. *Compare* 18 U.S.C. § 3593(d) (outlining how any single juror may find a mitigating factor exists and consider it established, regardless of whether other jurors agree); *with* 18 U.S.C. § 3593(f) (outlining weighing of aggravating and mitigating factors, and noting that "the jury by unanimous vote . . . shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some lesser sentence.").

Finally, the defendant's third argument, that this Court will have to give "a series of additional instructions" if it does not instruct the jury on the consequences of deadlock, is misplaced. The defendant's purported "additional instructions" involve advising the jury not to compromise their mitigation findings to achieve unanimity, and assurances that any non-unanimity will not result in a lesser sentence or an impact on

12

the underlying conviction. In other words, the purported "additional instructions" essentially rehash the defendant's first two erroneous arguments. *See Jones*, 527 U.S. at 384-95 (rejecting argument that non-unanimity instruction was necessary to advise jury that a non-unanimous verdict could result in a sentence of less than life imprisonment); *Taylor*, 814 F.3d at 371-73; *Lawrence*, 735 F.3d at 430; *Whitten*, 610 F.3d at 203. The penalty phase instructions will fully apprise the jury of its ability to make non-unanimous mitigation findings, the right of each juror to consider and weigh mitigation found by that juror regardless of the findings of other jurors, and that the defendant will be sentenced to either death or life imprisonment without release.

As the Supreme Court has repeatedly noted, "[t]he very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Allen v. United States*, 164 U.S. 492, 501 (1896). The defendant's proposed instruction frustrates the strong governmental interest in unanimity by encouraging the jury "to avoid its responsibility and to disagree." *Jones*, 527 U.S. at 384. The defendant's requested instruction, which he offers with only unpublished district court decisions as support, is contrary to the plain language of the FDPA, binding Supreme Court precedent, various circuit and district court decisions, and common sense. For these reasons, this Court should not instruct the jury on the consequences of deliberative deadlock.

## II. This Court Should Preclude the Defendant from Referencing the Consequences of Non-Unanimity at Any Point in the Penalty Phase

Given the defendant's proposed instruction is improper, it necessarily follows that defense counsel should not be permitted to reference the consequences of non-unanimity at any point in the penalty phase, but particularly during opening statement and closing argument. *See United States v. Cramer*, Case No. 1:16-CR-26, 2018 WL 7821097, at *1-2 (E.D. Tex. Apr. 6, 2018) (noting that a non-unanimous verdict instruction "would undermine the government interest in unanimous verdicts reached by a jury of the defendants' peers. Accordingly, Defendants' attorneys may not discuss with the jury the consequence of their failure to arrive at a unanimous verdict during the punishment phase of this trial.").

Such argument would have "no bearing on the jury's role in the sentencing process[,]" and indeed, would address only "what happens in the event that the jury is unable to fulfill its role[.]" *Jones*, 427 U.S. at 382. This Court has, at present, an order in place that "the parties may not argue to the jury the consequences of a jury deadlock on the issue of sentencing" until a further ruling on the jury instructions. (R.433) The United States respectfully requests that this Court maintain this position by rejecting the defendant's proposed non-unanimity instruction, and precluding the parties from arguing to the jury, at any point in the penalty phase, the legal consequences of the jury's failure to reach a unanimous verdict.

WHEREFORE, the United States respectfully requests that this Court decline the defendant's proposed instruction on the consequences of non-unanimity in penalty

phase deliberations. (R.354, 430) The United States further respectfully requests that this Court preclude the parties from mentioning the consequences of a non-unanimous verdict at any point in the penalty phase.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/Bryan D. Freres*
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov