E-FILED
Sunday, 07 July, 2019  04:07:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION *IN LIMINE* TO BAR PRESENTATION OF THE DEFENDANT'S
JAIL CALLS AS EVIDENCE OF LACK OF REMORSE**

NOW COMES the Defendant, Brendt A. Christensen, by and through his

attorneys, and for his Motion *in Limine* to Bar Presentation of the Defendant's Jail Calls

as Evidence of Lack of Remorse states as follows:

1.   According to its Penalty Phase Exhibit List, filed with the Court on June 26,

2019, the government intends to play during the upcoming penalty phase "clips" taken

from  ten recorded phone calls of Mr. Christensen speaking with various individuals

during his pretrial incarceration in this matter. (R. 414.) Once again, with one and a half

business days to go before the penalty phase begins, Mr. Christensen has yet to be

provided with the "clips" that the government intends to play. He is therefore unable to

assess whether those clips accurately portray the conversations at issue in their proper

context, or to discern whether the proposed clips are relevant and admissible.

2.   However, a review of the full-length recordings of the calls suggests that

the government intends to use them to support its alleged aggravating factor of Lack of
Remorse, based on the fact that Mr. Christensen states that he is innocent of this crime
multiple times during the particular calls that the government has selected. If Mr.
Christensen's hunch about the government's purpose in seeking to admit these
recordings is correct, the evidence should be excluded.

3.  Protestations of innocence to close family members and friends on a recorded
jail telephone line lack all probative value of an alleged  lack of remorse. Remorse is a
subjective state of mind which is exceedingly difficult to gauge objectively in a criminal
context. *United States v. Davis,* 912 F. Supp. 930, 946 (E.D. La. 1996). "It is particularly
ambiguous since guilty persons have a constitutional right to be silent, to rest on a
presumption of innocence and to require the government to prove their guilt beyond a
reasonable doubt." *Id.*

4.  A defendant's insistent upon his innocence is not the same as absence of
remorse. *Geraci v. Senkowski,* 211 F.3d 6, 10 (2d Cir. 2000) (rev'd on other grounds).
"There must be a showing of continuing glee, boastfulness, or other affirmative conduct
which indicates a pervading and continuing lack of remorse following the criminal
conduct." *United States v. Roman,* 371 F. Supp. 2d 36, 50 (D.P.R. 2005) (citing *Davis,* 912 F.
Supp. at 946). "In addition, the government may not urge the applicability of the
aggravator on information that has a substantial possibility of encroaching on the
defendants' constitutional right to remain silent." *Id.* (citing *United States v. Cooper,* 91 F.
Supp. 2d 90, 112–113 (D.D.C. 2000) (finding that defendant's alleged "unwillingness to

2

acknowledge in his post-arrest statements that he is blameworthy for the crimes to which he admitted" is improper argument).

5.   In this case, Mr. Christensen did not express glee, did not boast, nor in any other way glorify or attempt to justify his offense while he was incarcerated. There are numerous reasons why he may have chosen not to confess guilt on a recorded telephone line, including concerns about his family's mental health, their reaction to the facts of the case, and the most certainly-given boilerplate instruction from any competent defense attorney telling clients *not* to discuss the case on the telephone. Additionally, no fewer than seven of the calls the government intends to use were made within two months of Mr. Christensen's arrest, and are utterly irrelevant to show his current, or even recent, mental state.

6.   In his dissent in *United States v. Mikos,* 539 F.3d 706, 724 (7th Cir. 2008), Judge Posner noted the potential influence that improper lack of remorse evidence can have on a jury:

> "In one study, 39.8 percent of jurors in capital cases said that a lack of remorse either made them or would have made them more likely to vote to impose the death penalty. Stephen P. Garvey, "Aggravation and Mitigation in Capital Cases: What Do Jurors Think?," 98 *Colum. L.Rev.* 1538, 1560–61 (1998). A study by Theodore Eisenberg *et al.,* "But Was He Sorry? The Role of Remorse in Capital Sentencing," 83 *Cornell L.Rev.* 1599, 1633 (1998), found that lack of remorse was the third most powerful aggravating factor in capital sentencing. See also Scott E. Sundby, "The Capital Jury and Absolution: The Intersection of Trial Strategy, Remorse, and the Death Penalty," 83 *Cornell L.Rev.* 1557, 1560 (1998); William S. Geimer & Jonathan Amsterdam, "Why Jurors Vote Life or Death: Operative Factors in Ten Florida Death Penalty Cases," 15 *Am. J.Crim. L.* 1, 40–41 (l987–1988). "In a capital sentencing proceeding, assessments of character and remorse may carry great weight and, perhaps, be determinative of whether the offender lives or dies." *Riggins v.*

*Nevada,* 504 U.S. 127, 144, 112 S.Ct. 1810, 118 L.Ed.2d 479
(1992) (concurring opinion)."

7.   To imply that the assertion of innocence is evidence of lack of remorse,

especially in a case where the protestations occurred so remotely in time from the trial,

where Mr. Christensen admitted his guilt, crosses the constitutional line that has been

drawn whereby the government cannot negatively comment on the defendant's

assertion of rights.

WHEREFORE, Mr. Christensen respectfully requests that this Court bar the

government from introducing evidence of his recorded telephone calls from the jail in

support of the lack of remorse aggravating factor.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:     309-671-7898
Email: George_Taseff@fd.org

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial

Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

5