# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S MOTION *IN LIMINE* TO BAR PRESENTATION OF THE DEFENDANT'S JAIL CALLS AS EVIDENCE OF LACK OF REMORSE**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and respectfully files this reply in opposition to the defendant's "Motion *In Limine* to Bar Presentation of the Defendant's Jail Calls as Evidence of Lack of Remorse." (R.447). For the reasons stated below, the United States respectfully submits that defendant's motion should be denied without a hearing.

## ARGUMENT

The defendant asserts that the United States may not rely on his recorded jail calls to prove the non-statutory aggravating factor of "Lack of Remorse," because such reliance would constitute a comment on his right to silence.  (R.447, at 2-4).  This assertion is meritless.

1

As an initial matter, the defendant mischaracterizes the evidence that he seeks to exclude.  The United States is not offering the jail calls to show that the defendant failed to utter remorseful words.  The United States is offering the jail calls to show that the defendant bragged that the FBI "didn't find shit" at his apartment, that he would be exonerated, that the government's prosecution of him was "political" and that he and his wife wished harm to befall Terra Bullis.  Thus, the defendant's motion rests on a faulty premise.  Nevertheless, even if the United States' evidence was just as the defendant claims, it would be admissible pursuant to binding Seventh Circuit precedent.

The defendant relies again on *United States v. Davis*, 912 F. Supp. 930, 946 (E.D. La. 1996).  *See Defendant's Motion to Strike Non-Statutory Aggravator of "Lack of Remorse"* (R.109); *see also* (R.310) (denying R.109).  The court in *Davis* held that a single instance of jubilation over a person's death was insufficient to prove lack of remorse as a standalone aggravating factor (though the court did permit lack of remorse within the future dangerousness aggravator).  *Id*.  The defendant's suggestion that the *Davis* opinion holds that the defendant's post-arrest protestations of innocence do not constitute "lack of remorse" is inconsistent with binding Seventh Circuit precedent.

Though acknowledging that "'lack of remorse' overlaps with 'the defendant did not plead guilty[,]'" the Seventh Circuit noted that the Supreme Court permits this evidence.  *United States v. Mikos*, 539 F.3d 706, 718 (7th Cir. 2008) (citing *Zant v. Stephens*, 462 U.S. 862, 886 n. 22 (1983)).  As the Seventh Circuit noted:

> It is common, and acceptable, to give lower sentences to persons who confess and show remorse than to persons who do not; the Sentencing Guidelines institutionalize this with a two-level or three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. Mikos fought every charge every step of the way. That was his right, but in the process he showed no remorse, compared with a person who conceded some culpability. . . If it is proper to take confessions, guilty pleas, and vows to improve one's life into account when deciding whether a murderer should be put to death—and it is unquestionably proper for a judge or jury to do so—then it must also be proper for the prosecutor to remind the jury when none of these events has occurred.

*Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 398 (2000)).

The defendant also cites to *United States v. Roman*, 371 F. Supp. 2d 36, 50 (D.P.R. 2005) in support of his argument.  (R.447, at 2).  The *Roman* court relied on *Davis* to hold that the United States' proof of lack of remorse must include "a showing of continuing glee, boastfulness, or other affirmative conduct which indicates  pervading and continuing lack of remorse following the criminal conduct."  *Id.*  The Seventh Circuit has addressed this holding as well.  "Remorse means regret and contrition. *Roman* surely is right to say that bragging about one's criminal escapades shows lack of remorse, but it is mistaken to say that this is the only way to show the absence of remorse."  *Mikos*, 539 F.3d at 718.

The defendant's motion fails to draw the obvious distinction between a defendant's refusal to incriminate himself during a custodial interrogation and his repeated protestations of innocence following his arrest.  The former is not permissible as "lack of remorse" evidence.  The latter, however, clearly is.  *See United States v. Caro*, 597 F.3d 608, 627 (4th Cir.2010) (contrasting the defendant's refusal to testify with the evidence of his affirmative acts); *United States v. Umana*, 707 F. Supp. 2d 621, 636–37

(W.D.N.C. 2010) (same). This is especially true where, as here, such protestations continued after the defendant was made aware that his admission to Terra Bullis was recorded. The United States is not offering the jail calls because they show that the defendant has never affirmatively stated remorse. The calls are being introduced to show that, even after he was arrested, he continued to assert that he would get away with the crime. To suggest, as the defendant does, that this evidence fails to demonstrate a lack of "regret and contrition" has no merit.

WHEREFORE, the defendant's "Motion *In Limine* to Bar Presentation of the Defendant's Jail Calls as Evidence of Lack of Remorse" should be denied.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

*/s/Bryan D. Freres*
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2872
james.nelson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.


*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov