UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SECOND SUPPLEMENTAL PROPOSED PENALTY PHASE INSTRUCTION No. 16 [MERCY]

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and submits – as an alternative in the event the Court declines to give the instruction proffered in Doc. 355 – the attached second supplemental proposed penalty phase jury instruction No. 16 concerning mercy as a proper consideration for the jury in determining which sentence to impose in this case.

On May 28, 2019, the defense requested a jury instruction addressing the consideration of mercy by jurors in the sentencing trial. *See* Exhibit 1 for the originally requested language of the instruction and the alternative language requested in this pleading.

On June 27, 2019, the Court heard argument on and addressed the issue of instructing the jury on mercy. The government conceded that mercy is an appropriate consideration for jurors in determining sentence.

1

THE COURT: Let's go to mercy while you're standing here then. That is 249 and 276, and I deferred in my order on 325.

What do you -- that's the Government Motion in Limine to Preclude Mercy Instruction; so tell me

MR. NELSON: Yes, Your Honor.

THE COURT: -- that you can or can't do when it comes to mercy.

MR. NELSON: Well, I think the case law is pretty clear. In fact, the FDPA is clear. The jury is entitled to consider mercy in their weighing process as to the aggravators, but the defense cannot argue and the jury cannot substitute mercy in favor for the weighing process. That's what all of the cases say.

THE COURT: Mr. Taseff, do you agree with that?

MR. TASEFF: That's *Caro* from the Fourth Circuit.

THE COURT: Do you agree with that?

MR. TASEFF: That's what *Caro* says. Yes.

THE COURT: I'm asking you if you agree with it.

MR. TASEFF: I agree that mercy is a consideration that is to be balanced in the weighing process. That's, that's our position. This is what is at issue in the case for the Court's resolution.

THE COURT: What's at issue? I just heard you both say the same thing.

MR. TASEFF: Well, but we have tendered an instruction on mercy that is, I'm sure, going to be opposed by the government. This is our position, Judge, in filing 355.

THE COURT: I think it's good except for, maybe, the last line or two is where I would have a problem. I think, generally speaking, the jury can be instructed they can consider weighing mercy when weighing aggravators and mitigators; but they cannot substitute, or can't consider mercy instead of weighing the aggravating and mitigating factors. So, generally speaking, everybody agree with that?

MR. NELSON: Yes, Your Honor.

MR. TASEFF: Yes.

THE COURT: Okay. Then we are going to be good there.

TR June 27, 2019, at 14-16.

The defense asserts that the last sentence of the requested instruction in *Defendant's Supplemental Proposed Penalty Phase Instruction No. 16 and Memo of Law in Support*, Doc. 355, *see* Exhibit 1, ("The law gives each of you the discretion to temper justice with mercy <u>as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case</u>. (Emphasis added)" appropriately addresses the Court's concern that "[jurors] cannot substitute, or can't consider mercy instead of weighing the aggravating and mitigating factors."

However, in the event the Court rules that this language fails to accurately or sufficiently instruct the jury on this issue, the defense relying upon the reasons articulated and law cited in *Defendant's Supplemental Proposed Penalty Phase Instruction No. 16 and Memo of Law in Support*, Doc. 355, requests in the alternative the Court add the following language (indicated by underline):

> Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. Remember that before a sentence of death can be imposed, all twelve jurors must agree that death is in fact the appropriate sentence, but that no juror is ever required by the law to impose a death sentence. The decision is yours as individuals to make. <u>When a juror is weighing the mitigating factors found by that juror individually and the aggravating factors found by the jurors unanimously, a juror may lawfully consider and weigh mercy when deciding whether the aggravating factor or factors so sufficiently outweigh the mitigating factor or factors such that a sentence of death is the most appropriate sentence. In your weighing of the aggravating and mitigating factors,</u> you may decline to impose a death sentence because of mercy or for any other mitigating factor or factors that you find exists from your consideration of all of the evidence in the case and from your deliberations with your fellow jurors. It is an individual and personal decision that is each juror's alone. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating

3

factors and the mitigating factors in determining whether a sentence of death is called for in this case.

*See* Exhibit 1.

Therefore, for all the forgoing reasons, this Court should adopt – as an alternative in the event the Court declines to give the instruction proffered in Doc. 355 – the language proposed in this pleading to allow the jury to consider mercy in determining which sentence to impose in this case.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

**Defendant's Proposed Instruction No. 16**
**Mercy**

Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. Remember that before a sentence of death can be imposed, all twelve jurors must agree that death is in fact the appropriate sentence, but that no juror is ever required by the law to impose a death sentence. The decision is yours as individuals to make. You may decline to impose a death sentence because of mercy or for any other mitigating factor that you find exists from your consideration of all of the evidence in the case and from your deliberations with your fellow jurors. It is an individual and personal decision that is each juror's alone. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case.

EXHIBIT 1