IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CR-20037 |
| BRENDT A. CHRISTENSEN, | ) ) ) |
| Defendant. | ) |

## MOTION TO QUASH SUBPOENA

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and respectfully files this motion to quash a subpoena *duces tecum*. The bases for this motion are as follows.

## FACTUAL BACKGROUND

On July 3, 2019, the United States notified the defendant, via letter, of the witnesses it would call in rebuttal to Drs. Zoline, Pearson, Sorensen, and the clinicians from the University of Illinois Counseling Center. (Attachment One).

On July 7, 2019, the defendant submitted to the United States, via letter, a burdensome request for discovery of information, much of it irrelevant, from Dr. Park Dietz. (Attachment Two). The United States responded that same day, notifying the defendant, *inter alia*, that its request called for both privileged information and information that was outside the possession of the United States. (Attachment Three).

1

The United States further noted that the information requested by the defendant exceeded the information provided by the defendant with regard to its own expert witnesses. *Id.* Accordingly, the United States asked the defendant if he intended to waive any necessary privileges and provide the same information to the United States that he was requesting. *Id.*

The defendant did not reply to the United States' letter. Instead, the defendant emailed a Rule 17(c) subpoena to Dr. Dietz. The subpoena requires Dr. Dietz to appear on July 10 and provide Assistant Federal Defender Elisabeth Pollock with personal information that is irrelevant to any defense.[1] (Attachment Four).

## ARGUMENT

1. **The Subpoena *Duces Tecum* Issued to Dr. Dietz is a Misuse of the Court's Subpoena Power**

First, the defendant improperly attempts to avoid the limits of Rule 16 through the use of a subpoena. Moreover, the subpoena improperly requires Dr. Dietz to appear on a date far in advance of his potential testimony to provide information to defense counsel; this is a clear violation of Rule 17(c), which requires that subpoenaed information be provided to the Court. The subpoena calls for a burdensome amount of information, much of which the defendant has no good faith basis to request. Given that this subpoena harasses a potential rebuttal witness by requesting information that the defendant should obtain, if at all, under Rule 16, it must be quashed.

---

[1] By requiring Dr. Dietz's appearance and compliance only two days after its issuance, the subpoena should also be quashed as an improper "forthwith" subpoena.

2

The Supreme Court has long held that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . ." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Furthermore, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Id.*

Noting that "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial," the Supreme Court has held that when a defendant seeks production of materials pursuant to Rule 17(c), he bears the burden of proving that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence; (3) the defendant cannot properly prepare for trial without such production and the failure to obtain it may delay the trial; and (4) the application is not intended as a general "fishing expedition" and is therefore made in good faith. *United States v. Nixon*, 418 U.S. 683, 700-01 (1974); *see also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (affirming the district court's denial of the defendant's request for a "mountain of documents" that was an "oppressive and unreasonable burden" and constituted "nothing but a fishing expedition and was not relevant to any available defense").

This showing requires the defendant to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. In other words, Rule 17(c) only allows for the production of documents that "a defendant knows to contain relevant

evidence to an admissible issue at trial," and criminal defendants cannot use Rule 17(c) "to blindly comb through government records in a futile effort to find a defense to a criminal charge." *Tokash*, 282 F.3d at 971 (citing *Nixon*, 418 U.S. at 700); *see also United States v. Carter*, 15 F.R.D. 367, 369 (D.D.C 1954) (noting that "[a] subpoena duces tecum may not be used for the purpose of discovery, either to ascertain the existence of documentary evidence, or to pry into the case of the prosecution").

Rule 17(c) does not convey upon the defendant a right to subpoena impeachment information from the United States' witnesses that he is not entitled to receive through Rule 16 discovery. *Nixon*, 418 U.S. at 701; *Bowman Dairy Co*, 341 U.S. at 220. The evidence requested by the defendant has no evidentiary value, and he cannot satisfy any of the required "hurdles" outlined in *Nixon* and *Tokash*. Rather, the purpose of the subpoena appears to be to harass Dr. Dietz. *See, e.g., Builders Ass'n of Greater Chicago v. City of Chicago*, 215 F.R.D. 550, 554 (N.D. Ill. 2003) (noting that a subpoena is unduly burdensome if it "was issued for the purpose of harassment or if the party issuing the subpoena did not, in good faith, believe, after reasonable inquiry, that the subpoena was not unreasonable or unduly burdensome or expensive for the reasons indicated"). This purpose is also borne out by the fact that the defendant has not provided similar information for its expert witnesses or requested similar information from the United States' other rebuttal witnesses.

WHEREFORE, the United States respectfully requests that the Court quash the Rule 17 subpoena issued by defense counsel to Dr. Dietz on July 8, 2019.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2872
james.nelson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov