E-FILED
Tuesday, 09 July, 2019  08:39:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.17-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MOTION TO STRIKE VICTIM
IMPACT EVIDENCE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his

attorneys, and renews his motion to exclude improper victim impact evidence.

I. BACKGROUND

Mr. Christensen has filed a Motion to Strike the Victim Impact Aggravator, or

Alternatively, to Exclude Untimely-Disclosed Evidence (R.418), a Supplemental Motion

to Strike Victim Impact Evidence Due to Late Disclosure (R. 434), a Second

Supplemental Motion to Strike Victim Impact Evidence Due to Late Disclosure (R. 436),

and a Motion to Strike Victim Impact Evidence Based on Violations of the Federal Rules

of Criminal Procedure (R. 438), all challenging the government's use of videotaped

statements from several of Ms. Zhang's colleagues created by the government in China

in October 2018, as victim impact evidence. Mr. Christensen incorporates all of those

arguments and preserves those arguments for further review.

On July 3, 2019, the Court entered a Text Order directing the government "to

disclose to the defense the specific victim impact video clips it intends to introduce at

the penalty phase of trial along with any existing translated transcripts of those clips, as

well as any existing translated transcripts of the uncut videos previously provided to

the defense by 5 p.m. on Wednesday, July 3, 2019." The government provided the

defense with numerous video clips and hundreds of pages of transcripts on

Wednesday, July 3, 2019. Mr. Christensen's lawyers reviewed those clips and were

ready to present specific objections to the Court regarding those clips on the morning of

July 8, 2019, the date the penalty phase was scheduled to begin. At the hearing the

government responded to the defense objections by claiming it had edited out several of

the portions of the clips to which Mr. Christensen objected. Of course, that was an

admission by the government that it had *not* provided the defense with the "specific

victim impact video clips" it intended to introduce at the penalty phase.

The Court overruled all of Mr. Christensen's objections to the government's use

of the new video clips and allowed the government to play the video clips in its penalty

case-in-chief.[1] When the government did play the video clips it became apparent that it

had edited the video clips into sometimes seconds-long snippets. It is not clear the

snippets are actually showing the witness' answer to the question asked or if what is

being depicted as the "answer" to the question the jury hears is in fact an amalgam of

the witness' response to different questions.

The jury does not know the extent of the government's editing as it does not

---

[1] The Court made its ruling orally on the morning of July 8, 2019, and Mr. Christensen does not yet have the transcript of that hearing. Accordingly, Mr. Christensen cannot provide citations to the relevant transcript pages.

have the full transcript of the witness' statement. Rather, the government has its version

of the transcript scrolling on the video screen as the video plays. Since the jury does not

have the full transcript of the video, it cannot see what the government has cut out so it

does not know that what they are seeing is not a continuous question and answer

session but rather a jumble of edited questions and answers. And, since the Court

denied Mr. Christensen's request that the government preview its victim impact

evidence to the Court and Mr. Christensen *before* presenting it to the jury, neither the

Court nor Mr. Christensen can meaningfully assess the reliability of the government's

editing.

As Mr. Christensen did not have *any* prior notice of the actual clips the

government is playing he has had no opportunity to compare the clips to the

transcripts.[2] The in-court process is so confusing and chaotic counsel struggles to

accurately depict the chaos in this pleading. The result of the process is that the jury, the

Court, and Mr. Christensen cannot confirm the video snippets are actually showing the

jury the answer to the question asked or rather have been so edited that the government

is substituting an answer from one question as an answer to a different question or has

combined answers from multiple questions to appear to be one lengthy answer to one

question. And, since Mr. Christensen has no idea what portions of the video clips

provided by the government it will actually show to the jury there is no way Mr.

Christensen can try to anticipate what will happen and be prepared to object. Mr.

---

[2] The transcripts being used had only been provided by the government a few days earlier, were created by a government agent and Mr. Christensen has had no opportunity to independently verify there accuracy as there are no Mandarin interpreters available on no notice in Central Illinois to interpret 17 plus hours of videotape.

