E-FILED
Thursday, 11 July, 2019  10:16:07 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION *IN LIMINE* TO PROHIBIT THE
USE OF LEADING QUESTIONS ABSENT A SHOWING OF ACTUAL HOSTILITY**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby moves the court to require defense counsel to make a showing that the witnesses it calls are actually hostile before resorting to leading questions.  The bases for this motion follow.

1.      The defendant has given notice that he will call four clinicians from the University of Illinois Counseling Center on July 12, 2019, purportedly in support of the mitigating factors alleging a substandard level of care.

2.      Defense counsel stated an intent to treat these witnesses as "hostile" considering that they have not met with defense counsel for preparation purposes.  The mere refusal of a witness to meet with counsel for trial preparation does rise to the level of hostility.

3.     "A 'hostile'" witness, in the jargon of evidence law, is not an adverse party but a witness who shows himself or herself so adverse to answering questions, whatever the source of the antagonism, that leading questions may be used to press the questions home." *Rodriguez v. Banco Cent. Corp.*, 990 F.2d 7, 12–13 (1st Cir. 1993) (citing *United States v. Brown*, 603 F.2d 1022, 1025–26 (1st Cir.1979)); *see also Ellis v. City of Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) (noting that leading questions on direct examination are improper unless the witness is being evasive or antagonistic).

4.     Courts have long recognized that "The vice of the leading question lies in its suggestion of an answer to a witness who, having been called by the party, is presumed to be inclined to favor the questioner. If counsel were allowed routinely to lead a witness on direct examination, the evidence elicited would all too often be that of the lawyer, not of the witness." *United States v. Bryant*, 461 F.2d 912, 918 (6th Cir. 1972) (citing J. Maguire, EVIDENCE-COMMON SENSE AND COMMON LAW 43, 44 (1947)).

5.     Defense counsel is calling these witnesses in an attempt to prove a contested issue.  The mere fact that they are disinclined to agree with counsel's interpretation of the events does not justify allowing counsel to testify from the podium as to the facts at issue.

WHEREFORE, the United States respectfully requests that the Court prohibit defense counsel from utilizing leading questions in their examination of the University of Illinois Counseling Center clinicians absent a showing of actual hostility.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov