E-FILED
Sunday, 14 July, 2019  05:13:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO RECONSIDER ADMISSIBILITY OF
CIVIL COMPLAINT FILED ON BEHALF OF MS. ZHANG'S ESTATE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and moves this Court to reconsider its ruling excluding from evidence the civil complaint that has been filed on behalf of the estate of Ms. Zhang.

I. BACKGROUND

Mr. Christensen has been convicted of kidnapping resulting in death and faces a sentence of death. As the Court knows, Mr. Christensen was a graduate student at the University of Illinois at Urbana-Champaign for the four years proceeding his killing of Ms. Zhang. In late March 2017, Mr. Christensen sought treatment at the University of Illinois' Counseling Center ("the UICC"). On both of his two appointments at the UICC Mr. Christensen gave detailed descriptions of his thoughts of harming others, his recent fascination with serial killers and his planning of a killing, and told the counselors that he had purchased items to carry out his plan. The government introduced in its guilt phase case-in-chief portions of a videotaped recording of Mr. Christensen's initial intake

1

interview at the UICC in which Mr. Christensen described his thoughts and plans of killing someone. Gov. Ex. 54.

On June 7, 2019, Ms. Zhang's estate filed a wrongful death civil lawsuit against two of the UICC counselors who treated Mr. Christensen, Thomas G. Miebach, and Jennifer R. Maupin, and Mr. Christensen. *Deenen v Miebach et al.*, Civil No. 19-cv-2149 (C.D. Ill.). The lawsuit alleges Miebach's and Maupin's negligent treatment of Mr. Christensen deprived Ms. Zhang of her civil rights and was a proximate cause of Ms. Zhang's death.

On Friday, July 12, 2019, Mr. Christensen called three of the counselors from the UICC who treated Mr. Christensen, Felicia Li, Jennifer Maupin, and Thomas Miebach. The Court allowed Mr. Christensen to question each of these witnesses about the existence of the civil law suit filed by Ms. Zhang's estate but the Court refused to allow Mr. Christensen to admit a copy of the lawsuit as evidence to establish each of the three witnesses' bias. That was error.

## II. THE LAW ON PROVING BIAS

"Bias is a term used in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). A witness may be biased due to his or her likes or dislikes, "or by the witness' self-interest." *Id*. Unlike other forms of impeachment, the common law of evidence allowed the showing of bias by extrinsic evidence. *Id*. In *Abel* the Supreme Court found the common law of evidence's rules concerning bias and the use of extrinsic evidence

were incorporated into the Federal Rules of Evidence. *Id*. at 50-52.

"Extrinsic evidence of a witness' bias . . . is admissible to impeach that witness and is never a collateral issue." *United States v. Vasquez*, 635 F.3d 889, 897 (7th Cir. 2011). In *Vasquez*, the prosecution was permitted to cross examine a co-defendant's wife regarding conversations she had with her husband while he was detained at the Metropolitan Correctional Center in Chicago, and thereafter to admit into evidence the audio recordings of those conversations made by the jail. *Id*. at 897-898. The district court found the recorded conversations showed the wife's incentive to lie and were therefore admissible to show bias. *Id*. The Seventh Circuit affirmed.

Rejecting the defendant's argument that the jail calls were inadmissible hearsay the Seventh Circuit noted that such extrinsic evidence of bias is properly admitted into evidence. *Id*. at 897. After reviewing the recordings the Seventh Circuit agreed the content of the calls showed the wife's bias and, therefore, the wife's "testimony and the MCC recordings were admissible as extrinsic evidence to show [the wife's] bias and interest in trying to get her husband a lower sentence." *Id*. The calls were admissible to show bias despite the fact that the wife admitted her bias in favor of her husband. *Id*. at 896 (majority opinion); 900 (Hamilton, J. dissenting) (arguing tapes should not have been admitted because the wife admitted bias).

The Seventh Circuit did find that the district court erred when admitting the telephone calls for the truth of the matters asserted in the calls. *Id*. at 898. The calls should have come in for the limited purpose of establishing bias. *Id*. But the Seventh Circuit found the error harmless as the calls were admissible to show bias and there was

substantial evidence of the defendant's guilt. *Id.* at 898.

