UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENT TO MOTION TO RECONSIDER ADMISSIBILITY OF
MS. ZHANG'S ESTATE'S CIVIL COMPLAINT**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and supplements his motion to reconsider the admissibility of the Zhang estate's civil complaint.

Mr. Christensen has filed a motion to reconsider the Court's ruling on the admissibility of the civil complaint filed against Jennifer Maupin and Thomas Miebach of the University of Illinois Counseling Center. R. 459. The motion lays out the clear Seventh Circuit case law establishing that a witness' bias can be established through the use of extrinsic evidence and that the issue of bias is never collateral. *Id*. This remains true regardless of whether the witness admits his or her bias. *Id*.

A review of the transcript from Friday, July 12, 2019, reveals the government erroneously argued to the Court "You can't put in extrinsic evidence of bias anyway. She can ask the question. The complaint should not come in." Exhibit A. Relying on the government's argument, the Court found the complaint not relevant to Ms. Maupin's

1

bias. *Id*. The case law cited in the motion to reconsider makes clear that ruling was erroneous and should be reconsidered.

        Respectfully submitted,

| | |
|---|---|
| /s/Elisabeth R. Pollock | /s/ George Taseff |
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:     309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |
| | |
| /s/ Robert Tucker | /s/ Julie Brain |
| Robert L. Tucker, Esq. | Julie Brain, Esq. |
| 7114 Washington Ave | 916 South 2nd Street |
| St. Louis, MO 63130 | Philadelphia, PA 19147 |
| Phone: 703-527-1622 | Phone: 267-639-0417 |
| Email: roberttuckerlaw@gmail.com | Email: juliebrain1@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL  61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

1  Q. If somebody tells you that they are done with
2  the thoughts, would you consider that as something
3  that would impact their credibility on how you would
4  go forward?
5  A. If they tell me they are done with the
6  thoughts -- that might have an impact.
7  Q. Thank you.
8         MR. FRERES: I have no further questions,
9  Your Honor.
10         THE COURT: Ms. Brain.
11         MS. BRAIN: Nothing further, Your Honor.
12         THE COURT: Thank you. You may step down.
13  Just push this aside. Thank you.
14         Next witness.
15         MS. BRAIN: Yes, Your Honor.
16         We call Miss Jennifer Maupin.
17         MR. NELSON: Your Honor, can we approach for
18  a brief sidebar before the witness is sworn?
19         THE COURT: Yes.
20         (Sidebar conference held outside of the
21          hearing of the jury.)
22         MR. NELSON: We have seen as a list of
23  potential exhibits for the first time this
24  complaint, obviously a legal pleading; not a
25  relevant piece of evidence that should be admitted

1  in this case.  Whether or not she is allowed to be
2  asked about this, I would defer to your Court.  We
3  will certainly object, but they should not be
4  allowed under any circumstances to admitted a
5  complaint as a piece of evidence.
6          THE COURT:  Ms. Brain.
7          MS. BRAIN:  It is direct evidence of bias.
8  She has been sued based on her actions in this case
9  and therefore she has a motive to shade her
10 testimony in order to present her actions in the
11 best light for liability.
12         THE COURT:  What about -- a couple of
13 questions along that line would be fine.  But what
14 about the actual document of the complaint, why is
15 that relevant?
16         MS.  BRAIN:  The strength of the
17 allegations, well, the serious allegations against
18 her are relevant to show the amount of bias that she
19 has.
20         MR. NELSON:  I apologize for interrupting.
21 I didn't mean to interrupt, but I recall several
22 conversations where Miss Pollock stated fortuitously
23 that they were not going to go into any civil
24 liability whatsoever.  She can ask the question
25 about bias.  You can't put in extrinsic evidence of

1  bias anyway.  She can ask the question.  The
2  complaint should not come in.
3          MS.  BRAIN:  Absolutely, being extrinsic
4  evidence --
5          THE COURT:  What mitigator does that go to?
6          MS.  BRAIN:  It's not a question of
7  mitigator, it is a question of the bias of the
8  witness.
9          THE COURT:  And you are free to ask her if
10 she's aware that she has been sued.  The fact that
11 she has been sued, I don't know, whatever line of
12 questioning that you want to ask, but I don't see
13 the complaint itself going in, wouldn't have a
14 relevance to it.
15         MS.  BRAIN:  We submit that it shows the
16 extent of bias.
17         THE COURT:  We don't even know if there was
18 a bias.  You can ask her, you can make a reasonably
19 inference argument if she said no, but I don't know
20 that the complaint.
21         MS. POLLOCK:  She is just standing there in
22 the presence of the jury.  She is just standing
23 there.
24         THE COURT:  We are done.
25         (In the presence of the jury.)

1          (Witness sworn.)
2          THE COURT:  Go ahead, Ms. Brain.
3                    JENNIFER MAUPIN,
4  after having been duly sworn, testified as follows:
5                   DIRECT EXAMINATION
6  BY MS. BRAIN:
7  Q.   Good morning.  Could you state your name and
8  spell your last name for the record?
9  A.   My name is Jennifer Maupin, M-a-u-p-i-n.
10 Q.   Thank you.
11          Where are you employed, Miss Maupin?
12 A.   I'm currently self-employed as a private
13 therapist in Urbana.
14 Q.   Did you ever work at the Counseling Center for
15 the University of Illinois?
16 A.   Yes, from 2010 until 2017.
17 Q.   And what was your position at the Counseling
18 Center?
19 A.   I was a clinical counselor in the alcohol and
20 other drug office.
21 Q.   Were you on duty at the Counseling Center during
22 the morning of March 30, 2017?
23 A.   Yes.
24 Q.   Dd you have contact with a student named Brendt
25 Christensen that morning?