IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CR-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE
TO THE DEFENDANT'S MOTIONS FOR RECONSIDERATION**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and respectfully files this response to the defendant's motions for reconsideration (R.459, 460). The bases for this motion are as follows.

1. On Friday July 12, 2019, the Court precluded the defendant from admitting the civil complaint filed against Thomas Miebach, Jennifer Maupin, and Brendt Christensen. The Court ruled at sidebar that the probative value of the complaint was outweighed by its potential to prejudice the United States, mislead the jury, and confuse the issues. 18 U.S.C. § 3593(c).

2. On Sunday July 14, 2019, the defendant filed motions for reconsideration of the Court's ruling.

3.  Extrinsic evidence of bias is not admissible unless the witness denies the bias. This is black letter law. *See*, *e.g.*, *United States v. Frankenthal*, 582 F.2d 1102, 1106 (7th Cir. 1978) (noting that extrinsic evidence of bias is admissible upon "*a witness' denial of the facts constituting bias. . . .*") (emphasis added) (citing *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976); *United States v. Blackwood*, 456 F.2d 526, 530 (2d Cir. 1972), *cert. denied*, 409 U.S. 863,; 3 WEINSTEIN'S EVIDENCE § 607(03) at 607-17 (1977); MCCORMICK'S HANDBOOK OF THE LAW OF EVIDENCE § 40 at 81 (2d ed. 1972)).

4.  Defense Counsel did not ask Jennifer Maupin about the civil lawsuit, but Thomas Miebach conceded that he had been sued. This question and answer confirmed the intended allegation of bias. Thus, extrinsic evidence of the same would be improper. *Id.* Further, as noted by the Court, even if such extrinsic evidence were proper on its own, the probative value of that extrinsic evidence would be outweighed by the risk of prejudice, misleading the jury, or confusing the issues. 18 U.S.C. § 3593(c).

5.  The Seventh Circuit Pattern Jury Instructions offer a useful analogy. Instruction No. 1.02 notes: "The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt."

6.  Whereas a criminal indictment requires the United States to present sufficient evidence for the grand jury to find probable cause that a crime was committed, the filing of a civil complaint requires no such finding. In contrast to criminal procedure, evidence in support of a civil complaint is not gathered until <u>after</u> the complaint is filed. FED. R. CIV. P. 3, 16, 26-37.

7.	Thus, the defendant's assertion that a civil complaint represents "proof" of bias is overly generous. In reality, a civil complaint represents nothing more than the speculative hope of what an attorney working on a contingency fee imagines the evidence might show. Even under relaxed evidentiary rules, federal death penalty cases require a substantially higher standard of proof.

8.	Furthermore, as has been previously argued, none of this evidence should have been permitted in the first place. Mitigating evidence which shifts the burden of the defendant's conduct onto a third-party's negligence runs afoul of *Lockett v. Ohio*. *See, e.g., Williams v. Norris*, 612 F.3d 941, 947 (8th Cir. 2010) (correctional expert properly excluded concerning prison negligence because such evidence was irrelevant given that it did not bear on the defendant's character, prior record, or the circumstances of his offense); *United States v. Williams*, 2014 WL 2436199 (D. Haw. May 30, 2014) (granting the United States' motion *in limine* to preclude evidence that U.S. Army Child Protective Service was negligent in failing to protect child victim). The defendant's mitigation case already goes beyond what the caselaw would support; allowing him to go even further would be wholly improper. 18 U.S.C. § 3593(c).

WHEREFORE, the United States respectfully requests that the defendant's motions for reconsideration be denied.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

| | |
|---|---|
| */s/Bryan D. Freres* | */s/ James B. Nelson* |
| Bryan D. Freres | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC  20004 |
| bryan.freres@usdoj.gov | Phone: 202/598-2872 |
| | james.nelson@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov