IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 17-CR-20037 |
| v. | ) ) | |
| BRENDT A. CHRISTENSEN, | ) ) | Judge: James E. Shadid |
| Defendant. | ) | |

**RESPONSE AND MOTION TO QUASH SUBPOENA SERVED ON
UNIVERSITY OF ILLINOIS ON JULY 12, 2019**

The Board of Trustees of the University of Illinois (the "University"), by its attorneys, HINSHAW & CULBERTSON LLP, move under Fed. R. Crim. P. 17(c)(2) to quash the subpoena served upon it on Friday, July 12, 2019, by the defendant, Brendt A. Christensen.

The latest subpoena served upon the University, attached as Exhibit A, requires it to produce the following:

> Any and all documents, reports, communications, memoranda, correspondence or other records, in whatever form maintained, by an office or department, referencing in any way Brendt Christensen and/or the kidnapping and murder of Yingying Zhang on June 9, 2017, including, but not limited to: records of any investigation, after-action review, disciplinary proceedings, conference, report, policy and procedure review or amendment, offers to indemnify, contact with insurance providers or contact with any threat assessment organization.

> Records previously provided need not be re-produced.

The University was given until Monday, July 15 at 9:00 a.m. to produce the documents.

This is the third trial subpoena served upon the University by counsel for the defendant since May 30, 2019. Earlier subpoenas were received on May 30 and July 2 and are attached at Exhibits B and C. The University has fully responded to the earlier subpoenas.

304020994v1 0904853

Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The most recent subpoena is unreasonable and oppressive in both its scope and in the amount of time (72 hours) it provides the University to comply.

The purpose of a subpoena *duces tecum* in a criminal case is not to facilitate discovery, but to enable a party to obtain and inspect evidentiary material prior to trial. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). To demonstrate that a subpoena is not unreasonable or oppressive, the party seeking production of the documents must show that the materials sought are: (1) relevant and admissible at trial; (2) not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) necessary for proper trial preparation; and (4) not sought as part of a general "fishing expedition." *Id*. at 699-700.

The most obvious shortcoming of the present subpoena is its scope, seeking a review of the written communications and work product of thousands of University employees. Such broad requests have been quashed by the courts as improper fishing expeditions. *See, e.g., Bowman Dairy Co. v. United States,* 341 U.S. 214, 221 (1951) (broad subpoena request is an invalid fishing expedition); *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) ("[A] Rule 17(c) subpoena is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence ….")(citation omitted); *United States v. Jackson,* 155 F.R.D. 664, 668 (D. Kan. 1994) (court quashed general subpoena requests based upon speculation of records existence). A subpoena, as the one here, which uses terms such as "any and all documents" or "including, but not limited to" is indicative of a fishing expedition. *United States v. Mariano*, 2013 U.S. Dist. LEXIS 31333, *5 (D. R.I. March 7, 2013).

The most recent subpoena served upon the University is, on its face, unreasonable and oppressive. To comply with the subpoena would require the University to search the databases and email accounts of thousands of University employees to determine whether the defendant or Ms. Zhang was named in documents or communications and further review those documents and communications to determine whether they might contain privileged material. Moreover, this impractical and overwhelming task would have to be done in 72 hours over a weekend. When there has been an ample time for discovery and pretrial investigation, a subpoena with a limited time for response is unreasonable and oppressive. *See United States v. Jasper*, 2003 U.S. Dist. LEXIS 3547 at *8 (S.D.N.Y. March 13, 2003) (subpoena served on eve of trial and requiring a massive search quashed).

The proponent of a subpoena must also show that the documents sought are both relevant and admissible; unlike in civil discovery, potential relevance or admissibility is insufficient. *United States v. R. W. Prof. Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D. N.Y. 2005). Rule 17(c) "allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002); *see also, e.g., United States v. Musgraves*, 2015 U.S. Dist. LEXIS 11170, *7, 2015 WL 434050 (S.D. Ill. Jan. 15, 2015) (quashing subpoena because it did not seek "specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial."). Although the University is not a party and not in a position to argue admissibility, it seems unlikely that the documents sought by the sweepingly broad subpoena are relevant to the issues in the pending phase of the trial.

Further, a Rule 17(c) subpoena "should be quashed or modified if it calls for privileged matter." 2 Federal Practice & Procedure § 275, at 258; *see also United States v. Tomison*, 969 F.

