IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S MOTION TO ADMIT
REBUTTAL EVIDENCE REGARDING THE DEFENDANT'S
MENTAL HEALTH, SUBSTANCE ABUSE, AND SELF-DIAGNOSIS**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan Freres, Assistant United States Attorneys, and James B. Nelson, Department of Justice Trial Attorney, and respectfully requests that the Court permit the United States to admit evidence that the defendant did not avail himself of mental health or substance abuse treatment at the Livingston County Jail. In support of the following:

**PROCEDURAL BACKGROUND**

On December 3, 2018, the defendant filed a notice of his intent to present mental health evidence in the penalty phase. (R.161). Specifically, the defendant noted his intent to present evidence that the defendant suffered from a Schizophrenia Spectrum or other Psychotic Disorder. *Id.*

On April 26, 2019, the defendant filed a Notice that he was withdrawing his intent to present mental health evidence in mitigation pursuant to Rule 12.2(b)(2).

1

(R.317). In that Notice, the defendant expressly refused to be examined by the United States' expert witnesses. *Id.* On April 30, 2019, the Court conducted an *in camera* and *ex parte* colloquy of the defendant and confirmed that it was the defendant's intent to withdraw his notice and refuse to be examined. The Court confirmed with the defendant, *in camera*, and with defense counsel in open court, that the defendant understood the consequences of his decision – including the possibility that certain evidence would be rendered inadmissible by the decision. *See also* (R.318, at 6).

## ARGUMENT

1. **Mental Health Treatment and Substance Abuse Treatment**

On July 12, 2019, the defendant offered the expert testimony of Susan Zoline that the clinicians at the University of Illinois Counseling Center should have required the defendant to participate in further mental health and substance abuse treatment. On July 15, 2019, the defendant offered testimony through Stuart Inman regarding the numerous facilities available to federal detainees at the Livingston County Jail.

On cross-examination, undersigned counsel referenced page 16 of Livingston County Jail Handbook which notes that the jail offers mental health and substance abuse treatment to inmates. Upon the defendant's objection, the Court precluded undersigned counsel from inquiring on this topic.

The defendant has opened the door to this issue and has repeatedly put his mental health in issue, notwithstanding the withdrawal of his Rule 12.2 notice. Indeed, Susan Zoline's testimony specifically put the need for further mental health and substance abuse treatment in issue. The United States must be permitted to rebut this

evidence by demonstrating that the defendant had the opportunity to seek out such treatment and declined to do so. The defendant's refusal to seek such treatment runs counter to the defendant's mitigation theory. Thus, disallowing the United States' rebuttal evidence would permit the defendant to mislead the jury in violation of 18 U.S.C. § 3593(c).

2. **Lay Witness Testimony and Self-Diagnosis of Mental Disorders**

During the week of July 8-12, 2019, the defendant offered repeated testimony from his family members, many of whom offered lay witness diagnoses of his mental health condition. On July 15, 2019, the defendant offered testimony through his mother that he "Googled his symptoms" and that the defendant believed that he suffered from Schizophrenia. The United States objected immediately.

The defendant has put his own self-diagnosis of his mental condition into evidence. As a consequence, the Court must permit the United States to submit rebuttal evidence that both Michelle Zortman and Terra Bulls described the defendant as a psychopath.

3. **Defendant's Refusal to take Anti-Depressants at Livingston County Jail**

The defendant has admitted extensive evidence that he was prescribed anti-depressant medication, including Effexor. This evidence was used to buttress the defendant's backdoor Rule 12.2 evidence regarding depression and anxiety.

The United States is in possession of evidence from the defendant's Livingston County Jail file that, on April 19, 2019, the defendant began refusing to take his Effexor because, in his words, "it doesn't look good for my case so I want to ween myself off."

This timing coincides with the United States' Notice of intent to examine the defendant beginning on April 29, 2019, and with the Court's hearing on the defendant's motion to withdraw his Rule 12.2 notice.  (R. 303; M/E April 30, 2019).

By presenting extensive evidence of his alleged depression, as well as his stated need for anti-depressant medication, the defendant has opened the door to this rebuttal evidence.  Evidence that the defendant refused to take his medication for tactical reasons runs counter to his mitigation theory.  Thus, disallowing the United States' rebuttal evidence is tantamount to allowing the defendant to mislead the jury in violation of 18 U.S.C. § 3593(c).

WHEREFORE, the United States respectfully requests that the Court allow the United States to present rebuttal evidence regarding the defendant's access to mental health and substance abuse treatment, as well as lay witness "diagnoses" of his mental health and his refusal to take antidepressant medication as a tactical maneuver.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/Eugene L. Miller*
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

| | |
|---|---|
| */s/Bryan D. Freres* | */s/ James B. Nelson* |
| Bryan D. Freres | James B. Nelson |
| Assistant United States Attorney | Trial Attorney |
| 201 S. Vine St., Suite 226 | Capital Case Section |
| Urbana, IL 61802 | United States Department of Justice |
| Phone: 217/373-5875 | 1331 F. Street NW, Room 625 |
| Fax: 217/373-5891 | Washington, DC  20004 |
| bryan.freres@usdoj.gov | Phone: 202/598-2872 |
| | james.nelson@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

>/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Tel: (202) 598-2872
james.nelson@usdoj.gov