E-FILED
Monday, 15 July, 2019  10:02:38 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S MOTION IN LIMINE TO PROHIBIT IMPROPER CLOSING ARGUMENT, OR IN THE ALTERNATIVE, ALLOW REBUTTAL EVIDENCE

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court prohibit improper closing argument based on facts outside the record, or in the alternative, to allow the United States to present rebuttal evidence. The United States files this motion in advance of its rebuttal case to avoid any unnecessary objections or sidebars during the presentation of the evidence.

## BACKGROUND

Throughout the trial, the defendant has raised various matters that the United States believes the defense may intend to argue to the jury during closing arguments. Some of those matters are not in evidence; therefore, it would be improper for the defendant to argue those matters to the jury. Moreover, simply sustaining an objection by the United States to matters outside the record would be insufficient to remedy the

harm because the jury would have heard them, but the United States would be prohibited from arguing that those matters are not true, since they are outside the record. Some of those other matters have been introduced into evidence by the defendant, thereby opening the door to evidence in response by the United States if the defendant intends to argue these matters during closing argument.

If the defendant is permitted to argue facts not in evidence or facts that the United States is not allowed to rebut, then the United States will be unfairly prejudiced. Therefore, the United States requests a ruling prior to closing its rebuttal evidence in this stage of the trial as to whether the defendant will be prohibited from arguing these facts or the United States will be allowed to present rebuttal evidence.

## ARGUMENT

### I.    Plea Discussions

Following the Court's ruling permitting the admission of evidence of plea negotiations between the parties, the United States and defendant entered into a stipulation regarding those plea discussions. That stipulation was the result of negotiations between the parties. The United States proposed a stipulation that the United States believed appropriate to put the plea negotiations in context. The defendant, however, objected to the inclusion of certain facts contained therein. The parties ultimately agreed on the less inclusive stipulation presented to the Court.

The United States is prepared to introduce into evidence during its rebuttal case additional evidence surrounding the plea discussions, including the information removed from the prior stipulation. Nonetheless, if the defendant is limited during his

closing argument to arguing the facts contained in the stipulation, then the United States does not believe such rebuttal is necessary.

Therefore, the United States requests that the Court prohibit the defendant from arguing any facts regarding plea discussions that are not contained in the stipulation, and therefore, are outside of the record. Absent such a ruling, the United States would request permission to present additional facts regarding the plea discussions during its rebuttal.

## II.    The Defendant's Reading Materials in the Livingston County Jail

Prior to trial, the United States had no intention of introducing into evidence the titles or subject matter of the books that the defendant has read while detained at the Livingston County Jail. Nonetheless, during the questioning of several defense witnesses, the defense elicited that the defendant had obtained a number of books at the Livingston County Jail and spent time reading them, including at night. Presumably, this testimony is to establish the defendant's alleged mitigating factor that the defendant has no disciplinary violations and has adjusted well at the Livingston County Jail. The defense then elicited from defense witness Nicholas Melvin that one of the books the defendant was reading was Goosebumps, which is a well-known children's book series.

The United States believes this fact may mislead the jury into believing the defendant's reading selection shows that the defendant has adjusted well to incarceration and has no disciplinary violations. In fact, based on evidence proffered by the United States (identified as Government Exhibit 134), the defendant has obtained

3

books on the occult (which is relevant to his adjustment at the Livingston County Jail) and has sought to improperly obtain additional such books in violation of jail policy (relevant to his lack of disciplinary violations).

Therefore, the United States should be permitted to introduce these facts into evidence during rebuttal, or the defendant should be prohibited from arguing during closing argument that the defendant's reading and books, including the Goosebumps series, demonstrates either his lack of disciplinary violations or his positive adjustment to incarceration.

**III.    The Defendant's Text Message Referencing Murder**

During the guilt phase of the trial, the United States introduced into evidence a text message from the defendant to Terra Bullis on June 9, 2019, referencing breathing, fine dining, and murder. During cross-examination, defense counsel suggested this was a quote from the animated series, Spongebob Squarepants. During the penalty phase, defense counsel specifically pointed out during the questioning of the defendant's sister that she watched Spongebob Squarepants with the defendant.

While references to breathing and fine dining indeed come from Spongebob Squarepants, the reference to murder does not. Therefore, it would be improper for the defendant to argue during closing arguments that this quote comes from Spongebob Squarepants. If the defendant is not prohibited from making such an argument, the United States should be permitted to introduce rebuttal evidence regarding the actual quotation.

IV.     **Terra Bullis's Credibility**

During his opening statement during the guilt phase, the defendant challenged the credibility of Terra Bullis. During the penalty phase, however, the defendant has stated that Terra Bullis is not to blame for the defendant's crimes. Nonetheless, the defendant may choose to attack the credibility of Terra Bullis during closing argument. Unless the defendant represents that he does not intend to attack her credibility, the United States would intend to introduce into evidence job applications completed by the defendant during the relevant time frame that list Terra Bullis as a reference for him.

V.      **Alcohol in the Bureau of Prisons**

Prior to the defendant electing not to call Dr. Sorensen as a witness, the United States was prepared to present evidence regarding access to contraband alcohol in the Bureau of Prisons. As of now, there is no evidence in the record that alcohol is unavailable in BOP. Therefore, the defendant should not be allowed to argue during closing argument that alcohol is unavailable in BOP. If the defendant is permitted to do so, however, the United States should be permitted to introduce evidence during its rebuttal case establishing that inmates have access to contraband alcohol in BOP.

VI.     **The Defendant's Killing of a Guinea Pig**

Prior to trial, the defendant moved to exclude evidence that the defendant told Terra Bullis that he had killed a guinea pig while he listened to it squeal. The Court granted the defendant's motion to exclude this evidence. Nonetheless, during the penalty phase, the defendant introduced evidence of the defendant with a pet cat growing up, that the defendant slept with a cat on his back, and that the defendant

5

would never harm an animal. The jury now has the false impression that the defendant would never harm an animal. Either the United States should be allowed to introduce during its rebuttal case evidence that the defendant killed a guinea pig, or the defendant should be prohibited from arguing during its closing argument that the defendant never harmed an animal or any other argument inconsistent with his killing of a guinea pig.

**VII.    The Defendant's Claim that the Counseling Center Could Have Done More**

One of the claims raised by the defendant during the penalty phase is that he sought help at the University of Illinois Counseling Center for his alleged abuse of alcohol and that the UICC "left him on his own." In fact, the defendant presented the testimony of Susan Zoline to claim that the UICC could have done more for him. The undisputed evidence shows, however, that once the defendant was arrested in this case, he did not take advantage of any alcohol or substance abuse treatment at the Livingston County Jail. This tends to rebut his claim that the UICC failed him, and supports the contrary claim that he failed to follow up on their recommendations. Therefore, the United States should be allowed to introduce this evidence during its rebuttal case to show that he has failed to seek treatment for his alleged substance abuse problem at the Livingston County Jail, which also tends to show that his alleged substance abuse problem is not as severe as the defendant has claimed during the trial. If such rebuttal evidence is disallowed, the defendant should be prohibited from arguing that he had any substance abuse problem after March and April of 2017.

WHEREFORE the United States respectfully requests that this Court prohibit the defendant from arguing the above-referenced matters during closing argument, or in the alternative, permit the United States to introduce evidence in rebuttal.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

<div style="margin-left: 45%">

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

</div>