UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

MOTION FOR JURY INSTRUCTION REGARDING DEFENDANT'S
WILLINGNESS TO ENTER PLEA OF GUILTY

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and respectfully moves the Court to instruct the jury regarding his willingness to plead guilty, fully cooperate with law enforcement and accept a sentence of life without possibility of release pursuant to the Fifth Amendment Due Process Clause, the Eighth Amendment prohibition on cruel and unusual punishment and the Federal Death Penalty Act. In support of this Motion, Mr. Christensen states as follows:

1.  On February 15th, 2019, the government filed a motion to exclude evidence of plea negotiations from both phases of Mr. Christensen's trial. (R. 251.) Mr. Christensen responded, explaining that he wished to present evidence at both the guilt and penalty phases that, in December of 2017, less than six months after his arrest, he was willing to enter a plea of guilty, cooperate fully with law enforcement investigators in their attempts to locate Ms. Zhang's remains and accept a sentence of life without

1

possibility of release. (R. 278.) Mr. Christensen explained that, as at least two district courts have found, only a defendant's offer to plead guilty is admissible; the government's response to that offer is irrelevant. *Id.* at 8. The government filed a Reply on March 26, 2019, and Mr. Christensen filed a Surreply on April 5, 2019. (R. 296.)

    2.       In an Order issued on May 2, 2019, the Court reserved ruling on whether the evidence would be admissible in the penalty phase. (R. 322.) On June 27, 2019, the Court ruled that Mr. Christensen's willingness to plead guilty would be admissible at the penalty phase "by way of stipulation, testimony, or other evidence." (R. 427.) The Court additionally ruled that the government would be permitted to present evidence necessary to place the offer "in context." *Id.*

    3.       The parties thereafter attempted to reach a stipulation on the matter to be read to the jury instead of presenting live testimony, but no agreement could be reached. The defense proposal was a single paragraph. The government's proposal spans several pages and contains unconstitutional, irrelevant and prejudicial material that should not be placed before Mr. Christensen's jury.

    4.       Specifically, page one of the government's proposal discusses the wishes of the victim's family and states that the family is agreeable to a plea agreement providing for a life sentence only if the agreement is contingent upon finding Ms. Zhang's remains. This language makes clear that, if no remains are in fact recovered, the family desires that Mr. Christensen receive a death sentence. As the jury is well aware, no remains have been recovered. This language in the stipulation therefore constitutes

victim impact evidence that offers an opinion regarding the appropriate sentence, in violation of *Payne v. Tennessee*, 501 U.S. 808 (1991), and *Bosse v. Oklahoma*, 137 S. Ct. 1 (2016) (per curiam).           .

5.     Additionally, in multiple places the government's proposal places before the jury the irrelevant and prejudicial fact that the Attorney General of the United States, aided by a Capital Review Committee, has personally selected Mr. Christensen's case as one deserving of the death penalty. The proposal refers to "the Attorney General" on three separate occasions, the last of which states that "[t]he Attorney General . . . directed the United States to seek a sentence of death." *Id.*at p. 2. Placing this information before the jury would unconstitutionally place a thumb on death's side of the scales by communicating to them that the Attorney General himself has decided that a death sentence is the appropriate sentence in this case. It would further lessen the jurors' sense of their personal responsibility for imposing sentence on Mr. Christensen, in violation of the Eighth Amendment. *See Caldwell v. Mississippi*, 472 U.S. 320, 329-30 (1985).

6.     On page two of the government's proposal, there is a reference to defense counsel's beliefs; specifically, the belief that it was unlikely that Ms. Zhang's remains would be recovered, even with Mr. Christensen's full cooperation. Counsel's opinions about this case and the evidence are, of course, irrelevant and inadmissible. As previously noted, Mr. Christensen's position is that only his willingness to plead guilty and cooperate fully is relevant and admissible, and any response by the government

3

thereto is irrelevant. (R. 278.) Even if the government's response were relevant, only the fact that Mr. Christensen declined to enter a plea agreement that was completely contingent upon events over which he had no control would be proper, and the jury should not be presented with his counsel's beliefs. Furthermore, the use of the informal, indeed flippant, phrase "your client's last and best offer" from an email unfairly suggests that Mr. Christensen was callously bargaining with the government and is beneath the dignity of this proceeding.

