UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN,   ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT'S SUPPLEMENTAL MOTION IN SUPPORT OF JURY INSTRUCTIONS AND A VERDICT FORM IN THE SENTENCING HEARING INFORMING THE JURY THAT A NON-UNANIMOUS VOTE ON LIFE OR DEATH WILL RESULT IN THE COURT IMPOSING A SENTENCE OF LIFE IMPRISONMENT WITHOUT RELEASE**

NOW COMES the Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, and requests the Court instruct the jury that a non-unanimous vote on life or death will result in the Court imposing a sentence of life imprisonment without release.

**Additional Data Regarding Federal Capital Trials Completed Since 2010**

Defense counsel learned from Matthew Rubenstein that he received additional information regarding the *non-unanimity* issue in a case tried in 2010 that he had not been able to gather previously. Defense counsel Teresa Whalen provided the concluding instructions from the sentencing hearing in *United States v. Argueta*, No. 8:05-cr-00393 (D.M.D. 2010) to Mr. Rubenstein. These instructions included the following language:

> If, after weighing the aggravating and mitigating factors, you unanimously determine that a sentence of death shall be imposed, then the Court is

1

required to sentence the Defendant to death. If you unanimously determine that a sentence of life imprisonment without the possibility of release shall be imposed, then the Court is required to sentence the Defendant to life imprisonment without the possibility of release. **If you cannot unanimously agree whether the Defendant should be sentenced to death or life imprisonment without the possibility of release, the Court will sentence the Defendant to life imprisonment without the possibility of release.**

It is your duty as jurors to discuss the issue of punishment with one another in an effort to reach agreement, if you can do so. Each of you must decide this remaining question for yourselves, but only after full consideration of the evidence with the other members of the jury. While you are discussing this matter, do not hesitate to re-examine your own opinion, and to change your mind if you become convinced that you are wrong. But do not give up your honest beliefs as to the weight or the effect of the evidence solely because others think differently or simply to get the case over with.

Taking into consideration this case in the data set of all federal capital cases completed since 2010, twenty-two of thirty trials instructed the jury on the consequences of failure to reach unanimity. Thus in 73% of federal capital trials the jurors have been instructed on this issue.

Of the eight trials in which the jury was not formally instructed on the consequences of failure to reach unanimity on life or death, six trials[1] resulted in death

---

[1] In three of these six trials ending in death the jury sentenced both co-defendants to death. *United States v. Snarr and Garcia*, No. 1:09-cr-00015 (E.D. Tex. 2010), *United States v. Coonce and Hall*, No. 10-cr-03029 (W.D. Mo. 2014), and *United States v. Cramer and Fackrell,* No. 1:16-cr-26 (E.D. Tex. 2018). In one of these six trials ending in death the jury sentenced only one of the capital eligible co-defendants (one of three) was sentenced to death. *United States v. Savage*, No. 14-cr-9003 (E.D. Pa. 2013).

verdicts and two trials[2] resulted in life verdicts. Defense counsel were able to review the closing argument in the two trials that resulted in life verdicts, and in both trials defense counsel were permitted to argue in the closing of the sentencing hearing that each juror had the power and discretion to vote for life and "stop a death verdict" or "one juror can give life".[3]

---

[2] One trial, *United States v. Salad, et al.*, No. 2:11-cr-00034 (E.D. Va. 2013), involved three capital defendants, Ahmed Muse Salad, Abukar Osman Beyle, and Shani Nurani Shiekh Abrar. The jury returned life imprisonment sentences on each defendant.

[3] Defense counsels' arguments were as follows:

> If one vote, one juror, can stop a death verdict and put in place life punishment, you know it's not majority rule, and it is your individual conscience that rules the day on that.

*United States v. Basciano*, No. 05-CR-060 (E.D.N.Y.), TR 9240 (June 1, 2011).

> The Court is going to instruct you, as I said, about mitigation and aggravation and the role of waiting and what life imprisonment means, on instruction number 16, that you don't have to be unanimous. If one of you decide that one or more mitigating factors, the ones that we have suggested to you, or the ones that you have come up by yourselves, analyzing and listening to the evidence and the circumstances of Shani's life, if you believe that one or more of those mitigating factors, that you have determined by preponderance of a doubt, outweigh the aggravating factors, then you can impose a sentence of life.
>
> Remember, one juror can give life, one juror can find mitigation, one juror can find mitigation of his own or her own. The judge will tell you that with regards to mitigating factors, circumstances that some of you accept and others don't, each of you has to make that determination by yourself and you don't need to be unanimous. That is because death is never required.
>
> In the end, when you render your verdict, the Court will respect it, the Government will respect it, and we will respect it, but it's an individual decision. Each one of you has a vote and each vote is as important as the others.

For purposes of considering this issue under an Eighth Amendment arbitrariness analysis, in trials in which the jury was *not* informed about the consequences of failure to reach unanimity, all six resulted in death. When the information has been withheld from the jury, the jury has returned death verdicts.

Under these circumstances, although *Jones* held that a District Court has discretion whether or not to inform the jury of the consequences of a non-unanimous vote on life or death, the refusal to instruct the jury on this issue would result in the unconstitutional arbitrary and capricious imposition of a death sentence and deprive Mr. Christensen of the federal constitutional guarantees to a fair trial and right to present a defense, the effective assistance of counsel, due process of law, to equal protection of the laws, to freedom from cruel and unusual punishment, and a reliable verdict and sentence. U.S. Const. amend. V, VI, VIII.

---

*United States v. Salad, et al.*, No. 2:11-cr-00034, DE 933 at 168, TR 4523 (July 31, 2013).

Therefore, for all the forgoing reasons, this Court should instruct this jury that a non-unanimous vote on life or death will result in the Court imposing a sentence of life imprisonment without release.

Respectfully submitted,

/s/ Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:   309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

                                              /s/Elisabeth R. Pollock
                                              Assistant Federal Public Defender
                                              300 West Main Street
                                              Urbana, IL 61801
                                              Phone: 217-373-0666
                                              FAX:   217-373-0667
                                              Email: Elisabeth_Pollock@fd.org