UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

**UNIVERSITY'S RESPONSE TO THE
SUPPLEMENTAL MOTION FOR ORDER TO SHOW CAUSE (DOC. 435)**

The Board of Trustees of the University of Illinois ("the University"), by its attorneys, Hinshaw & Culbertson LLP, responds to the Supplemental Motion for Order to Show Cause for Failure to Comply with Subpoena Duces Tecum (Doc. 435) by stating that it has fully complied with the underlying Subpoena.

On June 16, 2019, the Defendant filed a Motion to Show Cause for Failure to Comply with Subpoena Duces Tecum (Doc. 381), which asserted that the University is "not free to make its own determination of what it considers to be privileged" and "the documents should be submitted to the Court for in camera review so that the Court can determine whether the documents are required to be produced." The University responded by confirming that it has produced all records from the Counseling Center pertaining to the Defendant's assessment and treatment and submitted for the Court's *in camera* review communications between Counseling Center staff and the University's legal counsel largely concerning responses to requests for records in this case and other legal requests and issues related to this case, as opposed to discussions about the Defendant's care and treatment.

303998629v2 0904853

In his Supplemental Motion, however, Defendant appears to be broadening the scope of the demand, or at least, interpreting the Subpoena to be broader in its scope than the interpretation of the scope of the demand by the University and its counsel. The Supplemental Motion extends the Subpoena to communications between "people associated with the University… regarding the Counseling Center's interactions with Mr. Christensen and the subsequent murder of Yingying Zhang." The Supplemental Motion includes references to documents related to "the potential legal liability of the institution," "questions of indemnification, immunity and insurance coverage" and notifications to the University Chancellor and the Board of Trustees.

In contrast, the Subpoena at issue (or more accurately, a FOIA request attached to the Subpoena at issue[1]) specifically sought documents "between staff members" of the University's Counseling Center and "between staff members of the Center" and other University personnel concerning "Christensen's assessment and treatment by the counseling center." As reflected in the University's previous response, the University has produced such records and also provided the Court with communications with the University's legal counsel that are not about Christensen's assessment and treatment by the Counseling Center, but otherwise relate Christensen. The University provided these records to the Court to ensure that all documents by, from, or to the University Counseling Center pertaining to Christensen were produced to either the parties or to the Court for its *in camera* review. Accordingly, the University has not acted contumaciously, compelling the discharge of the University from these proceedings. Moreover, in the event that the Court determines that the scope of the Subpoena is as broad as Defendant appears to contend in the Supplemental Motion, the University requests an additional seven (7) days to compile responsive documents and to review those documents for privilege.

---

[1] The University fully responded to the FOIA request.

A.  **The Scope of the Subpoena**

The Subpoena at issue demanded production of:

> Any written communication, note, document, or other recording *concerning the assessment and treatment* of Brendt A. Christensen, DOB: 6/30/1989, *at the University of Illinois Counseling Center* between March 15, 2017, and June 9, 2017. *Specifically,* any written or electronic correspondence *between staff members* of the Center *and/or between staff members of the Center* and any other employee or agent of the University of Illinois, and any documentation thereof, concerning Mr. Christensen's *assessment and treatment* by the counseling center.

(Emphasis added.)

By the plain terms of the Subpoena, Defendant sought documents "concerning the assessment and treatment" of Christensen. The Subpoena limited the category of material sought to documents "between staff members" of the University's Counseling Center and "between staff members of the Center" and other University personnel concerning "Christensen's assessment and treatment."

Based upon the specification of the Subpoena, the University reasonably interpreted this demand to seek documents by, to, or from the Counseling Center members. The terms of the Subpoena do not request documents generated by other University departments or personnel external to the Counseling Center and do not request documents about any topic other than the Defendant's assessment and treatment at the Counseling Center.

In an email dated June 11, 2019, a copy of which is attached as Exhibit A, Ms. Pollock confirmed, or at least appeared to confirm, the University's construction of the Subpoena's scope.

> We have received no additional correspondence (emails between [Counseling Center] staff members about the situation, emails with higher-ups in the administration, any after-action reports, etc.)

3

Second, the Subpoena demands only records concerning the assessment and treatment of Christensen. Even though communications between Counseling Center staff and University lawyers do not address Christensen's assessment and treatment and, therefore, are not responsive to the Subpoena, the University has produced those documents to the Court for its *in camera* review.

The University has produced either to Defendant or to the Court for its *in camera* review all documents by, to, or from the University Counseling Center and its staff members addressing Christensen, and has not limited that production to documents concerning his assessment and treatment. *See* Declaration of Carla McGowan presented to the Court on June 24, 2019, as part of its response to Defendant's original motion to show cause.

**B.    Documents Produced By the University**

In order to dispel any notion that the University has willfully failed to comply with this Court's process, it is important to understand the quantity of documents previously produced by the University. The University has responded to 13 requests from the parties and has produced hundreds of pages. The University has attempted to work with both parties to this litigation in the production of documents sought for this litigation.

