E-FILED
Thursday, 18 July, 2019  03:32:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES VS. BRENDT CHRISTENSEN



# Two Options




The law is *always* satisfied with
a sentence of life imprisonment

A juror is never required to vote for death.

receive for the capital offense.

The law contemplates that different Factors may be given different weights or values by different jurors. Thus, you may find that one Mitigating Factor outweighs one or more Aggravating Factors. Or you may find, even if you have found no Mitigating Factors, that the Aggravating Factor or Factors proved do not, standing alone, justify imposition of a sentence of death. On the other hand, you may unanimously find that a particular Aggravating Factor sufficiently outweighs all Mitigating Factors combined to make a sentence of death the appropriate sentence. Each juror must decide what weight or value is to be given to a particular Aggravating or Mitigating Factor in the decision-making process.

Again, whether or not the circumstances justify a sentence of death is a decision that the law leaves entirely to you. You are never required to impose a death sentence.

# DEATH MUST BE UNANIMOUS

- For a death verdict: **all 12 of you** each must unanimously agree that a death sentence is the appropriate punishment

- You are **never, ever** required to sacrifice your personal conscience, your personal morality, your personal moral judgment as to what is the appropriate sentence.

# Twelve Separate Decisions

## Mitigating Factors - Individual Jurors Decide if Established

Statutory & Non statutory Aggravating Factors

Mitigating Factors



Government must prove, if they can, "aggravating factors" beyond a reasonable doubt <u>to all twelve jurors</u>.

(If not proven unanimously, then the "aggravating factor" cannot be considered by any juror.)

**The decisions about whether mitigating factors have been proven is made by each juror individually.**



For "mitigating factors" <u>each juror decides individually, for him or herself,</u> if the defense has established the existence of each mitigating factor by a preponderance of the evidence (more likely than not).

(There is no requirement that any of the jurors agree. Each juror must arrive at this decision for him or herself.)

# Individual and Personal Decisions of Conscience

- **What church to belong to**
- **Whether or not to get married**
- **Whether to have children**
- **How many children to have**
- **Home school or public school**
- **What values do we teach them**

# Weighing

**Weighing Aggravating and Mitigating Factors**

With respect to the capital count you are considering in Count 1 of the superseding indictment, if you unanimously find that the government proved beyond a reasonable doubt: 1) that the defendant was over 18 years of age at the time of the crime; and 2) the existence of at least one intent factor, and 3) the existence of at least one Statutory Aggravating Factor; and after you then decide whether the Government proved beyond a reasonable doubt the existence of any of the alleged Non-Statutory Aggravating Factors submitted to you, and whether the defendant proved the existence of any Mitigating Factors by a preponderance of the evidence, you will then engage in a weighing process.

In determining the appropriate sentence, all of you must weigh the Aggravating Factor or

engage in a weighing process.

In determining the appropriate sentence, all of you must weigh the Aggravating Factor or Factors that you unanimously found proved beyond a reasonable doubt, and each of you must weigh any Mitigating Factor or Factors that you individually found to exist, and may weigh any Mitigating Factors that another fellow juror found to exist. However, you are not required to weigh a mitigating factor that you have not personally found to be proven. Whether or not the circumstances in this case make death the appropriate sentence is a decision that the law leaves entirely to you.

Although I have previously instructed you that you will not consider a death sentence unless you first unanimously find the age requirement and at least one threshold intent factor proven beyond a reasonable doubt, I instruct you now that the age requirement and threshold intent factors **shall not** be considered when weighing the Aggravating and Mitigating Factors.

In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you.

The process of weighing Aggravating and Mitigating Factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of Aggravating and Mitigating Factors and reach a decision based on which number is greater. You should instead consider the weight and value of each factor to make a unique, individualized, and reasoned judgment about the sentence this defendant should receive for the capital offense.

The law contemplates that different Factors may be given different weights or values by

receive for the capital offense.

The law contemplates that different Factors may be given different weights or values by different jurors. Thus, you may find that one Mitigating Factor outweighs one or more Aggravating Factors. Or you may find, even if you have found no Mitigating Factors, that the Aggravating Factor or Factors proved do not, standing alone, justify imposition of a sentence of death. On the other hand, you may unanimously find that a particular Aggravating Factor sufficiently outweighs all Mitigating Factors combined to make a sentence of death the appropriate sentence. Each juror must decide what weight or value is to be given to a particular Aggravating or Mitigating Factor in the decision-making process.

