IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 17-CR-20037 |
| | ) |
| BRENDT A. CHRISTENSEN, | ) |
| | ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S SEALED MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF ▮ AND FOR A PRETRIAL RELIABILITY HEARING**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that the Court deny the Defendant's Sealed Motion to Preclude the Testimony of ▮ and for a Pretrial Reliability Hearing. (R.238)

**RESPONSE**

1. **The Court Has Already Decided This Issue**

On August 24, 2018, the defendant moved this Court to dismiss the "Other Serious Acts of Violence" aggravating factor on the grounds that ▮ testimony was "false and unreliable." (R.108) The United States opposed the motion, and the

defendant filed a reply. (R.150, 175) On December 11, 2018, this Court issued a text order denying the defendant's request for a pretrial hearing.[1]

This Court's initial ruling on this issue was correct, and there is no need to revisit it here. *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014). As noted more fully below, the defendant will have ample opportunity to cross-examine ▉ and challenge her testimony. Allowing the defendant two opportunities to conduct the same cross-examination would improperly harass the witness, and would essentially reverse this Court's prior ruling that the defendant is not entitled to a preview of the United States' evidence. (R.91 at 21)

2. **This Court Should Neither Preclude ▉ Testimony Nor Conduct A Reliability Hearing**

As he did in his first motion on this issue, the defendant argues that ▉ testimony does not satisfy the "heightened reliability standard." (R.238 at 12) As courts have stated, "the heightened reliability standard in the Supreme Court's death penalty jurisprudence is actually a reminder that the decision to sentence a person to death must be individualized. It is, in that sense, a call for heightened reliability in ascertaining that this individual should be put to death." *United States v. Frank*, 8 F. Supp. 2d 253, 280 (S.D.N.Y. 1998) (citing *United States v. Beckford,* 964 F. Supp. 993, 997–1000 (E.D. Va. 1997); *United States v. Davis,* 912 F. Supp. 938, 948–49 (E.D. La. 1996). This individualized determination depends, in turn, on the jury receiving "*more* evidence,

---

[1] This Court's order correctly pointed out that this issue deals with testimony in the penalty phase. The United States does not intend to call ▉ in the guilt phase.

not less." *United States v. Fell*, 360 F.3d 135, 143 (2d Cir. 2004) (citing *Gregg v. Georgia*, 428 U.S. 153, 203-04) (1976) (original emphasis). "[T]he admission of more rather than less evidence during the penalty phase increases reliability by providing full and complete information about the defendant and allowing for an individualized inquiry into the appropriate sentence for the offense." *United States v. Lee*, 374 F.3d 637, 648 (8th Cir. 2004); *see also United States v. Montgomery*, 10 F. Supp. 801, 813-14 (W.D. Tenn. 2014); *United States v. Basciano*, 763 F. Supp. 2d 303, 358 n. 41 (E.D.N.Y. 2011). Moreover, an individualized sentencing determination "must permit consideration of the 'character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death . . . ." *Lockett v. Ohio*, 438 U.S. 586, 601 (1978).

As the defendant concedes, evidence of unadjudicated crimes is admissible in the penalty phase to support the aggravating factors. (R.238 at 12); *see United States v. Corley*, 519 F.3d 716, 724 (7th Cir. 2008) (citing *Brown v. Dretke*, 419 F.3d 365, 376-77 (5th Cir. 2005) ("admission of unadjudicated offenses in the sentencing phase of a capital trial does not violate the eighth and fourteenth amendments," nor does the Constitution require "that unadjudicated extraneous offenses be proved beyond a reasonable doubt") and *Lee*, 274 F.3d at 494 ("the admission of evidence of unadjudicated prior offenses at a capital sentencing hearing is constitutionally permissible and not inherently prejudicial")). That the defendant has a specific line-of-attack prepared for his cross-examination of ▮ does not change that analysis. The defendant will have his opportunity to cross-examine ▮ during the penalty phase. He should not be

3

allowed to subject an alleged victim of sexual assault to multiple cross examinations by her alleged assailant. *Cf.* Fed. R. Evid. 412, advisory committee notes (noting "rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment, and sexual stereotyping" and to "encourage[] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders"). The defendant cites no authority that should cause the Court to reverse its prior ruling on the issue.

WHEREFORE, the United States respectfully requests that the Court deny the Defendant's Motion to Preclude the Testimony of ▮▮▮ and for a Pretrial Reliability Hearing.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Phone: 202/598-2972
james.nelson@usdoj.gov

/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

*/s/ James B. Nelson*
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC 20004
Tel: (202) 598-2872
james.nelson@usdoj.gov