UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-20037 |
| ) | |
| BRENDT A. CHRISTENSEN, ) | |
| ) | |
| Defendant. ) | |

### SEALED MOTION FOR RECONSIDERATION OF COURT'S ORDER DEFERRING HEARING ON RELIABILITY OF ▌

Defendant, BRENDT A. CHRISTENSEN, by and through his attorneys, respectfully moves the Court to reconsider its April 26, 2019, Sealed Order deferring ruling on his Sealed Motion to Preclude the Testimony of ▌, (R. 238), and directing that a reliability hearing be scheduled prior to the penalty phase in the event that a verdict of guilty is returned on a capital charge at the conclusion of the culpability phase. (R. 316.) Proceeding in this way will deprive Mr. Christensen of his Fifth, Sixth and Eighth Amendment rights to a fair trial before a panel of impartial and indifferent jurors and to *voir dire* sufficient to identify such jurors.

Just as the government is entitled to "death-qualify" potential jurors, Mr. Christensen has a constitutionally-guaranteed right to "life-qualify" them also, i.e. to identify and move to excuse those whose support for the death penalty may prevent or substantially impair the performance of their duties as jurors in this case. "In essence, the right to jury trial guarantees the criminally accused a fair trial by a panel of

impartial, 'indifferent' jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process." *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). The only way to meaningfully protect that right is to conduct *voir dire* sufficient to identify those jurors who cannot be impartial and indifferent and to excuse them for cause. "*Voir dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored. Without an adequate *voir dire*, the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled." *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981) (internal citation omitted). *See also Gardner v. Barnett*, 175 F. 3d 580, 588 (7th Cir. 1999) (granting habeas relief to defendant where trial court conducted inadequate voir dire on jurors' attitudes toward gangs, holding: "The Sixth Amendment right to an impartial jury guarantees an adequate voir dire to identify unqualified jurors and to provide sufficient information to enable the defense to raise peremptory challenges.")

These principles apply with equal force to the penalty phase of a capital trial. *See Morgan v. Illinois*, 504 U.S. 719, 726-28 (1992) (noting that the Court's jurisprudence in this area relies upon the Sixth Amendment and the Due Process Clause "to ensure the impartiality of any jury that will undertake capital sentencing"). A capital defendant has the right to remove for cause any juror who will automatically vote for the death penalty against him. *Id.* at 729. Consequently, he has the right to adequate *voir dire* on potential jurors' feelings about the death penalty. *Id.* at 733-34 ("Were *voir dire* not available to lay bare the foundation of petitioner's challenge for cause against those

2

prospective jurors who would *always* impose death following conviction, his right not to be tried by such jurors would be rendered as nugatory and meaningless as the State's right, in the absence of questioning, to strike those who would *never* do so.") (emphasis in original).

In order to fully effectuate those rights, a defendant must be permitted to probe potential jurors' attitudes toward the death penalty in cases that are in the same category as his own. For example, *voir dire* is ineffectual if in the case of a defendant accused of the murder of a child a juror reports that she could impose either a life or death sentence in murder cases in general but the defendant is precluded from uncovering that, in cases of child murder, the juror would automatically vote for death. *See United States v. Johnson*, 366 F. Supp. 2d 822, 847 (N.D. Iowa 2005) (noting that many jurors readily agree they could consider both penalties after finding defendant guilty of murder but, when asked, state they could never consider life in case of death of a child, demonstrating ineffectiveness of limiting *voir dire* to abstract questions).

Accordingly, a defendant must be permitted to inquire on *voir dire* whether a juror is impaired as to the particular category of murder case into which his own case falls. He is entitled to pose "questions that are specific enough to determine if [the] jurors harbor bias, as to some fact or circumstance shown by the trial evidence, that would cause them not to follow an instruction directing them to determine penalty after considering aggravating and mitigating evidence." *Id.* at 848; *United States v. Fell*, 372 F. Supp. 2d 766, 770 (D. Vt. 2005) (same). Such questions may address the jurors' feelings about the death penalty in, for example, a murder-for-hire or a rape-murder case. *Fell*,

3

372 F. Supp. 2d at 770. They may also include "facts, either mitigating or aggravating, that are or might be actually at issue in the case that the jurors would hear." *Id.*; *Johnson*, 366 F. Supp. 2d at 849.

To be sure, a defendant is not entitled to ask so-called "stake-out" questions, that ask jurors to speculate or pre-commit to how they might vote based on particular facts. *Johnson*, 366 F. Supp. 2d at 845; *Fell*, 372 F. Supp. 2d at 770. There is nothing wrong, however, with questions that ask whether the juror would be able to consider both possible penalties under a certain set of facts. *Fell*, 372 F. Supp. 2d at 770; *Johnson*, 366 F. Supp. 2d at 843 ("It is difficult for this court to see how a question that asks about a juror's ability to consider *both* life and death sentences "stakes-out" or "pre-commits" a juror to vote one way or the other").

Mr. Christensen's case falls into the category of an intentional murder during the commission of a kidnapping involving sexual assault and torture, and one of the aggravating circumstances is based on an alleged prior violent rape. He must therefore be permitted to inquire of potential jurors what their feelings about the death penalty are in such a case, in order to identify and move to exclude those who would always vote for death.

With respect to the aggravating factor, however, as it stands right now Mr. Christensen has no way to know whether evidence of the alleged prior rape of ▮ will in fact be admitted. He is thus faced with a Hobson's Choice: If he raises the issue during *voir dire* and the evidence is excluded, he will unnecessarily prejudice his jurors against him, not only as to the appropriate sentence but also as to the culpability phase

4

determination; but if he fails to *voir dire* on the question and the evidence is admitted, he risks unknowingly seating jurors who will automatically impose a death sentence in his case regardless of the mitigating factors he presents. The solution to this dilemma is for the Court to conduct the hearing on the reliability of ███ testimony and adjudicate its admissibility prior to the commencement of the *voir dire* process. Mr. Christensen accordingly respectfully moves the Court to proceed in this manner and to reconsider its Order scheduling the reliability hearing for after the conclusion of the culpability phase.

WHEREFORE, Mr. Christensen respectfully requests that this Motion be granted and that the Court reconsider its Order scheduling the reliability hearing for after the conclusion of the culpability phase.

Respectfully submitted,

/s/Elisabeth R. Pollock
Assistant Federal Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:   217-373-0667
Email: Elisabeth_Pollock@fd.org

/s/ George Taseff
Assistant Federal Defender
401 Main Street, Suite 1500
Peoria, IL 61602
Phone: 309-671-7891
Fax:    309-671-7898
Email: George_Taseff@fd.org

/s/ Robert Tucker
Robert L. Tucker, Esq.
7114 Washington Ave
St. Louis, MO 63130
Phone: 703-527-1622
Email: roberttuckerlaw@gmail.com

/s/ Julie Brain
Julie Brain, Esq.
916 South 2nd Street
Philadelphia, PA 19147
Phone: 267-639-0417
Email: juliebrain1@yahoo.com

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Assistant United States Attorneys Bryan D. Freres and Eugene L. Miller and Trial Attorney James B. Nelson. A copy was also mailed to the defendant.

<u>/s/Elisabeth R. Pollock</u>
Assistant Federal Public Defender
300 West Main Street
Urbana, IL 61801
Phone: 217-373-0666
FAX:    217-373-0667
Email: Elisabeth_Pollock@fd.org