E-FILED
Thursday, 03 October, 2019  01:35:35 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-CR-20037 |
| | ) | |
| BRENDT A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO THE DEFENDANT'S SEALED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER <u>DEFERRING A HEARING ON THE RELIABILITY OF</u> ██**

NOW COMES the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Eugene L. Miller and Bryan D. Freres, Assistant United States Attorneys, and Department of Justice Trial Attorney James B. Nelson, and hereby requests that this Court deny the defendant's request that the Court schedule a hearing on the reliability of ██ before jury selection begins in this case (R.351) because (1) no such hearing is necessary to allow the defendant to conduct meaningful voir dire; and (2) no such hearing is appropriate at any stage, as it would usurp the role of the jury in determining her credibility and subject ██ to unnecessary harassment.

### PROCEDURAL HISTORY

Potential penalty phase witness ██ has reported to law enforcement that the defendant physically and sexually assaulted her; her allegations bear similarities to the unpublicized details of the defendant's alleged assault of Y.Z. On August 24, 2018, in

support of a motion to dismiss the aggravating factor of "Other Serious Acts of Violence," the defendant alleged that ███ expected testimony would be "false and unreliable." (R.108) Moreover, the defendant requested a pretrial evidentiary hearing where ███ would be subjected to cross-examination by the defendant prior to testifying before the jury. (R,108,175) The Court denied the defendant's request for a pretrial hearing. (Text order 12/11/18) In another ruling in this case, the Court noted that the defendant is not entitled to a preview of the United States' evidence. (R.91 at 21)

The defendant then filed another motion to preclude the testimony of ███ and for a pretrial reliability hearing. (R.238) The United States opposed the motion, noting that the Court had already denied the request for a pretrial reliability hearing and that there was no authority for the defendant's request, which would subject an alleged victim of sexual assault to unnecessary harassment. (R.282) The Court deferred ruling on the defendant's motion to preclude ███ testimony, but reversed its prior ruling and noted that it would schedule a pretrial reliability hearing if the defendant were convicted on the capital charge. (R.316)

The defendant has now filed a motion asking the Court to conduct a pretrial reliability hearing of ███ before jury selection in this case. (R.351) The defendant alleges that he will be unable to select a fair and impartial jury if he does not know in advance whether the Court will preclude ███ testimony. The United States disagrees because (1) the defendant possesses sufficient information to conduct meaningful voir dire; and (2) the defendant is not entitled to *any* pretrial reliability hearing.

## **DISCUSSION**

The defendant's claim that he cannot select a fair and impartial jury without knowing whether ████ will testify is incorrect. The defendant is well aware that, regardless of ████ testimony, the United States will present evidence during both the guilt and penalty phases of the trial that the defendant physically and sexually assaulted Y.Z. Thus, if he elects to do so, the defendant will be able to ask potential jurors about their ability to be fair when faced with allegations of physical and sexual assault. This will allow the defendant to conduct meaningful voir dire.

The defendant's position appears to be that (1) he must be able to ask potential jurors not only their opinions regarding sexual assault allegations in general, but their opinions regarding specific allegations of a penalty phase witness; (2) he is entitled to a pretrial reliability hearing to attempt to bar the testimony of an unfavorable witness; and (3) therefore, the required pretrial reliability hearing must be held before jury selection. Because the first two propositions are incorrect, the defendant's conclusion fails.

First, the defendant is not entitled to ask potential jurors their opinions about ████ specific allegations. This would be an improper attempt to ask a "stake-out question" requesting the jurors to speculate how they might vote based on ████ expected testimony. (R.166) In his motion, the defendant acknowledges that such questions are improper, but claims he does not intend to ask such questions. If the defendant does not intend to ask such improper questions, then his argument fails. He

3

does not need to know the specifics of ███ testimony, or even whether or not she will testify, to ask jurors their opinions regarding sexual assault allegations in general.

      While the defendant claims that he may be prejudiced if he asks these general questions and ███ does not testify, this possibility does not support his requested relief. As noted, *supra,* evidence of the defendant's sexual assault of Y.Z. will be presented at trial, so there will be no such prejudice from asking appropriately general questions regarding sexual assault. Moreover, the United States may choose not to call a witness, such as ███, at any time; it also may choose to dismiss an alleged aggravating factor prior to the beginning of the penalty phase. Thus, even if the Court held a reliability hearing prior to jury selection and denied the motion to preclude ███ testimony, the defendant would face the same "Hobson's Choice" during jury selection because the United States would not be required to call ███ as a witness.

      The defendant's argument that he must know whether or not ███ will be called as a witness is in stark contrast to his position that the United States is not entitled to know any of his mitigating evidence prior to the guilt phase of the trial. The defendant has not yet disclosed any mitigating factors or theories to the United States. Applying the defendant's logic, the United States is prejudiced thereby because it cannot properly question potential jurors about their opinions on thee mitigating factors that may, but need not, be presented during the penalty phase. Thus, if the defendant's argument is accepted, the defendant should be required to identify his mitigating factors prior to the start of jury selection so that the United States may question potential jurors about them.

Second, the defendant is not entitled to a pretrial reliability hearing regarding ███ potential testimony at any stage of the proceedings, let alone prior to jury selection. His only articulated basis for barring her testimony is that it is false and unreliable; in other words, he alleges she is not credible. There is no authority to support the proposition that the Court should serve as a gatekeeper regarding allegedly unreliable lay witness testimony.[1] In fact, judging the credibility of lay witnesses is solely within the province of the jurors. *See United States v. Elder*, 840 F.3d 455, 460 (7th Cir. 2016) ("[i]t is for the jury . . . to judge the credibility of witnesses") (quoting *United States v. Griffin*, 84 F.3d 912, 927 (7th Cir. 1996)); *United States v. Curry*, 79 F.3d 1489, 1497 (7th Cir. 1996) ("questions of credibility are solely for the trier of fact").

Conducting a pretrial "reliability" hearing in this case would usurp the role of the jurors. Given the lack of authority for such a hearing, its chief result would be the improper harassment of ███ *Cf.* Fed. R. Evid. 412, advisory committee notes (noting that the "rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment, and sexual stereotyping" and to "encourage[] victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders."). The possibility of harassment would be particularly acute where ███ is not only required to travel across the country on two separate occasions to submit to

---

[1] A trial court serves as a "gatekeeper" for expert testimony, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to determine preliminary questions of the qualification of witnesses, existence of privileges, and admissibility of evidence. Fed. R. Crim. P. 104(a). Resolution of those questions require pretrial hearings. Fed. R. Crim. P. (104(c). Lay witness credibility, however, is determined by the jury during a trial, not the court at a pretrial hearing.

5

two cross-examinations in a relatively short period of time, but where the first cross-examination would be conducted outside the presence of the jury and would not be limited by the jury's naturally calming influence.

WHEREFORE the United States of America respectfully requests that this Court deny the defendant's request to conduct a reliability hearing of █████ prior to jury selection and reconsider its decision to conduct any pretrial reliability hearing.


Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov


/s/Bryan D. Freres
Bryan D. Freres, Bar No. IL 6294791
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
bryan.freres@usdoj.gov

/s/ James B. Nelson
James B. Nelson
Trial Attorney
Capital Case Section
United States Department of Justice
1331 F. Street NW, Room 625
Washington, DC  20004
Phone: 202/598-2972
james.nelson@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 29, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to counsel of record.

/s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
eugene.miller@usdoj.gov