Christensen is left trying to read the transcript of the full video, anywhere from 26 to 55

pages in length, compare it to the few second long snippet played by the government,

then find where in the transcript the next snippet is coming from and make sure there is

no editing that changes the meaning of the witness' testimony. Government Exhibits

106-TR (52 pages); Government Exhibit 107-TR (31 pages); Government Exhibit 108-TR

(26 pages); Government Exhibit 109-TR (35 pages), Government Exhibit 110-TR (58

pages); Government Exhibit 111-TR (35 pages); Government Exhibit 112-TR (30 pages).

## II. THE GOVERNMENT'S PRESENTATION OF SNIPPETS OF THE VIDEO CLIPS WITH NO PRIOR NOTICE VIOLATES 18 U.S.C. § 3593(c)

While the Rules of Evidence do not apply to a capital sentencing hearing

"information may be excluded if its probative value is outweighed by the danger of

creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. §

3593(c). The government's presentation of the video clips is creating unfair prejudice, is

confusing the issue of victim impact and is misleading the jury. By taking tiny snippets

that sometimes last only a few seconds and then editing out large portions of the video

clips and marring the few seconds from earlier to later parts of the video the

government is literally creating its own version of the witnesses' testimony.

As Mr. Christensen has had *no* notice of what portions of the clips the

government is going to use, which itself violates the Court's Text Order of July 3, 2019,

Mr. Christensen has no ability to timely object. Again, there are hundreds of pages of

transcripts from numerous witnesses. The transcript for each witness is anywhere from

26 to 55 pages long. Mr. Christensen cannot contemporaneously keep track of where the

government's video snippets are jumping around within the transcript so cannot

contemporaneously ensure the government's editing is not distorting the witness'

testimony. Since the jury does not have the full transcript of the witness' statements and

is only seeing on the video screen the translation of the snippet being shown it cannot

make its own, independent determination of whether or not the government is

accurately depicting the witness' testimony. This is misleading, prejudicial and

confusing.

   III. THE GOVERNMENT'S PRESENTATION OF SNIPPETS OF THE VIDEO CLIPS

      WITH NO PRIOR NOTICE VIOLATES THE FIFTH AND EIGHTH AMENDMENTS

      The capital sentencing process must satisfy the requirements of the Due Process

Clause. *Gardner v. Florida*, 430 U.S. 349, 358 (1977). A sentence of death is reversible

where the defendant did not have an opportunity to explain or deny information. *Id.* at

362. As Mr. Christensen has had no opportunity to interview or cross-examine the

victim impact witnesses whose testimony is being introduced by video he has not had

the opportunity to meaningfully challenge the testimony. Now, in addition to this

constitutional deprivation, the government is being allowed to present snippets of the

video, with no advance notice to the defense, and as a result Mr. Christensen cannot

meaningfully challenge the government's editing of the video clips. That violates Mr.

Christensen's due process right to fair notice and to meaningfully challenge the

government's evidence.

      The Eighth Amendment requires a "heightened need for reliability" in the

determination that death is the appropriate punishment in a specific case. *Caldwell v.*

5

*Mississippi*, 472 U.S. 320, 340 (1985). The government's use of snippets of video clips with no advance notice violates the Eighth Amendment's heightened need for reliability. It is impossible for the jury to make its own, independent determination that it is receiving an accurate picture of the witness' testimony.

## IV. THE GOVERNMENT MUST PROVIDE ALL RAW VIDEO FOOTAGE AND DECLARE WHETHER IT HAS DESTROYED ANY VIDEO FOOTAGE

At one point in the interview of one of the witnesses the Assistant United States Attorney questioning the witness states, "We will have to destroy the clip." (Page 171 of PDF provided to defense counsel). Mr. Christensen requests the Court ask the government, on the record, whether it has ever destroyed any of the video footage taken from any witness. Additionally, Mr. Christensen requests the Court ask the government, on the record, if it has provided the defense with all raw footage of all the videotaping, or recording of any kind, while in China.

WHEREFORE, the Defendant respectfully requests the Court declare a mistrial, and inquire of the government regarding its potential destruction of videotape footage and regarding its disclosure of all raw video to the defense.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was

also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL  61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org