The Seventh Circuit made the same point in the context of inconsistent statements, another area of the law in which extrinsic evidence is admissible for impeachment purposes. "[E]ven when a witness admits to making a prior inconsistent statement, Federal Rule of Evidence 613(b) should be read broadly to allow a party 'to introduce extrinsic evidence to emphasize the fact that the witness made the prior statement[.]'" *United States v. Lopez*, 870 F.3d 573, 582 (7th Cir. 2017) (quoting *United States v. Lashmett*, 965 F.2d 179, 182 (7th Cir. 1992)); *see also United States v. Wimberly*, 60 F.3d 281, 286 (7th Cir. 1995) ("Prior inconsistent statements are admissible even though the witness admits making the prior inconsistency.") (citation omitted)).

### III. THE CIVIL LAWSUIT IS ADMISSIBLE EXTRINSIC EVIDENCE TO ESTABLISH THE UICC WITNESSES' BIAS

The pending civil lawsuit establishes the UICC witnesses' interest in slanting their testimony against Mr. Christensen out of self-interest. *Abel*, 469 U.S. at 52. The Court accepted this proposition and allowed Mr. Christensen to question the UICC witnesses about the lawsuit to show their bias. But the Court went wrong in denying Mr. Christensen's request to admit the civil complaint. It is absolute, black letter law that Mr. Christensen can use extrinsic evidence to establish bias. It is also absolute, black letter law that the issue of bias is never a collateral issue. Accordingly, concerns of juror confusion or waste of time cannot prevent Mr. Christensen from introducing the civil complaint. Evidence of bias does not create juror confusion – it provides jurors with the information they need to access a witness' credibility.

The law on bias gives Mr. Christensen the right to present his best evidence of bias, here the civil complaint, regardless of whether a witness acknowledges he or she has a potential bias. The Court denied Mr. Christensen that right by refusing to permit him to introduce the civil complaint into evidence.

The fact that the civil complaint contains only allegations of civil liability is no reason to exclude the complaint. It is the fact that the counselors are being sued and are being accused of providing substandard care that creates their bias. Even if the counselors do not believe the allegations in the civil complaint are accurate, that does not eliminate the bias they have in avoiding civil liability for the treatment of Mr. Christensen.

To that end, the Court also erred in limiting the cross-examination of the counselors regarding the type of damages sought.  "'Limitations on cross-examination rise to the level of a Sixth Amendment violation when they prevent exposure of a witness' bias and motive to lie." *Vasquez*, 635 F.3d at 894 (quoting *United States v. Smith*, 308 F.3d 726, 738 (7th Cir. 2002)). The Court prevented Mr. Christensen from questioning Maupin and Miebach about the fact that the complaint sought both compensatory and punitive damages. Had the Court not prevented this line of cross-examination Mr. Christensen would have gone on to ask Miebach if they had any agreement with the University of Illinois as to whether the University was paying for their defense in the civil suit. Mr. Christensen would have also asked Miebach if they had malpractice insurance which would have paid for their defense in the civil suit and covered at least some potential damage award. Mr. Christensen would have asked

Miebach if they had any indemnity agreement with the University of Illinois under which the University would pay any damage award entered against them. All of these questions go to the strength of the witnesses' bias and Mr. Christensen should have been allowed to ask them and have them answered.

    WHEREFORE, the Defendant respectfully requests the Court reconsider its ruling excluding the civil complaint from being introduced as an exhibit and allow Mr. Christensen to admit the complaint as an exhibit.

    Respectfully submitted,

| | |
|---|---|
| /s/Elisabeth R. Pollock | /s/ George Taseff |
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:     309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |
| | |
| /s/ Robert Tucker | /s/ Julie Brain |
| Robert L. Tucker, Esq. | Julie Brain, Esq. |
| 7114 Washington Ave | 916 South 2nd Street |
| St. Louis, MO 63130 | Philadelphia, PA 19147 |
| Phone: 703-527-1622 | Phone: 267-639-0417 |
| Email: roberttuckerlaw@gmail.com | Email: juliebrain1@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL  61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org