3

Supp. 587, 597 (E.D. Cal. 1997). The attorney-client privilege shields from disclosure any communications made in confidence by a client to an attorney for the purpose of seeking legal advice. *United States. v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007); *see also United States v. White*, 970 F.3d 328, 334 (7th Cir. 1992). The subpoena does not exclude documents protected under the attorney-client privilege.

In a good faith effort to attempt compliance with any reasonable subpoena request, however, the University soon after receiving the subpoena sought to determine from defense counsel whether it would be possible to narrow the scope of the subpoena. In response, Ms. Pollock, counsel for the defendant, indicated that the focus of the defense inquiry was for documents, not previously produced, from the University's Counseling Center and senior administrators of the University regarding any official University action taken in response to the Counseling Center's treatment and assessment of the defendant, including such actions as amending policies, or changes in University policies that reference "Brendt Christensen or the kidnapping and/or murder of Yingying Zhang." Ms. Pollock further indicated that the defense was not seeking documents protected by the attorney-client privilege. In response, the University undertook a diligent search for any such documents responsive to the narrowed request, including efforts to locate any documents in the possession of the Counseling Center, senior administrators and individuals with knowledge of any changes made to the Campus Violence Prevention Plan, the Suicide Intervention Policy, and the Student Code. The University, through its in house counsel, informed Ms. Pollock on July 14 that no documents responsive to the modified request of the defendant were found. Ms. Pollock nonetheless indicated that this response was unacceptable to the defense and it would not release the University from the subpoena.

The University has made diligent efforts to comply with all requests for records, including the recent trial subpoenas. The University previously produced all Counseling Center records regarding the defendant's treatment to the defense counsel. It provided a declaration of the Director of the Counseling Center that all of the defendant's records at the Counseling Center were produced and the only documents between staff members of the Counseling Center and/or between staff members of the Counseling Center and any other employee or agent of the University that have not been produced to the defense are communications between the Counseling Center staff and the University's legal counsel, which were made in confidence in connection with the provision of legal services. The University then provided the Court with a privilege log and a copy of the privileged documents for *in camera* inspection. The declaration also said that the Counseling Center did not address the assessment and treatment of clients through email. Finally, the University notified the defense that after a diligent search it found no documents responsive to the narrowed request of the July 12 subpoena.

The Court should find that the University has complied with the July 12 subpoena, as modified to narrow the request, or quash the subpoena as unreasonable and oppressive in both its scope and in the amount of time it provides the University to comply, especially in light of the University's actions to comply with the subpoena and its previous productions of documents.

WHEREFORE, the Board of Trustees of the University of Illinois respectfully requests that this Motion be granted and respectfully requests the Court to find that the University has complied with the defendant's July 12 subpoena, as modified by the defendant. In the event compliance is disputed by the defendant or the defendant wishes to seek compliance with the subpoena as issued, the University moves that the subpoena be quashed for the reasons stated above.

304020994v1 0904853

        Respectfully submitted,

        /s/ L. Lee Smith
_____
L. Lee Smith, ARDC 3122521
lsmith@hinshawlaw.com
HINSHAW & CULBERTSON LLP
416 Main Street
6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328

Charles R. Schmadeke, ARDC 2489813
cschmadeke@hinshawlaw.com
HINSHAW & CULBERTSON LLP
400 South Ninth Street
Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075

Attorneys for Board of Trustees of the
University of Illinois

304020994v1 0904853

## CERTIFICATE OF SERVICE

I hereby certify that on **date**, I electronically filed this **MOTION TO QUASH SUBPOENA SERVED ON UNIVERSITY OF ILLINOIS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Email: Elisabeth_Pollock@fd.org

Robert L. Tucker
Robert L. Tucker, Esq.
7114 Washington Avenue
St. Louis, MO 63130
Email: roberttuckerlaw@gmail.com

George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Email: George_Taseff@fd.org

Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Email: juliebrain1@yahoo.com

Thomas W Patton
Federal Public Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Email: Thomas_patton@fd.org

Bryan David Freres
US Attorney
201 South Vine
Urbana, IL 61802
Email: bryan.freres@usdoj.gov

Eugene L Miller
US Attorney
201 South Vine
Urbana, IL 61802
Email: eugene.miller@usdoj.gov

James B Nelson
United States Department Of Justice
Criminal Division Capital Case Section
1331 F Street NW, Suite 625
Washington, DC 20004
Email: james.nelson@usdoj.gov

Kit R Morrissey
US Attorney's Office
Southern District Of Illinois
Nine Executive Drive
Fairview Heights, IL 62208
Email: kit.morrissey@usdoj.gov

    /s/ L. Lee Smith
Attorney for University of Illinois
L. Lee Smith
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602