7. Mr. Christensen's need to introduce evidence regarding his willingness to plead guilty became more acute following the government's penalty phase opening statement and its presentation of extensive victim impact evidence, both of which referenced on multiple occasions the Zhang family's distress caused by their inability to locate Ms. Zhang's remains and return them to China. Whilst Mr. Christensen of course does not dispute these basic facts, the end result is that the jury has been left with the misimpression that Mr. Christensen has steadfastly refused to provide information regarding Ms. Zhang's whereabouts to the government for the last two years and thereby needlessly – and perhaps intentionally – caused additional pain to her family. The only way that Mr. Christensen can correct that misimpression is by presenting affirmative evidence that in fact he did offer to provide all the information that he had to the government, if the government would agree not to seek the death penalty against him.

8. On July 3, 2019, Mr. Christensen filed a Motion for Clarification of the Court's Order Concerning the Admissibility of Plea Negotiations and for Evidentiary Hearing. (R. 437.) In that Motion, he urged the Court to provide specificity regarding precisely what evidence the government would be permitted to introduce in order to place his offer to plead guilty "in context." The Court heard argument on the Motion on July 8, 2019, as the parties attempted again to reach a stipulation.

9. On July 15, 2019, Mr. Christensen again raised the matter with the Court, bringing to the Court's attention the unconstitutional, irrelevant and prejudicial material in the government's proposed stipulation and asking the Court to order it stricken. The Court declined, noting that a stipulation is supposed to be an agreement between the parties and the onus was therefore on Mr. Christensen to reach agreement with the government if he wanted the evidence presented in this manner. When the defense asked for a ruling on the scope of the evidence that the government would be permitted to present to place the plea offer "in context," the Court stated that: "The Court's position is that from start to finish, if it's all accurate, then that would be what would be appropriate for the jury to know."

6. The government has made very clear its position that the only stipulation it will agree to is the one that it previously proposed. This leaves Mr. Christensen with a dilemma. Either he agrees to the stipulation and therefore to placing unconstitutional, irrelevant and prejudicial information before the jury, or he declines to stipulate and is left with no way to correct the jury's misimpression that for two years he has been

withholding information that, if provided, may have mitigated the Zhang family's pain.[1]

7.      Neither of these options is constitutional or fair. Mr. Christensen submits that the appropriate solution to this problem is for the Court to instruct the jury regarding the relevant facts. Specifically, Mr. Christensen asks that the Court instruct the jury as follows:

> You have heard evidence in this case that the remains of the victim, Ms. Zhang, have not been located by law enforcement personnel despite an extensive search. You are instructed that, in December, 2017, Mr. Christensen, through counsel expressed to the government that he would be willing to enter a plea of guilty to Count One in the indictment, fully cooperate with law enforcement in their attempts to locate Ms. Zhang's remains, and accept a sentence of life without possibility of release. The government declined to accept that offer.

WHEREFORE, Defendant requests that this Motion be granted and that the Court instruct the jury regarding his willingness to plead guilty and fully cooperate with law enforcement.

Respectfully submitted,

| /s/Elisabeth R. Pollock | /s/ George Taseff |
|---|---|
| Assistant Federal Defender | Assistant Federal Defender |
| 300 West Main Street | 401 Main Street, Suite 1500 |
| Urbana, IL 61801 | Peoria, IL 61602 |
| Phone: 217-373-0666 | Phone: 309-671-7891 |
| FAX:   217-373-0667 | Fax:    309-671-7898 |
| Email: Elisabeth_Pollock@fd.org | Email: George_Taseff@fd.org |

---

[1] The only witnesses available to Mr. Christensen who could provide testimony regarding his willingness to plead guilty and cooperate with law enforcement are his counsel, who are barred from testifying in this proceeding by professional ethics rules.

|  |  |
|---|---|
| /s/ Robert Tucker<br>Robert L. Tucker, Esq.<br>7114 Washington Ave<br>St. Louis, MO 63130<br>Phone: 703-527-1622<br>Email: roberttuckerlaw@gmail.com | /s/ Julie Brain<br>Julie Brain, Esq.<br>916 South 2nd Street<br>Philadelphia, PA 19147<br>Phone: 267-639-0417<br>Email: juliebrain1@yahoo.com |

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

/s/Elisabeth R. Pollock
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org