**C.    Other Matters Raised by Defendant**

Defendant asserts that there is reason "to expect that the *University conducted some type of investigation into the events at issue, at a minimum to determine the potential legal liability of* the institution and/or its staff, explore *questions of indemnification, immunity and insurance coverage for decisions made within the scope of employment, whether any disciplinary action was required with regard to any employee and whether changes needed to be made to applicable* University policies and procedures in order to better ensure the safety of its students, faculty and

4

staff.  *One would further assume that the matter was at least brought to the attention of the University Chancellor and the Board of Trustees.*"  Supplemental Motion (Doc. 435), p. 3 (emphasis added).  Defendant also notes that the materials identified in the University's Privilege Log were created primarily in 2019.  *Id.*

The reason for the limited and recent time frame of the documents is quite simple. Although the University received requests for documents from Christensen in late 2017, the University did not learn until March of 2019 that the Defendant's disclosure in February of 2019 included a purported expert expected to testify that the treatment of the Defendant by the Counseling Center did not comply with the applicable standards of care.   This disclosure became part of the public court record in April of 2019 and prompted discussions at the University and with the Counseling Center. Before that time, other than communications related to legal requests in this case, such as requests for records, the Counseling Center had limited communications with the University's legal counsel and any treatment records from the Counseling Center and non-privileged documents from the Counseling Center concerning the Defendant's care and treatment have been produced.

Counsel for the University has communicated with the Board of Trustees, risk management and other senior administrators at the University about Christensen's claims regarding the Counseling Center and, subsequently, the claims of the administrator of the Zhang estate regarding the Counseling Center's actions with Christensen. This is not intended to be an exhaustive list of documents generated by any University member at any time regarding Christensen.  The communications identified above, however, reflect that not only are documents of that type protected by the attorney-client privilege, but they were also not deemed to be responsive to the Subpoena in that they did not address Christensen's assessment and treatment

and were not by, from or to the Counseling Center. (The University notes that disciplinary actions were neither instituted nor contemplated with respect to the Counseling Center staff.)

If, on the other hand, the Court determines that these and similar documents are responsive to the Subpoena, the University will immediate undertake a search for all such documents, review them for privilege, prepare a privilege log to the extent necessary, and produce the privileged documents for *in camera* review and the non-privileged documents, if any, to the parties of this litigation. Normally, that process could take two or four weeks, but the University will endeavor to conclude those activities within seven (7) days from the Court's Order on this motion. If the Court does order this production, the University requests the Court grant it those seven (7) days to complete that process.

**CONCLUSION**

The University has not acted with contempt regarding this Court's process. In fact, the University has previously produced numerous pages of documents to subpoenas and other requests. Accordingly, the University prays that it be discharged from these proceedings.

/s/Charles R. Schmadeke
Charles R. Schmadeke (#2489813)
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Email: cschmadeke@hinshawlaw.com

L. Lee Smith (#3122521)
Hinshaw & Culbertson LLP
416 Main Street, Sixth Floor
Peoria, IL 61602
Telephone: 309-999-9899
Facsimile: 309-674-9328
Email: lsmith@hinshawlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2019, I electronically filed the foregoing UNIVERSITY'S RESPONSE TO THE SUPPLEMENTAL MOTION FOR ORDER TO SHOW CAUSE (DOC. 435) with the Clerk of Court using the CM/ECF system and served upon counsel of record.

| | |
|---|---|
| Elisabeth R. Pollock<br>Assistant Federal Defender<br>300 West Main Street<br>Urbana, IL 61801<br>Email: Elisabeth_Pollock@fd.org | Bryan David Freres<br>US Attorney<br>201 South Vine<br>Urbana, IL 61802<br>Email: bryan.freres@usdoj.gov |
| Robert L. Tucker<br>Robert L. Tucker, Esq.<br>7114 Washington Avenue<br>St. Louis, MO 63130<br>Email: roberttuckerlaw@gmail.com | Eugene L Miller<br>US Attorney<br>201 South Vine<br>Urbana, IL 61802<br>Email: eugene.miller@usdoj.gov |
| George Taseff<br>Assistant Federal Defender<br>401 Main Street, Suite 1500<br>Peoria, IL 61602<br>Email: George_Taseff@fd.org | James B Nelson<br>United States Department Of Justice<br>Criminal Division Capital Case Section<br>Suite 625<br>1331 F Street NW<br>Washington, DC 20004<br>Email: james.nelson@usdoj.gov |
| Julie Brain<br>Julie Brain, Esq.<br>916 South 2nd Street<br>Philadelphia, PA 19147<br>Email: juliebrain1@yahoo.com | Kit R Morrissey<br>US Attorney's Office<br>Southern District Of Illinois<br>Nine Executive Drive<br>Fairview Heights, IL 62208<br>Email: kit.morrissey@usdoj.gov |
| Thomas W Patton<br>Federal Public Defender<br>Suite 1500<br>401 Main St<br>Peoria, IL 61602<br>Email: thomas_patton@fd.org | |

                                                              /s/Charles R. Schmadeke
Charles R. Schmadeke (#2489813
Hinshaw & Culbertson LLP
400 South Ninth Street, Suite 200
Springfield, IL 62701
Telephone: 217-528-7375
Facsimile: 217-528-0075
Email: cschmadeke@hinshawlaw.com

303998629v2 0904853