Again, whether or not the circumstances justify a sentence of death is a decision that the law leaves entirely to you. You are never required to impose a death sentence.

receive for the capital offense.

The law contemplates that different Factors may be given different weights or values by different jurors. Thus, you may find that one Mitigating Factor outweighs one or more Aggravating Factors. Or you may find, even if you have found no Mitigating Factors, that the Aggravating Factor or Factors proved do not, standing alone, justify imposition of a sentence of death. On the other hand, you may unanimously find that a particular Aggravating Factor sufficiently outweighs all Mitigating Factors combined to make a sentence of death the appropriate sentence. Each juror must decide what weight or value is to be given to a particular Aggravating or Mitigating Factor in the decision-making process.

Again, whether or not the circumstances justify a sentence of death is a decision that the law leaves entirely to you. You are never required to impose a death sentence.

# Weighing "Aggravating Factors" and "Mitigating Factors"

Each juror weighs the "mitigating factors" and the "aggravating factors."



Aggravating Factors

Mitigating Factors

# Weighing "Aggravating Factors" and "Mitigating Factors"

There is not one "scale" that the jury uses; now <u>each</u> juror has his or her own "scale" for weighing the "mitigating factors" and the "aggravating factors."



# Mitigation: what is it?

- An aggravator may be a reason to find for death
- A mitigator is a reason to find for life
- All of the aggravators can be found, and none of the mitigators, and you can *still* find for life

Mitigating Factors

**Introduction to Mitigating Factors**

Before you may consider the appropriate punishment for Count One, you must consider whether the defendant has established the existence of any mitigating factors. A mitigating factor is a fact about the defendant's background, record, or character, or about the circumstances surrounding the offense that would suggest that a sentence of life imprisonment without the possibility of parole is the appropriate punishment. The law does not require that a mitigating factor be connected to the crime.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order for you to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor by a preponderance of the evidence must consider it in the final weighing of aggravating and mitigating factors.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely than not true. In Section 5 of the Special Verdict Form relating to mitigating factors, you are asked, but not required, to report the total number of jurors that find a particular mitigating factor established by a preponderance of the evidence.

**Introduction to Mitigating Factors**

Before you may consider the appropriate punishment for Count One, you must consider whether the defendant has established the existence of any mitigating factors. A mitigating factor is a fact about the defendant's background, record, or character, or about the circumstances surrounding the offense that would suggest that a sentence of life imprisonment without the possibility of parole is the appropriate punishment. The law does not require that a mitigating factor be connected to the crime.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order for you to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor by a preponderance of the evidence must consider it in the final weighing of aggravating

factor be connected to the crime.

Unlike aggravating factors, which you must unanimously find proved beyond a reasonable doubt in order for you to consider them in your deliberations, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor by a preponderance of the evidence must consider it in the final weighing of aggravating and mitigating factors.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely than not true. In Section 5 of the Special Verdict Form relating to mitigating factors, you are asked, but

and mitigating factors.

It is the defendant's burden to establish any mitigating factors, but only by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt. A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely than not true. In Section 5 of the Special Verdict Form relating to mitigating factors, you are asked, but not required, to report the total number of jurors that find a particular mitigating factor established by a preponderance of the evidence.

48. The penalty of life without the possibility of release is a severe sentence.

49. All lives are valuable, including Mr. Christensen's life.

   You are permitted to consider anything else about the commission of the crime, or about the defendant's background, record, or character that would mitigate against imposition of the death penalty which I will call and from now on refer to as additional mitigating factors.

   If there are any such additional mitigating factors, whether or not specifically argued by defense counsel, which are established by a preponderance of the evidence, any juror, either individually or with other jurors, is free to consider them during your deliberations.

   In Section 5 on Page 10 of the Special Verdict Form you are asked to identify any mitigating factors that any one of you finds has been proved by a preponderance of the evidence, but you are not required to do so.

# Additional Mitigating Factors

**ADDITIONAL MITIGATING FACTORS**

Write in any Additional Mitigating Factors determined by **any one (1) or more members** of the jury, and indicate the number of jurors who find the existence of that Mitigating Factor to be proved by a preponderance of the evidence. If your answer is none, then write "NONE." If extra space is needed, write "CONTINUED" and use the reverse side of this page for extra space.

A. _____

_____

_____

_____

Number of jurors who so find            _____

B. _____

# Mercy

Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case.



# What this case is NOT about…

- Excuses
- Justifications
- Blame
- Causation



# The life of Yingying Zhang





# Mitigating Factors

- ZERO HISTORY OF VIOLENCE
  - No prior criminal record, not even a traffic ticket
  - No prior arrests
  - No prior incarcerations
  - Rule follower

# Mitigating Factors

- BRENDT'S CHARACTER
  - Brendt was a loving, caring, gentle child who never displayed aggressive or violent behavior to others
    - The first child to try new things
    - The boy who wouldn't leave his friend behind during track practice
    - The brother who rode his bike miles to get his sister the stuffed tiger she wanted so badly
    - The quiet, diligent student who never made trouble in school
    - The student who let another boy punch him and refused to retaliate



Here are Tristan, Brendt, Adam & Tyler.

# Mitigating Factors

- FAMILY HISTORY – SUBSTANCE ABUSE AND MENTAL HEALTH ISSUES
  - Mom: severe depression and anxiety
  - Mom: chronic alcoholic, both inpatient and outpatient treatment
    - Passed out during the day
    - Answered phone with English accent
    - ATV accident with her children
    - Almost hit her best friend's brother
  - Mental illness in family on both sides

# Mitigating Factors

- BRENDT'S LIFELONG STRUGGLES WITH SUBSTANCE ABUSE AND MENTAL HEALTH
  - Sleep terrors
  - Migraines
  - Concussions
  - Depression
  - Anxiety
  - Alcohol abuse
  - Drug abuse

# The Downward Spiral

- Brendt's issues were always present

- He tried hard to hide them

- High school: grades up and down, GPA plummets junior year

- Instead of attending UW Madison, he goes to tech school and excels

- Then to UW Stevens Points, where he excels

- Then finally, to UW Madison, where he graduates with physics and math degrees

# Mitigating Factors

- NO SUPPORT NETWORK
  - Brendt and Michelle were alone, together
  - Michelle and Brendt never socialized with anyone
  - "My wife has always been enough"



2012/2013. Always prepared. A leader. (Herndon)

Spring 2014. Sociable, successful academically. (Garrido)

Fall 2014. Evaluation: "Making great progress toward his degree" (Cooper)

2014/2015.  Diligent, punctual, responsible, reliable. (Vishveshwara)

Spring 2015. Stopped trying. (Garrido)

Early 2016. Program not for him. Dropping out. (Mason)

Early 2017. Stopped attending staff meetings or responding to emails. (Schulte)

March 31, 2017. Skipping office hours. Staff and student complaints. (Mouschovias)

May 9, 2017. Lost student exam. Nonresponsive. (Schulte)

Most Recent Program
     College : Graduate College
     Major : Physics

Degree Awarded Master of Science 13-MAY-2017
Degree Information
     College : Graduate College
     Campus : Urbana-Champaign
     Major : Physics

| SUBJ NO. | COURSE TITLE | CRED GR D | PTS R |
|---|---|---|---|
| INSTITUTION CREDIT: | | | |
| Fall 2013 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 436 | Electromagnetic Fields II | 3.00 B+ | 9.99 |
| PHYS 580 | Quantum Mechanics I | 4.00 A- | 14.68 |
| PHYS 596 | Graduate Physics Orientation | 1.00 A | 4.00 |
| Ehrs: 8.00 | GPA-Hrs: 8.00 QPts: | 28.67 GPA: | 3.58 |
| Spring 2014 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 560 | Condensed Matter Physics I | 4.00 B- | 10.68 |
| PHYS 597 | Individual Study | 4.00 A | 16.00 |
| Ehrs: 8.00 | GPA-Hrs: 8.00 QPts: | 26.68 GPA: | 3.33 |
| Fall 2014 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 597 | Individual Study | 8.00 A | 32.00 |
| Ehrs: 8.00 | GPA-Hrs: 8.00 QPts: | 32.00 GPA: | 4.00 |
| Spring 2015 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 597 | Individual Study | 8.00 A- | 29.36 |
| PHYS 598 | Me sescopics and Nanoscience | 4.00 A- | 14.68 |
| Ehrs: 12.00 | GPA-Hrs: 12.00 QPts: | 44.04 GPA: | 3.67 |

**** CONTINUED ON NEXT COLUMN ******

| SUBJ NO. | COURSE TITLE | CRED GRD | PTS |
|---|---|---|---|
| Institution Information continued: | | | |
| Fall 2015 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 597 | Individual Study | 8.00 A- | 29.36 |
| Ehrs: 8.00 GPA-Hrs: 8.00 | QPts: | 29.36 GPA: | 3.67 |
| Spring 2016 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| PHYS 597 | Individual Study | 12.00 A | 48.00 |
| Ehrs: 12.00 GPA-Hrs: 12.00 | QPts: | 48.00 GPA: | 4.00 |
| Fall 2016 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| IB 411 | Bioinspiration | 3.00 F | 0.00 |
| INFO 490 | Foundations of Data Science | 3.00 F | 0.00 |
| KIN 247 | Intro to Sport Psychology | 3.00 F | 0.00 |
| Ehrs: 0.00 GPA-Hrs: 9.00 | QPts: | 0.00 GPA: | 0.00 |
| Spring 2017 - Urbana-Champaign | | | |
| Graduate College | | | |
| Physics | | | |
| GEOG 466 | Environmental Policy | 4.00 B | 12.00 |
| IB 108 | The Biology of Dinosaurs | 3.00 D+ | 3.99 |
| IB 483 | Insect Pathology | 3.00 F | 0.00 |
| SOC 310 | Sociology of Deviance | 3.00 C+ | 6.99 |

# BRENDT KNEW SOMETHING WAS WRONG

**From:** Brendt Christensen
**Sent:** Monday, December 26, 2016 7:23 PM
**To:** Mike Christensen
**Subject:** Pictures and stuff

Hey Dad,

I've attached the pictures of Putz...there should be 17 of them so tell me if one of them didn't go through.

About the night terrors: I didn't want to talk about them yesterday because I was within earshot of everyone staying here so sorry if I seemed short. They're probably different from what they used to be but I'd love to hear what they used to be like when I was younger, since I have no memory of them.

They basically come in two forms. The first are actual nightmares that always end up with me waking myself up (and Michelle...) by yelling really loudly. They always have me approaching something very ominous. It's like it has an aura of some kind that I can feel but not see. Sometimes I'm searching for it, and I'm really afraid of it. It took this weird black static-y form once in what might have been a waking dream since it was in my bedroom with me.

The other form are sleep paralysis, which lasts a minute or two. It's pretty standard sleep paralysis stuff where I am semi-conscious, can't move and have my eyes closed, and and terrified and feel like something's watching me.

# BRENDT KNEW SOMETHING WAS WRONG FOR A LONG TIME

- Age 15
- Age 19
- Age 26
- Age 27

# BRENDT SHARED HIS STRUGGLES

In a sentence or two, can you describe the main issues that are bringing you here today?
   Alcohol and drug addiction is ruining my life.

Current academic status - Graduate / professional degree student

Did your military experiences include any traumatic or highly stressful experiences which continue to bot

Attended counseling for mental health concerns - After starting college

Taken a prescribed medication for mental health concerns - After starting college

Been hospitalized for mental health concerns - 2-3 times

Been hospitalized for mental health concerns (Last time) - More than 5 years ago

Felt the need to reduce your alcohol or drug use - More than 5 times

Felt the need to reduce your alcohol or drug use (Last time) - Within the last 2 weeks

Others have expressed concern about your alcohol or drug use - More than 5 times

Others have expressed concern about your alcohol or drug use (Last time) - Within the last 2 weeks

Hostility

| CCAPS 62 Profile Report | Name: Christensen, Brendt | Date: 3/21/2017 | Appointments: -- |
|---|---|---|---|
| | Student ID: 674041719 | Age: 27 | Administrations: 1 |

| | Depression | Generalized Anxiety | Social Anxiety | Academic Distress | Eating Concerns | Hostility | Family Distress | Substance Use | Distress Index | SI | HI |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1) Current: 3/21/2017 | 94 | 92 | 54 | 83 | 80 | 29 | 91 | 100 | 95 | 3 | 1 |

Percentile Score (axis: 100, 90, 80, 70, 60, 50, 40, 30, 20, 10, 0)

| 30 | I feel tense | 49 | I drink more than I should | 4 |
|---|---|---|---|---|
| 33 | I am easily frighter | 50 | I enjoy getting drunk | 4 |
| 39 | I experience nightr | 56 | I have done something I have regretted because of drinking | 4 |

# COMMUNICATION PROBLEMS AT THE UICC

- Carin Molanaar to Felicia Li
  - "Fascination with serial killers"
  - "Thoughts of committing a crime like that"
  - "Plans to commit homicide"
  - "Pretty far along"
  - "Had bought things to execute his plan"
- Carin Molenaar to Tom Miebach
  - Did not review the video
  - Did not review her notes
  - Did not talk to her for longer than a few minutes
- Tom Miebach and Jennifer Maupin to anyone



**Brendt Christensen <brendtchristensen@gmail.com>**

## Community Referral

**Rauch Maupin, Jennifer Marie** <rauchma1@illinois.edu>                     Thu, Mar 30, 2017 at 4:51 PM
To: "BrendtChristensen@gmail.com" <BrendtChristensen@gmail.com>
Cc: "Miebach, Thomas Gage" <miebach2@illinois.edu>

Good afternoon Brendt,


It was nice to meet you today.  Upon further reflection and consultation, instead of providing you with the names of three individual therapist to consider for ongoing support, I am providing you with the contact/website information for Rosecrance, a local addictions treatment center. When you call, you'll arrange an appointment where they can explore which of their services will best fit your current needs/wants. I called today and confirmed that in addition to an intensive out-patient program, you could also opt for individual therapy with a focus on maintaining abstinence if you choose.   They have a menu of options that are comprehensive so it's ideal for one-stop shopping.


I have copied Tom on this email as I said I would. I am sure you two will be processing how making this connection goes.


http://www.rosecrance.org/


http://www.rosecrance.org/facilities/champaign/

# BRENDT TOLD MULTIPLE PEOPLE

- Two separate meetings in March 2017
- Confessed to the counselors at the UICC that he had a plan for how to commit a murder, that he had purchased items to facilitate his plan to commit a murder, that he knew his thoughts were wrong and disturbing to others, and that *he did not want to be that kind of person*

# Dr. Susan Zoline

"Mr. Christensen . . .**appeared to me to be open**. . . .
He seemed cooperative and responsive.

He agreed to be taped.

He agreed to have consults.

He agreed to a follow-up appointment.

He seemed responsive to it."

As an expert in the field of psychology with a specialization in ethics, did he receive the help he should have received?

**I don't believe that he received the help that he deserved and should have received.**

Suicidal and homicidal ideation is not -- I think you described it before as "all or none."

**Typically, these are feelings that can persist for long periods of time, that can be activated by any risk, and he is vulnerable.**

**And he may have, in that moment, been feeling better; or he may have been motivated to state that he was feeling better. But I -- while I would be heartened in that moment, I would not consider that the risk had, was no longer present, by my means.**

The records indicate no further communication between the Counseling Center and him. . .

This is a young man with, who's reporting significant homicidal ideation, suicidal ideation. For whatever reason, he did not return. **Out of concern for his well-being and out of concern for the campus community, I would think that outreach would have been very important.**

[H]ow common is it for a student to walk into a Counseling Center and say they're ruminating about murder and have bought items to dispose of a victim?

A: I would consider that very rare.

**What concerns me here is the _fluctuating nature of the crisis going on_; and I am not, cannot be positive that drinking or substance use will not reoccur. He said that he had stopped substance use for two weeks. That's a fairly short amount of time, and he just found out two days ago that his wife wishes a separation.**

**So putting together the vulnerable factors with minimal protective factors -- his wife was his primary protective factor -- that would cause me real concern.**

**What *could* the Counseling Center Staff have done?**

- talk about recommendation of voluntary hospitalization.

- talk with him about intensive outpatient treatment

- provide a safety crisis plan, which would involve off-hours coverage

- ask him to sign a release form to give me consent to confer with his psychiatrist

**"What I can say is that if more intensive services were provided, there is a possibility that that treatment could have been helpful and may have prevented the tragedy that occurred."**

# DESPITE HIS BEST EFFORTS…

- Alcohol and drugs were ruining his life
- Marriage falling apart
- Emotionally crushed
- No one from UICC ever followed up with him
- No one from Rosecrance was ever notified to follow up with him
- Found Terra
- That didn't work either; the thoughts were still present
- And then, June 9th occurs

# BRENDT'S BEHAVIOR IN JAIL – 2 YEARS

- While incarcerated following his arrest on June 30, 2017, Brendt has had no disciplinary violations

- During two years of pretrial incarceration, Brendt has never possessed a weapon.

- Brendt has never threatened jail staff while incarcerated in jail.

- Brendt has never threatened any other prisoners while incarcerated at the jail.

- Brendt has never attempted to engage in criminal activity with outside persons while at the jail.

- Brendt has been respectful to all male correctional officers when incarcerated at the jail.

# Superintendent Inman

- [N]ever "receive[d] any report that Brendt was ever disrespectful to any of his fellow detainees or caused any disturbance within the jail during the 20 plus months that he was at your facility."

- "He complied with all of the rules"

- "He was a low maintenance detainee"

- "He did everything expected of him according to the detainee handbook.

# Correctional Officer Burns

"I didn't have any problems with him."

Never "said or did something that you thought was inappropriate or disrespectful to you."

Never saw "Mr. Christensen disrespectful or use profanity towards any other detainee?"

Never saw him "Engage in any kind of threatening behavior towards another detainee?"

Never had to write him up for anything.

He never "refuse[d] to follow any order or command that you issued him."

# Correctional Officer Melvin

"He was well behaved for a detainee. Never had an issue."

"I'd never seen him make a violation."

# Correctional Officer Niles

"I have never had a problem with him at all.

"Did [not] know of any other CO who had a problem with him"

"Did [not] know of any other detainee that had a problem with him"

LIFE WITHOUT RELEASE **MEANS**
HE DIES IN PRISON - Period

Federal law mandates that if Brendt is not sentenced to death, he will spend the rest of his life in a United States prison, with no possibility of release.

# Why Life is Enough

- Brendt is not the worst of the worst

- He is someone who had a lot of promise, who knew he was having inappropriate thoughts and obsessions, and tried to stop them

    - Told Michelle

    - Told the UICC Staff

    - Told Terra Bullis

- It didn't work; the thoughts did not stop, his drinking did not stop, and he committed this crime

Determination of Sentence

**SECTION VI. DETERMINATION OF SENTENCE**

*Instructions*: Consider whether the Aggravating Factor or Factors found to exist sufficiently outweigh any Mitigating Factor or Factors found to exist, or in the absence of any Mitigating Factors, whether the Aggravating Factor or Factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case. A sentence of death shall only be imposed if your decision in favor of it is unanimous. Based upon that consideration, check one of the following:

_____ **We, the jury, unanimously find that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient so that death is the appropriate sentence for Brendt Christensen.**

_____ **We, the jury, unanimously find that a sentence of life in prison without the possibility of release is the appropriate sentence for Brendt Christensen.**

_____ **Based upon our consideration of the evidence, and in accordance with the court's instructions, after making all reasonable efforts, we, the jury, are unable to reach a unanimous decision in favor of a life sentence or in favor of a death sentence.**

After answering the above question, each juror should sign his or her name below and the date should be filled in. Once each juror has signed proceed to Section VII of this Special Verdict Form.

Determination of Sentence

**SECTION VI. DETERMINATION OF SENTENCE**

*Instructions*: Consider whether the Aggravating Factor or Factors found to exist

sufficiently outweigh any Mitigating Factor or Factors found to exist, or in the absence of any

Mitigating Factors, whether the Aggravating Factor or Factors are themselves sufficient to justify

a sentence of death, and whether death is therefore the appropriate sentence in this case. A

sentence of death shall only be imposed if your decision in favor of it is unanimous. Based upon

that consideration, check one of the following:


**_____ We, the jury, unanimously find that the aggravating factor or factors found to**

**exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence**

**of any mitigating factors, that the aggravating factor or factors alone are sufficient so that**

**Determination of Sentence**

_____ **We, the jury, unanimously find that the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist or, in the absence of any mitigating factors, that the aggravating factor or factors alone are sufficient so that death is the appropriate sentence for Brendt Christensen.**

_____ **We, the jury, unanimously find that a sentence of life in prison without the possibility of release is the appropriate sentence for Brendt Christensen.**

_____ **Based upon our consideration of the evidence, and in accordance with the court's instructions, after making all reasonable efforts, we, the jury, are unable to reach a unanimous decision in favor of a life sentence or in favor of a death sentence.**

After answering the above question, each juror should sign his or her name below and the date should be filled in. Once each juror has signed proceed to Section VII of this Special Verdict Form.

# Duty to Deliberate

**Duty to Deliberate**

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans; you are judges - judges of the facts. Your sole

**Duty to Deliberate**

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans; you are judges - judges of the facts. Your sole

**Duty to Deliberate**

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans; you are judges - judges of the facts. Your sole

# Concluding Instruction

## Concluding Instruction

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, like your phones, computers, or on the Internet, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message or question, you should not tell me any details of your deliberations or the breakdown of any votes you may have conducted.

Let me remind you again that nothing that I have said in these instructions, and nothing that I have said or done during either phase of the trial, has been said or done to suggest to you what I think your decisions should be. The decisions are your exclusive responsibility.

Whether or not the circumstances in this case persuade you that a sentence of death is called for is a decision that the law leaves entirely to you. The law gives each of you the discretion to temper justice with mercy as you weigh the aggravating factors and the mitigating factors in determining whether a sentence of death is called for in this case.